PATRICIA L. GLASER – State Bar No. 55668
pglaser@glaserweil.com
ERICA J. VAN LOON - State Bar No. 227712
evanloon@glaserweil.com
JESSICA E. MENDELSON - State Bar No. 280388
jmendelson@glaserweil.com
GLASER WEIL FINK HOWARD
   AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 282-6250
Facsimile:   (310) 785-3550

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG,<br><br>                    Plaintiff,<br><br>v.<br><br>CONACO, LLC; TURNER BROADCASTING SYSTEM; TIME WARNER, INC.; CONAN O'BRIEN; JEFF ROSS; MIKE SWEENEY; DOES 1-50, inclusive,<br><br>                    Defendants. | CASE NO. 15-CV-01637-JLS-DHB<br><br>Hon. Janis L. Sammartino<br><br>**ANSWER TO COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Defendants Conan O'Brien, Jeff Ross, and Mike Sweeney (collectively "Defendants"), by and through their undersigned counsel, respond to Plaintiff Robert Alexander Kaseberg's ("Kaseberg") Complaint as follows:

## JURISDICTION AND VENUE

1. Defendants admit that Kaseberg seeks claims for relief against Defendants, but deny that such claims have any merit. Defendants admit that they conduct business in the State of California. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis deny them.

2. Defendants admit this Court has subject matter jurisdiction over the claims alleged in the Complaint, but deny that such claims have any merit.

3. Defendants deny that venue is proper in this judicial district under 28 U.S.C. §1400(a) and §1391.

## PARTIES TO THE ACTION

4. Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph, and on that basis deny them.

5. Defendants admit that Conaco, LLC is a limited liability company organized under the laws of the State of California and is in the television production industry. Defendants admit that Conaco, LLC is the production company that produces the "Conan" television show.

6. Defendants admit that TBS is the television network that airs the "Conan" television show in the United States. Otherwise, Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph, and on that basis deny them.

7. Defendants admit that TBS is the television network that airs the "Conan" television show in the United States. Otherwise, Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph, and on that basis deny them.

8. Defendants admit that Conan O'Brien is an individual living in Los Angeles, California. Defendants admit that Conan O'Brien is the creator, executive producer, writer, and presenter of the "Conan" television show.

9. Defendants admit that Jeff Ross is an individual living in Los Angeles, California. Defendants admit that Jeff Ross is an executive producer of the "Conan" television show.

10. Defendants admit that Mike Sweeney is an individual living in Los Angeles, California. Defendants admit that Mike Sweeney is the head writer at the "Conan" television show.

11. Defendants admit that "Conan" is a late night television show airing on TBS in the United States. Defendants admit that Conan airs and appears on TBS which is distributed throughout the United States. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph, and on that basis deny them.

12. Defendants deny the allegations contained in this paragraph to the extent such allegations pertain to them. Otherwise, Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis deny them.

13. Defendants deny the allegations contained in this paragraph to the extent such allegations pertain to them. Otherwise, Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis deny them.

**GENERAL ALLEGATIONS**

14. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny them.

15. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis

deny them.

15(sic).   Defendants deny the allegations contained in this paragraph.  By way of further response, Defendants specifically deny that they made any joke which infringed any alleged rights belonging to Plaintiff.

16.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny them.

17.   Defendants deny the allegations contained in this paragraph.  By way of further response, Defendants specifically deny that they made any joke which infringed any alleged rights belonging to Plaintiff.

18.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny them.

19.   Defendants deny the allegations contained in this paragraph.  By way of further response, Defendants specifically deny that they made any joke which infringed any alleged rights belonging to Plaintiff.

20.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny them.

21.   Defendants deny the allegations contained in this paragraph.  By way of further response, Defendants specifically deny that they made any joke which infringed any alleged rights belonging to Plaintiff.

22.   Defendants deny the allegations contained in this paragraph to the extent such allegations pertain to them.  Otherwise, Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis deny them.

23.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis

deny them.

24. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny them.

## FIRST CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT

25. Defendants deny the allegations contained in this paragraph.

26. Defendants deny the allegations contained in this paragraph.

27. Defendants deny the allegations contained in this paragraph.

28. Defendants deny the allegations contained in this paragraph.

29. Defendants deny the allegations contained in this paragraph.

30. Defendants deny the allegations contained in this paragraph.

31. Defendants deny the allegations contained in this paragraph.

## KASEBERG'S PRAYER FOR RELIEF

Plaintiff's prayer for relief does not contain any allegations. To the extent any response is required to any part of Plaintiff's prayer for relief, including without limitation Paragraphs A through I, including subparts, Defendants deny that Plaintiff is entitled to any relief sought in Plaintiff's prayer for relief.

## AFFIRMATIVE DEFENSES

Further answering the Complaint and as additional defenses thereto, Defendants assert the following Affirmative Defenses, without assuming the burden of proof when such burden would otherwise be on Kaseberg.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Kaseberg's Complaint fails to state any claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Copyrightable Subject Matter)

Plaintiff's purportedly copyrighted works are not subject to copyright protection because they are not original, they lack copyrightable subject matter,

and/or are works in the public domain.

### THIRD AFFIRMATIVE DEFENSE
### (Copyright Non-Infringement)

Defendants have not infringed Plaintiff's alleged copyrights and Defendants' works are not substantially similar to Plaintiff's purported copyright.

### FOURTH AFFIRMATIVE DEFENSE
### (Independent Creation)

Defendants' allegedly infringing works were independently created.

### FIFTH AFFIRMATIVE DEFENSE
### (Lack of Originality)

Plaintiff's work is not sufficiently original to entitle it to copyright protection, as it is composed merely of *scènes à faire* information.

### SIXTH AFFIRMATIVE DEFENSE
### (Fair Use)

Defendants' conduct constitutes fair use, if any, of Plaintiff's purported copyrighted work.

### SEVENTH AFFIRMATIVE DEFENSE
### (No Willfulness)

Defendants' alleged acts of infringement were without willfulness and were done in the good faith belief that such acts were duly authorized and proper.

### EIGHTH AFFIRMATIVE DEFENSE
### (Improper Venue)

Venue is improper because none of the conditions of 28 U.S.C. § 1391 are satisfied.

### RESERVATION OF ADDITIONAL DEFENSES

Discovery in this action has not yet commenced and Defendants continue to investigate the allegations set forth in the Complaint. Defendants specifically give notice that they intend to rely upon such other defenses as may become available by

law, or pursuant to statute, or discovery proceedings in this case, and hereby reserve the right to assert such additional defenses.

### **CONCLUSION AND PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment that:

(a) Defendants have not infringed any of Plaintiff's copyrights, if any;

(b) Plaintiff's copyright infringement claim is barred;

(c) The Complaint be dismissed in its entirety with prejudice;

(d) Plaintiff be required to pay Defendants the costs of suit including, without limitation, reasonable attorneys' fees and costs as may be allowed by law; and

(e) Defendants be awarded such other and further relief as the Court deems just and proper.

DATED: December 14, 2015

GLASER WEIL FINK
HOWARD AVCHEN & SHAPIRO LLP

By: */s/ Erica J. Van Loon*
PATRICIA L. GLASER
ERICA J. VAN LOON
JESSICA E. MENDELSON
*Attorneys for Defendants*

## DEMAND FOR JURY TRIAL

Defendants respectfully request a jury trial on all issues triable by a jury.

DATED: December 14, 2015

GLASER WEIL FINK
HOWARD AVCHEN & SHAPIRO LLP

By: */s/ Erica J. Van Loon*
PATRICIA L. GLASER
ERICA J. VAN LOON
JESSICA E. MENDELSON
*Attorneys for Defendants*