1  PATRICIA L. GLASER – State Bar No. 55668
   pglaser@glaserweil.com
2  ERICA J. VAN LOON - State Bar No. 227712
   evanloon@glaserweil.com
3  NICHOLAS E. HUSKINS – State Bar No. 299133
   nhuskins@glaserweil.com
4  BRITTANY ELIAS - State Bar No. 305922
   belias@glaserweil.com
5  GLASER WEIL FINK HOWARD
     AVCHEN & SHAPIRO LLP
6  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
7  Telephone:  (310) 553-3000
   Facsimile:   (310) 556-2920
8  *Attorneys for Defendants*

9

10                    UNITED STATES DISTRICT COURT

11                  SOUTHERN DISTRICT OF CALIFORNIA

12  ROBERT ALEXANDER KASEBERG,          CASE NO.: 3:15-CV-01637-JLS-DHB

13              Plaintiff,               Hon. David H. Bartick

14  v.

15                                       **DECLARATION OF NICHOLAS
                                         HUSKINS**
16  CONACO, LLC, TURNER
    BROADCASTING SYSTEM, TIME
17  WARNER, INC., CONAN O'BRIEN,
    JEFF ROSS, MIKE SWEENEY; DOES
18  1-50, inclusive,

19              Defendants.

20

21

22

23

24

25

26

27

28

---

**DECLARATION OF NICHOLAS HUSKINS**

1194985

## DECLARATION OF NICHOLAS HUSKINS

I, NICHOLAS HUSKINS, declare and state as follows:

1.      I am an attorney at law duly licensed to practice before all courts of the State of California and am an Associate of the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP, attorneys of record herein for Defendants Conaco, LLC ("Conaco"); Turner Broadcasting System, Inc.; Time Warner, Inc.; Conan O'Brien; Jeff Ross; and Mike Sweeney (collectively, "Defendants").  I make this declaration in support of Defendants' position in the Joint Motion for Determination of Discovery Dispute.  The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

2.      On May 18, 2016, I met and conferred with Plaintiff's counsel, pursuant to Civil Local Rule 26.1.a.  During the meet and confer, I explained the basis for Defendants' contention that several of Plaintiff's discovery responses were deficient.  Plaintiff's counsel agreed to seek supplemental responses from his client for the discovery requests at issue.  In response to Plaintiff's objections that Interrogatory Nos. 10-13 called for confidential information, I represented that such information would be treated pursuant to the agreed-upon terms of the protective order currently being negotiated between the parties, and offered to treat such information as "Attorneys' Eyes Only" if Plaintiff's counsel agreed non-public financial information should be treated thusly.[1]

3.      Attached as **Exhibit A** is a true and correct copy of Conaco, LLC's First Set of Interrogatories to Plaintiff Robert Alexander Kaseberg, served on March 24,

---

[1] The parties have agreed to a two-tier Protective Order governing discovery in this action.  The sole issue in dispute is whether, as Defendants contend, the disclosure of non-public financial information should be subject to an "Attorneys' Eyes Only" designation.  Plaintiff's counsel maintains his client is entitled to see this information, despite requesting that his own discovery responses containing non-public financial information be treated as AEO.

2016.

4.      Attached as **Exhibit B** is a true and correct copy of Conaco, LLC's First Set of Requests for Admission to Plaintiff Robert Alexander Kaseberg, served on March 24, 2016.

5.      Attached as **Exhibit C** is a true and correct copy of Plaintiff's Response to Conaco, LLC's First Set of Interrogatories, served on April 25, 2016.

6.      Attached as **Exhibit D** is a true and correct copy of Plaintiff's Response to Conaco, LLC's First Set of Requests for Admission, served on April 25, 2016.

7.      Attached as **Exhibit E** is a true and correct copy of the meet and confer letter I sent to Plaintiff's counsel on May 9, 2016.

8.      Attached as **Exhibit F** is a true and correct copy of an email chain between myself and Plaintiff's counsel, dated May 19, 2016 – May 31, 2016.

9.      Attached as **Exhibit G** is a true and correct copy of Plaintiff's Supplemental Response to Conaco, LLC's First Set of Interrogatories, Interrogatory Nos. 1-4 and 7-8, served on June 1, 2016.

10.      Attached as **Exhibit H** is a true and correct copy of Plaintiff's Supplemental Response to Conaco, LLC's First Set of Requests for Admissions, served on June 1, 2016.

11.      Attached as **Exhibit I** is a true and correct copy of Plaintiff's Supplemental Response to Conaco, LLC's First Set of Interrogatories, Interrogatory Nos. 15-16, served on June 8, 2016.

12.      Attached as **Exhibit J** is a true and correct copy of an email sent to me from Plaintiff's counsel, dated June 1, 2016.  To date, Plaintiff's counsel has not provided the supplemental responses referenced in this email.

13.      Attached as **Exhibit K** is a true and correct copy of a post from Plaintiff's personal online blog, dated Thursday, February 19, 2015, and bates labeled CONACO_000019-23.

14.      Attached as **Exhibit L** is a true and correct copy the original Joint

2

**DECLARATION OF NICHOLAS HUSKINS**

1  Motion for Determination of Discovery Dispute, before Defendants' revisions

2  removing discussion of the discovery issues no longer in dispute.

3      15.    Attached as **Exhibit M** is a redline copy reflecting changes between the

4  original Joint Motion for Determination of Discovery Dispute and the filed Joint

5  Motion for Determination of Discovery Dispute.

6      I declare under penalty of perjury pursuant to the laws of the United States of

7  America that the foregoing facts are true and correct.

8      Executed on June 9, at Los Angeles, California.

9

10

11

12                                        NICHOLAS HUSKINS

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Glaser Weil**

3
DECLARATION OF NICHOLAS HUSKINS

# Exhibit A

1  PATRICIA L. GLASER – State Bar No. 55668
   pglaser@glaserweil.com
2  ERICA J. VAN LOON - State Bar No. 227712
   evanloon@glaserweil.com
3  BRITTANY ELIAS - State Bar No. 305922
   belias@glaserweil.com
4  GLASER WEIL FINK HOWARD
     AVCHEN & SHAPIRO LLP
5  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
6  Telephone:  (310) 553-3000
   Facsimile:  (310) 556-2920
7  *Attorneys for Defendants*

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11  ROBERT ALEXANDER KASEBERG,          CASE NO.: 15-CV-01637-JLS-DHB

12              Plaintiff,               Hon. Janis L. Sammartino

13  v.
                                        **CONACO, LLC'S FIRST SET OF**
14                                      **INTERROGATORIES TO**
    CONACO, LLC, TURNER                 **PLAINTIFF ROBERT**
15  BROADCASTING SYSTEM, TIME           **ALEXANDER KASEBERG**
    WARNER, INC., CONAN O'BRIEN,
16  JEFF ROSS, MIKE SWEENEY; DOES
    1-50, inclusive,
17

18              Defendants.

19

20

21

22  PROPOUNDING PARTY:       CONACO, LLC

23  RESPONDING PARTY:        ROBERT ALEXANDER KASEBERG

24  SET NO.:                 ONE

25

26

27

28

Glaser Weil

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Civil Rules of the U.S. District Court for the Southern District of California, Defendant Conaco, LLC hereby requests that Plaintiff Robert Alexander Kaseberg ("Kaseberg") answer separately and fully the following interrogatories in writing under oath within thirty (30) days after service.

## DEFINITIONS

A.     The terms "YOU," "YOUR," "YOURSELF," and "KASEBERG" shall mean Plaintiff Robert Alexander Kaseberg and his agents, representatives, attorneys, or anyone acting or purporting to act on his behalf or under his control.

B.     The term "CONACO" shall mean Conaco, LLC and its current and former parents, subsidiaries, affiliates, predecessors, successors, employees, managers, officers, directors, partners, agents, representatives, attorneys, or anyone acting or purporting to act on its behalf or under its control.

C.     The term "TBS" shall mean Turner Broadcasting System, Inc. and its current and former parents, subsidiaries, affiliates, predecessors, successors, employees, managers, officers, directors, partners, agents, representatives, attorneys, or anyone acting or purporting to act on its behalf or under its control.

D.     The term "TIME WARNER" shall mean Time Warner, Inc. and its current and former parents, subsidiaries, affiliates, predecessors, successors, employees, managers, officers, directors, partners, agents, representatives, attorneys, or anyone acting or purporting to act on its behalf or under its control.

E.     The term "JEFF ROSS" shall mean the individually named defendant, Jeff Ross.

F.     The term "MIKE SWEENEY" shall mean the individually named defendant, Mike Sweeney.

G.     The terms "CONACO", "TBS", "TIME WARNER", "JEFF ROSS" and "MIKE SWEENEY" will be referred to collectively as "DEFENDANTS."

H.     The term "ACTION" shall mean the above captioned case filed in the

1  U.S. District Court for the Southern District of California, *Kaseberg. v. Conaco, LLC,*
2  *et. al.*, No. 3:15-cv-01637-JLS-DHB.

3     I.     The term "COMPLAINT" shall mean the complaint filed on July 22,
4  2015 by KASEBERG in this ACTION (ECF. No. 1).

5     J.     The term "JOKE #1" shall have the same meaning as in the
6  COMPLAINT, and shall refer to the following alleged joke by KASEBERG: "A
7  Delta flight this week took off from Cleveland to New York with just two passengers.
8  And they fought over control of the armrest the entire flight."

9     K.     The term "JOKE #2" shall have the same meaning as in the
10 COMPLAINT, and shall refer to the following alleged joke by KASEBERG: "Tom
11 Brady said he wants to give his MVP truck to the man who won the game for the
12 Patriots.  So enjoy that truck, Pete Carroll."

13    L.     The term "JOKE #3" shall have the same meaning as in the
14 COMPLAINT, and shall refer to the following alleged joke by KASEBERG: "The
15 Washington Monument is ten inches shorter than previously thought.  You know the
16 winter has been cold when a monument suffers from shrinkage."

17    M.     The term "JOKE #4" shall have the same meaning as in the
18 COMPLAINT, and shall refer to the following alleged joke by KASEBERG: "Three
19 streets named Bruce Jenner might have to change names.  And one could go from a
20 Cul-de-Sac to a Cul-de-Sackless."

21    N.     The term "JOKES AT ISSUE" shall mean JOKE #1, JOKE #2, JOKE
22 #3, and JOKE #4, collectively.

23    O.     The term "DOCUMENT" is defined to be synonymous in meaning and
24 equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil
25 Procedure, and includes, without limitation, electronically stored information ("ESI").

26    P.     "COMMUNICATION" means any contact whatsoever or any
27 transmission or exchange of words, numbers, graphic material, or other information,
28 either orally, electronically, or in writing whether made, received, or participated in,

*Glaser Weil*

and includes, but is not limited to, any conversation, correspondence, letter, notes, memorandum, inter-office or intra-office correspondence, telephone call, telegraph, telegram, telex, telecopy, facsimile, e-mail, Internet communication, telefax, cable, electronic message, tape recording, discussion, face-to-face meeting, or conference of any kind (whether in person, by audio, video, telephone, or in any other form).

Q.    The term "identify" means to state with factual specificity.

R.    "And" and "or" shall be understood as either conjunctive or disjunctive, whichever is more inclusive in content.  The term "any" or "each" should be understood to include and encompass "all."

S.    The terms "relating to" and "related to" shall mean, in whole or in part, constituting, containing, comprising, referring to, embodying, connected to, reflecting, describing, analyzing, showing, evidencing, discussing, identifying, illustrating, stating, regarding, supporting, refuting, rebutting, responding to, commenting on, evaluating, about, in respect of, mentioning, dealing with, or in any way pertaining to, either explicitly or implicitly.

T.    "Including" and "include" shall mean "without limitation."

U.    "Any" and "all" shall mean "any and all" or "each and every."

V.    The use of a verb in any tense shall be construed as including the use of the verb in all other tenses.

W.    The singular form of any word shall be deemed to include the plural. The plural form of any word shall be deemed to include the singular.

X.    Terms not defined in these discovery requests shall have the meanings used in the pleadings or, if not used in the pleadings, the usual and ordinary meaning.

## INSTRUCTIONS

1.    If YOU object to the scope or breadth of any of these interrogatories, YOU shall respond to the interrogatories with respect to the scope or breadth not objected to.

2.    If any of these interrogatories cannot be answered in full, YOU shall

3

Glaser Weil

answer to the extent possible, specifying the reasons for YOUR inability to answer the remainder, and stating what information, knowledge, or belief YOU have concerning the unanswered portion.

3.     If YOU object to any meaning of any term in any interrogatory herein as unclear to YOU, YOU shall assume a reasonable meaning, state what the assumed meaning is, and respond to the request according to the assumed meaning.

4.     If YOU object to any of these interrogatories on the basis that you have not completed your investigation or preparation for trial, YOU shall respond with respect to the investigation and preparation you have conducted to date.

5.     These requests are continuing in character so as to require YOU to supplement YOUR responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure within a reasonable time if YOU obtain or become aware of any further information responsive to these interrogatories.

6.     Definitions or usages of words or phrases in these interrogatories are not intended to be, and shall not be, construed as admissions as to the meaning of words or phrases at issue in the actions, and shall have no binding effect on the Propounding Party in this or in any other proceeding.

7.     CONACO reserves the right to seek a full and complete response to any interrogatory notwithstanding any partial or incomplete answer provided by YOU.

8.     Unless otherwise indicated in a particular request, each request is not limited in time.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Separately, for each of the JOKES AT ISSUE, identify the time, date, and forum for every instance of publication.

**INTERROGATORY NO. 2:**

Separately, for each of the JOKES AT ISSUE, identify the original and unique components YOU believe DEFENDANTS have unlawfully copied.

**INTERROGATORY NO. 3:**

For each of the JOKES AT ISSUE, describe in detail YOUR conception, development, creation, and authorship.

**INTERROGATORY NO. 4:**

For each of the JOKES AT ISSUE, state all facts relating to YOUR independent creation thereof, including specific details sufficient to identify the websites and/or other news and information sources you visited that provided the content to which each of the JOKES AT ISSUE relate.

**INTERROGATORY NO. 5:**

State all facts relating to YOUR ownership of the copyrights related to the JOKES AT ISSUE.

**INTERROGATORY NO. 6:**

State all facts relating to DEFENDANTS' opportunity to view or copy the JOKES AT ISSUE.

**INTERROGATORY NO. 7:**

State all facts establishing a chain of events linking the JOKES AT ISSUE and DEFENDANTS' access thereof.

**INTERROGATORY NO. 8:**

State all facts establishing the JOKES AT ISSUE have been widely disseminated.

**INTERROGATORY NO. 9:**

Identify all persons with any knowledge of any of the facts YOU stated in YOUR response to Interrogatories Nos. 1-8.

**INTERROGATORY NO. 10:**

Identify every instance within the last five years in which YOU have submitted YOUR alleged original content to a television show, web or print publication, or other media entity either for compensation or consideration for an employment position.

**INTERROGATORY NO. 11:**

CONACO, LLC'S FIRST SET OF INTERROGATORIES TO ROBERT A. KASEBERG

1161959

15cv01637-JLS-DHB

1   Identify every instance within the last five years in which YOU have sold any

2   of YOUR original content and identify the original content YOU sold.

3   **INTERROGATORY NO. 12:**

4   Separately, for each instance identified in YOUR response to Interrogatory No.

5   11, identify the contact information for each purchaser, including name, address,

6   phone number and email address and the amount of compensation YOU received.

7   **INTERROGATORY NO. 13:**

8   Please state with particularity YOUR understanding of the fair market value for

9   a joke in the same or similar format as the JOKES AT ISSUE, and on what basis you

10   reached that understanding.

11   **INTERROGATORY NO. 14:**

12   State with particularity how YOU calculated or quantified the amount of

13   damages YOU claim to have suffered as a result of DEFENDANTS' purported

14   infringement, as alleged in the COMPLAINT.

15   **INTERROGATORY NO. 15:**

16   State all facts that support YOUR Copyright Infringement claim against

17   DEFENDANTS, as alleged in the COMPLAINT.

18   **INTERROGATORY NO. 16:**

19   State all facts relating to YOUR contention in paragraph 29 of the

20   COMPLAINT that DEFENDANTS' "infringement has been willful or deliberate."

21

22   DATED:  March 24, 2016          GLASER WEIL FINK
                                        HOWARD AVCHEN & SHAPIRO LLP
23

24

25   By:  */s/ Erica J. Van Loon*
          PATRICIA L. GLASER
26        ERICA J. VAN LOON
          BRITTANY ELIAS
27        *Attorneys for Defendants*

28

Glaser Weil

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, 19th Floor, Los Angeles, California 90067.

On March 24, 2016, I served the foregoing document(s) described as: **CONACO, LLC'S FIRST SET OF INTERROGATORIES TO ROBERT ALEXANDER KASEBERG** on the interested parties to this action at the following address(es):

SEE ATTACHED LIST

☐ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☒ **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☐ **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows: I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☐ **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

☐ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☐ (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on March 24, 2016, at Los Angeles, California.

/s/ Nicholas E. Huskins
Nicholas E. Huskins

**SERVICE LIST**

1

2     Jayson M. Lorenzo
      2794 Gateway Road, Suite 116
3     Carlsbad, CA 92009
      (Tel)  760-517-6646
4     (Fax) 760-520-7900
      Jmlorenzo.esq@gmail.com
5     Attorney for Plaintiff
      Robert Alexander Kaseberg
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit B

PATRICIA L. GLASER - State Bar No. 55668
pglaser@glaserweil.com
ERICA J. VAN LOON - State Bar No. 227712
evanloon@glaserweil.com
BRITTANY ELIAS - State Bar No. 305922
belias@glaserweil.com
GLASER WEIL FINK HOWARD
   AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG, | CASE NO.: 15-CV-01637-JLS-DHB |
| Plaintiff, | Hon. Janis L. Sammartino |
| v. | **CONACO, LLC'S FIRST SET OF REQUESTS FOR ADMISSION TO ROBERT ALEXANDER KASEBERG** |
| CONACO, LLC; TURNER BROADCASTING SYSTEM; TIME WARNER, INC.; CONAN O'BRIEN; JEFF ROSS; MIKE SWEENEY; DOES 1-50, inclusive, | |
| Defendants. | |

PROPOUNDING PARTY:      CONACO, LLC.

RESPONDING PARTY:       ROBERT ALEXANDER KASEBERG

SET NO.:                ONE

1131908

15cv01637-JLS-DHB

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and the Local Civil Rules of the U.S. District Court for the Southern District of California, Defendant Conaco, LLC hereby requests that Plaintiff Robert Alexander Kaseberg ("Kaseberg") answer separately and fully the following Requests for Admission in writing under oath within thirty (30) days after service.

## DEFINITIONS

A.      The terms "YOU," "YOUR," "YOURSELF," and "KASEBERG" shall mean Plaintiff Robert Alexander Kaseberg and his agents, representatives, attorneys, or anyone acting or purporting to act on his behalf or under his control.

B.      The term "CONACO" shall mean Conaco, LLC and its current and former parents, subsidiaries, affiliates, predecessors, successors, employees, managers, officers, directors, partners, agents, representatives, attorneys, or anyone acting or purporting to act on its behalf or under its control.

C.      The term "TBS" shall mean Turner Broadcasting System, Inc. and its current and former parents, subsidiaries, affiliates, predecessors, successors, employees, managers, officers, directors, partners, agents, representatives, attorneys, or anyone acting or purporting to act on its behalf or under its control.

D.      The term "TIME WARNER" shall mean Time Warner, Inc. and its current and former parents, subsidiaries, affiliates, predecessors, successors, employees, managers, officers, directors, partners, agents, representatives, attorneys, or anyone acting or purporting to act on its behalf or under its control.

E.      The term "JEFF ROSS" shall mean the individually named defendant, Jeff Ross.

F.      The term "MIKE SWEENEY" shall mean the individually named defendant, Mike Sweeney.

G.      The terms "CONACO", "TBS", "TIME WARNER", "JEFF ROSS" and "MIKE SWEENEY" will be referred to collectively as "DEFENDANTS."

H.      The term "ACTION" shall mean the above captioned case filed in the

Glaser Weil

1   U.S. District Court for the Southern District of California, *Kaseberg . v . Conaco, LLC,*

2   *et . al.*, No. 3:15-cv-01637-JLS-DHB.

3     I.  The term "COMPLAINT" shall mean the complaint filed on July 22,

4   2015 by KASEBERG in this ACTION (ECF No. 1).

5     J.  The term "JOKE #1" shall have the same meaning as in the

6   COMPLAINT, and shall refer to the following alleged joke by KASEBERG: "A

7   Delta flight this week took off from Cleveland to New York with just two passengers.

8   And they fought over control of the armrest the entire flight."

9     K.  The term "DEFENDANTS' JOKE #1" shall refer to the following joke

10   as it was told in the monologue for the "Conan" show on Wednesday, January 14,

11   2015: "On Monday, a Delta flight from Cleveland to New York took off with just 2

12   passengers.  Yet somehow, they spent the whole flight fighting over the armrest."

13     L.  The term "JOKE #2" shall have the same meaning as in the

14   COMPLAINT, and shall refer to the following alleged joke by KASEBERG: "Tom

15   Brady said he wants to give his MVP truck to the man who won the game for the

16   Patriots.  So enjoy that truck, Pete Carroll."

17     M.  The term "DEFENDANTS' JOKE #2" shall refer to the following joke

18   as it was told in the monologue for the "Conan" show on Wednesday, February 4,

19   2015: "Tom Brady said he wants to give the truck he was given as the Super Bowl

20   MVP to the guy who won the Super Bowl for the Patriots.  So Brady is giving his

21   truck to Seahawks Coach Pete Carroll."

22     N.  The term "JOKE #3" shall have the same meaning as in the

23   COMPLAINT, and shall refer to the following alleged joke by KASEBERG: "The

24   Washington Monument is ten inches shorter than previously thought.  You know the

25   winter has been cold when a monument suffers from shrinkage."

26     O.  The term "DEFENDANTS' JOKE #3" shall refer to the following joke

27   as it was told in the monologue for the "Conan" show on Tuesday, February 17, 2015:

28   "Yesterday, surveyors announced that the Washington Monument is ten inches

Glaser Weil

shorter than what's been recorded.  Of course the Monument is blaming the shrinkage on the cold weather."

P.     The term "JOKE #4" shall have the same meaning as in the COMPLAINT, and shall refer to the following alleged joke by KASEBERG: "Three streets named Bruce Jenner might have to change names.  And one could go from a Cul-de-Sac to a Cul-de-Sackless."

Q.     The term "DEFENDANTS' JOKE #4" shall refer to the following joke as it was told in the monologue for the "Conan" show on Tuesday, June 9, 2015: "Some cities that have streets named after Bruce Jenner are trying to change the streets' names to Caitlyn Jenner. And if you live on Bruce Jenner Cul-de-Sac, it will now be called a Cul-de-No-Sac."

R.     The term "JOKES AT ISSUE" shall mean JOKE #1, JOKE #2, JOKE #3, and JOKE #4, collectively.

S.     The term "DEFENDANTS' JOKES AT ISSUE" shall mean DEFENDANTS' JOKE #1, DEFENDANTS' JOKE #2, DEFENDANTS' JOKE #3, and DEFENDANTS' JOKE #4, collectively.

T.     The term "PERSONAL ONLINE BLOG" shall have the same meaning as in the COMPLAINT, and refer to the website maintained by YOU and titled "A Little Bit Bad. Comedy Writer Alex Kaseberg", available at the URL: http://thordoggie.blogspot.com.

U.     The term "TWITTER ACCOUNT" shall mean the Twitter.com account @AlexKaseberg, maintained by YOU, available at the URL: https://twitter.com/AlexKaseberg.

V.     The term "FACEBOOK PAGE" shall mean the Facebook profile maintained by YOU, available at the URL: https://facebook.com/alex.kaseberg.

W.     The term "DOCUMENT" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure, and includes, without limitation, electronically stored information ("ESI").

X.    "COMMUNICATION" means any contact whatsoever or any transmission or exchange of words, numbers, graphic material, or other information, either orally, electronically, or in writing whether made, received, or participated in, and includes, but is not limited to, any conversation, correspondence, letter, notes, memorandum, inter-office or intra-office correspondence, telephone call, telegraph, telegram, telex, telecopy, facsimile, e-mail, Internet communication, telefax, cable, electronic message, tape recording, discussion, face-to-face meeting, or conference of any kind (whether in person, by audio, video, telephone, or in any other form).

Y.    "And" and "or" shall be understood as either conjunctive or disjunctive, whichever is more inclusive in content.  The term "any" or "each" should be understood to include and encompass "all."

Z.    The terms "relating to" and "related to" shall mean, in whole or in part, constituting, containing, comprising, referring to, embodying, connected to, reflecting, describing, analyzing, showing, evidencing, discussing, identifying, illustrating, stating, regarding, supporting, refuting, rebutting, responding to, commenting on, evaluating, about, in respect of, mentioning, dealing with, or in any way pertaining to, either explicitly or implicitly.

AA.   "Including" and "include" shall mean "without limitation."

BB.   "Any" and "all" shall mean "any and all" or "each and every."

CC.   The use of a verb in any tense shall be construed as including the use of the verb in all other tenses.

DD.   The singular form of any word shall be deemed to include the plural. The plural form of any word shall be deemed to include the singular.

EE.   Terms not defined in these discovery requests shall have the meanings used in the pleadings or, if not used in the pleadings, the usual and ordinary meaning.

## INSTRUCTIONS

1.    If YOU fail to respond or object to any Request within 30 days of the service of the Requests, the matter shall be deemed admitted under Rule 36 of the

4

1    Federal Rules of Civil Procedure.

2        2.      As  is more fully set out in Rule 36(a) of the Federal Rules of Civil

3    Procedure, YOU must admit or deny each Request, and where necessary, specify the

4    parts of each Request to which it objects or cannot in good faith admit or deny.  If

5    YOU object to only part of a Request, it must admit or deny the remainder of the

6    Request.  In the event that YOU object to or deny any Request or portion of a

7    Request, YOU must state the reasons for its objection or denial.

8        3.      These Requests shall be deemed continuing and supplemental answers

9    shall be required if YOU directly or indirectly obtain further information after the

10   initial responses as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

11       4.      Each Request solicits all information obtainable by YOU from YOUR

12   attorneys, investigators, agents, employees and representatives.  If YOU answer a

13   Request on the basis that it lacks sufficient information to respond, describe any and

14   all efforts YOU made to inform YOURSELF of the facts and circumstances necessary

15   to answer or respond.

16       5.      If YOU object to any meaning of any term in any Request herein as

17   unclear to YOU, YOU shall assume a reasonable meaning, state what the assumed

18   meaning is, and respond to the Request according to the assumed meaning.

19       6.      Definitions or usages of words or phrases in these Requests are not

20   intended to be, and shall not be, construed as admissions as to the meaning of words

21   or phrases at issue in the action, and shall have no binding effect on the Propounding

22   Party in this or in any other proceeding.

23       7.      Unless otherwise indicated in a particular Request, each Request is not

24   limited in time.

25                        **REQUESTS FOR ADMISSION**

26   **REQUEST FOR ADMISSION NO. 1:**

27       Admit that when YOU spoke with MIKE SWEENEY on February 18, 2015,

28   regarding YOUR allegations in this ACTION, YOU sought a paid writing position on

Glaser Weil

the "Conan" television show.

**REQUEST FOR ADMISSION NO. 2:**

Admit that JOKE #1 is not identical to DEFENDANTS' JOKE #1.

**REQUEST FOR ADMISSION NO. 3:**

Admit that JOKE #2 is not identical to DEFENDANTS' JOKE #2.

**REQUEST FOR ADMISSION NO. 4:**

Admit that JOKE #3 is not identical to DEFENDANTS' JOKE #3.

**REQUEST FOR ADMISSION NO. 5:**

Admit that JOKE #4 is not identical to DEFENDANTS' JOKE #4.

**REQUEST FOR ADMISSION NO. 6:**

Admit that the only evidence YOU have of DEFENDANTS' access to the JOKES AT ISSUE prior to DEFENDANTS' alleged infringement is YOUR publication of the JOKES AT ISSUE on your TWITTER ACCOUNT, PERSONAL ONLINE BLOG, or FACEBOOK PAGE.

**REQUEST FOR ADMISSION NO. 7:**

Admit that YOU are not aware of any DEFENDANT following or viewing your PERSONAL ONLINE BLOG, TWITTER ACCOUNT, or FACEBOOK PAGE prior to February 4, 2015.

**REQUEST FOR ADMISSION NO. 8:**

Admit that each and every one of the JOKES AT ISSUE utilizes a standard, two-line, setup-punchline formula, in which the setup conveys a factual recitation of a then-current event or news story, and the punchline conveys a humorous take on the aforementioned current event or news story.

**REQUEST FOR ADMISSION NO. 9:**

Admit that you are aware of numerous third-parties publishing jokes concerning the same factual then-current events or news stories, and conveying a similar punchline as the JOKES AT ISSUE.

**REQUEST FOR ADMISSION NO. 10:**

Admit that the tweets attached hereto as Exhibit A were published prior to the first instance YOU published JOKE #1.

**REQUEST FOR ADMISSION NO. 11:**

Admit that the tweets attached hereto as Exhibit B were published prior to the first instance YOU published JOKE #2.

**REQUEST FOR ADMISSION NO. 12:**

Admit that the tweets attached hereto as Exhibit C were published prior to the first instance YOU published JOKE #3.

**REQUEST FOR ADMISSION NO. 13:**

Admit that the tweets attached hereto as Exhibit D were published prior to the first instance YOU published JOKE #4.

DATED:  March 24, 2016

GLASER WEIL FINK
    HOWARD AVCHEN & SHAPIRO LLP


By:  */s/ Erica J. Van Loon*
    PATRICIA L. GLASER
    ERICA J. VAN LOON
    BRITTANY ELIAS
    *Attorneys for Defendants*

**EXHIBIT A**



CONACO, LLC'S FIRST SET OF REQUESTS FOR ADMISSION TO ROBERT A. KASEBERG

15cv01637-JLS-DHB

1131908

**EXHIBIT B**

Tre
@tblack

2+ Follow

Why not pete carroll? RT @AdamSchefter:
Super-Bowl MVP Tom Brady said on WEEI that
he wants to give his MVP truck to Malcolm
Butler.

8:40 AM - 3 Feb 2015

↩    ↻         1    •••

CONACO, LLC'S FIRST SET OF REQUESTS FOR ADMISSION TO ROBERT A. KASEBERG

15cv01637-JLS-DHB

1131908

**EXHIBIT C**



CONACO, LLC'S FIRST SET OF REQUESTS FOR ADMISSION TO ROBERT A. KASEBERG

15cv01637-JLS-DHB

1131908

1

**EXHIBIT D**

2

3

4

5

6

7

8

9

10

11



12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Glaser Weil

CONACO, LLC'S FIRST SET OF REQUESTS FOR ADMISSION TO ROBERT A. KASEBERG

15cv01637-JLS-DHB

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, 19th Floor, Los Angeles, California 90067.

On March 24, 2016, I served the foregoing document(s) described as: **CONACO, LLC'S FIRST SET OF REQUESTS FOR ADMISSION TO ROBERT ALEXANDER KASEBERG** on the interested parties to this action at the following address(es):

SEE ATTACHED LIST

☐ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☒ **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☐ **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows: I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☐ **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

☐ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☐ (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on March 24, 2016, at Los Angeles, California.

/s/ Nicholas E. Huskins
Nicholas E. Huskins

Glaser Weil

**SERVICE LIST**

Jayson M. Lorenzo
2794 Gateway Road, Suite 116
Carlsbad, CA 92009
(Tel)  760-517-6646
(Fax) 760-520-7900
Jmlorenzo.esq@gmail.com
Attorney for Plaintiff
Robert Alexander Kaseberg

# Exhibit C

Jayson M. Lorenzo, Esq. SBN 216973
jmlorenzo.esq@gmail.com
Attorney at Law
2794 Gateway Road, Suite 116
Carlsbad, CA 92009
Tel. (760) 517-6646
Fax (760) 520-7900

Attorney for Plaintiff
ROBERT ALEXANDER KASEBERG

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

ROBERT ALEXANDER KASEBERG,

        Plaintiff,

    vs.

CONACO, LLC; TURNER
BROADCASTING SYSTEM; TIME
WARNER, INC.; CONAN O'BRIEN;
JEFF ROSS; MIKE SWEENEY; DOES 1
– 10, inclusive,

        Defendants.

Case No. 15-CV-01637-JLS-DHB

**PLAINTIFF'S RESPONSE TO
CONACO, LLC'S FIRST SET OF
INTERROGATORIES**

PROPOUNDING PARTY:   CONACO, LLC

RESPONDING PARTY:   ROBERT ALEXANDER KASEBERG

SET NO.:   ONE

Plaintiff Robert Alexander Kaseberg, by and through his attorney, and pursuant to Federal Rules of Civil Procedure 26 and 34 and the Local Rules of this Court, responds and objects to Defendant Conaco, LLC's ("Conaco") Requests for Production of Documents and Things as follows:

**PRELIMINARY STATEMENT**

1.     Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

2.     By making the accompanying responses and objections to Defendant's requests for documents and interrogatory, Plaintiff does not waive, and hereby expressly reserves, his right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses and objections herein without in any way implying that he considers the requests and interrogatory, and responses to the requests and interrogatory, to be relevant or material to the subject matter of this action.

3.     Plaintiff will produce responsive documents only to the extent that such documents are in the possession, custody, or his control as set forth in the Federal Rules of Civil Procedure. Plaintiff's possession, custody, or control does not include any constructive possession that may be conferred by Plaintiff's right or power to compel the production of documents or information from third parties.

4.     A response to a document request or interrogatory stating that objections and/or indicating that documents will be produced shall not be deemed or construed that there are, in fact, responsive documents, that Plaintiff performed any of the acts described in the document request, interrogatory, or definitions and/or instructions applicable to the document request or interrogatory, or that Plaintiff acquiesces in the characterization of the conduct or activities contained in the document request,

1  interrogatory, or definitions and/or instructions applicable to the document request or
2  interrogatory.

3       5.      Plaintiff expressly reserves the right to supplement, clarify, revise, or
4  correct any or all of the responses and objections herein, and to assert additional
5  objections or privileges, in one or more subsequent supplemental response(s).

6       6.      Plaintiff will make available for inspection at Plaintiff's attorney's offices
7  responsive documents.  Alternatively, Plaintiff will produce copies of the documents.

8       7.      Publicly available documents including, but not limited to, newspaper
9  clippings, court papers, and documents available on the Internet, will not be produced.

10                  **GENERAL RESPONSES AND OBJECTIONS**

11      1.      Plaintiff objects to each instruction, definition, document request, and
12 interrogatory to the extent that it purports to impose any requirement or discovery
13 obligation greater than or different from those under the Federal Rules of Civil
14 Procedure and the applicable Rules and Orders of the Court.

15      2.      Objection is made to the interrogatories to the extent the proposed
16 discovery is not relevant to the subject matter of the lawsuit and will not lead to the
17 discovery of admissible evidence or the proposed discovery goes beyond the subject
18 matter of the case and reasonable expectations of obtaining information that will aid
19 resolution of the dispute.

20      3.      Objection is made to the interrogatories to the extent the request would
21 require the responding party to create a document not in existence.  4.  Objection is
22 made to each interrogatory that is overly broad, unduly burdensome, or not reasonably
23 calculated to lead to the discovery of admissible evidence.

24      .

25      5.      Objection is made to each instruction, definition, document request, and
26 interrogatory to the extent that it seeks documents protected from disclosure by the
27 attorney-client privilege, deliberative process privilege, attorney work-product doctrine,
28

3
PLAINTIFF'S RESPONSE TO CONACO, LLC'S FIRST SET OF INTERROGATORIES

1   or any other applicable privilege.  Should any such disclosure by Plaintiff occur, it is

2   inadvertent and shall not constitute a waiver of any privilege.

3        6.     Objection is made to each instruction, definition, document request, and

4   interrogatory as overbroad and unduly burdensome to the extent it seeks documents or

5   information that are readily or more accessible to Defendant from Defendant's own

6   files, from documents or information in Defendant's possession, or from documents or

7   information that Defendant previously produced to Plaintiff.  Responding to such

8   requests and interrogatory would be oppressive, unduly burdensome, and unnecessarily

9   expensive, and the burden of responding to such requests and interrogatory is

10  substantially the same or less for Defendant as for Plaintiff.

11       7.     Objection is made to Defendant's interrogatories that call for the

12  production of documents or information that were produced to the Plaintiff by other

13  entities and that may contain confidential, proprietary, or trade secret information.

14       8.     Objection is made to the extent any of Defendant's interrogatories seek

15  documents or answers that include expert material, including but not limited to receipts,

16  photos or claim documents, Plaintiff objects to any such requests and interrogatory as

17  premature and expressly reserves the right to supplement, clarify, revise, or correct any

18  or all responses to such requests, and to assert additional objections or privileges, in one

19  or more subsequent supplemental response(s) in accordance with the time period for

20  exchanging expert reports set by the Court.  See Procter & Gamble Co. v. Haugen, 427

21  F.3d 727 (10th Cir. 2005), which limits a litigant's duties to produce data owned by

22  somebody else.  See also FRCP 26, 34(a) and 703.

23       9.     Objection is made to the interrogatories to the extent that it seeks the

24  identity, mental impressions, opinions, and/or documents or tangible things containing

25  such information of consulting experts either informally consulted or specially retained

26  in anticipation of litigation or preparation for trial that were not reviewed by a testifying

27  expert witness.  See Procter & Gamble Co. v. Haugen, 427 F.3d 727 (10th Cir. 2005),

28

1  which limits a litigant's duties to produce data owned by somebody else.  See also

2  FRCP 26, 34(a) and 703.

3       10.    Objection is made to the interrogatories to the extent that the discovery

4  sought is unreasonably cumulative or duplicative.

5       11.    Objection is made to the interrogatories to the extent the discovery sought

6  is obtainable from some other source that is more convenient, less burdensome, or less

7  expensive.  See 5 CFR 1201.72.

8       12.    Plaintiff incorporates by reference every general objection set forth above

9  into each specific response set forth below.  A specific response may repeat a general

10  objection for emphasis or some other reason.  The failure to include any general

11  objection in any specific response does not waive any general objection to that request.

12       13.    Plaintiff reserves the right to amend a prior response to an interrogatory if

13  Plaintiff learns that the response is, in some material respect, incomplete or incorrect

14  and if the additional or corrective information has not otherwise been made known to

15  other parties during the discovery process or in writing.

16  **INTERROGATORY NO. 1:**

17  Separately, for each of the JOKES AT ISSUE, identify the time, date, and forum for

18  every instance of publication.

19  **RESPONSE TO INTERROGATORY NO. 1:**

20       Each of Respondent's jokes were created at Respondent's home.  Respondent

21  creates the jokes prior to publishing them on the internet.

22  **INTERROGATORY NO. 2:**

23  Separately, for each of the JOKES AT ISSUE, identify the original and unique

24  components YOU believe DEFENDANTS have unlawfully copied.

25  **RESPONSE TO INTERROGATORY NO. 2:**

26  Respondent refers to and incorporates by reference its General Objections as though set

27  forth in full herein.    Respondent further objects to this Interrogatory on the basis that

28

1  the question calls for a legal conclusion and the answer is set forth in Respondent's

2  complaint.

3  **INTERROGATORY NO. 3:**

4  For each of the JOKES AT ISSUE, describe in detail YOUR conception, development,

5  creation, and authorship.

6  **RESPONSE TO INTERROGATORY NO. 3:**

7        Respondent objects to this Interrogatory on the basis that the question is

8  compound and vague and ambiguous as to the term "conception", "development",

9  "creation" and "authorship".  Without waiving said objections, Respondent responds:

10        1.      Watched Conan show and wanted to see if he could come up with another

11  joke.2.      Respondent came up with joke after learning that Tom Brady planned to

12  give Malcolm Butler the MVP Chevy truck.

13        3.      Respondent came up with the joke after learning about the measurements

14  of the Washington Monument.

15        4.      Respondent came up with the joke after reading about Caitlyn Jenner's

16  Malibu crash..

17  **INTERROGATORY NO. 4:**

18  For each of the JOKES AT ISSUE, state all facts relating to YOUR independent

19  creation thereof, including specific details sufficient to identify the websites and/or

20  other news and information sources you visited that provided the content to which each

21  of the JOKES AT ISSUE relate.

22  **RESPONSE TO INTERROGATORY NO. 4:**

23  Respondent refers to and incorporates by reference its General Objections as though set

24  forth in full herein.  Respondent further objects to this Request to the extent it purports

25  to require the identification of documents from sources that are not reasonably

26  accessible because of undue burden.  Without waiving said objections, Respondent

27  responds: Respondent came up with the jokes after hearing about certain subjects in the

28  news.  Discovery is continuing as to specific information sources.

1  **INTERROGATORY NO. 5:**

2  State all facts relating to YOUR ownership of the copyrights related to the JOKES AT

3  ISSUE.

4  **RESPONSE TO INTERROGATORY NO. 5:**

5  Respondent objects to this Interrogatory on the basis that the question is vague and

6  ambiguous as to the term "ownership".  Without waiving said objections, Respondent

7  has registered copyrights for the jokes created.

8  **INTERROGATORY NO. 6:**

9  State all facts relating to DEFENDANTS' opportunity to view or copy the JOKES AT

10  ISSUE.

11  **RESPONSE TO INTERROGATORY NO. 6:**

12  Respondent refers to and incorporates by reference its General Objections as though set

13  forth in full herein.  Respondent further objects to this Interrogatory on the basis that the

14  answer is set forth in Respondent's Complaint.  Without waiving said objections,

15  Respondent maintains a facebook, twitter and blog page that are all publicly available

16  and accessible.  Discovery is continuing.

17  **INTERROGATORY NO. 7:**

18  State all facts establishing a chain of events linking the JOKES AT ISSUE and

19  DEFENDANTS' access thereof.

20  **RESPONSE TO INTERROGATORY NO. 7:**

21  Respondent refers to and incorporates by reference its General Objections as though set

22  forth in full herein.  Respondent further objects to the extent calls for the creation of a

23  document not in existence and (2) to the extent it calls for the identification of

24  documents or information subject to the attorney-client privilege, the attorney work-

25  product doctrine, or any other applicable privileges.  The interrogatory also is vague and

26  ambiguous as the terms "chain of events".  Respondent cannot provide an intelligent

27  response without speculating as to the meaning.

28  **INTERROGATORY NO. 8:**

PLAINTIFF'S RESPONSE TO CONACO, LLC'S FIRST SET OF INTERROGATORIES

1  State all facts establishing the JOKES AT ISSUE have been widely disseminated.

2  **RESPONSE TO INTERROGATORY NO. 8:**

3  Respondent refers to and incorporates by reference its General Objections as though set

4  forth in full herein.  Respondent further objects to this Interrogatory on the basis that the

5  answer is set forth in Respondent's Complaint.  The interrogatory also is vague and

6  ambiguous as the terms "JOKES AT ISSUE have been widely disseminated".

7  Respondent cannot provide an intelligent response without speculating as to the

8  meaning.

9  **INTERROGATORY NO. 9:**

10  Identify all persons with any knowledge of any of the facts YOU stated in YOUR

11  response to Interrogatories Nos. 1-8.

12  **RESPONSE TO INTERROGATORY NO. 9:**

13  Respondent refers to and incorporates by reference its General Objections as though set

14  forth in full herein.  Respondent further objects to this Interrogatory on the basis that it

15  violates Rule 33 and does not contain discrete subparts, further the question overly

16  broad and vague as to time and scope and is thus oppressive and burdensome.  Without

17  waiving said objection Respondent's responds:  Respondent did not talk anyone prior to

18  the creation of the jokes.

19  **INTERROGATORY NO. 10:**

20  Identify every instance within the last five years in which YOU have submitted YOUR

21  alleged original content to a television show, web or print publication, or other media

22  entity either for compensation or consideration for an employment position.

23  **RESPONSE TO INTERROGATORY NO. 10:**

24  Respondent refers to and incorporates by reference its General Objections as though set

25  forth in full herein.  Respondent further objects to this Request to the extent it seeks

26  information which is not relevant to any party's claim or defense and is not reasonably

27  calculated to lead to the discovery of relevant, admissible evidence.  Respondent further

28

PLAINTIFF'S RESPONSE TO CONACO, LLC'S FIRST SET OF INTERROGATORIES

1   objects that this question seeks information that is private and confidential and may

2   violate the privacy rights as to the third parties who accepted submissions.

3   **INTERROGATORY NO. 11:**

4   Identify every instance within the last five years in which YOU have sold any of YOUR

5   original content and identify the original content YOU sold.

6   **RESPONSE TO INTERROGATORY NO. 11:**

7   Respondent refers to and incorporates by reference its General Objections as though set

8   forth in full herein.  Respondent further objects to this Request to the extent it seeks

9   information which is not relevant to any party's claim or defense and is not reasonably

10   calculated to lead to the discovery of relevant, admissible evidence.  Respondent further

11   objects that this question seeks information that is private and confidential and my

12   violate the privacy rights as to the third parties who accepted submissions.

13   **INTERROGATORY NO. 12:**

14   Separately, for each instance identified in YOUR response to Interrogatory No. 11,

15   identify the contact information for each purchaser, including name, address, phone

16   number and email address and the amount of compensation YOU received.

17   **RESPONSE TO INTERROGATORY NO. 12:**

18   Respondent refers to and incorporates by reference its General Objections as though set

19   forth in full herein.  Respondent further objects to this Request to the extent it seeks

20   information which is not relevant to any party's claim or defense and is not reasonably

21   calculated to lead to the discovery of relevant, admissible evidence.  Respondent further

22   objects that this question seeks information that is private and confidential and my

23   violate the privacy rights or trade secrets of the third parties who accepted submissions.

24   **INTERROGATORY NO. 13:**

25   Please state with particularity YOUR understanding of the fair market value for a joke

26   in the same or similar format as the JOKES AT ISSUE, and on what basis you reached

27   that understanding.

28   **RESPONSE TO INTERROGATORY NO. 13:**

1   Respondent refers to and incorporates by reference its General Objections as though set

2   forth in full herein.  Respondent further objects to this Request, (1) to the extent it calls

3   for the creation of a document not in existence and (2) to the extent it calls for the

4   identification of documents or information subject to the attorney-client privilege, the

5   attorney work-product doctrine, or any other applicable privileges.   Respondent further

6   objects that this question seeks expert opinion from a lay witness.  That also seeks

7   information that is private and confidential and my violate the privacy rights or trade

8   secrets of the third parties who accepted submissions.

9   **INTERROGATORY NO. 14:**

10   State with particularity how YOU calculated or quantified the amount of damages YOU

11   claim to have suffered as a result of DEFENDANTS' purported infringement, as alleged

12   in the COMPLAINT.

13   **RESPONSE TO INTERROGATORY NO. 14:**

14   Respondent refers to and incorporates by reference its General Objections as though set

15   forth in full herein.  Respondent further objects to this Request, (1) to the extent it calls

16   for the creation of a document not in existence and (2) to the extent it calls for the

17   identification of documents or information subject to the attorney-client privilege, the

18   attorney work-product doctrine, or any other applicable privileges.   Without waiving

19   said objection, Respondent responds:  Discovery is continuing, however 17 USC 504

20   provides for statutory damages of $150,000.00 per willful infringement as well as actual

21   damages and profits of the infringer.

22   **INTERROGATORY NO. 15:**

23   State all facts that support YOUR Copyright Infringement claim against

24   DEFENDANTS, as alleged in the COMPLAINT.

25   **RESPONSE TO INTERROGATORY NO. 15:**

26   Respondent refers to and incorporates by reference its General Objections as though set

27   forth in full herein.  Respondent further objects to this Interrogatory on the basis that it

28   is overbroad, vague and ambiguous  and is already contained in Respondent's complaint

**INTERROGATORY NO. 16:**

State all facts relating to YOUR contention in paragraph 29 of the COMPLAINT that DEFENDANTS' "infringement has been willful or deliberate."

**RESPONSE TO INTERROGATORY NO. 16:**

Respondent refers to and incorporates by reference its General Objections as though set forth in full herein. Respondent further objects to this Interrogatory on the basis that it is overbroad, vague and ambiguous and is already contained in Respondent's complaint.

Date: _____          By:_____

                                      JAYSON M. LORENZO
                                      Attorney for Plaintiff

# Exhibit D

Jayson M. Lorenzo, Esq. SBN 216973
jmlorenzo.esq@gmail.com
Attorney at Law
2794 Gateway Road, Suite 116
Carlsbad, CA 92009
Tel. (760) 517-6646
Fax (760) 520-7900

Attorney for Plaintiff
ROBERT ALEXANDER KASEBERG

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT ALEXANDER KASEBERG, | ) | Case No. 15-CV-01637-JLS-DHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PLAINTIFF'S RESPONSE TO** |
| | ) | **CONACO, LLC'S FIRST SET OF** |
| | ) | **REQUESTS FOR ADMISSIONS** |
| CONACO, LLC; TURNER | ) | |
| BROADCASTING SYSTEM; TIME | ) | |
| WARNER, INC.; CONAN O'BRIEN; | ) | |
| JEFF ROSS; MIKE SWEENEY; DOES 1 | ) | |
| – 10, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PROPOUNDING PARTY:    CONACO, LLC

RESPONDING PARTY:    ROBERT ALEXANDER KASEBERG

SET NO.:    ONE

1    Plaintiff Robert Alexander Kaseberg, by and through his attorney, and pursuant to

2 Federal Rules of Civil Procedure 26 and 34 and the Local Rules of this Court, responds

3 and objects to Defendant Conaco, LLC's ("Conaco") Requests for Production of

4 Documents and Things as follows:

5         **PRELIMINARY STATEMENT**

6    1.  Plaintiff's investigation and development of all facts and circumstances

7 relating to this action is ongoing.  These responses and objections are made without

8 prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents

9 at trial.

10    2.  By making the accompanying responses and objections, Plaintiff does not

11 waive, and hereby expressly reserves, his right to assert any and all objections as to the

12 admissibility of such responses into evidence in this action, or in any other proceedings,

13 on any and all grounds including, but not limited to, competency, relevancy, materiality,

14 and privilege.  Further, Plaintiff makes the responses and objections herein without in

15 any way implying that he considers the requests and responses to the requests  to be

16 relevant or material to the subject matter of this action.

17

18    3.  Plaintiff expressly reserves the right to supplement, clarify, revise, or

19 correct any or all of the responses and objections herein, and to assert additional

20 objections or privileges, in one or more subsequent supplemental response(s).

21

22     **GENERAL RESPONSES AND OBJECTIONS**

23    1.  Plaintiff objects to each instruction, definition, document request, and

24 requests for admissions to the extent that it purports to impose any requirement or

25 discovery obligation greater than or different from those under the Federal Rules of

26 Civil Procedure and the applicable Rules and Orders of the Court.

27    2.  Objection is made to the requests for admissions to the extent the proposed

28 requests for admissions is not relevant to the subject matter of the lawsuit and will not

1  lead to the discovery of admissible evidence or the proposed discovery goes beyond the

2  subject matter of the case and reasonable expectations of obtaining information that will

3  aid resolution of the dispute.

4       3.    Objection is made to the requests for admissions to the extent the request

5  would require the responding party to create a document not in existence.  A party is not

6  required to produce a document or tangible thing unless it is within the person's

7  possession, custody or control.  A document that does not exist is not within a party's

8  "possession, custody, or control."  The only exception to the rule involves the factual

9  observations, tests, or supporting data of a testifying expert.  See Procter & Gamble Co.

10  v. Haugen, 427 F.3d 727 (10th Cir. 2005), which limits a litigant's duties to produce

11  data owned by somebody else.  See also Federal Rules of Civil Procedure 26, 34(a) and

12  703.

13       4.    Objection is made to each request for admission that is overly broad,

14  unduly burdensome, or not reasonably calculated to lead to the discovery of admissible

15  evidence.

16       5.    Objection is made to each request for admission to the extent that it calls

17  for production of a privilege log for internal documents of Plaintiff.  A request for such

18  a log is unreasonable and unduly burdensome in light of the work product doctrine,

19  governmental deliberative process privilege, and other privileges protecting such

20  internal documents from discovery.

21       6.    Objection is made to each instruction, definition, document request, and

22  request for admission to the extent that it seeks documents protected from disclosure by

23  the attorney-client privilege, deliberative process privilege, attorney work-product

24  doctrine, or any other applicable privilege.  Should any such disclosure by Plaintiff

25  occur, it is inadvertent and shall not constitute a waiver of any privilege.

26       7.    Objection is made to each instruction, definition, document request, and

27  request for admission as overbroad and unduly burdensome to the extent it seeks

28  documents or information that are readily or more accessible to Defendant from

1  Defendant's own files, from documents or information in Defendant's possession, or

2  from documents or information that Defendant previously produced to Plaintiff.

3  Responding to such requests and interrogatory would be oppressive, unduly

4  burdensome, and unnecessarily expensive, and the burden of responding to such

5  requests and interrogatory is substantially the same or less for Defendant as for Plaintiff.

6       8.    Objection is made to Defendant's requests for admission that call for the

7  production of documents and information that were produced to the Plaintiff by other

8  entities and that may contain confidential, proprietary, or trade secret information.

9       9.    Objection is made to the extent any of Defendant's requests for admission

10 seeks documents or answers that include expert material, including but not limited to

11 receipts, photos or claim documents, Plaintiff objects to any such requests and

12 interrogatory as premature and expressly reserves the right to supplement, clarify,

13 revise, or correct any or all responses to such requests, and to assert additional

14 objections or privileges, in one or more subsequent supplemental response(s) in

15 accordance with the time period for exchanging expert reports set by the Court.  See

16 Procter & Gamble Co. v. Haugen, 427 F.3d 727 (10th Cir. 2005), which limits a

17 litigant's duties to produce data owned by somebody else.  See also FRCP 26, 34(a) and

18 703.

19     10.    Objection is made to the requests for admission to the extent that it seeks

20 the identity, mental impressions, opinions, and/or documents or tangible things

21 containing such information of consulting experts either informally consulted or

22 specially retained in anticipation of litigation or preparation for trial that were not

23 reviewed by a testifying expert witness.  See Procter & Gamble Co. v. Haugen, 427

24 F.3d 727 (10th Cir. 2005), which limits a litigant's duties to produce data owned by

25 somebody else.  See also FRCP 26, 34(a) and 703.

26     11.    Objection is made to the request for admission to the extent that the

27 discovery sought is unreasonably cumulative or duplicative.

28

PLAINTIFF'S RESPONSE TO CONACO, LLC'S FIRST SET OF REQUESTS FOR ADMISSIONS

12.     Objection is made to the request for admission to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.  See 5 CFR 1201.72.

13.     Plaintiff incorporates by reference every general objection set forth above into each specific response set forth below.  A specific response may repeat a general objection for emphasis or some other reason.  The failure to include any general objection in any specific response does not waive any general objection to that request.

**ADMISSION REQUEST NO. 1:**

Admit that when YOU spoke with MIKE SWEENEY on February 18, 2015, regarding YOUR allegations in this ACTION, YOU sought a paid writing position on the "Conan" show.

**RESPONSE TO ADMISSION NO. 1:**

Respondent admits speaking to MIKE SWEENEY on February 18, 2015, but denies the remainder of this request.

**ADMISSION NO. 2:**

Admit that JOKE #1 is not identical to DEFENDANTS' JOKE #1.

**RESPONSE TO ADMISSION NO. 2:**

Respondent refers to and incorporates by reference its General Objections as though set forth in full herein.  Respondent further objects to this Request on the grounds that it is vague and ambiguous as to "identical" and the response calls for a legal conclusion.  Without waiving said objections Respondent Denies.

**ADMISSION NO. 3:**

Admit that JOKE #2 is not identical to DEFENDANTS' JOKE #2.

**RESPONSE TO ADMISSION NO. 3:**

Respondent refers to and incorporates by reference its General Objections as though set forth in full herein.  Respondent further objects to this Request on the grounds that it is vague and ambiguous as to "identical" and the response calls for a legal conclusion.  Without waiving said objections Respondent Denies.

PLAINTIFF'S RESPONSE TO CONACO, LLC'S FIRST SET OF REQUESTS FOR ADMISSIONS

1  **ADMISSION NO. 4:**

2  Admit that JOKE #3 is not identical to DEFENDANTS' JOKE #3.

3  **RESPONSE TO ADMISSION NO. 4:**

4  Respondent refers to and incorporates by reference its General Objections as though set

5  forth in full herein.  Respondent further objects to this Request on the grounds that it is

6  vague and ambiguous as to "identical" and the response calls for a legal conclusion.

7  Without waiving said objections Respondent Denies.

8  **ADMISSION NO. 5:**

9  Admit that JOKE #4 is not identical to DEFENDANTS' JOKE #4.

10 **RESPONSE TO ADMISSION NO. 5:**

11 Respondent refers to and incorporates by reference its General Objections as though set

12 forth in full herein.  Respondent further objects to this Request on the grounds that it is

13 vague and ambiguous as to "identical" and the response calls for a legal conclusion.

14 Without waiving said objections Respondent Denies.

15 **ADMISSION NO. 6:**

16 Admit that the only evidence YOU have of DEFENDANTS' access to the JOKES AT

17 ISSUE prior to DEFENDANTS' alleged infringement is YOUR publication of the

18 JOKES AT ISSUE on your TWITTER ACCOUNT, PERSONAL ONLINE BLOG, or

19 FACEBOOK PAGE.

20 **RESPONSE TO ADMISSION NO. 6:**

21 Respondent refers to and incorporates by reference its General Objections as though set

22 forth in full herein.  Respondent further objects to this Request on the grounds that it is

23 compound, vague and ambiguous and that Respondent cannot provide an intelligible

24 response with speculation.  Without waiving said objections Respondent Denies.

25 **ADMISSION NO. 7:**

26 Admit that YOU are not aware of any DEFENDANT following or viewing your

27 PERSONAL ONLINE BLOG, TWITTER ACCOUNT, or FACEBOOK PAGE prior to

28 February 4, 2015.

PLAINTIFF'S RESPONSE TO CONACO, LLC'S FIRST SET OF REQUESTS FOR ADMISSIONS

1  **RESPONSE TO ADMISSION NO. 7:**

2  Respondent refers to and incorporates by reference its General Objections as though set

3  forth in full herein.  Respondent further objects to this Request on the grounds that it is

4  compound and that discovery is continuing.  Without waiving said objections

5  Respondent Denies.

6  **ADMISSION NO. 8:**

7  Admit that each and every one of the JOKES AT ISSUE utilizes a standard, two-line,

8  setup-punchline formula, in which the setup conveys a factual recitation of a then-

9  current event or news story, and the punchline conveys a humorous take on the

10  aforementioned current event or news story.

11  **RESPONSE TO ADMISSION NO. 8:**

12  Respondent refers to and incorporates by reference its General Objections as though set

13  forth in full herein.  Respondent further objects to this Request on the grounds that it is

14  compound and that it is vague and ambiguous as to the terms "standard",  "setup"

15  and "humorous take".   Respondent cannot provide an intelligible response with

16  speculating at to the meaning of the terms. Without waiving said objections Respondent

17  Denies.

18  **ADMISSION NO. 9:**

19  Admit that you are aware of numerous third-parties publishing jokes concerning the

20  same factual then-current events or news stories, and conveying a similar punchline as

21  the JOKES AT ISSUE.

22  **RESPONSE TO ADMISSION NO. 9:**

23  Respondent refers to and incorporates by reference its General Objections as though set

24  forth in full herein.  Respondent further objects to this Request on the grounds that it

25  seeks irrelevant information to the issues in this proceeding and is not reasonably

26  calculated to lead to the discovery of admissible evidence and that the request is vague

27  and ambiguous as to time and scope..  Without waiving said objections Respondent

28  Denies.

PLAINTIFF'S RESPONSE TO CONACO, LLC'S FIRST SET OF REQUESTS FOR ADMISSIONS

1  **ADMISSION NO. 10:**

2  Admit that the tweets attached hereto as Exhibit A were published prior to the first

3  instance YOU published JOKE #1.

4  **RESPONSE TO ADMISSION NO. 10:**

5  Respondent refers to and incorporates by reference its General Objections as though set

6  forth in full herein.  Respondent further objects to this Request on the grounds that it is

7  vague and ambiguous as to "published", the documents speak for themselves,

8  documents lack foundation and hearsay.  Without waiving said objections Respondent

9  Denies.

10  **ADMISSION NO. 11:**

11  Admit that the tweets attached hereto as Exhibit B were published prior to the first

12  instance YOU published JOKE #2.

13  **RESPONSE TO ADMISSION NO. 11:**

14  Respondent refers to and incorporates by reference its General Objections as though set

15  forth in full herein.  Respondent further objects to this Request on the grounds that it is

16  vague and ambiguous as to "published" , the documents speak for themselves,

17  documents lack foundation and hearsay.  Without waiving said objections Respondent

18  Denies.

19  **ADMISSION NO. 12:**

20  Admit that the tweets attached hereto as Exhibit C were published prior to the first

21  instance YOU published JOKE #3.

22  **RESPONSE TO ADMISSION NO. 12:**

23  Respondent refers to and incorporates by reference its General Objections as though set

24  forth in full herein.  Respondent further objects to this Request on the grounds that it is

25  vague and ambiguous as to "published" , the documents speak for themselves,

26  documents lack foundation and hearsay.  Without waiving said objections Respondent

27  Denies.

28  **ADMISSION NO. 13:**

1    Admit that the tweets attached hereto as Exhibit D were published prior to the first

2    instance YOU published JOKE #4.

3    **RESPONSE TO ADMISSION NO. 13:**

4    Respondent refers to and incorporates by reference its General Objections as though set

5    forth in full herein.  Respondent further objects to this Request on the grounds that it is

6    vague and ambiguous as to "published", the documents speak for themselves,

7    documents lack foundation and hearsay.  Without waiving said objections Respondent

8    Denies.

9

10

11    Date: 4/25/2016            By:

12                                JAYSON M. LORENZO

13                                Attorney for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit E

# Glaser Weil

10250 Constellation Blvd.
19th Floor
Los Angeles, CA 90067
310.553.3000 TEL
310.556.2920 FAX

Nicholas E. Huskins

**Direct Dial**
310.282.6284
**Direct Fax**
310.785.3584
**Email**
nhuskins@glaserweil.com

May 9, 2016

VIA E-MAIL

Jayson M. Lorenzo
2794 Gateway Road
Carlsbad, CA 92009

Re: **Robert Alexander Kaseberg v. Conaco, LLC, et al. Case No. 3:15-cv-01637**

Dear Mr. Lorenzo,

I write regarding deficiencies in Plaintiff Robert Alexander Kaseberg's ("Plaintiff" or "Kaseberg") responses to Defendant Conaco, LLC's ("Conaco") First Set of Interrogatories, Requests for Production of Documents and Things, and Requests for Admission, served April 25, 2016.

## 1. Kaseberg's Responses to Conaco's First Set of Interrogatories

Kaseberg's Responses to Conaco's First Set of Interrogatories are deficient, inadequate, and improper. For purposes of the parties' meet and confer, we provide the following summary of certain deficiencies:

### *Interrogatory Nos. 1 and 6:*

Interrogatory No. 1 seeks the time, date, and forum for every instance of *publication* for the jokes at issue. However, Kaseberg's response fails to provide any of the requested information concerning the publication of the jokes. Instead, Kaseberg responds as follows: "Each of Respondent's jokes were *created* at home. Respondent creates the jokes prior to publishing them on the internet." Information identifying exactly where and when each of the jokes at issue were published is crucial in determining the possibility of Defendants' access to Kaseberg's jokes prior to the independent creation of the allegedly infringing jokes featured in the "Conan" show monologue. Thus, this response must be supplemented to sufficiently answer Interrogatory No. 1.

Interrogatory No. 6 asks for all facts relating to Defendants' opportunity to view or copy the jokes at issue. In response, Kaseberg provides, "Respondent maintains a facebook, twitter and blog page that are all publicly available and accessible." However, Kaseberg denied Request for Admission No. 6, which sought an admission that the only evidence of Defendants' access to

May 9, 2016
Page 2

the jokes at issue prior to any alleged infringement was the publication of such on Kaseberg's twitter account, facebook page, or personal online blog. Clearly, the responses to Interrogatory No. 6 and Request for Admission No. 6 are in conflict with each other.

Defendants' access is a critical issue in this litigation. If Kaseberg has additional information of Defendants' opportunity to view the jokes at issue beyond what is provided in his response to Interrogatory No. 6, he must supplement his response to include such information. Alternatively, if Kaseberg has no additional evidence of access beyond the response provided, he must supplement Request for Admission No. 6 to accurately reflect this.

### *Interrogatory Nos. 2 and 5:*

Interrogatory No. 2 seeks the identification of the original and unique components of the jokes at issue that Kaseberg believes Defendants unlawfully copied. Kaseberg responded, "the answer is set forth in Respondent's complaint." First, general references to a pleading are an insufficient answer to an Interrogatory. *See e.g., Guerrero v. McClure*, 2011 WL 4566130, at *6 (E.D. Cal. Sept. 29, 2011) (holding "responses merely referring to the allegations of [plaintiff's] complaint are insufficient" and ordering respondent to supplement their responses); *Pacific Lumber Co. v. National Union Fire Ins. Co.*, 2005 WL 318811, at *4 (N.D. Cal. Jan. 5, 2005) ("[r]esponding to an interrogatory with a reference to another interrogatory or to a document or pleading is improper."); *United States ex rel. O'Connell v. Chapman University,* 245 F.R.D. 646, 650 (C.D. Cal. 2007) ("an interrogatory should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories"). Moreover, none of the allegations in the Complaint are sufficient to identify the unique and original aspects of Kaseberg's allegedly infringed jokes.

The copyright protected aspects of the jokes at issue are central to Kaseberg's lone claim for copyright infringement. Through initial disclosures, Defendants presented significant evidence of numerous third-parties publishing substantially similar jokes to those in which Kaseberg claims protection. Yet, Kaseberg has yet to provide any information sufficient to identify what aspects of the jokes at issue Kaseberg believes to be unique and original expression sufficient to warrant copyright protection. Thus, Conaco requests Kaseberg supplement his response to Interrogatory No. 2 to describe the alleged copyrighted material, to the extent it exists.

Interrogatory No. 5 asks for *all facts* relating to Kaseberg's ownership of the copyrights related to the jokes at issue. An adequate response to this Interrogatory should include detailed facts and dates for the conception, creation, publication, and exploitation of the jokes at issue. Instead, Kaseberg merely offers "Respondent has registered copyrights for the jokes created."

Again, Kaseberg's ownership of a valid copyright in the jokes at issue are essential to his claim. If Kaseberg intends to rely on additional evidence concerning his creation and ownership of the jokes at issue, such information must be supplemented.

May 9, 2016
Page 3

### *Interrogatory No. 4*

Interrogatory No. 4 asks for the identification of websites and/or news sources that provided the content in which Kaseberg's jokes at issue relate.  In response, Kaseberg answered "Discovery is continuing as to specific information sources."  Conaco fails to see how additional time and discovery would reveal sources that should already be known to Kaseberg.  This information is crucial in analyzing the originality of the jokes at issue.  Please supplement your response.

### *Interrogatory Nos. 7 and 8*

Interrogatory No. 7 asks Kaseberg to "[s]tate all facts establishing a chain of events linking the jokes at issue and Defendants' access thereof."  Interrogatory No. 8 asks Kaseberg to "[s]tate all facts establishing the jokes at issue have been widely disseminated."  In response to each, Kaseberg stated "Respondent cannot provide an intelligent response without speculating as to the meaning of "chain of events" and "widely disseminated", respectively."

First, Instruction No. 3 of the Interrogatories propounded by Conaco on March 24, 2016 clearly provides that "If [Kaseberg] object[s] to any meaning of any term in any interrogatory herein as unclear to [Kaseberg], [Kaseberg] shall assume a reasonable meaning, state what the assumed meaning is, and respond to the request according to the assumed meaning."  Kaseberg has failed to comply with this instruction, offering no attempt to apply reasonable meaning to these commonly-used phrases or otherwise provide a narrative response.  Kaseberg cannot avoid his discovery obligations by claiming ordinary phrases and terms are "vague" and "ambiguous."

By way of clarity, in the Ninth Circuit circumstantial evidence of reasonable access is proven in one of two ways: (1) a particular *chain of events* is established between the plaintiff's work and the defendant's access to that work (such as through dealings with a publisher or record company); or (2) the plaintiff's work has been *widely disseminated.  See Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000).  Kaseberg should apply the meaning as understood by the Ninth Circuit to the purportedly "vague" and "ambiguous" terms in question, and supplement his response accordingly.

### *Interrogatory Nos. 10-13*

With respect to Interrogatory Nos. 10-13, Kaseberg provides no substantive, narrative response on the basis of objections concerning the privacy rights of third-parties.  Conaco notes Defendants have made efforts to enter a protective order in this case to protect the privacy of non-parties.  Defendants are willing to continue to work with Kaseberg to ensure the protective order provides adequate protection sufficient to cover responses to these Interrogatories.  However, this information is crucial in determining damages, and must be provided.  Please supplement these responses.

May 9, 2016
Page 4

### Interrogatory Nos. 15 and 16

Interrogatory Nos. 15 and 16 seek the factual basis and grounds for Kaseberg's copyright claim against Defendants, and the support for Kaseberg's contention that the alleged infringement was willful. Despite Kaseberg's boilerplate objections, the Federal Rules and Ninth Circuit have expressly permitted parties to propound such contention interrogatories. *See* Fed. R. Civ. P. 33(c) ("An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact."); *accord O'Connor v. Boeing North America, Inc.*, 185 F.R.D. 272, 281 (C.D. Cal. 1999) (holding contention interrogatories are permissible and acceptable).

In response, Kaseberg offered only "Respondent further objects to this Interrogatory on the basis that it is overbroad, vague and ambiguous and is already contained in Respondent's complaint." Setting aside the improper, boilerplate "overbroad, vague and ambiguous" objections, as previously noted, such a general reference to the complaint is an inadequate Interrogatory response.[1] *See Guerrero*, 2011 WL 4566130, at *6; *Pacific Lumber*, 2005 WL 318811, at *4; *United States ex rel. O'Connell*, 245 F.R.D. at 650; *see also McClellan v. Kern Cty. Sheriff's Office*, 2015 WL 4598871, at *4 (E.D. Cal. July 28, 2015) (holding Interrogatory responses that refer to Plaintiffs' complaint insufficient and ordering respondent to supplement Interrogatory responses).

Thus, Kaseberg's responses to the above-mentioned Interrogatories are evasive, inadequate, and unresponsive. Please supplement these responses such that they provide a complete, narrative response offering the factual basis for the claims, allegations, and contentions advanced by Kaseberg.

### 2.    Kaseberg's Responses to Conaco's First Set of Requests for Production

Kaseberg's Responses to Conaco's First Set of Requests for Production of Documents are deficient and fail to comply with the Federal Rules. For purposes of the parties meet and confer, we provide the following summary of certain deficiencies:

First, under the revised Federal Rule of Civil Procedure 34 ("Rule 34"), a responding party is required to state whether responsive documents will be produced as requested, or in the alternative, state whether "any responsive materials are being withheld" on the basis of a specific objection. Fed. R. Civ. P. 34(b)(2)(C). With respect to Request Nos. 1, 35-36, 38-39, 45-47, and 52, Kaseberg objected but failed to state whether he intends to produce responsive documents. Such a response is improper. Kaseberg must state whether he will produce documents and by when, or indicate if documents are being withheld. Moreover, Kaseberg's responses fail to

---

[1] Kaseberg's responses to Interrogatory Nos. 2 and 4 also improperly reference the Complaint while failing to provide any additional facts or narrative. These must be supplemented to provide complete, narrative responses.

May 9, 2016
Page 5

indicate whether any responsive materials are being withheld at all.  If Kaseberg is withholding any responsive documents, he must affirmatively state so, and identify the specific objection that serves as the basis for such.

Second, the Advisory Committee Notes to the 2015 Amendment of Rule 34 require the responding party to specifically identify a "reasonable time" for the production of responsive documents.  Kaseberg indicated he will be producing documents in response to Request Nos. 2-3, 5-34, 37, 40-44, 48-51, and 53-56, but failed to provide any sort of time frame for production, and, to date, has not produced a single document beyond those exchanged through initial disclosures.  We request that Kaseberg specify when his production will be completed.

Third, Kaseberg's responses to Requests Nos. 2 and 41 improperly limit the scope of the documents requested to those that relate only to the jokes at issue.  Consistent with the aforementioned requirements of Rule 34, Kaseberg must identify whether any documents are being withheld on the basis of these limitations, and, if so, identify which objection serves as the basis for such.

### 3.    Kaseberg's Response to Conaco's First Set of Requests for Admission

Kaseberg's Responses to Conaco's First Set of Requests for Admission are deficient and raise questions about the integrity of Kaseberg's denials.  For purposes of the parties' meet and confer, we provide the following summary of certain deficiencies:

Request for Admission Nos. 2-5 seek an admission that the allegedly infringing jokes purportedly authored by Kaseberg are not identical to the corresponding joke featured in the "Conan" show monologue.  This fact is indisputable – a simple review of each will demonstrate the jokes are not word-for-word copies of each other.  Nevertheless, Kaseberg denied Requests for Admission Nos. 2-5 after asserting "vague and ambiguous" objections as to the word "identical."

Request for Admission No. 9 seeks an admission that Kaseberg is aware of numerous third-parties publishing jokes similar to those at issue.  Similarly, Request for Admission Nos. 10-13 seek an admission that the third-party tweets attached as Exhibits to the Requests were published prior to Kaseberg's first publication of the jokes at issue.  Again, the timestamps of the tweets attached as Exhibits unquestionably demonstrate that they were published prior to Kaseberg's own joke on the same topic.  Yet, Kaseberg objects to the use of "published" as vague and ambiguous, then denies.

Request for Admission No. 8 seeks an admission "that each and every one of the jokes at issue utilizes a standard, two-line, setup-punchline formula, in which the setup conveys a factual recitation of a then-current event or news story, and the punchline conveys a humorous take on

May 9, 2016
Page 6

the aforementioned current event or news story." Kaseberg objected to the terms "standard", "setup", and "humorous take" before denying.

Conaco's Requests for Admission included an instruction which provides "If [Kaseberg] object[s] to any meaning of any term in any Request herein as unclear to [Kaseberg], [Kaseberg] shall assume a reasonable meaning, state what the assumed meaning is, and respond to the Request according to the assumed meaning." Again, Kaseberg made no attempt to comply with this instruction, despite objecting to a particular word or term in his response to each of the aforementioned Requests for Admission. Conaco requests that Kaseberg follow this instruction, and supplement his responses to these requests thusly.

Request for Admission No. 6 seeks an admission that Kaseberg has no evidence of Defendants' access to Kaseberg's jokes beyond his publication of such on the Internet. Similarly, Request for Admission No. 7 seeks an admission that Kaseberg and has no personal knowledge of Defendants' viewing the jokes on the outlets they were published prior to February 4, 2015. Kaseberg denied both. As previously noted, Kaseberg's denials to these Requests for Admission conflict with his response to Interrogatory No. 6. Kaseberg must supplement his responses to resolve this discrepancy.

For all of the responses detailed in this section, it is unclear whether Kaseberg is specifically denying as to the substance of the request, or merely denying on this basis of his vague and ambiguous objections. If such denials are based on his objections, Kaseberg must explicitly state so, and explain in detail why his denial prevents him from admitting or denying the request as drafted. Fed. R. Civ. P. 36(a)(4) ("If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it").

If Kaseberg contends that such denials are not based on his objections, Conaco notes that Federal Rule 36 provides "[a] denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." *Id.* Further, Rule 36 requires absolute good faith and truthfulness in a response, and any responses which seek to evade or to avoid, short of a frank statement that the party cannot truthfully respond, stating the reasons or grounds therefor, will not be countenanced. *Dulansky v. Iowa-Illinois Gas & Elec. Co.*, 92 F. Supp. 118 (S.D. Iowa 1950). With these rules in mind, and confronted with contradictory information, Conaco requests Kaseberg supplement any response for which he cannot honestly, and in good faith, deny. Absent such, Conaco will pursue a motion seeking a judicial determination of the sufficiency of such responses pursuant to Fed. R. Civ. P. 36(a)(6).

Pursuant to Local Rule Cv 26.1(a), we request to meet and confer on both the discovery issues outlined above as well as the parties' inability to reach a resolution concerning the protective order. In order to facilitate the production of documents and other discovery, it is imperative we resolve these issues as soon as possible. We hope to resolve all of the

May 9, 2016
Page 7

aforementioned issues without intervention from the Court.  To that end, please confirm your availability to meet and confer on the above on Thursday, May 12, at 2:30 pm.  Otherwise, please provide a time in the next ten days in which you are available.

Sincerely,

NICHOLAS E. HUSKINS
for GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP

1182045.1

# Exhibit F

| | |
|---|---|
| **From:** | Nick Huskins |
| **Sent:** | Tuesday, May 31, 2016 10:38 AM |
| **To:** | 'Jayson Lorenzo'; Erica Van Loon |
| **Cc:** | Lorie Mallari |
| **Subject:** | RE: Kaseberg v. Conaco, et al. |
| **Attachments:** | MCA Inc v Wilson.doc; Mackie v Rieser.doc; On Davis v The Gap Inc.doc; CONACO_000045-CONACO_000064.pdf |

Jayson,

Thanks for your email.  Mike Sweeney is available for deposition on June 17 or June 24. Let us know if either date works. If not, Mr. Sweeney's next available date for deposition is July 8. Mr. Kiley and Mr. Kutner are available to be deposed on July 15.  That being said, we stand by our objections to Plaintiff's Request for Production Nos. 6-8.  If this impacts your deposition schedule, let us know.  I am working on getting availability for the rest of the deponents, and should have dates for you by the end of the week.

To be clear, we will not be producing revenue information for TBS, Time Warner, and Conaco, or salary information for the individual writers, as they are in no way relevant to a potential damages calculation by your client.  Per your request, we've attached some supporting case law.  Also, we cannot agree to a June 1 deadline for your client to supplement his deficient discovery responses.  Accordingly, Defendants will move forward with a motion to compel regarding your client's deficient discovery responses.

As to the protective order, we agree that filing a formal motion is best and we will do so.

We are also attaching a copy of Conaco's insurance policy, as requested.  Please note that this document is designated "Confidential" and thus, should be treated pursuant to the draft protective order's terms concerning confidential documents.

Regards,
Nick

**From:** Jayson Lorenzo [mailto:jmlorenzo.esq@gmail.com]
**Sent:** Monday, May 23, 2016 3:38 PM
**To:** Nick Huskins; Erica Van Loon
**Cc:** Lorie Mallari
**Subject:** Kaseberg v. Conaco, et al.

Nick,

See my responses in red below.


On Thu, May 19, 2016 at 1:13 PM, Nick Huskins <nhuskins@glaserweil.com> wrote:

Jayson,

As discussed on our call yesterday afternoon, below is the understanding reached between the parties with respect to the outstanding discovery issues:

## Depositions

- We can make Mike Sweeney available for deposition on June 17 in Irvine, as you suggested. Let us know if this date works and the location of the deposition. Also, let us know if June 24 works for the depositions of Kiley and Kutner in Irvine. We would like to lock these dates in with the witnesses so please confirm the dates with us this week

I will confirm the dates and location of the 17 and 24 by the end of the week.  I may need to take Sweeney on the 24 and Kiley and Kutner on July 1st.  I still need to clear my calendar.  Also see my comments related to RFP 6-8 below as it also may affect if I take Kiley and Kutner.

- We will get back to you with dates for the additional deponents you requested.

Please get me dates by the end of next week.  I want to take Weisberg and Comers next then Conan and Ross.  I also need to take a PMK for Time Warner and TBS on financial information as a heads up.

## Protective Order

- We agreed to all terms of the proposed protective order except the designation of non-public financial documents as AEO.  The parties will move forward with discovery obligations subject to our mutual understanding of the agreed-upon terms of the protective order, i.e. the production of documents designated as "confidential" and the treatment of trade secret information as "Attorneys Eyes Only."  As to our dispute regarding the designation of non-public financial documents, Defendants will proceed with filing a motion with the Court if this issue cannot be resolved informally with Judge Bartick.

Agreed, however the issue of non-public financial documents is still in dispute.  It is my understanding that you are taking the position that you will not produce any financial information.  Can you confirm this?  If so, I will just go ahead and file a motion to compel on that issue.

## Defendants' Discovery Requests

### Interrogatories

- You agreed to supplement responses to Conaco's Interrogatory Nos. 1-4, 7-8, 10-13, and 15-16.

I agreed that I will speak to my client and to the extent he can provide additional information the responses will be supplemented.

o  With respect to Interrogatory No. 1, you represented that Plaintiff will supplement to provide information sufficient to show the date, time, and forum in which the jokes at issue were published.

I agreed that I will speak to my client and to the extent he can provide additional information the responses will be supplemented.

o  With respect to Interrogatory No. 3, you represented Plaintiff will supplement with the date of creation, and any other responsive information not included in Plaintiff's initial response.

I agreed that I will speak to my client and to the extent he can provide additional information the responses will be supplemented.

o  With respect to Interrogatory No. 6, you represented this is a complete response.

Agree.

o  With respect to Interrogatory Nos. 2, 4, 7-8, and 15-16, you represented that Plaintiff will supplement with a complete, narrative response.

I will speak to my client and see if he has additional information for which he can supplement.  I did not agree to a narrative response.

o  With respect to Interrogatory Nos. 10-13, the parties agree to treat any information provided in response as subject to the confidentiality terms of the proposed protective order.  You represented that Plaintiff will supplement his response to these Interrogatories subject to that understanding.

With respect to 10-13 we discussed whether the discovery was going to be limited to the "jokes at issue".  I don't believe it should be limited to the jokes at issue.  If it wasn't limited to the "jokes at issue" we were both going to agree to produce information.  I would agree to produce the information but because of your objection to our RFP 6-8 I do not think it is appropriate for my client to provide this information.  My understanding was that we would mutually not withhold information but you need to confirm that with Erica.  You stated you understood my position.  You would agree to produce RFP 6-8 information before Kiley, Kutner and Comers depos and I would agree to responde to your rogs 10-13 subject to the projective order.

**Requests for Production**

• You represented Plaintiff is not withholding any documents on the basis of his objections.

Agree.

• We discussed Plaintiff's limiting response with respect to RFPs No. 2 and 41.  You raised the issue that Defendants' similarly limited their response to Plaintiff's RFP Nos. 6-8.  We discussed mutually resolving whether or not we can agree that the aforementioned requests can be uniformly limited, or in the alternative, the limitation can be removed from both our responses.  Subsequent to our phone conversation, you emailed

3

to raise the same issue with our response to Interrogatories No. 4 and 7, and contended that you believe that information is relevant without any limitation.

> o  Upon review, we are willing to agree to the limitation as to our RFP No. 41, but believe RFP No. 2 is properly limited in scope and relevant.  We disagree that Plaintiff's Interrogatory Requests Nos. 4 and 7, and RFP Nos. 6-8, are relevant without limitation.  Specifically we do not see how jokes unrelated to the jokes at issue are relevant, nor how the identification of Conaco staff who had no involvement with the jokes at issue are relevant.  We will consider a narrowed re-draft of these requests, to the extent they are relevant to claims or defense at issue in this case.  Short of that, we cannot agree to removing the limitation.

So with RFP No. 2, you believe any and all correspondence with third parties related to Defendants whether they involve the Jokes at issue should be produced?  RFP 41, I will have my client produce what he has related to jokes at issue.  However, I do not agree that Plaintiff's Interrogatory Request 4 and 7 should not be produced by your client.  Also I do not agree that RFP 6-8 should not be produced by your client.  Please confirm that you will not respond to Interrogatory 4 and 7 and also not produce documents for RFP 6-8.  I will go ahead and file a motion to compel on those requests.

If you are not producing RFP 6-8 I may need to push Kiley and Kutner's depos.

**Requests for Admission**

- You represented Plaintiff will supplement all responses to clarify whether any denial is made on the basis of an asserted objection, or as to the substance of the Request.  For any denial based on an objection, you agreed the response will specify the particular objection that serves as the basis for the denial.

Agree.

> o  With respect to RFA Nos. 2-5, you represented that Plaintiff will supplement his responses subject to an understanding that "identical" means word-for-word copy.

I will speak to my client about whether he will agree to supplement.  The RFA as writen is unclear.  I think in order to clear this up and have a clean record for trial, I you should resend your specific RFA request.

> o  With respect to RFA Nos. 6-7, you represented that Plaintiff will supplement his responses to be consistent with Plaintiff's Interrogatory responses.

Disagree.  I stated that I would speak to my client to discovery of there is any additional information that might requre him to supplement his response.

> o  With respect to RFA No. 8, you represented that Plaintiff will supplement his response with the understanding that the word "standard" be removed from the request.

I will speak to my client about whether he will agree to supplement.  The RFA as writen is unclear.  I think in order to clear this up and have a clean record for trial, I you should resend your specific RFA request.

o  With respect to RFA No. 9, you represented that Plaintiff will supplement his response with the understanding that the request seeks an admission as to your client's awareness as of today, not prior to publication of the jokes at issue.

Disagree.  I stated that the documents lacked foundation haven't been authenticated and he can't admit to documents he never authored or knows anything about.

**Deadline for Supplemental Responses**

- No deadline to provide supplemental responses was discussed on the call.  In the interest of preventing any further delay, please confirm your client  will provide supplemental responses by May 26.  We would prefer to resolve any discovery issues without involvement from the Court, but must be prepared to move in the event any supplemental responses are provided any later, or are otherwise unsatisfactory.

I can agree to no later than June 1 for any supplements.

**<u>Plaintiff's Discovery Requests/Informal Conference with the Judge Bartick</u>**

- We discussed the relevance of the financial information requested by Plaintiff, and were unable to reach a resolution.  You indicated you would move to compel Interrogatory responses and the production of documents related to Defendants' financial information.  Regarding your suggestion that we settle the matter informally with the assistance of Judge Bartick,  we are not opposed so long as we have the opportunity to apprise Judge Bartick in writing of the relevant case law.  We note that our dispute concerning the designation of financial documents as AEO might also be a matter that can be settled informally with Judge Bartick, if he is so inclined to speak with us without a formal motion.  We are amenable to mutually calling Judge Bartick's clerk with you to see if he would be amenable to a telephone conference to try to resolve these disputes without the need for motion practice.  I am available to discuss this further this afternoon, prior to our mutually contacting Judge Bartick's clerk.

If we are going to brief the issue, I'd rather just file a formal motion.  The first issue is the relevance of the documents and whether you should produce them to me, as well as the jokes submitted to your client and the names of other writers and what they make.  The AEO issue is only relevant if I am entitled to financial information.

Regards,

Nick

# Glaser Weil

**Nick Huskins** | **Attorney**

10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067

Main: 310.553.3000 | Direct: 310.282.6264 | Fax: 310.785.3564

E-Mail: nhuskins@glaserweil.com | www.glaserweil.com



This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message

# Exhibit G

1  Jayson M. Lorenzo, Esq. SBN 216973
   jmlorenzo.esq@gmail.com
2  Attorney at Law
   2794 Gateway Road, Suite 116
3  Carlsbad, CA 92009
   Tel. (760) 517-6646
4  Fax (760) 520-7900

5  Attorney for Plaintiff
   ROBERT ALEXANDER KASEBERG
6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11  ROBERT ALEXANDER KASEBERG,          )  Case No. 15-CV-01637-JLS-DHB
                                        )
12                                      )
                                        )
13              Plaintiff,              )
                                        )
14                                      )
        vs.                             )  **PLAINTIFF'S SUPPLEMENTAL**
15                                      )  **RESPONSE TO CONACO, LLC'S**
                                        )  **FIRST SET OF INTERROGATORIES**
16                                      )
17  CONACO, LLC; TURNER                 )
    BROADCASTING SYSTEM; TIME           )
18  WARNER, INC.; CONAN O'BRIEN;        )
    JEFF ROSS; MIKE SWEENEY; DOES 1     )
19  – 10, inclusive,                    )
                                        )
20                                      )
              Defendants.               )
21                                      )
                                        )
22  _____

23  PROPOUNDING PARTY:    CONACO, LLC

24  RESPONDING PARTY:     ROBERT ALEXANDER KASEBERG

25  SET NO.:              ONE

26

27

28

Plaintiff Robert Alexander Kaseberg, by and through his attorney, and pursuant to Federal Rules of Civil Procedure 26 and 34 and the Local Rules of this Court, responds and objects to Defendant Conaco, LLC's ("Conaco") First Set of Interrogatories as follows:

### PRELIMINARY STATEMENT

1.      Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

2.      By making the accompanying responses and objections to Defendant's requests for documents and interrogatory, Plaintiff does not waive, and hereby expressly reserves, his right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses and objections herein without in any way implying that he considers the requests and interrogatory, and responses to the requests and interrogatory, to be relevant or material to the subject matter of this action.

3.      Plaintiff will produce responsive documents only to the extent that such documents are in the possession, custody, or his control as set forth in the Federal Rules of Civil Procedure. Plaintiff's possession, custody, or control does not include any constructive possession that may be conferred by Plaintiff's right or power to compel the production of documents or information from third parties.

4.      A response to a document request or interrogatory stating that objections and/or indicating that documents will be produced shall not be deemed or construed that there are, in fact, responsive documents, that Plaintiff performed any of the acts described in the document request, interrogatory, or definitions and/or instructions applicable to the document request or interrogatory, or that Plaintiff acquiesces in the characterization of the conduct or activities contained in the document request,

1   interrogatory, or definitions and/or instructions applicable to the document request or

2   interrogatory.

3        5.    Plaintiff expressly reserves the right to supplement, clarify, revise, or

4   correct any or all of the responses and objections herein, and to assert additional

5   objections or privileges, in one or more subsequent supplemental response(s).

6        6.    Plaintiff will make available for inspection at Plaintiff's attorney's offices

7   responsive documents.  Alternatively, Plaintiff will produce copies of the documents.

8        7.    Publicly available documents including, but not limited to, newspaper

9   clippings, court papers, and documents available on the Internet, will not be produced.

10   **GENERAL RESPONSES AND OBJECTIONS**

11        1.    Plaintiff objects to each instruction, definition, document request, and

12   interrogatory to the extent that it purports to impose any requirement or discovery

13   obligation greater than or different from those under the Federal Rules of Civil

14   Procedure and the applicable Rules and Orders of the Court.

15        2.    Objection is made to the interrogatories to the extent the proposed

16   discovery is not relevant to the subject matter of the lawsuit and will not lead to the

17   discovery of admissible evidence or the proposed discovery goes beyond the subject

18   matter of the case and reasonable expectations of obtaining information that will aid

19   resolution of the dispute.

20        3.    Objection is made to the interrogatories to the extent the request would

21   require the responding party to create a document not in existence.

22        4.    Objection is made to each interrogatory that is overly broad, unduly

23   burdensome, or not reasonably calculated to lead to the discovery of admissible

24   evidence.

25        5.    Objection is made to each instruction, definition, document request, and

26   interrogatory to the extent that it seeks documents protected from disclosure by the

27   attorney-client privilege, deliberative process privilege, attorney work-product doctrine,

28

1    or any other applicable privilege.  Should any such disclosure by Plaintiff occur, it is

2    inadvertent and shall not constitute a waiver of any privilege.

3         6.    Objection is made to each instruction, definition, document request, and

4    interrogatory as overbroad and unduly burdensome to the extent it seeks documents or

5    information that are readily or more accessible to Defendant from Defendant's own

6    files, from documents or information in Defendant's possession, or from documents or

7    information that Defendant previously produced to Plaintiff.  Responding to such

8    requests and interrogatory would be oppressive, unduly burdensome, and unnecessarily

9    expensive, and the burden of responding to such requests and interrogatory is

10   substantially the same or less for Defendant as for Plaintiff.

11        7.    Objection is made to Defendant's interrogatories that call for the

12   production of documents or information that were produced to the Plaintiff by other

13   entities and that may contain confidential, proprietary, or trade secret information.

14        8.    Objection is made to the extent any of Defendant's interrogatories seek

15   documents or answers that include expert material, including but not limited to receipts,

16   photos or claim documents, Plaintiff objects to any such requests and interrogatory as

17   premature and expressly reserves the right to supplement, clarify, revise, or correct any

18   or all responses to such requests, and to assert additional objections or privileges, in one

19   or more subsequent supplemental response(s) in accordance with the time period for

20   exchanging expert reports set by the Court.  See Procter & Gamble Co. v. Haugen, 427

21   F.3d 727 (10th Cir. 2005), which limits a litigant's duties to produce data owned by

22   somebody else.  See also FRCP 26, 34(a) and 703.

23        9.    Objection is made to the interrogatories to the extent that it seeks the

24   identity, mental impressions, opinions, and/or documents or tangible things containing

25   such information of consulting experts either informally consulted or specially retained

26   in anticipation of litigation or preparation for trial that were not reviewed by a testifying

27   expert witness.  See Procter & Gamble Co. v. Haugen, 427 F.3d 727 (10th Cir. 2005),

28

PLAINTIFF'S SUPPLEMENTAL RESPONSE TO CONACO, LLC'S FIRST SET OF INTERROGATORIES

1   which limits a litigant's duties to produce data owned by somebody else.  See also

2   FRCP 26, 34(a) and 703.

3        10.    Objection is made to the interrogatories to the extent that the discovery

4   sought is unreasonably cumulative or duplicative.

5        11.    Objection is made to the interrogatories to the extent the discovery sought

6   is obtainable from some other source that is more convenient, less burdensome, or less

7   expensive.  See 5 CFR 1201.72.

8        12.    Plaintiff incorporates by reference every general objection set forth above

9   into each specific response set forth below.  A specific response may repeat a general

10  objection for emphasis or some other reason.  The failure to include any general

11  objection in any specific response does not waive any general objection to that request.

12       13.    Plaintiff reserves the right to amend a prior response to an interrogatory if

13  Plaintiff learns that the response is, in some material respect, incomplete or incorrect

14  and if the additional or corrective information has not otherwise been made known to

15  other parties during the discovery process or in writing.

16  **INTERROGATORY NO. 1:**

17  Separately, for each of the JOKES AT ISSUE, identify the time, date, and forum for

18  every instance of publication.

19  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

20       1.    Respondent posted it to his personal blog on January 14, 2015 at 4:14 pm.

21       2.    Respondent posted it to his: (1) Twitter account on February 3, 2015 at

22  8:49 am and (2) personal blog on February 3, 2015 at 9:02 am.

23       3.    Respondent posted it to his: (1) Twitter account on February 17, 2015 at

24  7:21 am; (2) his personal blog on February 17, 2015 at 11:20 am; and (3) Facebook

25  page on February 17, 2015 at 4:31 pm.

26       4.    Respondent posted it on his: (1) Twitter account on June 9, 2015 at 1:31

27  pm; and (2) his personal blog on June 9, 2015 at 11:05 am.

28  **INTERROGATORY NO. 2:**

Separately, for each of the JOKES AT ISSUE, identify the original and unique components YOU believe DEFENDANTS have unlawfully copied.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Without waiving Respondent's previous objections, Respondent responds as follows:

For each joke, Respondent believes that the punch line was original and unique. Respondent also believes the entire joke, meaning the combination of the premise and punch line was original and unique.

**INTERROGATORY NO. 3:**

For each of the JOKES AT ISSUE, describe in detail YOUR conception, development, creation, and authorship.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

Respondent objects to this Interrogatory on the basis that the question is compound and vague and ambiguous as to the term "conception", "development", "creation" and "authorship".  Without waiving said objections, Respondent responds:

1.     Watched Conan show and wanted to see if he could come up with a similar joke because Respondent liked the first joke so much.

2.     Respondent came up with joke after reading an article that Tom Brady planned to give Malcolm Butler the MVP Chevy truck following the Super Bowl in 2015.

3.     Respondent came up with the joke after reading an article about reconstruction and preservation of the Washington Monument and that it was professionally measured shorter than previously reported, leading to a phallic joke.

4.     Respondent came up with the joke after reading about Caitlyn Jenner's Malibu crash and articles relating to Caitlin Jenner.  Respondent was reading this while in his home.

**INTERROGATORY NO. 4:**

1  For each of the JOKES AT ISSUE, state all facts relating to YOUR independent

2  creation thereof, including specific details sufficient to identify the websites and/or

3  other news and information sources you visited that provided the content to which each

4  of the JOKES AT ISSUE relate.

5  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

6  Respondent refers to and incorporates by reference its General Objections as though set

7  forth in full herein.  Respondent further objects to this Request to the extent it purports

8  to require the identification of documents from sources that are not reasonably

9  accessible because of undue burden.  Without waiving said objections, Respondent

10  responds: Respondent came up with the jokes after hearing about certain subjects in the

11  news.  Respondent does not recall specific websites or news sources, but is informed an

12  and believes the sources were online.  Discovery is continuing as to specific information

13  sources.

14  **INTERROGATORY NO. 7:**

15  State all facts establishing a chain of events linking the JOKES AT ISSUE and

16  DEFENDANTS' access thereof.

17  **RESPONSE TO INTERROGATORY NO. 7:**

18  Respondent publishes his work in on the Internet without any restrictions to access.

19  Anyone, including DEFENDANTS and employees of the DEFENDANTS may access

20  his content using a web browser.

21  **INTERROGATORY NO. 8:**

22  State all facts establishing the JOKES AT ISSUE have been widely disseminated.

23  **RESPONSE TO INTERROGATORY NO. 8:**

24  Respondent publishes his work in on the Internet without any restrictions to access.

25  Anyone, including DEFENDANTS and employees of the DEFENDANTS may access

26  his content using a web browser.

27  **INTERROGATORY NO. 10:**

28

1  Identify every instance within the last five years in which YOU have submitted YOUR

2  alleged original content to a television show, web or print publication, or other media

3  entity either for compensation or consideration for an employment position.

4  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

5  Respondent refers to and incorporates by reference its General Objections as though set

6  forth in full herein.  Respondent further objects to this Request to the extent it seeks

7  information, which is not relevant to any party's claim or defense and is not reasonably

8  calculated to lead to the discovery of relevant, admissible evidence.  Respondent further

9  objects that this question seeks information that is private and confidential and may

10  violate the privacy rights as to the third parties who accepted submissions.   Without

11  waiving said Objections.  Respondent will provide a separate document for Attorney's

12  Eyes Only.

13  **INTERROGATORY NO. 11:**

14  Identify every instance within the last five years in which YOU have sold any of YOUR

15  original content and identify the original content YOU sold.

16  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:**

17  Respondent refers to and incorporates by reference its General Objections as though set

18  forth in full herein.  Respondent further objects to this Request to the extent it seeks

19  information, which is not relevant to any party's claim or defense and is not reasonably

20  calculated to lead to the discovery of relevant, admissible evidence.  Respondent further

21  objects that this question seeks information that is private and confidential and my

22  violate the privacy rights as to the third parties who accepted submissions.   Respondent

23  will provide a separate document for Attorney's Eyes Only.

24  **INTERROGATORY NO. 12:**

25  Separately, for each instance identified in YOUR response to Interrogatory No. 11,

26  identify the contact information for each purchaser, including name, address, phone

27  number and email address and the amount of compensation YOU received.

28  **RESPONSE TO INTERROGATORY NO. 12:**

Respondent refers to and incorporates by reference its General Objections as though set forth in full herein.  Respondent further objects to this Request to the extent it seeks information, which is not relevant to any party's claim or defense and is not reasonably calculated to lead to the discovery of relevant, admissible evidence.  Respondent further objects that this question seeks information that is private and confidential and my violate the privacy rights or trade secrets of the third parties who accepted submissions.

Date: ___C/1/216___          By: _____

                              JAYSON M. LORENZO
                              Attorney for Plaintiff

9

# Exhibit H

Jayson M. Lorenzo, Esq. SBN 216973
jmlorenzo.esq@gmail.com
Attorney at Law
2794 Gateway Road, Suite 116
Carlsbad, CA 92009
Tel. (760) 517-6646
Fax (760) 520-7900

Attorney for Plaintiff
ROBERT ALEXANDER KASEBERG

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG, | Case No. 15-CV-01637-JLS-DHB |
| Plaintiff, | |
| vs. | **PLAINTIFF'S SUPPLEMENTAL RESPONSE TO CONACO, LLC'S FIRST SET OF REQUESTS FOR ADMISSIONS** |
| CONACO, LLC; TURNER BROADCASTING SYSTEM; TIME WARNER, INC.; CONAN O'BRIEN; JEFF ROSS; MIKE SWEENEY; DOES 1 – 10, inclusive, | |
| Defendants. | |

PROPOUNDING PARTY:     CONACO, LLC

RESPONDING PARTY:      ROBERT ALEXANDER KASEBERG

SET NO.:               ONE

PLAINTIFF'S SUPPLEMENTAL RESPONSE TO CONACO, LLC'S FIRST SET OF REQUESTS FOR ADMISSIONS

1    Plaintiff Robert Alexander Kaseberg, by and through his attorney, and pursuant to

2  Federal Rules of Civil Procedure 26 and 34 and the Local Rules of this Court, responds

3  and objects to Defendant Conaco, LLC's ("Conaco") Requests for Admissions as

4  follows:

**PRELIMINARY STATEMENT**

6    1.    Plaintiff's investigation and development of all facts and circumstances

7  relating to this action is ongoing.  These responses and objections are made without

8  prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents

9  at trial.

10    2.    By making the accompanying responses and objections, Plaintiff does not

11  waive, and hereby expressly reserves, his right to assert any and all objections as to the

12  admissibility of such responses into evidence in this action, or in any other proceedings,

13  on any and all grounds including, but not limited to, competency, relevancy, materiality,

14  and privilege.  Further, Plaintiff makes the responses and objections herein without in

15  any way implying that he considers the requests and responses to the requests  to be

16  relevant or material to the subject matter of this action.

17    3.    Plaintiff expressly reserves the right to supplement, clarify, revise, or

18  correct any or all of the responses and objections herein, and to assert additional

19  objections or privileges, in one or more subsequent supplemental response(s).

**GENERAL RESPONSES AND OBJECTIONS**

21    1.    Plaintiff objects to each instruction, definition, document request, and

22  requests for admissions to the extent that it purports to impose any requirement or

23  discovery obligation greater than or different from those under the Federal Rules of

24  Civil Procedure and the applicable Rules and Orders of the Court.

25    2.    Objection is made to the requests for admissions to the extent the proposed

26  requests for admissions is not relevant to the subject matter of the lawsuit and will not

27  lead to the discovery of admissible evidence or the proposed discovery goes beyond the

28

1    subject matter of the case and reasonable expectations of obtaining information that will

2    aid resolution of the dispute.

3         3.      Objection is made to the requests for admissions to the extent the request

4    would require the responding party to create a document not in existence.  A party is not

5    required to produce a document or tangible thing unless it is within the person's

6    possession, custody or control.  A document that does not exist is not within a party's

7    "possession, custody, or control."  The only exception to the rule involves the factual

8    observations, tests, or supporting data of a testifying expert.  See Procter & Gamble Co.

9    v. Haugen, 427 F.3d 727 (10th Cir. 2005), which limits a litigant's duties to produce

10   data owned by somebody else.  See also Federal Rules of Civil Procedure 26, 34(a) and

11   703.

12        4.      Objection is made to each request for admission that is overly broad,

13   unduly burdensome, or not reasonably calculated to lead to the discovery of admissible

14   evidence.

15        5.      Objection is made to each request for admission to the extent that it calls

16   for production of a privilege log for internal documents of Plaintiff.  A request for such

17   a log is unreasonable and unduly burdensome in light of the work product doctrine,

18   governmental deliberative process privilege, and other privileges protecting such

19   internal documents from discovery.

20        6.      Objection is made to each instruction, definition, document request, and

21   request for admission to the extent that it seeks documents protected from disclosure by

22   the attorney-client privilege, deliberative process privilege, attorney work-product

23   doctrine, or any other applicable privilege.  Should any such disclosure by Plaintiff

24   occur, it is inadvertent and shall not constitute a waiver of any privilege.

25        7.      Objection is made to each instruction, definition, document request, and

26   request for admission as overbroad and unduly burdensome to the extent it seeks

27   documents or information that are readily or more accessible to Defendant from

28   Defendant's own files, from documents or information in Defendant's possession, or

PLAINTIFF'S SUPPLEMENTAL RESPONSE TO CONACO, LLC'S FIRST SET OF REQUESTS FOR ADMISSIONS

from documents or information that Defendant previously produced to Plaintiff. Responding to such requests and interrogatory would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests and interrogatory is substantially the same or less for Defendant as for Plaintiff.

8.    Objection is made to Defendant's requests for admission that call for the production of documents and information that were produced to the Plaintiff by other entities and that may contain confidential, proprietary, or trade secret information.

9.    Objection is made to the extent any of Defendant's requests for admission seeks documents or answers that include expert material, including but not limited to receipts, photos or claim documents, Plaintiff objects to any such requests and interrogatory as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.  See Procter & Gamble Co. v. Haugen, 427 F.3d 727 (10th Cir. 2005), which limits a litigant's duties to produce data owned by somebody else.  See also FRCP 26, 34(a) and 703.

10.    Objection is made to the requests for admission to the extent that it seeks the identity, mental impressions, opinions, and/or documents or tangible things containing such information of consulting experts either informally consulted or specially retained in anticipation of litigation or preparation for trial that were not reviewed by a testifying expert witness.  See Procter & Gamble Co. v. Haugen, 427 F.3d 727 (10th Cir. 2005), which limits a litigant's duties to produce data owned by somebody else.  See also FRCP 26, 34(a) and 703.

11.    Objection is made to the request for admission to the extent that the discovery sought is unreasonably cumulative or duplicative.

1    12.    Objection is made to the request for admission to the extent the discovery

2    sought is obtainable from some other source that is more convenient, less burdensome,

3    or less expensive.  See 5 CFR 1201.72.

4    13.    Plaintiff incorporates by reference every general objection set forth above

5    into each specific response set forth below.  A specific response may repeat a general

6    objection for emphasis or some other reason.  The failure to include any general

7    objection in any specific response does not waive any general objection to that request.

8    **ADMISSION NO. 2:**

9    Admit that JOKE #1 is not identical to DEFENDANTS' JOKE #1.

10   **SUPPLEMENTAL RESPONSE TO ADMISSION NO. 2:**

11   Respondent refers to and incorporates by reference its General Objections as though set

12   forth in full herein.  Respondent further objects to this Request on the grounds that it is

13   vague and ambiguous as to "identical" and the response calls for a legal conclusion.

14   Without waiving said objections Respondent Denies and is not denying on the basis of

15   the objections.

16   **ADMISSION NO. 3:**

17   Admit that JOKE #2 is not identical to DEFENDANTS' JOKE #2.

18   **SUPPLEMENTAL RESPONSE TO ADMISSION NO. 3:**

19   Respondent refers to and incorporates by reference its General Objections as though set

20   forth in full herein.  Respondent further objects to this Request on the grounds that it is

21   vague and ambiguous as to "identical" and the response calls for a legal conclusion.

22   Without waiving said objections Respondent Denies and is not denying on the basis of

23   the objections.

24   **ADMISSION NO. 4:**

25   Admit that JOKE #3 is not identical to DEFENDANTS' JOKE #3.

26   **SUPPLEMENTAL RESPONSE TO ADMISSION NO. 4:**

27   Respondent refers to and incorporates by reference its General Objections as though set

28   forth in full herein.  Respondent further objects to this Request on the grounds that it is

1  vague and ambiguous as to "identical" and the response calls for a legal conclusion.

2  Without waiving said objections Respondent Denies and is not denying on the basis of

3  the objections.

4  **ADMISSION NO. 5:**

5  Admit that JOKE #4 is not identical to DEFENDANTS' JOKE #4.

6  **SUPPLEMENTAL RESPONSE TO ADMISSION NO. 5:**

7  Respondent refers to and incorporates by reference its General Objections as though set

8  forth in full herein.  Respondent further objects to this Request on the grounds that it is

9  vague and ambiguous as to "identical" and the response calls for a legal conclusion.

10  Without waiving said objections Respondent Denies and is not denying on the basis of

11  the objections.

12  **ADMISSION NO. 6:**

13  Admit that the only evidence YOU have of DEFENDANTS' access to the JOKES AT

14  ISSUE prior to DEFENDANTS' alleged infringement is YOUR publication of the

15  JOKES AT ISSUE on your TWITTER ACCOUNT, PERSONAL ONLINE BLOG, or

16  FACEBOOK PAGE.

17  **SUPPLEMENTAL RESPONSE TO ADMISSION NO. 6:**

18  Respondent refers to and incorporates by reference its General Objections as though set

19  forth in full herein.  Respondent further objects to this Request on the grounds that it is

20  compound, vague and ambiguous and that Respondent cannot provide an intelligible

21  response with speculation.  Without waiving said objections Respondent Denies

22  Without waiving said objections Respondent Denies on the basis that he has a

23  recollection of someone on the Conan show following Respondent on twitter at some

24  point in time.

25  **ADMISSION NO. 7:**

26  Admit that YOU are not aware of any DEFENDANT following or viewing your

27  PERSONAL ONLINE BLOG, TWITTER ACCOUNT, or FACEBOOK PAGE prior to

28  February 4, 2015.

PLAINTIFF'S SUPPLEMENTAL RESPONSE TO CONACO, LLC'S FIRST SET OF REQUESTS FOR ADMISSIONS

1    **SUPPLEMENTAL RESPONSE TO ADMISSION NO. 7:**

2    Respondent refers to and incorporates by reference its General Objections as though set

3    forth in full herein.  Respondent further objects to this Request on the grounds that it is

4    compound and that discovery is continuing.  Without waiving said objections

5    Respondent Denies on the basis that he has a recollection of someone on the Conan

6    show following Respondent on twitter at some point in time.

7    **ADMISSION NO. 8:**

8    Admit that each and every one of the JOKES AT ISSUE utilizes a standard, two-line,

9    setup-punchline formula, in which the setup conveys a factual recitation of a then-

10    current event or news story, and the punchline conveys a humorous take on the

11    aforementioned current event or news story.

12    **SUPPLEMENTAL RESPONSE TO ADMISSION NO. 8:**

13    Respondent refers to and incorporates by reference its General Objections as though set

14    forth in full herein.  Respondent further objects to this Request on the grounds that it is

15    compound and that it is vague and ambiguous as to the terms "standard",  "setup"

16    and "humorous take".   Respondent cannot provide an intelligible response with

17    speculating at to the meaning of the terms. Without waiving said objections Respondent

18    Denies the Admission as a whole but admits the JOKES AT ISSUE contain a setup and

19    a punchline.

20    **ADMISSION NO. 9:**

21    Admit that you are aware of numerous third-parties publishing jokes concerning the

22    same factual then-current events or news stories, and conveying a similar punchline as

23    the JOKES AT ISSUE.

24    **SUPPLEMENTAL RESPONSE TO ADMISSION NO. 9:**

25    Respondent refers to and incorporates by reference its General Objections as though set

26    forth in full herein.  Respondent further objects to this Request on the grounds that it

27    seeks irrelevant information to the issues in this proceeding and is not reasonably

28    calculated to lead to the discovery of admissible evidence and that the request is vague

1  and ambiguous as to time and scope.  Without waiving said objections Respondent

2  Denies and is not denying on the basis of the objections.

3

4

5  Date: _____        By:_____

6                                          JAYSON M. LORENZO
                                           Attorney for Plaintiff
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit I

Jayson M. Lorenzo, Esq. SBN 216973
jmlorenzo.esq@gmail.com
Attorney at Law
2794 Gateway Road, Suite 116
Carlsbad, CA 92009
Tel. (760) 517-6646
Fax (760) 520-7900

Attorney for Plaintiff
ROBERT ALEXANDER KASEBERG

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

ROBERT ALEXANDER KASEBERG, ) Case No. 15-CV-01637-JLS-DHB
                                                                )
                                                                )
                                                                )
                        Plaintiff,                              )
                                                                )
        vs.                                                     ) **PLAINTIFF'S SUPPLEMENTAL**
                                                                ) **RESPONSE TO CONACO, LLC'S**
                                                                ) **FIRST SET OF INTERROGATORIES**
                                                                )
CONACO, LLC; TURNER                                             )
BROADCASTING SYSTEM; TIME                                       )
WARNER, INC.; CONAN O'BRIEN;                                    )
JEFF ROSS; MIKE SWEENEY; DOES 1                                 )
– 10, inclusive,                                                )
                                                                )
                        Defendants.                             )
                                                                )

PROPOUNDING PARTY:     CONACO, LLC

RESPONDING PARTY:      ROBERT ALEXANDER KASEBERG

SET NO.:               ONE

1   Plaintiff Robert Alexander Kaseberg, by and through his attorney, and pursuant to

2   Federal Rules of Civil Procedure 26 and 34 and the Local Rules of this Court, responds

3   and objects to Defendant Conaco, LLC's ("Conaco") First Set of Interrogatories as

4   follows:

### PRELIMINARY STATEMENT

5   

6   1.   Plaintiff's investigation and development of all facts and circumstances

7   relating to this action is ongoing. These responses and objections are made without

8   prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents

9   at trial.

10   2.   By making the accompanying responses and objections to Defendant's

11   requests for documents and interrogatory, Plaintiff does not waive, and hereby expressly

12   reserves, his right to assert any and all objections as to the admissibility of such

13   responses into evidence in this action, or in any other proceedings, on any and all

14   grounds including, but not limited to, competency, relevancy, materiality, and privilege.

15   Further, Plaintiff makes the responses and objections herein without in any way

16   implying that he considers the requests and interrogatory, and responses to the requests

17   and interrogatory, to be relevant or material to the subject matter of this action.

18   3.   Plaintiff will produce responsive documents only to the extent that such

19   documents are in the possession, custody, or his control as set forth in the Federal Rules

20   of Civil Procedure. Plaintiff's possession, custody, or control does not include any

21   constructive possession that may be conferred by Plaintiff's right or power to compel

22   the production of documents or information from third parties.

23   4.   A response to a document request or interrogatory stating that objections

24   and/or indicating that documents will be produced shall not be deemed or construed that

25   there are, in fact, responsive documents, that Plaintiff performed any of the acts

26   described in the document request, interrogatory, or definitions and/or instructions

27   applicable to the document request or interrogatory, or that Plaintiff acquiesces in the

28   characterization of the conduct or activities contained in the document request,

interrogatory, or definitions and/or instructions applicable to the document request or interrogatory.

5.      Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

6.      Plaintiff will make available for inspection at Plaintiff's attorney's offices responsive documents.  Alternatively, Plaintiff will produce copies of the documents.

7.      Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

## GENERAL RESPONSES AND OBJECTIONS

1.      Plaintiff objects to each instruction, definition, document request, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Objection is made to the interrogatories to the extent the proposed discovery is not relevant to the subject matter of the lawsuit and will not lead to the discovery of admissible evidence or the proposed discovery goes beyond the subject matter of the case and reasonable expectations of obtaining information that will aid resolution of the dispute.

3.      Objection is made to the interrogatories to the extent the request would require the responding party to create a document not in existence.

4.      Objection is made to each interrogatory that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

5.      Objection is made to each instruction, definition, document request, and interrogatory to the extent that it seeks documents protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work-product doctrine,

or any other applicable privilege.  Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

6.      Objection is made to each instruction, definition, document request, and interrogatory as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Defendant from Defendant's own files, from documents or information in Defendant's possession, or from documents or information that Defendant previously produced to Plaintiff.  Responding to such requests and interrogatory would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests and interrogatory is substantially the same or less for Defendant as for Plaintiff.

7.      Objection is made to Defendant's interrogatories that call for the production of documents or information that were produced to the Plaintiff by other entities and that may contain confidential, proprietary, or trade secret information.

8.      Objection is made to the extent any of Defendant's interrogatories seek documents or answers that include expert material, including but not limited to receipts, photos or claim documents, Plaintiff objects to any such requests and interrogatory as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.  See Procter & Gamble Co. v. Haugen, 427 F.3d 727 (10th Cir. 2005), which limits a litigant's duties to produce data owned by somebody else.  See also FRCP 26, 34(a) and 703.

9.      Objection is made to the interrogatories to the extent that it seeks the identity, mental impressions, opinions, and/or documents or tangible things containing such information of consulting experts either informally consulted or specially retained in anticipation of litigation or preparation for trial that were not reviewed by a testifying expert witness.  See Procter & Gamble Co. v. Haugen, 427 F.3d 727 (10th Cir. 2005),

1  which limits a litigant's duties to produce data owned by somebody else.  See also

2  FRCP 26, 34(a) and 703.

3       10.   Objection is made to the interrogatories to the extent that the discovery

4  sought is unreasonably cumulative or duplicative.

5       11.   Objection is made to the interrogatories to the extent the discovery sought

6  is obtainable from some other source that is more convenient, less burdensome, or less

7  expensive.  See 5 CFR 1201.72.

8       12.   Plaintiff incorporates by reference every general objection set forth above

9  into each specific response set forth below.  A specific response may repeat a general

10  objection for emphasis or some other reason.  The failure to include any general

11  objection in any specific response does not waive any general objection to that request.

12       13.   Plaintiff reserves the right to amend a prior response to an interrogatory if

13  Plaintiff learns that the response is, in some material respect, incomplete or incorrect

14  and if the additional or corrective information has not otherwise been made known to

15  other parties during the discovery process or in writing.

16  **INTERROGATORY NO. 15:**

17  State all facts that support YOUR Copyright Infringement claim against

18  DEFENDANTS, as alleged in the COMPLAINT.

19  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

20  Respondent refers to and incorporates by reference its General Objections as though set

21  forth in full herein.  Respondent further objects to this Interrogatory on the basis that it

22  is overbroad, vague and ambiguous  and is already contained in Respondent's complaint.

23  Without waiving said objections Respondent responds as follows:  On January 14, 2015,

24  Plaintiff published a joke on this personal online blog.  Later that same day a

25  substantially similar joke appeared on the "Conan" show monologue.  On February 3,

26  2015, Respondent published another joke on his personal online blog and Twitter.com

27  account.  The next day a substantially similar joke appeared on the "Conan" show

28  monologue.  On February 17, 2015, Respondent published another joke on his personal

online blog and Twitter.com account, again later that same day a substantially similar joke appeared on the "Conan" show monologue.  On  June 9, 2015, Plaintiff published the another joke his personal online blog and Twitter.com account.  Later that same day, a substantially similar joke appeared on the "Conan" show monologue.  Respondent publishes his work in on the Internet without any restrictions to access.  Anyone, including DEFENDANTS and employees of the DEFENDANTS may access his content using a web browser.

**INTERROGATORY NO. 16:**

State all facts relating to YOUR contention in paragraph 29 of the COMPLAINT that DEFENDANTS' "infringement has been willful or deliberate."

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 16:**

Respondent refers to and incorporates by reference its General Objections as though set forth in full herein.  Respondent further objects to this Interrogatory on the basis that it is overbroad, vague and ambiguous  and is already contained in Respondent's complaint. Without waiving said objections Respondent responds as follows:  On January 14, 2015, Plaintiff published a joke on this personal online blog.  Later that same day a substantially similar joke appeared on the "Conan" show monologue.  On February 3, 2015, Respondent published another joke on his personal online blog and Twitter.com account.  The next day a substantially similar joke appeared on the "Conan" show monologue.  On February 17, 2015, Respondent published another joke on his personal online blog and Twitter.com account, again later that same day a substantially similar joke appeared on the "Conan" show monologue.  On  June 9, 2015, Plaintiff published the another joke his personal online blog and Twitter.com account.  Later that same day, a substantially similar joke appeared on the "Conan" show monologue.  Respondent publishes his work in on the Internet without any restrictions to access.  Anyone, including DEFENDANTS and employees of the DEFENDANTS may access his content using a web browser.

1

2    Date: June 8, 2016                    By: _*/s/ jayson m. lorenzo*_____

3                                              JAYSON M. LORENZO
                                               Attorney for Plaintiff
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S SUPPLEMENTAL RESPONSE TO CONACO, LLC'S FIRST SET OF INTERROGATORIES

# Exhibit J

| | |
|---|---|
| **From:** | Jayson Lorenzo <jmlorenzo.esq@gmail.com> |
| **Sent:** | Wednesday, June 1, 2016 6:23 PM |
| **To:** | Erica Van Loon; Nick Huskins; Lorie Mallari |
| **Subject:** | Kaseberg v. Conaco, et al. |
| **Attachments:** | proof of service 06.01.2016.pdf; supp document production 06.01.2016.pdf; supp rfa response 06.01.2016.pdf; supp rogs response 06.01.2016.pdf |

Nick,

Please see attached supplemental responses as well as documents my client was able to locate responsive to your RFPs.  The production does not include information we believe to be equally available online such as his entire blog page and twitter account which has nearly everything he has published.  He has not been able to locate at this time any other documents that would be responsive to your requests.  Additionally, documents were already provided in initial disclosures which are not included.

Additionally, my client has provided a list response to your Interrogatories 10-12.  The information is for attorneys eyes only because my client believes they contain confidential and trade secret information of a third party.  Since we don't have a signed protective order can you confirm for me your agreement related to confidential or trade secret information before we agree to produce that information to you.

Jayson M. Lorenzo, Esq.
L.L.M. with Concentration in Intellectual Property

2794 Gateway Road, Suite 116
Carlsbad, CA 92009
760-517-6646
jmlorenzo.esq@gmail.com

# Exhibit K

[search box]   G+1  1          More    Next Blog»                    Create Blog    Sign In

# A LITTLE BIT BAD. COMEDY WRITER ALEX KASEBERG

HERE WE USE ONLY SUSTAINABLE, ORGANIC AND GLUTEN-FREE SEASONAL JOKES. COMEDY, SATIRE, SPORTS, EDITOR AND OCCASIONAL COOKING TIPS WRITER, ALEX KASEBERG. E-MAIL TO - OR IF YOU NEED TO HIRE A COMEDY WRITER - ALEX.KASEBERG@GMAIL.COM

**THURSDAY, FEBRUARY 19, 2015**



This is Mike Sweeney, the head writer at "Conan" and the guy who yelled at me.

My Three Jokes on "Conan."

I'm a comedy writer and I've contributed jokes as a freelance writer to "The Tonight Show with Jay Leno" for over 20 years. Cut my teeth on O.J. Simpson jokes.

This week, the most disappointing thing in my comedy writing career happened to me.

**PREVIOUS POSTS**

Hello, Conan O'Brien writers.  A female beagle...

Ohhhhgaaaaahhhhddaaaaaaaamnfriggin'baaaaaa

Gordon Lightfoot - If You Could Read My Mind

Kanye West's ex,Amber Rose, tweeted that Kim Karda...

<!--[if gte mso 9]> 0 0 1 22 126 A Little ...

"50 Shades ofGrey" opened with $94 million. It bro...

Butch Cassidy & The Sundance Kid

Tumbling Dice ~ The Rolling Stones

Dave's party was on a night just like this Dave...

<!--[if gte mso 9]> 0 0 1 25 147 A Little B...



CONACO_000019

Somewhere around January 12th, Conan O'Brien (I am a huge fan) told a joke on "Conan" I loved;

"A Delta flight from Cleveland to New York took off with only two passengers. And they still managed to lose their luggage."

That is a great joke and I wanted to use that story/premise to write one like it. On January 14th, 2015, I posted this joke on this blog, Thordoggie.blogspot.com;

"A Delta flight from Cleveland to New York took off with only two passengers. And they wrestled for control of the armrest the entire flight."

That joke, word-for-word, was on Conan's monologue the next day on January 15th.

My immediate reaction was they stole my joke. But then I remembered that, although the odds are slight of somebody also picking an armrest struggle for a joke, I decided maybe it was a coincidence. Conan and his staff did not seem to me to be the type to steal jokes.

Until Feb. 3rd when I wrote and posted this joke on my blog at 9:02 am and on Twitter;

"Tom Brady has decided to give his Super Bowl MVP truck to the man who won the game for the Patriots. So enjoy that truck Pete Carroll."

Again, like my armrest joke, the very same joke appeared the next day, Feb. 4th, on Conan's monologue almost exactly word for word. Conan said; "So they gave the truck to Pete Carroll."

Now I am certain my jokes are being used. So I leave a message with Conan's head writer, Mike Sweeney. He

did not call me back, but they were filming in Cuba for four days.

Then on Tuesday 11:20 am Feb. 17th, I posted this joke on my blog;

"It turns out the Washington Monument is ten inches shorter than previously thought. You know it has been a cold winter when even a monument has shrinkage."

This time the joke on my blog appeared on Conan's monologue that night, six hours later. Again almost word-for-word.

(Yes, it is a penis joke, which is exactly what Conan said afterwards)

This time, the next day on the 18th, Wednesday morning, I am calling Mike Sweeney back with a vengeance. Two times there is an impossibly slight possibility of a joke-writing coincidence, three times there is no possibility of a coincidence. And always used on the monologue one day or, in the case of the third time, six hours after it appeared on my blog and or Twitter.

The purpose of my call was not to cause trouble, but to suggest that if I was writing jokes so similar (in fact the exact same) to theirs, I should be contributing jokes to the show.

I swear that was all I wanted.

To my delight, they put my Wednesday 9:30 am call right through to Mike Sweeney, the head writer for "Conan."

That was the end of the good news.

For what seemed like 15 agonizing minutes, Mike Sweeney, the head writer of "Conan," angrily and loudly

CONACO_000021

denied those were my jokes. He was furious that I was accusing them of stealing jokes, but most of all he was incensed that I would suggest his writers would have anything to do with my pathetic blog and it's author, me, a no-name failure.

At one point Mike Sweeney said, after he got my message, he went on my blog and he saw the jokes, but they were not the jokes used for "Conan."

(It was almost impossible to get a word in sideways, that is how agitated Mike Sweeney was)

In my defense, I told Sweeney I had contributed to Jay Leno for over 20 years, and many other TV and radio shows. Over and over I tried to explain I did not want trouble, I just wanted to contribute jokes to their show. These three amazingly similar jokes, I thought, were a great example of our shared sensibilities.

"We don't have any openings," said Sweeney, "and why would I want to hire someone who accuses us of stealing jokes?"

Mike Sweeney implied I had heard jokes on TV and wrongly assumed they were mine. Like I was some crazy man whose thoughts were being stolen by a TV show.

To be told by anyone you're a failure as a comedy writer hurts. To be told you're a crazy failure by the head writer of one of your comedy idols is much worse. It is devastating.

When I called back and asked for Mike Sweeney's e-mail address, I was told they could not give it out, but if I gave them my e-mail, they assured me he would write me.

He never did.

CONACO_000022

Yes, I am embarrassed to admit, I was so angry, devastated and had so little to lose, I thought of litigating. But to what end? How much of a settlement would I get for three jokes? Why alienate the writers of what used to be one of my favorite shows?

In the back of my mind I hoped a Brian Williams-like in-house investigation would be launched inside "Conan" and I would be vindicated.

But that never happened.

My question is: who are the writers - or more likely, the writer - who took credit for my jokes?

The only consolation I can take from this horrifying violation is I wrote three jokes that were good enough to be on the monologue on "Conan." And they all got good laughs.

Since I cannot watch the show again – it is too painful – and I have lost respect for one of my comedy idols, that consolation will have to be enough.

In the end, getting three jokes nicked by "Conan" was sort of how I imagine having sex with Madonna would be:

Yes, I got screwed. But it was a lot more fun to tell people about than to experience.

(Follow me on Twitter @AlexKaseberg

POSTED BY ALEX AT 9:26 AM

--------------------------------------------------------------------------------

<< Home

CONACO_000023

# Exhibit L

1  PATRICIA L. GLASER – State Bar No. 55668
   pglaser@glaserweil.com
2  ERICA J. VAN LOON - State Bar No. 227712
   evanloon@glaserweil.com
3  NICHOLAS E. HUSKINS – State Bar No. 299133
   nhuskins@glaserweil.com
4  BRITTANY ELIAS - State Bar No. 305922
   belias@glaserweil.com
5  GLASER WEIL FINK HOWARD
     AVCHEN & SHAPIRO LLP
6  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
7  Telephone:  (310) 553-3000
   Facsimile:   (310) 556-2920
8  *Attorneys for Defendants*

9

10                    UNITED STATES DISTRICT COURT

11                  SOUTHERN DISTRICT OF CALIFORNIA

12  ROBERT ALEXANDER KASEBERG,        CASE NO.: 3:15-CV-01637-JLS-DHB

13              Plaintiff,            Hon. David H. Bartick

14      v.

15                                    **JOINT MOTION FOR
    CONACO, LLC, TURNER               DETERMINATION OF
16  BROADCASTING SYSTEM, TIME         DISCOVERY DISPUTE**
    WARNER, INC., CONAN O'BRIEN,
17  JEFF ROSS, MIKE SWEENEY; DOES
    1-50, inclusive,
18
              Defendants.
19

20

21

22

23

24

25

26

27

28

---

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**

# **TABLE OF CONTENTS**

Page

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES ............. 1

I.      RELEVANT BACKGROUND ........................................................... 1

II.     DISPUTED DISCOVERY RESPONSES .......................................... 2

    A.      INTERROGATORIES ............................................................ 2

        1.      Interrogatory No. 1 ..................................................... 2

        2.      Interrogatory No. 2 ..................................................... 3

        3.      Interrogatory Nos. 3 and 4 .......................................... 4

        4.      Interrogatory Nos. 7 and 8 .......................................... 6

        5.      Interrogatory Nos. 11 and 12 ...................................... 6

        6.      Interrogatory Nos. 15 and 16 ...................................... 7

    B.      REQUESTS FOR ADMISSION ............................................ 8

        1.      Requests for Admission Nos. 2-5 ................................ 9

        2.      Requests for Admission Nos. 6-7 ................................ 9

III.    CONCLUSION ............................................................................... 11

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES ................ 11

I.      RELEVANT BACKGROUND ........................................................ 11

II.     DISPUTED DISCOVERY RESPONSES ........................................ 13

    A.      INTERROGATORIES .......................................................... 13

        1.      Interrogatory No. 1 ................................................... 13

        2.      Interrogatory No. 2 ................................................... 13

        3.      Interrogatory Nos. 3 and 4 ........................................ 14

        4.      Interrogatory Nos. 7 and 8 ........................................ 15

        5.      Interrogatory Nos. 11and 12 ..................................... 16

        6.      Interrogatory Nos. 15 and 16 .................................... 17

    B.      REQUESTS FOR ADMISSION .......................................... 18

        1.      Requests for Admission Nos. 2-5 .............................. 18

        2.      Requests for Admission Nos. 6-7 .............................. 19

III.    CONCLUSION ............................................................................. 20

Glaser Weil

1157415

## TABLE OF AUTHORITIES

Page

### FEDERAL CASES

*Apple Computer, Inc. v. Microsoft Corp.*,
   35 F.3d 1435 (9th Cir. 1994) ............................................................... 4

*Bernal v. Paradigm Talent & Literary Agency*,
   788 F. Supp. 2d 1043 (C.D. Cal. 2010) .................................................. 3

*Brown Bag Software v. Sumantec Corp.*,
   960 F.2d 1465 (9th Cir. 1992) ............................................................. 17

*Coburn v. PN II, Inc.*,
   2008 WL 879746 (D. Nev. Mar. 28, 2008) .......................................... 10

*Feist Publications, Inc. v. Rural Tel. Serv. Co.*,
   499 U.S. 340 (1991) ............................................................................. 5

*Guerrero v. McClure*,
   2011 WL 4566130 (E.D. Cal. Sept. 29, 2011) ................................ 3, 6, 8

*Lefever v. Nicholson*,
   2012 WL 5406464 (D. Nev. Nov. 5, 2012) .......................................... 10

*Life Music, Inc. v. Broadcast Music, Inc.*,
   41 F.R.D. 16 (S.D.N.Y. 1966) .............................................................. 2

*Marchland v. Mercy Med. Ctr.*,
   22 F.3d 933 (9th Cir. 1994) .................................................................. 8

*McClellan v. Kern Cty. Sheriff's Office*,
   2015 WL 4598871 (E.D. Cal. July 28, 2015) .................................. 4, 6, 8

*Safeco of America v. Rawstron*,
   181 F.R.D. 441 (C.D. Cal. 1998) .......................................................... 8

*Three Boys Music Corp. v. Bolton*,
   212 F.3d 477 (9th Cir. 2000) ................................................................ 6

*United States ex rel. O'Connell v. Chapman University*,
   245 F.R.D. 646 (C.D. Cal. 2007) .................................................. 3, 6, 8

### FEDERAL STATUTES

17 U.S.C. § 504 ........................................................................................ 8

28 U.S.C. § 1927 .................................................................................... 11

**Glaser Weil**

ii

Fed. R. Civ. P. 26 .................................................................................................. 2

Fed. R. Civ. P. 26(a)(6) ........................................................................................ 8

Fed. R. Civ. P. 26(b) ............................................................................................. 2

Fed. R. Civ. P. 26(b)(1) ........................................................................................ 2

Fed. R. Civ. P. 26(c)(1)(G) ................................................................................ 16

Fed. R. Civ. P. 26(e) ........................................................................................... 10

Fed. R. Civ. P. 33(a)(2) ........................................................................................ 2

Fed. R. Civ. P. 36 .................................................................................................. 8

Fed. R. Civ. P. 37(a)(4) ........................................................................................ 2

## **STATE STATUTES**

C.D. Cal. Civ. Chambers' R. (IV)(A) ................................................................... 1

C.D. Cal. Civ. Chambers' R. (IV)(C) ................................................................... 1

C.D. Cal. L. R. 26.1.a .......................................................................................... 1

Glaser Weil

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JOINT DECLARATION OF COMPLIANCE WITH THE COURT'S MEET AND CONFER REQUIREMENT

Pursuant to Civil Chambers' Rule (IV)(C), Defendants Conaco, LLC, Turner Broadcasting System, Inc.; Time Warner Inc.; Conan O'Brien; Jeff Ross; and Mike Sweeney (collectively, "Defendants") and Plaintiff Robert Alexander Kaseberg ("Plaintiff" or "Kaseberg") submit this Joint Motion for Determination of Discovery Dispute to advise the Court of the parties' impasse concerning Defendant Conaco, LLC's ("Conaco") first set of discovery requests served on Plaintiff.  This motion is made following the conference of counsel pursuant to Civil Local Rule 26.1.a and Civil Chambers' Rule (IV)(A), which took place May 18, 2016.

## DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES

## I.      RELEVANT BACKGROUND

On March 24, 2016 Conaco served its First Set of Interrogatories ("Interrogatories") and First Set of Requests for Admission ("RFAs") to Plaintiff.  *See* Declaration of Nicholas Huskins ("Huskins Decl."), Exs. A-B.  Plaintiff served his objections and responses to each on April 25, 2016.  Huskins Decl., Exs. C-D.

On May 9, 2016, Defendants' counsel sent a letter to Plaintiff's counsel identifying several deficiencies in Plaintiff's discovery responses and requesting to meet and confer on the issues raised therein.  *Id.*, Ex. E.  The parties met and conferred on May 18, 2016.  *Id.*, ¶ 2.  Relevant to this motion, Plaintiff's counsel represented that Plaintiff would supplement deficient responses to Interrogatory Nos. 1-4, 7-8, 10-13, and 15-16, and all RFAs.  *Id*.  In follow-up correspondence, Plaintiff's counsel qualified this representation, offering only to "speak to [his] client and to the extent he can provide additional information the responses will be submitted."  *Id.*, Ex. F.  In the same correspondence, Plaintiff's counsel maintained that he could not agree to supplement any responses before June 1.  *Id*.

Given this Court's requirements for filing discovery motions, as articulated in Civil Chambers' Rules (IV)(C), Defendants could not agree to Plaintiff's proposal.

Glaser Weil

1   Should Plaintiff provide supplemental responses on June 1, Defendants would be left

2   with one day to review the supplemental responses and prepare their brief before the

3   deadline to exchange their portion of the joint statement with Plaintiff's counsel.

4   Thus, Defendants' counsel informed Plaintiff's counsel that Defendants would

5   proceed with a motion to compel on the unresolved discovery issues.  *Id*.  Of course,

6   Defendants will review any supplemental responses received by Defendants and

7   modify this motion, should such response moot any issues herein.

8        Defendants request assistance form the Court to ensure Plaintiff provides

9   adequate responses to the essential discovery propounded by Conaco.  As set forth

10  below, Defendants are entitled to the discovery sought, as it is relevant and necessary

11  to fairly defend against Plaintiff's copyright infringement claim.

12  **II.**    **DISPUTED DISCOVERY RESPONSES**

13       **A.**    **INTERROGATORIES**

14       Parties to a lawsuit may serve interrogatories seeking information regarding

15  any matter that can be inquired into under Rule 26(b)(1).  Fed. R. Civ. P. 33(a)(2).

16  Rule 26 allows parties to obtain "discovery regarding any matter, not privileged, that

17  is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b).  Responses

18  must by consistent with the underlying purpose of interrogatories, which is to secure

19  admissions, narrow the issues in a case, and obtain a party's contentions.  *See Life*

20  *Music, Inc. v. Broadcast Music, Inc.*, 41 F.R.D. 16 (S.D.N.Y. 1966).  A party may

21  move to compel further responses to interrogatories if the initial responses were

22  incomplete or evasive.  Fed. R. Civ. P. 37(a)(4).

23       All of Conaco's Interrogatories relate to threshold issues relevant to Plaintiff's

24  copyright infringement claim.  However, nearly all of Plaintiff's Interrogatory

25  responses are inadequate and must be supplemented, as individually discussed below.

26       **1.**    **Interrogatory No. 1**

27       Interrogatory No. 1 sought the time, date and forum for every instance in which

28  Plaintiff *published* the allegedly-infringed jokes (the "Jokes At Issue").  Huskins

Glaser Weil

Decl., Ex. A.  Plaintiff's complete response reads: "Each of Respondent's Jokes At Issue were *created* at home.  Respondent *creates* the jokes prior to publishing them on the internet." *Id.*, Ex. C.  This answer is inadequate, as it entirely fails to address Plaintiff's *publication* of the Jokes At Issue.

If Plaintiff failed to publish the jokes at issue prior to Defendants' independent creation, Plaintiff cannot demonstrate circumstantial or direct access to Plaintiff's purported copyrighted works.  Absent some evidence of access, Plaintiff's infringement claim fails.  *Bernal v. Paradigm Talent & Literary Agency,* 788 F. Supp. 2d 1043, 1052 (C.D. Cal. 2010) ("To prove copyright infringement, Plaintiff must show that Defendants copied protected elements of [the work] either through evidence of direct copying or through a showing that Defendants had 'access' to Plaintiff's copyrighted material and that the two works at issue are 'substantially similar.'") (internal citations omitted).  Thus, this information is highly relevant, and the Court should order Plaintiff to provide a complete and accurate response.

## 2.  <u>Interrogatory No. 2</u>

Interrogatory No. 2 asks Plaintiff to identify the original and unique components of each allegedly copyrighted joke that he believes Defendants unlawfully copied.  Huskins Decl., Ex. A.  Plaintiff responded only with an objection that "the question calls for a legal conclusion and the answer is set forth in Respondent's complaint." *Id.*, Ex., C.

First, general references to a complaint are an insufficient answer to an Interrogatory.  *See e.g., Guerrero v. McClure*, 2011 WL 4566130, at *6 (E.D. Cal. Sept. 29, 2011) (holding "responses merely referring to the allegations of [plaintiff's] complaint are insufficient" and ordering respondent to supplement responses); *United States ex rel. O'Connell v. Chapman University,* 245 F.R.D. 646, 650 (C.D. Cal. 2007) ("an interrogatory should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories"); *McClellan v. Kern Cty. Sheriff's Office*, 2015 WL 4598871, at *4 (E.D. Cal. July 28,

2015) (holding interrogatory responses that refer to Plaintiffs' Complaint insufficient and ordering respondent to supplement interrogatory responses).

Moreover, the identification of protectable aspects of the Jokes At Issue is central to Plaintiff's lone claim for copyright infringement.  Only the original and unique aspects of a work are protected by copyright.  *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1445 (9th Cir. 1994) ("As the Supreme Court recently made clear, protection extends only to those components of a work that are original to the author").  Through initial disclosures, Defendants presented significant evidence of numerous third-parties publishing substantially similar jokes to the Jokes At Issue.  Further, the Jokes At Issue are comprised of a factual set up based on a recent current event and a one-liner punchline, and do not appear to be protectable via copyright.  Plaintiff has failed to provide any information suitable to identify what aspect of the Jokes At Issue Plaintiff believes to be unique and original expression.  Thus, Defendants requests that this Court order Plaintiff to provide a complete, narrative response to Interrogatory No. 2 describing the allegedly protected material, and the basis for claiming such protection, to the extent any exists.

### 3.   <u>Interrogatory Nos. 3 and 4</u>

Interrogatory No. 3 asks Plaintiff to describe in detail his conception, development, creation and authorship for each of the jokes at issue.  Huskins Decl., Ex. A.  After asserting vague and ambiguous objections as to the terms "conception", "development" "creation" and "authorship", Plaintiff responded with a single, vague, and in some cases unintelligible sentence for each joke.  *Id*., Ex. C.  Each sentence amounted to nothing more than a statement that Plaintiff generally learned of the topical news item to which his joke related, and then created the Joke At Issue.  *Id*.

First, there is nothing vague or ambiguous about these terms.  They are common terms, with well understood meanings, particularly in the context of copyright.  Moreover, Conaco's First Set of Interrogatories contained an instruction that provided: "If YOU object to any meaning of any term in any interrogatory herein

as unclear to YOU, YOU shall assume a reasonable meaning, state what the assumed meaning is, and respond to the request according to the assumed meaning." *Id.*, Ex. A. Plaintiff made no attempt to comply with this instruction. Further, during the meet and confer, Plaintiff's counsel intimated that he understood what these common terms meant and would provide a sufficient supplemental response. *Id.*, ¶ 2.

Moreover, Plaintiff's response is plainly evasive and inadequate. The request asks Plaintiff to "describe in detail" his creation of the Jokes At Issue. *Id.* Objectively, his response fails to comply under any standard. At a minimum, Plaintiff's response should provide the joke's date of creation, the method of creation, and the news sources Plaintiff viewed in which he learned of the set-up topic. In fact, Conaco specifically sought the identification of the news sources and websites reviewed by Plaintiff in Interrogatory No. 4. *Id.* Plaintiff's response failed to identify any sources. Instead, Plaintiff objected on the grounds that the identification of such is unduly burdensome, and that discovery is ongoing. *Id.*, Ex. C.

Plaintiff's objections to Interrogatory No. 4 are meritless. Plaintiff should already know the website and/or television source he used to come up with the Jokes At Issue and this should have been produced as part of his initial disclosures. There is nothing burdensome about this basic, relevant information regarding Plaintiff's alleged creation of the Jokes At Issue. Further, Conaco's Interrogatories were served over two months ago. There is no justifiable reason for Plaintiff to delay his response any longer. Because the Jokes At Issue lead with a standard news story or headline, this information is relevant to the determination of how much, if any, of Plaintiff's Jokes At Issue are original to Plaintiff. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991) ("To qualify for copyright protection, a work must be original to the author."). Thus, this Court should require Plaintiff to supplement his responses to Interrogatory Nos. 3 and 4 to provide a complete response sufficient to identify the date created, the method of creation, and the news sources reviewed for each of the Jokes At Issue.

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**

15cv01637-JLS-DHB

**4.**     <u>**Interrogatory Nos. 7 and 8**</u>

Interrogatory No. 7 asks Plaintiff to state all facts establishing a chain of events linking the Jokes At Issue and Defendants' access thereof.  Huskins Decl., Ex. A. Interrogatory No. 8 asks Plaintiff to state all facts establishing the Jokes At Issue have been widely disseminated.  *Id.*  In response, Plaintiff objects to the terms "chain of events" and "widely disseminated" before again improperly referencing the Complaint.  *See Guerrero*, 2011 WL 4566130, at *6; *United States ex rel. O'Connell*, 245 F.R.D. at 650; *McClellan*, 2015 WL 4598871, at *4.  Plaintiff's answer provided no substantive, narrative response.  Huskins Decl., Ex. C.

The objected-to terms have clear meaning in a copyright context, which are relevant to analyzing Defendants' access in this case.  In the Ninth Circuit, "[c]ircumstantial evidence of reasonable access is proven in one of two ways: (1) a particular *chain of events* is established between the plaintiff's work and the defendant's access to that work…or (2) the plaintiff's work has been *widely disseminated*."  *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000) (emphasis added).  This is a copyright infringement action; Plaintiff's counsel should be aware of the controlling case law.  Nevertheless, Defendants' counsel provided this case law to Plaintiff's counsel to avoid any doubt as to meaning of the purportedly vague and ambiguous terms.  Huskins Decl., Ex. E.  Thus, Conaco requests that this Court order Plaintiff to provide complete, accurate, and narrative supplemental responses to these Interrogatories, applying the meaning to the purportedly ambiguous terms as understood by the Ninth Circuit in the *Three Boys* opinion.

**5.**     <u>**Interrogatory Nos. 11 and 12**</u>

Interrogatory No. 11 asks Plaintiff to identify every instance within the last five years in which Plaintiff has sold his original content, and to identify the content sold. Huskins Decl., Ex. A.  Interrogatory No. 12 asks Plaintiff to identify the compensation received from the instances identified in Interrogatory No. 11, and to identify the purchaser.  *Id.*

In response, Plaintiff asserted relevance and privacy objections, and failed to offer any substantive, narrative answer. *Id*., Ex. C. First, information concerning the purchase of Plaintiff's content is directly relevant to the quantification of potential damages at issue in this case. Plaintiff's infringement claim is based on the allegedly-infringing use of a single joke in the "Conan" show monologue. By his own admission, Plaintiff has sold jokes to late-night talk shows, including the Tonight Show with Jay Leno. Huskins Decl., Ex. G. The compensation Plaintiff received for the sale of a joke used in a late-night comedy show provides the most relevant indicator of the fair market value of the allegedly-infringed Jokes At Issue.

Additionally, to the extent Plaintiff objects to the Interrogatories on the grounds that they seek private, confidential information, this objection is disingenuous. During the meet and confer, Defendants' counsel offered to Plaintiff's counsel that to the extent the responses to these Interrogatories called for the disclosure of confidential information, it would be treated subject to the terms of the draft protective order presently being negotiated between the parties. Huskins Decl., ¶ 2. Notably, it is Plaintiff's counsel who disputes that non-public financial information should be treated as "Highly Confidential – Attorneys' Eyes Only" material in this case and who is forcing Defendants to bring a motion for entry of protective order on the sole basis that Plaintiff wants to see Defendants' financial information in this suit. *Id*. n.1. Plaintiff cannot, on the one hand, refuse to provide information because it supposedly "seeks private confidential information" and then refuse to enter into a standard protective order that would properly protect such information, simply to avoid complying with his discovery obligations.

Thus, Plaintiff's objections are meritless, and this Court should order Plaintiff to supplement his responses to provide sufficient information relating to the purchaser and compensation received for any content sold by Plaintiff.

### 6. <u>Interrogatory Nos. 15 and 16</u>

Interrogatory No. 15 asks for the factual basis and grounds for Plaintiff's

Glaser Weil

infringement claim. *Id.*, Ex. A. Interrogatory No. 16 asks Plaintiff to provide support for his contention that the alleged infringement was willful. *Id.* After incorporating by reference his General Objections, Plaintiff's response to each was the same: "Respondent further objects to this Interrogatory on the basis that it is overbroad, vague and ambiguous and is already contained in Respondent's complaint." *Id.*, Ex. C. Again, Plaintiff's response improperly references the Complaint and fails to provide any narrative response. *See Guerrero*, 2011 WL 4566130, at *6; *United States ex rel. O'Connell*, 245 F.R.D. at 650; *McClellan*, 2015 WL 4598871, at *4. And again, Plaintiff's counsel refused to agree to supplement this answer with a proper narrative response. Huskins Decl., Ex. F.

Moreover, under 17 U.S.C. § 504, willful infringement raises the potential statutory damages to $150,000 per work, as opposed to a maximum of $30,000 absent a showing of willfulness. Thus, this information is critical in assessing the potential damages in this case. As such, the Court should order Plaintiff to provide a complete, narrative response to these Interrogatories detailing the factual basis for the claims, allegations, and contentions advanced by Plaintiff in his Complaint.

**B.     REQUESTS FOR ADMISSION**

Requests for admission are designed to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial. *Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998). It is not grounds for objection that the request is ambiguous unless it is so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. *See Marchland v. Mercy Med. Ctr.*, 22 F.3d 933, 938 (9th Cir. 1994). The "requesting party may move to determine the sufficiency of an answer or objection." Fed. R. Civ. P. 26(a)(6).

In accordance with Rule 36, Conaco's RFAs simply attempt to establish material facts that will assist Defendants in framing their defense. In each and every response, Plaintiff objects to ordinary, everyday terms as "vague and ambiguous," and denies each RFA. During the meet and confer, Defendants' counsel sought clarity as

Glaser Weil

1   to whether Plaintiff's denials were based on its objections, or on the substance of the

2   Request.  Huskins Decl., ¶ 2.  Plaintiff's counsel agreed Plaintiff would supplement

3   all RFA responses to make this clear.  *Id.,* Ex. F.  To date, Plaintiff has not done so.

4   Nor has Plaintiff provided supplemental responses addressing the following

5   deficiencies raised during the parties' meet and confer.

6                    **1.      Requests for Admission Nos. 2-5**

7         RFA Nos. 2-5 ask for an admission from Plaintiff that the Jokes At Issue were

8   not identical to the corresponding joke told in the "Conan" show monologue (the

9   "Monologue Jokes").  *Id*., Ex. B.  Plaintiff objected to the requests on the grounds that

10  "identical" is vague and ambiguous, and the RFAs call for a legal conclusion.  *Id*., Ex.

11  D.  Setting aside the fact that there is nothing vague about the term "identical", like

12  the Interrogatories, Conaco's RFAs included an instruction that "If YOU object to

13  any meaning of any term in any Request herein as unclear to YOU, YOU shall

14  assume a reasonable meaning, state what the assumed meaning is, and respond to the

15  Request according to the assumed meaning."  *Id*., Ex. B.  Plaintiff's failure to comply

16  with this instruction notwithstanding, during the meet and confer and in follow-up

17  correspondence, Defendants' counsel made clear that Plaintiff should understand

18  "identical" to mean a word-for-word copy.  *Id.*, Ex. F.

19        Plaintiff's objection that the RFA calls for a legal conclusion is equally

20  baseless.  By any fair reading of this request, the RFA simply asks Plaintiff to admit

21  or deny a fact – not to draw any legal conclusions.  Plaintiff identifies no question of

22  law or legal conclusion sought in these RFAs.  Moreover, it is objectively clear that

23  the Jokes At Issue are not literal, word-for-word copies of Defendants' Monologue

24  Jokes.  Defendants seek an admission establishing that certainty to focus any future

25  infringement analysis.  Thus, Defendants ask that this Court require Plaintiff to

26  supplement his response, applying the commonly understood meaning of "identical."

27                    **2.      Requests for Admission Nos. 6-7**

28        Interrogatory No. 6 asks Plaintiff to "[s]tate all facts relating to Defendants'

9

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**

15cv01637-JLS-DHB

Glaser Weil

1   opportunity to view or copy the Jokes At Issue." *Id*., Ex. B.  In response, Plaintiff

2   answered "Respondent maintains a Facebook, twitter, and blog page that are all

3   publicly available and accessible." *Id*., Ex. D.  Plaintiff's counsel has confirmed this

4   is Plaintiff's complete response.  *Id.,* Ex. F.  However, RFA No. 6 asks Plaintiff to

5   "[a]dmit that the only evidence YOU have of Defendants' access to the Jokes At Issue

6   prior to Defendants' alleged infringement is YOUR publication of the Jokes At Issue

7   on your Twitter account, personal online blog, or Facebook page." *Id*., Ex. B.

8   Similarly, RFA No. 7 asks Plaintiff to "[a]dmit that YOU are not aware of any

9   Defendant following or viewing his online personal blog, Twitter account, or

10   Facebook page prior to February 4, 2015." *Id*.  Plaintiff denied each.  *Id*., Ex. D.

11       Plaintiff's responses to RFA Nos. 6 and 7 directly contradict his response to

12   Interrogatory No. 6.  Parties responding to discovery requests "have a duty to provide

13   true, explicit, responsive, and complete and candid answers to discovery, and their

14   attorneys have a continuing duty to advise their clients of their duty to make honest,

15   complete, non-evasive discovery disclosures." *Coburn v. PN II, Inc.*, 2008 WL

16   879746, at *2 (D. Nev. Mar. 28, 2008) (internal citation omitted).  Moreover, "[a]

17   responding party must supplement his initial disclosures and discovery responses if he

18   learns that 'in some material respect the disclosure or response is incomplete or

19   incorrect, and if the additional or corrective information has not otherwise been made

20   known to the other parties during the discovery process or in writing.'" *Lefever v.*

21   *Nicholson*, 2012 WL 5406464, at *2 (D. Nev. Nov. 5, 2012) (quoting Fed. R. Civ. P.

22   26(e)).  Here, there is no plausible way to read Plaintiff's inconsistent responses to

23   Interrogatory No. 6 and RFA Nos. 6 and 7 and reach the conclusion that Plaintiff has

24   met his duty to provide complete and candid answers.

25       Thus, Defendants respectfully request the Court compel Plaintiff to supplement

26   his response to these RFAs to be consistent with his response to Interrogatory No. 6.

27   If Plaintiff stands by his denial to these RFAs, he must supplement his response to

28   Interrogatory No. 6 to offer a complete set of facts that sufficiently justify the denials.

**Glaser Weil**

III.   **CONCLUSION**

Based on the foregoing, Defendants respectfully request that the Court compel Plaintiff to supplement its responses to Interrogatory Nos. 1-4, 7-8, 11-12, and 15-16, and all RFAs, including supplementing RFA Nos. 2-7 to resolve the specific issues identified herein.  Because of Plaintiff's bad-faith failure to comply with simple, essential discovery, Defendants additionally request monetary sanctions for the fees and costs associated with bringing this motion, pursuant to 28 U.S.C. § 1927.

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES**

I.   **RELEVANT BACKGROUND**

Plaintiff does not dispute the dates the discovery was served or the dates responses were served.  *See* Declaration of Jayson M. Lorenzo ("Lorenzo Dec.") at ¶ 2.  On or about May 9, 2016, Plaintiff's counsel received a letter from Defendant's counsel which addressed some of the alleged deficiencies in Plaintiff's responses to Defendant's Interrogatories, RFAs, as well as Defendant's Request for Production of Documents.  *Id.,* at  ¶ 3, Exh. AA. Plaintiff's counsel read this letter prior to meeting and conferring over the phone with Plaintiff's counsel on May 18, 2016.  *Id.* at ¶ 4. Plaintiff's counsel sent Defendant's counsel a similar letter on or about May 13, 2016, which addressed Defendants' alleged deficient responses to Plaintiff's discovery.  *Id.,* at ¶ 5, Exh. BB.

Plaintiff's counsel did in fact meet with Defendant's counsel over the phone on May 18, 2016.  *Id.* at ¶ 6. Both sides discussed the alleged deficiencies in both Plaintiff's responses to Defendant's discovery, as well as alleged deficiencies in Defendant's responses. Certain discovery disputes were solved, but others remained at issue.  *Id.* at ¶ 6.

After the meeting, on May 19, 2016, Plaintiff's counsel received an e-mail from Defendant's counsel which purported to summarize the topics of discussion of the May 18, 2016 meeting.  *Id.* at ¶ 7. With respect to Defendant's Interrogatories, Defendant's counsel stated, "You agreed to supplement responses to Conaco's

11

Glaser Weil

1   Interrogatory Nos. 1-4, 7-8, 10-13, and 15-16." *Id*. With respect to Defendant's

2   RFAs, Defendant attempted to summarize each of the RFAs at issue, including Nos.

3   2-5, 6-7, 8, and 9. *Id*. These specific RFAs will be addressed individually below.

4   Furthermore, the end of Defendant's letter addresses supplemental responses,

5   whereby he states, "No deadline to provide supplemental responses was discussed on

6   the call.  In the interest of preventing any further delay, please confirm your client

7   will provide supplemental responses by May 26.  We would prefer to resolve any

8   discovery issues without involvement from the Court, but must be prepared to move

9   in the event any supplemental responses are provided any later, or are otherwise

10   unsatisfactory." *Id*.

11        Plaintiff's counsel responded to Defendant counsel's e-mail on May 23, 2016

12   with comments of his own. *Id*. at ¶ 8, Exh. DD. In this e-mail, he agreed with some of

13   the comments made by Defendant's counsel, but took issue with others as he did not

14   believe they accurately reflected the conversation. Plaintiff's counsel agreed to

15   supplement some of Plaintiff's responses to both the Interrogatories and RFAs at a

16   later date, stating, "I can agree to no later than June 1 for any supplements." *Id*.

17        Plaintiff's counsel followed up on this issue with an e-mail on May 31, 2016,

18   where he stated "As promised I will have you supplemental responses to your office

19   by tomorrow." *Id*. at ¶ 9, Exh. EE. If Defendant's counsel had an issues with timing,

20   Plaintiff's counsel would have gladly agreed to extend any timing issues in light of

21   the ongoing meet and confer efforts. *Id*.

22        On or about May 31, 2016, Defendant's counsel sent another e-mail to

23   Plaintiff's counsel regarding Plaintiff's responses whereby Plaintiff's counsel stated,

24   "Also, we cannot agree to a June 1 deadline for your client to supplement his deficient

25   discovery responses. Accordingly, Defendants will move forward with a motion to

26   compel regarding your client's deficient discovery responses." *Id*. at ¶ 10, Exh. FF.

27        Plaintiff's counsel sent an e-mail to Defendant's counsel the next day, June 1,

28   2016, which included documents responsive to Defendant's Request for Production of

12

Glaser Weil

1 Documents, supplemental responses to Defendant's Interrogatories, as well as

2 supplemental responses to Defendant's RFAs.  *Id.* at ¶ 11, Exh. GG.

3 **II.     DISPUTED DISCOVERY RESPONSES**

4     **A.     INTERROGATORIES**

5         **1.     Interrogatory No. 1**

6     Interrogatory No. 1 asks, "Separately, for each of the jokes at issue, identify the

7 time, date, and forum for every instance of publication." Plaintiff's response reads,

8 "Each of Respondent's jokes were created at Respondent's home.  Respondent creates

9 the jokes prior to publishing them on the internet." *Id.* at ¶ 12, Exh. HH.

10     Plaintiff's supplemental response reads:

11         1.     Respondent posted it to his personal blog on January 14, 2015 at

12 4:14 pm.

13         2.     Respondent posted it to his: (1) Twitter account on February 3,

14 2015 at 8:49 am and (2) personal blog on February 3, 2015 at 9:02 am.

15         3.     Respondent posted it to his: (1) Twitter account on February 17,

16 2015 at 7:21 am; (2) his personal blog on February 17, 2015 at 11:20 am; and (3)

17 Facebook page on February 17, 2015 at 4:31 pm.

18         4.     Respondent posted it on his: (1) Twitter account on June 9, 2015

19 at 1:31 pm; and (2) his personal blog on June 9, 2015 at 11:05 am. *Id.* at ¶ 15, Exh. JJ.

20     Defendant argues that that Plaintiff's original response is deficient because

21 Plaintiff did not identify the exact time at his home when he published the jokes.

22 While it is certainly true that the exact dates were not included, Plaintiff's counsel did

23 not have access to that information and intended to supplement it after serving the

24 response, which he in fact did. Plaintiff believes this issue is moot as he has provided

25 supplemental responses.  *Id.* at ¶ 11.

26         **2.     Interrogatory No. 2**

27     Interrogatory No. 2 reads, "Separately, for each of the jokes at issue, identify

28 the original and unique components you believe defendants have unlawfully copied."

*Glaser Weil*

Plaintiff objected "on the basis that the question calls for a legal conclusion and the answer is set forth in Respondent's complaint." However, Plaintiff served a supplemental response on June 1, 2016 which states "For each joke, Respondent believes that the punch line was original and unique. Respondent also believes the entire joke, meaning the combination of the premise and punch line was original and unique." *Id.* at ¶ 15, Exh. JJ.

Plaintiff believes this issue is moot as he has provided supplemental responses.

### 3. <u>Interrogatory Nos. 3 and 4</u>

Interrogatory No. 3 reads, "For each of the jokes at issue, describe in detail your conception, development, creation, and authorship." Plaintiff's supplemental response reads:

1.   Watched Conan show and wanted to see if he could come up with a similar joke because Respondent liked the first joke so much.

2.   Respondent came up with joke after reading an article that Tom Brady planned to give Malcolm Butler the MVP Chevy truck following the Super Bowl in 2015.

3.   Respondent came up with the joke after reading an article about reconstruction and preservation of the Washington Monument and that it was professionally measured shorter than previously reported, leading to a phallic joke.

4.   Respondent came up with the joke after reading about Caitlyn Jenner's Malibu crash and articles relating to Caitlin Jenner.  Respondent was reading this while in his home.

Plaintiff believes this issue is moot as he has provided supplemental responses. *Id.* at ¶ 15, Exh JJ.

Interrogatory No. 4 reads, "For each of the JOKES AT ISSUE, state all facts relating to YOUR independent creation thereof, including specific details sufficient to identify the websites and/or other news and information sources you visited that provided the content to which each of the JOKES AT ISSUE relate." Plaintiff's

14

Glaser Weil

1  response reads, "Respondent came up with the jokes after hearing about certain

2  subjects in the news.  Discovery is continuing as to specific information sources." *Id.*

3  at ¶ 12, Exh. HH. His supplemental response then adds, "Respondent does not recall

4  specific websites or news sources, but is informed and believes the sources were

5  online. Discovery is continuing as to specific information sources." *Id.* at ¶ 15, Exh.

6  JJ.

7      Plaintiff believes this issue is moot as he has provided supplemental responses.

8  *Id.* at ¶ 11.

9              **4.    Interrogatory Nos. 7 and 8**

10      Interrogatory No. 7 reads, "State all facts establishing a chain of events linking

11  the jokes at issue and defendants' access thereof." Plaintiff's response reads in part,

12  "The interrogatory also is vague and ambiguous as the terms "chain of events".

13  Respondent cannot provide an intelligent response without speculating as to the

14  meaning." *Id.* at ¶ 12, Exh. HH. However, Plaintiff's supplemental response reads,

15  "Respondent publishes his work in on the Internet without any restrictions to access.

16  Anyone, including defendants and employees of the defendants may access his

17  contents using a web browser." *Id.* at ¶ 15, Exh. JJ.

18      Plaintiff believes this issue is moot as he has provided supplemental responses.

19  *Id.* at ¶ 11.

20      Interrogatory No. 8 reads, "State all facts establishing the jokes at issue have

21  been widely disseminated." Plaintiff's response reads, "Respondent further objects to

22  this Interrogatory on the basis that the answer is set forth in Respondent's Complaint.

23  The interrogatory also is vague and ambiguous as the terms "JOKES AT ISSUE have

24  been widely disseminated."  Respondent cannot provide an intelligent response

25  without speculating as to the meaning." *Id.* at ¶ 12, Exh. HH. However, Plaintiff's

26  supplemental response reads, "Respondent publishes his work in on the Internet

27  without any restrictions to access. Anyone, including defendants and employees of

28  the defendants may access his contents using a web browser." *Id.* at ¶ 15, Exh. JJ.

*Glaser Weil*

1    Plaintiff believes this issue is moot as he has provided supplemental responses.

2  *Id.* at ¶ 11.

3         **5.      Interrogatory Nos. 11and 12**

4    Interrogatory No. 11 reads, "Identify every instance within the last five years in

5  which YOU have sold any of YOUR original content and identify the original content

6  YOU sold." Plaintiff's response reads, "Respondent further objects to this Request to

7  the extent it seeks information which is not relevant to any party's claim or defense

8  and is not reasonably calculated to lead to the discovery of relevant, admissible

9  evidence.  Respondent further objects that this question seeks information that is

10 private and confidential and my violate the privacy rights as to the third parties who

11 accepted submissions." *Id.* at ¶ 12, Exh. HH. However, after discussing the prospect

12 of a proposed protective order with opposing counsel, Plaintiff provided a

13 supplemental response to this Interrogatory, stating "Respondent will provide a

14 separate document for Attorney's Eyes Only." *Id.* at ¶ 15, Exh. JJ.

15    Interrogatory No. 12 reads, "Separately, for each instance identified in YOUR

16 response to Interrogatory No. 11, identify the contact information for each purchaser,

17 including name, address, phone number and email address and the amount of

18 compensation YOU received." Plaintiff's responded with the same exact objection he

19 asserted in Interrogatory No. 11. *Id.* at ¶ 12, Exh. HH.

20    Plaintiff has agreed to provide information subject to Attorney's Eyes Only.

21 However, the exact amounts paid, what was purchased and who paid them implicate

22 the trade secret information of third parties. *Id.* at ¶ 6. Pursuant to FRCP 26(c)(1)(G),

23 the court may issue protective orders limiting disclosure of trade secrets or other

24 confidential research, development, or commercial information. Fed. R. Civ. P.

25 26(c)(1)(G). When the court is entertaining issuing a protective order where trade

26 secrets are involved, the court will balance the risk of disclosure to competitors

27 against the risk that a protective order will impair prosecution or defense of the

28 claims.  *Brown Bag Software v. Sumantec Corp.*, 960 F.2d 1465, 1470 (9th Cir.

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**

**Glaser Weil**

1  1992).

2  It is well known that the "Conan" show is a late night talk show containing

3  comedic elements.  The amounts paid by competitors and what content was purchased

4  violates the confidential and trade secret information.  To the extent any information

5  Plaintiff has regarding competitors or potential competitors to Defendant, Plaintiff

6  must assert the appropriate objection.  Additionally, Defendant has filed a motion for

7  protective order, which is set to be heard on July 7, 2016.  Plaintiff requests that the

8  determination on these two interrogatories be continued until after the motion for

9  protective order as this interrogatory requests confidential information related to third

10  parties.

11  Plaintiff did want to also mention that, Defendants seeks information that  was

12  submitted in the last five years to third parties. *Id.* at ¶ 6.  Plaintiff sought similar

13  information on what jokes were submitted to Defendant as well what it has paid its

14  writers on its staff. *Id.* at ¶ 6.  Defendant refuses to answer Plaintiff's question, but

15  wants Plaintiff to provide similar information.  Either the information should be

16  shared mutually or it should not.  Plaintiff has brought a similar Joint Motion for

17  Determination of Discovery Dispute.  If Plaintiff is made to produce information

18  unrelated to the jokes that are the subject of the instant litigation then Defendant

19  should share similar information.

20  ### 6.   Interrogatory Nos. 15 and 16

21  Interrogatory No. 15 reads, "State all facts that support YOUR Copyright

22  Infringement claim against DEFENDANTS, as alleged in the COMPLAINT."

23  Plaintiff's response reads, "Respondent further objects to this Interrogatory on the

24  basis that it is overbroad, vague and ambiguous and is already contained in

25  Respondent's complaint." *Id*. at ¶ 12, Exh. HH.

26  Interrogatory No. 16 reads, "State all facts relating to YOUR contention in

27  paragraph 29 of the COMPLAINT that DEFENDANTS' "infringement has been

28  willful or deliberate." Plaintiff's response reads, "Respondent further objects to this

Glaser Weil

1   Interrogatory on the basis that it is overbroad, vague and ambiguous and is already

2   contained in Respondent's complaint." *Id*. at ¶ 12, Exh. HH.

3       Plaintiff originally did not provide supplemental responses on these questions.

4   The facts of the case are straightforward.  Shortly after jokes were posted on either

5   Plaintiff's blog or twitter the same joke appeared on the "Conan" show.  It is no

6   secret, Plaintiff's position is that Defendants had access to Plaintiff's blog and twitter

7   and Plaintiff's believes his jokes were taken and used on the "Conan" show.  Plaintiff

8   has since provided supplement responses related to these questions stating:

9       "Without waiving said objections Respondent responds as follows:  On January

10  14, 2015, Plaintiff published a joke on this personal online blog.  Later that same day

11  a substantially similar joke appeared on the "Conan" show monologue.  On February

12  3, 2015, Respondent published another joke on his personal online blog and

13  Twitter.com account.  The next day a substantially similar joke appeared on the

14  "Conan" show monologue.  On February 17, 2015, Respondent published another

15  joke on his personal online blog and Twitter.com account, again later that same day a

16  substantially similar joke appeared on the "Conan" show monologue.  On  June 9,

17  2015, Plaintiff published the another joke his personal online blog and Twitter.com

18  account.  Later that same day, a substantially similar joke appeared on the "Conan"

19  show monologue.  Respondent publishes his work in on the Internet without any

20  restrictions to access.  Anyone, including DEFENDANTS and employees of the

21  DEFENDANTS may access his content using a web browser."  *Id*. at ¶ 17, Exh. MM.

22      **B.**    **REQUESTS FOR ADMISSION**

23          **1.**    **Requests for Admission Nos. 2-5**

24      Requests for Admission Nos. 2-5 each request for Plaintiff to admit that none

25  of the JOKE Nos. 1-4 are identical to Defendants' JOKE Nos. 1-4.  Plaintiff's

26  response in each of these RFAs reads, "Respondent further objects to this Request on

27  the grounds that it is vague and ambiguous as to "identical" and the response calls for

28  a legal conclusion. Without waiving such objections Respondent Denies." *Id.* at ¶ 13,

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**

**Glaser Weil**

1  Exh. II. However, Plaintiff subsequently supplemented his response by adding to each

2  of the four responses to RFA Nos. 2-5, "Without waiving said objections Respondent

3  Denies and is not denying on the basis of the objections." *Id*. at ¶ 16, Exh. KK.

4      Plaintiff believes this issue is moot as he has provided supplemental responses.

5  *Id*. at ¶ 11.  Plaintiff believes the jokes are identical.

6                    **2.    Requests for Admission Nos. 6-7**

7      Request for Admission No. 6 reads, "Admit that the only evidence you have of

8  Defendants' access to the jokes at issue prior to Defendants' alleged infringement is

9  your publication of the jokes at issue on your Twitter account, personal online blog,

10  or Facebook page." Plaintiff's response reads, "Respondent further objects to this

11  Request on the grounds that it is compound, vague and ambiguous and that

12  Respondent cannot provide an intelligible response with speculation. Without waiving

13  said objections Respondent Denies." *Id*. at ¶ 13, Exh. II. However, Plaintiff

14  subsequently supplemented his responses by adding, "Without waiving said

15  objections Respondent Denies on the basis that he has a recollection of someone on

16  the Conan show following Respondent on twitter at some point in time." *Id*. at ¶ 16,

17  Exh. KK.

18      Plaintiff believes this issue is moot at it has provided supplemental responses.

19  *Id*. at ¶ 11.

20      Request for Admission No. 7 reads, "Admit that you are not aware of any

21  Defendant following or viewing your personal online blog, Twitter account, or

22  Facebook page prior to February 4, 2015." Plaintiff's response reads, "Respondent

23  further objects to this Request on the grounds that it is compound and that discovery

24  is continuing. Without waiving said objections Respondent Denies." *Id*. at ¶ 13, Exh.

25  II. However, Plaintiff subsequently supplemented his responses by adding, "Without

26  waiving said objections Respondent Denies on the basis that he has a recollection of

27  someone on the Conan show following Respondent on twitter at some point in time."

28  *Id*. at ¶ 16, Exh. KK.

19

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**

15cv01637-JLS-DHB

1    Plaintiff believes this issue is moot at it has provided supplemental responses.

2  *Id.* at ¶ 11.

3  **III.   <u>CONCLUSION</u>**

4    From reviewing Defendant's segment of this Joint Motion, it is evident that

5  Defendant has not taken into consideration Plaintiff's supplemental discovery

6  responses which were served on June 1, 2016 and June 8, 2016. These responses

7  address the alleged deficiencies that Defendant's counsel has brought up during meet

8  and confer correspondence. Because the supplemental responses clear up these issues,

9  Plaintiff respectfully requests that the Court deny this motion.

10

11  DATED:  June 9, 2016          GLASER WEIL FINK HOWARD
                                            AVCHEN & SHAPIRO LLP
12

13                                    By: */s/ Erica J. Van Loon*
14                                        PATRICIA L. GLASER
                                          ERICA J. VAN LOON
15                                        NICHOLAS E. HUSKINS
                                          BRITTANY ELIAS
16                                        *Attorneys for Defendants*
17

18

19  DATED:  June 9, 2016          JAYSON M. LORENZO
20

21                                    By: */s/ Jayson M. Lorenzo*
                                          JAYSON M. LORENZO
22                                        *Attorney for Plaintiffs*
23

24

25

26

27

28

# Exhibit M

PATRICIA L. GLASER – State Bar No. 55668
pglaser@glaserweil.com
ERICA J. VAN LOON - State Bar No. 227712
evanloon@glaserweil.com
NICHOLAS E. HUSKINS – State Bar No. 299133
nhuskins@glaserweil.com
BRITTANY ELIAS - State Bar No. 305922
belias@glaserweil.com
GLASER WEIL FINK HOWARD
   AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920
*Attorneys for Defendants*

Jayson M. Lorenzo, Esq. SBN 216973
Attorney at Law
2794 Gateway Road, Suite 116
Carlsbad, CA 92009
Tel. (760) 517-6646
Fax (760) 520-7900
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG,<br><br>            Plaintiff,<br><br>v.<br><br>CONACO, LLC, TURNER BROADCASTING SYSTEM, TIME WARNER, INC., CONAN O'BRIEN, JEFF ROSS, MIKE SWEENEY; DOES 1-50, inclusive,<br><br>            Defendants. | CASE NO.: 3:15-CV-01637-JLS-DHB<br><br>Hon. David H. Bartick<br><br>**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE** |

Glaser Weil

1157415

15cv01637-JLS-DHB

# TABLE OF CONTENTS

**Page**

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES ............... 1

I.      RELEVANT BACKGROUND ..................................................................... 1

II.     DISPUTED DISCOVERY RESPONSES ................................................... 2

    A.      INTERROGATORIES ............................................................. 2

        1.      Interrogatory Nos. 11 and 12 ....................................... 7

    B.      REQUESTS FOR ADMISSION ............................................ 8

        1.      Requests for Admission Nos. 2-5 ................................ 10

        2.      Requests for Admission Nos. 6-7 ................................ 11

III.    CONCLUSION ......................................................................................... 13

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES ............... 13

I.      RELEVANT BACKGROUND ................................................................. 13

II.     DISPUTED DISCOVERY RESPONSES ................................................. 15

    A.      INTERROGATORIES ........................................................... 15

        1.      Interrogatory Nos. 11and 12 ....................................... 18

    B.      REQUESTS FOR ADMISSION .......................................... 21

        1.      Requests for Admission Nos. 2-5 ................................ 21

        2.      Requests for Admission Nos. 6-7 ................................ 21

III.    CONCLUSION ......................................................................................... 22

Glaser Weil

# TABLE OF AUTHORITIES

Page

## CASES

*Ball-Rice v. Bd. of Educ. of Prince George's Cnty.,*
2013 WL 2299725 (D. Md. May 24, 2013) ...................................................... 6

*Brown Bag Software v. Sumantec Corp.,*
960 F.2d 1465 (9th Cir. 1992) ...................................................................... 10

*Coburn v. PN II, Inc.,*
2008 WL 879746 (D. Nev. Mar. 28, 2008) ..................................................... 7

*In re TFT-LCD (Flat Panel) Antitrust Litigation,*
2011 WL 3566419 (N.D. Cal. 2011) ............................................................... 6

*Lefever v. Nicholson,*
2012 WL 5406464 (D. Nev. Nov. 5, 2012) .................................................... 7

*Life Music, Inc. v. Broadcast Music, Inc.,*
41 F.R.D. 16 (S.D.N.Y. 1966) ....................................................................... 3

*Louis v. Martinez,*
2011 WL 1832808 (N.D.W.Va. 2011) ........................................................... 6

*Safeco of America v. Rawstron,*
181 F.R.D. 441 (C.D. Cal. 1998) ................................................................... 4

## OTHER AUTHORITIES

28 U.S.C. § 1927 .............................................................................................. 8

Fed. R. Civ. P. 26 ............................................................................................. 2

Fed. R. Civ. P. 26(b) ........................................................................................ 2

Fed. R. Civ. P. 26(b)(1) .................................................................................... 2

Fed. R. Civ. P. 26(c)(1)(G) ............................................................................. 10

Fed. R. Civ. P. 26(e) ........................................................................................ 7

Fed. R. Civ. P. 33(a)(2) .................................................................................... 2

Fed. R. Civ. P. 36 ............................................................................................. 5

Fed. R. Civ. P. 36(a)(4) .................................................................................... 4

Fed. R. Civ. P. 36(a)(6) ................................................................................ 4, 6

Fed. R. Civ. P. 37(a)(4) .................................................................................... 3

Glaser Weil

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**

15cv01637-JLS-DHB

# **RULES**

Civil Chambers Rule (IV)(A) ........................................................................................ 1

Civil Chambers Rule (IV)(C) ........................................................................................ 1

Civil Local Rule 26.1.a ................................................................................................. 1

Glaser Weil

**JOINT DECLARATION OF COMPLIANCE WITH THE COURT'S MEET AND CONFER REQUIREMENT**

Pursuant to Civil Chambers['] Rule (IV)(C), Defendants Conaco, LLC, Turner Broadcasting System, Inc.; Time Warner Inc.; Conan O'Brien; Jeff Ross; and Mike Sweeney (collectively, "Defendants") and Plaintiff Robert Alexander Kaseberg ("Plaintiff" or "Kaseberg") submit this Joint Motion for Determination of Discovery Dispute to advise the Court of the parties' impasse concerning Defendant Conaco, LLC's ("Conaco") first set of discovery requests served on Plaintiff.  This motion is made following the conference of counsel pursuant to Civil Local Rule 26.1.a and Civil Chambers['] Rule (IV)(A), which took place May 18, 2016.

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      RELEVANT BACKGROUND**

On March 24, 2016 Conaco served its First Set of Interrogatories ("Interrogatories") and First Set of Requests for Admission ("RFAs") to Plaintiff.  *See* Declaration of Nicholas Huskins ("Huskins Decl."), Exs. A-B.  Plaintiff served his objections and responses to each on April 25, 2016.  Huskins Decl., Exs. C-D.

On May 9, 2016, Defendants' counsel sent a letter to Plaintiff's counsel identifying several deficiencies in Plaintiff's discovery responses and requesting to meet and confer on the issues raised therein.  *Id*., Ex. E.  The parties met and conferred on May 18, 2016.  *Id*., ¶ 2.  Relevant to this motion, Plaintiff's counsel represented that Plaintiff would supplement deficient responses to Interrogatory Nos. 1-4, 7-8, 10-13, and 15-16, and all RFAs.  *Id*.  In ~~follow-up~~subsequent correspondence, Plaintiff's counsel qualified ~~t~~his representation, offering only to "speak to [his] client and to the extent he can provide additional information the responses will be submitted."  *Id*., Ex. F. ~~In the same correspondence,~~ at 2. Plaintiff's counsel ~~maintained~~further represented that he could not agree to supplement any responses before June 1.  *Id*. at 5.

Given this Court's requirements for filing discovery motions, as articulated in

1

Glaser Weil

1157415

**Glaser Weil**

1  Civil ~~Chambers' Rules~~Chambers Rule (IV)(C), Defendants could not agree to

2  Plaintiff's proposal.  ~~Should~~If Plaintiff were to provide supplemental responses on

3  June 1, Defendants would be left with one day to review the supplemental responses

4  and prepare their brief before the deadline to exchange their portion of the ~~joint~~

5  ~~statement~~Joint Motion with Plaintiff's counsel.  Thus, Defendants' counsel informed

6  Plaintiff's counsel that Defendants would proceed with a motion to compel on the

7  unresolved discovery issues.  *Id.*  ~~Of course, Defendants will review any supplemental~~

8  ~~responses received by Defendants and modify this motion, should such response moot~~

9  ~~any issues herein.~~at 1.

10  Nevertheless, Plaintiff's counsel provided supplemental responses to

11  Interrogatory Nos. 1-4 and 7-8, and RFAs 2-9 on June 1, 2016.  *Id.*, Exs. G-H.

12  Plaintiff's counsel submitted supplemental responses to Interrogatory Nos. 15 and 16

13  on June 8, 2016.  *Id.*, Ex. I.  Having adequately resolved issues relating to several of

14  the requests for which Defendants sought the Court's assistance, this brief has been

15  updated to reflect those few issues that remain.  Attached hereto is a clean version of

16  the original Joint Motion, as well as a redline copy to reflect the edits.  *Id.*, Exs. L-M.

17  Given that Plaintiff served his final supplemental responses immediately before

18  Defendants' filing deadline, Defendants had no choice but to amend the brief and file

19  without providing Plaintiff's counsel notice.  Defendants will not oppose

20  supplemental briefing on the matter if Plaintiff deems it necessary and appropriate.

21  Defendants request assistance f~~or~~rom the Court to ensure Plaintiff provides

22  adequate responses to the ~~essential~~remaining discovery ~~propounded by~~

23  ~~Conaco~~requests identified herein.  As set forth below, Defendants are entitled to the

24  discovery sought, as it is relevant and necessary to fairly defend against Plaintiff's

25  copyright infringement claim.

26  **II.      DISPUTED DISCOVERY RESPONSES**

27  **A.      INTERROGATORIES**

28  Parties to a lawsuit may serve interrogatories seeking information regarding

2

any matter that can be inquired into under Rule 26(b)(1).  Fed. R. Civ. P. 33(a)(2).

Rule 26 allows parties to obtain "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b).  Responses must ~~by~~be consistent with the underlying purpose of interrogatories, which is to secure admissions, narrow the issues in a case, and obtain a party's contentions.  *See Life Music, Inc. v. Broadcast Music, Inc.*, 41 F.R.D. 16 (S.D.N.Y. 1966).  A party may move to compel further responses to interrogatories if the initial responses were incomplete or evasive.  Fed. R. Civ. P. 37(a)(4).

~~All of~~ Conaco's ~~Interrogatories~~Interrogatory Nos. 11 and 12 relate to threshold issues relevant to Plaintiff's copyright infringement claim.  However, ~~nearly all of~~ Plaintiff's Interrogatory responses are inadequate and must be supplemented, as ~~individually~~ discussed below.

~~**1.     Interrogatory No. 1**~~

~~Interrogatory No. 1 sought the time, date and forum for every instance in which Plaintiff *published* the allegedly-infringed jokes (the "Jokes At Issue").~~
~~While~~Huskins Decl., Ex. A.  Plaintiff's complete response reads: "Each of Respondent's Jokes At Issue were *created* at home.  Respondent *creates* the jokes prior to publishing them on the internet."  *Id.*, Ex. C.  This answer is inadequate, as it entirely fails to address Plaintiff's *publication* of the Jokes At Issue.~~

~~If Plaintiff failed to publish the jokes at issue prior to Defendants' independent creation, Plaintiff cannot demonstrate circumstantial or direct access to Plaintiff's purported copyrighted works.  Absent some evidence of access, Plaintiff's infringement claim fails.  *Bernal v. Paradigm Talent & Literary Agency,* 788 F. Supp. 2d 1043, 1052 (C.D. Cal. 2010) ("To prove copyright infringement, Plaintiff must show that Defendants copied protected elements of [the work] either through evidence of direct copying or through a showing that Defendants had 'access' to Plaintiff's copyrighted material and that the two works at issue are 'substantially similar.'") (internal citations omitted).  Thus, this information is highly relevant, and~~

3

Glaser Weil

1   the Court should order Plaintiff to provide a complete and accurate response.

2           **2.      Interrogatory No. 2**

3           Interrogatory No. 2 asks Plaintiff to identify the original and unique

4   components of each allegedly copyrighted joke that he believes Defendants

5   unlawfully copied.  Huskins Decl., Ex. A.  Plaintiff responded only with an objection

6   that "the question calls for a legal conclusion and the answer is set forth in

7   Respondent's complaint." *Id.*, Ex., C.

8           First, general references to a complaint are an insufficient answer to an

9   Interrogatory.  *See e.g., Guerrero v. McClure*, 2011 WL 4566130, at *6 (E.D. Cal.

10  Sept. 29, 2011) (holding "responses merely referring to the allegations of [plaintiff's]

11  complaint are insufficient" and ordering respondent to supplement responses); *United*

12  *States ex rel. O'Connell v. Chapman University,* 245 F.R.D. 646, 650 (C.D. Cal.

13  2007) ("an interrogatory should be complete in itself and should not refer to the

14  pleadings, or to depositions or other documents, or to other interrogatories");

15  *McClellan v. Kern Cty. Sheriff's Office*, 2015 WL 4598871, at *4 (E.D. Cal. July 28,

16  2015) (holding interrogatory responses that refer to Plaintiffs' Complaint insufficient

17  and ordering respondent to supplement interrogatory responses).

18          Moreover, the identification of protectable aspects of the Jokes At Issue is

19  central to Plaintiff's lone claim for copyright infringement.  Only the original and

20  unique aspects of a work are protected by copyright.  *Apple Computer, Inc. v.*

21  *Microsoft Corp.*, 35 F.3d 1435, 1445 (9th Cir. 1994) ("As the Supreme Court recently

22  made clear, protection extends only to those components of a work that are original to

23  the author").  Through initial disclosures, Defendants presented significant evidence

24  of numerous third-parties publishing substantially similar jokes to the Jokes At Issue.

25  Further, the Jokes At Issue are comprised of a factual set up based on a recent current

26  event and a one-liner punchline, and do not appear to be protectable via copyright.

27  Plaintiff has failed to provide any information suitable to identify what aspect of the

28  Jokes At Issue Plaintiff believes to be unique and original expression.  Thus,

**Glaser Weil**

4

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**

15cv01637-JLS-DHB

1157415

1   Defendants requests that this Court order Plaintiff to provide a complete, narrative

2   response to Interrogatory No. 2 describing the allegedly protected material, and the

3   basis for claiming such protection, to the extent any exists.

4          **3.**      **Interrogatory Nos. 3 and 4**

5         Interrogatory No. 3 asks Plaintiff to describe in detail his conception,

6   development, creation and authorship for each of the jokes at issue.  Huskins Decl.,

7   Ex. A.  After asserting vague and ambiguous objections as to the terms "conception",

8   "development" "creation" and "authorship", Plaintiff responded with a single, vague,

9   and in some cases unintelligible sentence for each joke.  *Id.*, Ex. C.  Each sentence

10  amounted to nothing more than a statement that Plaintiff generally learned of the

11  topical news item to which his joke related, and then created the Joke At Issue.  *Id.*

12        First, there is nothing vague or ambiguous about these terms.  They are

13  common terms, with well understood meanings, particularly in the context of

14  copyright.  Moreover, Conaco's First Set of Interrogatories contained an instruction

15  that provided: "If YOU object to any meaning of any term in any interrogatory herein

16  as unclear to YOU, YOU shall assume a reasonable meaning, state what the assumed

17  meaning is, and respond to the request according to the assumed meaning."  *Id.*, Ex.

18  A.  Plaintiff made no attempt to comply with this instruction.  Further, during the

19  meet and confer, Plaintiff's counsel intimated that he understood what these common

20  terms meant and would provide a sufficient has indicated Plaintiff has supplemented

21  his responses to the following Interrogatories, no supplemental responseresponses.

22  *Id.*, ¶ 2.

23        Moreover, Plaintiff's response is plainly evasive and inadequate.  The request

24  asks Plaintiff to "describe in detail" his creation of the Jokes At Issue.  *Id.*

25  Objectively, his response fails to comply under any standard.  At a minimum,

26  Plaintiff's response should provide the joke's date of creation, the method of creation,

27  and the news sources Plaintiff viewed in which he learned of the set-up topic.  In fact,

28  Conaco specifically sought the identification of the news sources and websites

5

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**

Glaser Weil

15cv01637-JLS-DHB

1  reviewed by Plaintiff in Interrogatory No. 4.  *Id.*  Plaintiff's response failed to identify

2  any sources.  Instead, Plaintiff objected on the grounds that the identification of such

3  is unduly burdensome, and that discovery is ongoing.  *Id.*, Ex. C.

4  Plaintiff's objections to Interrogatory No. 4 are meritless.  Plaintiff should

5  already know the website and/or television source he used to come up with the Jokes

6  At Issue and this should have been provided to Defendants to date. Huskins Decl.,

7  produced as part of his initial disclosures.  There is nothing burdensome about this

8  basic, relevant information regarding Plaintiff's alleged creation of the Jokes At Issue.

9  Further, Conaco's Interrogatories were served over two months ago.  There is no

10  justifiable reason for Plaintiff to delay his response any longer.  Because the Jokes At

11  Issue lead with a standard news story or headline, this information is relevant to the

12  determination of how much, if any, of Plaintiff's Jokes At Issue are original to

13  Plaintiff.  *Feist Publications, Inc. v. Rural* ¶ 12, Ex. J *Tel. Serv. Co.*, 499 U.S. 340,

14  345 (1991) ("To qualify for copyright protection, a work must be original to the

15  author.").  Thus, this Court should require Plaintiff to supplement his responses to

16  Interrogatory Nos. 3 and 4 to provide a complete response sufficient to identify the

17  date created, the method of creation, and the news sources reviewed for each of the

18  Jokes At Issue.

19  **4.  Interrogatory Nos. 7 and 8**

20  Interrogatory No. 7 asks Plaintiff to state all facts establishing a chain of events

21  linking the Jokes At Issue and Defendants' access thereof.  Huskins Decl., Ex. A.

22  Interrogatory No. 8 asks Plaintiff to state all facts establishing the Jokes At Issue have

23  been widely disseminated.  *Id.*  In response, Plaintiff objects to the terms "chain of

24  events" and "widely disseminated" before again improperly referencing the

25  Complaint.  *See Guerrero*, 2011 WL 4566130, at *6; *United States ex rel. O'Connell*,

26  245 F.R.D. at 650; *McClellan*, 2015 WL 4598871, at *4.  Plaintiff's answer provided

27  no substantive, narrative response.  Huskins Decl., Ex. C.

28  The objected-to terms have clear meaning in a copyright context, which are

6

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**

Glaser Weil

1  ~~relevant to analyzing Defendants' access in this case.  In the Ninth Circuit,~~

2  ~~"[c]ircumstantial evidence of reasonable access is proven in one of two ways: (1) a~~

3  ~~particular *chain of events* is established between the plaintiff's work and the~~

4  ~~defendant's access to that work...or (2) the plaintiff's work has been *widely*~~

5  ~~*disseminated." Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000)~~

6  ~~(emphasis added).  This is a copyright infringement action; Plaintiff's counsel should~~

7  ~~be aware of the controlling case law.  Nevertheless, Defendants' counsel provided this~~

8  ~~case law to Plaintiff's counsel to avoid any doubt as to meaning of the purportedly~~

9  ~~vague and ambiguous terms.  Huskins Decl., Ex. E.  Thus, Conaco requests that this~~

10  ~~Court order Plaintiff to provide complete, accurate, and narrative supplemental~~

11  ~~responses to these Interrogatories, applying the meaning to the purportedly~~

12  ~~ambiguous terms as understood by the Ninth Circuit in the *Three Boys* opinion.~~

13         **~~5.~~1.    Interrogatory Nos. 11 and 12**

14         Interrogatory No. 11 asks Plaintiff to identify every instance within the last five

15  years in which Plaintiff has sold his original content, and to identify the content sold.

16  Huskins Decl., Ex. A.  Interrogatory No. 12 asks Plaintiff to identify the

17  compensation received from the instances identified in Interrogatory No. 11, and to

18  identify the purchaser.  *Id.*

19         In response, Plaintiff asserted relevance and privacy objections, and failed to

20  offer any substantive, narrative answer.  *Id.*, Ex. C.  First, information concerning the

21  purchase of Plaintiff's content is directly relevant to the quantification of potential

22  damages at issue in this case.  Plaintiff's infringement claim is based on the allegedly-

23  infringing use of a single joke in the "Conan" show monologue.  By his own

24  admission, Plaintiff has sold jokes to late-night talk shows, including the Tonight

25  Show with Jay Leno.  Huskins Decl., Ex. ~~G~~K.  The compensation Plaintiff received

26  for the sale of a joke ~~used in~~to a late-night comedy show provides the most relevant

27  indicator of the fair market value of the allegedly-infringed jokes (the "Jokes At

28  Issue~~.~~").

7

Glaser Weil

Additionally, to the extent Plaintiff objects to the Interrogatories on the grounds that they seek private, confidential information, this objection is disingenuous. During the meet and confer, Defendants' counsel offered to Plaintiff's counsel that to the extent the responses to these Interrogatories called for the disclosure of confidential information, it would be treated subject to the terms of the draft protective order presently being negotiated between the parties.  Huskins Decl., ¶ 2. Notably, it is Plaintiff's counsel who disputes that non-public financial information should be treated as "Highly Confidential – Attorneys' Eyes Only" material in this case and who is forcing Defendants to bring a motion for entry of protective order on the sole basis that Plaintiff wants to see Defendants' financial information in this suit. *Id*. n.1.  Plaintiff cannot, on the one hand, refuse to provide information because it supposedly "seeks private confidential information" and then refuse to enter into a standard protective order that would properly protect such information, simply to avoid complying with his discovery obligations.[1]

Thus, Plaintiff's objections are meritless, and this Court should order Plaintiff to supplement his responses to provide sufficient information relating to the purchaser and compensation received for any content sold by Plaintiff.

**6.     Interrogatory Nos. 15 and 16**

Interrogatory No. 15 asks for the factual basis and grounds for Plaintiff's infringement claim.  *Id*., Ex. A.  Interrogatory No. 16 asks Plaintiff to provide support for his contention that the alleged infringement was willful.  *Id*.  After incorporating by reference his General Objections, Plaintiff's response to each was the same: "Respondent further objects to this Interrogatory on the basis that it is overbroad, vague and ambiguous and is already contained in Respondent's complaint."  *Id*., Ex.

---

[1] Plaintiff purportedly supplemented his responses to these requests, but has requested that his responses be treated as AEO material, further contradicting his own position with respect to the level of confidentiality non-public financial information should be given.  Huskins Decl., Ex. J.  Despite Defendants' counsel agreeing to treat the responses as AEO, Plaintiff has not sent his supplemental responses. *Id*., ¶ 12.

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**

15cv01637-JLS-DHB

Glaser Weil

1157415

1    ~~C.  Again, Plaintiff's response improperly references the Complaint and fails to~~

2    ~~provide any narrative response.  *See Guerrero*, 2011 WL 4566130, at *6; *United*~~

3    ~~*States ex rel. O'Connell*, 245 F.R.D. at 650; *McClellan*, 2015 WL 4598871, at *4.~~

4    ~~And again, Plaintiff's counsel refused to agree to supplement this answer with a~~

5    ~~proper narrative response.  Huskins Decl., Ex. F.~~

6            ~~Moreover, under 17 U.S.C. § 504, willful infringement raises the potential~~

7    ~~statutory damages to $150,000 per work, as opposed to a maximum of $30,000 absent~~

8    ~~a showing of willfulness.  Thus, this information is critical in assessing the potential~~

9    ~~damages in this case.  As such, the Court should order Plaintiff to provide a complete,~~

10   ~~narrative response to these Interrogatories detailing the factual basis for the claims,~~

11   ~~allegations, and contentions advanced by Plaintiff in his Complaint.~~

12      **B.      <u>REQUESTS FOR ADMISSION</u>**

13          Requests for admission are designed to expedite trial by establishing certain

14   material facts as true and thus narrowing the range of issues for trial.  *Safeco of*

15   *America v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998).  ~~It is not grounds for~~

16   ~~objection that~~ Under Rule 36, "a denial must fairly respond to the ~~request is~~

17   ~~ambiguous unless it is so ambiguous that~~substance of the ~~responding party cannot,~~

18   ~~in~~matter; and when good faith~~, frame~~ requires that a party qualify an ~~intelligent reply.~~

19   ~~*See Marchland v. Mercy Med. Ctr.*, 22 F.3d 933, 938 (9th Cir. 1994~~answer or deny

20   only a part of a matter, the answer must specify the part admitted and qualify or deny

21   the rest."  Fed. R. Civ. P. 36(a)(4).  The "requesting party may move to determine the

22   sufficiency of an answer or objection."  Fed. R. Civ. P. ~~26~~36(a)(6)~~.~~.  Where a court

23   finds "that an answer does not comply with [Rule 36], the court may either (1) order

24   the matter admitted or (2) order that an amended answer be served."  *Id*.

25          In accordance with Rule 36, Conaco's RFAs simply attempt to establish

26   material facts that will assist Defendants in framing their defense.  ~~In each and every~~

27   ~~response, Plaintiff objects to ordinary, everyday terms as "vague and ambiguous," and~~

28   ~~denies each RFA.  During the meet and confer, Defendants' counsel sought clarity as~~

9

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**

Glaser Weil

1  to whether Plaintiff's denials were based on its objections, or on the substance of the

2  Request.  Huskins Decl., ¶ 2.  Plaintiff's counsel agreed Plaintiff would supplement

3  all RFA responses to make this clear.  *Id.*, Ex. F.  To date, Plaintiff has not done so.

4  Nor hasWhile Plaintiff provided supplemental responses addressingto the following

5  deficiencies raised duringRFAs identified below, Defendants maintain the parties'

6  meetresponses are inadequate and confer.made in bad faith.

7           **1.    Requests for Admission Nos. 2-5**

8           RFA Nos. 2-5 ask for an admission from Plaintiff that the Jokes At Issue were

9  not identical to the corresponding joke told in the "Conan" show monologue (the

10 "Monologue Jokes").  *Id.*, Ex. B.  Plaintiff objected to the requests on the grounds that

11 "identical" is vague and ambiguous, and the RFAs call for a legal conclusion.  *Id.*, Ex.

12 D.  Setting aside the fact that there is nothing vague about the term "identical", like

13 the Interrogatories, Conaco's RFAs included an instruction that "If YOU object to

14 any meaning of any term in any Request herein as unclear to YOU, YOU shall

15 assume a reasonable meaning, state what the assumed meaning is, and respond to the

16 Request according to the assumed meaning."  *Id.*, Ex. B at 5.  Plaintiff's failure to

17 comply with this instruction notwithstanding, during the meet and confer and in

18 follow-up correspondence, Defendants' counsel made clear that Plaintiff should

19 understand "identical" to mean a word-for-word copy.  *Id.*, Ex. F at 4.

20         Plaintiff's objection that the RFA callsRFAs call for a legal conclusion is

21 equally baseless.  By any fair reading of this requestthese requests, the RFAs simply

22 asks Plaintiff to admit or deny a fact – not to draw any legal conclusions.  Plaintiff

23 identifies no question of law or legal conclusion sought in these RFAs.  Moreover, it

24 is objectively clear that the Jokes At Issue are not literal, word-for-word copies of

25 Defendants' Monologue Jokes.  Nevertheless, in his supplemental responses to these

26 RFAs, Plaintiff maintained his objections and denials, with no justification.  *Id.*, Ex.

27 H.

28         Plaintiff's responses indicate a clear disregard for the requirements and purpose

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**

Glaser Weil

1157415

of Rule 36.  Plaintiff's repeated denials with no explanation cannot be said to be a fair response, especially in light of the further clarification and the indisputable fact that the jokes are simply not identical.  If Plaintiff's denials are based on anything but the substance of the request, which they must be given the obvious difference in the jokes, Plaintiff has an obligation to specifically qualify his response, which he has failed to do.  Plaintiff's supplemental responses to these RFAs demonstrate continued bad faith and evasiveness in responding to discovery.  Having already exhausted a supplemental response, and failing to respond accurately and in good faith, it is appropriate for the Court to deem these requests admitted.  *See e.g.,* ~~Defendants seek an admission establishing that certainty to focus any future infringement analysis. Thus, Defendants ask that this Court require Plaintiff to supplement his response, applying the commonly understood meaning of "identical."~~*In re TFT-LCD (Flat Panel) Antitrust Litigation*,  2011 WL 3566419, *4-5 (N.D. Cal. Aug. 12, 2011) (deeming responses inconsistent with Rule 36's underlying purpose admitted); *Ball-Rice v. Bd. of Educ. of Prince George's Cnty.*, 2013 WL 2299725, at *2 (D. Md. May 24, 2013) ("It is often appropriate to order the matter admitted where a party responds to a Rule 36 request in bad faith or does so evasively." ); *Louis v. Martinez*, 2011 WL 1832808, at *3-4 (N.D.W.Va. May 13, 2011) (deeming answers admitted where responding parties abused discovery process with multiple insufficient, evasive, and meritless responses).

Thus, Defendants request the Court deem RFA Nos. 2-5 admitted, in accordance with Fed. R. Civ. P. 36(a)(6).

### 2.   Requests for Admission Nos. 6-7

Interrogatory No. 6 asks Plaintiff to "[s]tate all facts relating to Defendants' opportunity to view or copy the Jokes At Issue." *Id*., Ex. ~~B~~A.  In response, Plaintiff answered "Respondent maintains a Facebook, twitter, and blog page that are all publicly available and accessible." *Id*., Ex. ~~D~~C.  Plaintiff's counsel has confirmed this is Plaintiff's complete response. *Id.,* Ex. F at 3.  However, RFA No. 6 asks

11

Plaintiff to "[a]dmit that the only evidence YOU have of Defendants' access to the Jokes At Issue prior to Defendants' alleged infringement is YOUR publication of the Jokes At Issue on your Twitter account, personal online blog, or Facebook page." *Id.*, Ex. B.  Similarly, RFA No. 7 asks Plaintiff to "[a]dmit that YOU are not aware of any Defendant following or viewing his online personal blog, Twitter account, or Facebook page prior to February 4, 2015." *Id.*  In his supplemental responses, Plaintiff denied each, claiming that "Respondent denies on the basis that he has a recollection of someone on the Conan show following Respondent on twitter at some point in time." *Id.*, Ex~~Plaintiff denied each.  *Id.*, Ex. D~~. H.

Plaintiff's supplemental responses to RFA Nos. 6 and 7 continue to contradict his response to Interrogatory No. 6.  Further, Plaintiff's belated, vague recollection of a nameless "Conan" show employee following him on Twitter is unavailing.  If this information were true, Plaintiff would have had this information when he initially responded to the Interrogatories and RFAs.  But Plaintiff has already confirmed his initial response to Interrogatory No. 6 is complete, without this new detail.  *Id.*, Ex. ~~Plaintiff's responses to RFA Nos. 6 and 7 directly contradict his response to Interrogatory No. 6.~~F at 3.  Plaintiff cannot now feign a conveniently ambiguous memory, unsupported by his own discovery responses or any evidence in this case, to avoid an admission where it is appropriate.  Parties responding to discovery requests "have a duty to provide true, explicit, responsive, and complete and candid answers to discovery, and their attorneys have a continuing duty to advise their clients of their duty to make honest, complete, non-evasive discovery disclosures." *Coburn v. PN II, Inc.*, 2008 WL 879746, at *2 (D. Nev. Mar. 28, 2008) (internal citation omitted). Moreover, "[a] responding party must supplement his initial disclosures and discovery responses if he learns that 'in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.'" *Lefever v. Nicholson*, 2012 WL 5406464, at *2 (D. Nev. Nov. 5, 2012)

Glaser Weil

1157415

1   (quoting Fed. R. Civ. P. 26(e)).  Here, there is no plausible way to read Plaintiff's

2   inconsistent responses to Interrogatory No. 6 and RFA Nos. 6 and 7 and reach the

3   conclusion that Plaintiff has met his duty to provide complete and candid answers.

4        Thus, Defendants respectfully request the Court ~~compel Plaintiff to supplement~~

5   ~~his response to these RFAs to be consistent with his response to Interrogatory~~

6   ~~No.~~ deem RFA Nos. 6~~. If Plaintiff stands by his denial to these RFAs, he must~~

7   ~~supplement his response to Interrogatory No. 6 to offer a complete set~~ and 7 admitted

8   in light of ~~facts that sufficiently justify the denials~~ Plaintiff's dishonesty, bad faith and

9   evasiveness in responding.

10  **III.    CONCLUSION**

11       Based on the foregoing, Defendants respectfully request that the Court compel

12  Plaintiff to supplement its responses to Interrogatory Nos. ~~1-4, 7-8,~~ 11-12~~,~~ and ~~15-16,~~

13  ~~and all RFAs, including supplementing~~ deem RFA Nos. 2-7 ~~to resolve the specific~~

14  ~~issues identified herein~~ admitted.  Because of Plaintiff's bad-faith failure to comply

15  with simple, essential discovery, Defendants additionally request monetary sanctions

16  for the fees and costs associated with bringing this motion, pursuant to 28 U.S.C. §

17  1927.

18       **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES**

19  **I.      RELEVANT BACKGROUND**

20       Plaintiff does not dispute the dates the discovery was served or the dates

21  responses were served.  *See* Declaration of Jayson M. Lorenzo ("Lorenzo Dec.") at ¶

22  2.  On or about May 9, 2016, Plaintiff's counsel received a letter from Defendant's

23  counsel which addressed some of the alleged deficiencies in Plaintiff's responses to

24  Defendant's Interrogatories, RFAs, as well as Defendant's Request for Production of

25  Documents.  *Id.,* at  ¶ 3, Exh. AA. Plaintiff's counsel read this letter prior to meeting

26  and conferring over the phone with Plaintiff's counsel on May 18, 2016.  *Id.* at ¶ 4.

27  Plaintiff's counsel sent Defendant's counsel a similar letter on or about May 13, 2016,

28  which addressed Defendants' alleged deficient responses to Plaintiff's discovery.  *Id.,*

Glaser Weil

at ¶ 5, Exh. BB.

Plaintiff's counsel did in fact meet with Defendant's counsel over the phone on May 18, 2016. *Id.* at ¶ 6. Both sides discussed the alleged deficiencies in both Plaintiff's responses to Defendant's discovery, as well as alleged deficiencies in Defendant's responses. Certain discovery disputes were solved, but others remained at issue. *Id.* at ¶ 6.

After the meeting, on May 19, 2016, Plaintiff's counsel received an e-mail from Defendant's counsel which purported to summarize the topics of discussion of the May 18, 2016 meeting. *Id.* at ¶ 7. With respect to Defendant's Interrogatories, Defendant's counsel stated, "You agreed to supplement responses to Conaco's Interrogatory Nos. 1-4, 7-8, 10-13, and 15-16." *Id.* With respect to Defendant's RFAs, Defendant attempted to summarize each of the RFAs at issue, including Nos. 2-5, 6-7, 8, and 9. *Id.* These specific RFAs will be addressed individually below. Furthermore, the end of Defendant's letter addresses supplemental responses, whereby he states, "No deadline to provide supplemental responses was discussed on the call.  In the interest of preventing any further delay, please confirm your client will provide supplemental responses by May 26.  We would prefer to resolve any discovery issues without involvement from the Court, but must be prepared to move in the event any supplemental responses are provided any later, or are otherwise unsatisfactory." *Id.*

Plaintiff's counsel responded to Defendant counsel's e-mail on May 23, 2016 with comments of his own. *Id.* at ¶ 8, Exh. DD. In this e-mail, he agreed with some of the comments made by Defendant's counsel, but took issue with others as he did not believe they accurately reflected the conversation. Plaintiff's counsel agreed to supplement some of Plaintiff's responses to both the Interrogatories and RFAs at a later date, stating, "I can agree to no later than June 1 for any supplements." *Id.*

Plaintiff's counsel followed up on this issue with an e-mail on May 31, 2016, where he stated "As promised I will have you supplemental responses to your office

14

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**

by tomorrow." *Id.* at ¶ 9, Exh. EE. If Defendant's counsel had an issues with timing, Plaintiff's counsel would have gladly agreed to extend any timing issues in light of the ongoing meet and confer efforts. *Id.*

On or about May 31, 2016, Defendant's counsel sent another e-mail to Plaintiff's counsel regarding Plaintiff's responses whereby Plaintiff's counsel stated, "Also, we cannot agree to a June 1 deadline for your client to supplement his deficient discovery responses. Accordingly, Defendants will move forward with a motion to compel regarding your client's deficient discovery responses." *Id*. at ¶ 10, Exh. FF.

Plaintiff's counsel sent an e-mail to Defendant's counsel the next day, June 1, 2016, which included documents responsive to Defendant's Request for Production of Documents, supplemental responses to Defendant's Interrogatories, as well as supplemental responses to Defendant's RFAs.  *Id*. at ¶ 11, Exh. GG.

## II.   DISPUTED DISCOVERY RESPONSES

### A.   INTERROGATORIES

#### 1.   Interrogatory ~~No. 1~~

~~Interrogatory No. 1 asks, "Separately, for each of the jokes at issue, identify the time, date, and forum for every instance of publication." Plaintiff's response reads, "Each of Respondent's jokes were created at Respondent's home.  Respondent creates the jokes prior to publishing them on the internet." *Id.* at ¶ 12, Exh. HH.~~

~~Plaintiff's supplemental response reads:~~

~~1.     Respondent posted it to his personal blog on January 14, 2015 at 4:14 pm.~~

~~2.     Respondent posted it to his: (1) Twitter account on February 3, 2015 at 8:49 am and (2) personal blog on February 3, 2015 at 9:02 am.~~

~~3.     Respondent posted it to his: (1) Twitter account on February 17, 2015 at 7:21 am; (2) his personal blog on February 17, 2015 at 11:20 am; and (3) Facebook page on February 17, 2015 at 4:31 pm.~~

~~4.     Respondent posted it on his: (1) Twitter account on June 9, 2015~~

15

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**

**Glaser Weil**

1   at 1:31 pm; and (2) his personal blog on June 9, 2015 at 11:05 am. *Id.* at ¶ 15, Exh. JJ.

2          Defendant argues that that Plaintiff's original response is deficient because

3   Plaintiff did not identify the exact time at his home when he published the jokes.

4   While it is certainly true that the exact dates were not included, Plaintiff's counsel did

5   not have access to that information and intended to supplement it after serving the

6   response, which he in fact did. Plaintiff believes this issue is moot as he has provided

7   supplemental responses.  *Id.* at ¶ 11.

8                  **2.      Interrogatory No. 2**

9          Interrogatory No. 2 reads, "Separately, for each of the jokes at issue, identify

10  the original and unique components you believe defendants have unlawfully copied."

11  Plaintiff objected "on the basis that the question calls for a legal conclusion and the

12  answer is set forth in Respondent's complaint." However, Plaintiff served a

13  supplemental response on June 1, 2016 which states "For each joke, Respondent

14  believes that the punch line was original and unique. Respondent also believes the

15  entire joke, meaning the combination of the premise and punch line was original and

16  unique." *Id.* at ¶ 15, Exh. JJ.

17         Plaintiff believes this issue is moot as he has provided supplemental responses.

18                 **3.      Interrogatory Nos. 3 and 4**

19         Interrogatory No. 3 reads, "For each of the jokes at issue, describe in detail

20  your conception, development, creation, and authorship." Plaintiff's supplemental

21  response reads:

22         1.      Watched Conan show and wanted to see if he could come up with a

23  similar joke because Respondent liked the first joke so much.

24         2.      Respondent came up with joke after reading an article that Tom Brady

25  planned to give Malcolm Butler the MVP Chevy truck following the Super Bowl in

26  2015.

27         3.      Respondent came up with the joke after reading an article about

28  reconstruction and preservation of the Washington Monument and that it was

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**

15cv01637-JLS-DHB

professionally measured shorter than previously reported, leading to a phallic joke.

    4.    Respondent came up with the joke after reading about Caitlyn Jenner's Malibu crash and articles relating to Caitlin Jenner.  Respondent was reading this while in his home.

    Plaintiff believes this issue is moot as he has provided supplemental responses. *Id.* at ¶ 15, Exh JJ.

    Interrogatory No. 4 reads, "For each of the JOKES AT ISSUE, state all facts relating to YOUR independent creation thereof, including specific details sufficient to identify the websites and/or other news and information sources you visited that provided the content to which each of the JOKES AT ISSUE relate." Plaintiff's response reads, "Respondent came up with the jokes after hearing about certain subjects in the news.  Discovery is continuing as to specific information sources." *Id.* at ¶ 12, Exh. HH. His supplemental response then adds, "Respondent does not recall specific websites or news sources, but is informed and believes the sources were online. Discovery is continuing as to specific information sources." *Id.* at ¶ 15, Exh. JJ.

    Plaintiff believes this issue is moot as he has provided supplemental responses. *Id.* at ¶ 11.

    **4.    Interrogatory Nos. 7 and 8**

    Interrogatory No. 7 reads, "State all facts establishing a chain of events linking the jokes at issue and defendants' access thereof." Plaintiff's response reads in part, "The interrogatory also is vague and ambiguous as the terms "chain of events". Respondent cannot provide an intelligent response without speculating as to the meaning." *Id.* at ¶ 12, Exh. HH. However, Plaintiff's supplemental response reads, "Respondent publishes his work in on the Internet without any restrictions to access. Anyone, including defendants and employees of the defendants may access his contents using a web browser." *Id.* at ¶ 15, Exh. JJ.

    Plaintiff believes this issue is moot as he has provided supplemental responses.

17

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**

15cv01637-JLS-DHB

1    ~~*Id.* at ¶ 11.~~

2    ~~Interrogatory No. 8 reads, "State all facts establishing the jokes at issue have~~

3    ~~been widely disseminated." Plaintiff's response reads, "Respondent further objects to~~

4    ~~this Interrogatory on the basis that the answer is set forth in Respondent's Complaint.~~

5    ~~The interrogatory also is vague and ambiguous as the terms "JOKES AT ISSUE have~~

6    ~~been widely disseminated." Respondent cannot provide an intelligent response~~

7    ~~without speculating as to the meaning." *Id.* at ¶ 12, Exh. HH. However, Plaintiff's~~

8    ~~supplemental response reads, "Respondent publishes his work in on the Internet~~

9    ~~without any restrictions to access. Anyone, including defendants and employees of~~

10   ~~the defendants may access his contents using a web browser." *Id.* at ¶ 15, Exh. JJ.~~

11   ~~Plaintiff believes this issue is moot as he has provided supplemental responses.~~

12   ~~*Id.* at ¶ 11.~~

13       ~~**5.    Interrogatory**~~ **Nos. 11 and 12**

14   Interrogatory No. 11 reads, "Identify every instance within the last five years in

15   which YOU have sold any of YOUR original content and identify the original content

16   YOU sold." Plaintiff's response reads, "Respondent further objects to this Request to

17   the extent it seeks information which is not relevant to any party's claim or defense

18   and is not reasonably calculated to lead to the discovery of relevant, admissible

19   evidence.  Respondent further objects that this question seeks information that is

20   private and confidential and my violate the privacy rights as to the third parties who

21   accepted submissions." *Id.* at ¶ 12, Exh. HH. However, after discussing the prospect

22   of a proposed protective order with opposing counsel, Plaintiff provided a

23   supplemental response to this Interrogatory, stating "Respondent will provide a

24   separate document for Attorney's Eyes Only." *Id.* at ¶ 15, Exh. JJ.

25       Interrogatory No. 12 reads, "Separately, for each instance identified in YOUR

26   response to Interrogatory No. 11, identify the contact information for each purchaser,

27   including name, address, phone number and email address and the amount of

28   compensation YOU received." Plaintiff's responded with the same exact objection he

**Glaser Weil**

18

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**

15cv01637-JLS-DHB

157415

1    asserted in Interrogatory No. 11. *Id.* at ¶ 12, Exh. HH.

2         Plaintiff has agreed to provide information subject to Attorney's Eyes Only.

3    However, the exact amounts paid, what was purchased and who paid them implicate

4    the trade secret information of third parties. *Id.* at ¶ 6. Pursuant to FRCP 26(c)(1)(G),

5    the court may issue protective orders limiting disclosure of trade secrets or other

6    confidential research, development, or commercial information. Fed. R. Civ. P.

7    26(c)(1)(G). When the court is entertaining issuing a protective order where trade

8    secrets are involved, the court will balance the risk of disclosure to competitors

9    against the risk that a protective order will impair prosecution or defense of the

10   claims. *Brown Bag Software v. Sumantec Corp.*, 960 F.2d 1465, 1470 (9th Cir.

11   1992).

12        It is well known that the "Conan" show is a late night talk show containing

13   comedic elements.  The amounts paid by competitors and what content was purchased

14   violates the confidential and trade secret information.  To the extent any information

15   Plaintiff has regarding competitors or potential competitors to Defendant, Plaintiff

16   must assert the appropriate objection.  Additionally, Defendant has filed a motion for

17   protective order, which is set to be heard on July 7, 2016.  Plaintiff requests that the

18   determination on these two interrogatories be continued until after the motion for

19   protective order as this interrogatory requests confidential information related to third

20   parties.

21        Plaintiff did want to also mention that, Defendants seeks information that  was

22   submitted in the last five years to third parties. *Id.* at ¶ 6.  Plaintiff sought similar

23   information on what jokes were submitted to Defendant as well what it has paid its

24   writers on its staff. *Id.* at ¶ 6.  Defendant refuses to answer Plaintiff's question, but

25   wants Plaintiff to provide similar information.  Either the information should be

26   shared mutually or it should not.  Plaintiff has brought a similar Joint Motion for

27   Determination of Discovery Dispute.  If Plaintiff is made to produce information

28   unrelated to the jokes that are the subject of the instant litigation then Defendant

**Glaser Weil**

19

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**

15cv01637-JLS-DHB

should share similar information.

**6.      Interrogatory Nos. 15 and 16**

Interrogatory No. 15 reads, "State all facts that support YOUR Copyright Infringement claim against DEFENDANTS, as alleged in the COMPLAINT." Plaintiff's response reads, "Respondent further objects to this Interrogatory on the basis that it is overbroad, vague and ambiguous and is already contained in Respondent's complaint." *Id*. at ¶ 12, Exh. HH.

Interrogatory No. 16 reads, "State all facts relating to YOUR contention in paragraph 29 of the COMPLAINT that DEFENDANTS' "infringement has been willful or deliberate." Plaintiff's response reads, "Respondent further objects to this Interrogatory on the basis that it is overbroad, vague and ambiguous and is already contained in Respondent's complaint." *Id*. at ¶ 12, Exh. HH.

Plaintiff originally did not provide supplemental responses on these questions. The facts of the case are straightforward. Shortly after jokes were posted on either Plaintiff's blog or twitter the same joke appeared on the "Conan" show. It is no secret, Plaintiff's position is that Defendants had access to Plaintiff's blog and twitter and Plaintiff's believes his jokes were taken and used on the "Conan" show. Plaintiff has since provided supplement responses related to these questions stating:

"Without waiving said objections Respondent responds as follows: On January 14, 2015, Plaintiff published a joke on this personal online blog. Later that same day a substantially similar joke appeared on the "Conan" show monologue. On February 3, 2015, Respondent published another joke on his personal online blog and Twitter.com account. The next day a substantially similar joke appeared on the "Conan" show monologue. On February 17, 2015, Respondent published another joke on his personal online blog and Twitter.com account, again later that same day a substantially similar joke appeared on the "Conan" show monologue. On June 9, 2015, Plaintiff published the another joke his personal online blog and Twitter.com account. Later that same day, a substantially similar joke appeared on the "Conan"

Glaser Weil

20

1  ~~show monologue.  Respondent publishes his work in on the Internet without any~~
2  ~~restrictions to access.  Anyone, including DEFENDANTS and employees of the~~
3  ~~DEFENDANTS may access his content using a web browser." *Id.* at ¶ 17, Exh. MM.~~

4      **B.**    **REQUESTS FOR ADMISSION**

5          **1.**    **Requests for Admission Nos. 2-5**

6         Requests for Admission Nos. 2-5 each request for Plaintiff to admit that none
7  of the JOKE Nos. 1-4 are identical to Defendants' JOKE Nos. 1-4.  Plaintiff's
8  response in each of these RFAs reads, "Respondent further objects to this Request on
9  the grounds that it is vague and ambiguous as to "identical" and the response calls for
10  a legal conclusion. Without waiving such objections Respondent Denies." *Id.* at ¶ 13,
11  Exh. II. However, Plaintiff subsequently supplemented his response by adding to each
12  of the four responses to RFA Nos. 2-5, "Without waiving said objections Respondent
13  Denies and is not denying on the basis of the objections." *Id.* at ¶ 16, Exh. KK.

14         Plaintiff believes this issue is moot as he has provided supplemental responses.
15  *Id.* at ¶ 11.  Plaintiff believes the jokes are identical.

16          **2.**    **Requests for Admission Nos. 6-7**

17         Request for Admission No. 6 reads, "Admit that the only evidence you have of
18  Defendants' access to the jokes at issue prior to Defendants' alleged infringement is
19  your publication of the jokes at issue on your Twitter account, personal online blog,
20  or Facebook page." Plaintiff's response reads, "Respondent further objects to this
21  Request on the grounds that it is compound, vague and ambiguous and that
22  Respondent cannot provide an intelligible response with speculation. Without waiving
23  said objections Respondent Denies." *Id.* at ¶ 13, Exh. II. However, Plaintiff
24  subsequently supplemented his responses by adding, "Without waiving said
25  objections Respondent Denies on the basis that he has a recollection of someone on
26  the Conan show following Respondent on twitter at some point in time." *Id.* at ¶ 16,
27  Exh. KK.

28         Plaintiff believes this issue is moot at it has provided supplemental responses.

**Glaser Weil**

1157415

1    *Id.* at ¶ 11.

2       Request for Admission No. 7 reads, "Admit that you are not aware of any

3 Defendant following or viewing your personal online blog, Twitter account, or

4 Facebook page prior to February 4, 2015." Plaintiff's response reads, "Respondent

5 further objects to this Request on the grounds that it is compound and that discovery

6 is continuing. Without waiving said objections Respondent Denies." *Id.* at ¶ 13, Exh.

7 II. However, Plaintiff subsequently supplemented his responses by adding, "Without

8 waiving said objections Respondent Denies on the basis that he has a recollection of

9 someone on the Conan show following Respondent on twitter at some point in time."

10 *Id.* at ¶ 16, Exh. KK.

11       Plaintiff believes this issue is moot at it has provided supplemental responses.

12 *Id.* at ¶ 11.

13 **III.**    <u>**CONCLUSION**</u>

14       From reviewing Defendant's segment of this Joint Motion, it is evident that

15 Defendant has not taken into consideration Plaintiff's supplemental discovery

16 responses which were served on June 1, 2016 and June 8, 2016. These responses

17 address the alleged deficiencies that Defendant's counsel has brought up during meet

18 and confer correspondence. Because the supplemental responses clear up these issues,

19 Plaintiff respectfully requests that the Court deny this motion.

20

21    DATED:  June 9, 2016          GLASER WEIL FINK HOWARD
                                      AVCHEN & SHAPIRO LLP

22

23

24                 By: */s/ Erica J. Van Loon*

25                     PATRICIA L. GLASER
                    ERICA J. VAN LOON

26                     NICHOLAS E. HUSKINS
                    BRITTANY ELIAS

27                     *Attorneys for Defendants*

28

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**

15cv01637-JLS-DHB

1157415

DATED:  June 9, 2016          JAYSON M. LORENZO

                              By: */s/ Jayson M. Lorenzo*
                                  JAYSON M. LORENZO
                                  *Attorney for Plaintiffs*

23

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**

1157415