Jayson M. Lorenzo, Esq. SBN 216973
jmlorenzo.esq@gmail.com
Attorney at Law
2794 Gateway Road, Suite 116
Carlsbad, CA 92009
Tel. (760) 517-6646
Fax (760) 520-7900

Attorney for Plaintiff
ROBERT ALEXANDER KASEBERG

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG, | ) Case No. 15-CV-01637-JLS-DHB |
| Plaintiff, | ) |
| vs. | ) |
| | ) **DECLARATION OF JAYSON M. LORENZO** |
| CONACO, LLC; TURNER BROADCASTING SYSTEM; TIME WARNER, INC.; CONAN O'BRIEN; JEFF ROSS; MIKE SWEENEY; DOES 1 – 10, inclusive, | ) |
| | ) Judge: Hon. David H. Bartick |
| Defendants. | ) |

_____

I, JAYSON M. LORENZO declare and state as follows:

1.     I am an attorney at law duly licensed to practice before all courts of the United States and am the attorney of record herein for Plaintiff ROBERT ALEXANDER KASEBERG.  I make this declaration in opposition to Defendants' position in the Joint Motion for Determination of Discovery Dispute. The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

2.     I do not dispute the dates the discovery was served or the dates responses were served.

3.     On or about May 9, 2016, I received a letter from Defendant's counsel, Nick Huskins, which addressed some of the alleged deficiencies in Plaintiff's responses to Defendant's

1  Interrogatories, RFAs, as well as Defendant's Request for Production of Documents. A true and
2  correct copy of the letter is attached hereto as **Exhibit AA**.

3       4.      I read this letter prior to meeting and conferring over the phone with Mr. Huskins on
4  May 18, 2016.

5       5.      I sent Mr. Huskins a similar letter on or about May 13, 2016, which addressed
6  Defendants' alleged deficient responses to Plaintiff's discovery requests. A true and correct copy of the
7  letter is attached hereto as **Exhibit BB.**

8       6.      I subsequently met and conferred with Mr. Huskins over the phone on May 18, 2016.
9  During this meeting, both sides discussed the alleged deficiencies in both Plaintiff's and Defendant's
10  discovery responses. Certain discovery disputes were solved as a result of this conversation, but others
11  remained at issue.

12       7.      After the meeting, on May 19, 2016, I received an e-mail from Mr. Huskins which
13  purported to summarize the topics conversation which took place during the meeting the day before.
14  With respect to Defendant's Interrogatories, Mr. Huskins stated, "You agreed to supplement responses
15  to Conaco's Interrogatory Nos. 1-4, 7-8, 10-13, and 15-16." With respect to Defendant's RFAs,
16  Defendant attempted to summarize each of the RFAs at issue, including Nos. 2-5, 6-7, 8, and 9. The
17  end of Mr. Huskins' letter addressed supplemental responses, whereby he stated, "**No deadline to**
18  **provide supplemental responses was discussed on the call**.  In the interest of preventing any further
19  delay, please confirm your client will provide supplemental responses by **May 26**.  We would prefer to
20  resolve any discovery issues without involvement from the Court, but must be prepared to move in the
21  event any supplemental responses are provided any later, or are otherwise unsatisfactory." A true and
22  correct copy of the e-mail correspondence is attached hereto as **Exhibit CC.**

23       8.      I responded to Mr. Huskins' e-mail on May 23, 2016 with comments of my own. In this
24  e-mail, I agreed with some of the comments made by Defendant's counsel, but took issue with others,
25  as I did not believe they accurately reflected the conversation. I agreed to supplement some of my
26  client's responses to both the Interrogatories and the RFAs at a later date by stating, "I can agree to no
27  later than June 1 for any supplements." A true and correct copy of my responses to Mr. Huskins' e-
28  mail is attached hereto as **Exhibit DD.**

DECLARATION OF JAYSON M. LORENZO

9.      I followed up on the issue of supplemental responses with another e-mail to Mr. Huskins on May 31, 2016, where I stated, "As promised I will have you supplemental responses to your office by tomorrow. If Mr. Huskins had any issues with timing, I would have gladly agreed to extend any timing issues in light of the ongoing meet and confer efforts. A true and correct copy of this e-mail is attached hereto as **Exhibit EE.**

10.      Notwithstanding my previous attempts to sort out the due date for supplemental responses, Mr. Huskins sent an e-mail to me on May 31, 2016 stating, "Also, we cannot agree to a June 1 deadline for your client to supplement his deficient discovery responses. Accordingly, Defendants will move forward with a motion to compel regarding your client's deficient discovery responses." A true and correct copy of this e-mail is attached hereto as **Exhibit FF.**

11.      I followed through on my promise to send Mr. Huskins my supplemental responses by June 1, 2016 via an e-mail I sent to him that very day which included documents responsive to Defendant's Request for Production of Documents, supplemental responses to Defendant's Interrogatories, as well as supplemental responses to Defendant's RFAs. A true and correct copy of this e-mail is attached hereto as **Exhibit GG.**

12.      A true and correct copy of Plaintiff's responses to Defendant's Interrogatories, Set One, is attached hereto as **Exhibit HH.**

13.      A true and correct copy of Plaintiff's responses to Defendant's RFAs, Set One, is attached hereto as **Exhibit II.**

14.      A true and correct copy of Plaintiff's supplemental responses to Defendants Interrogatories, Set One, is attached hereto as **Exhibit JJ.**

16.      A true and correct copy of Plaintiffs supplemental responses to Defendants RFAs, Set One, is attached hereto as **Exhibit KK.**

17.      A true and correct copy of Plaintiff's supplemental responses to Defendants Interrogatories, Set One, is attached hereto as **Exhibit LL.**

///

/

/

DECLARATION OF JAYSON M. LORENZO

1    I declare under penalty of perjury that the foregoing is true and correct.

2

3   Date:   06.08.2016                                    By:/s/ *Jayson M. Lorenzo*_____
                                                              JAYSON M. LORENZO
4                                                             Attorney for Plaintiff

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT AA

DECLARATION OF JAYSON M. LORENZO

# Glaser Weil

10250 Constellation Blvd.
19th Floor
Los Angeles, CA 90067
310.553.3000 TEL
310.556.2920 FAX

Nicholas E. Huskins

May 9, 2016

**Direct Dial**
310.282.6264
**Direct Fax**
310.785.3564
**Email**
nhuskins@glaserweil.com

VIA E-MAIL

Jayson M. Lorenzo
2794 Gateway Road
Carlsbad, CA 92009

Re:  **Robert Alexander Kaseberg v. Conaco, LLC, et al. Case No. 3:15-cv-01637**

Dear Mr. Lorenzo,

I write regarding deficiencies in Plaintiff Robert Alexander Kaseberg's ("Plaintiff" or "Kaseberg") responses to Defendant Conaco, LLC's ("Conaco") First Set of Interrogatories, Requests for Production of Documents and Things, and Requests for Admission, served April 25, 2016.

## 1.    Kaseberg's Responses to Conaco's First Set of Interrogatories

Kaseberg's Responses to Conaco's First Set of Interrogatories are deficient, inadequate, and improper.  For purposes of the parties' meet and confer, we provide the following summary of certain deficiencies:

### *Interrogatory Nos. 1 and 6:*

Interrogatory No. 1 seeks the time, date, and forum for every instance of *publication* for the jokes at issue.  However, Kaseberg's response fails to provide any of the requested information concerning the publication of the jokes.  Instead, Kaseberg responds as follows: "Each of Respondent's jokes were *created* at home.  Respondent creates the jokes prior to publishing them on the internet."  Information identifying exactly where and when each of the jokes at issue were published is crucial in determining the possibility of Defendants' access to Kaseberg's jokes prior to the independent creation of the allegedly infringing jokes featured in the "Conan" show monologue.  Thus, this response must be supplemented to sufficiently answer Interrogatory No. 1.

Interrogatory No. 6 asks for all facts relating to Defendants' opportunity to view or copy the jokes at issue.  In response, Kaseberg provides, "Respondent maintains a facebook, twitter and blog page that are all publicly available and accessible."  However, Kaseberg denied Request for Admission No. 6, which sought an admission that the only evidence of Defendants' access to

May 9, 2016
Page 2

the jokes at issue prior to any alleged infringement was the publication of such on Kaseberg's twitter account, facebook page, or personal online blog. Clearly, the responses to Interrogatory No. 6 and Request for Admission No. 6 are in conflict with each other.

Defendants' access is a critical issue in this litigation. If Kaseberg has additional information of Defendants' opportunity to view the jokes at issue beyond what is provided in his response to Interrogatory No. 6, he must supplement his response to include such information. Alternatively, if Kaseberg has no additional evidence of access beyond the response provided, he must supplement Request for Admission No. 6 to accurately reflect this.

### *Interrogatory Nos. 2 and 5:*

Interrogatory No. 2 seeks the identification of the original and unique components of the jokes at issue that Kaseberg believes Defendants unlawfully copied. Kaseberg responded, "the answer is set forth in Respondent's complaint." First, general references to a pleading are an insufficient answer to an Interrogatory. *See e.g., Guerrero v. McClure*, 2011 WL 4566130, at *6 (E.D. Cal. Sept. 29, 2011) (holding "responses merely referring to the allegations of [plaintiff's] complaint are insufficient" and ordering respondent to supplement their responses); *Pacific Lumber Co. v. National Union Fire Ins. Co.*, 2005 WL 318811, at *4 (N.D. Cal. Jan. 5, 2005) ("[r]esponding to an interrogatory with a reference to another interrogatory or to a document or pleading is improper."); *United States ex rel. O'Connell v. Chapman University,* 245 F.R.D. 646, 650 (C.D. Cal. 2007) ("an interrogatory should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories"). Moreover, none of the allegations in the Complaint are sufficient to identify the unique and original aspects of Kaseberg's allegedly infringed jokes.

The copyright protected aspects of the jokes at issue are central to Kaseberg's lone claim for copyright infringement. Through initial disclosures, Defendants presented significant evidence of numerous third-parties publishing substantially similar jokes to those in which Kaseberg claims protection. Yet, Kaseberg has yet to provide any information sufficient to identify what aspects of the jokes at issue Kaseberg believes to be unique and original expression sufficient to warrant copyright protection. Thus, Conaco requests Kaseberg supplement his response to Interrogatory No. 2 to describe the alleged copyrighted material, to the extent it exists.

Interrogatory No. 5 asks for *all facts* relating to Kaseberg's ownership of the copyrights related to the jokes at issue. An adequate response to this Interrogatory should include detailed facts and dates for the conception, creation, publication, and exploitation of the jokes at issue. Instead, Kaseberg merely offers "Respondent has registered copyrights for the jokes created."

Again, Kaseberg's ownership of a valid copyright in the jokes at issue are essential to his claim. If Kaseberg intends to rely on additional evidence concerning his creation and ownership of the jokes at issue, such information must be supplemented.

May 9, 2016
Page 3

### *Interrogatory No. 4*

Interrogatory No. 4 asks for the identification of websites and/or news sources that provided the content in which Kaseberg's jokes at issue relate.  In response, Kaseberg answered "Discovery is continuing as to specific information sources."  Conaco fails to see how additional time and discovery would reveal sources that should already be known to Kaseberg.  This information is crucial in analyzing the originality of the jokes at issue.  Please supplement your response.

### *Interrogatory Nos. 7 and 8*

Interrogatory No. 7 asks Kaseberg to "[s]tate all facts establishing a chain of events linking the jokes at issue and Defendants' access thereof."  Interrogatory No. 8 asks Kaseberg to "[s]tate all facts establishing the jokes at issue have been widely disseminated."  In response to each, Kaseberg stated "Respondent cannot provide an intelligent response without speculating as to the meaning of "chain of events" and "widely disseminated", respectively.

First, Instruction No. 3 of the Interrogatories propounded by Conaco on March 24, 2016 clearly provides that "If [Kaseberg] object[s] to any meaning of any term in any interrogatory herein as unclear to [Kaseberg], [Kaseberg] shall assume a reasonable meaning, state what the assumed meaning is, and respond to the request according to the assumed meaning."  Kaseberg has failed to comply with this instruction, offering no attempt to apply reasonable meaning to these commonly-used phrases or otherwise provide a narrative response.  Kaseberg cannot avoid his discovery obligations by claiming ordinary phrases and terms are "vague" and "ambiguous."

By way of clarity, in the Ninth Circuit circumstantial evidence of reasonable access is proven in one of two ways: (1) a particular *chain of events* is established between the plaintiff's work and the defendant's access to that work (such as through dealings with a publisher or record company); or (2) the plaintiff's work has been *widely disseminated.  See Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000).  Kaseberg should apply the meaning as understood by the Ninth Circuit to the purportedly "vague" and "ambiguous" terms in question, and supplement his response accordingly.

### *Interrogatory Nos. 10-13*

With respect to Interrogatory Nos. 10-13, Kaseberg provides no substantive, narrative response on the basis of objections concerning the privacy rights of third-parties.  Conaco notes Defendants have made efforts to enter a protective order in this case to protect the privacy of non-parties.  Defendants are willing to continue to work with Kaseberg to ensure the protective order provides adequate protection sufficient to cover responses to these Interrogatories.  However, this information is crucial in determining damages, and must be provided.  Please supplement these responses.

May 9, 2016
Page 4

### Interrogatory Nos. 15 and 16

Interrogatory Nos. 15 and 16 seek the factual basis and grounds for Kaseberg's copyright claim against Defendants, and the support for Kaseberg's contention that the alleged infringement was willful.  Despite Kaseberg's boilerplate objections, the Federal Rules and Ninth Circuit have expressly permitted  parties to propound such contention interrogatories. *See* Fed. R. Civ. P. 33(c) ("An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact."); *accord O'Connor v. Boeing North America, Inc.*, 185 F.R.D. 272, 281 (C.D. Cal. 1999) (holding contention interrogatories are permissible and acceptable).

In response, Kaseberg offered only "Respondent further objects to this Interrogatory on the basis that it is overbroad, vague and ambiguous and is already contained in Respondent's complaint."  Setting aside the improper, boilerplate "overbroad, vague and ambiguous" objections, as previously noted, such a general reference to the complaint is an inadequate Interrogatory response.[1]  *See Guerrero*, 2011 WL 4566130, at *6; *Pacific Lumber*, 2005 WL 318811, at *4; *United States ex rel. O'Connell*, 245 F.R.D. at 650; *see also McClellan v. Kern Cty. Sheriff's Office*, 2015 WL 4598871, at *4 (E.D. Cal. July 28, 2015) (holding Interrogatory responses that refer to Plaintiffs' complaint insufficient and ordering respondent to supplement Interrogatory responses).

Thus, Kaseberg's responses to the above-mentioned Interrogatories are evasive, inadequate, and unresponsive.  Please supplement these responses such that they provide a complete, narrative response offering the factual basis for the claims, allegations, and contentions advanced by Kaseberg.

### 2.      Kaseberg's Responses to Conaco's First Set of Requests for Production

Kaseberg's Responses to Conaco's First Set of Requests for Production of Documents are deficient and fail to comply with the Federal Rules.  For purposes of the parties meet and confer, we provide the following summary of certain deficiencies:

First, under the revised Federal Rule of Civil Procedure 34 ("Rule 34"), a responding party is required to state whether responsive documents will be produced as requested, or in the alternative, state whether "any responsive materials are being withheld" on the basis of a specific objection. Fed. R. Civ. P. 34(b)(2)(C).  With respect to Request Nos. 1, 35-36, 38-39, 45-47, and 52, Kaseberg objected but failed to state whether he intends to produce responsive documents.  Such a response is improper.  Kaseberg must state whether he will produce documents and by when, or indicate if documents are being withheld.  Moreover, Kaseberg's responses fail to

---

[1] Kaseberg's responses to Interrogatory Nos. 2 and 4 also improperly reference the Complaint while failing to provide any additional facts or narrative.  These must be supplemented to provide complete, narrative responses.

May 9, 2016
Page 5

indicate whether any responsive materials are being withheld at all.  If Kaseberg is withholding any responsive documents, he must affirmatively state so, and identify the specific objection that serves as the basis for such.

Second, the Advisory Committee Notes to the 2015 Amendment of Rule 34 require the responding party to specifically identify a "reasonable time" for the production of responsive documents.  Kaseberg indicated he will be producing documents in response to Request Nos. 2-3, 5-34, 37, 40-44, 48-51, and 53-56, but failed to provide any sort of time frame for production, and, to date, has not produced a single document beyond those exchanged through initial disclosures.  We request that Kaseberg specify when his production will be completed.

Third, Kaseberg's responses to Requests Nos. 2 and 41 improperly limit the scope of the documents requested to those that relate only to the jokes at issue.  Consistent with the aforementioned requirements of Rule 34, Kaseberg must identify whether any documents are being withheld on the basis of these limitations, and, if so, identify which objection serves as the basis for such.

### 3.   Kaseberg's Response to Conaco's First Set of Requests for Admission

Kaseberg's Responses to Conaco's First Set of Requests for Admission are deficient and raise questions about the integrity of Kaseberg's denials.  For purposes of the parties' meet and confer, we provide the following summary of certain deficiencies:

Request for Admission Nos. 2-5 seek an admission that the allegedly infringing jokes purportedly authored by Kaseberg are not identical to the corresponding joke featured in the "Conan" show monologue.  This fact is indisputable – a simple review of each will demonstrate the jokes are not word-for-word copies of each other.  Nevertheless, Kaseberg denied Requests for Admission Nos. 2-5 after asserting "vague and ambiguous" objections as to the word "identical."

Request for Admission No. 9 seeks an admission that Kaseberg is aware of numerous third-parties publishing jokes similar to those at issue.  Similarly, Request for Admission Nos. 10-13 seek an admission that the third-party tweets attached as Exhibits to the Requests were published prior to Kaseberg's first publication of the jokes at issue.  Again, the timestamps of the tweets attached as Exhibits unquestionably demonstrate that they were published prior to Kaseberg's own joke on the same topic.  Yet, Kaseberg objects to the use of "published" as vague and ambiguous, then denies.

Request for Admission No. 8 seeks an admission "that each and every one of the jokes at issue utilizes a standard, two-line, setup-punchline formula, in which the setup conveys a factual recitation of a then-current event or news story, and the punchline conveys a humorous take on

May 9, 2016
Page 6

the aforementioned current event or news story."  Kaseberg objected to the terms "standard", "setup", and "humorous take" before denying.

Conaco's Requests for Admission included an instruction which provides "If [Kaseberg] object[s] to any meaning of any term in any Request herein as unclear to [Kaseberg], [Kaseberg] shall assume a reasonable meaning, state what the assumed meaning is, and respond to the Request according to the assumed meaning."  Again, Kaseberg made no attempt to comply with this instruction, despite objecting to a particular word or term in his response to each of the aforementioned Requests for Admission.  Conaco requests that Kaseberg follow this instruction, and supplement his responses to these requests thusly.

Request for Admission No. 6 seeks an admission that Kaseberg has no evidence of Defendants' access to Kaseberg's jokes beyond his publication of such on the Internet.  Similarly, Request for Admission No. 7 seeks an admission that Kaseberg and has no personal knowledge of Defendants' viewing the jokes on the outlets they were published prior to February 4, 2015.  Kaseberg denied both.  As previously noted, Kaseberg's denials to these Requests for Admission conflict with his response to Interrogatory No. 6.  Kaseberg must supplement his responses to resolve this discrepancy.

For all of the responses detailed in this section, it is unclear whether Kaseberg is specifically denying as to the substance of the request, or merely denying on this basis of his vague and ambiguous objections.  If such denials are based on his objections, Kaseberg must explicitly state so, and explain in detail why his denial prevents him from admitting or denying the request as drafted.  Fed. R. Civ. P. 36(a)(4) ("If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it").

If Kaseberg contends that such denials are not based on his objections, Conaco notes that Federal Rule 36 provides "[a] denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."  *Id.*  Further, Rule 36 requires absolute good faith and truthfulness in a response, and any responses which seek to evade or to avoid, short of a frank statement that the party cannot truthfully respond, stating the reasons or grounds therefor, will not be countenanced.  *Dulansky v. Iowa-Illinois Gas & Elec. Co.*, 92 F. Supp. 118 (S.D. Iowa 1950).  With these rules in mind, and confronted with contradictory information, Conaco requests Kaseberg supplement any response for which he cannot honestly, and in good faith, deny.  Absent such, Conaco will pursue a motion seeking a judicial determination of the sufficiency of such responses pursuant to Fed. R. Civ. P. 36(a)(6).

Pursuant to Local Rule Cv 26.1(a), we request to meet and confer on both the discovery issues outlined above as well as the parties' inability to reach a resolution concerning the protective order.  In order to facilitate the production of documents and other discovery, it is imperative we resolve these issues as soon as possible.  We hope to resolve all of the

May 9, 2016
Page 7

aforementioned issues without intervention from the Court.  To that end, please confirm your availability to meet and confer on the above on Thursday, May 12, at 2:30 pm.  Otherwise, please provide a time in the next ten days in which you are available.

Sincerely,

NICHOLAS E. HUSKINS
for GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP

1182045.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT BB

# JAYSON M. LORENZO
### Attorney at Law
2794 Gateway Road, Suite 116
Carlsbad, CA 92009
Telephone (760) 517-6646
Fax (760) 520-7900

May 13, 2016

Nicholas E. Huskins
Glaser Weil Fink Howard Avchen & Shapiro LLP
10250 Constellation Blvd. 19th Floor
Los Angeles, CA 90067

Re:     Kasebert v. Conaco, LLC, et al.

Dear Mr. Huskins:

I am in receipt of your letter dated May 9, 2016, addressing your contended deficiencies in my client's responses to Conaco, LLC's First Set of Interrogatories, Requests for Production of Documents and Things, and Requests for Admission, served April 25, 2016. This letter is to address some of the deficiencies I have found with respect to each of Conaco's, Conan O' Brien's, Jeff Ross', Mike Sweeney's, TBS's, and Time Warner's (collectively "Defendants") responses to Plaintiff's Special Interrogatories, Set One, and Plaintiff's Request for Production of Documents and Things, Set One, received on April 18, 2016.

## 1.  Conaco LLC's  Responses to Plaintiff's Special Interrogatories, Set One

Conaco LLC's Responses to the following Interrogatories propounded in Plaintiff's Special Interrogatories, Set one are deficient, inadequate, and improper. For purposes of the parties' meet and confer, I provide the following summary of certain deficiencies:

### *General Objection No. 4/Objection to definition of "YOUR."*

In serving its Special Interrogatories, Set One, Plaintiff included an "Instructions" and "Definitions" section. In that definition section, Plaintiff defines "YOUR" to include:

"Defendant individually and collectively, and his or her, its or their affiliates and parent company and anyone acting on their, his or her behalf, including, but not limited to, past and present officers, directors, shareholders, agents, employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in their, his or its interest, on their, her or its behalf, or at their, her or its request, and each of them."

However, In General Objection No. 4, Defendant objects to the definitions and instructions "as overly broad and unduly burdensome to the extent that they seek information that exceeds

the permissible scope of discovery and information or documents that are neither relevant nor proportional to the needs of the case." In addition, Defendant objects in almost every response to the definition of "YOUR" and seeks to limit the definition to only "Conaco, LLC, and its directors, officers, and employees only."

This limited definition selected by Defendant does not fully encompass the individuals who may have been involved in the acts as alleged in the complaint. To limit the definition to Defendant's chosen definition is to leave out former employees, independent contractors, and other agents who may have been involved in the alleged infringing acts.

As you are likely aware, the use of reasonable definitions prefacing a series of interrogatories is not prohibited by the FRCP. *See Diversified Products Corp. v. Sports Center Co.,* 42 F.R.D. 3, 10 (M.D. Dc. 1967). With this in mind, Plaintiff asks Defendant to amend its responses to remove General Objection No. 4, and also remove each objection that seeks to limit Plaintiff's defined term, "YOUR," to only Conaco LLC, its directors, officers, and employees.

### ___Interrogatory Nos. 1, 2, and 3___

Interrogatory No. 1 asks Defendant to "IDENTIFY YOUR annual gross revenues in 2015." Defendant objects to this interrogatory on the grounds that:
 1) The term "annual gross revenues" is vague and ambiguous in that if fails to specifically identify what revenue information it seeks from Conaco;
 2) Annual gross revenues are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes;
 3) The interrogatory is overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defends and is not proportional to the needs of the case;
 4) The interrogatory seeks confidential information prior to the entry of a suitable protective order; and
 5) The interrogatory seeks information which is subject to certain confidentiality provisions between Conaco and/or its affiliated companies which may not be disclosed absent the consent of the parties to such contracts.

Information with respect to Defendant's annual gross revenues is essential to Plaintiff's claim for copyright infringement because that information relates to damages, an essential element of Plaintiff's claim.  17 USC 504(b) states (b) Actual Damages and Profits.— The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

My client has the burden of showing your client's gross revenue and your client is required to prove deductible expenses.  Thus, financial information is relevant to my client's claim and he is entitled to know what your client's gross revenues are and what your client is

claiming as deductible expenses. Furthermore, the term "annual gross revenues" doesn't need to be defined. It is simple enough for a lay person to understand, as "annual" means yearly and "gross revenues" means income before expenses. There is no ambiguity in the term. Furthermore, the second and third objections based on relevance are unwarranted, as I have already stated that this information is crucial to proving Plaintiff's damages. As to the fourth and fifth objections, ones based on confidentiality, as you know we have already met and conferred regarding a proposed protective order.  Your office has taken the position that financial information should be for attorneys eyes only.  I did not agree based on the 17 USC 504(b). Based on that your office stated it would take it up with the Judge, yet no motion for protective order has been filed.  If we cannot agree on the production of documents and you do not file for a protective order I will simply go ahead and file motion to compel.

_Interrogatory No. 2_ asks Defendants to "identify all witnesses and persons who calculate and/or determine your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory No. 1. Determining the identity of these people is necessary for Plaintiff to prove his damages for Defendant's infringement, as alleged in the Complaint. For the same reasons listed above in Interrogatory No. 1, Plaintiff requests that Defendant provide this information.

_Interrogatory No. 3_ asks Defendants to "Identify all documents that relate to your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory Nos. 2 and 3, with the addition of objections claiming that identifying "all documents" is "not proportional to the needs of the case," and that the documents "are not reasonably accessible because of undue burden and cost." Plaintiff believes that these documents are relevant and inquiry into these documents is reasonably calculated to lead to the discovery of admissible evidence because the documents themselves establish claimed damages. Without these documents, it is impossible for Plaintiff to establish damages for the infringement claim. Furthermore, Plaintiff fails to see what undue burden and cost will be sustained by Defendant by merely "identifying" the documents. This is not a request for production. For these reasons in addition to those listed in Interrogatory No. 1, Defendant should provide this information.

### _Interrogatory No. 5_

Interrogatory No. 5 asks for the gross revenue or annual salary of each person listed in Interrogatory No. 4. The people listed in Interrogatory No. 4 were those individuals on Defendant's writing staff who wrote, created, and/or edited the jokes at issue.  Defendant objects to this Interrogatory on the following grounds:
  1) It seeks information which is not relevant to any party's claim or defense and is not proportional to the needs of the case;
  2) It seeks the identification of confidential information prior to the entry of a suitable protective order;
  3) Gross revenues or annual salaries of the writing staff or writing interns are irrelevant;
  4) The information is privileged.

Once again, the information sought is relevant and this interrogatory is reasonably calculated to lead to the discovery of admissible evidence to prove Plaintiff's claimed damages for

infringement. In addition to the annual gross revenues of Conaco as a whole, the individual salaries of those who published the alleged infringing jokes have a direct relationship to Plaintiff's damages. These individuals are undoubtedly paid in part based on the jokes that they submit. If Defendant plans to move for a protective order, it is insufficient to merely object that the interrogatory is seeking identification of confidential information prior to the entry of a suitable protective order unless that party has already moved for a protective order. *See American Rock Salt Co. v. Norfolk Southern Corp.,* 228 F.R.D. 426 (W.D. Ny. 2005).

### 2.  Conan O' Brien's Responses to Plaintiff's Special Interrogatories, Set One

Defendants' Responses to the following Interrogatories propounded in Plaintiff's Special Interrogatories, Set one are deficient, inadequate, and improper. For purposes of the parties' meet and confer, I provide the following summary of certain deficiencies:

### *General Objection No. 4/Objection to definition of "YOUR."*

In serving its Special Interrogatories, Set One, Plaintiff included an "Instructions" and "Definitions" section. In that definition section, Plaintiff defines "YOUR" to include:

"Defendant individually and collectively, and his or her, its or their affiliates and parent company and anyone acting on their, his or her behalf, including, but not limited to, past and present officers, directors, shareholders, agents, employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in their, his or its interest, on their, her or its behalf, or at their, her or its request, and each of them."

However, In General Objection No. 4, Defendant objects to the definitions and instructions "as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and information or documents that are neither relevant nor proportional to the needs of the case." In addition, Defendant objects in almost every response to the definition of "YOUR" and seeks to limit the definition to only "Conaco, LLC, and its directors, officers, and employees only."

This limited definition selected by Defendant does not fully encompass the individuals who may have been involved in the acts as alleged in the complaint. To limit the definition to Defendant's chosen definition is to leave out former employees, independent contractors, and other agents who may have been involved in the alleged infringing acts.

As you are aware, the use of reasonable definitions prefacing a series of interrogatories is not prohibited by the FRCP. *See Diversified Products Corp. v. Sports Center Co.,* 42 F.R.D. 3, 10 (M.D. Dc. 1967). With this in mind, Plaintiff asks Defendant to amend its responses to remove General Objection No. 4, and also remove each objection that seeks to limit Plaintiff's defined term, "YOUR," to only Conaco LLC, its directors, officers, and employees.

### *Interrogatory Nos. 1, 2, and 3*

Interrogatory No. 1 asks Defendant to "IDENTIFY YOUR annual gross revenues in 2015." Defendant objects to this interrogatory on the grounds that:

1) The term "annual gross revenues" is vague and ambiguous in that if fails to specifically identify what revenue information it seeks from Conaco;

2) Annual gross revenues are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes;

3) The interrogatory is overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defends and is not proportional to the needs of the case;

4) The interrogatory seeks confidential information prior to the entry of a suitable protective order; and

5) The interrogatory seeks information which is subject to certain confidentiality provisions between Conaco and/or its affiliated companies which may not be disclosed absent the consent of the parties to such contracts.

Information with respect to Defendant's annual gross revenues is essential to Plaintiff's claim for copyright infringement because that information relates to damages, an essential element of Plaintiff's claim. 17 USC 504(b) states (b) Actual Damages and Profits.— The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

My client has the burden of showing your client's gross revenue and your client is required to prove deductible expenses. Thus, financial information is relevant to my client's claim and he is entitled to know what your client's gross revenues are and what your client is claiming as deductible expenses. Furthermore, the term "annual gross revenues" doesn't need to be defined. It is simple enough for a lay person to understand, as "annual" means yearly and "gross revenues" means income before expenses. There is no ambiguity in the term. Furthermore, the second and third objections based on relevance are unwarranted, as I have already stated that this information is crucial to proving Plaintiff's damages. As to the fourth and fifth objections, ones based on confidentiality, as you know we have already met and conferred regarding a proposed protective order. Your office has taken the position that financial information should be for attorneys eyes only. I did not agree based on the 17 USC 504(b). Based on that your office stated it would take it up with the Judge, yet no motion for protective order has been filed. If we cannot agree on the production of documents and you do not file for a protective order I will simply go ahead and file motion to compel.

*Interrogatory No. 2* asks Defendants to "identify all witnesses and persons who calculate and/or determine your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory No. 1. Determining the identity of these people is necessary for Plaintiff to prove his damages for Defendant's infringement, as alleged in the Complaint. For the same reasons listed above in Interrogatory No. 1, Plaintiff requests that Defendant provide this information.

*Interrogatory No. 3* asks Defendants to "Identify all documents that relate to your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory Nos. 2 and 3, with the addition of objections claiming that identifying "all documents" is "not proportional to the needs of the case," and that the documents "are not reasonably accessible because of undue burden and cost." Plaintiff believes that these documents are relevant and inquiry into these documents is reasonably calculated to lead to the discovery of admissible evidence because the documents themselves establish claimed damages. Without these documents, it is impossible for Plaintiff to establish damages for the infringement claim. Furthermore, Plaintiff fails to see what undue burden and cost will be sustained by Defendant by merely "identifying" the documents. This is not a request for production. For these reasons in addition to those listed in Interrogatory No. 1, Defendant should provide this information.

### *Interrogatory No. 5*

Interrogatory No. 5 asks for the gross revenue or annual salary of each person listed in Interrogatory No. 4. The people listed in Interrogatory No. 4 were those individuals on Defendant's writing staff who wrote, created, and/or edited the jokes at issue.  Defendant objects to this Interrogatory on the following grounds:

1) It seeks information which is not relevant to any party's claim or defense and is not proportional to the needs of the case;

2) It seeks the identification of confidential information prior to the entry of a suitable protective order;

3) Gross revenues or annual salaries of the writing staff or writing interns are irrelevant;

4) The information is privileged.

Once again, this information is relevant and the interrogatory is reasonably calculated to lead to the discovery of admissible evidence to prove Plaintiff's claimed damages for infringement. In addition to the annual gross revenues of Conaco as a whole, the individual salaries of those who published the alleged infringing jokes have a direct relationship to Plaintiff's damages. These individuals are undoubtedly paid in part based on the jokes that they submit. If Defendant plans to move for a protective order, it is insufficient to merely object that the interrogatory is seeking identification of confidential information prior to the entry of a suitable protective order unless that party has already moved for a protective order. *See American Rock Salt Co. v. Norfolk Southern Corp.,* 228 F.R.D. 426 (W.D. Ny. 2005).

### 3.  Jeff Ross'  Responses to Plaintiff's Special Interrogatories, Set One

Jeff Ross' Responses to the following Interrogatories propounded in Plaintiff's Special Interrogatories, Set one are deficient, inadequate, and improper. For purposes of the parties' meet and confer, I provide the following summary of certain deficiencies:

### *General Objection No. 4/Objection to definition of "YOUR."*

In serving its Special Interrogatories, Set One, Plaintiff included an "Instructions" and

"Definitions" section. In that definition section, Plaintiff defines "YOUR" to include:

"Defendant individually and collectively, and his or her, its or their affiliates and parent company and anyone acting on their, his or her behalf, including, but not limited to, past and present officers, directors, shareholders, agents, employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in their, his or its interest, on their, her or its behalf, or at their, her or its request, and each of them."

However, In General Objection No. 4, Defendant objects to the definitions and instructions "as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and information or documents that are neither relevant nor proportional to the needs of the case." In addition, Defendant objects in almost every response to the definition of "YOUR" and seeks to limit the definition to only "Conaco, LLC, and its directors, officers, and employees only."

This limited definition selected by Defendant does not fully encompass the individuals who may have been involved in the acts as alleged in the complaint. To limit the definition to Defendant's chosen definition is to leave out former employees, independent contractors, and other agents who may have been involved in the alleged infringing acts.

As you are aware, the use of reasonable definitions prefacing a series of interrogatories is not prohibited by the FRCP. *See Diversified Products Corp. v. Sports Center Co.,* 42 F.R.D. 3, 10 (M.D. Dc. 1967). With this in mind, Plaintiff asks Defendant to amend its responses to remove General Objection No. 4, and also remove each objection that seeks to limit Plaintiff's defined term, "YOUR," to only Conaco LLC, its directors, officers, and employees.

### *Interrogatory Nos. 1, 2, and 3*

Interrogatory No. 1 asks Defendant to "IDENTIFY YOUR annual gross revenues in 2015." Defendant objects to this interrogatory on the grounds that:
  1) The term "annual gross revenues" is vague and ambiguous in that if fails to specifically identify what revenue information it seeks from Conaco;
  2) Annual gross revenues are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes;
  3) The interrogatory is overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defends and is not proportional to the needs of the case;
  4) The interrogatory seeks confidential information prior to the entry of a suitable protective order; and
  5) The interrogatory seeks information which is subject to certain confidentiality provisions between Conaco and/or its affiliated companies which may not be disclosed absent the consent of the parties to such contracts.

Information with respect to Defendant's annual gross revenues is essential to Plaintiff's claim for copyright infringement because that information relates to damages, an essential element of Plaintiff's claim. 17 USC 504(b) states (b) Actual Damages and Profits.— The

copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

My client has the burden of showing your client's gross revenue and your client is required to prove deductible expenses. Thus, financial information is relevant to my client's claim and he is entitled to know what your client's gross revenues are and what your client is claiming as deductible expenses. Furthermore, the term "annual gross revenues" doesn't need to be defined. It is simple enough for a lay person to understand, as "annual" means yearly and "gross revenues" means income before expenses. There is no ambiguity in the term. Furthermore, the second and third objections based on relevance are unwarranted, as I have already stated that this information is crucial to proving Plaintiff's damages. As to the fourth and fifth objections, ones based on confidentiality, as you know we have already met and conferred regarding a proposed protective order. Your office has taken the position that financial information should be for attorneys eyes only. I did not agree based on the 17 USC 504(b). Based on that your office stated it would take it up with the Judge, yet no motion for protective order has been filed. If we cannot agree on the production of documents and you do not file for a protective order I will simply go ahead and file motion to compel.

*Interrogatory No. 2* asks Defendants to "identify all witnesses and persons who calculate and/or determine your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory No. 1. Determining the identity of these people is necessary for Plaintiff to prove his damages for Defendant's infringement, as alleged in the Complaint. For the same reasons listed above in Interrogatory No. 1, Plaintiff requests that Defendant provide this information.

*Interrogatory No. 3* asks Defendants to "Identify all documents that relate to your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory Nos. 2 and 3, with the addition of objections claiming that identifying "all documents" is "not proportional to the needs of the case," and that the documents "are not reasonably accessible because of undue burden and cost." Plaintiff believes that these documents are relevant and inquiry into these documents is reasonably calculated to lead to the discovery of admissible evidence because the documents themselves establish claimed damages. Without these documents, it is impossible for Plaintiff to establish damages for the infringement claim. Furthermore, Plaintiff fails to see what undue burden and cost will be sustained by Defendant by merely "identifying" the documents. This is not a request for production. For these reasons in addition to those listed in Interrogatory No. 1, Defendant should provide this information.

## *Interrogatory No. 5*

Interrogatory No. 5 asks for the gross revenue or annual salary of each person listed in Interrogatory No. 4. The people listed in Interrogatory No. 4 were those individuals on Defendant's writing staff who wrote, created, and/or edited the jokes at issue. Defendant objects

to this Interrogatory on the following grounds:

  1) It seeks information which is not relevant to any party's claim or defense and is not proportional to the needs of the case;

  2) It seeks the identification of confidential information prior to the entry of a suitable protective order;

  3) Gross revenues or annual salaries of the writing staff or writing interns are irrelevant;

  4) The information is privileged.

  Once again, the information sought is relevant and this interrogatory is reasonably calculated to lead to the discovery of admissible evidence to prove Plaintiff's claimed damages for infringement. In addition to the annual gross revenues of Conaco as a whole, the individual salaries of those who published the alleged infringing jokes have a direct relationship to Plaintiff's damages. These individuals are undoubtedly paid in part based on the jokes that they submit. If Defendant plans to move for a protective order, it is insufficient to merely object that the interrogatory is seeking identification of confidential information prior to the entry of a suitable protective order unless that party has already moved for a protective order. *See American Rock Salt Co. v. Norfolk Southern Corp.,* 228 F.R.D. 426 (W.D. Ny. 2005).

### 4. <u>Mike Sweeney's  Responses to Plaintiff's Special Interrogatories, Set One</u>

  Mike Sweeney's Responses to the following Interrogatories propounded in Plaintiff's Special Interrogatories, Set one are deficient, inadequate, and improper. For purposes of the parties' meet and confer, I provide the following summary of certain deficiencies:

### ***<u>General Objection No. 4/Objection to definition of "YOUR."</u>***

  In serving its Special Interrogatories, Set One, Plaintiff included an "Instructions" and "Definitions" section. In that definition section, Plaintiff defines "YOUR" to include:

  "Defendant individually and collectively, and his or her, its or their affiliates and parent company and anyone acting on their, his or her behalf, including, but not limited to, past and present officers, directors, shareholders, agents, employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in their, his or its interest, on their, her or its behalf, or at their, her or its request, and each of them."

  However, In General Objection No. 4, Defendant objects to the definitions and instructions "as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and information or documents that are neither relevant nor proportional to the needs of the case." In addition, Defendant objects in almost every response to the definition of "YOUR" and seeks to limit the definition to only "Conaco, LLC, and its directors, officers, and employees only."

  This limited definition selected by Defendant does not fully encompass the individuals who may have been involved in the acts as alleged in the complaint. To limit the definition to Defendant's chosen definition is to leave out former employees, independent contractors, and other agents who may have been involved in the alleged infringing acts.

As you are aware, the use of reasonable definitions prefacing a series of interrogatories is not prohibited by the FRCP. *See Diversified Products Corp. v. Sports Center Co.,* 42 F.R.D. 3, 10 (M.D. Dc. 1967). With this in mind, Plaintiff asks Defendant to amend its responses to remove General Objection No. 4, and also remove each objection that seeks to limit Plaintiff's defined term, "YOUR," to only Conaco LLC, its directors, officers, and employees.

### ***Interrogatory Nos. 1, 2, and 3***

Interrogatory No. 1 asks Defendant to "IDENTIFY YOUR annual gross revenues in 2015." Defendant objects to this interrogatory on the grounds that:

1) The term "annual gross revenues" is vague and ambiguous in that if fails to specifically identify what revenue information it seeks from Conaco;

2) Annual gross revenues are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes;

3) The interrogatory is overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defends and is not proportional to the needs of the case;

4) The interrogatory seeks confidential information prior to the entry of a suitable protective order; and

5) The interrogatory seeks information which is subject to certain confidentiality provisions between Conaco and/or its affiliated companies which may not be disclosed absent the consent of the parties to such contracts.

Information with respect to Defendant's annual gross revenues is essential to Plaintiff's claim for copyright infringement because that information relates to damages, an essential element of Plaintiff's claim. 17 USC 504(b) states (b) Actual Damages and Profits.— The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

My client has the burden of showing your client's gross revenue and your client is required to prove deductible expenses. Thus, financial information is relevant to my client's claim and he is entitled to know what your client's gross revenues are and what your client is claiming as deductible expenses. Furthermore, the term "annual gross revenues" doesn't need to be defined. It is simple enough for a lay person to understand, as "annual" means yearly and "gross revenues" means income before expenses. There is no ambiguity in the term. Furthermore, the second and third objections based on relevance are unwarranted, as I have already stated that this information is crucial to proving Plaintiff's damages. As to the fourth and fifth objections, as you know we have already met and conferred regarding a proposed protective order.  Your office has taken the position that financial information should be for attorneys eyes only.  I did not agree based on the 17 USC 504(b).  Based on that your office stated it would take it up with the Judge, yet no motion for protective order has been filed.  If we cannot agree on the

production of documents and you do not file for a protective order I will simply go ahead and file motion to compel.

*Interrogatory No. 2* asks Defendants to "identify all witnesses and persons who calculate and/or determine your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory No. 1. Determining the identity of these people is necessary for Plaintiff to prove his damages for Defendant's infringement, as alleged in the Complaint. For the same reasons listed above in Interrogatory No. 1, Plaintiff requests that Defendant provide this information.

*Interrogatory No. 3* asks Defendants to "Identify all documents that relate to your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory Nos. 2 and 3, with the addition of objections claiming that identifying "all documents" is "not proportional to the needs of the case," and that the documents "are not reasonably accessible because of undue burden and cost." Plaintiff believes that these documents are relevant and inquiry into these documents is reasonably calculated to lead to the discovery of admissible evidence because the documents themselves establish claimed damages. Without these documents, it is impossible for Plaintiff to establish damages for the infringement claim. Furthermore, Plaintiff fails to see what undue burden and cost will be sustained by Defendant by merely "identifying" the documents. This is not a request for production. For these reasons in addition to those listed in Interrogatory No. 1, Defendant should provide this information.

### *Interrogatory No. 5*

Interrogatory No. 5 asks for the gross revenue or annual salary of each person listed in Interrogatory No. 4. The people listed in Interrogatory No. 4 were those individuals on Defendant's writing staff who wrote, created, and/or edited the jokes at issue. Defendant objects to this Interrogatory on the following grounds:
   1) It seeks information which is not relevant to any party's claim or defense and is not proportional to the needs of the case;
   2) It seeks the identification of confidential information prior to the entry of a suitable protective order;
   3) Gross revenues or annual salaries of the writing staff or writing interns are irrelevant;
   4) The information is privileged.

Once again, the information sought is relevant and this interrogatory is reasonably calculated to lead to the discovery of admissible evidence to prove Plaintiff's claimed damages for infringement. In addition to the annual gross revenues of Conaco as a whole, the individual salaries of those who published the alleged infringing jokes have a direct relationship to Plaintiff's damages. These individuals are undoubtedly paid in part based on the jokes that they submit. If Defendant plans to move for a protective order, it is insufficient to merely object that the interrogatory is seeking identification of confidential information prior to the entry of a suitable protective order unless that party has already moved for a protective order. *See American Rock Salt Co. v. Norfolk Southern Corp.*, 228 F.R.D. 426 (W.D. Ny. 2005).

**5. TBS's  Responses to Plaintiff's Special Interrogatories, Set One**

TBS's Responses to the following Interrogatories propounded in Plaintiff's Special Interrogatories, Set one are deficient, inadequate, and improper. For purposes of the parties' meet and confer, I provide the following summary of certain deficiencies:

### General Objection No. 4/Objection to definition of "YOUR."

In serving its Special Interrogatories, Set One, Plaintiff included an "Instructions" and "Definitions" section. In that definition section, Plaintiff defines "YOUR" to include:

"Defendant individually and collectively, and his or her, its or their affiliates and parent company and anyone acting on their, his or her behalf, including, but not limited to, past and present officers, directors, shareholders, agents, employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in their, his or its interest, on their, her or its behalf, or at their, her or its request, and each of them."

However, In General Objection No. 4, Defendant objects to the definitions and instructions "as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and information or documents that are neither relevant nor proportional to the needs of the case." In addition, Defendant objects in almost every response to the definition of "YOUR" and seeks to limit the definition to only "Conaco, LLC, and its directors, officers, and employees only."

This limited definition selected by Defendant does not fully encompass the individuals who may have been involved in the acts as alleged in the complaint. To limit the definition to Defendant's chosen definition is to leave out former employees, independent contractors, and other agents who may have been involved in the alleged infringing acts.

As you are aware, the use of reasonable definitions prefacing a series of interrogatories is not prohibited by the FRCP. *See Diversified Products Corp. v. Sports Center Co.,* 42 F.R.D. 3, 10 (M.D. Dc. 1967). With this in mind, Plaintiff asks Defendant to amend its responses to remove General Objection No. 4, and also remove each objection that seeks to limit Plaintiff's defined term, "YOUR," to only Conaco LLC, its directors, officers, and employees.

### Interrogatory Nos. 1, 2, and 3

Interrogatory No. 1 asks Defendant to "IDENTIFY YOUR annual gross revenues in 2015." Defendant objects to this interrogatory on the grounds that:

1) The term "annual gross revenues" is vague and ambiguous in that if fails to specifically identify what revenue information it seeks from Conaco;

2) Annual gross revenues are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes;

3) The interrogatory is overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defends and is not proportional to the needs of the case;

4) The interrogatory seeks confidential information prior to the entry of a suitable

protective order; and

　　5) The interrogatory seeks information which is subject to certain confidentiality provisions between Conaco and/or its affiliated companies which may not be disclosed absent the consent of the parties to such contracts.

　　Information with respect to Defendant's annual gross revenues is essential to Plaintiff's claim for copyright infringement because that information relates to damages, an essential element of Plaintiff's claim. 17 USC 504(b) states (b) Actual Damages and Profits.— The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

　　My client has the burden of showing your client's gross revenue and your client is required to prove deductible expenses.  Thus, financial information is relevant to my client's claim and he is entitled to know what your client's gross revenues are and what your client is claiming as deductible expenses. Furthermore, the term "annual gross revenues" doesn't need to be defined. It is simple enough for a lay person to understand, as "annual" means yearly and "gross revenues" means income before expenses. There is no ambiguity in the term. Furthermore, the second and third objections based on relevance are unwarranted, as I have already stated that this information is crucial to proving Plaintiff's damages. As to the fourth and fifth objections, as you know we have already met and conferred regarding a proposed protective order.  Your office has taken the position that financial information should be for attorneys eyes only.  I did not agree based on the 17 USC 504(b).  Based on that your office stated it would take it up with the Judge, yet no motion for protective order has been filed.  If we cannot agree on the production of documents and you do not file for a protective order I will simply go ahead and file motion to compel.

　　*Interrogatory No. 2* asks Defendants to "identify all witnesses and persons who calculate and/or determine your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory No. 1. Determining the identity of these people is necessary for Plaintiff to prove his damages for Defendant's infringement, as alleged in the Complaint. For the same reasons listed above in Interrogatory No. 1, Plaintiff requests that Defendant provide this information.

　　*Interrogatory No. 3* asks Defendants to "Identify all documents that relate to your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory Nos. 2 and 3, with the addition of objections claiming that identifying "all documents" is "not proportional to the needs of the case," and that the documents "are not reasonably accessible because of undue burden and cost." Plaintiff believes that these documents are relevant and inquiry into these documents is reasonably calculated to lead to the discovery of admissible evidence because the documents themselves establish claimed damages. Without these documents, it is impossible for Plaintiff to establish damages for the infringement claim. Furthermore, Plaintiff fails to see what undue burden and cost will be sustained by Defendant by

merely "identifying" the documents. This is not a request for production. For these reasons in addition to those listed in Interrogatory No. 1, Defendant should provide this information.

### *Interrogatory No. 5*

Interrogatory No. 5 asks for the gross revenue or annual salary of each person listed in Interrogatory No. 4. The people listed in Interrogatory No. 4 were those individuals on Defendant's writing staff who wrote, created, and/or edited the jokes at issue.  Defendant objects to this Interrogatory on the following grounds:

1) It seeks information which is not relevant to any party's claim or defense and is not proportional to the needs of the case;

2) It seeks the identification of confidential information prior to the entry of a suitable protective order;

3) Gross revenues or annual salaries of the writing staff or writing interns are irrelevant;

4) The information is privileged.

Once again, the information sought is relevant and this interrogatory is reasonably calculated to lead to the discovery of admissible evidence to prove Plaintiff's claimed damages for infringement. In addition to the annual gross revenues of Conaco as a whole, the individual salaries of those who published the alleged infringing jokes have a direct relationship to Plaintiff's damages. These individuals are undoubtedly paid in part based on the jokes that they submit. If Defendant plans to move for a protective order, it is insufficient to merely object that the interrogatory is seeking identification of confidential information prior to the entry of a suitable protective order unless that party has already moved for a protective order. *See American Rock Salt Co. v. Norfolk Southern Corp.*, 228 F.R.D. 426 (W.D. Ny. 2005).

### 6.  Time Warner's  Responses to Plaintiff's Special Interrogatories, Set One

Time Warner's Responses to the following Interrogatories propounded in Plaintiff's Special Interrogatories, Set one are deficient, inadequate, and improper. For purposes of the parties' meet and confer, I provide the following summary of certain deficiencies:

### *General Objection No. 4/Objection to definition of "YOUR."*

In serving its Special Interrogatories, Set One, Plaintiff included an "Instructions" and "Definitions" section. In that definition section, Plaintiff defines "YOUR" to include:

"Defendant individually and collectively, and his or her, its or their affiliates and parent company and anyone acting on their, his or her behalf, including, but not limited to, past and present officers, directors, shareholders, agents, employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in their, his or its interest, on their, her or its behalf, or at their, her or its request, and each of them."

However, In General Objection No. 4, Defendant objects to the definitions and instructions "as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and information or documents that are neither relevant nor

proportional to the needs of the case." In addition, Defendant objects in almost every response to the definition of "YOUR" and seeks to limit the definition to only "Conaco, LLC, and its directors, officers, and employees only."

This limited definition selected by Defendant does not fully encompass the individuals who may have been involved in the acts as alleged in the complaint. To limit the definition to Defendant's chosen definition is to leave out former employees, independent contractors, and other agents who may have been involved in the alleged infringing acts.

As you are aware, the use of reasonable definitions prefacing a series of interrogatories is not prohibited by the FRCP. *See Diversified Products Corp. v. Sports Center Co.,* 42 F.R.D. 3, 10 (M.D. Dc. 1967). With this in mind, Plaintiff asks Defendant to amend its responses to remove General Objection No. 4, and also remove each objection that seeks to limit Plaintiff's defined term, "YOUR," to only Conaco LLC, its directors, officers, and employees.

### *Interrogatory Nos. 1, 2, and 3*

Interrogatory No. 1 asks Defendant to "IDENTIFY YOUR annual gross revenues in 2015." Defendant objects to this interrogatory on the grounds that:
   1) The term "annual gross revenues" is vague and ambiguous in that if fails to specifically identify what revenue information it seeks from Conaco;
   2) Annual gross revenues are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes;
   3) The interrogatory is overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defends and is not proportional to the needs of the case;
   4) The interrogatory seeks confidential information prior to the entry of a suitable protective order; and
   5) The interrogatory seeks information which is subject to certain confidentiality provisions between Conaco and/or its affiliated companies which may not be disclosed absent the consent of the parties to such contracts.

Information with respect to Defendant's annual gross revenues is essential to Plaintiff's claim for copyright infringement because that information relates to damages, an essential element of Plaintiff's claim. 17 USC 504(b) states (b) Actual Damages and Profits.— The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

My client has the burden of showing your client's gross revenue and your client is required to prove deductible expenses.  Thus, financial information is relevant to my client's claim and he is entitled to know what your client's gross revenues are and what your client is claiming as deductible expenses. Furthermore, the term "annual gross revenues" doesn't need to

be defined. It is simple enough for a lay person to understand, as "annual" means yearly and "gross revenues" means income before expenses. There is no ambiguity in the term. Furthermore, the second and third objections based on relevance are unwarranted, as I have already stated that this information is crucial to proving Plaintiff's damages. As to the fourth and fifth objections, as you know we have already met and conferred regarding a proposed protective order.  Your office has taken the position that financial information should be for attorneys eyes only.  I did not agree based on the 17 USC 504(b).  Based on that your office stated it would take it up with the Judge, yet no motion for protective order has been filed.  If we cannot agree on the production of documents and you do not file for a protective order I will simply go ahead and file motion to compel.

    *Interrogatory No. 2* asks Defendants to "identify all witnesses and persons who calculate and/or determine your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory No. 1. Determining the identity of these people is necessary for Plaintiff to prove his damages for Defendant's infringement, as alleged in the Complaint. For the same reasons listed above in Interrogatory No. 1, Plaintiff requests that Defendant provide this information.

    *Interrogatory No. 3* asks Defendants to "Identify all documents that relate to your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory Nos. 2 and 3, with the addition of objections claiming that identifying "all documents" is "not proportional to the needs of the case," and that the documents "are not reasonably accessible because of undue burden and cost." Plaintiff believes that these documents are relevant and inquiry into these documents is reasonably calculated to lead to the discovery of admissible evidence because the documents themselves establish claimed damages. Without these documents, it is impossible for Plaintiff to establish damages for the infringement claim. Furthermore, Plaintiff fails to see what undue burden and cost will be sustained by Defendant by merely "identifying" the documents. This is not a request for production. For these reasons in addition to those listed in Interrogatory No. 1, Defendant should provide this information.

## *Interrogatory No. 5*

    Interrogatory No. 5 asks for the gross revenue or annual salary of each person listed in Interrogatory No. 4. The people listed in Interrogatory No. 4 were those individuals on Defendant's writing staff who wrote, created, and/or edited the jokes at issue.  Defendant objects to this Interrogatory on the following grounds:

        1) It seeks information which is not relevant to any party's claim or defense and is not proportional to the needs of the case;
        2) It seeks the identification of confidential information prior to the entry of a suitable protective order;
        3) Gross revenues or annual salaries of the writing staff or writing interns are irrelevant;
        4) The information is privileged.

    Once again, the information sought is relevant and this interrogatory is reasonably calculated to lead to the discovery of admissible evidence to prove Plaintiff's claimed damages for infringement. In addition to the annual gross revenues of Conaco as a whole, the individual

salaries of those who published the alleged infringing jokes have a direct relationship to Plaintiff's damages. These individuals are undoubtedly paid in part based on the jokes that they submit. If Defendant plans to move for a protective order, it is insufficient to merely object that the interrogatory is seeking identification of confidential information prior to the entry of a suitable protective order unless that party has already moved for a protective order. *See American Rock Salt Co. v. Norfolk Southern Corp.,* 228 F.R.D. 426 (W.D. Ny. 2005).

### 7.  <u>Conaco LLC's Responses to Plaintiff's Request for Production of Documents, Set One</u>

Conaco LLC's Responses to the following Requests propounded in Plaintiff's Request for Production of Documents and Things, Set one are deficient, inadequate, and improper. For purposes of the parties' meet and confer, I provide the following summary of certain deficiencies:

### *Request for Production Nos. 3 and 4*

*Request for Production No. 3* asks for "ANY and ALL DOCUMENTS, tangible things and other items that RELATE TO YOUR *annual gross revenues* in 2015. In response, Defendant provides the same objections it provided in Interrogatories 1, 2, and 3. For the same reasons as those stated in the aforementioned interrogatories, Defendant should produce the requested documents.

*Request for Production No. 4* asks for "ANY and ALL DOCUMENTS, tangible things and other items that RELATE TO YOUR *annual net profits* in 2015. Defendant asserted essentially the same objections as those asserted in Request for Production No. 3.

Though the term "annual net profits" is different than "annual gross revenues," it is still one that is not subject to any uncertainty or ambiguity. "Annual net profits" simply refers to the income retained by Defendant after expenses. Furthermore, this information is relevant for the same reasons as stated above, in that it is essential to proving Plaintiff's damages. With these reasons in mind, along with those listed in interrogatories 1, 2, and 3 above, Plaintiff respectfully asks for Defendant to provide the requested documents.

### *Request for Production Nos. 6, 7, and 8*

Each of these Requests seeks documents involving JOSH COMERS, BRIAN KILEY, and ROB KUTNER, which were submitted to Defendant for use on the "CONAN" show monologue in the last three years. Defendant's response is that it will produce relevant and non-privileged documents within its possession concerning the three individuals above within thirty (30) days after the entry of a protective order in this action, to the extent that such documents may exist and have not already been produced.

As you know we have already met and conferred regarding a proposed protective order. Your office has taken the position that financial information should be for attorneys eyes only. I did not agree based on the 17 USC 504(b) thus we were unable to reach an agreement on a

protective order to address all issues.  Based on that your office stated it would take it up with the Judge, yet no motion for protective order has been filed.  If we cannot agree on the production of documents and you do not file for a protective order I will simply go ahead and file motion to compel.

I hope that we can discuss and resolve these issues amicably during a phone call.

Sincerely,

*/s/ Jayson M. Lorenzo*

Jayson M. Lorenzo

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT CC

DECLARATION OF JAYSON M. LORENZO

 Gmail                                    **Jayson Lorenzo <jmlorenzo.esq@gmail.com>**

---

# Kaseberg v. Conaco, et al.

---

**Nick Huskins** <nhuskins@glaserweil.com>                    Thu, May 19, 2016 at 1:13 PM
To: Jayson Lorenzo <jmlorenzo.esq@gmail.com>
Cc: Erica Van Loon <evanloon@glaserweil.com>

Jayson,

As discussed on our call yesterday afternoon, below is the understanding reached between the parties with respect to the outstanding discovery issues:

**Depositions**

• We can make Mike Sweeney available for deposition on June 17 in Irvine, as you suggested. Let us know if this date works and the location of the deposition. Also, let us know if June 24 works for the depositions of Kiley and Kutner in Irvine. We would like to lock these dates in with the witnesses so please confirm the dates with us this week.

• We will get back to you with dates for the additional deponents you requested.

**Protective Order**

• We agreed to all terms of the proposed protective order except the designation of non-public financial documents as AEO.  The parties will move forward with discovery obligations subject to our mutual understanding of the agreed-upon terms of the protective order, i.e. the production of documents designated as "confidential" and the treatment of trade secret information as "Attorneys Eyes Only."  As to our dispute regarding the designation of non-public financial documents, Defendants will proceed with filing a motion with the Court if this issue cannot be resolved informally with Judge Bartick.

**Defendants' Discovery Requests**

**Interrogatories**

• You agreed to supplement responses to Conaco's Interrogatory Nos. 1-4, 7-8, 10-13, and 15-16.

> o With respect to Interrogatory No. 1, you represented that Plaintiff will supplement to provide information sufficient to show the date, time, and forum in which the jokes at issue were published.

> o With respect to Interrogatory No. 3, you represented Plaintiff will supplement with the date of creation, and any other responsive information not included in Plaintiff's initial response.

> o With respect to Interrogatory No. 6, you represented this is a complete response.

> o With respect to Interrogatory Nos. 2, 4, 7-8, and 15-16, you represented that Plaintiff will supplement with a complete, narrative response.

> o With respect to Interrogatory Nos. 10-13, the parties agree to treat any information provided in

response as subject to the confidentiality terms of the proposed protective order. You represented that Plaintiff will supplement his response to these Interrogatories subject to that understanding.


**Requests for Production**

•   You represented Plaintiff is not withholding any documents on the basis of his objections.

•   We discussed Plaintiff's limiting response with respect to RFPs No. 2 and 41. You raised the issue that Defendants' similarly limited their response to Plaintiff's RFP Nos. 6-8. We discussed mutually resolving whether or not we can agree that the aforementioned requests can be uniformly limited, or in the alternative, the limitation can be removed from both our responses. Subsequent to our phone conversation, you emailed to raise the same issue with our response to Interrogatories No. 4 and 7, and contended that you believe that information is relevant without any limitation.

> o  Upon review, we are willing to agree to the limitation as to our RFP No. 41, but believe RFP No. 2 is properly limited in scope and relevant. We disagree that Plaintiff's Interrogatory Requests Nos. 4 and 7, and RFP Nos. 6-8, are relevant without limitation. Specifically we do not see how jokes unrelated to the jokes at issue are relevant, nor how the identification of Conaco staff who had no involvement with the jokes at issue are relevant. We will consider a narrowed re-draft of these requests, to the extent they are relevant to claims or defense at issue in this case. Short of that, we cannot agree to removing the limitation.


**Requests for Admission**

•   You represented Plaintiff will supplement all responses to clarify whether any denial is made on the basis of an asserted objection, or as to the substance of the Request. For any denial based on an objection, you agreed the response will specify the particular objection that serves as the basis for the denial.

> o  With respect to RFA Nos. 2-5, you represented that Plaintiff will supplement his responses subject to an understanding that "identical" means word-for-word copy.

> o  With respect to RFA Nos. 6-7, you represented that Plaintiff will supplement his responses to be consistent with Plaintiff's Interrogatory responses.

> o  With respect to RFA No. 8, you represented that Plaintiff will supplement his response with the understanding that the word "standard" be removed from the request.

> o  With respect to RFA No. 9, you represented that Plaintiff will supplement his response with the understanding that the request seeks an admission as to your client's awareness as of today, not prior to publication of the jokes at issue.


**Deadline for Supplemental Responses**

•   No deadline to provide supplemental responses was discussed on the call. In the interest of preventing any further delay, please confirm your client will provide supplemental responses by May 26. We would prefer to resolve any discovery issues without involvement from the Court, but must be prepared to move in the event any supplemental responses are provided any later, or are otherwise unsatisfactory.


**Plaintiff's Discovery Requests/Informal Conference with the Judge Bartick**

•   We discussed the relevance of the financial information requested by Plaintiff, and were unable to reach a resolution. You indicated you would move to compel Interrogatory responses and the production of documents related to Defendants' financial information. Regarding your suggestion that we settle the matter informally with

the assistance of Judge Bartick,  we are not opposed so long as we have the opportunity to apprise Judge Bartick in writing of the relevant case law.  We note that our dispute concerning the designation of financial documents as AEO might also be a matter that can be settled informally with Judge Bartick, if he is so inclined to speak with us without a formal motion.  We are amenable to mutually calling Judge Bartick's clerk with you to see if he would be amenable to a telephone conference to try to resolve these disputes without the need for motion practice.  I am available to discuss this further this afternoon, prior to our mutually contacting Judge Bartick's clerk.

Regards,

Nick



**Nick Huskins | Attorney**

10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067

Main: 310.553.3000 | Direct: 310.282.6264 | Fax: 310.785.3564

E-Mail: nhuskins@glaserweil.com | www.glaserweil.com

This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

# EXHIBIT DD

25

26

27

28

DECLARATION OF JAYSON M. LORENZO

                                    **Jayson Lorenzo** <jmlorenzo.esq@gmail.com>

---

# Kaseberg v. Conaco, et al.

**Jayson Lorenzo** <jmlorenzo.esq@gmail.com>                    Mon, May 23, 2016 at 3:38 PM
To: Nick Huskins <nhuskins@glaserweil.com>, Erica Van Loon <evanloon@glaserweil.com>
Cc: Lorie Mallari <lorie@jlorenzolaw.com>

Nick,

See my responses in red below.

> On Thu, May 19, 2016 at 1:13 PM, Nick Huskins <nhuskins@glaserweil.com> wrote:
>
>> Jayson,
>>
>>
>> As discussed on our call yesterday afternoon, below is the understanding reached between the parties with respect to the outstanding discovery issues:
>>
>>
>> **Depositions**
>>
>> • We can make Mike Sweeney available for deposition on June 17 in Irvine, as you suggested. Let us know if this date works and the location of the deposition. Also, let us know if June 24 works for the depositions of Kiley and Kutner in Irvine. We would like to lock these dates in with the witnesses so please confirm the dates with us this week

I will confirm the dates and location of the 17 and 24 by the end of the week. I may need to take Sweeney on the 24 and Kiley and Kutner on July 1st. I still need to clear my calendar. Also see my comments related to RFP 6-8 below as it also may affect if I take Kiley and Kutner.

>> • We will get back to you with dates for the additional deponents you requested.

Please get me dates by the end of next week. I want to take Weisberg and Comers next then Conan and Ross. I also need to take a PMK for Time Warner and TBS on financial information as a heads up.

>> **Protective Order**
>>
>> • We agreed to all terms of the proposed protective order except the designation of non-public financial documents as AEO. The parties will move forward with discovery obligations subject to our mutual understanding of the agreed-upon terms of the protective order, i.e. the production of documents designated as "confidential" and the treatment of trade secret information as "Attorneys Eyes Only." As to our dispute regarding the designation of non-public financial documents, Defendants will proceed with filing a motion with the Court if this issue cannot be resolved informally with Judge Bartick.

Agreed, however the issue of non-public financial documents is still in dispute. It is my understanding that you are taking the position that you will not produce any financial information. Can you confirm this? If so, I will just go ahead and file a motion to compel on that issue.

>> **Defendants' Discovery Requests**

**Interrogatories**

- You agreed to supplement responses to Conaco's Interrogatory Nos. 1-4, 7-8, 10-13, and 15-16.

I agreed that I will speak to my client and to the extent he can provide additional information the responses will be supplemented.

   o With respect to Interrogatory No. 1, you represented that Plaintiff will supplement to provide information sufficient to show the date, time, and forum in which the jokes at issue were published.

I agreed that I will speak to my client and to the extent he can provide additional information the responses will be supplemented.

   o With respect to Interrogatory No. 3, you represented Plaintiff will supplement with the date of creation, and any other responsive information not included in Plaintiff's initial response.

I agreed that I will speak to my client and to the extent he can provide additional information the responses will be supplemented.

   o With respect to Interrogatory No. 6, you represented this is a complete response.

Agree.

   o With respect to Interrogatory Nos. 2, 4, 7-8, and 15-16, you represented that Plaintiff will supplement with a complete, narrative response.

I will speak to my client and see if he has additional information for which he can supplement.  I did not agree to a narrative response.

   o With respect to Interrogatory Nos. 10-13, the parties agree to treat any information provided in response as subject to the confidentiality terms of the proposed protective order.  You represented that Plaintiff will supplement his response to these Interrogatories subject to that understanding.

With respect to 10-13 we discussed whether the discovery was going to be limited to the "jokes at issue".  I don't believe it should be limited to the jokes at issue.  If it wasn't limited to the "jokes at issue" we were both going to agree to produce information.  I would agree to produce the information but because of your objection to our RFP 6-8 I do not think it is appropriate for my client to provide this information.  My understanding was that we would mutually not withhold information but you need to confirm that with Erica.  You stated you understood my position.  You would agree to produce RFP 6-8 information before Kiley, Kutner and Comers depos and I would agree to responde to your rogs 10-13 subject to the projective order.

**Requests for Production**

- You represented Plaintiff is not withholding any documents on the basis of his objections.

Agree.

- We discussed Plaintiff's limiting response with respect to RFPs No. 2 and 41.  You raised the issue that Defendants' similarly limited their response to Plaintiff's RFP Nos. 6-8.  We discussed mutually resolving whether or not we can agree that the aforementioned requests can be uniformly limited, or in the alternative, the limitation can be removed from both our responses.  Subsequent to our phone conversation, you emailed to raise the same issue with our response to Interrogatories No. 4 and 7, and contended that you believe that information is relevant without any limitation.

   o Upon review, we are willing to agree to the limitation as to our RFP No. 41, but believe

RFP No. 2 is properly limited in scope and relevant.  We disagree that Plaintiff's Interrogatory Requests Nos. 4 and 7, and RFP Nos. 6-8, are relevant without limitation.  Specifically we do not see how jokes unrelated to the jokes at issue are relevant, nor how the identification of Conaco staff who had no involvement with the jokes at issue are relevant.  We will consider a narrowed re-draft of these requests, to the extent they are relevant to claims or defense at issue in this case.  Short of that, we cannot agree to removing the limitation.

So with RFP No. 2, you believe any and all correspondence with third parties related to Defendants whether they involve the Jokes at issue should be produced?  RFP 41, I will have my client produce what he has related to jokes at issue.  However, I do not agree that Plaintiff's Interrogatory Request 4 and 7 should not be produced by your client.  Also I do not agree that RFP 6-8 should not be produced by your client.  Please confirm that you will not respond to Interrogatory 4 and 7 and also not produce documents for RFP 6-8.  I will go ahead and file a motion to compel on those requests.

If you are not producing RFP 6-8 I may need to push Kiley and Kutner's depos.


**Requests for Admission**

•    You represented Plaintiff will supplement all responses to clarify whether any denial is made on the basis of an asserted objection, or as to the substance of the Request.  For any denial based on an objection, you agreed the response will specify the particular objection that serves as the basis for the denial.

Agree.

       ○ With respect to RFA Nos. 2-5, you represented that Plaintiff will supplement his responses subject to an understanding that "identical" means word-for-word copy.

I will speak to my client about whether he will agree to supplement.  The RFA as writen is unclear.  I think in order to clear this up and have a clean record for trial, I you should resend your specific RFA request.

       ○ With respect to RFA Nos. 6-7, you represented that Plaintiff will supplement his responses to be consistent with Plaintiff's Interrogatory responses.

Disagree.  I stated that I would speak to my client to discovery of there is any additional information that might requre him to supplement his response.

       ○ With respect to RFA No. 8, you represented that Plaintiff will supplement his response with the understanding that the word "standard" be removed from the request.

I will speak to my client about whether he will agree to supplement.  The RFA as writen is unclear.  I think in order to clear this up and have a clean record for trial, I you should resend your specific RFA request.

       ○ With respect to RFA No. 9, you represented that Plaintiff will supplement his response with the understanding that the request seeks an admission as to your client's awareness as of today, not prior to publication of the jokes at issue.

Disagree.  I stated that the documents lacked foundation haven't been authenticated and he can't admit to documents he never authored or knows anything about.


**Deadline for Supplemental Responses**

•    No deadline to provide supplemental responses was discussed on the call.  In the interest of preventing any further delay, please confirm your client  will provide supplemental responses by May 26.  We would

prefer to resolve any discovery issues without involvement from the Court, but must be prepared to move in the event any supplemental responses are provided any later, or are otherwise unsatisfactory.

I can agree to no later than June 1 for any supplements.

**Plaintiff's Discovery Requests/Informal Conference with the Judge Bartick**

•    We discussed the relevance of the financial information requested by Plaintiff, and were unable to reach a resolution. You indicated you would move to compel Interrogatory responses and the production of documents related to Defendants' financial information. Regarding your suggestion that we settle the matter informally with the assistance of Judge Bartick, we are not opposed so long as we have the opportunity to apprise Judge Bartick in writing of the relevant case law. We note that our dispute concerning the designation of financial documents as AEO might also be a matter that can be settled informally with Judge Bartick, if he is so inclined to speak with us without a formal motion. We are amenable to mutually calling Judge Bartick's clerk with you to see if he would be amenable to a telephone conference to try to resolve these disputes without the need for motion practice. I am available to discuss this further this afternoon, prior to our mutually contacting Judge Bartick's clerk.

If we are going to brief the issue, I'd rather just file a formal motion. The first issue is the relevance of the documents and whether you should produce them to me, as well as the jokes submitted to your client and the names of other writers and what they make. The AEO issue is only relevant if I am entitled to financial information.

Regards,

Nick

# GlaserWeil

**Nick Huskins** | **Attorney**

10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067

Main: 310.553.3000 | Direct: 310.282.6264 | Fax: 310.785.3564

E-Mail: nhuskins@glaserweil.com | www.glaserweil.com



This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

# EXHIBIT EE

25
26
27
28

DECLARATION OF JAYSON M. LORENZO



**Jayson Lorenzo <jmlorenzo.esq@gmail.com>**

---

## Kaseberg v. Conaco, et al.

**Jayson Lorenzo** <jmlorenzo.esq@gmail.com>                 Tue, May 31, 2016 at 4:53 PM
To: Nick Huskins <nhuskins@glaserweil.com>
Cc: Erica Van Loon <evanloon@glaserweil.com>, Lorie Mallari <lorie@jlorenzolaw.com>
Bcc: Ryan Altomare <rjaltomare15@gmail.com>

Nick,

Thanks for you email. I'm confirming the availability of a conference room for Mr. Sweeney's deposition so either the 17th or 24th will work. Let me just confirm with our court reporter but please hold those two dates. With regards to RFPs 6-8 can you clarify what you mean? I'm a little confused. Is it your position you will provide the documents after a protective order is in place or is it your position that you will only provide documents related to the "jokes at issue"? In your email you stated "We disagree that Plaintiff's Interrogatory Requests Nos. 4 and 7, and RFP Nos. 6-8, are relevant without limitation. Specifically we do not see how jokes unrelated to the jokes at issue are relevant, nor how the identification of Conaco staff who had no involvement with the jokes at issue are relevant." My understanding is that you believe that documents related to the "jokes at issue" and people associated with the jokes at issue are the only information that is relevant.

Just to be clear, as I mentioned to you, all the writers for your client's show are relevant because my client may know other writers who he either follow my client or my client may follow them. This goes to the issue of access. Further, you have requested all materials and jokes that my client has written unrelated to the jokes at issue but at the same time you don't agree all jokes submitted by Comers, Kiley and Kutner are relevant. Again, jokes submitted even if they aren't the jokes at issue are relevant to access. If you are not going to be providing any information related to RFP Nos. 6-8 then I will need to postpone Kiley and Kutner's deposition until this is sorted out.

With regards to the financial information. I reviewed your case law. I am happy to limit the gross revenue information for TBS, Conanco, Time Warner, Conan O'Brien, Mike Sweeney and Jeff Ross related only to the "Conan" Show. Please provide me with gross reveune and/or salary/bonuses you clients received related only to the "Conan" Show in 2015. With respect to the writers, I believe we are entitled to what the writers who allegedly wrote the jokes at issue made as well as what other writers on the staff made. This is relevant to establish my client's actual damages or the fair value of what writers are being paid. I believe we are entitled to what Mr. Comers, Mr. Kiley and what Mr. Kutner make as they are allegedly the writers of the jokes at issue. With respect to the other writers on the show, we do not need to know what each writer made, a list of their salaries or what they make from Conan show should suffice with names redacted. Again, this is relevant to establish what writers for Conan are being paid per year.

As promised I will have you supplemental responses to your office by tomorrow.

Jayson M. Lorenzo, Esq.
L.L.M. with Concentration in Intellectual Property

2794 Gateway Road, Suite 116
Carlsbad, CA 92009
760-517-6646
jmlorenzo.esq@gmail.com

[Quoted text hidden]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

# EXHIBIT FF

25
26
27
28



**Jayson Lorenzo <jmlorenzo.esq@gmail.com>**

---

## Kaseberg v. Conaco, et al.

---

**Nick Huskins** <nhuskins@glaserweil.com>               Tue, May 31, 2016 at 10:38 AM
To: Jayson Lorenzo <jmlorenzo.esq@gmail.com>, Erica Van Loon <evanloon@glaserweil.com>
Cc: Lorie Mallari <lorie@jlorenzolaw.com>

Jayson,

Thanks for your email.  Mike Sweeney is available for deposition on June 17 or June 24. Let us know if either date works. If not, Mr. Sweeney's next available date for deposition is July 8. Mr. Kiley and Mr. Kutner are available to be deposed on July 15.  That being said, we stand by our objections to Plaintiff's Request for Production Nos. 6-8.  If this impacts your deposition schedule, let us know.  I am working on getting availability for the rest of the deponents, and should have dates for you by the end of the week.

To be clear, we will not be producing revenue information for TBS, Time Warner, and Conaco, or salary information for the individual writers, as they are in no way relevant to a potential damages calculation by your client.  Per your request, we've attached some supporting case law.  Also, we cannot agree to a June 1 deadline for your client to supplement his deficient discovery responses.  Accordingly, Defendants will move forward with a motion to compel regarding your client's deficient discovery responses.

As to the protective order, we agree that filing a formal motion is best and we will do so.

We are also attaching a copy of Conaco's insurance policy, as requested.  Please note that this document is designated "Confidential" and thus, should be treated pursuant to the draft protective order's terms concerning confidential documents.

Regards,

Nick

**From:** Jayson Lorenzo [mailto:jmlorenzo.esq@gmail.com]
**Sent:** Monday, May 23, 2016 3:38 PM
**To:** Nick Huskins; Erica Van Loon
**Cc:** Lorie Mallari
**Subject:** Kaseberg v. Conaco, et al.

Nick,

[Quoted text hidden]

**4 attachments**

 **MCA Inc v Wilson.doc**
141K

 **Mackie v Rieser.doc**
95K

**On Davis v The Gap Inc.doc**
237K

**CONACO_000045-CONACO_000064.pdf**
1366K

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

# EXHIBIT GG

25
26
27
28

DECLARATION OF JAYSON M. LORENZO



Jayson Lorenzo <jmlorenzo.esq@gmail.com>

---

## Kaseberg v. Conaco, et al.

---

**Jayson Lorenzo** <jmlorenzo.esq@gmail.com>                              Wed, Jun 1, 2016 at 6:23 PM
To: Erica Van Loon <evanloon@glaserweil.com>, Nick Huskins <nhuskins@glaserweil.com>, Lorie Mallari
<lorie@jlorenzolaw.com>

Nick,

Please see attached supplemental responses as well as documents my client was able to locate responsive to
your RFPs.  The production does not include information we believe to be equally available online such as his
entire blog page and twitter account which has nearly everything he has published.  He has not been able to
locate at this time any other documents that would be responsive to your requests.  Additionally, documents
were already provided in initial disclosures which are not included.

Additionally, my client has provided a list response to your Interrogatories 10-12.  The information is for
attorneys eyes only because my client believes they contain confidential and trade secret information of a third
party.  Since we don't have a signed protective order can you confirm for me your agreement related to
confidential or trade secret information before we agree to produce that information to you.



Jayson M. Lorenzo, Esq.
L.L.M. with Concentration in Intellectual Property

2794 Gateway Road, Suite 116
Carlsbad, CA 92009

760-517-6646
jmlorenzo.esq@gmail.com

---

**4 attachments**

📄 **proof of service 06.01.2016.pdf**
33K

📄 **supp document production 06.01.2016.pdf**
740K

📄 **supp rfa response 06.01.2016.pdf**
295K

📄 **supp rogs response 06.01.2016.pdf**
348K

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT HH

Jayson M. Lorenzo, Esq. SBN 216973
jmlorenzo.esq@gmail.com
Attorney at Law
2794 Gateway Road, Suite 116
Carlsbad, CA 92009
Tel. (760) 517-6646
Fax (760) 520-7900

Attorney for Plaintiff
ROBERT ALEXANDER KASEBERG

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG, | Case No. 15-CV-01637-JLS-DHB |
| Plaintiff, | |
| vs. | **PLAINTIFF'S RESPONSE TO CONACO, LLC'S FIRST SET OF INTERROGATORIES** |
| CONACO, LLC; TURNER BROADCASTING SYSTEM; TIME WARNER, INC.; CONAN O'BRIEN; JEFF ROSS; MIKE SWEENEY; DOES 1 – 10, inclusive, | |
| Defendants. | |

PROPOUNDING PARTY:     CONACO, LLC

RESPONDING PARTY:      ROBERT ALEXANDER KASEBERG

SET NO.:                          ONE

1    Plaintiff Robert Alexander Kaseberg, by and through his attorney, and pursuant to

2  Federal Rules of Civil Procedure 26 and 34 and the Local Rules of this Court, responds

3  and objects to Defendant Conaco, LLC's ("Conaco") Requests for Production of

4  Documents and Things as follows:

5                              **PRELIMINARY STATEMENT**

6    1.    Plaintiff's investigation and development of all facts and circumstances

7  relating to this action is ongoing. These responses and objections are made without

8  prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents

9  at trial.

10    2.    By making the accompanying responses and objections to Defendant's

11  requests for documents and interrogatory, Plaintiff does not waive, and hereby expressly

12  reserves, his right to assert any and all objections as to the admissibility of such

13  responses into evidence in this action, or in any other proceedings, on any and all

14  grounds including, but not limited to, competency, relevancy, materiality, and privilege.

15  Further, Plaintiff makes the responses and objections herein without in any way

16  implying that he considers the requests and interrogatory, and responses to the requests

17  and interrogatory, to be relevant or material to the subject matter of this action.

18    3.    Plaintiff will produce responsive documents only to the extent that such

19  documents are in the possession, custody, or his control as set forth in the Federal Rules

20  of Civil Procedure. Plaintiff's possession, custody, or control does not include any

21  constructive possession that may be conferred by Plaintiff's right or power to compel

22  the production of documents or information from third parties.

23    4.    A response to a document request or interrogatory stating that objections

24  and/or indicating that documents will be produced shall not be deemed or construed that

25  there are, in fact, responsive documents, that Plaintiff performed any of the acts

26  described in the document request, interrogatory, or definitions and/or instructions

27  applicable to the document request or interrogatory, or that Plaintiff acquiesces in the

28  characterization of the conduct or activities contained in the document request,

PLAINTIFF'S RESPONSE TO CONACO, LLC'S FIRST SET OF INTERROGATORIES

1  interrogatory, or definitions and/or instructions applicable to the document request or
2  interrogatory.

3       5.     Plaintiff expressly reserves the right to supplement, clarify, revise, or
4  correct any or all of the responses and objections herein, and to assert additional
5  objections or privileges, in one or more subsequent supplemental response(s).

6       6.     Plaintiff will make available for inspection at Plaintiff's attorney's offices
7  responsive documents.  Alternatively, Plaintiff will produce copies of the documents.

8       7.     Publicly available documents including, but not limited to, newspaper
9  clippings, court papers, and documents available on the Internet, will not be produced.

10 ## GENERAL RESPONSES AND OBJECTIONS

11      1.     Plaintiff objects to each instruction, definition, document request, and
12 interrogatory to the extent that it purports to impose any requirement or discovery
13 obligation greater than or different from those under the Federal Rules of Civil
14 Procedure and the applicable Rules and Orders of the Court.

15      2.     Objection is made to the interrogatories to the extent the proposed
16 discovery is not relevant to the subject matter of the lawsuit and will not lead to the
17 discovery of admissible evidence or the proposed discovery goes beyond the subject
18 matter of the case and reasonable expectations of obtaining information that will aid
19 resolution of the dispute.

20      3.     Objection is made to the interrogatories to the extent the request would
21 require the responding party to create a document not in existence.  4.  Objection is
22 made to each interrogatory that is overly broad, unduly burdensome, or not reasonably
23 calculated to lead to the discovery of admissible evidence.

24      .

25      5.     Objection is made to each instruction, definition, document request, and
26 interrogatory to the extent that it seeks documents protected from disclosure by the
27 attorney-client privilege, deliberative process privilege, attorney work-product doctrine,
28

1  or any other applicable privilege.  Should any such disclosure by Plaintiff occur, it is

2  inadvertent and shall not constitute a waiver of any privilege.

3        6.     Objection is made to each instruction, definition, document request, and

4  interrogatory as overbroad and unduly burdensome to the extent it seeks documents or

5  information that are readily or more accessible to Defendant from Defendant's own

6  files, from documents or information in Defendant's possession, or from documents or

7  information that Defendant previously produced to Plaintiff.  Responding to such

8  requests and interrogatory would be oppressive, unduly burdensome, and unnecessarily

9  expensive, and the burden of responding to such requests and interrogatory is

10  substantially the same or less for Defendant as for Plaintiff.

11        7.     Objection is made to Defendant's interrogatories that call for the

12  production of documents or information that were produced to the Plaintiff by other

13  entities and that may contain confidential, proprietary, or trade secret information.

14        8.     Objection is made to the extent any of Defendant's interrogatories seek

15  documents or answers that include expert material, including but not limited to receipts,

16  photos or claim documents, Plaintiff objects to any such requests and interrogatory as

17  premature and expressly reserves the right to supplement, clarify, revise, or correct any

18  or all responses to such requests, and to assert additional objections or privileges, in one

19  or more subsequent supplemental response(s) in accordance with the time period for

20  exchanging expert reports set by the Court.  See Procter & Gamble Co. v. Haugen, 427

21  F.3d 727 (10th Cir. 2005), which limits a litigant's duties to produce data owned by

22  somebody else.  See also FRCP 26, 34(a) and 703.

23        9.     Objection is made to the interrogatories to the extent that it seeks the

24  identity, mental impressions, opinions, and/or documents or tangible things containing

25  such information of consulting experts either informally consulted or specially retained

26  in anticipation of litigation or preparation for trial that were not reviewed by a testifying

27  expert witness.  See Procter & Gamble Co. v. Haugen, 427 F.3d 727 (10th Cir. 2005),

28

1   which limits a litigant's duties to produce data owned by somebody else.  See also

2   FRCP 26, 34(a) and 703.

3        10.    Objection is made to the interrogatories to the extent that the discovery

4   sought is unreasonably cumulative or duplicative.

5        11.    Objection is made to the interrogatories to the extent the discovery sought

6   is obtainable from some other source that is more convenient, less burdensome, or less

7   expensive.  See 5 CFR 1201.72.

8        12.    Plaintiff incorporates by reference every general objection set forth above

9   into each specific response set forth below.  A specific response may repeat a general

10  objection for emphasis or some other reason.  The failure to include any general

11  objection in any specific response does not waive any general objection to that request.

12       13.    Plaintiff reserves the right to amend a prior response to an interrogatory if

13  Plaintiff learns that the response is, in some material respect, incomplete or incorrect

14  and if the additional or corrective information has not otherwise been made known to

15  other parties during the discovery process or in writing.

16  **INTERROGATORY NO. 1:**

17  Separately, for each of the JOKES AT ISSUE, identify the time, date, and forum for

18  every instance of publication.

19  **RESPONSE TO INTERROGATORY NO. 1:**

20       Each of Respondent's jokes were created at Respondent's home.  Respondent

21  creates the jokes prior to publishing them on the internet.

22  **INTERROGATORY NO. 2:**

23  Separately, for each of the JOKES AT ISSUE, identify the original and unique

24  components YOU believe DEFENDANTS have unlawfully copied.

25  **RESPONSE TO INTERROGATORY NO. 2:**

26  Respondent refers to and incorporates by reference its General Objections as though set

27  forth in full herein.    Respondent further objects to this Interrogatory on the basis that

28

1   the question calls for a legal conclusion and the answer is set forth in Respondent's

2   complaint.

3   **INTERROGATORY NO. 3:**

4   For each of the JOKES AT ISSUE, describe in detail YOUR conception, development,

5   creation, and authorship.

6   **RESPONSE TO INTERROGATORY NO. 3:**

7       Respondent objects to this Interrogatory on the basis that the question is

8   compound and vague and ambiguous as to the term "conception", "development",

9   "creation" and "authorship".  Without waiving said objections, Respondent responds:

10      1.      Watched Conan show and wanted to see if he could come up with another

11  joke.2.      Respondent came up with joke after learning that Tom Brady planned to

12  give Malcolm Butler the MVP Chevy truck.

13      3.      Respondent came up with the joke after learning about the measurements

14  of the Washington Monument.

15      4.      Respondent came up with the joke after reading about Caitlyn Jenner's

16  Malibu crash..

17  **INTERROGATORY NO. 4:**

18  For each of the JOKES AT ISSUE, state all facts relating to YOUR independent

19  creation thereof, including specific details sufficient to identify the websites and/or

20  other news and information sources you visited that provided the content to which each

21  of the JOKES AT ISSUE relate.

22  **RESPONSE TO INTERROGATORY NO. 4:**

23  Respondent refers to and incorporates by reference its General Objections as though set

24  forth in full herein.  Respondent further objects to this Request to the extent it purports

25  to require the identification of documents from sources that are not reasonably

26  accessible because of undue burden.  Without waiving said objections, Respondent

27  responds: Respondent came up with the jokes after hearing about certain subjects in the

28  news.  Discovery is continuing as to specific information sources.

**INTERROGATORY NO. 5:**

State all facts relating to YOUR ownership of the copyrights related to the JOKES AT ISSUE.

**RESPONSE TO INTERROGATORY NO. 5:**

Respondent objects to this Interrogatory on the basis that the question is vague and ambiguous as to the term "ownership".  Without waiving said objections, Respondent has registered copyrights for the jokes created.

**INTERROGATORY NO. 6:**

State all facts relating to DEFENDANTS' opportunity to view or copy the JOKES AT ISSUE.

**RESPONSE TO INTERROGATORY NO. 6:**

Respondent refers to and incorporates by reference its General Objections as though set forth in full herein.  Respondent further objects to this Interrogatory on the basis that the answer is set forth in Respondent's Complaint.  Without waiving said objections, Respondent maintains a facebook, twitter and blog page that are all publicly available and accessible.  Discovery is continuing.

**INTERROGATORY NO. 7:**

State all facts establishing a chain of events linking the JOKES AT ISSUE and DEFENDANTS' access thereof.

**RESPONSE TO INTERROGATORY NO. 7:**

Respondent refers to and incorporates by reference its General Objections as though set forth in full herein.  Respondent further objects to the extent calls for the creation of a document not in existence and (2) to the extent it calls for the identification of documents or information subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges.  The interrogatory also is vague and ambiguous as the terms "chain of events".  Respondent cannot provide an intelligent response without speculating as to the meaning.

**INTERROGATORY NO. 8:**

1   State all facts establishing the JOKES AT ISSUE have been widely disseminated.

2   **RESPONSE TO INTERROGATORY NO. 8:**

3   Respondent refers to and incorporates by reference its General Objections as though set

4   forth in full herein.  Respondent further objects to this Interrogatory on the basis that the

5   answer is set forth in Respondent's Complaint.  The interrogatory also is vague and

6   ambiguous as the terms "JOKES AT ISSUE have been widely disseminated".

7   Respondent cannot provide an intelligent response without speculating as to the

8   meaning.

9   **INTERROGATORY NO. 9:**

10  Identify all persons with any knowledge of any of the facts YOU stated in YOUR

11  response to Interrogatories Nos. 1-8.

12  **RESPONSE TO INTERROGATORY NO. 9:**

13  Respondent refers to and incorporates by reference its General Objections as though set

14  forth in full herein.  Respondent further objects to this Interrogatory on the basis that it

15  violates Rule 33 and does not contain discrete subparts, further the question overly

16  broad and vague as to time and scope and is thus oppressive and burdensome.  Without

17  waiving said objection Respondent's responds:  Respondent did not talk anyone prior to

18  the creation of the jokes.

19  **INTERROGATORY NO. 10:**

20  Identify every instance within the last five years in which YOU have submitted YOUR

21  alleged original content to a television show, web or print publication, or other media

22  entity either for compensation or consideration for an employment position.

23  **RESPONSE TO INTERROGATORY NO. 10:**

24  Respondent refers to and incorporates by reference its General Objections as though set

25  forth in full herein.  Respondent further objects to this Request to the extent it seeks

26  information which is not relevant to any party's claim or defense and is not reasonably

27  calculated to lead to the discovery of relevant, admissible evidence.  Respondent further

28

PLAINTIFF'S RESPONSE TO CONACO, LLC'S FIRST SET OF INTERROGATORIES

1    objects that this question seeks information that is private and confidential and may

2    violate the privacy rights as to the third parties who accepted submissions.

3    **INTERROGATORY NO. 11:**

4    Identify every instance within the last five years in which YOU have sold any of YOUR

5    original content and identify the original content YOU sold.

6    **RESPONSE TO INTERROGATORY NO. 11:**

7    Respondent refers to and incorporates by reference its General Objections as though set

8    forth in full herein.  Respondent further objects to this Request to the extent it seeks

9    information which is not relevant to any party's claim or defense and is not reasonably

10   calculated to lead to the discovery of relevant, admissible evidence.  Respondent further

11   objects that this question seeks information that is private and confidential and my

12   violate the privacy rights as to the third parties who accepted submissions.

13   **INTERROGATORY NO. 12:**

14   Separately, for each instance identified in YOUR response to Interrogatory No. 11,

15   identify the contact information for each purchaser, including name, address, phone

16   number and email address and the amount of compensation YOU received.

17   **RESPONSE TO INTERROGATORY NO. 12:**

18   Respondent refers to and incorporates by reference its General Objections as though set

19   forth in full herein.  Respondent further objects to this Request to the extent it seeks

20   information which is not relevant to any party's claim or defense and is not reasonably

21   calculated to lead to the discovery of relevant, admissible evidence.  Respondent further

22   objects that this question seeks information that is private and confidential and my

23   violate the privacy rights or trade secrets of the third parties who accepted submissions.

24   **INTERROGATORY NO. 13:**

25   Please state with particularity YOUR understanding of the fair market value for a joke

26   in the same or similar format as the JOKES AT ISSUE, and on what basis you reached

27   that understanding.

28   **RESPONSE TO INTERROGATORY NO. 13:**

1  Respondent refers to and incorporates by reference its General Objections as though set
2  forth in full herein.  Respondent further objects to this Request, (1) to the extent it calls
3  for the creation of a document not in existence and (2) to the extent it calls for the
4  identification of documents or information subject to the attorney-client privilege, the
5  attorney work-product doctrine, or any other applicable privileges.   Respondent further
6  objects that this question seeks expert opinion from a lay witness.  That also seeks
7  information that is private and confidential and my violate the privacy rights or trade
8  secrets of the third parties who accepted submissions.

9  **INTERROGATORY NO. 14:**

10  State with particularity how YOU calculated or quantified the amount of damages YOU
11  claim to have suffered as a result of DEFENDANTS' purported infringement, as alleged
12  in the COMPLAINT.

13  **RESPONSE TO INTERROGATORY NO. 14:**

14  Respondent refers to and incorporates by reference its General Objections as though set
15  forth in full herein.  Respondent further objects to this Request, (1) to the extent it calls
16  for the creation of a document not in existence and (2) to the extent it calls for the
17  identification of documents or information subject to the attorney-client privilege, the
18  attorney work-product doctrine, or any other applicable privileges.   Without waiving
19  said objection, Respondent responds:  Discovery is continuing, however 17 USC 504
20  provides for statutory damages of $150,000.00 per willful infringement as well as actual
21  damages and profits of the infringer.

22  **INTERROGATORY NO. 15:**

23  State all facts that support YOUR Copyright Infringement claim against
24  DEFENDANTS, as alleged in the COMPLAINT.

25  **RESPONSE TO INTERROGATORY NO. 15:**

26  Respondent refers to and incorporates by reference its General Objections as though set
27  forth in full herein.  Respondent further objects to this Interrogatory on the basis that it
28  is overbroad, vague and ambiguous  and is already contained in Respondent's complaint

**INTERROGATORY NO. 16:**

State all facts relating to YOUR contention in paragraph 29 of the COMPLAINT that DEFENDANTS' "infringement has been willful or deliberate."

**RESPONSE TO INTERROGATORY NO. 16:**

Respondent refers to and incorporates by reference its General Objections as though set forth in full herein.  Respondent further objects to this Interrogatory on the basis that it is overbroad, vague and ambiguous and is already contained in Respondent's complaint.

Date: _____       By:_____

                                                  JAYSON M. LORENZO
                                                  Attorney for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT II

Jayson M. Lorenzo, Esq. SBN 216973
jmlorenzo.esq@gmail.com
Attorney at Law
2794 Gateway Road, Suite 116
Carlsbad, CA 92009
Tel. (760) 517-6646
Fax (760) 520-7900

Attorney for Plaintiff
ROBERT ALEXANDER KASEBERG

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG,<br><br><br>          Plaintiff,<br><br>     vs.<br><br><br>CONACO, LLC; TURNER<br>BROADCASTING SYSTEM; TIME<br>WARNER, INC.; CONAN O'BRIEN;<br>JEFF ROSS; MIKE SWEENEY; DOES 1<br>– 10, inclusive,<br><br><br>          Defendants. | Case No. 15-CV-01637-JLS-DHB<br><br><br>**PLAINTIFF'S RESPONSE TO<br>CONACO, LLC'S FIRST SET OF<br>REQUESTS FOR ADMISSIONS** |

PROPOUNDING PARTY:     CONACO, LLC

RESPONDING PARTY:      ROBERT ALEXANDER KASEBERG

SET NO.:               ONE

1    Plaintiff Robert Alexander Kaseberg, by and through his attorney, and pursuant to

2  Federal Rules of Civil Procedure 26 and 34 and the Local Rules of this Court, responds

3  and objects to Defendant Conaco, LLC's ("Conaco") Requests for Production of

4  Documents and Things as follows:

5                              **PRELIMINARY STATEMENT**

6    1.    Plaintiff's investigation and development of all facts and circumstances

7  relating to this action is ongoing.  These responses and objections are made without

8  prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents

9  at trial.

10    2.    By making the accompanying responses and objections, Plaintiff does not

11  waive, and hereby expressly reserves, his right to assert any and all objections as to the

12  admissibility of such responses into evidence in this action, or in any other proceedings,

13  on any and all grounds including, but not limited to, competency, relevancy, materiality,

14  and privilege.  Further, Plaintiff makes the responses and objections herein without in

15  any way implying that he considers the requests and responses to the requests  to be

16  relevant or material to the subject matter of this action.

17

18    3.    Plaintiff expressly reserves the right to supplement, clarify, revise, or

19  correct any or all of the responses and objections herein, and to assert additional

20  objections or privileges, in one or more subsequent supplemental response(s).

21

22            **GENERAL RESPONSES AND OBJECTIONS**

23    1.    Plaintiff objects to each instruction, definition, document request, and

24  requests for admissions to the extent that it purports to impose any requirement or

25  discovery obligation greater than or different from those under the Federal Rules of

26  Civil Procedure and the applicable Rules and Orders of the Court.

27    2.    Objection is made to the requests for admissions to the extent the proposed

28  requests for admissions is not relevant to the subject matter of the lawsuit and will not

1  lead to the discovery of admissible evidence or the proposed discovery goes beyond the

2  subject matter of the case and reasonable expectations of obtaining information that will

3  aid resolution of the dispute.

4       3.    Objection is made to the requests for admissions to the extent the request

5  would require the responding party to create a document not in existence.  A party is not

6  required to produce a document or tangible thing unless it is within the person's

7  possession, custody or control.  A document that does not exist is not within a party's

8  "possession, custody, or control."  The only exception to the rule involves the factual

9  observations, tests, or supporting data of a testifying expert.  See Procter & Gamble Co.

10  v. Haugen, 427 F.3d 727 (10th Cir. 2005), which limits a litigant's duties to produce

11  data owned by somebody else.  See also Federal Rules of Civil Procedure 26, 34(a) and

12  703.

13       4.    Objection is made to each request for admission that is overly broad,

14  unduly burdensome, or not reasonably calculated to lead to the discovery of admissible

15  evidence.

16       5.    Objection is made to each request for admission to the extent that it calls

17  for production of a privilege log for internal documents of Plaintiff.  A request for such

18  a log is unreasonable and unduly burdensome in light of the work product doctrine,

19  governmental deliberative process privilege, and other privileges protecting such

20  internal documents from discovery.

21       6.    Objection is made to each instruction, definition, document request, and

22  request for admission to the extent that it seeks documents protected from disclosure by

23  the attorney-client privilege, deliberative process privilege, attorney work-product

24  doctrine, or any other applicable privilege.  Should any such disclosure by Plaintiff

25  occur, it is inadvertent and shall not constitute a waiver of any privilege.

26       7.    Objection is made to each instruction, definition, document request, and

27  request for admission as overbroad and unduly burdensome to the extent it seeks

28  documents or information that are readily or more accessible to Defendant from

1 Defendant's own files, from documents or information in Defendant's possession, or
2 from documents or information that Defendant previously produced to Plaintiff.
3 Responding to such requests and interrogatory would be oppressive, unduly
4 burdensome, and unnecessarily expensive, and the burden of responding to such
5 requests and interrogatory is substantially the same or less for Defendant as for Plaintiff.

6        8.     Objection is made to Defendant's requests for admission that call for the
7 production of documents and information that were produced to the Plaintiff by other
8 entities and that may contain confidential, proprietary, or trade secret information.

9        9.     Objection is made to the extent any of Defendant's requests for admission
10 seeks documents or answers that include expert material, including but not limited to
11 receipts, photos or claim documents, Plaintiff objects to any such requests and
12 interrogatory as premature and expressly reserves the right to supplement, clarify,
13 revise, or correct any or all responses to such requests, and to assert additional
14 objections or privileges, in one or more subsequent supplemental response(s) in
15 accordance with the time period for exchanging expert reports set by the Court.  See
16 Procter & Gamble Co. v. Haugen, 427 F.3d 727 (10th Cir. 2005), which limits a
17 litigant's duties to produce data owned by somebody else.  See also FRCP 26, 34(a) and
18 703.

19      10.     Objection is made to the requests for admission to the extent that it seeks
20 the identity, mental impressions, opinions, and/or documents or tangible things
21 containing such information of consulting experts either informally consulted or
22 specially retained in anticipation of litigation or preparation for trial that were not
23 reviewed by a testifying expert witness.  See Procter & Gamble Co. v. Haugen, 427
24 F.3d 727 (10th Cir. 2005), which limits a litigant's duties to produce data owned by
25 somebody else.  See also FRCP 26, 34(a) and 703.

26      11.     Objection is made to the request for admission to the extent that the
27 discovery sought is unreasonably cumulative or duplicative.

28

12.     Objection is made to the request for admission to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.  See 5 CFR 1201.72.

13.     Plaintiff incorporates by reference every general objection set forth above into each specific response set forth below.  A specific response may repeat a general objection for emphasis or some other reason.  The failure to include any general objection in any specific response does not waive any general objection to that request.

**ADMISSION REQUEST NO. 1:**

Admit that when YOU spoke with MIKE SWEENEY on February 18, 2015, regarding YOUR allegations in this ACTION, YOU sought a paid writing position on the "Conan" show.

**RESPONSE TO ADMISSION NO. 1:**

Respondent admits speaking to MIKE SWEENEY on February 18, 2015, but denies the remainder of this request.

**ADMISSION NO. 2:**

Admit that JOKE #1 is not identical to DEFENDANTS' JOKE #1.

**RESPONSE TO ADMISSION NO. 2:**

Respondent refers to and incorporates by reference its General Objections as though set forth in full herein.  Respondent further objects to this Request on the grounds that it is vague and ambiguous as to "identical" and the response calls for a legal conclusion. Without waiving said objections Respondent Denies.

**ADMISSION NO. 3:**

Admit that JOKE #2 is not identical to DEFENDANTS' JOKE #2.

**RESPONSE TO ADMISSION NO. 3:**

Respondent refers to and incorporates by reference its General Objections as though set forth in full herein.  Respondent further objects to this Request on the grounds that it is vague and ambiguous as to "identical" and the response calls for a legal conclusion. Without waiving said objections Respondent Denies.

1  **ADMISSION NO. 4:**

2  Admit that JOKE #3 is not identical to DEFENDANTS' JOKE #3.

3  **RESPONSE TO ADMISSION NO. 4:**

4  Respondent refers to and incorporates by reference its General Objections as though set

5  forth in full herein.  Respondent further objects to this Request on the grounds that it is

6  vague and ambiguous as to "identical" and the response calls for a legal conclusion.

7  Without waiving said objections Respondent Denies.

8  **ADMISSION NO. 5:**

9  Admit that JOKE #4 is not identical to DEFENDANTS' JOKE #4.

10  **RESPONSE TO ADMISSION NO. 5:**

11  Respondent refers to and incorporates by reference its General Objections as though set

12  forth in full herein.  Respondent further objects to this Request on the grounds that it is

13  vague and ambiguous as to "identical" and the response calls for a legal conclusion.

14  Without waiving said objections Respondent Denies.

15  **ADMISSION NO. 6:**

16  Admit that the only evidence YOU have of DEFENDANTS' access to the JOKES AT

17  ISSUE prior to DEFENDANTS' alleged infringement is YOUR publication of the

18  JOKES AT ISSUE on your TWITTER ACCOUNT, PERSONAL ONLINE BLOG, or

19  FACEBOOK PAGE.

20  **RESPONSE TO ADMISSION NO. 6:**

21  Respondent refers to and incorporates by reference its General Objections as though set

22  forth in full herein.  Respondent further objects to this Request on the grounds that it is

23  compound, vague and ambiguous and that Respondent cannot provide an intelligible

24  response with speculation.  Without waiving said objections Respondent Denies.

25  **ADMISSION NO. 7:**

26  Admit that YOU are not aware of any DEFENDANT following or viewing your

27  PERSONAL ONLINE BLOG, TWITTER ACCOUNT, or FACEBOOK PAGE prior to

28  February 4, 2015.

1   **RESPONSE TO ADMISSION NO. 7:**

2   Respondent refers to and incorporates by reference its General Objections as though set

3   forth in full herein.  Respondent further objects to this Request on the grounds that it is

4   compound and that discovery is continuing.  Without waiving said objections

5   Respondent Denies.

6   **ADMISSION NO. 8:**

7   Admit that each and every one of the JOKES AT ISSUE utilizes a standard, two-line,

8   setup-punchline formula, in which the setup conveys a factual recitation of a then-

9   current event or news story, and the punchline conveys a humorous take on the

10  aforementioned current event or news story.

11  **RESPONSE TO ADMISSION NO. 8:**

12  Respondent refers to and incorporates by reference its General Objections as though set

13  forth in full herein.  Respondent further objects to this Request on the grounds that it is

14  compound and that it is vague and ambiguous as to the terms "standard",  "setup"

15  and "humorous take".   Respondent cannot provide an intelligible response with

16  speculating at to the meaning of the terms. Without waiving said objections Respondent

17  Denies.

18  **ADMISSION NO. 9:**

19  Admit that you are aware of numerous third-parties publishing jokes concerning the

20  same factual then-current events or news stories, and conveying a similar punchline as

21  the JOKES AT ISSUE.

22  **RESPONSE TO ADMISSION NO. 9:**

23  Respondent refers to and incorporates by reference its General Objections as though set

24  forth in full herein.  Respondent further objects to this Request on the grounds that it

25  seeks irrelevant information to the issues in this proceeding and is not reasonably

26  calculated to lead to the discovery of admissible evidence and that the request is vague

27  and ambiguous as to time and scope..  Without waiving said objections Respondent

28  Denies.

PLAINTIFF'S RESPONSE TO CONACO, LLC'S FIRST SET OF REQUESTS FOR ADMISSIONS

**ADMISSION NO. 10:**

Admit that the tweets attached hereto as Exhibit A were published prior to the first instance YOU published JOKE #1.

**RESPONSE TO ADMISSION NO. 10:**

Respondent refers to and incorporates by reference its General Objections as though set forth in full herein. Respondent further objects to this Request on the grounds that it is vague and ambiguous as to "published", the documents speak for themselves, documents lack foundation and hearsay. Without waiving said objections Respondent Denies.

**ADMISSION NO. 11:**

Admit that the tweets attached hereto as Exhibit B were published prior to the first instance YOU published JOKE #2.

**RESPONSE TO ADMISSION NO. 11:**

Respondent refers to and incorporates by reference its General Objections as though set forth in full herein. Respondent further objects to this Request on the grounds that it is vague and ambiguous as to "published" , the documents speak for themselves, documents lack foundation and hearsay. Without waiving said objections Respondent Denies.

**ADMISSION NO. 12:**

Admit that the tweets attached hereto as Exhibit C were published prior to the first instance YOU published JOKE #3.

**RESPONSE TO ADMISSION NO. 12:**

Respondent refers to and incorporates by reference its General Objections as though set forth in full herein. Respondent further objects to this Request on the grounds that it is vague and ambiguous as to "published" , the documents speak for themselves, documents lack foundation and hearsay. Without waiving said objections Respondent Denies.

**ADMISSION NO. 13:**

PLAINTIFF'S RESPONSE TO CONACO, LLC'S FIRST SET OF REQUESTS FOR ADMISSIONS

1  Admit that the tweets attached hereto as Exhibit D were published prior to the first

2  instance YOU published JOKE #4.

3  **RESPONSE TO ADMISSION NO. 13:**

4  Respondent refers to and incorporates by reference its General Objections as though set

5  forth in full herein.  Respondent further objects to this Request on the grounds that it is

6  vague and ambiguous as to "published", the documents speak for themselves,

7  documents lack foundation and hearsay.  Without waiving said objections Respondent

8  Denies.

9

10

11  Date: 4/25/2016                          By: _____

12                                                JAYSON M. LORENZO
                                                  Attorney for Plaintiff
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

# EXHIBIT JJ

25
26
27
28

Jayson M. Lorenzo, Esq. SBN 216973
jmlorenzo.esq@gmail.com
Attorney at Law
2794 Gateway Road, Suite 116
Carlsbad, CA 92009
Tel. (760) 517-6646
Fax (760) 520-7900

Attorney for Plaintiff
ROBERT ALEXANDER KASEBERG

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG,<br><br>Plaintiff,<br><br>vs.<br><br>CONACO, LLC; TURNER BROADCASTING SYSTEM; TIME WARNER, INC.; CONAN O'BRIEN; JEFF ROSS; MIKE SWEENEY; DOES 1 – 10, inclusive,<br><br>Defendants. | Case No. 15-CV-01637-JLS-DHB<br><br>**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO CONACO, LLC'S FIRST SET OF INTERROGATORIES** |

PROPOUNDING PARTY:   CONACO, LLC

RESPONDING PARTY:   ROBERT ALEXANDER KASEBERG

SET NO.:   ONE

1         Plaintiff Robert Alexander Kaseberg, by and through his attorney, and pursuant to

2 Federal Rules of Civil Procedure 26 and 34 and the Local Rules of this Court, responds

3 and objects to Defendant Conaco, LLC's ("Conaco") First Set of Interrogatories as

4 follows:

5 **PRELIMINARY STATEMENT**

6       1.     Plaintiff's investigation and development of all facts and circumstances

7 relating to this action is ongoing. These responses and objections are made without

8 prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents

9 at trial.

10       2.     By making the accompanying responses and objections to Defendant's

11 requests for documents and interrogatory, Plaintiff does not waive, and hereby expressly

12 reserves, his right to assert any and all objections as to the admissibility of such

13 responses into evidence in this action, or in any other proceedings, on any and all

14 grounds including, but not limited to, competency, relevancy, materiality, and privilege.

15 Further, Plaintiff makes the responses and objections herein without in any way

16 implying that he considers the requests and interrogatory, and responses to the requests

17 and interrogatory, to be relevant or material to the subject matter of this action.

18       3.     Plaintiff will produce responsive documents only to the extent that such

19 documents are in the possession, custody, or his control as set forth in the Federal Rules

20 of Civil Procedure. Plaintiff's possession, custody, or control does not include any

21 constructive possession that may be conferred by Plaintiff's right or power to compel

22 the production of documents or information from third parties.

23       4.     A response to a document request or interrogatory stating that objections

24 and/or indicating that documents will be produced shall not be deemed or construed that

25 there are, in fact, responsive documents, that Plaintiff performed any of the acts

26 described in the document request, interrogatory, or definitions and/or instructions

27 applicable to the document request or interrogatory, or that Plaintiff acquiesces in the

28 characterization of the conduct or activities contained in the document request,

1  interrogatory, or definitions and/or instructions applicable to the document request or

2  interrogatory.

3       5.     Plaintiff expressly reserves the right to supplement, clarify, revise, or

4  correct any or all of the responses and objections herein, and to assert additional

5  objections or privileges, in one or more subsequent supplemental response(s).

6       6.     Plaintiff will make available for inspection at Plaintiff's attorney's offices

7  responsive documents.  Alternatively, Plaintiff will produce copies of the documents.

8       7.     Publicly available documents including, but not limited to, newspaper

9  clippings, court papers, and documents available on the Internet, will not be produced.

10                **GENERAL RESPONSES AND OBJECTIONS**

11       1.     Plaintiff objects to each instruction, definition, document request, and

12  interrogatory to the extent that it purports to impose any requirement or discovery

13  obligation greater than or different from those under the Federal Rules of Civil

14  Procedure and the applicable Rules and Orders of the Court.

15       2.     Objection is made to the interrogatories to the extent the proposed

16  discovery is not relevant to the subject matter of the lawsuit and will not lead to the

17  discovery of admissible evidence or the proposed discovery goes beyond the subject

18  matter of the case and reasonable expectations of obtaining information that will aid

19  resolution of the dispute.

20       3.     Objection is made to the interrogatories to the extent the request would

21  require the responding party to create a document not in existence.

22       4.     Objection is made to each interrogatory that is overly broad, unduly

23  burdensome, or not reasonably calculated to lead to the discovery of admissible

24  evidence.

25       5.     Objection is made to each instruction, definition, document request, and

26  interrogatory to the extent that it seeks documents protected from disclosure by the

27  attorney-client privilege, deliberative process privilege, attorney work-product doctrine,

28

1  or any other applicable privilege.  Should any such disclosure by Plaintiff occur, it is

2  inadvertent and shall not constitute a waiver of any privilege.

3        6.     Objection is made to each instruction, definition, document request, and

4  interrogatory as overbroad and unduly burdensome to the extent it seeks documents or

5  information that are readily or more accessible to Defendant from Defendant's own

6  files, from documents or information in Defendant's possession, or from documents or

7  information that Defendant previously produced to Plaintiff.  Responding to such

8  requests and interrogatory would be oppressive, unduly burdensome, and unnecessarily

9  expensive, and the burden of responding to such requests and interrogatory is

10  substantially the same or less for Defendant as for Plaintiff.

11        7.     Objection is made to Defendant's interrogatories that call for the

12  production of documents or information that were produced to the Plaintiff by other

13  entities and that may contain confidential, proprietary, or trade secret information.

14        8.     Objection is made to the extent any of Defendant's interrogatories seek

15  documents or answers that include expert material, including but not limited to receipts,

16  photos or claim documents, Plaintiff objects to any such requests and interrogatory as

17  premature and expressly reserves the right to supplement, clarify, revise, or correct any

18  or all responses to such requests, and to assert additional objections or privileges, in one

19  or more subsequent supplemental response(s) in accordance with the time period for

20  exchanging expert reports set by the Court.  See Procter & Gamble Co. v. Haugen, 427

21  F.3d 727 (10th Cir. 2005), which limits a litigant's duties to produce data owned by

22  somebody else.  See also FRCP 26, 34(a) and 703.

23        9.     Objection is made to the interrogatories to the extent that it seeks the

24  identity, mental impressions, opinions, and/or documents or tangible things containing

25  such information of consulting experts either informally consulted or specially retained

26  in anticipation of litigation or preparation for trial that were not reviewed by a testifying

27  expert witness.  See Procter & Gamble Co. v. Haugen, 427 F.3d 727 (10th Cir. 2005),

28

PLAINTIFF'S SUPPLEMENTAL RESPONSE TO CONACO, LLC'S FIRST SET OF INTERROGATORIES

1  which limits a litigant's duties to produce data owned by somebody else.  See also

2  FRCP 26, 34(a) and 703.

3          10.     Objection is made to the interrogatories to the extent that the discovery

4  sought is unreasonably cumulative or duplicative.

5          11.     Objection is made to the interrogatories to the extent the discovery sought

6  is obtainable from some other source that is more convenient, less burdensome, or less

7  expensive.  See 5 CFR 1201.72.

8          12.     Plaintiff incorporates by reference every general objection set forth above

9  into each specific response set forth below.  A specific response may repeat a general

10 objection for emphasis or some other reason.  The failure to include any general

11 objection in any specific response does not waive any general objection to that request.

12         13.     Plaintiff reserves the right to amend a prior response to an interrogatory if

13 Plaintiff learns that the response is, in some material respect, incomplete or incorrect

14 and if the additional or corrective information has not otherwise been made known to

15 other parties during the discovery process or in writing.

16 **INTERROGATORY NO. 1:**

17 Separately, for each of the JOKES AT ISSUE, identify the time, date, and forum for

18 every instance of publication.

19 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

20         1.     Respondent posted it to his personal blog on January 14, 2015 at 4:14 pm.

21         2.     Respondent posted it to his: (1) Twitter account on February 3, 2015 at

22 8:49 am and (2) personal blog on February 3, 2015 at 9:02 am.

23         3.     Respondent posted it to his: (1) Twitter account on February 17, 2015 at

24 7:21 am; (2) his personal blog on February 17, 2015 at 11:20 am; and (3) Facebook

25 page on February 17, 2015 at 4:31 pm.

26         4.     Respondent posted it on his: (1) Twitter account on June 9, 2015 at 1:31

27 pm; and (2) his personal blog on June 9, 2015 at 11:05 am.

28 **INTERROGATORY NO. 2:**

1  Separately, for each of the JOKES AT ISSUE, identify the original and unique

2  components YOU believe DEFENDANTS have unlawfully copied.

3  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

4          Without waiving Respondent's previous objections, Respondent responds as

5  follows:

6          For each joke, Respondent believes that the punch line was original and unique.

7  Respondent also believes the entire joke, meaning the combination of the premise and

8  punch line was original and unique.

9  **INTERROGATORY NO. 3:**

10  For each of the JOKES AT ISSUE, describe in detail YOUR conception, development,

11  creation, and authorship.

12  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

13          Respondent objects to this Interrogatory on the basis that the question is

14  compound and vague and ambiguous as to the term "conception", "development",

15  "creation" and "authorship".  Without waiving said objections, Respondent responds:

16          1.      Watched Conan show and wanted to see if he could come up with a similar

17  joke because Respondent liked the first joke so much.

18          2.      Respondent came up with joke after reading an article that Tom Brady

19  planned to give Malcolm Butler the MVP Chevy truck following the Super Bowl in

20  2015.

21          3.      Respondent came up with the joke after reading an article about

22  reconstruction and preservation of the Washington Monument and that it was

23  professionally measured shorter than previously reported, leading to a phallic joke.

24          4.      Respondent came up with the joke after reading about Caitlyn Jenner's

25  Malibu crash and articles relating to Caitlin Jenner.  Respondent was reading this while

26  in his home.

27  **INTERROGATORY NO. 4:**

28

1  For each of the JOKES AT ISSUE, state all facts relating to YOUR independent

2  creation thereof, including specific details sufficient to identify the websites and/or

3  other news and information sources you visited that provided the content to which each

4  of the JOKES AT ISSUE relate.

5  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

6  Respondent refers to and incorporates by reference its General Objections as though set

7  forth in full herein.  Respondent further objects to this Request to the extent it purports

8  to require the identification of documents from sources that are not reasonably

9  accessible because of undue burden.  Without waiving said objections, Respondent

10  responds: Respondent came up with the jokes after hearing about certain subjects in the

11  news.  Respondent does not recall specific websites or news sources, but is informed an

12  and believes the sources were online.  Discovery is continuing as to specific information

13  sources.

14  **INTERROGATORY NO. 7:**

15  State all facts establishing a chain of events linking the JOKES AT ISSUE and

16  DEFENDANTS' access thereof.

17  **RESPONSE TO INTERROGATORY NO. 7:**

18  Respondent publishes his work in on the Internet without any restrictions to access.

19  Anyone, including DEFENDANTS and employees of the DEFENDANTS may access

20  his content using a web browser.

21  **INTERROGATORY NO. 8:**

22  State all facts establishing the JOKES AT ISSUE have been widely disseminated.

23  **RESPONSE TO INTERROGATORY NO. 8:**

24  Respondent publishes his work in on the Internet without any restrictions to access.

25  Anyone, including DEFENDANTS and employees of the DEFENDANTS may access

26  his content using a web browser.

27  **INTERROGATORY NO. 10:**

28

1   Identify every instance within the last five years in which YOU have submitted YOUR

2   alleged original content to a television show, web or print publication, or other media

3   entity either for compensation or consideration for an employment position.

4   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

5   Respondent refers to and incorporates by reference its General Objections as though set

6   forth in full herein.  Respondent further objects to this Request to the extent it seeks

7   information, which is not relevant to any party's claim or defense and is not reasonably

8   calculated to lead to the discovery of relevant, admissible evidence.  Respondent further

9   objects that this question seeks information that is private and confidential and may

10  violate the privacy rights as to the third parties who accepted submissions.   Without

11  waiving said Objections.  Respondent will provide a separate document for Attorney's

12  Eyes Only.

13  **INTERROGATORY NO. 11:**

14  Identify every instance within the last five years in which YOU have sold any of YOUR

15  original content and identify the original content YOU sold.

16  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:**

17  Respondent refers to and incorporates by reference its General Objections as though set

18  forth in full herein.  Respondent further objects to this Request to the extent it seeks

19  information, which is not relevant to any party's claim or defense and is not reasonably

20  calculated to lead to the discovery of relevant, admissible evidence.  Respondent further

21  objects that this question seeks information that is private and confidential and my

22  violate the privacy rights as to the third parties who accepted submissions.   Respondent

23  will provide a separate document for Attorney's Eyes Only.

24  **INTERROGATORY NO. 12:**

25  Separately, for each instance identified in YOUR response to Interrogatory No. 11,

26  identify the contact information for each purchaser, including name, address, phone

27  number and email address and the amount of compensation YOU received.

28  **RESPONSE TO INTERROGATORY NO. 12:**

1  Respondent refers to and incorporates by reference its General Objections as though set

2  forth in full herein.  Respondent further objects to this Request to the extent it seeks

3  information, which is not relevant to any party's claim or defense and is not reasonably

4  calculated to lead to the discovery of relevant, admissible evidence.  Respondent further

5  objects that this question seeks information that is private and confidential and my

6  violate the privacy rights or trade secrets of the third parties who accepted submissions.

7

8

9  Date: ___C/1/216___          By:_____

10                                         JAYSON M. LORENZO

                                           Attorney for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S SUPPLEMENTAL RESPONSE TO CONACO, LLC'S FIRST SET OF INTERROGATORIES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

# EXHIBIT KK

25
26
27
28

1  Jayson M. Lorenzo, Esq. SBN 216973
   jmlorenzo.esq@gmail.com
2  Attorney at Law
   2794 Gateway Road, Suite 116
3  Carlsbad, CA 92009
   Tel. (760) 517-6646
4  Fax (760) 520-7900

5  Attorney for Plaintiff
   ROBERT ALEXANDER KASEBERG
6

7

8                  UNITED STATES DISTRICT COURT

9            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11 ROBERT ALEXANDER KASEBERG,       ) Case No. 15-CV-01637-JLS-DHB
                                     )
12                                   )
                                     )
13            Plaintiff,             )
                                     )
14                                   )
                                     )
15       vs.                         ) **PLAINTIFF'S SUPPLEMENTAL**
                                     ) **RESPONSE TO CONACO, LLC'S**
16                                   ) **FIRST SET OF REQUESTS FOR**
                                     ) **ADMISSIONS**
17 CONACO, LLC; TURNER              )
   BROADCASTING SYSTEM; TIME        )
18 WARNER, INC.; CONAN O'BRIEN;     )
   JEFF ROSS; MIKE SWEENEY; DOES 1  )
19 – 10, inclusive,                 )
                                     )
20                                   )
                                     )
21            Defendants.            )
                                     )
22 _____   )

23 PROPOUNDING PARTY:    CONACO, LLC

24 RESPONDING PARTY:     ROBERT ALEXANDER KASEBERG

25 SET NO.:              ONE

26

27

28

PLAINTIFF'S SUPPLEMENTAL RESPONSE TO CONACO, LLC'S FIRST SET OF REQUESTS FOR ADMISSIONS

1    Plaintiff Robert Alexander Kaseberg, by and through his attorney, and pursuant to

2  Federal Rules of Civil Procedure 26 and 34 and the Local Rules of this Court, responds

3  and objects to Defendant Conaco, LLC's ("Conaco") Requests for Admissions as

4  follows:

5                    **PRELIMINARY STATEMENT**

6    1.    Plaintiff's investigation and development of all facts and circumstances

7  relating to this action is ongoing.  These responses and objections are made without

8  prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents

9  at trial.

10    2.    By making the accompanying responses and objections, Plaintiff does not

11  waive, and hereby expressly reserves, his right to assert any and all objections as to the

12  admissibility of such responses into evidence in this action, or in any other proceedings,

13  on any and all grounds including, but not limited to, competency, relevancy, materiality,

14  and privilege.  Further, Plaintiff makes the responses and objections herein without in

15  any way implying that he considers the requests and responses to the requests  to be

16  relevant or material to the subject matter of this action.

17    3.    Plaintiff expressly reserves the right to supplement, clarify, revise, or

18  correct any or all of the responses and objections herein, and to assert additional

19  objections or privileges, in one or more subsequent supplemental response(s).

20           **GENERAL RESPONSES AND OBJECTIONS**

21    1.    Plaintiff objects to each instruction, definition, document request, and

22  requests for admissions to the extent that it purports to impose any requirement or

23  discovery obligation greater than or different from those under the Federal Rules of

24  Civil Procedure and the applicable Rules and Orders of the Court.

25    2.    Objection is made to the requests for admissions to the extent the proposed

26  requests for admissions is not relevant to the subject matter of the lawsuit and will not

27  lead to the discovery of admissible evidence or the proposed discovery goes beyond the

28

1  subject matter of the case and reasonable expectations of obtaining information that will

2  aid resolution of the dispute.

3        3.    Objection is made to the requests for admissions to the extent the request

4  would require the responding party to create a document not in existence.  A party is not

5  required to produce a document or tangible thing unless it is within the person's

6  possession, custody or control.  A document that does not exist is not within a party's

7  "possession, custody, or control."  The only exception to the rule involves the factual

8  observations, tests, or supporting data of a testifying expert.  See Procter & Gamble Co.

9  v. Haugen, 427 F.3d 727 (10th Cir. 2005), which limits a litigant's duties to produce

10  data owned by somebody else.  See also Federal Rules of Civil Procedure 26, 34(a) and

11  703.

12        4.    Objection is made to each request for admission that is overly broad,

13  unduly burdensome, or not reasonably calculated to lead to the discovery of admissible

14  evidence.

15        5.    Objection is made to each request for admission to the extent that it calls

16  for production of a privilege log for internal documents of Plaintiff.  A request for such

17  a log is unreasonable and unduly burdensome in light of the work product doctrine,

18  governmental deliberative process privilege, and other privileges protecting such

19  internal documents from discovery.

20        6.    Objection is made to each instruction, definition, document request, and

21  request for admission to the extent that it seeks documents protected from disclosure by

22  the attorney-client privilege, deliberative process privilege, attorney work-product

23  doctrine, or any other applicable privilege.  Should any such disclosure by Plaintiff

24  occur, it is inadvertent and shall not constitute a waiver of any privilege.

25        7.    Objection is made to each instruction, definition, document request, and

26  request for admission as overbroad and unduly burdensome to the extent it seeks

27  documents or information that are readily or more accessible to Defendant from

28  Defendant's own files, from documents or information in Defendant's possession, or

PLAINTIFF'S SUPPLEMENTAL RESPONSE TO CONACO, LLC'S FIRST SET OF REQUESTS FOR ADMISSIONS

1  from documents or information that Defendant previously produced to Plaintiff.

2  Responding to such requests and interrogatory would be oppressive, unduly

3  burdensome, and unnecessarily expensive, and the burden of responding to such

4  requests and interrogatory is substantially the same or less for Defendant as for Plaintiff.

5       8.    Objection is made to Defendant's requests for admission that call for the

6  production of documents and information that were produced to the Plaintiff by other

7  entities and that may contain confidential, proprietary, or trade secret information.

8       9.    Objection is made to the extent any of Defendant's requests for admission

9  seeks documents or answers that include expert material, including but not limited to

10  receipts, photos or claim documents, Plaintiff objects to any such requests and

11  interrogatory as premature and expressly reserves the right to supplement, clarify,

12  revise, or correct any or all responses to such requests, and to assert additional

13  objections or privileges, in one or more subsequent supplemental response(s) in

14  accordance with the time period for exchanging expert reports set by the Court.  See

15  Procter & Gamble Co. v. Haugen, 427 F.3d 727 (10th Cir. 2005), which limits a

16  litigant's duties to produce data owned by somebody else.  See also FRCP 26, 34(a) and

17  703.

18       10.   Objection is made to the requests for admission to the extent that it seeks

19  the identity, mental impressions, opinions, and/or documents or tangible things

20  containing such information of consulting experts either informally consulted or

21  specially retained in anticipation of litigation or preparation for trial that were not

22  reviewed by a testifying expert witness.  See Procter & Gamble Co. v. Haugen, 427

23  F.3d 727 (10th Cir. 2005), which limits a litigant's duties to produce data owned by

24  somebody else.  See also FRCP 26, 34(a) and 703.

25       11.   Objection is made to the request for admission to the extent that the

26  discovery sought is unreasonably cumulative or duplicative.

27

28

PLAINTIFF'S SUPPLEMENTAL RESPONSE TO CONACO, LLC'S FIRST SET OF REQUESTS FOR ADMISSIONS

12.     Objection is made to the request for admission to the extent the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.  See 5 CFR 1201.72.

13.     Plaintiff incorporates by reference every general objection set forth above into each specific response set forth below.  A specific response may repeat a general objection for emphasis or some other reason.  The failure to include any general objection in any specific response does not waive any general objection to that request.

**ADMISSION NO. 2:**

Admit that JOKE #1 is not identical to DEFENDANTS' JOKE #1.

**SUPPLEMENTAL RESPONSE TO ADMISSION NO. 2:**

Respondent refers to and incorporates by reference its General Objections as though set forth in full herein.  Respondent further objects to this Request on the grounds that it is vague and ambiguous as to "identical" and the response calls for a legal conclusion. Without waiving said objections Respondent Denies and is not denying on the basis of the objections.

**ADMISSION NO. 3:**

Admit that JOKE #2 is not identical to DEFENDANTS' JOKE #2.

**SUPPLEMENTAL RESPONSE TO ADMISSION NO. 3:**

Respondent refers to and incorporates by reference its General Objections as though set forth in full herein.  Respondent further objects to this Request on the grounds that it is vague and ambiguous as to "identical" and the response calls for a legal conclusion. Without waiving said objections Respondent Denies and is not denying on the basis of the objections.

**ADMISSION NO. 4:**

Admit that JOKE #3 is not identical to DEFENDANTS' JOKE #3.

**SUPPLEMENTAL RESPONSE TO ADMISSION NO. 4:**

Respondent refers to and incorporates by reference its General Objections as though set forth in full herein.  Respondent further objects to this Request on the grounds that it is

PLAINTIFF'S SUPPLEMENTAL RESPONSE TO CONACO, LLC'S FIRST SET OF REQUESTS FOR ADMISSIONS

1  vague and ambiguous as to "identical" and the response calls for a legal conclusion.

2  Without waiving said objections Respondent Denies and is not denying on the basis of

3  the objections.

4  **ADMISSION NO. 5:**

5  Admit that JOKE #4 is not identical to DEFENDANTS' JOKE #4.

6  **SUPPLEMENTAL RESPONSE TO ADMISSION NO. 5:**

7  Respondent refers to and incorporates by reference its General Objections as though set

8  forth in full herein.  Respondent further objects to this Request on the grounds that it is

9  vague and ambiguous as to "identical" and the response calls for a legal conclusion.

10  Without waiving said objections Respondent Denies and is not denying on the basis of

11  the objections.

12  **ADMISSION NO. 6:**

13  Admit that the only evidence YOU have of DEFENDANTS' access to the JOKES AT

14  ISSUE prior to DEFENDANTS' alleged infringement is YOUR publication of the

15  JOKES AT ISSUE on your TWITTER ACCOUNT, PERSONAL ONLINE BLOG, or

16  FACEBOOK PAGE.

17  **SUPPLEMENTAL RESPONSE TO ADMISSION NO. 6:**

18  Respondent refers to and incorporates by reference its General Objections as though set

19  forth in full herein.  Respondent further objects to this Request on the grounds that it is

20  compound, vague and ambiguous and that Respondent cannot provide an intelligible

21  response with speculation.  Without waiving said objections Respondent Denies

22  Without waiving said objections Respondent Denies on the basis that he has a

23  recollection of someone on the Conan show following Respondent on twitter at some

24  point in time.

25  **ADMISSION NO. 7:**

26  Admit that YOU are not aware of any DEFENDANT following or viewing your

27  PERSONAL ONLINE BLOG, TWITTER ACCOUNT, or FACEBOOK PAGE prior to

28  February 4, 2015.

PLAINTIFF'S SUPPLEMENTAL RESPONSE TO CONACO, LLC'S FIRST SET OF REQUESTS FOR ADMISSIONS

**SUPPLEMENTAL RESPONSE TO ADMISSION NO. 7:**

Respondent refers to and incorporates by reference its General Objections as though set forth in full herein.  Respondent further objects to this Request on the grounds that it is compound and that discovery is continuing.  Without waiving said objections Respondent Denies on the basis that he has a recollection of someone on the Conan show following Respondent on twitter at some point in time.

**ADMISSION NO. 8:**

Admit that each and every one of the JOKES AT ISSUE utilizes a standard, two-line, setup-punchline formula, in which the setup conveys a factual recitation of a then-current event or news story, and the punchline conveys a humorous take on the aforementioned current event or news story.

**SUPPLEMENTAL RESPONSE TO ADMISSION NO. 8:**

Respondent refers to and incorporates by reference its General Objections as though set forth in full herein.  Respondent further objects to this Request on the grounds that it is compound and that it is vague and ambiguous as to the terms "standard",  "setup" and "humorous take".   Respondent cannot provide an intelligible response with speculating at to the meaning of the terms. Without waiving said objections Respondent Denies the Admission as a whole but admits the JOKES AT ISSUE contain a setup and a punchline.

**ADMISSION NO. 9:**

Admit that you are aware of numerous third-parties publishing jokes concerning the same factual then-current events or news stories, and conveying a similar punchline as the JOKES AT ISSUE.

**SUPPLEMENTAL RESPONSE TO ADMISSION NO. 9:**

Respondent refers to and incorporates by reference its General Objections as though set forth in full herein.  Respondent further objects to this Request on the grounds that it seeks irrelevant information to the issues in this proceeding and is not reasonably calculated to lead to the discovery of admissible evidence and that the request is vague

1   and ambiguous as to time and scope.  Without waiving said objections Respondent

2   Denies and is not denying on the basis of the objections.

3

4

5   Date: _____          By: _____

6                                                     JAYSON M. LORENZO

7                                                     Attorney for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S SUPPLEMENTAL RESPONSE TO CONACO, LLC'S FIRST SET OF REQUESTS FOR ADMISSIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT LL

1
2
3
4

Jayson M. Lorenzo, Esq. SBN 216973
jmlorenzo.esq@gmail.com
Attorney at Law
2794 Gateway Road, Suite 116
Carlsbad, CA 92009
Tel. (760) 517-6646
Fax (760) 520-7900

5
6

Attorney for Plaintiff
ROBERT ALEXANDER KASEBERG

7

8

9

10

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11

ROBERT ALEXANDER KASEBERG,

Case No. 15-CV-01637-JLS-DHB

12

13

            Plaintiff,

14

15

    vs.

**PLAINTIFF'S SUPPLEMENTAL
RESPONSE TO CONACO, LLC'S
FIRST SET OF INTERROGATORIES**

16

17

18

19

20

CONACO, LLC; TURNER
BROADCASTING SYSTEM; TIME
WARNER, INC.; CONAN O'BRIEN;
JEFF ROSS; MIKE SWEENEY; DOES 1
– 10, inclusive,

21

            Defendants.

22

23

PROPOUNDING PARTY:    CONACO, LLC

24

RESPONDING PARTY:     ROBERT ALEXANDER KASEBERG

25

SET NO.:              ONE

26

27

28

Plaintiff Robert Alexander Kaseberg, by and through his attorney, and pursuant to Federal Rules of Civil Procedure 26 and 34 and the Local Rules of this Court, responds and objects to Defendant Conaco, LLC's ("Conaco") First Set of Interrogatories as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

2.      By making the accompanying responses and objections to Defendant's requests for documents and interrogatory, Plaintiff does not waive, and hereby expressly reserves, his right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses and objections herein without in any way implying that he considers the requests and interrogatory, and responses to the requests and interrogatory, to be relevant or material to the subject matter of this action.

3.      Plaintiff will produce responsive documents only to the extent that such documents are in the possession, custody, or his control as set forth in the Federal Rules of Civil Procedure. Plaintiff's possession, custody, or control does not include any constructive possession that may be conferred by Plaintiff's right or power to compel the production of documents or information from third parties.

4.      A response to a document request or interrogatory stating that objections and/or indicating that documents will be produced shall not be deemed or construed that there are, in fact, responsive documents, that Plaintiff performed any of the acts described in the document request, interrogatory, or definitions and/or instructions applicable to the document request or interrogatory, or that Plaintiff acquiesces in the characterization of the conduct or activities contained in the document request,

interrogatory, or definitions and/or instructions applicable to the document request or interrogatory.

5.     Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

6.     Plaintiff will make available for inspection at Plaintiff's attorney's offices responsive documents.  Alternatively, Plaintiff will produce copies of the documents.

7.     Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

## GENERAL RESPONSES AND OBJECTIONS

1.     Plaintiff objects to each instruction, definition, document request, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.     Objection is made to the interrogatories to the extent the proposed discovery is not relevant to the subject matter of the lawsuit and will not lead to the discovery of admissible evidence or the proposed discovery goes beyond the subject matter of the case and reasonable expectations of obtaining information that will aid resolution of the dispute.

3.     Objection is made to the interrogatories to the extent the request would require the responding party to create a document not in existence.

4.     Objection is made to each interrogatory that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

5.     Objection is made to each instruction, definition, document request, and interrogatory to the extent that it seeks documents protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work-product doctrine,

or any other applicable privilege.  Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

6.     Objection is made to each instruction, definition, document request, and interrogatory as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Defendant from Defendant's own files, from documents or information in Defendant's possession, or from documents or information that Defendant previously produced to Plaintiff.  Responding to such requests and interrogatory would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests and interrogatory is substantially the same or less for Defendant as for Plaintiff.

7.     Objection is made to Defendant's interrogatories that call for the production of documents or information that were produced to the Plaintiff by other entities and that may contain confidential, proprietary, or trade secret information.

8.     Objection is made to the extent any of Defendant's interrogatories seek documents or answers that include expert material, including but not limited to receipts, photos or claim documents, Plaintiff objects to any such requests and interrogatory as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.  See Procter & Gamble Co. v. Haugen, 427 F.3d 727 (10th Cir. 2005), which limits a litigant's duties to produce data owned by somebody else.  See also FRCP 26, 34(a) and 703.

9.     Objection is made to the interrogatories to the extent that it seeks the identity, mental impressions, opinions, and/or documents or tangible things containing such information of consulting experts either informally consulted or specially retained in anticipation of litigation or preparation for trial that were not reviewed by a testifying expert witness.  See Procter & Gamble Co. v. Haugen, 427 F.3d 727 (10th Cir. 2005),

which limits a litigant's duties to produce data owned by somebody else.  See also

FRCP 26, 34(a) and 703.

10.    Objection is made to the interrogatories to the extent that the discovery

sought is unreasonably cumulative or duplicative.

11.    Objection is made to the interrogatories to the extent the discovery sought

is obtainable from some other source that is more convenient, less burdensome, or less

expensive.  See 5 CFR 1201.72.

12.    Plaintiff incorporates by reference every general objection set forth above

into each specific response set forth below.  A specific response may repeat a general

objection for emphasis or some other reason.  The failure to include any general

objection in any specific response does not waive any general objection to that request.

13.    Plaintiff reserves the right to amend a prior response to an interrogatory if

Plaintiff learns that the response is, in some material respect, incomplete or incorrect

and if the additional or corrective information has not otherwise been made known to

other parties during the discovery process or in writing.

**INTERROGATORY NO. 15:**

State all facts that support YOUR Copyright Infringement claim against

DEFENDANTS, as alleged in the COMPLAINT.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

Respondent refers to and incorporates by reference its General Objections as though set

forth in full herein.  Respondent further objects to this Interrogatory on the basis that it

is overbroad, vague and ambiguous  and is already contained in Respondent's complaint.

Without waiving said objections Respondent responds as follows:  On January 14, 2015,

Plaintiff published a joke on this personal online blog.  Later that same day a

substantially similar joke appeared on the "Conan" show monologue.  On February 3,

2015, Respondent published another joke on his personal online blog and Twitter.com

account.  The next day a substantially similar joke appeared on the "Conan" show

monologue.  On February 17, 2015, Respondent published another joke on his personal

online blog and Twitter.com account, again later that same day a substantially similar joke appeared on the "Conan" show monologue.  On  June 9, 2015, Plaintiff published the another joke his personal online blog and Twitter.com account.  Later that same day, a substantially similar joke appeared on the "Conan" show monologue.  Respondent publishes his work in on the Internet without any restrictions to access.  Anyone, including DEFENDANTS and employees of the DEFENDANTS may access his content using a web browser.

**INTERROGATORY NO. 16:**

State all facts relating to YOUR contention in paragraph 29 of the COMPLAINT that DEFENDANTS' "infringement has been willful or deliberate."

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 16:**

Respondent refers to and incorporates by reference its General Objections as though set forth in full herein.  Respondent further objects to this Interrogatory on the basis that it is overbroad, vague and ambiguous  and is already contained in Respondent's complaint. Without waiving said objections Respondent responds as follows:  On January 14, 2015, Plaintiff published a joke on this personal online blog.  Later that same day a substantially similar joke appeared on the "Conan" show monologue.  On February 3, 2015, Respondent published another joke on his personal online blog and Twitter.com account.  The next day a substantially similar joke appeared on the "Conan" show monologue.  On February 17, 2015, Respondent published another joke on his personal online blog and Twitter.com account, again later that same day a substantially similar joke appeared on the "Conan" show monologue.  On  June 9, 2015, Plaintiff published the another joke his personal online blog and Twitter.com account.  Later that same day, a substantially similar joke appeared on the "Conan" show monologue.  Respondent publishes his work in on the Internet without any restrictions to access.  Anyone, including DEFENDANTS and employees of the DEFENDANTS may access his content using a web browser.

1

2   Date: June 8, 2016                    By:  _/s/ jayson m. lorenzo_____

3                                              JAYSON M. LORENZO
                                               Attorney for Plaintiff
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S SUPPLEMENTAL RESPONSE TO CONACO, LLC'S FIRST SET OF INTERROGATORIES