Jayson M. Lorenzo, Esq. SBN 216973
jmlorenzo.esq@gmail.com
Attorney at Law
2794 Gateway Road, Suite 116
Carlsbad, CA 92009
Tel. (760) 517-6646
Fax (760) 520-7900

Attorney for Plaintiff
ROBERT ALEXANDER KASEBERG

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG, | Case No. 15-CV-01637-JLS-DHB |
| Plaintiff, | |
| vs. | **DECLARATION OF JAYSON M. LORENZO** |
| CONACO, LLC; TURNER BROADCASTING SYSTEM; TIME WARNER, INC.; CONAN O'BRIEN; JEFF ROSS; MIKE SWEENEY; DOES 1 – 10, inclusive, | |
| Defendants. | Judge:  Hon. David H. Bartick |

I, JAYSON M. LORENZO declare and state as follows:

1.      I am an attorney at law duly licensed to practice before all courts of the and am the attorneys of record herein for Plaintiff ROBERT ALEXANDER KASEBERG.  I make this declaration in support of Plaintiffs' position in the Joint Motion for Determination of Discovery Dispute. The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

2.      On May 18, 2016, I met and conferred with Defendant's counsel, Nick Huskins, pursuant to Civil Local Rule 26.1.a. During the meet and confer, we discussed both Plaintiff's responses to discovery as well as Defendant's responses to discovery.

3.      I discussed with Defendant's counsel his objections that the discovery should be limited to the "jokes at issue" and explained to him that I did not think discovery could be limited to the "jokes at issue".  Many of his objections dealt with limiting his client's responses to those involved with the "jokes at issue".  I explained to him that his client was asking Plaintiff to produce information unrelated to the jokes at issues in their requests.  I stated that if his client didn't have to produce the documents unrelated to the jokes at issue, then I explained to Mr. Huskins then my client shouldn't have to produce information that didn't relate to the jokes at issue either.  I didn't think it was fair nor did it make any sense.  We agreed that discovery is either limited to jokes at issue or they are not.  He stated he understood my point and that he agreed in principle with my position that the jokes shouldn't be limited to the jokes at issue and that he would talk to Ms. Erica Van Loon about the matter.  We specifically discussed the production of all email submissions by Mr. Comers, Mr. Kiley and Mr. Kutner.  We had also discussed the depositions of Mr. Kiley and Mr. Kutner and that I needed these before their depositions.  The deposition were tentatively set for June 24 or July 1.  He stated he could have the documents produced before their depositions if we agreed in principle on the nature of the protective order.  We agreed that we would adopt the language of the protective order except for information related to financial information.  After the call, I understood that we would both be producing information even though they did not relate to the "jokes at issue."

4.      We also discussed the financial information that I was requesting and I explained the Copyright Act stated that in establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work. He stated he understood my position but that there is no relation between 4 jokes on a monologue and the gross revenues of his clients or how that can even be determined.  I suggested to Mr. Huskins that I would be agreeable to getting Judge Bartick involved so we could have an informal discussion with the Judge as to the to avoid unnecessary paperwork.  The idea was to save the parties time and money to get a general sense on the Judge's impression on the issue which could go a long way in informally resolving the matter.  Mr. Huskins stated he would bring up the matter with Ms. Van Loon, but seemed receptive to the idea.

DECLARATION OF JAYSON M. LORENZO

5.    Mr. Huskins stated he would send a confirming email recapping our conversation.  He sent an email to me on May 19, 2016.  See Exhibit A.

6.    In the email Mr. Huskins changed his position and stated that  he did not believe "Requests Nos. 4 and 7, and RFP Nos. 6-8, are relevant without limitation.  Specifically we do not see how jokes unrelated to the jokes at issue are relevant, nor how the identification of Conaco staff who had no involvement with the jokes at issue are relevant.  We will consider a narrowed re-draft of these requests, to the extent they are relevant to claims or defense at issue in this case."  In essence he stated that Plaintiff should re-draft the request to narrow the question.

7.    With respect to the financial information Mr. Huskins stated "We discussed the relevance of the financial information requested by Plaintiff, and were unable to reach a resolution.  You indicated you would move to compel Interrogatory responses and the production of documents related to Defendants' financial information.  Regarding your suggestion that we settle the matter informally with the assistance of Judge Bartick,  we are not opposed so long as we have the opportunity to apprise Judge Bartick in writing of the relevant case law.  We note that our dispute concerning the designation of financial documents as AEO might also be a matter that can be settled informally with Judge Bartick, if he is so inclined to speak with us without a formal motion.  We are amenable to mutually calling Judge Bartick's clerk with you to see if he would be amenable to a telephone conference to try to resolve these disputes without the need for motion practice.  I am available to discuss this further this afternoon, prior to our mutually contacting Judge Bartick's clerk."

6.    On May 23, 2016, I sent an email response to Mr. Huskins.  See Exhibit B.

7.    In my email I stated  "With respect to 10-13 we discussed whether the discovery was going to be limited to the "jokes at issue".  I don't believe it should be limited to the jokes at issue.  If it wasn't limited to the "jokes at issue" we were both going to agree to produce information.  I would agree to produce the information but because of your objection to our RFP 6-8 I do not think it is appropriate for my client to provide this information.  My understanding was that we would mutually not withhold information but you need to confirm that with Erica.  You stated you understood my

position.  You would agree to produce RFP 6-8 information before Kiley, Kutner and Comers depos and I would agree to responde to your rogs 10-13 subject to the protective order."

8.      I confirmed his position was a departure from what we discussed on the phone.

9.      I also wrote with respect to his clients RFP 6-8. "So with RFP No. 2, you believe any and all correspondence with third parties related to Defendants whether they involve the Jokes at issue should be produced?  RFP 41, I will have my client produce what he has related to jokes at issue. However, I do not agree that Plaintiff's Interrogatory Request 4 and 7 should not be produced by your client.  Also I do not agree that RFP 6-8 should not be produced by your client.  Please confirm that you will not respond to Interrogatory 4 and 7 and also not produce documents for RFP 6-8...  If you are not producing RFP 6-8 I may need to push Kiley and Kutner's depos."

10.      With respect to the financial information and a call with Judge Bartick, my position was that if we were going to brief the issue we might as well file a formal motion.  My thought was that we would have a discussion with Judge Bartick first without any formal briefing and that if we were going to brief the issues the work would be duplicative.

11.       The next day on May 24, I asked Mr. Huskins if he had any case law related to the financial information that I could read.  I thought it was best to continue to meet and confer rather than to rush to file a motion.  If there was merit to his position I would reconsider my position.  See Exhibit C.

12.      On May 31, 2016, I received an email from Mr. Huskins where he provided me with some case law supporting his position.  See Exhibit D.

13.      On May 31, 2016, I responded to Mr. Huskins.  See Exhibit E.  After reading his case law I offered to limit the scope of the financial request to 2015 only and only to revenue related to the "Conan" show.  I wrote "Just to be clear, as I mentioned to you, all the writers for your client's show are relevant because my client may know other writers who he either follow my client or my client may follow them.  This goes to the issue of access.  Further, you have requested all materials and jokes that my client has written unrelated to the jokes at issue but at the same time you don't agree all jokes submitted by Comers, Kiley and Kutner are relevant.  Again, jokes submitted even if they aren't the jokes at issue are relevant to access.  If you are not going to be providing any information related to

RFP Nos. 6-8 then I will need to postpone Kiley and Kutner's deposition until this is sorted out.  With regards to the financial information.  I reviewed your case law.  I am happy to limit the gross revenue information for TBS, Conanco, Time Warner, Conan O'Brien, Mike Sweeney and Jeff Ross related only to the "Conan" Show.  Please provide me with gross reveune and/or salary/bonuses you clients received related only to the "Conan" Show in 2015.  With respect to the writers, I believe we are entitled to what the writers who allegedly wrote the jokes at issue made as well as what other writers on the staff made.  This is relevant to establish my client's actual damages or the fair value of what writers are being paid.  I believe we are entitled to what Mr. Comers, Mr. Kiley and what Mr. Kutner make as they are allegedly the writers of the jokes at issue.  With respect to the other writers on the show, we do not need to know what each writer made, a list of their salaries or what they make from the Conan show should suffice with names redacted.  Again, this is relevant to establish what writers for Conan are being paid per year."

11.    On June 1, 2016, I received and email response from Mr. Huskins.  See Exhibit F  In his email he stated, "we cannot agree to your proposed limitation concerning financial information. To reiterate, there is no connection between the Conan show's revenue generated in 2015 or the annual salary and bonuses of the writers of the show, and the use of a single joke in the show's monologue. Nor is there a practical way to extrapolate the value of a single joke from that information."

12.    Attached hereto as Exhibit G is a true and correct copy of Plaintiffs Interrogatories to Defendant Mike Sweeney (SET ONE).

13.    Attached hereto as Exhibit H is a true and correct copy of Plaintiffs Interrogatories to Defendant Conan O'Brien (SET ONE).

14.    Attached hereto as Exhibit I is a true and correct copy of Plaintiffs Interrogatories to Defendant Jeffrey Ross (SET ONE).

15.    Attached hereto as Exhibit J is a true and correct copy of Plaintiffs Interrogatories to Defendant Conaco, LLC (SET ONE).

16.    Attached hereto as Exhibit K is a true and correct copy of Plaintiffs Interrogatories to Defendant Turner Broadcasting System (SET ONE).

17.     Attached hereto as Exhibit L is a true and correct copy of Plaintiffs Interrogatories to Defendant Time Warner, Inc (SET ONE).

18.     Attached hereto as Exhibit M is a true and correct copy of Plaintiffs Request for Production of Documents to Conaco, LLC (Set One).

19.     Attached hereto as Exhibit N is a true and correct copy of Defendant's Response to Plaintiffs Interrogatories to Defendant Mike Sweeney (SET ONE).

20.     Attached hereto as Exhibit O is a true and correct copy of Defendant's Response to Plaintiffs Interrogatories to Defendant Conan O'Brien (SET ONE).

21.     Attached hereto as Exhibit P is a true and correct copy of Defendant's Response to Plaintiffs Interrogatories to Defendant Jeffrey Ross (SET ONE).

22.     Attached hereto as Exhibit Q is a true and correct copy of Defendant's Response to Plaintiffs Interrogatories to Defendant Conaco, LLC (SET ONE).

23.     Attached hereto as Exhibit R is a true and correct copy of Defendant's Response to Plaintiff's Interrogatories to Defendant Turner Broadcasting System (SET ONE).

24.     Attached hereto as Exhibit S is a true and correct copy of Defendant's Response to Plaintiffs Interrogatories to Defendant Time Warner, Inc (SET ONE).

25.     Attached hereto as Exhibit T is a true and correct copy of Defendant's Respones to Plaintiffs Request for Production of Documents to Conaco, LLC (Set One).

26.     Attached hereto as Exhibit U is a true and correct copy of Plaintiff's letter to Defendant's counsel dated May 13, 2016.

I declare under penalty of perjury that the foregoing is true and correct.

Date:   06.02.2016                                      By:/s/ *Jayson M. Lorenzo*
                                                        JAYSON M. LORENZO
                                                        Attorney for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

 **Gmail** Kaseberg v. Conaco, et al.

**Jayson Lorenzo <jmlorenzo.esq@gmail.com>**

---

# Kaseberg v. Conaco, et al.

---

**Nick Huskins** <nhuskins@glaserweil.com>                    Thu, May 19, 2016 at 1:13 PM
To: Jayson Lorenzo <jmlorenzo.esq@gmail.com>
Cc: Erica Van Loon <evanloon@glaserweil.com>

Jayson,

As discussed on our call yesterday afternoon, below is the understanding reached between the parties with respect to the outstanding discovery issues:

**Depositions**

•   We can make Mike Sweeney available for deposition on June 17 in Irvine, as you suggested. Let us know if this date works and the location of the deposition. Also, let us know if June 24 works for the depositions of Kiley and Kutner in Irvine. We would like to lock these dates in with the witnesses so please confirm the dates with us this week.

•   We will get back to you with dates for the additional deponents you requested.

**Protective Order**

•   We agreed to all terms of the proposed protective order except the designation of non-public financial documents as AEO.  The parties will move forward with discovery obligations subject to our mutual understanding of the agreed-upon terms of the protective order, i.e. the production of documents designated as "confidential" and the treatment of trade secret information as "Attorneys Eyes Only."  As to our dispute regarding the designation of non-public financial documents, Defendants will proceed with filing a motion with the Court if this issue cannot be resolved informally with Judge Bartick.

**Defendants' Discovery Requests**

**Interrogatories**

•   You agreed to supplement responses to Conaco's Interrogatory Nos. 1-4, 7-8, 10-13, and 15-16.

        o  With respect to Interrogatory No. 1, you represented that Plaintiff will supplement to provide information sufficient to show the date, time, and forum in which the jokes at issue were published.

        o  With respect to Interrogatory No. 3, you represented Plaintiff will supplement with the date of creation, and any other responsive information not included in Plaintiff's initial response.

        o  With respect to Interrogatory No. 6, you represented this is a complete response.

        o  With respect to Interrogatory Nos. 2, 4, 7-8, and 15-16, you represented that Plaintiff will supplement with a complete, narrative response.

        o  With respect to Interrogatory Nos. 10-13, the parties agree to treat any information provided in

response as subject to the confidentiality terms of the proposed protective order. You represented that Plaintiff will supplement his response to these Interrogatories subject to that understanding.

**Requests for Production**

• You represented Plaintiff is not withholding any documents on the basis of his objections.

• We discussed Plaintiff's limiting response with respect to RFPs No. 2 and 41. You raised the issue that Defendants' similarly limited their response to Plaintiff's RFP Nos. 6-8. We discussed mutually resolving whether or not we can agree that the aforementioned requests can be uniformly limited, or in the alternative, the limitation can be removed from both our responses. Subsequent to our phone conversation, you emailed to raise the same issue with our response to Interrogatories No. 4 and 7, and contended that you believe that information is relevant without any limitation.

> o Upon review, we are willing to agree to the limitation as to our RFP No. 41, but believe RFP No. 2 is properly limited in scope and relevant. We disagree that Plaintiff's Interrogatory Requests Nos. 4 and 7, and RFP Nos. 6-8, are relevant without limitation. Specifically we do not see how jokes unrelated to the jokes at issue are relevant, nor how the identification of Conaco staff who had no involvement with the jokes at issue are relevant. We will consider a narrowed re-draft of these requests, to the extent they are relevant to claims or defense at issue in this case. Short of that, we cannot agree to removing the limitation.

**Requests for Admission**

• You represented Plaintiff will supplement all responses to clarify whether any denial is made on the basis of an asserted objection, or as to the substance of the Request. For any denial based on an objection, you agreed the response will specify the particular objection that serves as the basis for the denial.

> o With respect to RFA Nos. 2-5, you represented that Plaintiff will supplement his responses subject to an understanding that "identical" means word-for-word copy.

> o With respect to RFA Nos. 6-7, you represented that Plaintiff will supplement his responses to be consistent with Plaintiff's Interrogatory responses.

> o With respect to RFA No. 8, you represented that Plaintiff will supplement his response with the understanding that the word "standard" be removed from the request.

> o With respect to RFA No. 9, you represented that Plaintiff will supplement his response with the understanding that the request seeks an admission as to your client's awareness as of today, not prior to publication of the jokes at issue.

**Deadline for Supplemental Responses**

• No deadline to provide supplemental responses was discussed on the call. In the interest of preventing any further delay, please confirm your client will provide supplemental responses by May 26. We would prefer to resolve any discovery issues without involvement from the Court, but must be prepared to move in the event any supplemental responses are provided any later, or are otherwise unsatisfactory.

**Plaintiff's Discovery Requests/Informal Conference with the Judge Bartick**

• We discussed the relevance of the financial information requested by Plaintiff, and were unable to reach a resolution. You indicated you would move to compel Interrogatory responses and the production of documents related to Defendants' financial information. Regarding your suggestion that we settle the matter informally with

the assistance of Judge Bartick, we are not opposed so long as we have the opportunity to apprise Judge Bartick in writing of the relevant case law. We note that our dispute concerning the designation of financial documents as AEO might also be a matter that can be settled informally with Judge Bartick, if he is so inclined to speak with us without a formal motion. We are amenable to mutually calling Judge Bartick's clerk with you to see if he would be amenable to a telephone conference to try to resolve these disputes without the need for motion practice. I am available to discuss this further this afternoon, prior to our mutually contacting Judge Bartick's clerk.

Regards,

Nick



**Nick Huskins | Attorney**

10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067

Main: 310.553.3000 | Direct: 310.282.6264 | Fax: 310.785.3564

E-Mail: nhuskins@glaserweil.com | www.glaserweil.com

This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

DECLARATION OF JAYSON M. LORENZO



**Jayson Lorenzo <jmlorenzo.esq@gmail.com>**

---

# Kaseberg v. Conaco, et al.

**Jayson Lorenzo** <jmlorenzo.esq@gmail.com>        Mon, May 23, 2016 at 3:38 PM
To: Nick Huskins <nhuskins@glaserweil.com>, Erica Van Loon <evanloon@glaserweil.com>
Cc: Lorie Mallari <lorie@jlorenzolaw.com>

Nick,

See my responses in red below.

> On Thu, May 19, 2016 at 1:13 PM, Nick Huskins <nhuskins@glaserweil.com> wrote:
>
> Jayson,
>
> As discussed on our call yesterday afternoon, below is the understanding reached between the parties with respect to the outstanding discovery issues:
>
> **Depositions**
>
> • We can make Mike Sweeney available for deposition on June 17 in Irvine, as you suggested. Let us know if this date works and the location of the deposition. Also, let us know if June 24 works for the depositions of Kiley and Kutner in Irvine. We would like to lock these dates in with the witnesses so please confirm the dates with us this week

I will confirm the dates and location of the 17 and 24 by the end of the week. I may need to take Sweeney on the 24 and Kiley and Kutner on July 1st. I still need to clear my calendar. Also see my comments related to RFP 6-8 below as it also may affect if I take Kiley and Kutner.

> • We will get back to you with dates for the additional deponents you requested.

Please get me dates by the end of next week. I want to take Weisberg and Comers next then Conan and Ross. I also need to take a PMK for Time Warner and TBS on financial information as a heads up.

> **Protective Order**
>
> • We agreed to all terms of the proposed protective order except the designation of non-public financial documents as AEO. The parties will move forward with discovery obligations subject to our mutual understanding of the agreed-upon terms of the protective order, i.e. the production of documents designated as "confidential" and the treatment of trade secret information as "Attorneys Eyes Only." As to our dispute regarding the designation of non-public financial documents, Defendants will proceed with filing a motion with the Court if this issue cannot be resolved informally with Judge Bartick.

Agreed, however the issue of non-public financial documents is still in dispute. It is my understanding that you are taking the position that you will not produce any financial information. Can you confirm this? If so, I will just go ahead and file a motion to compel on that issue.

> **Defendants' Discovery Requests**

**Interrogatories**

- You agreed to supplement responses to Conaco's Interrogatory Nos. 1-4, 7-8, 10-13, and 15-16.

I agreed that I will speak to my client and to the extent he can provide additional information the responses will be supplemented.

        o With respect to Interrogatory No. 1, you represented that Plaintiff will supplement to provide information sufficient to show the date, time, and forum in which the jokes at issue were published.

I agreed that I will speak to my client and to the extent he can provide additional information the responses will be supplemented.

        o With respect to Interrogatory No. 3, you represented Plaintiff will supplement with the date of creation, and any other responsive information not included in Plaintiff's initial response.

I agreed that I will speak to my client and to the extent he can provide additional information the responses will be supplemented.

        o With respect to Interrogatory No. 6, you represented this is a complete response.

Agree.

        o With respect to Interrogatory Nos. 2, 4, 7-8, and 15-16, you represented that Plaintiff will supplement with a complete, narrative response.

I will speak to my client and see if he has additional information for which he can supplement. I did not agree to a narrative response.

        o With respect to Interrogatory Nos. 10-13, the parties agree to treat any information provided in response as subject to the confidentiality terms of the proposed protective order. You represented that Plaintiff will supplement his response to these Interrogatories subject to that understanding.

With respect to 10-13 we discussed whether the discovery was going to be limited to the "jokes at issue". I don't believe it should be limited to the jokes at issue. If it wasn't limited to the "jokes at issue" we were both going to agree to produce information. I would agree to produce the information but because of your objection to our RFP 6-8 I do not think it is appropriate for my client to provide this information. My understanding was that we would mutually not withhold information but you need to confirm that with Erica. You stated you understood my position. You would agree to produce RFP 6-8 information before Kiley, Kutner and Comers depos and I would agree to responde to your rogs 10-13 subject to the projective order.

**Requests for Production**

- You represented Plaintiff is not withholding any documents on the basis of his objections.

Agree.

- We discussed Plaintiff's limiting response with respect to RFPs No. 2 and 41. You raised the issue that Defendants' similarly limited their response to Plaintiff's RFP Nos. 6-8. We discussed mutually resolving whether or not we can agree that the aforementioned requests can be uniformly limited, or in the alternative, the limitation can be removed from both our responses. Subsequent to our phone conversation, you emailed to raise the same issue with our response to Interrogatories No. 4 and 7, and contended that you believe that information is relevant without any limitation.

        o Upon review, we are willing to agree to the limitation as to our RFP No. 41, but believe

RFP No. 2 is properly limited in scope and relevant.  We disagree that Plaintiff's Interrogatory Requests Nos. 4 and 7, and RFP Nos. 6-8, are relevant without limitation.  Specifically we do not see how jokes unrelated to the jokes at issue are relevant, nor how the identification of Conaco staff who had no involvement with the jokes at issue are relevant.  We will consider a narrowed re-draft of these requests, to the extent they are relevant to claims or defense at issue in this case.  Short of that, we cannot agree to removing the limitation.

So with RFP No. 2, you believe any and all correspondence with third parties related to Defendants whether they involve the Jokes at issue should be produced?  RFP 41, I will have my client produce what he has related to jokes at issue.  However, I do not agree that Plaintiff's Interrogatory Request 4 and 7 should not be produced by your client.  Also I do not agree that RFP 6-8 should not be produced by your client.  Please confirm that you will not respond to Interrogatory 4 and 7 and also not produce documents for RFP 6-8.  I will go ahead and file a motion to compel on those requests.

If you are not producing RFP 6-8 I may need to push Kiley and Kutner's depos.

**Requests for Admission**

•  You represented Plaintiff will supplement all responses to clarify whether any denial is made on the basis of an asserted objection, or as to the substance of the Request.  For any denial based on an objection, you agreed the response will specify the particular objection that serves as the basis for the denial.

Agree.

o  With respect to RFA Nos. 2-5, you represented that Plaintiff will supplement his responses subject to an understanding that "identical" means word-for-word copy.

I will speak to my client about whether he will agree to supplement.  The RFA as writen is unclear.  I think in order to clear this up and have a clean record for trial, I you should resend your specific RFA request.

o  With respect to RFA Nos. 6-7, you represented that Plaintiff will supplement his responses to be consistent with Plaintiff's Interrogatory responses.

Disagree.  I stated that I would speak to my client to discovery of there is any additional information that might requre him to supplement his response.

o  With respect to RFA No. 8, you represented that Plaintiff will supplement his response with the understanding that the word "standard" be removed from the request.

I will speak to my client about whether he will agree to supplement.  The RFA as writen is unclear.  I think in order to clear this up and have a clean record for trial, I you should resend your specific RFA request.

o  With respect to RFA No. 9, you represented that Plaintiff will supplement his response with the understanding that the request seeks an admission as to your client's awareness as of today, not prior to publication of the jokes at issue.

Disagree.  I stated that the documents lacked foundation haven't been authenticated and he can't admit to documents he never authored or knows anything about.

**Deadline for Supplemental Responses**

•  No deadline to provide supplemental responses was discussed on the call.  In the interest of preventing any further delay, please confirm your client  will provide supplemental responses by May 26.  We would

prefer to resolve any discovery issues without involvement from the Court, but must be prepared to move in the event any supplemental responses are provided any later, or are otherwise unsatisfactory.

I can agree to no later than June 1 for any supplements.

**Plaintiff's Discovery Requests/Informal Conference with the Judge Bartick**

- We discussed the relevance of the financial information requested by Plaintiff, and were unable to reach a resolution. You indicated you would move to compel Interrogatory responses and the production of documents related to Defendants' financial information. Regarding your suggestion that we settle the matter informally with the assistance of Judge Bartick, we are not opposed so long as we have the opportunity to apprise Judge Bartick in writing of the relevant case law. We note that our dispute concerning the designation of financial documents as AEO might also be a matter that can be settled informally with Judge Bartick, if he is so inclined to speak with us without a formal motion. We are amenable to mutually calling Judge Bartick's clerk with you to see if he would be amenable to a telephone conference to try to resolve these disputes without the need for motion practice. I am available to discuss this further this afternoon, prior to our mutually contacting Judge Bartick's clerk.

If we are going to brief the issue, I'd rather just file a formal motion. The first issue is the relevance of the documents and whether you should produce them to me, as well as the jokes submitted to your client and the names of other writers and what they make. The AEO issue is only relevant if I am entitled to financial information.

Regards,

Nick

# GlaserWeil

**Nick Huskins | Attorney**

10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067

Main: 310.553.3000 | Direct: 310.282.6264 | Fax: 310.785.3564

E-Mail: nhuskins@glaserweil.com | www.glaserweil.com



This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C



Jayson Lorenzo <jmlorenzo.esq@gmail.com>

## Kaseberg v. Conaco, LLC - Discovery Meet and Confer

**Jayson Lorenzo** <jmlorenzo.esq@gmail.com>                                      Tue, May 24, 2016 at 3:03 PM
To: Nick Huskins <nhuskins@glaserweil.com>

Nick,

Also, I never got a copy of the insurance policy.  Now that we have agreed on the terms of the protective order
can you please provide that as well.

Also, before I file a motion to compel, if there is any case law you want me to read why you think you don't have
to produce financial information, I'm happy to read it.

Jayson M. Lorenzo, Esq.
L.L.M. with Concentration in Intellectual Property

2794 Gateway Road, Suite 116
Carlsbad, CA 92009
760-517-6646
jmlorenzo.esq@gmail.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT D

 **Gmail**

**Jayson Lorenzo <jmlorenzo.esq@gmail.com>**

## Kaseberg v. Conaco, et al.

**Nick Huskins** <nhuskins@glaserweil.com>                                    Tue, May 31, 2016 at 10:38 AM
To: Jayson Lorenzo <jmlorenzo.esq@gmail.com>, Erica Van Loon <evanloon@glaserweil.com>
Cc: Lorie Mallari <lorie@jlorenzolaw.com>

Jayson,

Thanks for your email.  Mike Sweeney is available for deposition on June 17 or June 24. Let us know if either
date works. If not, Mr. Sweeney's next available date for deposition is July 8. Mr. Kiley and Mr. Kutner are
available to be deposed on July 15.  That being said, we stand by our objections to Plaintiff's Request for
Production Nos. 6-8.  If this impacts your deposition schedule, let us know.  I am working on getting
availability for the rest of the deponents, and should have dates for you by the end of the week.

To be clear, we will not be producing revenue information for TBS, Time Warner, and Conaco, or salary
information for the individual writers, as they are in no way relevant to a potential damages calculation by
your client.  Per your request, we've attached some supporting case law.  Also, we cannot agree to a June 1
deadline for your client to supplement his deficient discovery responses.  Accordingly, Defendants will move
forward with a motion to compel regarding your client's deficient discovery responses.

As to the protective order, we agree that filing a formal motion is best and we will do so.

We are also attaching a copy of Conaco's insurance policy, as requested.  Please note that this document is
designated "Confidential" and thus, should be treated pursuant to the draft protective order's terms
concerning confidential documents.

Regards,

Nick

**From:** Jayson Lorenzo [mailto:jmlorenzo.esq@gmail.com]
**Sent:** Monday, May 23, 2016 3:38 PM
**To:** Nick Huskins; Erica Van Loon
**Cc:** Lorie Mallari
**Subject:** Kaseberg v. Conaco, et al.

Nick,

[Quoted text hidden]

**4 attachments**

 **MCA Inc v Wilson.doc**
141K

**Mackie v Rieser.doc**
95K

**On Davis v The Gap Inc.doc**
237K

**CONACO_000045-CONACO_000064.pdf**
1366K

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT E



**Jayson Lorenzo <jmlorenzo.esq@gmail.com>**

---

# Kaseberg v. Conaco, et al.

**Jayson Lorenzo** <jmlorenzo.esq@gmail.com>                    Tue, May 31, 2016 at 4:53 PM
To: Nick Huskins <nhuskins@glaserweil.com>
Cc: Erica Van Loon <evanloon@glaserweil.com>, Lorie Mallari <lorie@jlorenzolaw.com>
Bcc: Ryan Altomare <rjaltomare15@gmail.com>

Nick,

Thanks for you email. I'm confirming the availability of a conference room for Mr. Sweeney's deposition so either the 17th or 24th will work. Let me just confirm with our court reporter but please hold those two dates. With regards to RFPs 6-8 can you clarify what you mean? I'm a little confused. Is it your position you will provide the documents after a protective order is in place or is it your position that you will only provide documents related to the "jokes at issue"? In your email you stated "We disagree that Plaintiff's Interrogatory Requests Nos. 4 and 7, and RFP Nos. 6-8, are relevant without limitation. Specifically we do not see how jokes unrelated to the jokes at issue are relevant, nor how the identification of Conaco staff who had no involvement with the jokes at issue are relevant." My understanding is that you believe that documents related to the "jokes at issue" and people associated with the jokes at issue are the only information that is relevant.

Just to be clear, as I mentioned to you, all the writers for your client's show are relevant because my client may know other writers who he either follow my client or my client may follow them. This goes to the issue of access. Further, you have requested all materials and jokes that my client has written unrelated to the jokes at issue but at the same time you don't agree all jokes submitted by Comers, Kiley and Kutner are relevant. Again, jokes submitted even if they aren't the jokes at issue are relevant to access. If you are not going to be providing any information related to RFP Nos. 6-8 then I will need to postpone Kiley and Kutner's deposition until this is sorted out.

With regards to the financial information. I reviewed your case law. I am happy to limit the gross revenue information for TBS, Conanco, Time Warner, Conan O'Brien, Mike Sweeney and Jeff Ross related only to the "Conan" Show. Please provide me with gross reveune and/or salary/bonuses you clients received related only to the "Conan" Show in 2015. With respect to the writers, I believe we are entitled to what the writers who allegedly wrote the jokes at issue made as well as what other writers on the staff made. This is relevant to establish my client's actual damages or the fair value of what writers are being paid. I believe we are entitled to what Mr. Comers, Mr. Kiley and what Mr. Kutner make as they are allegedly the writers of the jokes at issue. With respect to the other writers on the show, we do not need to know what each writer made, a list of their salaries or what they make from Conan show should suffice with names redacted. Again, this is relevant to establish what writers for Conan are being paid per year.

As promised I will have you supplemental responses to your office by tomorrow.

Jayson M. Lorenzo, Esq.
L.L.M. with Concentration in Intellectual Property

2794 Gateway Road, Suite 116
Carlsbad, CA 92009
760-517-6646
jmlorenzo.esq@gmail.com

[Quoted text hidden]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT F

DECLARATION OF JAYSON M. LORENZO

 **Gmail**                                          **Jayson Lorenzo <jmlorenzo.esq@gmail.com>**

---

## Kaseberg v. Conaco, et al.

**Nick Huskins** <nhuskins@glaserweil.com>                          Wed, Jun 1, 2016 at 8:29 PM
To: Jayson Lorenzo <jmlorenzo.esq@gmail.com>, Erica Van Loon <evanloon@glaserweil.com>, Lorie Mallari
<lorie.mallari@gmail.com>

Jayson,


Yes, we will produce documents responsive to your RFPs to Conaco on or before June 20, 2016, as agreed
during our meet and confer.  The production will be subject to our objections.


In response to your email from yesterday, yes, it is our position that with respect to Plaintiff's Interrogatory
Nos. 4-7 and RFPs to Conaco Nos. 6-8, relevant information responsive to those requests is limited to the
jokes at issue and those associated with the jokes at issue.  We understand your position, but our position has
not changed.  If you intend on postponing Mr. Kiley and Mr. Kutner's deposition, please propose anticipated
dates so we can communicate them to our client and check availability.


Also, we cannot agree to your proposed limitation concerning financial information.  To reiterate, there is no
connection between the Conan show's revenue generated in 2015 or the annual salary and bonuses of the
writers of the show, and the use of a single joke in the show's monologue.   Nor is there a practical way to
extrapolate the value of a single joke from that information.


Regards,

Nick



**From:** Jayson Lorenzo [mailto:jmlorenzo.esq@gmail.com]
**Sent:** Wednesday, June 1, 2016 6:37 PM
**To:** Nick Huskins; Erica Van Loon; Lorie Mallari
**Subject:** Kaseberg v. Conaco, et al.


Nick,

[Quoted text hidden]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT G

DECLARATION OF JAYSON M. LORENZO

Jayson M. Lorenzo, Esq. SBN 216973
Attorney at Law
2794 Gateway Road
Carlsbad, CA 92009
Tel. (760) 517-6646
Fax (760) 520-7900

Attorney for Plaintiff
ROBERT ALEXANDER KASEBERG

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

ROBERT ALEXANDER KASEBERG,

      Plaintiff,

  vs.

MIKE SWEENEY,

      Defendant.

Case No. 15-CV-01637-JLS-DHB

**PLAINTIFFS INTEROGGATORIES TO
DEFENDANT MIKE SWEENEY  (SET ONE)**

**PROPOUNDING PARTY:** PLAINTIFF ROBERT ALEXANDER KASEBERG

**RESPONDING PARTY:**  DEFENDANT MIKE SWEENEY

**SET NO.:**  ONE

     PLAINTIFF  ROBERT  ALEXANDER  KASEBERG  ("PLAINTIFF")  propound  the
following Interrogatories on DEFENDANT MIKE SWEENEY ("DEFENDANT").  PLAINTIFF

1

1 requests that the responding party respond in writing, and under oath, to the following
2 interrogatories within 30 days of the service of these requests.

3 **DEFINITIONS**

4     A.    As used herein, the term "DOCUMENT" or "DOCUMENTS" means any written,
5 recorded or graphic matter, however produced or reproduced, or "writing" of any kind, including, but
6 not limited to, correspondence, memoranda, reports, studies, analyses, contracts, agreements, invoices,
7 charts, graphs, indices, data sheets, data processing cards or tapes, notes, work papers, entries, letters,
8 telegrams, forms, advertisements, brochures, circulars, tapes, records, bulletins, papers, books, maps,
9 drawings, accounts, photographs, transcriptions, recordings, magnetic tapes, disks, imprinted cards,
10 minutes and records of meetings, reports, financial statements, (including, but not limited to, income
11 statements, balance sheets, and statements of changes in financial position) financial calculations,
12 estimates, transactional documents, promissory notes, deeds of trust, closing statements, escrow
13 documents, title documents, security agreements, bonds, letters of credit, reports of telephone or oral
14 conversations, appointment books, calendars or diaries, and includes, but is not limited to, the term
15 "writing", including any and all "handwriting, typewriting, printing, photostating, photographing, and
16 every other means of recording upon any tangible thing any form of communication or representation,
17 including letters, words, pictures, sounds, or symbols, or combinations thereof." "DOCUMENT" or
18 "DOCUMENTS" includes all drafts and all finalized and/or executed writings, and includes all
19 electronic recordings of any information whether that information is electronic mail or other form of
20 electronic means of preserving information and/or is stored on a "hard" disk, 5 ¼" or 3 ½" disk, laser
21 disk, magnetic or other tape, personal computer or mainframe computer. If YOU do not have custody
22 or control of the original, the term "DOCUMENT" or "DOCUMENTS" shall also include any carbon
23 or photograph or any other copies, telephone messages, reproductions or facsimiles thereof. If YOU
24 have custody or control of the original and copies, reproduction or facsimiles, the term "DOCUMENT"
25 or "DOCUMENTS" shall mean the original of any copy or reproduction or facsimile that is in any way
26 different from the original.

27     B.    As used herein, "COMPLAINT" refers to the complaint filed by PLAINTIFF in this
28 case.

2

C.     As used herein, "DENIAL" refers to denials made in YOUR answer to the COMPLAINT.

D.     As used herein, "PLAINTIFF" refers to Plaintiff ROBERT ALEXANDER KASEBERG.

E.     As used herein, "DEFENDANT" refers to Defendant MIKE SWEENEY.

F.     As used herein, "INCIDENT" refers to the circumstances and events described in PLAINTIFF's Complaint.

G.     As used herein, "IDENTIFY ALL WITNESSES" shall mean by name, last known address and last known telephone number.

H.     As used herein, the terms "YOU" and "YOUR" refers to DEFENDANT, individually and collectively, and his or her, its or their affiliates and parent company and anyone acting on their, her or its behalf, including, but not limited to, past and present officers, directors, shareholders, agents, employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in their, her or its interest, on their, her or its behalf, or at their, her or its request, and each of them.

I.     As used herein, the term "PERSON" includes ANY natural person, firm, association, organization, partnership, business, trust, corporation, limited liability company, joint venture or public entity.

J.     As used herein, the terms "RELATE TO," "RELATES TO," "RELATED TO," and/or "RELATING TO" mean discuss, support, refute, reflect, mention, embody, pertain to, involve, comprise, respond to, concern, contain, summarize, memorialize, evidence, refer to, or connect in any way legally, factually or logically with, the matter therein.

K.     As used herein, "COMMUNICATION" or "COMMUNICATIONS" include ANY contacts between or among two or more PERSONS, and includes without limitation, written contact by such means as letters, memoranda, telegrams, telexes, electronic mail or any other DOCUMENTS, and oral contact by such means as face-to-face meetings and telephone conversations.

L.     As used herein, the term "ANY" as well as "ALL" shall be construed to include "each" and "every" within their meanings.

3

1    M.    Whenever used herein, "and" is to be understood to mean "or," and vice versa,

2    whenever such construction results in a broader request for information.

3                                  **<u>INTERROGATORIES</u>**

4    **<u>INTERROGATORY NO. 1.</u>** Please IDENTIFY YOUR annual gross revenues in 2015.

5    **<u>INTERROGATORY NO. 2.</u>** Please IDENTIFY ALL WITNESSES and PERSONS who calculate

6    and/or determine YOUR annual gross revenues in 2015.

7    **<u>INTERROGATORY NO. 3.</u>** Please IDENETIFY ALL DOCUMETS that RELATE TO YOUR

8    annual gross revenues in 2015.

9

10

11   Dated: 8/14/2016                                    By:

12                                                         JAYSON M. LORENZO
                                                           Attorney for PLAINTIFF
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT H

1
Jayson M. Lorenzo, Esq. SBN 216973
Attorney at Law
2794 Gateway Road
2
Carlsbad, CA 92009
Tel. (760) 517-6646
3
Fax (760) 520-7900

4
Attorney for Plaintiff
ROBERT ALEXANDER KASEBERG
5

6

7

8

# UNITED STATES DISTRICT COURT
9

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
10

11   ROBERT ALEXANDER KASEBERG,          )    Case No. 15-CV-01637-JLS-DHB
                                         )
12                                       )
                                         )
13            Plaintiff,                 )
                                         )
14        vs.                            )    **PLAINTIFFS INTEROGGATORIES TO**
                                         )    **DEFENDANT CONAN O'BRIEN ( SET ONE)**
15                                       )
                                         )
16   CONAN O'BRIEN,                      )
                                         )
17            Defendant.                 )
                                         )
18                                       )
                                         )
19                                       )
                                         )
20                                       )

21

22   **PROPOUNDING PARTY:**  PLAINTIFF ROBERT ALEXANDER KASEBERG

23   **RESPONDING PARTY:**   DEFENDANT CONAN O'BRIEN

24   **SET NO.:**            ONE

25

26        PLAINTIFF   ROBERT   ALEXANDER   KASEBERG   ("PLAINTIFF")   propound   the

27   following Interrogatories on DEFENDANT CONAN O'BRIEN ("DEFENDANT").   PLAINTIFF

28

1

1  requests that the responding party respond in writing, and under oath, to the following

2  interrogatories within 30 days of the service of these requests.

3  **DEFINITIONS**

4  A.   As used herein, the term "DOCUMENT" or "DOCUMENTS" means any written,

5  recorded or graphic matter, however produced or reproduced, or "writing" of any kind, including, but

6  not limited to, correspondence, memoranda, reports, studies, analyses, contracts, agreements, invoices,

7  charts, graphs, indices, data sheets, data processing cards or tapes, notes, work papers, entries, letters,

8  telegrams, forms, advertisements, brochures, circulars, tapes, records, bulletins, papers, books, maps,

9  drawings, accounts, photographs, transcriptions, recordings, magnetic tapes, disks, imprinted cards,

10 minutes and records of meetings, reports, financial statements, (including, but not limited to, income

11 statements, balance sheets, and statements of changes in financial position) financial calculations,

12 estimates, transactional documents, promissory notes, deeds of trust, closing statements, escrow

13 documents, title documents, security agreements, bonds, letters of credit, reports of telephone or oral

14 conversations, appointment books, calendars or diaries, and includes, but is not limited to, the term

15 "writing", including any and all "handwriting, typewriting, printing, photostating, photographing, and

16 every other means of recording upon any tangible thing any form of communication or representation,

17 including letters, words, pictures, sounds, or symbols, or combinations thereof." "DOCUMENT" or

18 "DOCUMENTS" includes all drafts and all finalized and/or executed writings, and includes all

19 electronic recordings of any information whether that information is electronic mail or other form of

20 electronic means of preserving information and/or is stored on a "hard" disk, 5 ¼" or 3 ½" disk, laser

21 disk, magnetic or other tape, personal computer or mainframe computer. If YOU do not have custody

22 or control of the original, the term "DOCUMENT" or "DOCUMENTS" shall also include any carbon

23 or photograph or any other copies, telephone messages, reproductions or facsimiles thereof. If YOU

24 have custody or control of the original and copies, reproduction or facsimiles, the term "DOCUMENT"

25 or "DOCUMENTS" shall mean the original of any copy or reproduction or facsimile that is in any way

26 different from the original.

27 B.   As used herein, "COMPLAINT" refers to the complaint filed by PLAINTIFF in this

28 case.

2

1    C.    As used herein, "DENIAL" refers to denials made in YOUR answer to the

2 COMPLAINT.

3    D.    As used herein, "PLAINTIFF" refers to Plaintiff ROBERT ALEXANDER

4 KASEBERG.

5    E.    As used herein, "DEFENDANT" refers to Defendant CONAN O'BRIEN.

6    F.    As used herein, "INCIDENT" refers to the circumstances and events described in

7 PLAINTIFF's Complaint.

8    G.    As used herein, "IDENTIFY ALL WITNESSES" shall mean by name, last known

9 address and last known telephone number.

10    H.    As used herein, the terms "YOU" and "YOUR" refers to DEFENDANT, individually

11 and collectively, and his or her, its or their affiliates and parent company and anyone acting on their,

12 her or its behalf, including, but not limited to, past and present officers, directors, shareholders, agents,

13 employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in

14 their, her or its interest, on their, her or its behalf, or at their, her or its request, and each of them.

15    I.    As used herein, the term "PERSON" includes ANY natural person, firm, association,

16 organization, partnership, business, trust, corporation, limited liability company, joint venture or public

17 entity.

18    J.    As used herein, the terms "RELATE TO," "RELATES TO," "RELATED TO," and/or

19 "RELATING TO" mean discuss, support, refute, reflect, mention, embody, pertain to, involve,

20 comprise, respond to, concern, contain, summarize, memorialize, evidence, refer to, or connect in any

21 way legally, factually or logically with, the matter therein.

22    K.    As used herein, "COMMUNICATION" or "COMMUNICATIONS" include ANY

23 contacts between or among two or more PERSONS, and includes without limitation, written contact by

24 such means as letters, memoranda, telegrams, telexes, electronic mail or any other DOCUMENTS, and

25 oral contact by such means as face-to-face meetings and telephone conversations.

26    L.    As used herein, the term "ANY" as well as "ALL" shall be construed to include "each"

27 and "every" within their meanings.

28

3

PLAINTIFFS INTEROGGATORIES TO DEFENDANT, SET ONE

1         M.     Whenever used herein, "and" is to be understood to mean "or," and vice versa,

2    whenever such construction results in a broader request for information.

3    **INTERROGATORIES**

4    **INTERROGATORY NO. 1.** Please IDENTIFY YOUR annual gross revenues in 2015.

5    **INTERROGATORY NO. 2.** Please IDENTIFY ALL WITNESSES and PERSONS who calculate

6    and/or determine YOUR annual gross revenues in 2015.

7    **INTERROGATORY NO. 3.** Please IDENETIFY ALL DOCUMETS that RELATE TO YOUR

8    annual gross revenues in 2015.

9

10

11   Dated: _3/14/2016_                      By:_____

12                                        JAYSON M. LORENZO
                                     Attorney for PLAINTIFF

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT I

1  Jayson M. Lorenzo, Esq. SBN 216973
   Attorney at Law
2  2794 Gateway Road
   Carlsbad, CA 92009
3  Tel. (760) 517-6646
   Fax (760) 520-7900
4
   Attorney for Plaintiff
5  ROBERT ALEXANDER KASEBERG

6

7

8                UNITED STATES DISTRICT COURT

9          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11 ROBERT ALEXANDER KASEBERG,         )  Case No. 15-CV-01637-JLS-DHB
                                      )
12                                    )
                                      )
13            Plaintiff,              )
                                      )
14       vs.                          )  **PLAINTIFFS INTEROGGATORIES TO**
                                      )  **DEFENDANT JEFF ROSS (SET ONE)**
15                                    )
                                      )
16 JEFF ROSS,                         )
                                      )
17            Defendant.              )
                                      )
18                                    )
                                      )
19                                    )
                                      )
20 _____)

21

22 **PROPOUNDING PARTY:** PLAINTIFF ROBERT ALEXANDER KASEBERG

23 **RESPONDING PARTY:**   DEFENDANT JEFF ROSS

24 **SET NO.:**            ONE

25

26      PLAINTIFF  ROBERT  ALEXANDER  KASEBERG  ("PLAINTIFF")  propound  the

27 following Interrogatories on DEFENDANT JEFF ROSS ("DEFENDANT").  PLAINTIFF requests

28

                                      1

1  that the responding party respond in writing, and under oath, to the following interrogatories within

2  30 days of the service of these requests.

3  **DEFINITIONS**

4  A.    As used herein, the term "DOCUMENT" or "DOCUMENTS" means any written,

5  recorded or graphic matter, however produced or reproduced, or "writing" of any kind, including, but

6  not limited to, correspondence, memoranda, reports, studies, analyses, contracts, agreements, invoices,

7  charts, graphs, indices, data sheets, data processing cards or tapes, notes, work papers, entries, letters,

8  telegrams, forms, advertisements, brochures, circulars, tapes, records, bulletins, papers, books, maps,

9  drawings, accounts, photographs, transcriptions, recordings, magnetic tapes, disks, imprinted cards,

10  minutes and records of meetings, reports, financial statements, (including, but not limited to, income

11  statements, balance sheets, and statements of changes in financial position) financial calculations,

12  estimates, transactional documents, promissory notes, deeds of trust, closing statements, escrow

13  documents, title documents, security agreements, bonds, letters of credit, reports of telephone or oral

14  conversations, appointment books, calendars or diaries, and includes, but is not limited to, the term

15  "writing", including any and all "handwriting, typewriting, printing, photostating, photographing, and

16  every other means of recording upon any tangible thing any form of communication or representation,

17  including letters, words, pictures, sounds, or symbols, or combinations thereof." "DOCUMENT" or

18  "DOCUMENTS" includes all drafts and all finalized and/or executed writings, and includes all

19  electronic recordings of any information whether that information is electronic mail or other form of

20  electronic means of preserving information and/or is stored on a "hard" disk, 5 ¼" or 3 ½" disk, laser

21  disk, magnetic or other tape, personal computer or mainframe computer. If YOU do not have custody

22  or control of the original, the term "DOCUMENT" or "DOCUMENTS" shall also include any carbon

23  or photograph or any other copies, telephone messages, reproductions or facsimiles thereof. If YOU

24  have custody or control of the original and copies, reproduction or facsimiles, the term "DOCUMENT"

25  or "DOCUMENTS" shall mean the original of any copy or reproduction or facsimile that is in any way

26  different from the original.

27  B.    As used herein, "COMPLAINT" refers to the complaint filed by PLAINTIFF in this

28  case.

2

C.    As used herein, "DENIAL" refers to denials made in YOUR answer to the COMPLAINT.

D.    As used herein, "PLAINTIFF" refers to Plaintiff ROBERT ALEXANDER KASEBERG.

E.    As used herein, "DEFENDANT" refers to Defendant JEFF ROSS.

F.    As used herein, "INCIDENT" refers to the circumstances and events described in PLAINTIFF's Complaint.

G.    As used herein, "IDENTIFY ALL WITNESSES" shall mean by name, last known address and last known telephone number.

H.    As used herein, the terms "YOU" and "YOUR" refers to DEFENDANT, individually and collectively, and his or her, its or their affiliates and parent company and anyone acting on their, her or its behalf, including, but not limited to, past and present officers, directors, shareholders, agents, employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in their, her or its interest, on their, her or its behalf, or at their, her or its request, and each of them.

I.    As used herein, the term "PERSON" includes ANY natural person, firm, association, organization, partnership, business, trust, corporation, limited liability company, joint venture or public entity.

J.    As used herein, the terms "RELATE TO," "RELATES TO," "RELATED TO," and/or "RELATING TO" mean discuss, support, refute, reflect, mention, embody, pertain to, involve, comprise, respond to, concern, contain, summarize, memorialize, evidence, refer to, or connect in any way legally, factually or logically with, the matter therein.

K.    As used herein, "COMMUNICATION" or "COMMUNICATIONS" include ANY contacts between or among two or more PERSONS, and includes without limitation, written contact by such means as letters, memoranda, telegrams, telexes, electronic mail or any other DOCUMENTS, and oral contact by such means as face-to-face meetings and telephone conversations.

L.    As used herein, the term "ANY" as well as "ALL" shall be construed to include "each" and "every" within their meanings.

3

1    M.    Whenever used herein, "and" is to be understood to mean "or," and vice versa,

2  whenever such construction results in a broader request for information.

3                                **INTERROGATORIES**

4  **INTERROGATORY NO. 1.** Please IDENTIFY YOUR annual gross revenues in 2015.

5  **INTERROGATORY NO. 2.**   Please IDENTIFY ALL WITNESSES and PERSONS who calculate

6  and/or determine YOUR annual gross revenues in 2015.

7  **INTERROGATORY NO. 3.**   Please IDENETIFY ALL DOCUMETS that RELATE TO YOUR

8  annual gross revenues in 2015.

9

10

11  Dated: 3/14/2016                                By:

12                                                    JAYSON M. LORENZO
                                                      Attorney for PLAINTIFF
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT J

Jayson M. Lorenzo, Esq. SBN 216973
Attorney at Law
2794 Gateway Road
Carlsbad, CA 92009
Tel. (760) 517-6646
Fax (760) 520-7900

Attorney for Plaintiff
ROBERT ALEXANDER KASEBERG

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG,<br><br>                    Plaintiff,<br><br>          vs.<br><br>CONACO, LLC,<br><br>                    Defendant. | Case No. 15-CV-01637-JLS-DHB<br><br>**PLAINTIFFS INTEROGGATORIES TO DEFENDANT CONACO, LLC (SET ONE)** |

**PROPOUNDING PARTY:** PLAINTIFF ROBERT ALEXANDER KASEBERG

**RESPONDING PARTY:**    DEFENDANT CONACO, LLC

**SET NO.:**                    ONE

　　　　PLAINTIFF   ROBERT   ALEXANDER   KASEBERG   ("PLAINTIFF")   propound   the

following  Interrogatories  on  DEFENDANT  CONACO,  LLC  ("DEFENDANT").    PLAINTIFF

1

1    requests that the responding party respond in writing, and under oath, to the following

2    interrogatories within 30 days of the service of these requests.

3    **<u>DEFINITIONS</u>**

4    A.    As used herein, the term "DOCUMENT" or "DOCUMENTS" means any written,

5    recorded or graphic matter, however produced or reproduced, or "writing" of any kind, including, but

6    not limited to, correspondence, memoranda, reports, studies, analyses, contracts, agreements, invoices,

7    charts, graphs, indices, data sheets, data processing cards or tapes, notes, work papers, entries, letters,

8    telegrams, forms, advertisements, brochures, circulars, tapes, records, bulletins, papers, books, maps,

9    drawings, accounts, photographs, transcriptions, recordings, magnetic tapes, disks, imprinted cards,

10   minutes and records of meetings, reports, financial statements, (including, but not limited to, income

11   statements, balance sheets, and statements of changes in financial position) financial calculations,

12   estimates, transactional documents, promissory notes, deeds of trust, closing statements, escrow

13   documents, title documents, security agreements, bonds, letters of credit, reports of telephone or oral

14   conversations, appointment books, calendars or diaries, and includes, but is not limited to, the term

15   "writing", including any and all "handwriting, typewriting, printing, photostating, photographing, and

16   every other means of recording upon any tangible thing any form of communication or representation,

17   including letters, words, pictures, sounds, or symbols, or combinations thereof." "DOCUMENT" or

18   "DOCUMENTS" includes all drafts and all finalized and/or executed writings, and includes all

19   electronic recordings of any information whether that information is electronic mail or other form of

20   electronic means of preserving information and/or is stored on a "hard" disk, 5 ¼" or 3 ½" disk, laser

21   disk, magnetic or other tape, personal computer or mainframe computer. If YOU do not have custody

22   or control of the original, the term "DOCUMENT" or "DOCUMENTS" shall also include any carbon

23   or photograph or any other copies, telephone messages, reproductions or facsimiles thereof. If YOU

24   have custody or control of the original and copies, reproduction or facsimiles, the term "DOCUMENT"

25   or "DOCUMENTS" shall mean the original of any copy or reproduction or facsimile that is in any way

26   different from the original.

27   B.    As used herein, "COMPLAINT" refers to the complaint filed by PLAINTIFF in this

28   case.

2

1    C.    As used herein, "DENIAL" refers to denials made in YOUR answer to the

2  COMPLAINT.

3    D.    As used herein, "PLAINTIFF" refers to Plaintiff ROBERT ALEXANDER

4  KASEBERG.

5    E.    As used herein, "DEFENDANT" refers to Defendant CONACO, LLC.

6    F.    As used herein, "INCIDENT" refers to the circumstances and events described in

7  PLAINTIFF's Complaint.

8    G.    As used herein, "IDENTIFY ALL WITNESSES" shall mean by name, last known

9  address and last known telephone number.

10    H.    As used herein, the terms "YOU" and "YOUR" refers to DEFENDANT, individually

11  and collectively, and his or her, its or their affiliates and parent company and anyone acting on their,

12  her or its behalf, including, but not limited to, past and present officers, directors, shareholders, agents,

13  employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in

14  their, her or its interest, on their, her or its behalf, or at their, her or its request, and each of them.

15    I.    As used herein, the term "PERSON" includes ANY natural person, firm, association,

16  organization, partnership, business, trust, corporation, limited liability company, joint venture or public

17  entity.

18    J.    As used herein, the terms "RELATE TO," "RELATES TO," "RELATED TO," and/or

19  "RELATING TO" mean discuss, support, refute, reflect, mention, embody, pertain to, involve,

20  comprise, respond to, concern, contain, summarize, memorialize, evidence, refer to, or connect in any

21  way legally, factually or logically with, the matter therein.

22    K.    As used herein, "COMMUNICATION" or "COMMUNICATIONS" include ANY

23  contacts between or among two or more PERSONS, and includes without limitation, written contact by

24  such means as letters, memoranda, telegrams, telexes, electronic mail or any other DOCUMENTS, and

25  oral contact by such means as face-to-face meetings and telephone conversations.

26    L.    As used herein, the term "ANY" as well as "ALL" shall be construed to include "each"

27  and "every" within their meanings.

28

3

---

PLAINTIFFS INTEROGGATORIES TO DEFENDANT, SET ONE

1      M.     Whenever used herein, "and" is to be understood to mean "or," and vice versa,

2  whenever such construction results in a broader request for information.

3  **INTERROGATORIES**

4  **INTERROGATORY NO. 1.** Please IDENTIFY YOUR annual gross revenues in 2015.

5  **INTERROGATORY NO. 2.** Please IDENTIFY ALL WITNESSES and PERSONS who calculate

6  and/or determine YOUR annual gross revenues in 2015.

7  **INTERROGATORY NO. 3.** Please IDENETIFY ALL DOCUMETS that RELATE TO YOUR

8  annual gross revenues in 2015.

9  **INTERROGATORY NO. 4.** Please IDENTIFY the names of all persons on YOUR writing staff

10 including any and writing staff interns within the last five years.

11 **INTERROGATORY NO. 5.** For each person listed in INTERROGATORY NO. 4 please provide

12 the gross revenue or annual salary of each person listed in 2015.

13 **INTERROGATORY NO. 6.** Please IDENTIFY the person most knowledgeable regarding the

14 writing, submission and use of jokes on YOUR "CONAN" show monologue in 2015.

15 **INTERROGATORY NO. 7.** Please IDENTIFY the names of all person on YOUR writing staff

16 including any and writing staff interns who have submitted material or jokes for YOUR "CONAN"

17 show monologue in the last three years.

18

19

20 Dated: _8/14/2016_             By: _____

21                                               JAYSON M. LORENZO

22                                               Attorney for PLAINTIFF

23

24

25

26

27

28

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT K

Jayson M. Lorenzo, Esq. SBN 216973
Attorney at Law
2794 Gateway Road
Carlsbad, CA 92009
Tel. (760) 517-6646
Fax (760) 520-7900

Attorney for Plaintiff
ROBERT ALEXANDER KASEBERG

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG,<br><br>        Plaintiff,<br><br>    vs.<br><br>TURNER BROADCASTING SYSTEM,<br><br>        Defendant. | Case No. 15-CV-01637-JLS-DHB<br><br>**PLAINTIFFS INTEROGGATORIES TO DEFENDANT TURNER BROADCASTING SYSTYEM (SET ONE)** |

**PROPOUNDING PARTY:** PLAINTIFF ROBERT ALEXANDER KASEBERG

**RESPONDING PARTY:**   DEFENDANT TURNER BROADCASTING SYSTEM

**SET NO.:**                ONE

        PLAINTIFF   ROBERT   ALEXANDER   KASEBERG   ("PLAINTIFF")   propound   the
following   Interrogatories   on   DEFENDANT   TURNER   BROADCASTING   SYSTEM

1

1   ("DEFENDANT").  PLAINTIFF requests that the responding party respond in writing, and under

2   oath, to the following interrogatories within 30 days of the service of these requests.

3                                **DEFINITIONS**

4        A.        As used herein, the term "DOCUMENT" or "DOCUMENTS" means any written,

5   recorded or graphic matter, however produced or reproduced, or "writing" of any kind, including, but

6   not limited to, correspondence, memoranda, reports, studies, analyses, contracts, agreements, invoices,

7   charts, graphs, indices, data sheets, data processing cards or tapes, notes, work papers, entries, letters,

8   telegrams, forms, advertisements, brochures, circulars, tapes, records, bulletins, papers, books, maps,

9   drawings, accounts, photographs, transcriptions, recordings, magnetic tapes, disks, imprinted cards,

10  minutes and records of meetings, reports, financial statements, (including, but not limited to, income

11  statements, balance sheets, and statements of changes in financial position) financial calculations,

12  estimates, transactional documents, promissory notes, deeds of trust, closing statements, escrow

13  documents, title documents, security agreements, bonds, letters of credit, reports of telephone or oral

14  conversations, appointment books, calendars or diaries, and includes, but is not limited to, the term

15  "writing", including any and all "handwriting, typewriting, printing, photostating, photographing, and

16  every other means of recording upon any tangible thing any form of communication or representation,

17  including letters, words, pictures, sounds, or symbols, or combinations thereof." "DOCUMENT" or

18  "DOCUMENTS" includes all drafts and all finalized and/or executed writings, and includes all

19  electronic recordings of any information whether that information is electronic mail or other form of

20  electronic means of preserving information and/or is stored on a "hard" disk, 5 ¼" or 3 ½" disk, laser

21  disk, magnetic or other tape, personal computer or mainframe computer. If YOU do not have custody

22  or control of the original, the term "DOCUMENT" or "DOCUMENTS" shall also include any carbon

23  or photograph or any other copies, telephone messages, reproductions or facsimiles thereof. If YOU

24  have custody or control of the original and copies, reproduction or facsimiles, the term "DOCUMENT"

25  or "DOCUMENTS" shall mean the original of any copy or reproduction or facsimile that is in any way

26  different from the original.

27        B.        As used herein, "COMPLAINT" refers to the complaint filed by PLAINTIFF in this

28  case.

1     C.     As used herein, "DENIAL" refers to denials made in YOUR answer to the

2    COMPLAINT.

3     D.     As used herein, "PLAINTIFF" refers to Plaintiff ROBERT ALEXANDER

4    KASEBERG.

5     E.     As used herein, "DEFENDANT" refers to Defendant TURNER BROADCASTING

6    SYSTEM.

7     F.     As used herein, "INCIDENT" refers to the circumstances and events described in

8    PLAINTIFF's Complaint.

9     G.     As used herein, "IDENTIFY ALL WITNESSES" shall mean by name, last known

10   address and last known telephone number.

11     H.     As used herein, the terms "YOU" and "YOUR" refers to DEFENDANT, individually

12   and collectively, and his or her, its or their affiliates and parent company and anyone acting on their,

13   her or its behalf, including, but not limited to, past and present officers, directors, shareholders, agents,

14   employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in

15   their, her or its interest, on their, her or its behalf, or at their, her or its request, and each of them.

16     I.     As used herein, the term "PERSON" includes ANY natural person, firm, association,

17   organization, partnership, business, trust, corporation, limited liability company, joint venture or public

18   entity.

19     J.     As used herein, the terms "RELATE TO," "RELATES TO," "RELATED TO," and/or

20   "RELATING TO" mean discuss, support, refute, reflect, mention, embody, pertain to, involve,

21   comprise, respond to, concern, contain, summarize, memorialize, evidence, refer to, or connect in any

22   way legally, factually or logically with, the matter therein.

23     K.     As used herein, "COMMUNICATION" or "COMMUNICATIONS" include ANY

24   contacts between or among two or more PERSONS, and includes without limitation, written contact by

25   such means as letters, memoranda, telegrams, telexes, electronic mail or any other DOCUMENTS, and

26   oral contact by such means as face-to-face meetings and telephone conversations.

27     L.     As used herein, the term "ANY" as well as "ALL" shall be construed to include "each"

28   and "every" within their meanings.

M.     Whenever used herein, "and" is to be understood to mean "or," and vice versa, whenever such construction results in a broader request for information.

## **INTERROGATORIES**

**INTERROGATORY NO. 1.**  Please IDENTIFY YOUR annual gross revenues in 2015.

**INTERROGATORY NO. 2.**  Please IDENTIFY ALL WITNESSES and PERSONS who calculate and/or determine YOUR annual gross revenues in 2015.

**INTERROGATORY NO. 3.**  Please IDENETIFY ALL DOCUMETS that RELATE TO YOUR annual gross revenues in 2015.

Dated: 3/14/2016

By:_____
JAYSON M. LORENZO
Attorney for PLAINTIFF

PLAINTIFFS INTEROGGATORIES TO DEFENDANT, SET ONE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT L

Jayson M. Lorenzo, Esq. SBN 216973
Attorney at Law
2794 Gateway Road
Carlsbad, CA 92009
Tel. (760) 517-6646
Fax (760) 520-7900

Attorney for Plaintiff
ROBERT ALEXANDER KASEBERG

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG, | Case No. 15-CV-01637-JLS-DHB |
| Plaintiff, | |
| vs. | **PLAINTIFFS INTEROGGATORIES TO DEFENDANT TIME WARNER, INC. ( SET ONE)** |
| TIME WARNER, INC., | |
| Defendant. | |

**PROPOUNDING PARTY:** PLAINTIFF ROBERT ALEXANDER KASEBERG

**RESPONDING PARTY:**     DEFENDANT TIME WARNER, INC.

**SET NO.:**               ONE

PLAINTIFF ROBERT ALEXANDER KASEBERG ("PLAINTIFF") propound the following Interrogatories on DEFENDANT TIME WARNER, INC. ("DEFENDANT").

1

1   PLAINTIFF requests that the responding party respond in writing, and under oath, to the following
2   interrogatories within 30 days of the service of these requests.

### DEFINITIONS

4       A.    As used herein, the term "DOCUMENT" or "DOCUMENTS" means any written,
5   recorded or graphic matter, however produced or reproduced, or "writing" of any kind, including, but
6   not limited to, correspondence, memoranda, reports, studies, analyses, contracts, agreements, invoices,
7   charts, graphs, indices, data sheets, data processing cards or tapes, notes, work papers, entries, letters,
8   telegrams, forms, advertisements, brochures, circulars, tapes, records, bulletins, papers, books, maps,
9   drawings, accounts, photographs, transcriptions, recordings, magnetic tapes, disks, imprinted cards,
10  minutes and records of meetings, reports, financial statements, (including, but not limited to, income
11  statements, balance sheets, and statements of changes in financial position) financial calculations,
12  estimates, transactional documents, promissory notes, deeds of trust, closing statements, escrow
13  documents, title documents, security agreements, bonds, letters of credit, reports of telephone or oral
14  conversations, appointment books, calendars or diaries, and includes, but is not limited to, the term
15  "writing", including any and all "handwriting, typewriting, printing, photostating, photographing, and
16  every other means of recording upon any tangible thing any form of communication or representation,
17  including letters, words, pictures, sounds, or symbols, or combinations thereof." "DOCUMENT" or
18  "DOCUMENTS" includes all drafts and all finalized and/or executed writings, and includes all
19  electronic recordings of any information whether that information is electronic mail or other form of
20  electronic means of preserving information and/or is stored on a "hard" disk, 5 ¼" or 3 ½" disk, laser
21  disk, magnetic or other tape, personal computer or mainframe computer. If YOU do not have custody
22  or control of the original, the term "DOCUMENT" or "DOCUMENTS" shall also include any carbon
23  or photograph or any other copies, telephone messages, reproductions or facsimiles thereof. If YOU
24  have custody or control of the original and copies, reproduction or facsimiles, the term "DOCUMENT"
25  or "DOCUMENTS" shall mean the original of any copy or reproduction or facsimile that is in any way
26  different from the original.

27      B.    As used herein, "COMPLAINT" refers to the complaint filed by PLAINTIFF in this
28  case.

2

---

C.      As used herein, "DENIAL" refers to denials made in YOUR answer to the COMPLAINT.

D.      As used herein, "PLAINTIFF" refers to Plaintiff ROBERT ALEXANDER KASEBERG.

E.      As used herein, "DEFENDANT" refers to Defendant TIME WARNER, INC.

F.      As used herein, "INCIDENT" refers to the circumstances and events described in PLAINTIFF's Complaint.

G.      As used herein, "IDENTIFY ALL WITNESSES" shall mean by name, last known address and last known telephone number.

H.      As used herein, the terms "YOU" and "YOUR" refers to DEFENDANT, individually and collectively, and his or her, its or their affiliates and parent company and anyone acting on their, her or its behalf, including, but not limited to, past and present officers, directors, shareholders, agents, employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in their, her or its interest, on their, her or its behalf, or at their, her or its request, and each of them.

I.      As used herein, the term "PERSON" includes ANY natural person, firm, association, organization, partnership, business, trust, corporation, limited liability company, joint venture or public entity.

J.      As used herein, the terms "RELATE TO," "RELATES TO," "RELATED TO," and/or "RELATING TO" mean discuss, support, refute, reflect, mention, embody, pertain to, involve, comprise, respond to, concern, contain, summarize, memorialize, evidence, refer to, or connect in any way legally, factually or logically with, the matter therein.

K.      As used herein, "COMMUNICATION" or "COMMUNICATIONS" include ANY contacts between or among two or more PERSONS, and includes without limitation, written contact by such means as letters, memoranda, telegrams, telexes, electronic mail or any other DOCUMENTS, and oral contact by such means as face-to-face meetings and telephone conversations.

L.      As used herein, the term "ANY" as well as "ALL" shall be construed to include "each" and "every" within their meanings.

3

M.     Whenever used herein, "and" is to be understood to mean "or," and vice versa, whenever such construction results in a broader request for information.

## INTERROGATORIES

**INTERROGATORY NO. 1.** Please IDENTIFY YOUR annual gross revenues in 2015.

**INTERROGATORY NO. 2.**  Please IDENTIFY ALL WITNESSES and PERSONS who calculate and/or determine YOUR annual gross revenues in 2015.

**INTERROGATORY NO. 3.**  Please IDENETIFY ALL DOCUMETS that RELATE TO YOUR annual gross revenues in 2015.

Dated: _8/14/16_                    By:_____

JAYSON M. LORENZO
Attorney for PLAINTIFF

PLAINTIFFS INTEROGGATORIES TO DEFENDANT, SET ONE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT M

DECLARATION OF JAYSON M. LORENZO

Jayson M. Lorenzo, Esq. SBN 216973
Attorney at Law
2794 Gateway Road
Carlsbad, CA 92009
Tel. (760) 517-6646
Fax (760) 520-7900

Attorney for Plaintiff
ROBERT ALEXANDER KASEBERG

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG,<br><br>            Plaintiffs,<br><br>    vs.<br><br>CONACO, LLC; TURNER BROADCASTING SYSTEM; TIME WARNER, INC.; CONAN O'BRIEN; JEFF ROSS; MIKE SWEENEY; DOES 1 – 10, inclusive,<br><br>            Defendants. | Case No. 15-CV-01637-JLS-DHB<br><br>**PLAINTIFFS REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT CONACO, LLC (SET ONE)** |

**PROPOUNDING PARTY:** PLAINTIFF ROBERT ALEXANDER KASEBERG

**RESPONDING PARTY:**    DEFENDANTS CONACO, LLC

**SET NO.:**                    ONE

    Pursuant to Rule 34 of the Federal Rules of Civil Procedure PLAINTIFF ROBERT ALEXANDER KASEBERG ("Plaintiff") demands that within thirty (30) days of the service of these requests DEFENDANTS CONACO, LLC produce the following documents to Plaintiff's counsel. The

I

1  production and inspection shall continue from day to day thereafter, weekends and holidays excepted,

2  so long as reasonably required. All documents demanded shall either be produced as they are kept in

3  the usual course of business, or be organized and labeled to correspond with the categories contained

4  in this demand.

5  ## **INSTRUCTIONS**

6       A.     Responding Party is hereby requested to serve a written response under oath within

7  thirty (30) days after service of this request. Such response is to include the following statements: (1)

8  whether inspection and copying or photocopying will be permitted; and (2) whether Responding Party

9  lacks the ability to comply. If Responding Party objects to the whole or any part of the request, specific

10  grounds for the objection must be stated in the response.

11       B.     All originals and copies of the items requested, which are in the possession, custody

12  and/or control of responding party or are otherwise available to responding party, which are responsive

13  to the following requests, shall be produced and identified.

14       C.     If any DOCUMENT (as defined below) herein requested was formerly in the

15  possession, custody and/or control of Responding Party and has been lost or destroyed, Responding

16  Party shall submit, in lieu of such DOCUMENT, a written statement which (1) describes in detail the

17  nature of the DOCUMENT and its contents, (2) identifies the person who prepared or authored the

18  DOCUMENT, (3) identifies the person to whom the DOCUMENT was sent, if applicable, (4)

19  specifies the date on which the DOCUMENT was prepared or transmitted, or both, (5) specifies, if

20  possible, the date on which the DOCUMENT was lost or destroyed, and (6) if destroyed, the

21  conditions of or reasons for such destruction and the person requesting or performing the destruction.

22       D.     DOCUMENTS are to be produced either as they are kept in the usual course of business

23  or organized and labeled to correspond with the categories in this demand.

24       E.     DOCUMENTS being produced shall be maintained in their original format.

25  Attachments to a document shall not be unfastened. DOCUMENTS shall not be scrambled or

26  otherwise jumbled and shall be produced in a way which preserves their identify.

27       F.     Whenever the item being produced is a file, the folder or other container of it shall be

28  produced with it.

PLAINTIFFS REQUEST FOR PRODUCTION TO DEFENDANT, SET ONE

G.      All DOCUMENTS requested herein refer to the time period beginning March 1, 2011, up to and including the present, unless a particular demand defines a different time period.

H.      Whenever a DOCUMENT falling within the request is withheld from production, according to a claim of privilege or otherwise, you are requested to provide a listing of such DOCUMENTS containing a description of the DOCUMENTS and a description of the claim of privilege sufficient to enable propounding party to present a motion to the appropriate court to compel production of same.

## DEFINITIONS

A.      As used herein, the term "DOCUMENT" or "DOCUMENTS" means any written, recorded or graphic matter, however produced or reproduced, or "writing" of any kind, including, but not limited to, correspondence, memoranda, reports, studies, analyses, contracts, agreements, invoices, charts, graphs, indices, data sheets, data processing cards or tapes, notes, work papers, entries, letters, telegrams, forms, advertisements, brochures, circulars, tapes, records, bulletins, papers, books, maps, drawings, accounts, photographs, transcriptions, recordings, magnetic tapes, disks, imprinted cards, minutes and records of meetings, reports, financial statements, (including, but not limited to, income statements, balance sheets, and statements of changes in financial position) financial calculations, estimates, transactional documents, promissory notes, deeds of trust, closing statements, escrow documents, title documents, security agreements, bonds, letters of credit, reports of telephone or oral conversations, appointment books, calendars or diaries, and includes, but is not limited to, the term "writing", including any and all "handwriting, typewriting, printing, photostating, photographing, and every other means of recording upon any tangible thing any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof." "DOCUMENT" or "DOCUMENTS" includes all drafts and all finalized and/or executed writings, and includes all electronic recordings of any information whether that information is electronic mail or other form of electronic means of preserving information and/or is stored on a "hard" disk, 5 ¼" or 3 ½" disk, laser disk, magnetic or other tape, personal computer or mainframe computer. If YOU do not have custody or control of the original, the term "DOCUMENT" or "DOCUMENTS" shall also include any carbon or photograph or any other copies, telephone messages, reproductions or facsimiles thereof. If YOU

3

1   have custody or control of the original and copies, reproduction or facsimiles, the term "DOCUMENT"
2   or "DOCUMENTS" shall mean the original of any copy or reproduction or facsimile that is in any way
3   different from the original.

4       B.      As used herein, "COMPLAINT" refers to the complaint filed by PLAINTIFF in this
5   case.

6       C.      As used herein, "DENIAL" refers to denials made in YOUR answer to the
7   COMPLAINT.

8       D.      As used herein, "PLAINTIFF" refers to Plaintiff ROBERT ALEXANDER
9   KASEBERG.

10      E.      As used herein, "DEFENDANT" refers to defendants CONACO, LLC.

11      F.      As used herein, the terms "YOU" and "YOUR" refers to DEFENDANT, individually
12  and collectively, and his or her, its or their affiliates and parent company and anyone acting on their,
13  her or its behalf, including, but not limited to, past and present officers, directors, shareholders, agents,
14  employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in
15  their, her or its interest, on their, her or its behalf, or at their, her or its request, and each of them.

16      G.      As used herein, the term "PERSON" includes ANY natural person, firm, association,
17  organization, partnership, business, trust, corporation, limited liability company, joint venture or public
18  entity.

19      H.      As used herein, the terms "RELATE TO," "RELATES TO," "RELATED TO," and/or
20  "RELATING TO" mean discuss, support, refute, reflect, mention, embody, pertain to, involve,
21  comprise, respond to, concern, contain, summarize, memorialize, evidence, refer to, or connect in any
22  way legally, factually or logically with, the matter therein.

23      I.      As used herein, "COMMUNICATION" or "COMMUNICATIONS" includes any
24  contacts between or among two or more PERSONS, and includes without limitation, written contact by
25  such means as letters, memoranda, telegrams, telexes, electronic mail or any other DOCUMENTS, and
26  oral contact by such means as face-to-face meetings and telephone conversations.

27      J.      As used herein, the term "ANY" as well as "ALL" shall be construed to include "each"
28  and "every" within their meanings.

4

K.     In these Requests, the terms "and" and "or" have both conjunctive and disjunctive meanings so as to be inclusive of any documents which otherwise may be excluded from production.

L.     In these Requests, the use of the singular includes the plural and the use of the plural includes the singular, so as to be inclusive of any DOCUMENTS which may otherwise be excluded from production.

<b>REQUESTS FOR PRODUCTION</b>

**REQUEST FOR PRODUCTION NO. 1.**

ANY and ALL DOCUMENTS, tangible things and other items that support, refute or in ANY way RELATE TO YOUR DENIAL of the allegations in the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 2.**

ANY and ALL DOCUMENTS that support, refute or RELATE TO ANY and ALL affirmative defenses in your Answer.

**REQUEST FOR PRODUCTION NO. 3.**

ANY and ALL DOCUMENTS, tangible things and other items that RELATE TO YOUR annual gross revenues in 2015.

**REQUEST FOR PRODUCTION NO. 4.**

ANY and ALL DOCUMENTS, tangible things and other items that RELATE TO YOUR annual net profits in 2015.

**REQUEST FOR PRODUCTION NO. 5.**

ANY and ALL DOCUMENTS, tangible things and other items that RELATE TO amount paid to each writer – whether staff, contract, or writers for the "CONAN" show in 2015.

**REQUEST FOR PRODUCTION NO. 6.**

ANY and ALL DOCUMENTS, including any and all emails, involving JOSH COMERS regarding any and all jokes MR. COMERS submitted to you for use on the "CONAN" show monologue in the last three years.

**REQUEST FOR PRODUCTION NO. 7.**

1    ANY and ALL DOCUMENTS, including any and all emails, involving BRIAN KILY

2    regarding any and all jokes MR. KILY submitted to you for use on the "CONAN" show monologue in

3    the last three years.

4    **REQUEST FOR PRODUCTION NO. 8.**

5    ANY and ALL DOCUMENTS, including any and all emails, involving ROB KUTNER

6    regarding any and all jokes MR. KUTNER submitted to you for use on the "CONAN" show

7    monologue in the last three years.

8

9    Dated: _3/19/215_                               By: _____

10                                                           JAYSON M. LORENZO
                                                            Attorney for PLAINTIFF
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS REQUEST FOR PRODUCTION TO DEFENDANT, SET ONE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT N

PATRICIA L. GLASER – State Bar No. 55668
pglaser@glaserweil.com
ERICA J. VAN LOON - State Bar No. 227712
evanloon@glaserweil.com
BRITTANY ELIAS - State Bar No. 305922
belias@glaserweil.com
GLASER WEIL FINK HOWARD
   AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG, | CASE NO.: 15-CV-01637-JLS-DHB |
| Plaintiff, | Hon. Janis L. Sammartino |
| v. | **MIKE SWEENEY'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)** |
| CONACO, LLC, TURNER BROADCASTING SYSTEM, TIME WARNER, INC., CONAN O'BRIEN, JEFF ROSS, MIKE SWEENEY; DOES 1-50, inclusive, | |
| Defendants. | |

PROPOUNDING PARTY:      ROBERT ALEXANDER KASEBERG

RESPONDING PARTY:      MIKE SWEENEY

SET NO.:      ONE

     Pursuant to Fed. R. Civ. P. 26 and 33, Defendant Mike Sweeney ("Mr.
Sweeney") hereby answers, objects, or otherwise responds to Plaintiff Robert
Alexander Kaseberg's ("Plaintiff" or "Kaseberg") First Set of Interrogatories.  Mr.
Sweeney expressly reserves the right to supplement, amend, or correct these
responses.

**Glaser Weil**

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action.  Each answer is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds which would require the exclusion of any statement herein if the Interrogatories were asked of, or any statements contained herein were made by, a witness present and testifying in Court, all of which objections and grounds are reserved and may be interposed at the time of trial.

Mr. Sweeney has not completed his investigation of the facts relating to this case and has not completed his preparation for trial.  The following responses are based upon information presently available to Mr. Sweeney and are made without prejudice to Mr. Sweeney of the right to utilize subsequently discovered facts.

Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby.  The fact that Mr. Sweeney has answered any interrogatories should not be taken as an admission that Mr. Sweeney accepts or admits the existence of any facts set forth or assumed by such interrogatory, or that such response constitutes admissible evidence.  The fact that Mr. Sweeney has answered part or all of any interrogatory is not intended and shall not be construed to be a waiver by Mr. Sweeney of all or any part of any objection to any interrogatory.

The Preliminary Statement is incorporated into each of the responses set forth below.

## GENERAL OBJECTIONS

Mr. Sweeney generally objects to these Interrogatories on each and every one of the following grounds, which are incorporated into and made a part of Mr. Sweeney's response to each and every Interrogatory:

1.      Mr. Sweeney objects to the extent the Interrogatories seek to impose obligations upon Mr. Sweeney not required by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of

2

California ("Local Rules"), or the Orders of this Court.  Mr. Sweeney's responses shall be controlled by and comply with the requirements of the Federal Rules, the Local Rules, and the Orders of this Court.

2.     Mr. Sweeney objects to extent the Interrogatories seek information not relevant to any claim or defense of a party, and expressly reserves all rights to withhold information or documents on that basis alone or in conjunction with other bases set forth herein.

3.     Mr. Sweeney objects to the extent the Interrogatories are vague, ambiguous, and incomprehensible.  As drafted, the Interrogatories could require responses and/or the production of documents that have no relationship to the facts and issues in dispute and which are not reasonably calculated to lead to the discovery of admissible evidence.

4.     Mr. Sweeney objects to the Interrogatories and their accompanying "Definitions" and "Instructions" as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and information or documents that are neither relevant nor proportional to the needs of the case.

5.     Mr. Sweeney objects to the extent the Interrogatories call for information which is confidential and proprietary, including trade secrets and sensitive financial information, prior to the entry of a protective order in this action.

6.     Mr. Sweeney objects to the extent the Interrogatories seek information which is publicly available and/or equally available to Plaintiff and the burden of obtaining the responsive information is substantially the same for Plaintiff as it is for Mr. Sweeney.

7.     Mr. Sweeney objects to the extent the Interrogatories are unreasonably duplicative in nature, and/or designed to harass and increase costs, rather than reflect a good faith effort at seeking relevant evidence.

8.     Mr. Sweeney objects to the extent the Interrogatories call for the

3

disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or common interest privilege, the right of privacy, or any other applicable privileges.  Such information or documents shall not be provided in response to these interrogatories, and any inadvertent disclosure or production thereof shall not be deemed a waiver of any privilege or protection with respect to such information or documents.

9.      Mr. Sweeney objects to the extent the Interrogatories seek documents or information from sources that are not reasonably accessible because of undue burden and cost.

10.     Mr. Sweeney objects to the definition of "YOU" and "YOUR" as vague, ambiguous, overbroad, unduly burdensome, not relevant, and not likely to lead to the discovery of admissible evidence, to the extent they purport to require Mr. Sweeney to respond on behalf of persons or entities other than Mr. Sweeney.  For purposes of his responses herein, Mr. Sweeney will interpret "YOU" and "YOUR" to refer solely to Mike Sweeney, the individual.

## RESPONSES TO SPECIAL INTERROGATORIES

**SPECIAL INTERROGATORY NO. 1:**

Please IDENTIFY YOUR annual gross revenues in 2015.

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Mr. Sweeney incorporates by reference each of the foregoing General Objections as if fully set forth herein.  Mr. Sweeney objects to the definition of "YOUR" as overbroad and vague and ambiguous.  Mr. Sweeney will interpret "YOUR" to refer solely to Mike Sweeney, the individual.  Mr. Sweeney further objects to the undefined term "annual gross revenues" as vague and ambiguous, insofar as Mr. Sweeney is an individual to whom revenue information is inapplicable.  Mr. Sweeney further objects to this Interrogatory as oppressive, burdensome, and harassing to the extent it seeks financial information not kept in the ordinary course of business.  Mr. Sweeney further objects to this Interrogatory to the extent that the

**Glaser Weil**

4

1  financial information sought in this Interrogatory is irrelevant to Plaintiff's claim for

2  alleged damages as to four one-liner jokes.  Mr. Sweeney further objects to this

3  Interrogatory as overbroad, unduly burdensome, and harassing to the extent the

4  proposed discovery seeks financial information which is not relevant to any party's

5  claim or defense and is not proportional to the needs of the case, especially to the

6  extent the Interrogatory relates to financial information not attributable to any alleged

7  infringement.  Mr. Sweeney further objects to this Interrogatory as seeking

8  confidential financial information prior to the entry of a suitable protective order in

9  this action.  Mr. Sweeney further objects to this Interrogatory to the extent it seeks

10  personal financial information subject to the attorney-client privilege, the attorney

11  work-product doctrine, the joint-defense and/or common interest privilege, the right

12  of privacy, or any other applicable privileges.

13  **INTERROGATORY NO. 2:**

14       Please IDENTIFY ALL WITNESSES and PERSONS who calculate and/or

15  determine YOUR annual gross revenues in 2015.

16  **RESPONSE TO INTERROGATORY NO. 2:**

17       Mr. Sweeney incorporates by reference each of the foregoing General

18  Objections as if fully set forth herein.  Mr. Sweeney objects to the definition of

19  "YOUR" as overbroad and vague and ambiguous.  Mr. Sweeney will interpret

20  "YOUR" to refer solely to Mike Sweeney, the individual.  Mr. Sweeney further

21  objects to the undefined term "annual gross revenues" as vague and ambiguous,

22  insofar as Mr. Sweeney is an individual to whom revenue information is inapplicable.

23  Mr. Sweeney further objects to this Interrogatory as oppressive, burdensome, and

24  harassing to the extent it seeks information not kept in the ordinary course of

25  business.  Mr. Sweeney further objects to this Interrogatory to the extent that the

26  financial information sought in this Interrogatory is irrelevant to Plaintiff's claim for

27  alleged damages as to four one-liner jokes.  Mr. Sweeney further objects to this

28  Interrogatory as overbroad, unduly burdensome, and harassing to the extent the

Glaser Weil

5

1  proposed discovery seeks financial information which is not relevant to any party's

2  claim or defense and is not proportional to the needs of the case, especially to the

3  extent the Interrogatory relates to financial information not attributable to any alleged

4  infringement.  Mr. Sweeney further objects to this Interrogatory to the extent that it

5  seeks information about the identities of individual non-parties, the disclosure of

6  which may lead to the invasion of privacy, harassment, or unnecessary involvement

7  of individuals who are non-parties.

8  **INTERROGATORY NO. 3:**

9      Please IDENTIFY ALL DOCUMENTS that RELATE TO YOUR annual gross

10 revenues in 2015.

11 **RESPONSE TO INTERROGATORY NO. 3:**

12      Mr. Sweeney incorporates by reference each of the foregoing General

13 Objections as if fully set forth herein.  Mr. Sweeney objects to the definition of

14 "YOUR" as overbroad and vague and ambiguous.  Mr. Sweeney will interpret

15 "YOUR" to refer solely to Mike Sweeney, the individual.  Mr. Sweeney further

16 objects to undefined term "annual gross revenues" as vague and ambiguous, insofar

17 as Mr. Sweeney is an individual to whom revenue information is inapplicable.  Mr.

18 Sweeney further objects to this Interrogatory as oppressive, burdensome, and

19 harassing to the extent it seeks information not kept in the ordinary course of

20 business.  Mr. Sweeney further objects to this Interrogatory to the extent that the

21 financial information sought in this Interrogatory is irrelevant to Plaintiff's claim for

22 alleged damages as to four one-liner jokes.  Mr. Sweeney further objects to this

23 Interrogatory as overbroad, unduly burdensome, and harassing to the extent the

24 proposed discovery seeks financial information which is not relevant to any party's

25 claim or defense and is not proportional to the needs of the case, especially to the

26 extent the Interrogatory relates to financial information not attributable to any alleged

27 infringement.  Mr. Sweeney further objects to this Interrogatory to the extent it seeks

28 the identification of "all documents" and not information proportional to the needs of

**MIKE SWEENEY'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

15cv01637-JLS-DHB

Glaser Weil

1    this case.  Mr. Sweeney further objects to the extent that it seeks the identification of

2    confidential information prior to the entry of a suitable protective order in this case.

3    Mr. Sweeney further objects to this Interrogatory to the extent it seeks personal

4    financial information subject to the attorney-client privilege, the attorney work-

5    product doctrine, the joint-defense and/or common interest privilege, the right of

6    privacy, or any other applicable privileges.  Mr. Sweeney further objects to this

7    Interrogatory to the extent it purports to require the identification of documents from

8    sources that are not reasonably accessible because of undue burden and cost.

9

10    DATED:  April 18, 2016              GLASER WEIL FINK HOWARD
                                          AVCHEN & SHAPIRO LLP
11

12
                                   By: /s/ Erica J. Van Loon
13                                      PATRICIA L. GLASER
                                        ERICA J. VAN LOON
14                                      BRITTANY ELIAS
                                        *Attorneys for Defendants*
15

**Glaser Weil**

7

**PROOF OF SERVICE**

1

2        I am employed in the County of Los Angeles, State of California; I am over the age of 18
and not a party to the within action; my business address is 10250 Constellation Boulevard, 19th
3        Floor, Los Angeles, California 90067.

4        On April 18, 2016, I served the foregoing document(s) described as: **MIKE SWEENEY'S
OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)** on
5        the interested parties to this action at the following address(es):

6        SEE ATTACHED LIST

7    ☐   **(BY MAIL)** I am readily familiar with the business practice for collection and processing of
correspondence for mailing with the United States Postal Service. This correspondence shall
8        be deposited with the United States Postal Service this same day in the ordinary course of
business at our Firm's office address in Los Angeles, California. Service made pursuant to
9        this paragraph, upon motion of a party served, shall be presumed invalid if the postal
cancellation date of postage meter date on the envelope is more than one day after the date of
10       deposit for mailing contained in this affidavit.

11   ☐   **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically
filed using the Court's Electronic Filing System which constitutes service of the filed
12       document(s) on the individual(s) listed on the attached mailing list.

13   ☒   **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail
to the e-mail address of the addressee(s) set forth in the attached service list.

14
     ☐   **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express
15       service carrier which provides overnight delivery, as follows: I placed true copies of the
foregoing document in sealed envelopes or packages designated by the express service
16       carrier, addressed to each interested party as set forth above, with fees for overnight delivery
paid or provided for.

17
     ☐   **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the
18       interested parties via facsimile transmission to the fax number(s) as stated on the attached
service list.

19
     ☐   **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices
20       of the above named addressee(s).

21   ☐   (State)    I declare under penalty of perjury under the laws of the State of California that
the above is true and correct.

22
     ☒   (Federal)  I declare that I am employed in the office of a member of the bar of this court at
23               whose direction the service was made. I declare under penalty of perjury that the
above is true and correct.

24

25       Executed on April 18, 2016, at Los Angeles, California.

26                           /s/ Nicholas E. Huskins
                             Nicholas E. Huskins

27

28

1169975                                                        15cv01637-JLS-DHB

## SERVICE LIST

Jayson M. Lorenzo
2794 Gateway Road, Suite 116
Carlsbad, CA 92009
(Tel)  760-517-6646
(Fax) 760-520-7900
Jmlorenzo.esq@gmail.com
Attorney for Plaintiff
Robert Alexander Kaseberg

2
**PROOF OF SERVICE**

1169975

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT O

1  PATRICIA L. GLASER – State Bar No. 55668
   pglaser@glaserweil.com
2  ERICA J. VAN LOON - State Bar No. 227712
   evanloon@glaserweil.com
3  BRITTANY ELIAS - State Bar No. 305922
   belias@glaserweil.com
4  GLASER WEIL FINK HOWARD
      AVCHEN & SHAPIRO LLP
5  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
6  Telephone:  (310) 553-3000
   Facsimile:   (310) 556-2920
7  *Attorneys for Defendants*

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11 | ROBERT ALEXANDER KASEBERG, | CASE NO.: 15-CV-01637-JLS-DHB |
12 | Plaintiff, | Hon. Janis L. Sammartino |
13 | v. | **CONAN O'BRIEN'S OBJECTIONS** |
14 |  | **AND RESPONSE TO** |
   | CONACO, LLC, TURNER | **PLAINTIFF'S** |
15 | BROADCASTING SYSTEM, TIME | **INTERROGATORIES (SET ONE)** |
   | WARNER, INC., CONAN O'BRIEN, |  |
16 | JEFF ROSS, MIKE SWEENEY; DOES |  |
   | 1-50, inclusive, |  |
17 |  |  |
18 | Defendants. |  |

19

20 PROPOUNDING PARTY:      ROBERT ALEXANDER KASEBERG

21 RESPONDING PARTY:      CONAN O'BRIEN

22 SET NO.:                    ONE

23

24      Pursuant to Fed. R. Civ. P. 26 and 33, Defendant Conan O'Brien ("Mr.

25 O'Brien") hereby answers, objects, or otherwise responds to Plaintiff Robert

26 Alexander Kaseberg's ("Plaintiff" or "Kaseberg") First Set of Interrogatories.  Mr.

27 O'Brien expressly reserves the right to supplement, amend, or correct these responses.

28

# PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action.  Each answer is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds which would require the exclusion of any statement herein if the Interrogatories were asked of, or any statements contained herein were made by, a witness present and testifying in Court, all of which objections and grounds are reserved and may be interposed at the time of trial.

Mr. O'Brien has not completed his investigation of the facts relating to this case and has not completed his preparation for trial.  The following responses are based upon information presently available to Mr. O'Brien and are made without prejudice to Mr. O'Brien of the right to utilize subsequently discovered facts.

Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby.  The fact that Mr. O'Brien has answered any interrogatories should not be taken as an admission that Mr. O'Brien accepts or admits the existence of any facts set forth or assumed by such interrogatory, or that such response constitutes admissible evidence.  The fact that Mr. O'Brien has answered part or all of any interrogatory is not intended and shall not be construed to be a waiver by Mr. O'Brien of all or any part of any objection to any interrogatory.

The Preliminary Statement is incorporated into each of the responses set forth below.

# GENERAL OBJECTIONS

Mr. O'Brien generally objects to these Interrogatories on each and every one of the following grounds, which are incorporated into and made a part of Mr. O'Brien's response to each and every Interrogatory:

1.    Mr. O'Brien objects to the extent the Interrogatories seek to impose obligations upon Mr. O'Brien not required by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of

2

California ("Local Rules"), or the Orders of this Court.  Mr. O'Brien's responses shall be controlled by and comply with the requirements of the Federal Rules, the Local Rules, and the Orders of this Court.

2.      Mr. O'Brien objects to extent the Interrogatories seek information not relevant to any claim or defense of a party, and expressly reserves all rights to withhold information or documents on that basis alone or in conjunction with other bases set forth herein.

3.      Mr. O'Brien objects to the extent the Interrogatories are vague, ambiguous, and incomprehensible.  As drafted, the Interrogatories could require responses and/or the production of documents that have no relationship to the facts and issues in dispute and which are not reasonably calculated to lead to the discovery of admissible evidence.

4.      Mr. O'Brien objects to the Interrogatories and their accompanying "Definitions" and "Instructions" as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and information or documents that are neither relevant nor proportional to the needs of the case.

5.      Mr. O'Brien objects to the extent the Interrogatories call for information which is confidential and proprietary, including trade secrets and sensitive financial information, prior to the entry of a protective order in this action.

6.      Mr. O'Brien objects to the extent the Interrogatories seek information which is publicly available and/or equally available to Plaintiff and the burden of obtaining the responsive information is substantially the same for Plaintiff as it is for Mr. O'Brien.

7.      Mr. O'Brien objects to the extent the Interrogatories are unreasonably duplicative in nature, and/or designed to harass and increase costs, rather than reflect a good faith effort at seeking relevant evidence.

8.      Mr. O'Brien objects to the extent the Interrogatories call for the

Glaser Weil

disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or common interest privilege, the right of privacy, or any other applicable privileges.  Such information or documents shall not be provided in response to these interrogatories, and any inadvertent disclosure or production thereof shall not be deemed a waiver of any privilege or protection with respect to such information or documents.

9.     Mr. O'Brien objects to the extent the Interrogatories seek documents or information from sources that are not reasonably accessible because of undue burden and cost.

10.     Mr. O'Brien objects to the definition of "YOU" and "YOUR" as vague, ambiguous, overbroad, unduly burdensome, not relevant, and not likely to lead to the discovery of admissible evidence, to the extent they purport to require Mr. O'Brien to respond on behalf of persons or entities other than Mr. O'Brien.  For purposes of his responses herein, Mr. O'Brien will interpret "YOU" and "YOUR" to refer solely to Conan O'Brien, the individual.

## RESPONSES TO SPECIAL INTERROGATORIES

**SPECIAL INTERROGATORY NO. 1:**

Please IDENTIFY YOUR annual gross revenues in 2015.

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Mr. O'Brien incorporates by reference each of the foregoing General Objections as if fully set forth herein.  Mr. O'Brien objects to the definition of "YOUR" as overbroad and vague and ambiguous.  Mr. O'Brien will interpret "YOUR" to refer solely to Conan O'Brien, the individual.  Mr. O'Brien further objects to the undefined term "annual gross revenues" as vague and ambiguous, insofar as Mr. O'Brien is an individual to whom revenue information is inapplicable. Mr. O'Brien further objects to this Interrogatory as oppressive, burdensome, and harassing to the extent it seeks financial information not kept in the ordinary course of business.  Mr. O'Brien further objects to this Interrogatory to the extent that the

4

financial information sought in this Interrogatory is irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes.  Mr. O'Brien further objects to this Interrogatory as overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defense and is not proportional to the needs of the case, especially to the extent the Interrogatory relates to financial information not attributable to any alleged infringement.  Mr. O'Brien further objects to this Interrogatory as seeking confidential financial information prior to the entry of a suitable protective order in this action.  Mr. O'Brien further objects to this Interrogatory to the extent it seeks personal financial information subject to the attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or common interest privilege, the right of privacy, or any other applicable privileges.

**INTERROGATORY NO. 2:**

Please IDENTIFY ALL WITNESSES and PERSONS who calculate and/or determine YOUR annual gross revenues in 2015.

**RESPONSE TO INTERROGATORY NO. 2:**

Mr. O'Brien incorporates by reference each of the foregoing General Objections as if fully set forth herein.  Mr. O'Brien objects to the definition of "YOUR" as overbroad and vague and ambiguous.  Mr. O'Brien will interpret "YOUR" to refer solely to Conan O'Brien, the individual.  Mr. O'Brien further objects to the undefined term "annual gross revenues" as vague and ambiguous, insofar as Mr. O'Brien is an individual to whom revenue information is inapplicable. Mr. O'Brien further objects to this Interrogatory as oppressive, burdensome, and harassing to the extent it seeks information not kept in the ordinary course of business.  Mr. O'Brien further objects to this Interrogatory to the extent that the financial information sought in this Interrogatory is irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes.  Mr. O'Brien further objects to this Interrogatory as overbroad, unduly burdensome, and harassing to the extent the

1  proposed discovery seeks financial information which is not relevant to any party's

2  claim or defense and is not proportional to the needs of the case, especially to the

3  extent the Interrogatory relates to financial information not attributable to any alleged

4  infringement.  Mr. O'Brien further objects to this Interrogatory to the extent that it

5  seeks information about the identities of individual non-parties, the disclosure of

6  which may lead to the invasion of privacy, harassment, or unnecessary involvement

7  of individuals who are non-parties.

8  **INTERROGATORY NO. 3:**

9      Please IDENTIFY ALL DOCUMENTS that RELATE TO YOUR annual gross

10  revenues in 2015.

11  **RESPONSE TO INTERROGATORY NO. 3:**

12      Mr. O'Brien incorporates by reference each of the foregoing General

13  Objections as if fully set forth herein.  Mr. O'Brien objects to the definition of

14  "YOUR" as overbroad and vague and ambiguous.  Mr. O'Brien will interpret

15  "YOUR" to refer solely to Conan O'Brien, the individual.  Mr. O'Brien further

16  objects to undefined term "annual gross revenues" as vague and ambiguous, insofar

17  as Mr. O'Brien is an individual to whom revenue information is inapplicable.  Mr.

18  O'Brien further objects to this Interrogatory as oppressive, burdensome, and harassing

19  to the extent it seeks information not kept in the ordinary course of business.  Mr.

20  O'Brien further objects to this Interrogatory to the extent that the financial

21  information sought in this Interrogatory is irrelevant to Plaintiff's claim for alleged

22  damages as to four one-liner jokes.  Mr. O'Brien further objects to this Interrogatory

23  as overbroad, unduly burdensome, and harassing to the extent the proposed discovery

24  seeks financial information which is not relevant to any party's claim or defense and

25  is not proportional to the needs of the case, especially to the extent the Interrogatory

26  relates to financial information not attributable to any alleged infringement.  Mr.

27  O'Brien further objects to this Interrogatory to the extent it seeks the identification of

28  "all documents" and not information proportional to the needs of this case.  Mr.

*Glaser Weil*

1  O'Brien further objects to the extent that it seeks the identification of confidential

2  information prior to the entry of a suitable protective order in this case.  Mr. O'Brien

3  further objects to this Interrogatory to the extent it seeks personal financial

4  information subject to the attorney-client privilege, the attorney work-product

5  doctrine, the joint-defense and/or common interest privilege, the right of privacy, or

6  any other applicable privileges.  Mr. O'Brien further objects to this Interrogatory to

7  the extent it purports to require the identification of documents from sources that are

8  not reasonably accessible because of undue burden and cost.

9

10  DATED:  April 18, 2016                    GLASER WEIL FINK HOWARD
                                            AVCHEN & SHAPIRO LLP

11

12                                          By: */s/ Erica J. Van Loon*

13                                              PATRICIA L. GLASER
                                                ERICA J. VAN LOON
14                                              BRITTANY ELIAS
                                                *Attorneys for Defendants*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

**CONAN O'BRIEN'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

15cv01637-JLS-DHB

1173948

Glaser Weil

**PROOF OF SERVICE**

1

2          I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, 19th Floor, Los Angeles, California 90067.

3

4          On April 18, 2016, I served the foregoing document(s) described as: **CONAN O'BRIEN'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)** on

5   the interested parties to this action at the following address(es):

6          SEE ATTACHED LIST

7   ☐   **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence shall

8       be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California.  Service made pursuant to

9       this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of

10      deposit for mailing contained in this affidavit.

11  ☐   **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed

12      document(s) on the individual(s) listed on the attached mailing list.

13  ☒   **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

14

15  ☐   **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows:  I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service

16      carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

17  ☐   **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached

18      service list.

19  ☐   **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

20

21  ☐   (State)      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

22

23  ☒   (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury that the above is true and correct.

24

25  Executed on April 18, 2016, at Los Angeles, California.

26                              /s/ Nicholas E. Huskins
                               Nicholas E. Huskins

27

28

1173948                                                        15cv01637-JLS-DHB

1

## SERVICE LIST

2

Jayson M. Lorenzo
2794 Gateway Road, Suite 116
3
Carlsbad, CA 92009
(Tel)  760-517-6646
4
(Fax) 760-520-7900
Jmlorenzo.esq@gmail.com
5
Attorney for Plaintiff
Robert Alexander Kaseberg
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Glaser Weil**

2

**CONAN O'BRIEN'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

15cv01637-JLS-DHB

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT P

PATRICIA L. GLASER – State Bar No. 55668
pglaser@glaserweil.com
ERICA J. VAN LOON - State Bar No. 227712
evanloon@glaserweil.com
BRITTANY ELIAS - State Bar No. 305922
belias@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG, | CASE NO.: 15-CV-01637-JLS-DHB |
| Plaintiff, | Hon. Janis L. Sammartino |
| v. | **JEFF ROSS' OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)** |
| CONACO, LLC, TURNER BROADCASTING SYSTEM, TIME WARNER, INC., CONAN O'BRIEN, JEFF ROSS, MIKE SWEENEY; DOES 1-50, inclusive, | |
| Defendants. | |

PROPOUNDING PARTY:      ROBERT ALEXANDER KASEBERG

RESPONDING PARTY:        JEFF ROSS

SET NO.:                              ONE

        Pursuant to Fed. R. Civ. P. 26 and 33, Defendant Jeff Ross ("Mr. Ross") hereby answers, objects, or otherwise responds to Plaintiff Robert Alexander Kaseberg's ("Plaintiff" or "Kaseberg") First Set of Interrogatories.  Mr. Ross expressly reserves the right to supplement, amend, or correct these responses.

Glaser Weil

**Glaser Weil**

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action.  Each answer is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds which would require the exclusion of any statement herein if the Interrogatories were asked of, or any statements contained herein were made by, a witness present and testifying in Court, all of which objections and grounds are reserved and may be interposed at the time of trial.

Mr. Ross has not completed his investigation of the facts relating to this case and has not completed his preparation for trial.  The following responses are based upon information presently available to Mr. Ross and are made without prejudice to Mr. Ross of the right to utilize subsequently discovered facts.

Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby.  The fact that Mr. Ross has answered any interrogatories should not be taken as an admission that Mr. Ross accepts or admits the existence of any facts set forth or assumed by such interrogatory, or that such response constitutes admissible evidence.  The fact that Mr. Ross has answered part or all of any interrogatory is not intended and shall not be construed to be a waiver by Mr. Ross of all or any part of any objection to any interrogatory.

The Preliminary Statement is incorporated into each of the responses set forth below.

## GENERAL OBJECTIONS

Mr. Ross generally objects to these Interrogatories on each and every one of the following grounds, which are incorporated into and made a part of Mr. Ross' response to each and every Interrogatory:

1.      Mr. Ross objects to the extent the Interrogatories seek to impose obligations upon Mr. Ross not required by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of California

("Local Rules"), or the Orders of this Court.  Mr. Ross' responses shall be controlled by and comply with the requirements of the Federal Rules, the Local Rules, and the Orders of this Court.

2.     Mr. Ross objects to extent the Interrogatories seek information not relevant to any claim or defense of a party, and expressly reserves all rights to withhold information or documents on that basis alone or in conjunction with other bases set forth herein.

3.     Mr. Ross objects to the extent the Interrogatories are vague, ambiguous, and incomprehensible.  As drafted, the Interrogatories could require responses and/or the production of documents that have no relationship to the facts and issues in dispute and which are not reasonably calculated to lead to the discovery of admissible evidence.

4.     Mr. Ross objects to the Interrogatories and their accompanying "Definitions" and "Instructions" as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and information or documents that are neither relevant nor proportional to the needs of the case.

5.     Mr. Ross objects to the extent the Interrogatories call for information which is confidential and proprietary, including trade secrets and sensitive financial information, prior to the entry of a protective order in this action.

6.     Mr. Ross objects to the extent the Interrogatories seek information which is publicly available and/or equally available to Plaintiff and the burden of obtaining the responsive information is substantially the same for Plaintiff as it is for Mr. Ross.

7.     Mr. Ross objects to the extent the Interrogatories are unreasonably duplicative in nature, and/or designed to harass and increase costs, rather than reflect a good faith effort at seeking relevant evidence.

8.     Mr. Ross objects to the extent the Interrogatories call for the disclosure of information subject to the attorney-client privilege, the attorney work-product

**JEFF ROSS' OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

15cv01637-JLS-DHB

Glaser Weil

1173932

doctrine, the joint-defense and/or common interest privilege, the right of privacy, or any other applicable privileges.  Such information or documents shall not be provided in response to these interrogatories, and any inadvertent disclosure or production thereof shall not be deemed a waiver of any privilege or protection with respect to such information or documents.

9.     Mr. Ross objects to the extent the Interrogatories seek documents or information from sources that are not reasonably accessible because of undue burden and cost.

10.    Mr. Ross objects to the definition of "YOU" and "YOUR" as vague, ambiguous, overbroad, unduly burdensome, not relevant, and not likely to lead to the discovery of admissible evidence, to the extent they purport to require Mr. Ross to respond on behalf of persons or entities other than Mr. Ross.  For purposes of his responses herein, Mr. Ross will interpret "YOU" and "YOUR" to refer solely to Jeff Ross, the individual.

**RESPONSES TO SPECIAL INTERROGATORIES**

**SPECIAL INTERROGATORY NO. 1:**

Please IDENTIFY YOUR annual gross revenues in 2015.

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Mr. Ross incorporates by reference each of the foregoing General Objections as if fully set forth herein.  Mr. Ross objects to the definition of "YOUR" as overbroad and vague and ambiguous.  Mr. Ross will interpret "YOUR" to refer solely to Jeff Ross, the individual.  Mr. Ross further objects to the undefined term "annual gross revenues" as vague and ambiguous, insofar as Mr. Ross is an individual to whom revenue information is inapplicable.  Mr. Ross further objects to this Interrogatory as oppressive, burdensome, and harassing to the extent it seeks financial information not kept in the ordinary course of business.  Mr. Ross further objects to this Interrogatory to the extent that the financial information sought in this Interrogatory is irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes.  Mr. Ross further

1    objects to this Interrogatory as overbroad, unduly burdensome, and harassing to the

2    extent the proposed discovery seeks financial information which is not relevant to any

3    party's claim or defense and is not proportional to the needs of the case, especially to

4    the extent the Interrogatory relates to financial information not attributable to any

5    alleged infringement.  Mr. Ross further objects to this Interrogatory as seeking

6    confidential financial information prior to the entry of a suitable protective order in

7    this action.  Mr. Ross further objects to this Interrogatory to the extent it seeks

8    personal financial information subject to the attorney-client privilege, the attorney

9    work-product doctrine, the joint-defense and/or common interest privilege, the right

10   of privacy, or any other applicable privileges.

11   **INTERROGATORY NO. 2:**

12       Please IDENTIFY ALL WITNESSES and PERSONS who calculate and/or

13   determine YOUR annual gross revenues in 2015.

14   **RESPONSE TO INTERROGATORY NO. 2:**

15       Mr. Ross incorporates by reference each of the foregoing General Objections as

16   if fully set forth herein.  Mr. Ross objects to the definition of "YOUR" as overbroad

17   and vague and ambiguous.  Mr. Ross will interpret "YOUR" to refer solely to Jeff

18   Ross, the individual.  Mr. Ross further objects to the undefined term "annual gross

19   revenues" as vague and ambiguous, insofar as Mr. Ross is an individual to whom

20   revenue information is inapplicable.  Mr. Ross further objects to this Interrogatory as

21   oppressive, burdensome, and harassing to the extent it seeks information not kept in

22   the ordinary course of business.  Mr. Ross further objects to this Interrogatory to the

23   extent that the financial information sought in this Interrogatory is irrelevant to

24   Plaintiff's claim for alleged damages as to four one-liner jokes.  Mr. Ross further

25   objects to this Interrogatory as overbroad, unduly burdensome, and harassing to the

26   extent the proposed discovery seeks financial information which is not relevant to any

27   party's claim or defense and is not proportional to the needs of the case, especially to

28   the extent the Interrogatory relates to financial information not attributable to any

5

Glaser Weil

1  alleged infringement.  Mr. Ross further objects to this Interrogatory to the extent that

2  it seeks information about the identities of individual non-parties, the disclosure of

3  which may lead to the invasion of privacy, harassment, or unnecessary involvement

4  of individuals who are non-parties.

5  **INTERROGATORY NO. 3:**

6       Please IDENTIFY ALL DOCUMENTS that RELATE TO YOUR annual gross

7  revenues in 2015.

8  **RESPONSE TO INTERROGATORY NO. 3:**

9       Mr. Ross incorporates by reference each of the foregoing General Objections as

10  if fully set forth herein.  Mr. Ross objects to the definition of "YOUR" as overbroad

11  and vague and ambiguous.  Mr. Ross will interpret "YOUR" to refer solely to Jeff

12  Ross, the individual.  Mr. Ross further objects to undefined term "annual gross

13  revenues" as vague and ambiguous, insofar as Mr. Ross is an individual to whom

14  revenue information is inapplicable.  Mr. Ross further objects to this Interrogatory as

15  oppressive, burdensome, and harassing to the extent it seeks information not kept in

16  the ordinary course of business.  Mr. Ross further objects to this Interrogatory to the

17  extent that the financial information sought in this Interrogatory is irrelevant to

18  Plaintiff's claim for alleged damages as to four one-liner jokes.  Mr. Ross further

19  objects to this Interrogatory as overbroad, unduly burdensome, and harassing to the

20  extent the proposed discovery seeks financial information which is not relevant to any

21  party's claim or defense and is not proportional to the needs of the case, especially to

22  the extent the Interrogatory relates to financial information not attributable to any

23  alleged infringement.  Mr. Ross further objects to this Interrogatory to the extent it

24  seeks the identification of "all documents" and not information proportional to the

25  needs of this case.  Mr. Ross further objects to the extent that it seeks the

26  identification of confidential information prior to the entry of a suitable protective

27  order in this case.  Mr. Ross further objects to this Interrogatory to the extent it seeks

28  personal financial information subject to the attorney-client privilege, the attorney

Glaser Weil

6

1   work-product doctrine, the joint-defense and/or common interest privilege, the right

2   of privacy, or any other applicable privileges.  Mr. Ross further objects to this

3   Interrogatory to the extent it purports to require the identification of documents from

4   sources that are not reasonably accessible because of undue burden and cost.

5

6    DATED:  April 18, 2016                    GLASER WEIL FINK HOWARD
                                                AVCHEN & SHAPIRO LLP
7

8                                          By: */s/ Erica J. Van Loon*
9                                               PATRICIA L. GLASER
                                                ERICA J. VAN LOON
10                                              BRITTANY ELIAS
                                                *Attorneys for Defendants*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

Glaser Weil

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, 19th Floor, Los Angeles, California 90067.

On April 18, 2016, I served the foregoing document(s) described as: **JEFF ROSS' OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)** on the interested parties to this action at the following address(es):

SEE ATTACHED LIST

☐ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☒ **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☐ **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows: I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☐ **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

☐ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☐ (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on April 18, 2016, at Los Angeles, California.

/s/ Nicholas E. Huskins
Nicholas E. Huskins

1
**PROOF OF SERVICE**

1173932

15cv01637-JLS-DHB

1

## SERVICE LIST

2

Jayson M. Lorenzo
2794 Gateway Road, Suite 116
3
Carlsbad, CA 92009
(Tel)  760-517-6646
4
(Fax) 760-520-7900
Jmlorenzo.esq@gmail.com
5
Attorney for Plaintiff
Robert Alexander Kaseberg
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Glaser Weil**

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT Q

DECLARATION OF JAYSON M. LORENZO

1   PATRICIA L. GLASER – State Bar No. 55668
    pglaser@glaserweil.com
2   ERICA J. VAN LOON - State Bar No. 227712
    evanloon@glaserweil.com
3   BRITTANY ELIAS - State Bar No. 305922
    belias@glaserweil.com
4   GLASER WEIL FINK HOWARD
      AVCHEN & SHAPIRO LLP
5   10250 Constellation Boulevard, 19th Floor
    Los Angeles, California 90067
6   Telephone:  (310) 553-3000
    Facsimile:  (310) 556-2920
7   *Attorneys for Defendants*

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  ROBERT ALEXANDER KASEBERG,          CASE NO.: 15-CV-01637-JLS-DHB

12              Plaintiff,               Hon. Janis L. Sammartino

13  v.
                                         **CONACO, LLC'S OBJECTIONS
14                                       AND RESPONSE TO
                                         PLAINTIFF'S
15  CONACO, LLC, TURNER                  INTERROGATORIES (SET ONE)**
    BROADCASTING SYSTEM, TIME
16  WARNER, INC., CONAN O'BRIEN,
    JEFF ROSS, MIKE SWEENEY; DOES
17  1-50, inclusive,

18              Defendants.

19

20  PROPOUNDING PARTY:     ROBERT ALEXANDER KASEBERG

21  RESPONDING PARTY:      CONACO, LLC

22  SET NO.:               ONE

23

24        Pursuant to Fed. R. Civ. P. 26 and 33, Defendant Conaco, LLC ("Conaco"),

25  hereby answers, objects, or otherwise responds to Plaintiff Robert Alexander

26  Kaseberg's ("Plaintiff" or "Kaseberg") First Set of Interrogatories.  Conaco expressly

27  reserves the right to supplement, amend, or correct these responses.

28

**PRELIMINARY STATEMENT**

These responses are made solely for the purpose of this action.  Each answer is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds which would require the exclusion of any statement herein if the Interrogatories were asked of, or any statements contained herein were made by, a witness present and testifying in Court, all of which objections and grounds are reserved and may be interposed at the time of trial.

Conaco has not completed its investigation of the facts relating to this case and has not completed its preparation for trial.  The following responses are based upon information presently available to Conaco and are made without prejudice to Conaco of the right to utilize subsequently discovered facts.

Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby.  The fact that Conaco has answered any interrogatories should not be taken as an admission that Conaco accepts or admits the existence of any facts set forth or assumed by such interrogatory, or that such response constitutes admissible evidence.  The fact that Conaco has answered part or all of any interrogatory is not intended and shall not be construed to be a waiver by Conaco of all or any part of any objection to any interrogatory.

The Preliminary Statement is incorporated into each of the responses set forth below.

**GENERAL OBJECTIONS**

Conaco generally objects to these Interrogatories on each and every one of the following grounds, which are incorporated into and made a part of Conaco's response to each and every Interrogatory.

1.    Conaco objects to the extent the Interrogatories seek to impose obligations upon Conaco not required by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of California

("Local Rules"), or the Orders of this Court.  Conaco's responses shall be controlled by and comply with the requirements of the Federal Rules, the Local Rules, and the Orders of this Court.

2.      Conaco objects to extent the Interrogatories seek information not relevant to any claim or defense of a party, and expressly reserves all rights to withhold information or documents on that basis alone or in conjunction with other bases set forth herein.

3.      Conaco objects to the extent the Interrogatories are vague, ambiguous, and incomprehensible.  As drafted, the Interrogatories could require responses and/or the production of documents that have no relationship to the facts and issues in dispute and which are not reasonably calculated to lead to the discovery of admissible evidence.

4.      Conaco objects to the Interrogatories and their accompanying "Definitions" and "Instructions" as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and information or documents that are neither relevant nor proportional to the needs of the case.

5.      Conaco objects to the extent the Interrogatories call for information which is confidential and proprietary, including trade secrets and sensitive financial information, prior to the entry of a protective order in this action.

6.      Conaco objects to the extent the Interrogatories seek information which is publicly available and/or equally available to Plaintiff and the burden of obtaining the responsive information is substantially the same for Plaintiff as it is for Conaco.

7.      Conaco objects to the extent the Interrogatories are unreasonably duplicative in nature, and/or designed to harass and increase costs, rather than reflect a good faith effort at seeking relevant evidence.

8.      Conaco objects to the extent the Interrogatories call for the disclosure of documents or information subject to the attorney-client privilege, the attorney work-

Glaser Weil

3

product doctrine, the joint-defense and/or common interest privilege, the right of privacy, or any other applicable privileges.  Such information or documents shall not be provided in response to these interrogatories, and any inadvertent disclosure or production thereof shall not be deemed a waiver of any privilege or protection with respect to such information or documents.

9.     Conaco objects to the extent the Interrogatories seek documents or information which are subject to certain confidentiality provisions between Conaco and/or its affiliated companies and/or others and which may not be disclosed absent the consent of the parties to such contracts.

10.     Conaco objects to the extent the Interrogatories seek documents or information from sources that are not reasonably accessible because of undue burden and cost.

11.     Conaco objects to the definition of "YOU" and "YOUR" as vague, ambiguous, overbroad, unduly burdensome, not relevant, and not likely to lead to the discovery of admissible evidence, to the extent they purport to require Conaco to respond on behalf of persons or entities other than Conaco.  For purposes of its responses herein, Conaco will interpret "YOU" and "YOUR" to refer to Conaco, LLC, and its directors, officers, and employees only.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Please IDENTIFY YOUR annual gross revenues in 2015.

**RESPONSE TO INTERROGATORY NO. 1:**

Conaco incorporates by reference each of the foregoing General Objections as if fully set forth herein.  Conaco objects to the definition of "YOUR" as overbroad and vague and ambiguous.  Conaco will interpret "YOUR" to refer to Conaco, LLC and its directors, officers, and employees only.  Conaco further objects to the undefined term "annual gross revenues" as vague and ambiguous in that it fails to specifically identify what revenue information it seeks from Conaco.  Conaco further

4

objects to this Interrogatory as Conaco's annual gross revenues are irrelevant to
Plaintiff's claim for alleged damages as to four one-liner jokes.  Conaco further
objects to this Interrogatory as overbroad, unduly burdensome, and harassing to the
extent the proposed discovery seeks financial information which is not relevant to any
party's claim or defense and is not proportional to the needs of the case, especially to
the extent the Interrogatory seeks revenue information not attributable to any alleged
infringement.  Conaco further objects to this Interrogatory to the extent it seeks
confidential financial information prior to the entry of a suitable protective order in
this case.  Conaco further objects to this Interrogatory to the extent it seeks
information which is subject to certain confidentiality provisions between Conaco
and/or its affiliated companies and/or others and which may not be disclosed absent
the consent of the parties to such contracts.

**INTERROGATORY NO. 2:**

Please IDENTIFY ALL WITNESSES and PERSONS who calculate and/or
determine YOUR annual gross revenues in 2015.

**RESPONSE TO INTERROGATORY NO. 2:**

Conaco incorporates by reference each of the foregoing General Objections as
if fully set forth herein.  Conaco objects to the definition of "YOUR" as overbroad
and vague and ambiguous.  Conaco will interpret "YOUR" to refer to Conaco, LLC,
and its directors, officers, and employees only.  Conaco further objects to the
undefined term "annual gross revenues" as vague and ambiguous in that it fails to
specifically identify the revenue information to which this Interrogatory relates.
Conaco further objects to this Interrogatory as Conaco's annual gross revenues, and
the identification of those individuals that calculate and/or determine Conaco's annual
gross revenues, are irrelevant to Plaintiff's claim for alleged damages as to four one-
liner jokes.  Conaco further objects to this Interrogatory as overbroad, unduly
burdensome, and harassing to the extent the proposed discovery seeks financial
information which is not relevant to any party's claims or defense and is not

**CONACO, LLC'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

15cv01637-JLS-DHB

1    proportional to the needs of the case, especially to the extent the Interrogatory relates

2    to revenue information not attributable to any alleged infringement.  Conaco further

3    objects to this Interrogatory to the extent that it seeks information about the identities

4    of individual non-parties, the disclosure of which may lead to the invasion of privacy,

5    harassment, or unnecessary involvement of individuals who are non-parties.  Conaco

6    further objects to this Interrogatory to the extent it seeks information which is subject

7    to certain confidentiality provisions between Conaco and/or its affiliated companies

8    and/or others and which may not be disclosed absent the consent of the parties to such

9    contracts.

10   **INTERROGATORY NO. 3:**

11   Please IDENTIFY ALL DOCUMENTS that RELATE TO YOUR annual gross

12   revenues in 2015.

13   **RESPONSE TO INTERROGATORY NO. 3:**

14   Conaco incorporates by reference each of the foregoing General Objections as

15   if fully set forth herein.  Conaco objects to the definition of "YOUR" as overbroad

16   and vague and ambiguous.  Conaco will interpret "YOUR" to refer to Conaco, LLC,

17   and its directors, officers, and employees only.  Conaco further objects to the

18   undefined term "annual gross revenues" as vague and ambiguous in that it fails to

19   specifically identify the revenue information to which this Interrogatory relates.

20   Conaco further objects to this Interrogatory as Conaco's annual gross revenues, and

21   the identification of documents relating to such, are irrelevant to Plaintiff's claims for

22   alleged damages as to four one-liner jokes.  Conaco further objects to this

23   Interrogatory as overbroad, unduly burdensome, and harassing to the extent the

24   Interrogatory seeks the identification of documents containing financial information

25   which is not relevant to any party's claims or defenses, and is not proportional to the

26   needs of the case, especially to the extent the Interrogatory relates to revenue

27   information which is not attributable to any alleged infringement.  Conaco further

28   objects to this Interrogatory to the extent it seeks the identification of "all documents"

Glaser Weil

1  and not information proportional to the needs of this case.  Conaco further objects to

2  this Interrogatory to the extent that it seeks the identification of confidential

3  information prior to the entry of a suitable protective order in this case.  Conaco

4  further objects to this Interrogatory to the extent it seeks the identification of

5  documents which are subject to certain confidentiality provisions between Conaco

6  and/or its affiliated companies and/or others and which may not be disclosed absent

7  the consent of the parties to such contracts.  Conaco further objects to this

8  Interrogatory to the extent it calls for the identification of documents or information

9  subject to the attorney-client privilege, the attorney work-product doctrine, the joint-

10  defense and/or common interest privilege, or any other applicable privileges.  Conaco

11  further objects to this Interrogatory to the extent it purports to require the

12  identification of documents from sources that are not reasonably accessible because

13  of undue burden and cost.

14  **INTERROGATORY NO. 4:**

15      Please IDENTIFY the names of all persons on YOUR writing staff including

16  any and writing staff interns within the last five years.

17  **RESPONSE TO INTERROGATORY NO. 4:**

18      Conaco incorporates by reference each of the foregoing General Objections as

19  if fully set forth herein.  Conaco objects to the definition of "YOUR" as overbroad

20  and vague and ambiguous.  Conaco will interpret "YOUR" to refer to Conaco, LLC,

21  and its directors, officers, and employees only.  Conaco further objects to this

22  Interrogatory as overbroad, unduly burdensome, and harassing to the extent the

23  Interrogatory seeks information which is not relevant to any party's claim or defense

24  and is not proportional to the needs of the case, especially to the extent the

25  Interrogatory is not limited in scope to those writers that wrote, created or edited the

26  jokes specifically identified in the Complaint.  Conaco further objects to this

27  Interrogatory to the extent that it seeks information about the identities of individual

28  non-parties, the disclosure of which may lead to the invasion of privacy, harassment,

Glaser Weil

7

1   or unnecessary involvement of individuals who are non-parties.  Conaco further

2   objects to this Interrogatory to the extent it purports to require the identification of

3   information from sources that are not reasonably accessible because of undue burden

4   and cost.

5        Subject to and without waiving the foregoing general and specific objections,

6   Conaco responds as follows: The following members of the writing staff wrote,

7   created, and/or edited the jokes at issue:

8        (1) Josh Comers

9        (2) Rob Kutner

10        (3) Brian Kiley

11        (4) Mike Sweeney

12   **INTERROGATORY NO. 5:**

13        For each person listed in INTERROGATORY NO. 4 please provide the gross

14   revenue or annual salary of each person listed in 2015.

15   **RESPONSE TO INTERROGATORY NO. 5:**

16        Conaco incorporates by reference each of the foregoing General Objections as

17   if fully set forth herein.  Conaco further objects to this Interrogatory as overbroad,

18   unduly burdensome, and harassing to the extent the Interrogatory seeks information

19   which is not relevant to any party's claim or defense and is not proportional to the

20   needs of the case, especially to the extent the Interrogatory is not limited in scope to

21   those writers that wrote, created or edited the jokes specifically identified in the

22   Complaint.  Conaco further objects to this Interrogatory to the extent it seeks the

23   identification of confidential information prior to the entry of a suitable protective

24   order in this case.  Conaco further objects that the gross revenues or annual salary of

25   the writing staff or writing staff interns are irrelevant to Plaintiff's claim for alleged

26   damages as to four one-liner jokes.  Conaco further objects to this Interrogatory to the

27   extent it seeks personal financial information subject to the attorney-client privilege,

28   the attorney work-product doctrine, the right of privacy, or any other applicable

8

1 privileges.

2 **INTERROGATORY NO. 6:**

3     Please IDENTIFY the person most knowledgeable regarding the writing,

4 submission and use of jokes on YOUR "CONAN" show monologue in 2015.

5 **RESPONSE TO INTERROGATORY NO. 6:**

6     Conaco incorporates by reference each of the foregoing General Objections as

7 if fully set forth herein.  Conaco objects to the definition of "YOUR" as overbroad

8 and vague and ambiguous.  Conaco will interpret "YOUR" to refer to Conaco, LLC,

9 and its directors, officers, and employees only.

10     Subject to and without waiving the foregoing general and specific objections,

11 Conaco responds as follows:  Mike Sweeney is Conaco's person most knowledgeable

12 regarding the writing, submission and use of jokes on the "CONAN" show

13 monologue in 2015.

14 **INTERROGATORY NO. 7:**

15     Please IDENTIFY the names of all person on YOUR writing staff including

16 any and writing staff interns who have submitted material or jokes for YOUR

17 "CONAN" show monologue in the last three years.

18 **RESPONSE TO INTERROGATORY NO. 7:**

19     Conaco incorporates by reference each of the foregoing General Objections as

20 if fully set forth herein.  Conaco objects to the definition of "YOUR" as overbroad

21 and vague and ambiguous.  Conaco will interpret "YOUR" to refer to Conaco, LLC,

22 and its directors, officers, and employees only.  Conaco further objects to this

23 Interrogatory as overbroad, unduly burdensome, and harassing to the extent the

24 Interrogatory seeks information which is not relevant to any party's claim or defense

25 and is not proportional to the needs of the case, especially to the extent the

26 Interrogatory is not limited in scope to those writers that wrote, created or edited the

27 jokes specifically identified in the Complaint.  Conaco further objects to this

28 Interrogatory to the extent that it seeks information about the identities of individual

**CONACO, LLC'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

15cv01637-JLS-DHB

Glaser Weil

1  non-parties, the disclosure of which may lead to the invasion of privacy, harassment,

2  or unnecessary involvement of individuals who are non-parties.  Conaco further

3  objects to the extent this Interrogatory is duplicative of Interrogatory No. 4.  Conaco

4  further objects to this Interrogatory to the extent it purports to require the

5  identification of information from sources that are not reasonably accessible because

6  of undue burden and cost.

7        Subject to and without waiving the foregoing general and specific objections,

8  Conaco responds as follows: The following members of the writing staff wrote,

9  created and/or edited the jokes at issue for the "Conan" show monologue:

10       (1) Josh Comers

11       (2) Rob Kutner

12       (3) Brian Kiley

13       (4) Mike Sweeney

14

15  DATED:  April 18, 2016              GLASER WEIL FINK HOWARD
                                        AVCHEN & SHAPIRO LLP
16

17                                      By: /s/ Erica J. Van Loon

18                                          PATRICIA L. GLASER
                                            ERICA J. VAN LOON
19                                          BRITTANY ELIAS
                                            *Attorneys for Defendants*
20

21

22

23

24

25

26

27

28

**CONACO, LLC'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

15cv01637-JLS-DHB

1173961

## VERIFICATION

I, Mike Sweeney, have read the foregoing Conaco, LLC's Objections and Response to Plaintiff's Interrogatories (Set One) and know its contents.

I am a writer and producer for the "Conan" show, and am authorized to make this verification for and on behalf of Conaco, LLC. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on _____, 2016 at _____.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Mike Sweeney
Conaco, LLC

1
VERIFICATION

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, 19th Floor, Los Angeles, California 90067.

On April 18, 2016, I served the foregoing document(s) described as: **CONACO, LLC's OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)** on the interested parties to this action at the following address(es):

SEE ATTACHED LIST

☐ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☒ **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☐ **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows: I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☐ **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

☐ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☐ (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on April 18, 2016, at Los Angeles, California.

/s/ Nicholas E. Huskins
Nicholas E. Huskins

1173961

15cv01637-JLS-DHB

**SERVICE LIST**

Jayson M. Lorenzo
2794 Gateway Road, Suite 116
Carlsbad, CA 92009
(Tel)  760-517-6646
(Fax) 760-520-7900
Jmlorenzo.esq@gmail.com
Attorney for Plaintiff
Robert Alexander Kaseberg

2

**PROOF OF SERVICE**

15cv01637-JLS-DHB

1173961

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT R

DECLARATION OF JAYSON M. LORENZO

1  PATRICIA L. GLASER – State Bar No. 55668
   pglaser@glaserweil.com
2  ERICA J. VAN LOON - State Bar No. 227712
   evanloon@glaserweil.com
3  BRITTANY ELIAS - State Bar No. 305922
   belias@glaserweil.com
4  GLASER WEIL FINK HOWARD
      AVCHEN & SHAPIRO LLP
5  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
6  Telephone:  (310) 553-3000
   Facsimile:   (310) 556-2920
7  *Attorneys for Defendants*

8                  UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11  ROBERT ALEXANDER KASEBERG,          CASE NO.: 15-CV-01637-JLS-DHB

12             Plaintiff,               Hon. Janis L. Sammartino

13  v.
                                        **TURNER BROADCASTING**
14                                      **SYSTEM, INC.'S OBJECTIONS**
                                        **AND RESPONSE TO**
15  CONACO, LLC, TURNER                 **PLAINTIFF'S**
    BROADCASTING SYSTEM, TIME           **INTERROGATORIES (SET ONE)**
16  WARNER, INC., CONAN O'BRIEN,
    JEFF ROSS, MIKE SWEENEY; DOES
17  1-50, inclusive,

18             Defendants.

19

20  PROPOUNDING PARTY:     ROBERT ALEXANDER KASEBERG

21  RESPONDING PARTY:      TURNER BROADCASTING SYSTEM, INC.

22  SET NO.:               ONE

23

24         Pursuant to Fed. R. Civ. P. 26 and 33, Defendant Turner Broadcasting System,

25  Inc. ("TBS") hereby answers, objects, or otherwise responds to Plaintiff Robert

26  Alexander Kaseberg's ("Plaintiff" or "Kaseberg") First Set of Interrogatories.  TBS

27  expressly reserves the right to supplement, amend, or correct these responses.

28

---

**PRELIMINARY STATEMENT**

These responses are made solely for the purpose of this action.  Each answer is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds which would require the exclusion of any statement herein if the Interrogatories were asked of, or any statements contained herein were made by, a witness present and testifying in Court, all of which objections and grounds are reserved and may be interposed at the time of trial.

TBS has not completed its investigation of the facts relating to this case and has not completed its preparation for trial.  The following responses are based upon information presently available to TBS and are made without prejudice to TBS of the right to utilize subsequently discovered facts.

Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby.  The fact that TBS has answered any interrogatories should not be taken as an admission that TBS accepts or admits the existence of any facts set forth or assumed by such interrogatory, or that such response constitutes admissible evidence.  The fact that TBS has answered part or all of any interrogatory is not intended and shall not be construed to be a waiver by TBS of all or any part of any objection to any interrogatory.

The Preliminary Statement is incorporated into each of the responses set forth below.

**GENERAL OBJECTIONS**

TBS generally objects to these Interrogatories on each and every one of the following grounds, which are incorporated into and made a part of TBS's response to each and every Interrogatory:

1.      TBS objects to the extent the Interrogatories seek to impose obligations upon TBS not required by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of California ("Local

2

Rules"), or the Orders of this Court.  TBS's responses shall be controlled by and comply with the requirements of the Federal Rules, the Local Rules, and the Orders of this Court.

2.      TBS objects to extent the Interrogatories seek information not relevant to any claim or defense of a party, and expressly reserves all rights to withhold information or documents on that basis alone or in conjunction with other bases set forth herein.

3.      TBS objects to the extent the Interrogatories are vague, ambiguous, and incomprehensible.  As drafted, the Interrogatories could require responses and/or the production of documents that have no relationship to the facts and issues in dispute and which are not reasonably calculated to lead to the discovery of admissible evidence.

4.      TBS objects to the Interrogatories and their accompanying "Definitions" and "Instructions" as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and information or documents that are neither relevant nor proportional to the needs of the case.

5.      TBS objects to the extent the Interrogatories call for information which is confidential and proprietary, including trade secrets and sensitive financial information, prior to the entry of a protective order in this action.

6.      TBS objects to the extent the Interrogatories seek information which is publicly available and/or equally available to Plaintiff and the burden of obtaining the responsive information is substantially the same for Plaintiff as it is for TBS.

7.      TBS objects to the extent the Interrogatories are unreasonably duplicative in nature, and/or designed to harass and increase costs, rather than reflect a good faith effort at seeking relevant evidence.

8.      TBS objects to the extent the Interrogatories call for the disclosure of documents or information subject to the attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or common interest privilege, or any other

3

1  applicable privileges.  Such information or documents shall not be provided in

2  response to these interrogatories, and any inadvertent disclosure or production thereof

3  shall not be deemed a waiver of any privilege or protection with respect to such

4  information or documents.

5       9.     TBS objects to the extent the Interrogatories seek documents or

6  information which are subject to certain confidentiality provisions between TBS

7  and/or its affiliated companies and/or others and which may not be disclosed absent

8  the consent of the parties to such contracts.

9       10.    TBS objects to the extent the Interrogatories seek documents or

10  information from sources that are not reasonably accessible because of undue burden

11  and cost.

12       11.    TBS objects to the definition of "YOU" and "YOUR" as vague,

13  ambiguous, overbroad, unduly burdensome, not relevant, and not likely to lead to the

14  discovery of admissible evidence, to the extent they purport to require TBS to respond

15  on behalf of persons or entities other than TBS.  For purposes of its responses herein,

16  TBS will interpret "YOU" and "YOUR" to refer to Turner Broadcasting System, Inc.

17  and its directors, officers, and employees only.

18                    **RESPONSES TO INTERROGATORIES**

19  **INTERROGATORY NO. 1:**

20       Please IDENTIFY YOUR annual gross revenues in 2015.

21  **RESPONSE TO INTERROGATORY NO. 1:**

22       TBS incorporates by reference each of the foregoing General Objections as if

23  fully set forth herein.  TBS further objects to the definition of "YOUR" as overbroad

24  and vague and ambiguous.  TBS will interpret "YOUR" to refer to Turner

25  Broadcasting System, Inc. and its directors, officers, and employees only.  TBS

26  further objects to the undefined term "annual gross revenues" as vague and

27  ambiguous in that it fails to specifically identify what revenue information it seeks

28  from TBS.  TBS further objects to this Interrogatory as TBS's annual gross revenues

**TBS'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

15cv01637-JLS-DHB

are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes.  TBS further objects to this Interrogatory as harassing as TBS is a global media company that creates and programs branded news; entertainment; kids and young adult; and sports media environments on television and other platforms for consumers around the world, unrelated to the TBS television network and/or the "Conan" show.  TBS further objects to this Interrogatory as overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defense and is not proportional to the needs of the case, especially to the extent the Interrogatory seeks revenue information not attributable to any alleged infringement.  TBS further objects to this Interrogatory to the extent it seeks publicly accessible revenue information equally available to Plaintiff.  TBS further objects to this Interrogatory to the extent it seeks information which is subject to certain confidentiality provisions between TBS and/or its affiliated companies and/or others and which may not be disclosed absent the consent of the parties to such contracts.

**INTERROGATORY NO. 2:**

Please IDENTIFY ALL WITNESSES and PERSONS who calculate and/or determine YOUR annual gross revenues in 2015.

**RESPONSE TO INTERROGATORY NO. 2:**

TBS incorporates by reference each of the foregoing General Objections as if fully set forth herein.  TBS objects to the definition of "YOUR" as overbroad and vague and ambiguous.  TBS will interpret "YOUR" to refer to Turner Broadcasting System, Inc. and its directors, officers, and employees only.  TBS further objects to the undefined term "annual gross revenues" as vague and ambiguous in that it fails to specifically identify the revenue information to which this Interrogatory relates.  TBS further objects to this Interrogatory as TBS's annual gross revenues, and the identification of those individuals that calculate and/or determine TBS's annual gross revenues, are irrelevant to Plaintiff's claim for alleged damages as to four one-liner

Glaser Weil

1 jokes.  TBS further objects to this Interrogatory as harassing as TBS is a global media

2 company that creates and programs branded news; entertainment; kids and young

3 adult; and sports media environments on television and other platforms for consumers

4 around the world, unrelated to the TBS television network and/or the "Conan" show.

5 TBS further objects to this Interrogatory as overbroad, unduly burdensome, and

6 harassing to the extent the proposed discovery seeks financial information which is

7 not relevant to any party's claim or defense and is not proportional to the needs of the

8 case, especially to the extent the Interrogatory relates to revenue information not

9 attributable to any alleged infringement.  TBS further objects to this Interrogatory to

10 the extent that it seeks information about the identities of individual non-parties, the

11 disclosure of which may lead to the invasion of privacy, harassment, or unnecessary

12 involvement of individuals who are non-parties.  TBS further objects to this

13 Interrogatory to the extent it seeks information which is subject to certain

14 confidentiality provisions between TBS and/or its affiliated companies and/or others

15 and which may not be disclosed absent the consent of the parties to such contracts.

16 **INTERROGATORY NO. 3:**

17     Please IDENTIFY ALL DOCUMENTS that RELATE TO YOUR annual gross

18 revenues in 2015.

19 **RESPONSE TO INTERROGATORY NO. 3:**

20     TBS incorporates by reference each of the foregoing General Objections as if

21 fully set forth herein.  TBS objects to the definition of "YOUR" as overbroad and

22 vague and ambiguous.  TBS will interpret "YOUR" to refer to Turner Broadcasting

23 System, Inc. and its directors, officers, and employees only.  TBS objects to the

24 undefined term "annual gross revenues" as vague and ambiguous in that it fails to

25 specifically identify the revenue information to which this Interrogatory relates.  TBS

26 further objects to this Interrogatory as TBS's annual gross revenues, and the

27 identification of documents relating to such, are irrelevant to Plaintiff's claim for

28 alleged damages as to four one-liner jokes.  TBS further objects to this Interrogatory

1    as harassing as TBS is a global media company that creates and programs branded

2    news; entertainment; kids and young adult; and sports media environments on

3    television and other platforms for consumers around the world, unrelated to the TBS

4    television network and/or the "Conan" show.  TBS further objects to this

5    Interrogatory as overbroad, unduly burdensome, and harassing to the extent the

6    Interrogatory seeks the identification of documents containing financial information

7    which is not relevant to any party's claim or defense and is not proportional to the

8    needs of the case, especially to the extent the Interrogatory relates to revenue

9    information not attributable to any alleged infringement.  TBS objects to this

10   Interrogatory to the extent it seeks the identification of "all documents" and not

11   information proportional to the needs of this case.  TBS further objects to this

12   Interrogatory to the extent that it seeks the identification of confidential information

13   prior to the entry of a suitable protective order in this case.  TBS further objects to this

14   Interrogatory to the extent it seeks the identification of documents which are subject

15   to certain confidentiality provisions between TBS and/or its affiliated companies

16   and/or others and which may not be disclosed absent the consent of the parties to such

17   contracts.  TBS further objects to this Interrogatory to the extent it calls for the

18   identification of documents or information subject to the attorney-client privilege, the

19   attorney work-product doctrine, the joint-defense and/or common interest privilege,

20   or any other applicable privileges.  TBS further objects to this Interrogatory to the

21   extent it purports to require the identification of documents from sources that are not

22   reasonably accessible because of undue burden and cost.

23

24

25

26

27

28

**Glaser Weil**

DATED:  April 18, 2016

GLASER WEIL FINK HOWARD
AVCHEN & SHAPIRO LLP


By: */s/ Erica J. Van Loon*
PATRICIA L. GLASER
ERICA J. VAN LOON
BRITTANY ELIAS
*Attorneys for Defendants*

**TBS'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

15cv01637-JLS-DHB

1169975

**Glaser Weil**

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, 19th Floor, Los Angeles, California 90067.

On April 18, 2016, I served the foregoing document(s) described as: **TURNER BROADCASTING SYSTEM, INC.'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)** on the interested parties to this action at the following address(es):

SEE ATTACHED LIST

☐ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☒ **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☐ **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows: I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☐ **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

☐ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on April 18, 2016, at Los Angeles, California.

/s/ Nicholas E. Huskins
Nicholas E. Huskins

1
**PROOF OF SERVICE**

15cv01637-JLS-DHB

1

## <u>SERVICE LIST</u>

2

Jayson M. Lorenzo
2794 Gateway Road, Suite 116
Carlsbad, CA 92009
(Tel)  760-517-6646
(Fax) 760-520-7900
Jmlorenzo.esq@gmail.com
Attorney for Plaintiff
Robert Alexander Kaseberg

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Glaser Weil**

**PROOF OF SERVICE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT S

1  PATRICIA L. GLASER – State Bar No. 55668
   pglaser@glaserweil.com
2  ERICA J. VAN LOON - State Bar No. 227712
   evanloon@glaserweil.com
3  BRITTANY ELIAS - State Bar No. 305922
   belias@glaserweil.com
4  GLASER WEIL FINK HOWARD
     AVCHEN & SHAPIRO LLP
5  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
6  Telephone:  (310) 553-3000
   Facsimile:   (310) 556-2920
7  *Attorneys for Defendants*

8                    UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10

11  ROBERT ALEXANDER KASEBERG,        CASE NO.: 15-CV-01637-JLS-DHB

12              Plaintiff,            Hon. Janis L. Sammartino

13  v.
                                      **TIME WARNER INC.'S**
14                                    **OBJECTIONS AND RESPONSE**
                                      **TO PLAINTIFF'S**
15  CONACO, LLC, TURNER               **INTERROGATORIES (SET ONE)**
    BROADCASTING SYSTEM, TIME
16  WARNER, INC., CONAN O'BRIEN,
    JEFF ROSS, MIKE SWEENEY; DOES
17  1-50, inclusive,

18              Defendants.

19

20  PROPOUNDING PARTY:      ROBERT ALEXANDER KASEBERG

21  RESPONDING PARTY:       TIME WARNER INC.

22  SET NO.:                ONE

23

24        Pursuant to Fed. R. Civ. P. 26 and 33, Defendant Time Warner Inc. ("Time

25  Warner") hereby answers, objects, or otherwise responds to Plaintiff Robert

26  Alexander Kaseberg's ("Plaintiff" or "Kaseberg") First Set of Interrogatories.  Time

27  Warner expressly reserves the right to supplement, amend, or correct these responses.

28

---
                                      1

**PRELIMINARY STATEMENT**

These responses are made solely for the purpose of this action.  Each answer is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds which would require the exclusion of any statement herein if the Interrogatories were asked of, or any statements contained herein were made by, a witness present and testifying in Court, all of which objections and grounds are reserved and may be interposed at the time of trial.

Time Warner has not completed its investigation of the facts relating to this case and has not completed its preparation for trial.  The following responses are based upon information presently available to Time Warner and are made without prejudice to Time Warner of the right to utilize subsequently discovered facts.

Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby.  The fact that Time Warner has answered any interrogatories should not be taken as an admission that Time Warner accepts or admits the existence of any facts set forth or assumed by such interrogatory, or that such response constitutes admissible evidence.  The fact that Time Warner has answered part or all of any interrogatory is not intended and shall not be construed to be a waiver by Time Warner of all or any part of any objection to any interrogatory.

The Preliminary Statement is incorporated into each of the responses set forth below.

**GENERAL OBJECTIONS**

Time Warner generally objects to these Interrogatories on each and every one of the following grounds, which are incorporated into and made a part of Time Warner's response to each and every Interrogatory:

1.      Time Warner objects to the extent the Interrogatories seek to impose obligations upon Time Warner not required by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of

15cv01637-JLS-DHB

1169958

California ("Local Rules"), or the Orders of this Court.  Time Warner's responses shall be controlled by and comply with the requirements of the Federal Rules, the Local Rules, and the Orders of this Court.

2.      Time Warner objects to extent the Interrogatories seek information not relevant to any claim or defense of a party, and expressly reserves all rights to withhold information or documents on that basis alone or in conjunction with other bases set forth herein.

3.      Time Warner objects to the extent the Interrogatories are vague, ambiguous, and incomprehensible.  As drafted, the Interrogatories could require responses and/or the production of documents that have no relationship to the facts and issues in dispute and which are not reasonably calculated to lead to the discovery of admissible evidence.

4.      Time Warner objects to the Interrogatories and their accompanying "Definitions" and "Instructions" as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and information or documents that are neither relevant nor proportional to the needs of the case.

5.      Time Warner objects to the extent the Interrogatories call for information which is confidential and proprietary, including trade secrets and sensitive financial information, prior to the entry of a protective order in this action.

6.      Time Warner objects to the extent the Interrogatories seek information which is publicly available and/or equally available to Plaintiff and the burden of obtaining the responsive information is substantially the same for Plaintiff as it is for Time Warner.

7.      Time Warner objects to the extent the Interrogatories are unreasonably duplicative in nature, and/or designed to harass and increase costs, rather than reflect a good faith effort at seeking relevant evidence.

8.      Time Warner objects to the extent the Interrogatories call for the

**TIME WARNER'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

15cv01637-JLS-DHB

disclosure of documents or information subject to the attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or common interest privilege, or any other applicable privileges.  Such information or documents shall not be provided in response to these interrogatories, and any inadvertent disclosure or production thereof shall not be deemed a waiver of any privilege or protection with respect to such information or documents.

9.     Time Warner objects to the extent the Interrogatories seek documents or information which are subject to certain confidentiality provisions between Time Warner and/or its affiliated companies and/or others and which may not be disclosed absent the consent of the parties to such contracts.

10.    Time Warner objects to the extent the Interrogatories seek documents or information from sources that are not reasonably accessible because of undue burden and cost.

11.    Time Warner objects to the definition of "YOU" and "YOUR" as vague, ambiguous, overbroad, unduly burdensome, not relevant, and not likely to lead to the discovery of admissible evidence, to the extent they purport to require Time Warner to respond on behalf of persons or entities other than Time Warner.  For purposes of its responses herein, Time Warner will interpret "YOU" and "YOUR" to refer to Time Warner Inc., and its directors, officers, and employees only.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Please IDENTIFY YOUR annual gross revenues in 2015.

### RESPONSE TO INTERROGATORY NO. 1:

Time Warner incorporates by reference each of the foregoing General Objections as if fully set forth herein.  Time Warner objects to the definition of "YOUR" as overbroad and vague and ambiguous.  Time Warner will interpret "YOUR" to refer to Time Warner Inc., and its directors, officers, and employees only. Time Warner further objects to the undefined term "annual gross revenues" as vague

**Glaser Weil**

and ambiguous in that it fails to specifically identify what revenue information it seeks from Time Warner.  Time Warner further objects to this Interrogatory as Time Warner's annual gross revenues are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes.  Time Warner further objects to this Interrogatory as harassing as Time Warner is an indirect holding company for Turner Broadcasting System, Inc., as well as numerous other companies, and is an improperly named defendant in this suit.  Time Warner further objects to this Interrogatory as overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defense and is not proportional to the needs of the case, especially to the extent the Interrogatory seeks revenue information not attributable to any alleged infringement.  Time Warner further objects to this Interrogatory to the extent it seeks publicly accessible revenue information equally available to Plaintiff.  Time Warner further objects to this Interrogatory to the extent it seeks information which is subject to certain confidentiality provisions between Time Warner and/or its affiliated companies and/or others and which may not be disclosed absent the consent of the parties to such contracts.

**INTERROGATORY NO. 2:**

Please IDENTIFY ALL WITNESSES and PERSONS who calculate and/or determine YOUR annual gross revenues in 2015.

**RESPONSE TO INTERROGATORY NO. 2:**

Time Warner incorporates by reference each of the foregoing General Objections as if fully set forth herein.  Time Warner objects to the definition of "YOUR" as overbroad and vague and ambiguous.  Time Warner will interpret "YOUR" to refer to Time Warner Inc., and its directors, officers, and employees only. Time Warner further objects to the undefined term "annual gross revenues" as vague and ambiguous in that it fails to specifically identify the revenue information to which this Interrogatory relates.  Time Warner further objects to this Interrogatory as Time

Glaser Weil

Warner's annual gross revenues, and the identification of those individuals that calculate and/or determine Time Warner's annual gross revenues, are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes.  Time Warner further objects to this Interrogatory as harassing as Time Warner is an indirect holding company for Turner Broadcasting System, Inc., as well as numerous other companies, and is an improperly named defendant in this suit.  Time Warner further objects to this Interrogatory as overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defense and is not proportional to the needs of the case, especially to the extent the Interrogatory relates to revenue information not attributable to any alleged infringement.  Time Warner further objects to this Interrogatory to the extent that it seeks information about the identities of individual non-parties, the disclosure of which may lead to the invasion of privacy, harassment, or unnecessary involvement of individuals who are non-parties.  Time Warner further objects to this Interrogatory to the extent it seeks information which is subject to certain confidentiality provisions between Time Warner and/or its affiliated companies and/or others and which may not be disclosed absent the consent of the parties to such contracts.

**INTERROGATORY NO. 3:**

Please IDENTIFY ALL DOCUMENTS that RELATE TO YOUR annual gross revenues in 2015.

**RESPONSE TO INTERROGATORY NO. 3:**

Time Warner incorporates by reference each of the foregoing General Objections as if fully set forth herein.  Time Warner objects to the definition of "YOUR" as overbroad and vague and ambiguous.  Time Warner will interpret "YOUR" to refer to Time Warner Inc., and its directors, officers, and employees only. Time Warner further objects to the undefined term "annual gross revenues" as vague and ambiguous in that it fails to specifically identify the revenue information to which this Interrogatory relates.  Time Warner further objects to this Interrogatory as Time

**TIME WARNER'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

15cv01637-JLS-DHB

Warner's annual gross revenues, and the identification of documents relating to such, are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes.  Time Warner further objects to this request as harassing as Time Warner is an indirect holding company for Turner Broadcasting System, Inc., as well as numerous other companies, and is an improperly named defendant in this suit.  Time Warner further objects to this Interrogatory as overbroad, unduly burdensome, and harassing to the extent the Interrogatory seeks the identification of documents containing financial information which is not relevant to any party's claim or defense and is not proportional to the needs of the case, especially to the extent the Interrogatory relates to revenue information not attributable to any alleged infringement.  Time Warner objects to this Interrogatory to the extent it seeks the identification of "all documents" and not information proportional to the needs of this case.  Time Warner further objects to this Interrogatory to the extent that it seeks the identification of confidential information prior to the entry of a suitable protective order in this case.  Time Warner further objects to this Interrogatory to the extent it seeks the identification of documents which are subject to certain confidentiality provisions between Time Warner and/or its affiliated companies and/or others and which may not be disclosed absent the consent of the parties to such contracts.  Time Warner further objects to this Interrogatory to the extent it calls for the identification of documents or information subject to the attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or common interest privilege, or any other applicable privileges.  Time Warner further objects to this Interrogatory to the extent it purports to require the identification of documents from sources that are not reasonably accessible because of undue burden and cost.

1

2

DATED: April 18, 2016

GLASER WEIL FINK HOWARD
AVCHEN & SHAPIRO LLP

3

4

By: */s/ Erica J. Van Loon*
PATRICIA L. GLASER
ERICA J. VAN LOON
BRITTANY ELIAS
*Attorneys for Defendants*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Glaser Weil

8

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, 19th Floor, Los Angeles, California 90067.

On April 18, 2016, I served the foregoing document(s) described as: **TIME WARNER INC.'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)** on the interested parties to this action at the following address(es):

SEE ATTACHED LIST

☐   **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐   **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☒   **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☐   **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows:  I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☐   **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

☐   **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☐   (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒   (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury that the above is true and correct.

Executed on April 18, 2016, at Los Angeles, California.

/s/ Nicholas E. Huskins
Nicholas E. Huskins

15cv01637-JLS-DHB

1169958

1

## **SERVICE LIST**

2

Jayson M. Lorenzo
3    2794 Gateway Road, Suite 116
Carlsbad, CA 92009
4    (Tel)  760-517-6646
(Fax) 760-520-7900
5    Jmlorenzo.esq@gmail.com
Attorney for Plaintiff
Robert Alexander Kaseberg

6

7

8

9

10

11

Glaser Weil

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2
**PROOF OF SERVICE**

1169958

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT T

DECLARATION OF JAYSON M. LORENZO

1  PATRICIA L. GLASER – State Bar No. 55668
   pglaser@glaserweil.com
2  ERICA J. VAN LOON - State Bar No. 227712
   evanloon@glaserweil.com
3  BRITTANY ELIAS - State Bar No. 305922
   belias@glaserweil.com
4  GLASER WEIL FINK HOWARD
     AVCHEN & SHAPIRO LLP
5  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
6  Telephone:  (310) 553-3000
   Facsimile:   (310) 556-2920
7  *Attorneys for Defendant CONACO, LLC*

8                UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  ROBERT ALEXANDER KASEBERG, | CASE NO.: 15-CV-01637-JLS-DHB |
| 12      Plaintiff, | Hon. Janis L. Sammartino |
| 13  v. | **CONACO, LLC'S OBJECTIONS** |
| 14 | **AND RESPONSE TO** |
| 15  CONACO, LLC, TURNER | **PLAINTIFF'S REQUEST FOR** |
|    BROADCASTING SYSTEM, TIME | **PRODUCTION OF DOCUMENTS** |
| 16  WARNER, INC., CONAN O'BRIEN, | **AND THINGS (SET ONE)** |
|    JEFF ROSS, MIKE SWEENEY; DOES | |
| 17  1-50, inclusive, | |
| 18      Defendants. | |

19

20  PROPOUNDING PARTY:    ROBERT ALEXANDER KASEBERG

21  RESPONDING PARTY:    CONACO, LLC

22  SET NO.:                           ONE

23

24        Pursuant to Fed. R. Civ. P. 26 and 34, Conaco, LLC ("Conaco") hereby

25  provides its objections and responses to Plaintiff, Robert Alexander Kaseberg's

26  ("Plaintiff" or "Kaseberg") Request for Production of Documents and Things (Set

27  One) as follows:

28

**PRELIMINARY STATEMENT**

In responding to the document requests, Conaco will endeavor to produce those responsive documents presently known by or available to Conaco which are not privileged or otherwise protected from disclosure.  However, the discovery, investigation and preparation for trial of Conaco with respect to this action have not been completed as of the date of these responses.  Conaco anticipates that ongoing discovery and investigation may uncover documents not presently known but upon which they necessarily will rely in this action.  Consequently, the responses contained herein are not intended to and shall not preclude Conaco from relying upon documents uncovered during ongoing discovery and investigation related to this action, whether or not identified or produced herein.  As discovery is ongoing and continuing with respect to each of the categories of documents sought by the document requests, Conaco reserves the right to supplement and/or amend these responses to the document requests at any time up to and including the trial of this action.

**GENERAL OBJECTIONS**

Conaco's responses are subject to the following General Objections, which are incorporated into each and every response as though fully set forth herein:

1.      Conaco objects to these Requests to the extent that they call for the production of documents protected by the attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or common interest privilege, the right of privacy, or any other applicable privileges.  Any inadvertent production of such information shall not be deemed to waive any privilege with respect to such information or any work product doctrine which may attach thereto.

2.      Conaco objects to these Requests to the extent they seek to impose obligations upon Conaco not required by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of California ("Local Rules"), or the Orders of this Court.  Conaco's responses shall be controlled

Glaser Weil

and comply with the Federal Rules of Civil Procedure, the Local Rules, and the Orders of the Court, and not necessarily by Plaintiff's instructions or definitions.

3.      Conaco objects to these Requests and their accompanying Definitions and Instructions as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and seek documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4.      Conaco objects to these Requests on the grounds that the burden and expense of responding outweighs the likelihood that the information sought may lead to the discovery of admissible evidence and the collection of this information is unreasonably or unduly burdensome, given the needs of the case, the parties' resources, the importance of the discovery in resolving the issues and the availability of alternative, less burdensome or expensive means of obtaining the same or similar information.

5.      Conaco objects to these Requests to the extent they seek production of documents not relevant to any party's claims or defenses or proportional to the needs of the case, and expressly reserves all rights to withhold documents on that basis alone or in conjunction with other bases set forth herein.

6.      Conaco objects to these Requests to the extent they call for the production of documents and information not kept by Conaco in the ordinary course of business.

7.      Conaco objects to these Requests to the extent they seek documents in the possession or control of individuals or entities other than Conaco.

8.      Conaco objects to these Requests to the extent they are unreasonably duplicative in nature, and designed to harass and increase costs, rather than reflect a good faith effort at seeking relevant evidence.

9.      Conaco objects to these Requests to the extent that they call for information which is confidential, commercially sensitive, or which constitute

CONACO, LLC'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S RFP (SET ONE)

15cv01637-JLS-DHB

1173954

financial or proprietary information or trade secrets or which are otherwise protected from disclosure by law or contract.  To the extent Conaco agrees to produce confidential information, it will do so only pursuant to the entry of a suitable protective order in this action.

10.   Conaco objects to these Requests to the extent it calls for production of documents that are not relevant to the subject matter involved in the pending action.

11.   Conaco objects to these Requests to the extent that they call for Conaco to create compilations of material or calls for matters to be produced in a form or manner other than that kept by Conaco in the usual course of business.

12.   Conaco objects to these Requests to the extent they seek documents or information which are subject to certain confidentiality provisions between Conaco and/or its affiliated companies and/or others and which may not be disclosed absent the consent of the parties to such contracts.

13.   Conaco objects to these Requests to the extent that they prematurely call for the production of documents and things ahead of the schedules established by the Federal Rules of Civil Procedure, the Local Rules, and the Orders of the Court.

14.   Conaco objects to Plaintiff's definition of "YOU" and "YOUR" as vague, ambiguous, overbroad, unduly burdensome, not relevant, not likely to lead to the discovery of admissible evidence, and disproportionate to the needs of this case, to the extent it purports to require Conaco to respond on behalf of persons or entities other than Conaco.  For purposes of its responses herein, Conaco will interpret "YOU" and "YOUR" to refer solely to Conaco, LLC and those documents or information in its possession, custody, or control.

15.   Each and every general objection above is incorporated into each response below.

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS
## REQUEST FOR PRODUCTION NO. 1:

ANY and ALL DOCUMENTS, tangible things and other items that support,

4

Glaser Weil

refute or in ANY way RELATE TO YOUR DENIAL of the allegations in the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Conaco incorporates by reference each of the foregoing General Objections. Conaco objects to this Request to the extent it seeks information protected under the attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or common interest privilege, or any other applicable privileges. Conaco further objects to the definition of "YOUR" as overbroad and vague and ambiguous. Conaco will interpret "YOUR" to refer to Conaco, LLC and its directors, officers, and employees only. Conaco further objects to this Request as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks information not relevant to any party's claims or defenses or proportional to the needs of this case. Conaco further objects to this Request as overly broad and unduly burdensome to the extent it seeks "any and all documents" relating to Conaco's denial of the allegations in the Complaint, including those documents that are duplicative or redundant and/or documents that are not relevant to any party's claim or defense and not proportional to the needs of the case. Conaco further objects to this Request to the extent it seeks documents that are either publicly available or equally available to Plaintiff, and the burden of obtaining the responsive information is substantially the same for Plaintiff as it is for Conaco. Conaco further objects to this Request to the extent it seeks documents previously produced to Plaintiff and/or already within his possession, custody, or control.

Subject to and without waiving the foregoing general and specific objections, and subject to Conaco's understanding of this Request, Conaco responds as follows: Conaco is conducting a reasonable search and will produce relevant and non-privileged documents within its possession responsive to this Request within thirty (30) days after the entry of a protective order in this action, to the extent such documents may exist and have not already been produced. Conaco is not withholding

5

Glaser Weil

1   any non-privileged documents from production on the basis of these objections.

2   **REQUEST FOR PRODUCTION NO. 2:**

3        ANY and ALL DOCUMENTS that support, refute or RELATE TO ANY and

4   ALL affirmative defenses in your Answer.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

6        Conaco incorporates by reference each of the foregoing General Objections.

7   Conaco objects to this Request to the extent it seeks information protected under the

8   attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or

9   common interest privilege, or any other applicable privileges.  Conaco further objects

10  to the definition of "YOUR" as overbroad and vague and ambiguous.  Conaco will

11  interpret "YOUR" to refer to Conaco, LLC and its directors, officers, and employees

12  only.  Conaco further objects to this Request as vague, ambiguous, overbroad, and

13  unduly burdensome to the extent it seeks information not relevant to any party's

14  claims or defenses or proportional to the needs of this case.  Conaco further objects to

15  this Request as overly broad and unduly burdensome to the extent it seeks "any and

16  all documents" relating to Conaco's affirmative defenses, including those documents

17  that are duplicative or redundant and/or documents that are not relevant to any party's

18  claim or defense and not proportional to the needs of the case.  Conaco further objects

19  to this Request to the extent it seeks documents that are either publicly available or

20  equally available to Plaintiff, and the burden of obtaining the responsive information

21  is substantially the same for Plaintiff as it is for Conaco.  Conaco further objects to

22  this Request to the extent it seeks documents previously produced to Plaintiff and/or

23  already within his possession, custody, or control.

24       Subject to and without waiving the foregoing general and specific objections,

25  and subject to Conaco's understanding of this Request, Conaco responds as follows:

26  Conaco is conducting a reasonable search and will produce relevant and non-

27  privileged documents within its possession responsive to this Request within thirty

28  (30) days after the entry of a protective order in this action, to the extent such

Glaser Weil

1  documents may exist and have not already been produced.  Conaco is not withholding

2  any non-privileged documents from production on the basis of these objections.

3  **REQUEST FOR PRODUCTION NO. 3:**

4      ANY and ALL DOCUMENTS, tangible things and other items that RELATE

5  TO YOUR annual gross revenues in 2015.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

7      Conaco incorporates by reference each of the foregoing General Objections.

8  Conaco objects to this Request to the extent it seeks information protected under the

9  attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or

10  common interest privilege, or any other applicable privileges.  Conaco further objects

11  to the definition of "YOUR" as overbroad and vague and ambiguous.  Conaco will

12  interpret "YOUR" to refer to Conaco, LLC and its directors, officers, and employees

13  only.  Conaco further objects to the undefined term "annual gross revenues" as vague

14  and ambiguous in that it fails to specifically identify the revenue information to which

15  this Request relates.  Conaco further objects to this Request as Conaco's annual gross

16  revenues are irrelevant to Plaintiff's claim for alleged damages as to four one-liner

17  jokes.  Conaco further objects to this Request as overbroad, unduly burdensome, and

18  harassing to the extent the proposed discovery seeks financial information which is

19  not relevant to any party's claim or defense and is not proportional to the needs of the

20  case, especially to the extent the Request seeks revenue information not attributable to

21  any alleged infringement.  Conaco further objects to this Request as overly broad and

22  unduly burdensome to the extent it seeks "any and all documents" relating to

23  Conaco's annual gross revenues in 2015, including those documents that are

24  duplicative or redundant and/or documents that are not relevant to any party's claim

25  or defense and not proportional to the needs of the case.  Conaco further objects to

26  this Request to the extent it seeks confidential information prior to the entry of a

27  suitable protective order in this case.  Conaco further objects to this Request to the

28  extent it seeks documents or information which are subject to certain confidentiality

CONACO, LLC'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S RFP (SET ONE)

15cv01637-JLS-DHB

1173954

1  provisions between Conaco and/or its affiliated companies and/or others and which

2  may not be disclosed absent the consent of the parties to such contracts.  Conaco

3  further objects to this Request to the extent it seeks documents or information from

4  sources that are not reasonably accessible because of undue burden and cost.

5       Subject to and without waiving the foregoing general and specific objections,

6  and subject to Conaco's understanding of this Request, Conaco responds as follows:

7  Conaco intends to withhold documents based on its objections, including specifically

8  withholding those documents not relevant to any claims or defenses in this litigation.

9  **REQUEST FOR PRODUCTION NO. 4:**

10      ANY and ALL DOCUMENTS, tangible things and other items that RELATE

11  TO YOUR annual net profits in 2015.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

13      Conaco incorporates by reference each of the foregoing General Objections.

14  Conaco objects to this Request to the extent it seeks information protected under the

15  attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or

16  common interest privilege, or any other applicable privileges.  Conaco further objects

17  to the definition of "YOUR" as overbroad and vague and ambiguous.  Conaco will

18  interpret "YOUR" to refer to Conaco, LLC and its directors, officers, and employees

19  only.  Conaco further objects to the undefined term "annual net profits" as vague and

20  ambiguous in that it fails to specifically identify the profit information to which this

21  Request relates.  Conaco further objects to this Request as Conaco's annual net profits

22  are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes.

23  Conaco further objects to this Request as overbroad, unduly burdensome, and

24  harassing to the extent the proposed discovery seeks financial information which is

25  not relevant to any party's claim or defense and is not proportional to the needs of the

26  case, especially to the extent the Request seeks profit information not attributable to

27  any alleged infringement.  Conaco further objects to this Request as overly broad and

28  unduly burdensome to the extent it seeks "any and all documents" relating to

8

Glaser Weil

Conaco's annual net profits in 2015, including those documents that are duplicative or redundant and/or documents that are not relevant to any party's claim or defense and not proportional to the needs of the case. Conaco further objects to this Request to the extent it seeks confidential information prior to the entry of a suitable protective order in this case. Conaco further objects to this Request to the extent it seeks documents or information which are subject to certain confidentiality provisions between Conaco and/or its affiliated companies and/or others and which may not be disclosed absent the consent of the parties to such contracts. Conaco further objects to this Request to the extent it seeks documents or information from sources that are not reasonably accessible because of undue burden and cost.

Subject to and without waiving the foregoing general and specific objections, and subject to Conaco's understanding of this Request, Conaco responds as follows: Conaco intends to withhold documents based on its objections, including specifically withholding those documents not relevant to any claims or defenses in this litigation.

**REQUEST FOR PRODUCTION NO. 5:**

ANY and ALL DOCUMENTS, tangible things and other items that RELATE TO amount paid to each writer — whether staff, contract, or writers for the "CONAN" show in 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Conaco incorporates by reference each of the foregoing General Objections. Conaco objects to this Request to the extent it seeks personal financial information subject to the attorney-client privilege, the attorney work-product doctrine, the right of privacy, or any other applicable privileges. Conaco further objects to this Request as overbroad, unduly burdensome, and harassing to the extent the Request seeks information which is not relevant to any party's claim or defense and is not proportional to the needs of the case, especially to the extent the Request is not limited in scope to those writers that wrote, created or edited the jokes specifically identified in the Complaint. Conaco further objects that the amounts paid to the

Glaser Weil

9

writers of the "Conan" show in 2015 are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes. Conaco further objects to this Request as overly broad and unduly burdensome to the extent it seeks "any all documents" relating to the amount paid to "Conan" show writers in 2015, including those documents that are duplicative or redundant and/or documents that are not relevant to any party's claim or defense and not proportional to the needs of the case. Conaco further objects to this Request to the extent it seeks confidential information prior to the entry of a suitable protective order in this case.

Subject to and without waiving the foregoing general and specific objections, and subject to Conaco's understanding of this Request, Conaco responds as follows: Conaco intends to withhold documents based on its objections, including specifically withholding those documents not relevant to any claims or defenses in this litigation.

**REQUEST FOR PRODUCTION NO. 6:**

ANY and ALL DOCUMENTS, including any and all emails, involving JOSH COMERS regarding any and all jokes MR. COMERS submitted to you for use on the "CONAN" show monologue in the last three years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Conaco incorporates by reference each of the foregoing General Objections. Conaco objects to this Request to the extent it seeks information protected under the attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or common interest privilege, or any other applicable privileges. Conaco further objects to the definition of "YOU" as overbroad and vague and ambiguous. Conaco will interpret "YOU" to refer to Conaco, LLC and its directors, officers, and employees only. Conaco further objects to this Request as overbroad, unduly burdensome, and harassing to the extent the Request seeks information which is not relevant to any party's claim or defense and is not proportional to the needs of the case, especially to the extent the Request is not limited in scope to those jokes that are specifically identified in the Complaint. Conaco further objects to this Request to the extent it

CONACO, LLC'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S RFP (SET ONE)

15cv01637-JLS-DHB

1173954

**Glaser Weil**

1  calls for the production of information not kept by Conaco in the ordinary course of

2  business.  Conaco further objects to this Request to the extent it seeks confidential

3  information prior to the entry of a suitable protective order in this case.  Conaco

4  further objects to this Request to the extent it seeks documents or information from

5  sources that are not reasonably accessible because of undue burden and cost.

6  　　　　Subject to and without waiving the foregoing general and specific objections,

7  and subject to Conaco's understanding of this Request, Conaco responds as follows:

8  Conaco is conducting a reasonable search and will produce relevant and non-

9  privileged documents within its possession concerning Josh Comers and the jokes at

10  issue within thirty (30) days after the entry of a protective order in this action, to the

11  extent such documents may exist and have not already been produced.  Conaco is not

12  withholding any non-privileged documents from production on the basis of these

13  objections.

14  **REQUEST FOR PRODUCTION NO. 7:**

15  　　　　ANY and ALL DOCUMENTS, including any and all emails, involving

16  BRIAN KILEY (sic) regarding any and all jokes MR. KILEY (sic) submitted to you

17  for use on the "CONAN" show monologue in the last three years.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

19  　　　　Conaco incorporates by reference each of the foregoing General Objections.

20  Conaco objects to this Request to the extent it seeks information protected under the

21  attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or

22  common interest privilege, or any other applicable privileges.  Conaco further objects

23  to the definition of "YOU" as overbroad and vague and ambiguous.  Conaco will

24  interpret "YOU" to refer to Conaco, LLC and its directors, officers, and employees

25  only.  Conaco further objects to this Request as overbroad, unduly burdensome, and

26  harassing to the extent the Request seeks information which is not relevant to any

27  party's claim or defense and is not proportional to the needs of the case, especially to

28  the extent the Request is not limited in scope to those jokes that are specifically

**Glaser Weil**

identified in the Complaint.  Conaco further objects to this Request to the extent it calls for the production of information not kept by Conaco in the ordinary course of business.  Conaco further objects to this Request to the extent it seeks confidential information prior to the entry of a suitable protective order in this case.  Conaco further objects to this Request to the extent it seeks documents or information from sources that are not reasonably accessible because of undue burden and cost.

Subject to and without waiving the foregoing general and specific objections, and subject to Conaco's understanding of this Request, Conaco responds as follows: Conaco is conducting a reasonable search and will produce relevant and non-privileged documents within its possession concerning Brian Kiley and the jokes at issue within thirty (30) days after the entry of a protective order in this action, to the extent such documents may exist and have not already been produced.  Conaco is not withholding any non-privileged documents from production on the basis of these objections.

**REQUEST FOR PRODUCTION NO. 8:**

ANY and ALL DOCUMENTS, including any and all emails, involving ROB KUTNER regarding any and all jokes MR. KUTNER submitted to you for use on the "CONAN" show monologue in the last three years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Conaco incorporates by reference each of the foregoing General Objections. Conaco objects to this Request to the extent it seeks information protected under the attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or common interest privilege, or any other applicable privileges.  Conaco further objects to the definition of "YOU" as overbroad and vague and ambiguous.  Conaco will interpret "YOU" to refer to Conaco, LLC and its directors, officers, and employees only.  Conaco further objects to this Request as overbroad, unduly burdensome, and harassing to the extent the Request seeks information which is not relevant to any party's claim or defense and is not proportional to the needs of the case, especially to

12

15cv01637-JLS-DHB

1173954

1  the extent the Request is not limited in scope to those jokes that are specifically

2  identified in the Complaint.  Conaco further objects to this Request to the extent it

3  calls for the production of information not kept by Conaco in the ordinary course of

4  business.  Conaco further objects to this Request to the extent it seeks confidential

5  information prior to the entry of a suitable protective order in this case.  Conaco

6  further objects to this Request to the extent it seeks documents or information from

7  sources that are not reasonably accessible because of undue burden and cost.

8       Subject to and without waiving the foregoing general and specific objections,

9  and subject to Conaco's understanding of this Request, Conaco responds as follows:

10  Conaco is conducting a reasonable search and will produce relevant and non-

11  privileged documents within its possession concerning Rob Kutner and the jokes at

12  issue within thirty (30) days after the entry of a protective order in this action, to the

13  extent such documents may exist and have not already been produced.  Conaco is not

14  withholding any non-privileged documents from production on the basis of these

15  objections.

16

17   DATED:  April 18, 2016          GLASER WEIL FINK HOWARD
                                        AVCHEN & SHAPIRO LLP
18

19                                  By: /s/ Erica J. Van Loon
20                                     PATRICIA L. GLASER
                                       ERICA J. VAN LOON
21                                     BRITTANY ELIAS
                                       *Attorneys for Defendant CONACO, LLC*
22

23

24

25

26

27

28

CONACO, LLC'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S RFP (SET ONE)

1173954                                                          15cv01637-JLS-DHB

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, 19th Floor, Los Angeles, California 90067.

On April 18, 2016, I served the foregoing document(s) described as: **CONACO, LLC'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS (SET ONE)** on the interested parties to this action at the following address(es):

SEE ATTACHED LIST

☐ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☒ **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☐ **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows:  I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☐ **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

☐ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury that the above is true and correct.

Executed on April 18, 2016, at Los Angeles, California.

/s/ Nicholas E. Huskins
Nicholas E. Huskins

1173954                                                    15cv01637-JLS-DHB

**<u>SERVICE LIST</u>**

Jayson M. Lorenzo
2794 Gateway Road, Suite 116
Carlsbad, CA 92009
(Tel)  760-517-6646
(Fax) 760-520-7900
Jmlorenzo.esq@gmail.com
Attorney for Plaintiff
Robert Alexander Kaseberg

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT U

DECLARATION OF JAYSON M. LORENZO

# JAYSON M. LORENZO

Attorney at Law
2794 Gateway Road, Suite 116
Carlsbad, CA 92009
Telephone (760) 517-6646
Fax (760) 520-7900

May 13, 2016

Nicholas E. Huskins
Glaser Weil Fink Howard Avchen & Shapiro LLP
10250 Constellation Blvd. 19th Floor
Los Angeles, CA 90067

Re:     Kasebert v. Conaco, LLC, et al.

Dear Mr. Huskins:

I am in receipt of your letter dated May 9, 2016, addressing your contended deficiencies in my client's responses to Conaco, LLC's First Set of Interrogatories, Requests for Production of Documents and Things, and Requests for Admission, served April 25, 2016. This letter is to address some of the deficiencies I have found with respect to each of Conaco's, Conan O' Brien's, Jeff Ross', Mike Sweeney's, TBS's, and Time Warner's (collectively "Defendants") responses to Plaintiff's Special Interrogatories, Set One, and Plaintiff's Request for Production of Documents and Things, Set One, received on April 18, 2016.

## 1.  Conaco LLC's  Responses to Plaintiff's Special Interrogatories, Set One

Conaco LLC's Responses to the following Interrogatories propounded in Plaintiff's Special Interrogatories, Set one are deficient, inadequate, and improper. For purposes of the parties' meet and confer, I provide the following summary of certain deficiencies:

### *General Objection No. 4/Objection to definition of "YOUR."*

In serving its Special Interrogatories, Set One, Plaintiff included an "Instructions" and "Definitions" section. In that definition section, Plaintiff defines "YOUR" to include:

"Defendant individually and collectively, and his or her, its or their affiliates and parent company and anyone acting on their, his or her behalf, including, but not limited to, past and present officers, directors, shareholders, agents, employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in their, his or its interest, on their, her or its behalf, or at their, her or its request, and each of them."

However, In General Objection No. 4, Defendant objects to the definitions and instructions "as overly broad and unduly burdensome to the extent that they seek information that exceeds

the permissible scope of discovery and information or documents that are neither relevant nor proportional to the needs of the case." In addition, Defendant objects in almost every response to the definition of "YOUR" and seeks to limit the definition to only "Conaco, LLC, and its directors, officers, and employees only."

This limited definition selected by Defendant does not fully encompass the individuals who may have been involved in the acts as alleged in the complaint. To limit the definition to Defendant's chosen definition is to leave out former employees, independent contractors, and other agents who may have been involved in the alleged infringing acts.

As you are likely aware, the use of reasonable definitions prefacing a series of interrogatories is not prohibited by the FRCP. *See Diversified Products Corp. v. Sports Center Co.,* 42 F.R.D. 3, 10 (M.D. Dc. 1967). With this in mind, Plaintiff asks Defendant to amend its responses to remove General Objection No. 4, and also remove each objection that seeks to limit Plaintiff's defined term, "YOUR," to only Conaco LLC, its directors, officers, and employees.

### *<u>Interrogatory Nos. 1, 2, and 3</u>*

Interrogatory No. 1 asks Defendant to "IDENTIFY YOUR annual gross revenues in 2015." Defendant objects to this interrogatory on the grounds that:

 1) The term "annual gross revenues" is vague and ambiguous in that if fails to specifically identify what revenue information it seeks from Conaco;

 2) Annual gross revenues are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes;

 3) The interrogatory is overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defends and is not proportional to the needs of the case;

 4) The interrogatory seeks confidential information prior to the entry of a suitable protective order; and

 5) The interrogatory seeks information which is subject to certain confidentiality provisions between Conaco and/or its affiliated companies which may not be disclosed absent the consent of the parties to such contracts.

Information with respect to Defendant's annual gross revenues is essential to Plaintiff's claim for copyright infringement because that information relates to damages, an essential element of Plaintiff's claim.  17 USC 504(b) states (b) Actual Damages and Profits.— The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

My client has the burden of showing your client's gross revenue and your client is required to prove deductible expenses.  Thus, financial information is relevant to my client's claim and he is entitled to know what your client's gross revenues are and what your client is

claiming as deductible expenses. Furthermore, the term "annual gross revenues" doesn't need to be defined. It is simple enough for a lay person to understand, as "annual" means yearly and "gross revenues" means income before expenses. There is no ambiguity in the term. Furthermore, the second and third objections based on relevance are unwarranted, as I have already stated that this information is crucial to proving Plaintiff's damages. As to the fourth and fifth objections, ones based on confidentiality, as you know we have already met and conferred regarding a proposed protective order.   Your office has taken the position that financial information should be for attorneys eyes only.  I did not agree based on the 17 USC 504(b). Based on that your office stated it would take it up with the Judge, yet no motion for protective order has been filed.  If we cannot agree on the production of documents and you do not file for a protective order I will simply go ahead and file motion to compel.

    *Interrogatory No. 2* asks Defendants to "identify all witnesses and persons who calculate and/or determine your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory No. 1. Determining the identity of these people is necessary for Plaintiff to prove his damages for Defendant's infringement, as alleged in the Complaint. For the same reasons listed above in Interrogatory No. 1, Plaintiff requests that Defendant provide this information.

    *Interrogatory No. 3* asks Defendants to "Identify all documents that relate to your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory Nos. 2 and 3, with the addition of objections claiming that identifying "all documents" is "not proportional to the needs of the case," and that the documents "are not reasonably accessible because of undue burden and cost." Plaintiff believes that these documents are relevant and inquiry into these documents is reasonably calculated to lead to the discovery of admissible evidence because the documents themselves establish claimed damages. Without these documents, it is impossible for Plaintiff to establish damages for the infringement claim. Furthermore, Plaintiff fails to see what undue burden and cost will be sustained by Defendant by merely "identifying" the documents. This is not a request for production. For these reasons in addition to those listed in Interrogatory No. 1, Defendant should provide this information.

## *Interrogatory No. 5*

    Interrogatory No. 5 asks for the gross revenue or annual salary of each person listed in Interrogatory No. 4. The people listed in Interrogatory No. 4 were those individuals on Defendant's writing staff who wrote, created, and/or edited the jokes at issue.  Defendant objects to this Interrogatory on the following grounds:
    1) It seeks information which is not relevant to any party's claim or defense and is not proportional to the needs of the case;
    2) It seeks the identification of confidential information prior to the entry of a suitable protective order;
    3) Gross revenues or annual salaries of the writing staff or writing interns are irrelevant;
    4) The information is privileged.

    Once again, the information sought is relevant and this interrogatory is reasonably calculated to lead to the discovery of admissible evidence to prove Plaintiff's claimed damages for

infringement. In addition to the annual gross revenues of Conaco as a whole, the individual salaries of those who published the alleged infringing jokes have a direct relationship to Plaintiff's damages. These individuals are undoubtedly paid in part based on the jokes that they submit. If Defendant plans to move for a protective order, it is insufficient to merely object that the interrogatory is seeking identification of confidential information prior to the entry of a suitable protective order unless that party has already moved for a protective order. *See American Rock Salt Co. v. Norfolk Southern Corp.,* 228 F.R.D. 426 (W.D. Ny. 2005).

### 2.   Conan O' Brien's Responses to Plaintiff's Special Interrogatories, Set One

Defendants' Responses to the following Interrogatories propounded in Plaintiff's Special Interrogatories, Set one are deficient, inadequate, and improper. For purposes of the parties' meet and confer, I provide the following summary of certain deficiencies:

### *General Objection No. 4/Objection to definition of "YOUR."*

In serving its Special Interrogatories, Set One, Plaintiff included an "Instructions" and "Definitions" section. In that definition section, Plaintiff defines "YOUR" to include:

"Defendant individually and collectively, and his or her, its or their affiliates and parent company and anyone acting on their, his or her behalf, including, but not limited to, past and present officers, directors, shareholders, agents, employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in their, his or its interest, on their, her or its behalf, or at their, her or its request, and each of them."

However, In General Objection No. 4, Defendant objects to the definitions and instructions "as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and information or documents that are neither relevant nor proportional to the needs of the case." In addition, Defendant objects in almost every response to the definition of "YOUR" and seeks to limit the definition to only "Conaco, LLC, and its directors, officers, and employees only."

This limited definition selected by Defendant does not fully encompass the individuals who may have been involved in the acts as alleged in the complaint. To limit the definition to Defendant's chosen definition is to leave out former employees, independent contractors, and other agents who may have been involved in the alleged infringing acts.

As you are aware, the use of reasonable definitions prefacing a series of interrogatories is not prohibited by the FRCP. *See Diversified Products Corp. v. Sports Center Co.,* 42 F.R.D. 3, 10 (M.D. Dc. 1967). With this in mind, Plaintiff asks Defendant to amend its responses to remove General Objection No. 4, and also remove each objection that seeks to limit Plaintiff's defined term, "YOUR," to only Conaco LLC, its directors, officers, and employees.

### *Interrogatory Nos. 1, 2, and 3*

Interrogatory No. 1 asks Defendant to "IDENTIFY YOUR annual gross revenues in 2015." Defendant objects to this interrogatory on the grounds that:

1) The term "annual gross revenues" is vague and ambiguous in that if fails to specifically identify what revenue information it seeks from Conaco;

2) Annual gross revenues are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes;

3) The interrogatory is overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defends and is not proportional to the needs of the case;

4) The interrogatory seeks confidential information prior to the entry of a suitable protective order; and

5) The interrogatory seeks information which is subject to certain confidentiality provisions between Conaco and/or its affiliated companies which may not be disclosed absent the consent of the parties to such contracts.

Information with respect to Defendant's annual gross revenues is essential to Plaintiff's claim for copyright infringement because that information relates to damages, an essential element of Plaintiff's claim. 17 USC 504(b) states (b) Actual Damages and Profits.— The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

My client has the burden of showing your client's gross revenue and your client is required to prove deductible expenses.  Thus, financial information is relevant to my client's claim and he is entitled to know what your client's gross revenues are and what your client is claiming as deductible expenses. Furthermore, the term "annual gross revenues" doesn't need to be defined. It is simple enough for a lay person to understand, as "annual" means yearly and "gross revenues" means income before expenses. There is no ambiguity in the term. Furthermore, the second and third objections based on relevance are unwarranted, as I have already stated that this information is crucial to proving Plaintiff's damages. As to the fourth and fifth objections, ones based on confidentiality, as you know we have already met and conferred regarding a proposed protective order.  Your office has taken the position that financial information should be for attorneys eyes only.  I did not agree based on the 17 USC 504(b). Based on that your office stated it would take it up with the Judge, yet no motion for protective order has been filed.  If we cannot agree on the production of documents and you do not file for a protective order I will simply go ahead and file motion to compel.

*Interrogatory No. 2* asks Defendants to "identify all witnesses and persons who calculate and/or determine your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory No. 1. Determining the identity of these people is necessary for Plaintiff to prove his damages for Defendant's infringement, as alleged in the Complaint. For the same reasons listed above in Interrogatory No. 1, Plaintiff requests that Defendant provide this information.

*Interrogatory No. 3* asks Defendants to "Identify all documents that relate to your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory Nos. 2 and 3, with the addition of objections claiming that identifying "all documents" is "not proportional to the needs of the case," and that the documents "are not reasonably accessible because of undue burden and cost." Plaintiff believes that these documents are relevant and inquiry into these documents is reasonably calculated to lead to the discovery of admissible evidence because the documents themselves establish claimed damages. Without these documents, it is impossible for Plaintiff to establish damages for the infringement claim. Furthermore, Plaintiff fails to see what undue burden and cost will be sustained by Defendant by merely "identifying" the documents. This is not a request for production. For these reasons in addition to those listed in Interrogatory No. 1, Defendant should provide this information.

### *Interrogatory No. 5*

Interrogatory No. 5 asks for the gross revenue or annual salary of each person listed in Interrogatory No. 4. The people listed in Interrogatory No. 4 were those individuals on Defendant's writing staff who wrote, created, and/or edited the jokes at issue.  Defendant objects to this Interrogatory on the following grounds:

1) It seeks information which is not relevant to any party's claim or defense and is not proportional to the needs of the case;

2) It seeks the identification of confidential information prior to the entry of a suitable protective order;

3) Gross revenues or annual salaries of the writing staff or writing interns are irrelevant;

4) The information is privileged.

Once again, this information is relevant and the interrogatory is reasonably calculated to lead to the discovery of admissible evidence to prove Plaintiff's claimed damages for infringement. In addition to the annual gross revenues of Conaco as a whole, the individual salaries of those who published the alleged infringing jokes have a direct relationship to Plaintiff's damages. These individuals are undoubtedly paid in part based on the jokes that they submit. If Defendant plans to move for a protective order, it is insufficient to merely object that the interrogatory is seeking identification of confidential information prior to the entry of a suitable protective order unless that party has already moved for a protective order. *See American Rock Salt Co. v. Norfolk Southern Corp.,* 228 F.R.D. 426 (W.D. Ny. 2005).


### 3.  Jeff Ross'  Responses to Plaintiff's Special Interrogatories, Set One

Jeff Ross' Responses to the following Interrogatories propounded in Plaintiff's Special Interrogatories, Set one are deficient, inadequate, and improper. For purposes of the parties' meet and confer, I provide the following summary of certain deficiencies:

### *General Objection No. 4/Objection to definition of "YOUR."*

In serving its Special Interrogatories, Set One, Plaintiff included an "Instructions" and

"Definitions" section. In that definition section, Plaintiff defines "YOUR" to include:

"Defendant individually and collectively, and his or her, its or their affiliates and parent company and anyone acting on their, his or her behalf, including, but not limited to, past and present officers, directors, shareholders, agents, employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in their, his or its interest, on their, her or its behalf, or at their, her or its request, and each of them."

However, In General Objection No. 4, Defendant objects to the definitions and instructions "as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and information or documents that are neither relevant nor proportional to the needs of the case." In addition, Defendant objects in almost every response to the definition of "YOUR" and seeks to limit the definition to only "Conaco, LLC, and its directors, officers, and employees only."

This limited definition selected by Defendant does not fully encompass the individuals who may have been involved in the acts as alleged in the complaint. To limit the definition to Defendant's chosen definition is to leave out former employees, independent contractors, and other agents who may have been involved in the alleged infringing acts.

As you are aware, the use of reasonable definitions prefacing a series of interrogatories is not prohibited by the FRCP. *See Diversified Products Corp. v. Sports Center Co.,* 42 F.R.D. 3, 10 (M.D. Dc. 1967). With this in mind, Plaintiff asks Defendant to amend its responses to remove General Objection No. 4, and also remove each objection that seeks to limit Plaintiff's defined term, "YOUR," to only Conaco LLC, its directors, officers, and employees.

### *Interrogatory Nos. 1, 2, and 3*

Interrogatory No. 1 asks Defendant to "IDENTIFY YOUR annual gross revenues in 2015." Defendant objects to this interrogatory on the grounds that:
1) The term "annual gross revenues" is vague and ambiguous in that if fails to specifically identify what revenue information it seeks from Conaco;
2) Annual gross revenues are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes;
3) The interrogatory is overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defends and is not proportional to the needs of the case;
4) The interrogatory seeks confidential information prior to the entry of a suitable protective order; and
5) The interrogatory seeks information which is subject to certain confidentiality provisions between Conaco and/or its affiliated companies which may not be disclosed absent the consent of the parties to such contracts.

Information with respect to Defendant's annual gross revenues is essential to Plaintiff's claim for copyright infringement because that information relates to damages, an essential element of Plaintiff's claim. 17 USC 504(b) states (b) Actual Damages and Profits.— The

copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

My client has the burden of showing your client's gross revenue and your client is required to prove deductible expenses.  Thus, financial information is relevant to my client's claim and he is entitled to know what your client's gross revenues are and what your client is claiming as deductible expenses. Furthermore, the term "annual gross revenues" doesn't need to be defined. It is simple enough for a lay person to understand, as "annual" means yearly and "gross revenues" means income before expenses. There is no ambiguity in the term. Furthermore, the second and third objections based on relevance are unwarranted, as I have already stated that this information is crucial to proving Plaintiff's damages. As to the fourth and fifth objections, ones based on confidentiality, as you know we have already met and conferred regarding a proposed protective order.  Your office has taken the position that financial information should be for attorneys eyes only.  I did not agree based on the 17 USC 504(b). Based on that your office stated it would take it up with the Judge, yet no motion for protective order has been filed.  If we cannot agree on the production of documents and you do not file for a protective order I will simply go ahead and file motion to compel.

*Interrogatory No. 2* asks Defendants to "identify all witnesses and persons who calculate and/or determine your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory No. 1. Determining the identity of these people is necessary for Plaintiff to prove his damages for Defendant's infringement, as alleged in the Complaint. For the same reasons listed above in Interrogatory No. 1, Plaintiff requests that Defendant provide this information.

*Interrogatory No. 3* asks Defendants to "Identify all documents that relate to your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory Nos. 2 and 3, with the addition of objections claiming that identifying "all documents" is "not proportional to the needs of the case," and that the documents "are not reasonably accessible because of undue burden and cost." Plaintiff believes that these documents are relevant and inquiry into these documents is reasonably calculated to lead to the discovery of admissible evidence because the documents themselves establish claimed damages. Without these documents, it is impossible for Plaintiff to establish damages for the infringement claim. Furthermore, Plaintiff fails to see what undue burden and cost will be sustained by Defendant by merely "identifying" the documents. This is not a request for production. For these reasons in addition to those listed in Interrogatory No. 1, Defendant should provide this information.

## *Interrogatory No. 5*

Interrogatory No. 5 asks for the gross revenue or annual salary of each person listed in Interrogatory No. 4. The people listed in Interrogatory No. 4 were those individuals on Defendant's writing staff who wrote, created, and/or edited the jokes at issue.  Defendant objects

to this Interrogatory on the following grounds:

      1) It seeks information which is not relevant to any party's claim or defense and is not proportional to the needs of the case;

      2) It seeks the identification of confidential information prior to the entry of a suitable protective order;

      3) Gross revenues or annual salaries of the writing staff or writing interns are irrelevant;

      4) The information is privileged.

Once again, the information sought is relevant and this interrogatory is reasonably calculated to lead to the discovery of admissible evidence to prove Plaintiff's claimed damages for infringement. In addition to the annual gross revenues of Conaco as a whole, the individual salaries of those who published the alleged infringing jokes have a direct relationship to Plaintiff's damages. These individuals are undoubtedly paid in part based on the jokes that they submit. If Defendant plans to move for a protective order, it is insufficient to merely object that the interrogatory is seeking identification of confidential information prior to the entry of a suitable protective order unless that party has already moved for a protective order. *See American Rock Salt Co. v. Norfolk Southern Corp.,* 228 F.R.D. 426 (W.D. Ny. 2005).

### 4.   <u>Mike Sweeney's  Responses to Plaintiff's Special Interrogatories, Set One</u>

Mike Sweeney's Responses to the following Interrogatories propounded in Plaintiff's Special Interrogatories, Set one are deficient, inadequate, and improper. For purposes of the parties' meet and confer, I provide the following summary of certain deficiencies:

### *<u>General Objection No. 4/Objection to definition of "YOUR."</u>*

In serving its Special Interrogatories, Set One, Plaintiff included an "Instructions" and "Definitions" section. In that definition section, Plaintiff defines "YOUR" to include:

 "Defendant individually and collectively, and his or her, its or their affiliates and parent company and anyone acting on their, his or her behalf, including, but not limited to, past and present officers, directors, shareholders, agents, employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in their, his or its interest, on their, her or its behalf, or at their, her or its request, and each of them."

 However, In General Objection No. 4, Defendant objects to the definitions and instructions "as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and information or documents that are neither relevant nor proportional to the needs of the case." In addition, Defendant objects in almost every response to the definition of "YOUR" and seeks to limit the definition to only "Conaco, LLC, and its directors, officers, and employees only."

This limited definition selected by Defendant does not fully encompass the individuals who may have been involved in the acts as alleged in the complaint. To limit the definition to Defendant's chosen definition is to leave out former employees, independent contractors, and other agents who may have been involved in the alleged infringing acts.

As you are aware, the use of reasonable definitions prefacing a series of interrogatories is not prohibited by the FRCP. *See Diversified Products Corp. v. Sports Center Co.,* 42 F.R.D. 3, 10 (M.D. Dc. 1967). With this in mind, Plaintiff asks Defendant to amend its responses to remove General Objection No. 4, and also remove each objection that seeks to limit Plaintiff's defined term, "YOUR," to only Conaco LLC, its directors, officers, and employees.

### *Interrogatory Nos. 1, 2, and 3*

Interrogatory No. 1 asks Defendant to "IDENTIFY YOUR annual gross revenues in 2015." Defendant objects to this interrogatory on the grounds that:

1) The term "annual gross revenues" is vague and ambiguous in that if fails to specifically identify what revenue information it seeks from Conaco;

2) Annual gross revenues are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes;

3) The interrogatory is overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defends and is not proportional to the needs of the case;

4) The interrogatory seeks confidential information prior to the entry of a suitable protective order; and

5) The interrogatory seeks information which is subject to certain confidentiality provisions between Conaco and/or its affiliated companies which may not be disclosed absent the consent of the parties to such contracts.

Information with respect to Defendant's annual gross revenues is essential to Plaintiff's claim for copyright infringement because that information relates to damages, an essential element of Plaintiff's claim. 17 USC 504(b) states (b) Actual Damages and Profits.— The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

My client has the burden of showing your client's gross revenue and your client is required to prove deductible expenses. Thus, financial information is relevant to my client's claim and he is entitled to know what your client's gross revenues are and what your client is claiming as deductible expenses. Furthermore, the term "annual gross revenues" doesn't need to be defined. It is simple enough for a lay person to understand, as "annual" means yearly and "gross revenues" means income before expenses. There is no ambiguity in the term. Furthermore, the second and third objections based on relevance are unwarranted, as I have already stated that this information is crucial to proving Plaintiff's damages. As to the fourth and fifth objections, as you know we have already met and conferred regarding a proposed protective order. Your office has taken the position that financial information should be for attorneys eyes only. I did not agree based on the 17 USC 504(b). Based on that your office stated it would take it up with the Judge, yet no motion for protective order has been filed. If we cannot agree on the

production of documents and you do not file for a protective order I will simply go ahead and file motion to compel.

  *Interrogatory No. 2* asks Defendants to "identify all witnesses and persons who calculate and/or determine your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory No. 1. Determining the identity of these people is necessary for Plaintiff to prove his damages for Defendant's infringement, as alleged in the Complaint. For the same reasons listed above in Interrogatory No. 1, Plaintiff requests that Defendant provide this information.

  *Interrogatory No. 3* asks Defendants to "Identify all documents that relate to your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory Nos. 2 and 3, with the addition of objections claiming that identifying "all documents" is "not proportional to the needs of the case," and that the documents "are not reasonably accessible because of undue burden and cost." Plaintiff believes that these documents are relevant and inquiry into these documents is reasonably calculated to lead to the discovery of admissible evidence because the documents themselves establish claimed damages. Without these documents, it is impossible for Plaintiff to establish damages for the infringement claim. Furthermore, Plaintiff fails to see what undue burden and cost will be sustained by Defendant by merely "identifying" the documents. This is not a request for production. For these reasons in addition to those listed in Interrogatory No. 1, Defendant should provide this information.

### ***Interrogatory No. 5***

  Interrogatory No. 5 asks for the gross revenue or annual salary of each person listed in Interrogatory No. 4. The people listed in Interrogatory No. 4 were those individuals on Defendant's writing staff who wrote, created, and/or edited the jokes at issue.  Defendant objects to this Interrogatory on the following grounds:
  1) It seeks information which is not relevant to any party's claim or defense and is not proportional to the needs of the case;
  2) It seeks the identification of confidential information prior to the entry of a suitable protective order;
  3) Gross revenues or annual salaries of the writing staff or writing interns are irrelevant;
  4) The information is privileged.

  Once again, the information sought is relevant and this interrogatory is reasonably calculated to lead to the discovery of admissible evidence to prove Plaintiff's claimed damages for infringement. In addition to the annual gross revenues of Conaco as a whole, the individual salaries of those who published the alleged infringing jokes have a direct relationship to Plaintiff's damages. These individuals are undoubtedly paid in part based on the jokes that they submit. If Defendant plans to move for a protective order, it is insufficient to merely object that the interrogatory is seeking identification of confidential information prior to the entry of a suitable protective order unless that party has already moved for a protective order. *See American Rock Salt Co. v. Norfolk Southern Corp.*, 228 F.R.D. 426 (W.D. Ny. 2005).

## **5.  TBS's  Responses to Plaintiff's Special Interrogatories, Set One**

TBS's Responses to the following Interrogatories propounded in Plaintiff's Special Interrogatories, Set one are deficient, inadequate, and improper. For purposes of the parties' meet and confer, I provide the following summary of certain deficiencies:

### *General Objection No. 4/Objection to definition of "YOUR."*

In serving its Special Interrogatories, Set One, Plaintiff included an "Instructions" and "Definitions" section. In that definition section, Plaintiff defines "YOUR" to include:

"Defendant individually and collectively, and his or her, its or their affiliates and parent company and anyone acting on their, his or her behalf, including, but not limited to, past and present officers, directors, shareholders, agents, employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in their, his or its interest, on their, her or its behalf, or at their, her or its request, and each of them."

However, In General Objection No. 4, Defendant objects to the definitions and instructions "as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and information or documents that are neither relevant nor proportional to the needs of the case." In addition, Defendant objects in almost every response to the definition of "YOUR" and seeks to limit the definition to only "Conaco, LLC, and its directors, officers, and employees only."

This limited definition selected by Defendant does not fully encompass the individuals who may have been involved in the acts as alleged in the complaint. To limit the definition to Defendant's chosen definition is to leave out former employees, independent contractors, and other agents who may have been involved in the alleged infringing acts.

As you are aware, the use of reasonable definitions prefacing a series of interrogatories is not prohibited by the FRCP. *See Diversified Products Corp. v. Sports Center Co.,* 42 F.R.D. 3, 10 (M.D. Dc. 1967). With this in mind, Plaintiff asks Defendant to amend its responses to remove General Objection No. 4, and also remove each objection that seeks to limit Plaintiff's defined term, "YOUR," to only Conaco LLC, its directors, officers, and employees.

### *Interrogatory Nos. 1, 2, and 3*

Interrogatory No. 1 asks Defendant to "IDENTIFY YOUR annual gross revenues in 2015." Defendant objects to this interrogatory on the grounds that:

1) The term "annual gross revenues" is vague and ambiguous in that if fails to specifically identify what revenue information it seeks from Conaco;

2) Annual gross revenues are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes;

3) The interrogatory is overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defends and is not proportional to the needs of the case;

4) The interrogatory seeks confidential information prior to the entry of a suitable

protective order; and

5) The interrogatory seeks information which is subject to certain confidentiality provisions between Conaco and/or its affiliated companies which may not be disclosed absent the consent of the parties to such contracts.

Information with respect to Defendant's annual gross revenues is essential to Plaintiff's claim for copyright infringement because that information relates to damages, an essential element of Plaintiff's claim. 17 USC 504(b) states (b) Actual Damages and Profits.— The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

My client has the burden of showing your client's gross revenue and your client is required to prove deductible expenses.  Thus, financial information is relevant to my client's claim and he is entitled to know what your client's gross revenues are and what your client is claiming as deductible expenses. Furthermore, the term "annual gross revenues" doesn't need to be defined. It is simple enough for a lay person to understand, as "annual" means yearly and "gross revenues" means income before expenses. There is no ambiguity in the term. Furthermore, the second and third objections based on relevance are unwarranted, as I have already stated that this information is crucial to proving Plaintiff's damages. As to the fourth and fifth objections, as you know we have already met and conferred regarding a proposed protective order.  Your office has taken the position that financial information should be for attorneys eyes only.  I did not agree based on the 17 USC 504(b).  Based on that your office stated it would take it up with the Judge, yet no motion for protective order has been filed.  If we cannot agree on the production of documents and you do not file for a protective order I will simply go ahead and file motion to compel.

_Interrogatory No. 2_ asks Defendants to "identify all witnesses and persons who calculate and/or determine your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory No. 1. Determining the identity of these people is necessary for Plaintiff to prove his damages for Defendant's infringement, as alleged in the Complaint. For the same reasons listed above in Interrogatory No. 1, Plaintiff requests that Defendant provide this information.

_Interrogatory No. 3_ asks Defendants to "Identify all documents that relate to your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory Nos. 2 and 3, with the addition of objections claiming that identifying "all documents" is "not proportional to the needs of the case," and that the documents "are not reasonably accessible because of undue burden and cost." Plaintiff believes that these documents are relevant and inquiry into these documents is reasonably calculated to lead to the discovery of admissible evidence because the documents themselves establish claimed damages. Without these documents, it is impossible for Plaintiff to establish damages for the infringement claim. Furthermore, Plaintiff fails to see what undue burden and cost will be sustained by Defendant by

merely "identifying" the documents. This is not a request for production. For these reasons in addition to those listed in Interrogatory No. 1, Defendant should provide this information.

### *Interrogatory No. 5*

Interrogatory No. 5 asks for the gross revenue or annual salary of each person listed in Interrogatory No. 4. The people listed in Interrogatory No. 4 were those individuals on Defendant's writing staff who wrote, created, and/or edited the jokes at issue. Defendant objects to this Interrogatory on the following grounds:

1) It seeks information which is not relevant to any party's claim or defense and is not proportional to the needs of the case;

2) It seeks the identification of confidential information prior to the entry of a suitable protective order;

3) Gross revenues or annual salaries of the writing staff or writing interns are irrelevant;

4) The information is privileged.

Once again, the information sought is relevant and this interrogatory is reasonably calculated to lead to the discovery of admissible evidence to prove Plaintiff's claimed damages for infringement. In addition to the annual gross revenues of Conaco as a whole, the individual salaries of those who published the alleged infringing jokes have a direct relationship to Plaintiff's damages. These individuals are undoubtedly paid in part based on the jokes that they submit. If Defendant plans to move for a protective order, it is insufficient to merely object that the interrogatory is seeking identification of confidential information prior to the entry of a suitable protective order unless that party has already moved for a protective order. *See American Rock Salt Co. v. Norfolk Southern Corp.,* 228 F.R.D. 426 (W.D. Ny. 2005).

### 6.  Time Warner's  Responses to Plaintiff's Special Interrogatories, Set One

Time Warner's Responses to the following Interrogatories propounded in Plaintiff's Special Interrogatories, Set one are deficient, inadequate, and improper. For purposes of the parties' meet and confer, I provide the following summary of certain deficiencies:

### *General Objection No. 4/Objection to definition of "YOUR."*

In serving its Special Interrogatories, Set One, Plaintiff included an "Instructions" and "Definitions" section. In that definition section, Plaintiff defines "YOUR" to include:

"Defendant individually and collectively, and his or her, its or their affiliates and parent company and anyone acting on their, his or her behalf, including, but not limited to, past and present officers, directors, shareholders, agents, employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in their, his or its interest, on their, her or its behalf, or at their, her or its request, and each of them."

However, In General Objection No. 4, Defendant objects to the definitions and instructions "as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and information or documents that are neither relevant nor

proportional to the needs of the case." In addition, Defendant objects in almost every response to the definition of "YOUR" and seeks to limit the definition to only "Conaco, LLC, and its directors, officers, and employees only."

This limited definition selected by Defendant does not fully encompass the individuals who may have been involved in the acts as alleged in the complaint. To limit the definition to Defendant's chosen definition is to leave out former employees, independent contractors, and other agents who may have been involved in the alleged infringing acts.

As you are aware, the use of reasonable definitions prefacing a series of interrogatories is not prohibited by the FRCP. *See Diversified Products Corp. v. Sports Center Co.,* 42 F.R.D. 3, 10 (M.D. Dc. 1967). With this in mind, Plaintiff asks Defendant to amend its responses to remove General Objection No. 4, and also remove each objection that seeks to limit Plaintiff's defined term, "YOUR," to only Conaco LLC, its directors, officers, and employees.

### *Interrogatory Nos. 1, 2, and 3*

Interrogatory No. 1 asks Defendant to "IDENTIFY YOUR annual gross revenues in 2015." Defendant objects to this interrogatory on the grounds that:
    1) The term "annual gross revenues" is vague and ambiguous in that if fails to specifically identify what revenue information it seeks from Conaco;
    2) Annual gross revenues are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes;
    3) The interrogatory is overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defends and is not proportional to the needs of the case;
    4) The interrogatory seeks confidential information prior to the entry of a suitable protective order; and
    5) The interrogatory seeks information which is subject to certain confidentiality provisions between Conaco and/or its affiliated companies which may not be disclosed absent the consent of the parties to such contracts.

Information with respect to Defendant's annual gross revenues is essential to Plaintiff's claim for copyright infringement because that information relates to damages, an essential element of Plaintiff's claim. 17 USC 504(b) states (b) Actual Damages and Profits.— The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

My client has the burden of showing your client's gross revenue and your client is required to prove deductible expenses.  Thus, financial information is relevant to my client's claim and he is entitled to know what your client's gross revenues are and what your client is claiming as deductible expenses. Furthermore, the term "annual gross revenues" doesn't need to

be defined. It is simple enough for a lay person to understand, as "annual" means yearly and "gross revenues" means income before expenses. There is no ambiguity in the term. Furthermore, the second and third objections based on relevance are unwarranted, as I have already stated that this information is crucial to proving Plaintiff's damages. As to the fourth and fifth objections, as you know we have already met and conferred regarding a proposed protective order.  Your office has taken the position that financial information should be for attorneys eyes only.  I did not agree based on the 17 USC 504(b).  Based on that your office stated it would take it up with the Judge, yet no motion for protective order has been filed.  If we cannot agree on the production of documents and you do not file for a protective order I will simply go ahead and file motion to compel.

_Interrogatory No. 2_ asks Defendants to "identify all witnesses and persons who calculate and/or determine your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory No. 1. Determining the identity of these people is necessary for Plaintiff to prove his damages for Defendant's infringement, as alleged in the Complaint. For the same reasons listed above in Interrogatory No. 1, Plaintiff requests that Defendant provide this information.

_Interrogatory No. 3_ asks Defendants to "Identify all documents that relate to your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory Nos. 2 and 3, with the addition of objections claiming that identifying "all documents" is "not proportional to the needs of the case," and that the documents "are not reasonably accessible because of undue burden and cost." Plaintiff believes that these documents are relevant and inquiry into these documents is reasonably calculated to lead to the discovery of admissible evidence because the documents themselves establish claimed damages. Without these documents, it is impossible for Plaintiff to establish damages for the infringement claim. Furthermore, Plaintiff fails to see what undue burden and cost will be sustained by Defendant by merely "identifying" the documents. This is not a request for production. For these reasons in addition to those listed in Interrogatory No. 1, Defendant should provide this information.

### _Interrogatory No. 5_

Interrogatory No. 5 asks for the gross revenue or annual salary of each person listed in Interrogatory No. 4. The people listed in Interrogatory No. 4 were those individuals on Defendant's writing staff who wrote, created, and/or edited the jokes at issue.  Defendant objects to this Interrogatory on the following grounds:

1) It seeks information which is not relevant to any party's claim or defense and is not proportional to the needs of the case;

2) It seeks the identification of confidential information prior to the entry of a suitable protective order;

3) Gross revenues or annual salaries of the writing staff or writing interns are irrelevant;

4) The information is privileged.

Once again, the information sought is relevant and this interrogatory is reasonably calculated to lead to the discovery of admissible evidence to prove Plaintiff's claimed damages for infringement. In addition to the annual gross revenues of Conaco as a whole, the individual

salaries of those who published the alleged infringing jokes have a direct relationship to Plaintiff's damages. These individuals are undoubtedly paid in part based on the jokes that they submit. If Defendant plans to move for a protective order, it is insufficient to merely object that the interrogatory is seeking identification of confidential information prior to the entry of a suitable protective order unless that party has already moved for a protective order. *See American Rock Salt Co. v. Norfolk Southern Corp.,* 228 F.R.D. 426 (W.D. Ny. 2005).

### 7.  Conaco LLC's Responses to Plaintiff's Request for Production of Documents, Set One

Conaco LLC's Responses to the following Requests propounded in Plaintiff's Request for Production of Documents and Things, Set one are deficient, inadequate, and improper. For purposes of the parties' meet and confer, I provide the following summary of certain deficiencies:

### *Request for Production Nos. 3 and 4*

*Request for Production No. 3* asks for "ANY and ALL DOCUMENTS, tangible things and other items that RELATE TO YOUR *annual gross revenues* in 2015. In response, Defendant provides the same objections it provided in Interrogatories 1, 2, and 3. For the same reasons as those stated in the aforementioned interrogatories, Defendant should produce the requested documents.

*Request for Production No. 4* asks for "ANY and ALL DOCUMENTS, tangible things and other items that RELATE TO YOUR *annual net profits* in 2015. Defendant asserted essentially the same objections as those asserted in Request for Production No. 3.

Though the term "annual net profits" is different than "annual gross revenues," it is still one that is not subject to any uncertainty or ambiguity. "Annual net profits" simply refers to the income retained by Defendant after expenses. Furthermore, this information is relevant for the same reasons as stated above, in that it is essential to proving Plaintiff's damages. With these reasons in mind, along with those listed in interrogatories 1, 2, and 3 above, Plaintiff respectfully asks for Defendant to provide the requested documents.

### *Request for Production Nos. 6, 7, and 8*

Each of these Requests seeks documents involving JOSH COMERS, BRIAN KILEY, and ROB KUTNER, which were submitted to Defendant for use on the "CONAN" show monologue in the last three years. Defendant's response is that it will produce relevant and non-privileged documents within its possession concerning the three individuals above within thirty (30) days after the entry of a protective order in this action, to the extent that such documents may exist and have not already been produced.

As you know we have already met and conferred regarding a proposed protective order. Your office has taken the position that financial information should be for attorneys eyes only.  I did not agree based on the 17 USC 504(b) thus we were unable to reach an agreement on a

protective order to address all issues.  Based on that your office stated it would take it up with the Judge, yet no motion for protective order has been filed.  If we cannot agree on the production of documents and you do not file for a protective order I will simply go ahead and file motion to compel.

I hope that we can discuss and resolve these issues amicably during a phone call.

Sincerely,

*/s/ Jayson M. Lorenzo*

Jayson M. Lorenzo