1    PATRICIA L. GLASER – State Bar No. 55668
     pglaser@glaserweil.com
2    ERICA J. VAN LOON - State Bar No. 227712
     evanloon@glaserweil.com
3    NICHOLAS E. HUSKINS – State Bar No. 299133
     nhuskins@glaserweil.com
4    BRITTANY ELIAS - State Bar No. 305922
     belias@glaserweil.com
5    GLASER WEIL FINK HOWARD
       AVCHEN & SHAPIRO LLP
6    10250 Constellation Boulevard, 19th Floor
     Los Angeles, California 90067
7    Telephone:  (310) 553-3000
     Facsimile:   (310) 556-2920
8    *Attorneys for Defendants*

9                        UNITED STATES DISTRICT COURT

10                      SOUTHERN DISTRICT OF CALIFORNIA

11

12   ROBERT ALEXANDER KASEBERG,          CASE NO.: 3:15-CV-01637-JLS-DHB

13                   Plaintiff,          Hon. David H. Bartick

14   v.

15                                       **DECLARATION OF NICHOLAS
     CONACO, LLC, TURNER                 HUSKINS**
16   BROADCASTING SYSTEM, TIME
     WARNER, INC., CONAN O'BRIEN,
17   JEFF ROSS, MIKE SWEENEY; DOES
     1-50, inclusive,
18
                     Defendants.
19

20

21

22

23

24

25

26

27

28

---

**DECLARATION OF NICHOLAS HUSKINS**

# DECLARATION OF NICHOLAS HUSKINS

I, NICHOLAS HUSKINS, declare and state as follows:

1.      I am an attorney at law duly licensed to practice before all courts of the State of California and am an Associate of the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP, attorneys of record herein for Defendants Conaco, LLC ("Conaco"); Turner Broadcasting System, Inc.; Time Warner, Inc.; Conan O'Brien; Jeff Ross; and Mike Sweeney (collectively, "Defendants").  I make this declaration in support of Defendants' position in the corresponding Joint Motion for Determination of Discovery Dispute (the "Motion").  The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

2.      On May 18, 2016, I met and conferred with Plaintiff's counsel, pursuant to Civil Local Rule 26.1.a, concerning outstanding discovery issues raised by both parties.  Relevant to this Motion, the parties were unable to reach a resolution concerning ROGS 1-3 to all Defendants, ROGS 4-5, 7 to Conaco, and RFPs 3-8 to Conaco during the meet and confer, or in subsequent correspondence.

3.      Attached as **Exhibit 1** is a true and correct copy of Plaintiff's Interrogatories to Defendant Time Warner Inc. (Set One), served on March 14, 2016.

4.      Attached as **Exhibit 2** is a true and correct copy of Plaintiff's Interrogatories to Defendant Turner Broadcasting System (Set One), served on March 14, 2016.

5.      Attached as **Exhibit 3** is a true and correct copy of Plaintiff's Interrogatories to Defendant Conaco, LLC (Set One), served on March 14, 2016.

6.      Attached as **Exhibit 4** is a true and correct copy of Plaintiff's Interrogatories to Defendant Mike Sweeney (Set One), served on March 14, 2016.

7.      Attached as **Exhibit 5** is a true and correct copy of Plaintiff's Interrogatories to Defendant Conan O'Brien (Set One), served on March 14, 2016.

8.      Attached as **Exhibit 6** is a true and correct copy of Plaintiff's

1   Interrogatories to Defendant Jeff Ross (Set One), served on March 14, 2016.

2       9.       Attached as **Exhibit 7** is a true and correct copy of Plaintiff's Requests

3   for Production of Documents and Things to Defendant Conaco, LLC (Set One),

4   served on March 14, 2016.

5       10.      Attached as **Exhibit 8** is a true and correct copy of Time Warner Inc.'s

6   Objections and Response to Plaintiff's Interrogatories (Set One), served on April 18,

7   2016.

8       11.      Attached as **Exhibit 9** is a true and correct copy of Turner Broadcasting

9   System, Inc.'s Objections and Response to Plaintiff's Interrogatories (Set One),

10  served on April 18, 2016.

11      12.      Attached as **Exhibit 10** is a true and correct copy of Conaco, LLC's

12  Objections and Response to Plaintiff's Interrogatories (Set One), served on April 18,

13  2016.

14      13.      Attached as **Exhibit 11** is a true and correct copy of Mike Sweeney's

15  Objections and Response to Plaintiff's Interrogatories (Set One), served on April 18,

16  2016.

17      14.      Attached as **Exhibit 12** is a true and correct copy of Conan O'Brien's

18  Objections and Response to Plaintiff's Interrogatories (Set One), served on April 18,

19  2016.

20      15.      Attached as **Exhibit 13** is a true and correct copy of Jeff Ross'

21  Objections and Response to Plaintiff's Interrogatories (Set One), served on April 18,

22  2016.

23      16.      Attached as **Exhibit 14** is a true and correct copy of Conaco, LLC's

24  Objections and Response to Plaintiff's Request for Production of Documents and

25  Things (Set One), served on April 18, 2016.

26      17.      Attached as **Exhibit 15** is a true and correct copy of the meet and confer

27  letter I sent to Plaintiff's counsel, Jayson Lorenzo, on May 9, 2016.

28      18.      Attached as **Exhibit 16** is a true and correct copy of the meet and confer

Glaser Weil

2

**DECLARATION OF NICHOLAS HUSKINS**

1    letter sent to me from Plaintiff's counsel, Jayson Lorenzo, on May 18, 2016.

2         19.    Attached as **Exhibit 17** is a true and correct copy of an email, including

3    attachments, I sent to Plaintiff's counsel, Jayson Lorenzo, with Defendants' Joint

4    Motion for Determination of Discovery Dispute and corresponding documents

5    attached, dated June 1, 2016.

6         20.    Attached as **Exhibit 18** is a true and correct copy of an email, including

7    attachments, Sent to me from Plaintiff's counsel, Jayson Lorenzo, with Plaintiff's

8    Joint Motion for Determination of Discovery Dispute and corresponding documents

9    attached, dated June 2, 2016.

10        21.    Attached as **Exhibit 19** is a true and correct copy of an email chain

11   between myself and Plaintiff's counsel, Jayson Lorenzo, dated May 19 – May 31,

12   2016.

13        22.    Attached as **Exhibit 20** is a true and correct copy of an email chain

14   between myself and Plaintiff's counsel, Jayson Lorenzo, dated May 19 – May 31,

15   2016.

16        I declare under penalty of perjury pursuant to the laws of the United States of

17   America that the foregoing facts are true and correct.

18        Executed on June 9, at Los Angeles, California.

19

20

21

22   _____

                        NICHOLAS HUSKINS

**Glaser Weil**

# Exhibit 1

Jayson M. Lorenzo, Esq. SBN 216973
Attorney at Law
2794 Gateway Road
Carlsbad, CA 92009
Tel. (760) 517-6646
Fax (760) 520-7900

Attorney for Plaintiff
ROBERT ALEXANDER KASEBERG

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG, | Case No. 15-CV-01637-JLS-DHB |
| Plaintiff, | |
| vs. | **PLAINTIFFS INTEROGGATORIES TO DEFENDANT TIME WARNER, INC. ( SET ONE)** |
| TIME WARNER, INC., | |
| Defendant. | |

**PROPOUNDING PARTY:** PLAINTIFF ROBERT ALEXANDER KASEBERG

**RESPONDING PARTY:** DEFENDANT TIME WARNER, INC.

**SET NO.:** ONE

    PLAINTIFF ROBERT ALEXANDER KASEBERG ("PLAINTIFF") propound the following Interrogatories on DEFENDANT TIME WARNER, INC. ("DEFENDANT").

1

1  PLAINTIFF requests that the responding party respond in writing, and under oath, to the following

2  interrogatories within 30 days of the service of these requests.

3                                    **DEFINITIONS**

4          A.      As used herein, the term "DOCUMENT" or "DOCUMENTS" means any written,

5  recorded or graphic matter, however produced or reproduced, or "writing" of any kind, including, but

6  not limited to, correspondence, memoranda, reports, studies, analyses, contracts, agreements, invoices,

7  charts, graphs, indices, data sheets, data processing cards or tapes, notes, work papers, entries, letters,

8  telegrams, forms, advertisements, brochures, circulars, tapes, records, bulletins, papers, books, maps,

9  drawings, accounts, photographs, transcriptions, recordings, magnetic tapes, disks, imprinted cards,

10  minutes and records of meetings, reports, financial statements, (including, but not limited to, income

11  statements, balance sheets, and statements of changes in financial position) financial calculations,

12  estimates, transactional documents, promissory notes, deeds of trust, closing statements, escrow

13  documents, title documents, security agreements, bonds, letters of credit, reports of telephone or oral

14  conversations, appointment books, calendars or diaries, and includes, but is not limited to, the term

15  "writing", including any and all "handwriting, typewriting, printing, photostating, photographing, and

16  every other means of recording upon any tangible thing any form of communication or representation,

17  including letters, words, pictures, sounds, or symbols, or combinations thereof." "DOCUMENT" or

18  "DOCUMENTS" includes all drafts and all finalized and/or executed writings, and includes all

19  electronic recordings of any information whether that information is electronic mail or other form of

20  electronic means of preserving information and/or is stored on a "hard" disk, 5 ¼" or 3 ½" disk, laser

21  disk, magnetic or other tape, personal computer or mainframe computer. If YOU do not have custody

22  or control of the original, the term "DOCUMENT" or "DOCUMENTS" shall also include any carbon

23  or photograph or any other copies, telephone messages, reproductions or facsimiles thereof. If YOU

24  have custody or control of the original and copies, reproduction or facsimiles, the term "DOCUMENT"

25  or "DOCUMENTS" shall mean the original of any copy or reproduction or facsimile that is in any way

26  different from the original.

27          B.      As used herein, "COMPLAINT" refers to the complaint filed by PLAINTIFF in this

28  case.

1       C.     As used herein, "DENIAL" refers to denials made in YOUR answer to the

2    COMPLAINT.

3       D.     As used herein, "PLAINTIFF" refers to Plaintiff ROBERT ALEXANDER

4    KASEBERG.

5       E.     As used herein, "DEFENDANT" refers to Defendant TIME WARNER, INC.

6       F.     As used herein, "INCIDENT" refers to the circumstances and events described in

7    PLAINTIFF's Complaint.

8       G.     As used herein, "IDENTIFY ALL WITNESSES" shall mean by name, last known

9    address and last known telephone number.

10      H.     As used herein, the terms "YOU" and "YOUR" refers to DEFENDANT, individually

11   and collectively, and his or her, its or their affiliates and parent company and anyone acting on their,

12   her or its behalf, including, but not limited to, past and present officers, directors, shareholders, agents,

13   employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in

14   their, her or its interest, on their, her or its behalf, or at their, her or its request, and each of them.

15      I.     As used herein, the term "PERSON" includes ANY natural person, firm, association,

16   organization, partnership, business, trust, corporation, limited liability company, joint venture or public

17   entity.

18      J.     As used herein, the terms "RELATE TO," "RELATES TO," "RELATED TO," and/or

19   "RELATING TO" mean discuss, support, refute, reflect, mention, embody, pertain to, involve,

20   comprise, respond to, concern, contain, summarize, memorialize, evidence, refer to, or connect in any

21   way legally, factually or logically with, the matter therein.

22      K.     As used herein, "COMMUNICATION" or "COMMUNICATIONS" include ANY

23   contacts between or among two or more PERSONS, and includes without limitation, written contact by

24   such means as letters, memoranda, telegrams, telexes, electronic mail or any other DOCUMENTS, and

25   oral contact by such means as face-to-face meetings and telephone conversations.

26      L.     As used herein, the term "ANY" as well as "ALL" shall be construed to include "each"

27   and "every" within their meanings.

28

PLAINTIFFS INTEROGGATORIES TO DEFENDANT, SET ONE

M.   Whenever used herein, "and" is to be understood to mean "or," and vice versa, whenever such construction results in a broader request for information.

### INTERROGATORIES

**INTERROGATORY NO. 1.**  Please IDENTIFY YOUR annual gross revenues in 2015.

**INTERROGATORY NO. 2.**  Please IDENTIFY ALL WITNESSES and PERSONS who calculate and/or determine YOUR annual gross revenues in 2015.

**INTERROGATORY NO. 3.**  Please IDENETIFY ALL DOCUMETS that RELATE TO YOUR annual gross revenues in 2015.

Dated:  3/14/2016                                    By: _____

                                                              JAYSON M. LORENZO
                                                              Attorney for PLAINTIFF

---

4

PLAINTIFFS INTEROGGATORIES TO DEFENDANT, SET ONE

# Exhibit 2

Jayson M. Lorenzo, Esq. SBN 216973
Attorney at Law
2794 Gateway Road
Carlsbad, CA 92009
Tel. (760) 517-6646
Fax (760) 520-7900

Attorney for Plaintiff
ROBERT ALEXANDER KASEBERG

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG, | Case No. 15-CV-01637-JLS-DHB |
| Plaintiff, | |
| vs. | **PLAINTIFFS INTEROGGATORIES TO DEFENDANT TURNER BROADCASTING SYSTYEM (SET ONE)** |
| TURNER BROADCASTING SYSTEM, | |
| Defendant. | |

**PROPOUNDING PARTY:** PLAINTIFF ROBERT ALEXANDER KASEBERG

**RESPONDING PARTY:** DEFENDANT TURNER BROADCASTING SYSTEM

**SET NO.:** ONE

PLAINTIFF ROBERT ALEXANDER KASEBERG ("PLAINTIFF") propound the following Interrogatories on DEFENDANT TURNER BROADCASTING SYSTEM

1

1  ("DEFENDANT"). PLAINTIFF requests that the responding party respond in writing, and under

2  oath, to the following interrogatories within 30 days of the service of these requests.

3  **DEFINITIONS**

4      A.    As used herein, the term "DOCUMENT" or "DOCUMENTS" means any written,

5  recorded or graphic matter, however produced or reproduced, or "writing" of any kind, including, but

6  not limited to, correspondence, memoranda, reports, studies, analyses, contracts, agreements, invoices,

7  charts, graphs, indices, data sheets, data processing cards or tapes, notes, work papers, entries, letters,

8  telegrams, forms, advertisements, brochures, circulars, tapes, records, bulletins, papers, books, maps,

9  drawings, accounts, photographs, transcriptions, recordings, magnetic tapes, disks, imprinted cards,

10  minutes and records of meetings, reports, financial statements, (including, but not limited to, income

11  statements, balance sheets, and statements of changes in financial position) financial calculations,

12  estimates, transactional documents, promissory notes, deeds of trust, closing statements, escrow

13  documents, title documents, security agreements, bonds, letters of credit, reports of telephone or oral

14  conversations, appointment books, calendars or diaries, and includes, but is not limited to, the term

15  "writing", including any and all "handwriting, typewriting, printing, photostating, photographing, and

16  every other means of recording upon any tangible thing any form of communication or representation,

17  including letters, words, pictures, sounds, or symbols, or combinations thereof." "DOCUMENT" or

18  "DOCUMENTS" includes all drafts and all finalized and/or executed writings, and includes all

19  electronic recordings of any information whether that information is electronic mail or other form of

20  electronic means of preserving information and/or is stored on a "hard" disk, 5 ¼" or 3 ½" disk, laser

21  disk, magnetic or other tape, personal computer or mainframe computer. If YOU do not have custody

22  or control of the original, the term "DOCUMENT" or "DOCUMENTS" shall also include any carbon

23  or photograph or any other copies, telephone messages, reproductions or facsimiles thereof. If YOU

24  have custody or control of the original and copies, reproduction or facsimiles, the term "DOCUMENT"

25  or "DOCUMENTS" shall mean the original of any copy or reproduction or facsimile that is in any way

26  different from the original.

27      B.    As used herein, "COMPLAINT" refers to the complaint filed by PLAINTIFF in this

28  case.

2

1       C.    As used herein, "DENIAL" refers to denials made in YOUR answer to the

2   COMPLAINT.

3       D.    As used herein, "PLAINTIFF" refers to Plaintiff ROBERT ALEXANDER

4   KASEBERG.

5       E.    As used herein, "DEFENDANT" refers to Defendant TURNER BROADCASTING

6   SYSTEM.

7       F.    As used herein, "INCIDENT" refers to the circumstances and events described in

8   PLAINTIFF's Complaint.

9       G.    As used herein, "IDENTIFY ALL WITNESSES" shall mean by name, last known

10   address and last known telephone number.

11       H.    As used herein, the terms "YOU" and "YOUR" refers to DEFENDANT, individually

12   and collectively, and his or her, its or their affiliates and parent company and anyone acting on their,

13   her or its behalf, including, but not limited to, past and present officers, directors, shareholders, agents,

14   employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in

15   their, her or its interest, on their, her or its behalf, or at their, her or its request, and each of them.

16       I.    As used herein, the term "PERSON" includes ANY natural person, firm, association,

17   organization, partnership, business, trust, corporation, limited liability company, joint venture or public

18   entity.

19       J.    As used herein, the terms "RELATE TO," "RELATES TO," "RELATED TO," and/or

20   "RELATING TO" mean discuss, support, refute, reflect, mention, embody, pertain to, involve,

21   comprise, respond to, concern, contain, summarize, memorialize, evidence, refer to, or connect in any

22   way legally, factually or logically with, the matter therein.

23       K.    As used herein, "COMMUNICATION" or "COMMUNICATIONS" include ANY

24   contacts between or among two or more PERSONS, and includes without limitation, written contact by

25   such means as letters, memoranda, telegrams, telexes, electronic mail or any other DOCUMENTS, and

26   oral contact by such means as face-to-face meetings and telephone conversations.

27       L.    As used herein, the term "ANY" as well as "ALL" shall be construed to include "each"

28   and "every" within their meanings.

1      M.     Whenever used herein, "and" is to be understood to mean "or," and vice versa,

2 whenever such construction results in a broader request for information.

3

4 **INTERROGATORIES**

5 **INTERROGATORY NO. 1.** Please IDENTIFY YOUR annual gross revenues in 2015.

6 **INTERROGATORY NO. 2.** Please IDENTIFY ALL WITNESSES and PERSONS who calculate

7 and/or determine YOUR annual gross revenues in 2015.

8 **INTERROGATORY NO. 3.** Please IDENETIFY ALL DOCUMETS that RELATE TO YOUR

9 annual gross revenues in 2015.

10

11

12 Dated: 3/14/2016                    By:

13                                        JAYSON M. LORENZO

14                                        Attorney for PLAINTIFF

4

# Exhibit 3

Jayson M. Lorenzo, Esq. SBN 216973
Attorney at Law
2794 Gateway Road
Carlsbad, CA 92009
Tel. (760) 517-6646
Fax (760) 520-7900

Attorney for Plaintiff
ROBERT ALEXANDER KASEBERG

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG, | Case No. 15-CV-01637-JLS-DHB |
| Plaintiff, | **PLAINTIFFS INTEROGGATORIES TO DEFENDANT CONACO, LLC (SET ONE)** |
| vs. | |
| CONACO, LLC, | |
| Defendant. | |

**PROPOUNDING PARTY:** PLAINTIFF ROBERT ALEXANDER KASEBERG

**RESPONDING PARTY:**    DEFENDANT CONACO, LLC

**SET NO.:**                ONE

PLAINTIFF   ROBERT   ALEXANDER   KASEBERG   ("PLAINTIFF")   propound   the
following Interrogatories on DEFENDANT CONACO, LLC ("DEFENDANT").   PLAINTIFF

1

1  requests that the responding party respond in writing, and under oath, to the following
2  interrogatories within 30 days of the service of these requests.

3  **DEFINITIONS**

4       A.     As used herein, the term "DOCUMENT" or "DOCUMENTS" means any written,
5  recorded or graphic matter, however produced or reproduced, or "writing" of any kind, including, but
6  not limited to, correspondence, memoranda, reports, studies, analyses, contracts, agreements, invoices,
7  charts, graphs, indices, data sheets, data processing cards or tapes, notes, work papers, entries, letters,
8  telegrams, forms, advertisements, brochures, circulars, tapes, records, bulletins, papers, books, maps,
9  drawings, accounts, photographs, transcriptions, recordings, magnetic tapes, disks, imprinted cards,
10  minutes and records of meetings, reports, financial statements, (including, but not limited to, income
11  statements, balance sheets, and statements of changes in financial position) financial calculations,
12  estimates, transactional documents, promissory notes, deeds of trust, closing statements, escrow
13  documents, title documents, security agreements, bonds, letters of credit, reports of telephone or oral
14  conversations, appointment books, calendars or diaries, and includes, but is not limited to, the term
15  "writing", including any and all "handwriting, typewriting, printing, photostating, photographing, and
16  every other means of recording upon any tangible thing any form of communication or representation,
17  including letters, words, pictures, sounds, or symbols, or combinations thereof." "DOCUMENT" or
18  "DOCUMENTS" includes all drafts and all finalized and/or executed writings, and includes all
19  electronic recordings of any information whether that information is electronic mail or other form of
20  electronic means of preserving information and/or is stored on a "hard" disk, 5 ¼" or 3 ½" disk, laser
21  disk, magnetic or other tape, personal computer or mainframe computer. If YOU do not have custody
22  or control of the original, the term "DOCUMENT" or "DOCUMENTS" shall also include any carbon
23  or photograph or any other copies, telephone messages, reproductions or facsimiles thereof. If YOU
24  have custody or control of the original and copies, reproduction or facsimiles, the term "DOCUMENT"
25  or "DOCUMENTS" shall mean the original of any copy or reproduction or facsimile that is in any way
26  different from the original.

27       B.     As used herein, "COMPLAINT" refers to the complaint filed by PLAINTIFF in this
28  case.

2

1      C.     As used herein, "DENIAL" refers to denials made in YOUR answer to the

2 COMPLAINT.

3      D.     As used herein, "PLAINTIFF" refers to Plaintiff ROBERT ALEXANDER

4 KASEBERG.

5      E.     As used herein, "DEFENDANT" refers to Defendant CONACO, LLC.

6      F.     As used herein, "INCIDENT" refers to the circumstances and events described in

7 PLAINTIFF's Complaint.

8      G.     As used herein, "IDENTIFY ALL WITNESSES" shall mean by name, last known

9 address and last known telephone number.

10      H.     As used herein, the terms "YOU" and "YOUR" refers to DEFENDANT, individually

11 and collectively, and his or her, its or their affiliates and parent company and anyone acting on their,

12 her or its behalf, including, but not limited to, past and present officers, directors, shareholders, agents,

13 employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in

14 their, her or its interest, on their, her or its behalf, or at their, her or its request, and each of them.

15      I.     As used herein, the term "PERSON" includes ANY natural person, firm, association,

16 organization, partnership, business, trust, corporation, limited liability company, joint venture or public

17 entity.

18      J.     As used herein, the terms "RELATE TO," "RELATES TO," "RELATED TO," and/or

19 "RELATING TO" mean discuss, support, refute, reflect, mention, embody, pertain to, involve,

20 comprise, respond to, concern, contain, summarize, memorialize, evidence, refer to, or connect in any

21 way legally, factually or logically with, the matter therein.

22      K.     As used herein, "COMMUNICATION" or "COMMUNICATIONS" include ANY

23 contacts between or among two or more PERSONS, and includes without limitation, written contact by

24 such means as letters, memoranda, telegrams, telexes, electronic mail or any other DOCUMENTS, and

25 oral contact by such means as face-to-face meetings and telephone conversations.

26      L.     As used herein, the term "ANY" as well as "ALL" shall be construed to include "each"

27 and "every" within their meanings.

28

1         M.     Whenever used herein, "and" is to be understood to mean "or," and vice versa,

2   whenever such construction results in a broader request for information.

### INTERROGATORIES

4   **INTERROGATORY NO. 1.** Please IDENTIFY YOUR annual gross revenues in 2015.

5   **INTERROGATORY NO. 2.** Please IDENTIFY ALL WITNESSES and PERSONS who calculate

6   and/or determine YOUR annual gross revenues in 2015.

7   **INTERROGATORY NO. 3.** Please IDENETIFY ALL DOCUMETS that RELATE TO YOUR

8   annual gross revenues in 2015.

9   **INTERROGATORY NO. 4.** Please IDENTIFY the names of all persons on YOUR writing staff

10  including any and writing staff interns within the last five years.

11  **INTERROGATORY NO. 5.** For each person listed in INTERROGATORY NO. 4 please provide

12  the gross revenue or annual salary of each person listed in 2015.

13  **INTERROGATORY NO. 6.** Please IDENTIFY the person most knowledgeable regarding the

14  writing, submission and use of jokes on YOUR "CONAN" show monologue in 2015.

15  **INTERROGATORY NO. 7.** Please IDENTIFY the names of all person on YOUR writing staff

16  including any and writing staff interns who have submitted material or jokes for YOUR "CONAN"

17  show monologue in the last three years.

20  Dated: _3/14/16_                    By: _____

21                                 JAYSON M. LORENZO

22                                 Attorney for PLAINTIFF

4

PLAINTIFFS INTEROGGATORIES TO DEFENDANT, SET ONE

# Exhibit 4

Jayson M. Lorenzo, Esq. SBN 216973
Attorney at Law
2794 Gateway Road
Carlsbad, CA 92009
Tel. (760) 517-6646
Fax (760) 520-7900

Attorney for Plaintiff
ROBERT ALEXANDER KASEBERG

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ROBERT ALEXANDER KASEBERG,<br><br>    Plaintiff,<br><br>  vs.<br><br>MIKE SWEENEY,<br><br>    Defendant. | Case No. 15-CV-01637-JLS-DHB<br><br>**PLAINTIFFS INTEROGGATORIES TO DEFENDANT MIKE SWEENEY  (SET ONE)** |

**PROPOUNDING PARTY:** PLAINTIFF ROBERT ALEXANDER KASEBERG

**RESPONDING PARTY:**    DEFENDANT MIKE SWEENEY

**SET NO.:**             ONE

    PLAINTIFF   ROBERT   ALEXANDER   KASEBERG   ("PLAINTIFF")   propound   the
following Interrogatories on DEFENDANT MIKE SWEENEY ("DEFENDANT").   PLAINTIFF

i

1    requests that the responding party respond in writing, and under oath, to the following

2    interrogatories within 30 days of the service of these requests.

3                                    **DEFINITIONS**

4          A.     As used herein, the term "DOCUMENT" or "DOCUMENTS" means any written,

5    recorded or graphic matter, however produced or reproduced, or "writing" of any kind, including, but

6    not limited to, correspondence, memoranda, reports, studies, analyses, contracts, agreements, invoices,

7    charts, graphs, indices, data sheets, data processing cards or tapes, notes, work papers, entries, letters,

8    telegrams, forms, advertisements, brochures, circulars, tapes, records, bulletins, papers, books, maps,

9    drawings, accounts, photographs, transcriptions, recordings, magnetic tapes, disks, imprinted cards,

10   minutes and records of meetings, reports, financial statements, (including, but not limited to, income

11   statements, balance sheets, and statements of changes in financial position) financial calculations,

12   estimates, transactional documents, promissory notes, deeds of trust, closing statements, escrow

13   documents, title documents, security agreements, bonds, letters of credit, reports of telephone or oral

14   conversations, appointment books, calendars or diaries, and includes, but is not limited to, the term

15   "writing", including any and all "handwriting, typewriting, printing, photostating, photographing, and

16   every other means of recording upon any tangible thing any form of communication or representation,

17   including letters, words, pictures, sounds, or symbols, or combinations thereof." "DOCUMENT" or

18   "DOCUMENTS" includes all drafts and all finalized and/or executed writings, and includes all

19   electronic recordings of any information whether that information is electronic mail or other form of

20   electronic means of preserving information and/or is stored on a "hard" disk, 5 ¼" or 3 ½" disk, laser

21   disk, magnetic or other tape, personal computer or mainframe computer. If YOU do not have custody

22   or control of the original, the term "DOCUMENT" or "DOCUMENTS" shall also include any carbon

23   or photograph or any other copies, telephone messages, reproductions or facsimiles thereof. If YOU

24   have custody or control of the original and copies, reproduction or facsimiles, the term "DOCUMENT"

25   or "DOCUMENTS" shall mean the original of any copy or reproduction or facsimile that is in any way

26   different from the original.

27         B.     As used herein, "COMPLAINT" refers to the complaint filed by PLAINTIFF in this

28   case.

                                              2

C.    As used herein, "DENIAL" refers to denials made in YOUR answer to the COMPLAINT.

D.    As used herein, "PLAINTIFF" refers to Plaintiff ROBERT ALEXANDER KASEBERG.

E.    As used herein, "DEFENDANT" refers to Defendant MIKE SWEENEY.

F.    As used herein, "INCIDENT" refers to the circumstances and events described in PLAINTIFF's Complaint.

G.    As used herein, "IDENTIFY ALL WITNESSES" shall mean by name, last known address and last known telephone number.

H.    As used herein, the terms "YOU" and "YOUR" refers to DEFENDANT, individually and collectively, and his or her, its or their affiliates and parent company and anyone acting on their, her or its behalf, including, but not limited to, past and present officers, directors, shareholders, agents, employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in their, her or its interest, on their, her or its behalf, or at their, her or its request, and each of them.

I.    As used herein, the term "PERSON" includes ANY natural person, firm, association, organization, partnership, business, trust, corporation, limited liability company, joint venture or public entity.

J.    As used herein, the terms "RELATE TO," "RELATES TO," "RELATED TO," and/or "RELATING TO" mean discuss, support, refute, reflect, mention, embody, pertain to, involve, comprise, respond to, concern, contain, summarize, memorialize, evidence, refer to, or connect in any way legally, factually or logically with, the matter therein.

K.    As used herein, "COMMUNICATION" or "COMMUNICATIONS" include ANY contacts between or among two or more PERSONS, and includes without limitation, written contact by such means as letters, memoranda, telegrams, telexes, electronic mail or any other DOCUMENTS, and oral contact by such means as face-to-face meetings and telephone conversations.

L.    As used herein, the term "ANY" as well as "ALL" shall be construed to include "each" and "every" within their meanings.

3

M.    Whenever used herein, "and" is to be understood to mean "or," and vice versa, whenever such construction results in a broader request for information.

### INTERROGATORIES

**INTERROGATORY NO. 1.**  Please IDENTIFY YOUR annual gross revenues in 2015.

**INTERROGATORY NO. 2.**  Please IDENTIFY ALL WITNESSES and PERSONS who calculate and/or determine YOUR annual gross revenues in 2015.

**INTERROGATORY NO. 3.**  Please IDENETIFY ALL DOCUMETS that RELATE TO YOUR annual gross revenues in 2015.

Dated: 3/14/2016

By: _____

JAYSON M. LORENZO
Attorney for PLAINTIFF

PLAINTIFFS INTEROGGATORIES TO DEFENDANT, SET ONE

# Exhibit 5

Jayson M. Lorenzo, Esq. SBN 216973
Attorney at Law
2794 Gateway Road
Carlsbad, CA 92009
Tel. (760) 517-6646
Fax (760) 520-7900

Attorney for Plaintiff
ROBERT ALEXANDER KASEBERG

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG, | ) Case No. 15-CV-01637-JLS-DHB |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) **PLAINTIFFS INTEROGGATORIES TO** |
| vs. | ) **DEFENDANT CONAN O'BRIEN ( SET ONE)** |
| | ) |
| | ) |
| CONAN O'BRIEN, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |

**PROPOUNDING PARTY:** PLAINTIFF ROBERT ALEXANDER KASEBERG

**RESPONDING PARTY:**   DEFENDANT CONAN O'BRIEN

**SET NO.:**                    ONE

PLAINTIFF ROBERT ALEXANDER KASEBERG ("PLAINTIFF") propound the following Interrogatories on DEFENDANT CONAN O'BRIEN ("DEFENDANT"). PLAINTIFF

1

1  requests that the responding party respond in writing, and under oath, to the following

2  interrogatories within 30 days of the service of these requests.

3  **DEFINITIONS**

4      A.   As used herein, the term "DOCUMENT" or "DOCUMENTS" means any written,

5  recorded or graphic matter, however produced or reproduced, or "writing" of any kind, including, but

6  not limited to, correspondence, memoranda, reports, studies, analyses, contracts, agreements, invoices,

7  charts, graphs, indices, data sheets, data processing cards or tapes, notes, work papers, entries, letters,

8  telegrams, forms, advertisements, brochures, circulars, tapes, records, bulletins, papers, books, maps,

9  drawings, accounts, photographs, transcriptions, recordings, magnetic tapes, disks, imprinted cards,

10  minutes and records of meetings, reports, financial statements, (including, but not limited to, income

11  statements, balance sheets, and statements of changes in financial position) financial calculations,

12  estimates, transactional documents, promissory notes, deeds of trust, closing statements, escrow

13  documents, title documents, security agreements, bonds, letters of credit, reports of telephone or oral

14  conversations, appointment books, calendars or diaries, and includes, but is not limited to, the term

15  "writing", including any and all "handwriting, typewriting, printing, photostating, photographing, and

16  every other means of recording upon any tangible thing any form of communication or representation,

17  including letters, words, pictures, sounds, or symbols, or combinations thereof." "DOCUMENT" or

18  "DOCUMENTS" includes all drafts and all finalized and/or executed writings, and includes all

19  electronic recordings of any information whether that information is electronic mail or other form of

20  electronic means of preserving information and/or is stored on a "hard" disk, 5 ¼" or 3 ½" disk, laser

21  disk, magnetic or other tape, personal computer or mainframe computer. If YOU do not have custody

22  or control of the original, the term "DOCUMENT" or "DOCUMENTS" shall also include any carbon

23  or photograph or any other copies, telephone messages, reproductions or facsimiles thereof. If YOU

24  have custody or control of the original and copies, reproduction or facsimiles, the term "DOCUMENT"

25  or "DOCUMENTS" shall mean the original of any copy or reproduction or facsimile that is in any way

26  different from the original.

27      B.   As used herein, "COMPLAINT" refers to the complaint filed by PLAINTIFF in this

28  case.

2

C.    As used herein, "DENIAL" refers to denials made in YOUR answer to the COMPLAINT.

D.    As used herein, "PLAINTIFF" refers to Plaintiff ROBERT ALEXANDER KASEBERG.

E.    As used herein, "DEFENDANT" refers to Defendant CONAN O'BRIEN.

F.    As used herein, "INCIDENT" refers to the circumstances and events described in PLAINTIFF's Complaint.

G.    As used herein, "IDENTIFY ALL WITNESSES" shall mean by name, last known address and last known telephone number.

H.    As used herein, the terms "YOU" and "YOUR" refers to DEFENDANT, individually and collectively, and his or her, its or their affiliates and parent company and anyone acting on their, her or its behalf, including, but not limited to, past and present officers, directors, shareholders, agents, employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in their, her or its interest, on their, her or its behalf, or at their, her or its request, and each of them.

I.    As used herein, the term "PERSON" includes ANY natural person, firm, association, organization, partnership, business, trust, corporation, limited liability company, joint venture or public entity.

J.    As used herein, the terms "RELATE TO," "RELATES TO," "RELATED TO," and/or "RELATING TO" mean discuss, support, refute, reflect, mention, embody, pertain to, involve, comprise, respond to, concern, contain, summarize, memorialize, evidence, refer to, or connect in any way legally, factually or logically with, the matter therein.

K.    As used herein, "COMMUNICATION" or "COMMUNICATIONS" include ANY contacts between or among two or more PERSONS, and includes without limitation, written contact by such means as letters, memoranda, telegrams, telexes, electronic mail or any other DOCUMENTS, and oral contact by such means as face-to-face meetings and telephone conversations.

L.    As used herein, the term "ANY" as well as "ALL" shall be construed to include "each" and "every" within their meanings.

M.    Whenever used herein, "and" is to be understood to mean "or," and vice versa, whenever such construction results in a broader request for information.

### INTERROGATORIES

**INTERROGATORY NO. 1.**  Please IDENTIFY YOUR annual gross revenues in 2015.

**INTERROGATORY NO. 2.**  Please IDENTIFY ALL WITNESSES and PERSONS who calculate and/or determine YOUR annual gross revenues in 2015.

**INTERROGATORY NO. 3.**  Please IDENETIFY ALL DOCUMETS that RELATE TO YOUR annual gross revenues in 2015.

Dated: 3/4/2016

By: _____
JAYSON M. LORENZO
Attorney for PLAINTIFF

---

4

PLAINTIFFS INTEROGGATORIES TO DEFENDANT, SET ONE

# Exhibit 6

Jayson M. Lorenzo, Esq. SBN 216973
Attorney at Law
2794 Gateway Road
Carlsbad, CA 92009
Tel. (760) 517-6646
Fax (760) 520-7900

Attorney for Plaintiff
ROBERT ALEXANDER KASEBERG

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

ROBERT ALEXANDER KASEBERG,

          Plaintiff,

   vs.

JEFF ROSS,

          Defendant.

Case No. 15-CV-01637-JLS-DHB

**PLAINTIFFS INTEROGGATORIES TO
DEFENDANT JEFF ROSS (SET ONE)**

**PROPOUNDING PARTY:** PLAINTIFF ROBERT ALEXANDER KASEBERG

**RESPONDING PARTY:**   DEFENDANT JEFF ROSS

**SET NO.:**           ONE

    PLAINTIFF ROBERT ALEXANDER KASEBERG ("PLAINTIFF") propound the following Interrogatories on DEFENDANT JEFF ROSS ("DEFENDANT"). PLAINTIFF requests

1

1    that the responding party respond in writing, and under oath, to the following interrogatories within
2    30 days of the service of these requests.

3                                          **DEFINITIONS**

4          A.     As used herein, the term "DOCUMENT" or "DOCUMENTS" means any written,
5    recorded or graphic matter, however produced or reproduced, or "writing" of any kind, including, but
6    not limited to, correspondence, memoranda, reports, studies, analyses, contracts, agreements, invoices,
7    charts, graphs, indices, data sheets, data processing cards or tapes, notes, work papers, entries, letters,
8    telegrams, forms, advertisements, brochures, circulars, tapes, records, bulletins, papers, books, maps,
9    drawings, accounts, photographs, transcriptions, recordings, magnetic tapes, disks, imprinted cards,
10   minutes and records of meetings, reports, financial statements, (including, but not limited to, income
11   statements, balance sheets, and statements of changes in financial position) financial calculations,
12   estimates, transactional documents, promissory notes, deeds of trust, closing statements, escrow
13   documents, title documents, security agreements, bonds, letters of credit, reports of telephone or oral
14   conversations, appointment books, calendars or diaries, and includes, but is not limited to, the term
15   "writing", including any and all "handwriting, typewriting, printing, photostating, photographing, and
16   every other means of recording upon any tangible thing any form of communication or representation,
17   including letters, words, pictures, sounds, or symbols, or combinations thereof." "DOCUMENT" or
18   "DOCUMENTS" includes all drafts and all finalized and/or executed writings, and includes all
19   electronic recordings of any information whether that information is electronic mail or other form of
20   electronic means of preserving information and/or is stored on a "hard" disk, 5 ¼" or 3 ½" disk, laser
21   disk, magnetic or other tape, personal computer or mainframe computer. If YOU do not have custody
22   or control of the original, the term "DOCUMENT" or "DOCUMENTS" shall also include any carbon
23   or photograph or any other copies, telephone messages, reproductions or facsimiles thereof. If YOU
24   have custody or control of the original and copies, reproduction or facsimiles, the term "DOCUMENT"
25   or "DOCUMENTS" shall mean the original of any copy or reproduction or facsimile that is in any way
26   different from the original.

27         B.     As used herein, "COMPLAINT" refers to the complaint filed by PLAINTIFF in this
28   case.

                                                 2

C.    As used herein, "DENIAL" refers to denials made in YOUR answer to the COMPLAINT.

D.    As used herein, "PLAINTIFF" refers to Plaintiff ROBERT ALEXANDER KASEBERG.

E.    As used herein, "DEFENDANT" refers to Defendant JEFF ROSS.

F.    As used herein, "INCIDENT" refers to the circumstances and events described in PLAINTIFF's Complaint.

G.    As used herein, "IDENTIFY ALL WITNESSES" shall mean by name, last known address and last known telephone number.

H.    As used herein, the terms "YOU" and "YOUR" refers to DEFENDANT, individually and collectively, and his or her, its or their affiliates and parent company and anyone acting on their, her or its behalf, including, but not limited to, past and present officers, directors, shareholders, agents, employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in their, her or its interest, on their, her or its behalf, or at their, her or its request, and each of them.

I.    As used herein, the term "PERSON" includes ANY natural person, firm, association, organization, partnership, business, trust, corporation, limited liability company, joint venture or public entity.

J.    As used herein, the terms "RELATE TO," "RELATES TO," "RELATED TO," and/or "RELATING TO" mean discuss, support, refute, reflect, mention, embody, pertain to, involve, comprise, respond to, concern, contain, summarize, memorialize, evidence, refer to, or connect in any way legally, factually or logically with, the matter therein.

K.    As used herein, "COMMUNICATION" or "COMMUNICATIONS" include ANY contacts between or among two or more PERSONS, and includes without limitation, written contact by such means as letters, memoranda, telegrams, telexes, electronic mail or any other DOCUMENTS, and oral contact by such means as face-to-face meetings and telephone conversations.

L.    As used herein, the term "ANY" as well as "ALL" shall be construed to include "each" and "every" within their meanings.

3

1        M.    Whenever used herein, "and" is to be understood to mean "or," and vice versa,

2   whenever such construction results in a broader request for information.

3                            **INTERROGATORIES**

4   **INTERROGATORY NO. 1.**  Please IDENTIFY YOUR annual gross revenues in 2015.

5   **INTERROGATORY NO. 2.**  Please IDENTIFY ALL WITNESSES and PERSONS who calculate

6   and/or determine YOUR annual gross revenues in 2015.

7   **INTERROGATORY NO. 3.**  Please IDENETIFY ALL DOCUMETS that RELATE TO YOUR

8   annual gross revenues in 2015.

9

10

11   Dated: 3/14/2016                    By: _____

12                                     JAYSON M. LORENZO

13                                     Attorney for PLAINTIFF

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 7

Jayson M. Lorenzo, Esq. SBN 216973
Attorney at Law
2794 Gateway Road
Carlsbad, CA 92009
Tel. (760) 517-6646
Fax (760) 520-7900

Attorney for Plaintiff
ROBERT ALEXANDER KASEBERG

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

ROBERT ALEXANDER KASEBERG,          )   Case No. 15-CV-01637-JLS-DHB
                                     )
                                     )
             Plaintiffs,             )   **PLAINTIFFS REQUEST FOR**
                                     )   **PRODUCTION OF DOCUMENTS AND**
       vs.                           )   **THINGS TO DEFENDANT CONACO, LLC**
                                     )   **(SET ONE)**
                                     )
                                     )
CONACO, LLC; TURNER BROADCASTING     )
SYSTEM, INC.; TIME WARNER, INC.; CONAN )
O'BRIEN; JEFF ROSS; MIKE SWEENEY;    )
DOES 1 – 10, inclusive,              )
                                     )
             Defendants.             )
                                     )

**PROPOUNDING PARTY:** PLAINTIFF ROBERT ALEXANDER KASEBERG

**RESPONDING PARTY:**   DEFENDANTS CONACO, LLC

**SET NO.:**                ONE

       Pursuant to Rule 34 of the Federal Rules of Civil Procedure PLAINTIFF ROBERT

ALEXANDER KASEBERG ("Plaintiff") demands that within thirty (30) days of the service of these

requests DEFENDANTS CONACO, LLC produce the following documents to Plaintiff's counsel. The

1

production and inspection shall continue from day to day thereafter, weekends and holidays excepted, so long as reasonably required. All documents demanded shall either be produced as they are kept in the usual course of business, or be organized and labeled to correspond with the categories contained in this demand.

## **INSTRUCTIONS**

A.      Responding Party is hereby requested to serve a written response under oath within thirty (30) days after service of this request. Such response is to include the following statements: (1) whether inspection and copying or photocopying will be permitted; and (2) whether Responding Party lacks the ability to comply. If Responding Party objects to the whole or any part of the request, specific grounds for the objection must be stated in the response.

B.      All originals and copies of the items requested, which are in the possession, custody and/or control of responding party or are otherwise available to responding party, which are responsive to the following requests, shall be produced and identified.

C.      If any DOCUMENT (as defined below) herein requested was formerly in the possession, custody and/or control of Responding Party and has been lost or destroyed, Responding Party shall submit, in lieu of such DOCUMENT, a written statement which (1) describes in detail the nature of the DOCUMENT and its contents, (2) identifies the person who prepared or authored the DOCUMENT, (3) identifies the person to whom the DOCUMENT was sent, if applicable, (4) specifies the date on which the DOCUMENT was prepared or transmitted, or both, (5) specifies, if possible, the date on which the DOCUMENT was lost or destroyed, and (6) if destroyed, the conditions of or reasons for such destruction and the person requesting or performing the destruction.

D.      DOCUMENTS are to be produced either as they are kept in the usual course of business or organized and labeled to correspond with the categories in this demand.

E.      DOCUMENTS being produced shall be maintained in their original format. Attachments to a document shall not be unfastened. DOCUMENTS shall not be scrambled or otherwise jumbled and shall be produced in a way which preserves their identify.

F.      Whenever the item being produced is a file, the folder or other container of it shall be produced with it.

G.      All DOCUMENTS requested herein refer to the time period beginning March 1, 2011, up to and including the present, unless a particular demand defines a different time period.

H.      Whenever a DOCUMENT falling within the request is withheld from production, according to a claim of privilege or otherwise, you are requested to provide a listing of such DOCUMENTS containing a description of the DOCUMENTS and a description of the claim of privilege sufficient to enable propounding party to present a motion to the appropriate court to compel production of same.

## DEFINITIONS

A.      As used herein, the term "DOCUMENT" or "DOCUMENTS" means any written, recorded or graphic matter, however produced or reproduced, or "writing" of any kind, including, but not limited to, correspondence, memoranda, reports, studies, analyses, contracts, agreements, invoices, charts, graphs, indices, data sheets, data processing cards or tapes, notes, work papers, entries, letters, telegrams, forms, advertisements, brochures, circulars, tapes, records, bulletins, papers, books, maps, drawings, accounts, photographs, transcriptions, recordings, magnetic tapes, disks, imprinted cards, minutes and records of meetings, reports, financial statements, (including, but not limited to, income statements, balance sheets, and statements of changes in financial position) financial calculations, estimates, transactional documents, promissory notes, deeds of trust, closing statements, escrow documents, title documents, security agreements, bonds, letters of credit, reports of telephone or oral conversations, appointment books, calendars or diaries, and includes, but is not limited to, the term "writing", including any and all "handwriting, typewriting, printing, photostating, photographing, and every other means of recording upon any tangible thing any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof." "DOCUMENT" or "DOCUMENTS" includes all drafts and all finalized and/or executed writings, and includes all electronic recordings of any information whether that information is electronic mail or other form of electronic means of preserving information and/or is stored on a "hard" disk, 5 ¼" or 3 ½" disk, laser disk, magnetic or other tape, personal computer or mainframe computer. If YOU do not have custody or control of the original, the term "DOCUMENT" or "DOCUMENTS" shall also include any carbon or photograph or any other copies, telephone messages, reproductions or facsimiles thereof. If YOU

3

1   have custody or control of the original and copies, reproduction or facsimiles, the term "DOCUMENT"

2   or "DOCUMENTS" shall mean the original of any copy or reproduction or facsimile that is in any way

3   different from the original.

4       B.      As used herein, "COMPLAINT" refers to the complaint filed by PLAINTIFF in this

5   case.

6       C.      As used herein, "DENIAL" refers to denials made in YOUR answer to the

7   COMPLAINT.

8       D.      As used herein, "PLAINTIFF" refers to Plaintiff ROBERT ALEXANDER

9   KASEBERG.

10      E.      As used herein, "DEFENDANT" refers to defendants CONACO, LLC.

11      F.      As used herein, the terms "YOU" and "YOUR" refers to DEFENDANT, individually

12  and collectively, and his or her, its or their affiliates and parent company and anyone acting on their,

13  her or its behalf, including, but not limited to, past and present officers, directors, shareholders, agents,

14  employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in

15  their, her or its interest, on their, her or its behalf, or at their, her or its request, and each of them.

16      G.      As used herein, the term "PERSON" includes ANY natural person, firm, association,

17  organization, partnership, business, trust, corporation, limited liability company, joint venture or public

18  entity.

19      H.      As used herein, the terms "RELATE TO," "RELATES TO," "RELATED TO," and/or

20  "RELATING TO" mean discuss, support, refute, reflect, mention, embody, pertain to, involve,

21  comprise, respond to, concern, contain, summarize, memorialize, evidence, refer to, or connect in any

22  way legally, factually or logically with, the matter therein.

23      I.      As used herein, "COMMUNICATION" or "COMMUNICATIONS" includes any

24  contacts between or among two or more PERSONS, and includes without limitation, written contact by

25  such means as letters, memoranda, telegrams, telexes, electronic mail or any other DOCUMENTS, and

26  oral contact by such means as face-to-face meetings and telephone conversations.

27      J.      As used herein, the term "ANY" as well as "ALL" shall be construed to include "each"

28  and "every" within their meanings.

4

K.     In these Requests, the terms "and" and "or" have both conjunctive and disjunctive meanings so as to be inclusive of any documents which otherwise may be excluded from production.

L.     In these Requests, the use of the singular includes the plural and the use of the plural includes the singular, so as to be inclusive of any DOCUMENTS which may otherwise be excluded from production.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1.**

ANY and ALL DOCUMENTS, tangible things and other items that support, refute or in ANY way RELATE TO YOUR DENIAL of the allegations in the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 2.**

ANY and ALL DOCUMENTS that support, refute or RELATE TO ANY and ALL affirmative defenses in your Answer.

**REQUEST FOR PRODUCTION NO. 3.**

ANY and ALL DOCUMENTS, tangible things and other items that RELATE TO YOUR annual gross revenues in 2015.

**REQUEST FOR PRODUCTION NO. 4.**

ANY and ALL DOCUMENTS, tangible things and other items that RELATE TO YOUR annual net profits in 2015.

**REQUEST FOR PRODUCTION NO. 5.**

ANY and ALL DOCUMENTS, tangible things and other items that RELATE TO amount paid to each writer – whether staff, contract, or writers for the "CONAN" show in 2015.

**REQUEST FOR PRODUCTION NO. 6.**

ANY and ALL DOCUMENTS, including any and all emails, involving JOSH COMERS regarding any and all jokes MR. COMERS submitted to you for use on the "CONAN" show monologue in the last three years.

**REQUEST FOR PRODUCTION NO. 7.**

5

1    ANY and ALL DOCUMENTS, including any and all emails, involving BRIAN KILY

2  regarding any and all jokes MR. KILY submitted to you for use on the "CONAN" show monologue in

3  the last three years.

4  **REQUEST FOR PRODUCTION NO. 8.**

5    ANY and ALL DOCUMENTS, including any and all emails, involving ROB KUTNER

6  regarding any and all jokes MR. KUTNER submitted to you for use on the "CONAN" show

7  monologue in the last three years.

8

9  Dated: 3/14/2015                              By:

10                                                JAYSON M. LORENZO
                                                  Attorney for PLAINTIFF
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

PLAINTIFFS REQUEST FOR PRODUCTION TO DEFENDANT, SET ONE

# Exhibit 8

1  PATRICIA L. GLASER – State Bar No. 55668
   pglaser@glaserweil.com
2  ERICA J. VAN LOON - State Bar No. 227712
   evanloon@glaserweil.com
3  BRITTANY ELIAS - State Bar No. 305922
   belias@glaserweil.com
4  GLASER WEIL FINK HOWARD
     AVCHEN & SHAPIRO LLP
5  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
6  Telephone:  (310) 553-3000
   Facsimile:  (310) 556-2920
7  *Attorneys for Defendants*

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  ROBERT ALEXANDER KASEBERG,        CASE NO.: 15-CV-01637-JLS-DHB

12              Plaintiff,            Hon. Janis L. Sammartino

13  v.

14                                    **TIME WARNER INC.'S**
                                      **OBJECTIONS AND RESPONSE**
15  CONACO, LLC, TURNER               **TO PLAINTIFF'S**
    BROADCASTING SYSTEM, TIME         **INTERROGATORIES (SET ONE)**
16  WARNER, INC., CONAN O'BRIEN,
    JEFF ROSS, MIKE SWEENEY; DOES
17  1-50, inclusive,

18              Defendants.

19

20  PROPOUNDING PARTY:      ROBERT ALEXANDER KASEBERG

21  RESPONDING PARTY:       TIME WARNER INC.

22  SET NO.:                ONE

23

24        Pursuant to Fed. R. Civ. P. 26 and 33, Defendant Time Warner Inc. ("Time

25  Warner") hereby answers, objects, or otherwise responds to Plaintiff Robert

26  Alexander Kaseberg's ("Plaintiff" or "Kaseberg") First Set of Interrogatories.  Time

27  Warner expressly reserves the right to supplement, amend, or correct these responses.

28

**Glaser Weil**

# PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action.  Each answer is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds which would require the exclusion of any statement herein if the Interrogatories were asked of, or any statements contained herein were made by, a witness present and testifying in Court, all of which objections and grounds are reserved and may be interposed at the time of trial.

Time Warner has not completed its investigation of the facts relating to this case and has not completed its preparation for trial.  The following responses are based upon information presently available to Time Warner and are made without prejudice to Time Warner of the right to utilize subsequently discovered facts.

Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby.  The fact that Time Warner has answered any interrogatories should not be taken as an admission that Time Warner accepts or admits the existence of any facts set forth or assumed by such interrogatory, or that such response constitutes admissible evidence.  The fact that Time Warner has answered part or all of any interrogatory is not intended and shall not be construed to be a waiver by Time Warner of all or any part of any objection to any interrogatory.

The Preliminary Statement is incorporated into each of the responses set forth below.

# GENERAL OBJECTIONS

Time Warner generally objects to these Interrogatories on each and every one of the following grounds, which are incorporated into and made a part of Time Warner's response to each and every Interrogatory:

1.      Time Warner objects to the extent the Interrogatories seek to impose obligations upon Time Warner not required by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of

**TIME WARNER'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

15cv01637-JLS-DHB

California ("Local Rules"), or the Orders of this Court.  Time Warner's responses shall be controlled by and comply with the requirements of the Federal Rules, the Local Rules, and the Orders of this Court.

2.     Time Warner objects to extent the Interrogatories seek information not relevant to any claim or defense of a party, and expressly reserves all rights to withhold information or documents on that basis alone or in conjunction with other bases set forth herein.

3.     Time Warner objects to the extent the Interrogatories are vague, ambiguous, and incomprehensible.  As drafted, the Interrogatories could require responses and/or the production of documents that have no relationship to the facts and issues in dispute and which are not reasonably calculated to lead to the discovery of admissible evidence.

4.     Time Warner objects to the Interrogatories and their accompanying "Definitions" and "Instructions" as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and information or documents that are neither relevant nor proportional to the needs of the case.

5.     Time Warner objects to the extent the Interrogatories call for information which is confidential and proprietary, including trade secrets and sensitive financial information, prior to the entry of a protective order in this action.

6.     Time Warner objects to the extent the Interrogatories seek information which is publicly available and/or equally available to Plaintiff and the burden of obtaining the responsive information is substantially the same for Plaintiff as it is for Time Warner.

7.     Time Warner objects to the extent the Interrogatories are unreasonably duplicative in nature, and/or designed to harass and increase costs, rather than reflect a good faith effort at seeking relevant evidence.

8.     Time Warner objects to the extent the Interrogatories call for the

**TIME WARNER'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

15cv01637-JLS-DHB

Glaser Weil

disclosure of documents or information subject to the attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or common interest privilege, or any other applicable privileges.  Such information or documents shall not be provided in response to these interrogatories, and any inadvertent disclosure or production thereof shall not be deemed a waiver of any privilege or protection with respect to such information or documents.

9.     Time Warner objects to the extent the Interrogatories seek documents or information which are subject to certain confidentiality provisions between Time Warner and/or its affiliated companies and/or others and which may not be disclosed absent the consent of the parties to such contracts.

10.     Time Warner objects to the extent the Interrogatories seek documents or information from sources that are not reasonably accessible because of undue burden and cost.

11.     Time Warner objects to the definition of "YOU" and "YOUR" as vague, ambiguous, overbroad, unduly burdensome, not relevant, and not likely to lead to the discovery of admissible evidence, to the extent they purport to require Time Warner to respond on behalf of persons or entities other than Time Warner.  For purposes of its responses herein, Time Warner will interpret "YOU" and "YOUR" to refer to Time Warner Inc., and its directors, officers, and employees only.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Please IDENTIFY YOUR annual gross revenues in 2015.

**RESPONSE TO INTERROGATORY NO. 1:**

Time Warner incorporates by reference each of the foregoing General Objections as if fully set forth herein.  Time Warner objects to the definition of "YOUR" as overbroad and vague and ambiguous.  Time Warner will interpret "YOUR" to refer to Time Warner Inc., and its directors, officers, and employees only.  Time Warner further objects to the undefined term "annual gross revenues" as vague

4

and ambiguous in that it fails to specifically identify what revenue information it seeks from Time Warner.  Time Warner further objects to this Interrogatory as Time Warner's annual gross revenues are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes.  Time Warner further objects to this Interrogatory as harassing as Time Warner is an indirect holding company for Turner Broadcasting System, Inc., as well as numerous other companies, and is an improperly named defendant in this suit.  Time Warner further objects to this Interrogatory as overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defense and is not proportional to the needs of the case, especially to the extent the Interrogatory seeks revenue information not attributable to any alleged infringement.  Time Warner further objects to this Interrogatory to the extent it seeks publicly accessible revenue information equally available to Plaintiff.  Time Warner further objects to this Interrogatory to the extent it seeks information which is subject to certain confidentiality provisions between Time Warner and/or its affiliated companies and/or others and which may not be disclosed absent the consent of the parties to such contracts.

**INTERROGATORY NO. 2:**

Please IDENTIFY ALL WITNESSES and PERSONS who calculate and/or determine YOUR annual gross revenues in 2015.

**RESPONSE TO INTERROGATORY NO. 2:**

Time Warner incorporates by reference each of the foregoing General Objections as if fully set forth herein.  Time Warner objects to the definition of "YOUR" as overbroad and vague and ambiguous.  Time Warner will interpret "YOUR" to refer to Time Warner Inc., and its directors, officers, and employees only. Time Warner further objects to the undefined term "annual gross revenues" as vague and ambiguous in that it fails to specifically identify the revenue information to which this Interrogatory relates.  Time Warner further objects to this Interrogatory as Time

5

15cv01637-JLS-DHB

1169958

Glaser Weil

Warner's annual gross revenues, and the identification of those individuals that calculate and/or determine Time Warner's annual gross revenues, are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes.  Time Warner further objects to this Interrogatory as harassing as Time Warner is an indirect holding company for Turner Broadcasting System, Inc., as well as numerous other companies, and is an improperly named defendant in this suit.  Time Warner further objects to this Interrogatory as overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defense and is not proportional to the needs of the case, especially to the extent the Interrogatory relates to revenue information not attributable to any alleged infringement.  Time Warner further objects to this Interrogatory to the extent that it seeks information about the identities of individual non-parties, the disclosure of which may lead to the invasion of privacy, harassment, or unnecessary involvement of individuals who are non-parties.  Time Warner further objects to this Interrogatory to the extent it seeks information which is subject to certain confidentiality provisions between Time Warner and/or its affiliated companies and/or others and which may not be disclosed absent the consent of the parties to such contracts.

**INTERROGATORY NO. 3:**

Please IDENTIFY ALL DOCUMENTS that RELATE TO YOUR annual gross revenues in 2015.

**RESPONSE TO INTERROGATORY NO. 3:**

Time Warner incorporates by reference each of the foregoing General Objections as if fully set forth herein.  Time Warner objects to the definition of "YOUR" as overbroad and vague and ambiguous.  Time Warner will interpret "YOUR" to refer to Time Warner Inc., and its directors, officers, and employees only. Time Warner further objects to the undefined term "annual gross revenues" as vague and ambiguous in that it fails to specifically identify the revenue information to which this Interrogatory relates.  Time Warner further objects to this Interrogatory as Time

Warner's annual gross revenues, and the identification of documents relating to such, are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes. Time Warner further objects to this request as harassing as Time Warner is an indirect holding company for Turner Broadcasting System, Inc., as well as numerous other companies, and is an improperly named defendant in this suit. Time Warner further objects to this Interrogatory as overbroad, unduly burdensome, and harassing to the extent the Interrogatory seeks the identification of documents containing financial information which is not relevant to any party's claim or defense and is not proportional to the needs of the case, especially to the extent the Interrogatory relates to revenue information not attributable to any alleged infringement. Time Warner objects to this Interrogatory to the extent it seeks the identification of "all documents" and not information proportional to the needs of this case. Time Warner further objects to this Interrogatory to the extent that it seeks the identification of confidential information prior to the entry of a suitable protective order in this case. Time Warner further objects to this Interrogatory to the extent it seeks the identification of documents which are subject to certain confidentiality provisions between Time Warner and/or its affiliated companies and/or others and which may not be disclosed absent the consent of the parties to such contracts. Time Warner further objects to this Interrogatory to the extent it calls for the identification of documents or information subject to the attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or common interest privilege, or any other applicable privileges. Time Warner further objects to this Interrogatory to the extent it purports to require the identification of documents from sources that are not reasonably accessible because of undue burden and cost.

TIME WARNER'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)

15cv01637-JLS-DHB

1169958

DATED:  April 18, 2016

GLASER WEIL FINK HOWARD
AVCHEN & SHAPIRO LLP


By: */s/ Erica J. Van Loon*
    PATRICIA L. GLASER
    ERICA J. VAN LOON
    BRITTANY ELIAS
    *Attorneys for Defendants*

**TIME WARNER'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

15cv01637-JLS-DHB

1169958

**Glaser Weil**

### PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, 19th Floor, Los Angeles, California 90067.

On April 18, 2016, I served the foregoing document(s) described as: **TIME WARNER INC.'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)** on the interested parties to this action at the following address(es):

SEE ATTACHED LIST

☐ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☒ **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☐ **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows: I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☐ **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

☐ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☐ (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on April 18, 2016, at Los Angeles, California.

/s/ Nicholas E. Huskins
Nicholas E. Huskins

1169958

15cv01637-JLS-DHB

**<u>SERVICE LIST</u>**

1

2   Jayson M. Lorenzo
    2794 Gateway Road, Suite 116
3   Carlsbad, CA 92009
    (Tel)  760-517-6646
4   (Fax) 760-520-7900
    Jmlorenzo.esq@gmail.com
5   Attorney for Plaintiff
    Robert Alexander Kaseberg

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

# Exhibit 9

1  PATRICIA L. GLASER – State Bar No. 55668
   pglaser@glaserweil.com
2  ERICA J. VAN LOON - State Bar No. 227712
   evanloon@glaserweil.com
3  BRITTANY ELIAS - State Bar No. 305922
   belias@glaserweil.com
4  GLASER WEIL FINK HOWARD
     AVCHEN & SHAPIRO LLP
5  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
6  Telephone:  (310) 553-3000
   Facsimile:  (310) 556-2920
7  *Attorneys for Defendants*

8                  UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11 ROBERT ALEXANDER KASEBERG,        CASE NO.: 15-CV-01637-JLS-DHB

12            Plaintiff,             Hon. Janis L. Sammartino

13 v.
                                     **TURNER BROADCASTING**
14                                   **SYSTEM, INC.'S OBJECTIONS**
   CONACO, LLC, TURNER              **AND RESPONSE TO**
15 BROADCASTING SYSTEM, TIME        **PLAINTIFF'S**
   WARNER, INC., CONAN O'BRIEN,     **INTERROGATORIES (SET ONE)**
16 JEFF ROSS, MIKE SWEENEY; DOES
   1-50, inclusive,
17
              Defendants.
18

19

20 PROPOUNDING PARTY:      ROBERT ALEXANDER KASEBERG

21 RESPONDING PARTY:       TURNER BROADCASTING SYSTEM, INC.

22 SET NO.:                ONE

23

24      Pursuant to Fed. R. Civ. P. 26 and 33, Defendant Turner Broadcasting System,

25 Inc. ("TBS") hereby answers, objects, or otherwise responds to Plaintiff Robert

26 Alexander Kaseberg's ("Plaintiff" or "Kaseberg") First Set of Interrogatories.  TBS

27 expressly reserves the right to supplement, amend, or correct these responses.

28

**Glaser Weil**

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action.  Each answer is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds which would require the exclusion of any statement herein if the Interrogatories were asked of, or any statements contained herein were made by, a witness present and testifying in Court, all of which objections and grounds are reserved and may be interposed at the time of trial.

TBS has not completed its investigation of the facts relating to this case and has not completed its preparation for trial.  The following responses are based upon information presently available to TBS and are made without prejudice to TBS of the right to utilize subsequently discovered facts.

Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby.  The fact that TBS has answered any interrogatories should not be taken as an admission that TBS accepts or admits the existence of any facts set forth or assumed by such interrogatory, or that such response constitutes admissible evidence.  The fact that TBS has answered part or all of any interrogatory is not intended and shall not be construed to be a waiver by TBS of all or any part of any objection to any interrogatory.

The Preliminary Statement is incorporated into each of the responses set forth below.

## GENERAL OBJECTIONS

TBS generally objects to these Interrogatories on each and every one of the following grounds, which are incorporated into and made a part of TBS's response to each and every Interrogatory:

1.      TBS objects to the extent the Interrogatories seek to impose obligations upon TBS not required by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of California ("Local

**TBS'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**
15cv01637-JLS-DHB

1169975

Rules"), or the Orders of this Court.  TBS's responses shall be controlled by and comply with the requirements of the Federal Rules, the Local Rules, and the Orders of this Court.

2.      TBS objects to extent the Interrogatories seek information not relevant to any claim or defense of a party, and expressly reserves all rights to withhold information or documents on that basis alone or in conjunction with other bases set forth herein.

3.      TBS objects to the extent the Interrogatories are vague, ambiguous, and incomprehensible.  As drafted, the Interrogatories could require responses and/or the production of documents that have no relationship to the facts and issues in dispute and which are not reasonably calculated to lead to the discovery of admissible evidence.

4.      TBS objects to the Interrogatories and their accompanying "Definitions" and "Instructions" as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and information or documents that are neither relevant nor proportional to the needs of the case.

5.      TBS objects to the extent the Interrogatories call for information which is confidential and proprietary, including trade secrets and sensitive financial information, prior to the entry of a protective order in this action.

6.      TBS objects to the extent the Interrogatories seek information which is publicly available and/or equally available to Plaintiff and the burden of obtaining the responsive information is substantially the same for Plaintiff as it is for TBS.

7.      TBS objects to the extent the Interrogatories are unreasonably duplicative in nature, and/or designed to harass and increase costs, rather than reflect a good faith effort at seeking relevant evidence.

8.      TBS objects to the extent the Interrogatories call for the disclosure of documents or information subject to the attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or common interest privilege, or any other

3

**TBS'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

15cv01637-JLS-DHB

applicable privileges.  Such information or documents shall not be provided in response to these interrogatories, and any inadvertent disclosure or production thereof shall not be deemed a waiver of any privilege or protection with respect to such information or documents.

9.    TBS objects to the extent the Interrogatories seek documents or information which are subject to certain confidentiality provisions between TBS and/or its affiliated companies and/or others and which may not be disclosed absent the consent of the parties to such contracts.

10.    TBS objects to the extent the Interrogatories seek documents or information from sources that are not reasonably accessible because of undue burden and cost.

11.    TBS objects to the definition of "YOU" and "YOUR" as vague, ambiguous, overbroad, unduly burdensome, not relevant, and not likely to lead to the discovery of admissible evidence, to the extent they purport to require TBS to respond on behalf of persons or entities other than TBS.  For purposes of its responses herein, TBS will interpret "YOU" and "YOUR" to refer to Turner Broadcasting System, Inc. and its directors, officers, and employees only.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Please IDENTIFY YOUR annual gross revenues in 2015.

**RESPONSE TO INTERROGATORY NO. 1:**

TBS incorporates by reference each of the foregoing General Objections as if fully set forth herein.  TBS further objects to the definition of "YOUR" as overbroad and vague and ambiguous.  TBS will interpret "YOUR" to refer to Turner Broadcasting System, Inc. and its directors, officers, and employees only.  TBS further objects to the undefined term "annual gross revenues" as vague and ambiguous in that it fails to specifically identify what revenue information it seeks from TBS.  TBS further objects to this Interrogatory as TBS's annual gross revenues

are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes.  TBS further objects to this Interrogatory as harassing as TBS is a global media company that creates and programs branded news; entertainment; kids and young adult; and sports media environments on television and other platforms for consumers around the world, unrelated to the TBS television network and/or the "Conan" show.  TBS further objects to this Interrogatory as overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defense and is not proportional to the needs of the case, especially to the extent the Interrogatory seeks revenue information not attributable to any alleged infringement.  TBS further objects to this Interrogatory to the extent it seeks publicly accessible revenue information equally available to Plaintiff.  TBS further objects to this Interrogatory to the extent it seeks information which is subject to certain confidentiality provisions between TBS and/or its affiliated companies and/or others and which may not be disclosed absent the consent of the parties to such contracts.

**INTERROGATORY NO. 2:**

Please IDENTIFY ALL WITNESSES and PERSONS who calculate and/or determine YOUR annual gross revenues in 2015.

**RESPONSE TO INTERROGATORY NO. 2:**

TBS incorporates by reference each of the foregoing General Objections as if fully set forth herein.  TBS objects to the definition of "YOUR" as overbroad and vague and ambiguous.  TBS will interpret "YOUR" to refer to Turner Broadcasting System, Inc. and its directors, officers, and employees only.  TBS further objects to the undefined term "annual gross revenues" as vague and ambiguous in that it fails to specifically identify the revenue information to which this Interrogatory relates.  TBS further objects to this Interrogatory as TBS's annual gross revenues, and the identification of those individuals that calculate and/or determine TBS's annual gross revenues, are irrelevant to Plaintiff's claim for alleged damages as to four one-liner

Glaser Weil

jokes.  TBS further objects to this Interrogatory as harassing as TBS is a global media company that creates and programs branded news; entertainment; kids and young adult; and sports media environments on television and other platforms for consumers around the world, unrelated to the TBS television network and/or the "Conan" show. TBS further objects to this Interrogatory as overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defense and is not proportional to the needs of the case, especially to the extent the Interrogatory relates to revenue information not attributable to any alleged infringement.  TBS further objects to this Interrogatory to the extent that it seeks information about the identities of individual non-parties, the disclosure of which may lead to the invasion of privacy, harassment, or unnecessary involvement of individuals who are non-parties.  TBS further objects to this Interrogatory to the extent it seeks information which is subject to certain confidentiality provisions between TBS and/or its affiliated companies and/or others and which may not be disclosed absent the consent of the parties to such contracts.

**INTERROGATORY NO. 3:**

Please IDENTIFY ALL DOCUMENTS that RELATE TO YOUR annual gross revenues in 2015.

**RESPONSE TO INTERROGATORY NO. 3:**

TBS incorporates by reference each of the foregoing General Objections as if fully set forth herein.  TBS objects to the definition of "YOUR" as overbroad and vague and ambiguous.  TBS will interpret "YOUR" to refer to Turner Broadcasting System, Inc. and its directors, officers, and employees only.  TBS objects to the undefined term "annual gross revenues" as vague and ambiguous in that it fails to specifically identify the revenue information to which this Interrogatory relates.  TBS further objects to this Interrogatory as TBS's annual gross revenues, and the identification of documents relating to such, are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes.  TBS further objects to this Interrogatory

Glaser Weil

1  as harassing as TBS is a global media company that creates and programs branded

2  news; entertainment; kids and young adult; and sports media environments on

3  television and other platforms for consumers around the world, unrelated to the TBS

4  television network and/or the "Conan" show.  TBS further objects to this

5  Interrogatory as overbroad, unduly burdensome, and harassing to the extent the

6  Interrogatory seeks the identification of documents containing financial information

7  which is not relevant to any party's claim or defense and is not proportional to the

8  needs of the case, especially to the extent the Interrogatory relates to revenue

9  information not attributable to any alleged infringement.  TBS objects to this

10  Interrogatory to the extent it seeks the identification of "all documents" and not

11  information proportional to the needs of this case.  TBS further objects to this

12  Interrogatory to the extent that it seeks the identification of confidential information

13  prior to the entry of a suitable protective order in this case.  TBS further objects to this

14  Interrogatory to the extent it seeks the identification of documents which are subject

15  to certain confidentiality provisions between TBS and/or its affiliated companies

16  and/or others and which may not be disclosed absent the consent of the parties to such

17  contracts.  TBS further objects to this Interrogatory to the extent it calls for the

18  identification of documents or information subject to the attorney-client privilege, the

19  attorney work-product doctrine, the joint-defense and/or common interest privilege,

20  or any other applicable privileges.  TBS further objects to this Interrogatory to the

21  extent it purports to require the identification of documents from sources that are not

22  reasonably accessible because of undue burden and cost.

23

24

25

26

27

28

**TBS'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

15cv01637-JLS-DHB

1169975

Glaser Weil

DATED:  April 18, 2016

GLASER WEIL FINK HOWARD
 AVCHEN & SHAPIRO LLP


By: */s/ Erica J. Van Loon*
        PATRICIA L. GLASER
        ERICA J. VAN LOON
        BRITTANY ELIAS
        *Attorneys for Defendants*

**TBS'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

15cv01637-JLS-DHB

1169975

**Glaser Weil**

## PROOF OF SERVICE

1

2      I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, 19th Floor, Los Angeles, California 90067.

3

4      On April 18, 2016, I served the foregoing document(s) described as: **TURNER BROADCASTING SYSTEM, INC.'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)** on the interested parties to this action at the following address(es):

5

6      SEE ATTACHED LIST

7

8    ☐   **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

9

10

11

12    ☐   **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

13

14    ☒   **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

15    ☐   **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows:  I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

16

17

18    ☐   **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

19

20    ☐   **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

21

22    ☐   (State)      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

23    ☒   (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury that the above is true and correct.

24

25      Executed on April 18, 2016, at Los Angeles, California.

26

27                              /s/ Nicholas E. Huskins
                               Nicholas E. Huskins

28

1
**PROOF OF SERVICE**

15cv01637-JLS-DHB

1

## SERVICE LIST

2

3

4

5

6

Jayson M. Lorenzo
2794 Gateway Road, Suite 116
Carlsbad, CA 92009
(Tel)  760-517-6646
(Fax) 760-520-7900
Jmlorenzo.esq@gmail.com
Attorney for Plaintiff
Robert Alexander Kaseberg

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Glaser Weil

**PROOF OF SERVICE**

# Exhibit 10

PATRICIA L. GLASER – State Bar No. 55668
pglaser@glaserweil.com
ERICA J. VAN LOON - State Bar No. 227712
evanloon@glaserweil.com
BRITTANY ELIAS - State Bar No. 305922
belias@glaserweil.com
GLASER WEIL FINK HOWARD
    AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:  (310) 556-2920
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG, | CASE NO.: 15-CV-01637-JLS-DHB |
| Plaintiff, | Hon. Janis L. Sammartino |
| v. | **CONACO, LLC'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)** |
| CONACO, LLC, TURNER BROADCASTING SYSTEM, TIME WARNER, INC., CONAN O'BRIEN, JEFF ROSS, MIKE SWEENEY; DOES 1-50, inclusive, | |
| Defendants. | |

PROPOUNDING PARTY:     ROBERT ALEXANDER KASEBERG

RESPONDING PARTY:     CONACO, LLC

SET NO.:                          ONE

        Pursuant to Fed. R. Civ. P. 26 and 33, Defendant Conaco, LLC ("Conaco"),

hereby answers, objects, or otherwise responds to Plaintiff Robert Alexander

Kaseberg's ("Plaintiff" or "Kaseberg") First Set of Interrogatories.  Conaco expressly

reserves the right to supplement, amend, or correct these responses.

Glaser Weil

## **PRELIMINARY STATEMENT**

These responses are made solely for the purpose of this action.  Each answer is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds which would require the exclusion of any statement herein if the Interrogatories were asked of, or any statements contained herein were made by, a witness present and testifying in Court, all of which objections and grounds are reserved and may be interposed at the time of trial.

Conaco has not completed its investigation of the facts relating to this case and has not completed its preparation for trial.  The following responses are based upon information presently available to Conaco and are made without prejudice to Conaco of the right to utilize subsequently discovered facts.

Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby.  The fact that Conaco has answered any interrogatories should not be taken as an admission that Conaco accepts or admits the existence of any facts set forth or assumed by such interrogatory, or that such response constitutes admissible evidence.  The fact that Conaco has answered part or all of any interrogatory is not intended and shall not be construed to be a waiver by Conaco of all or any part of any objection to any interrogatory.

The Preliminary Statement is incorporated into each of the responses set forth below.

## **GENERAL OBJECTIONS**

Conaco generally objects to these Interrogatories on each and every one of the following grounds, which are incorporated into and made a part of Conaco's response to each and every Interrogatory.

1.      Conaco objects to the extent the Interrogatories seek to impose obligations upon Conaco not required by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of California

("Local Rules"), or the Orders of this Court. Conaco's responses shall be controlled by and comply with the requirements of the Federal Rules, the Local Rules, and the Orders of this Court.

2.      Conaco objects to extent the Interrogatories seek information not relevant to any claim or defense of a party, and expressly reserves all rights to withhold information or documents on that basis alone or in conjunction with other bases set forth herein.

3.      Conaco objects to the extent the Interrogatories are vague, ambiguous, and incomprehensible. As drafted, the Interrogatories could require responses and/or the production of documents that have no relationship to the facts and issues in dispute and which are not reasonably calculated to lead to the discovery of admissible evidence.

4.      Conaco objects to the Interrogatories and their accompanying "Definitions" and "Instructions" as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and information or documents that are neither relevant nor proportional to the needs of the case.

5.      Conaco objects to the extent the Interrogatories call for information which is confidential and proprietary, including trade secrets and sensitive financial information, prior to the entry of a protective order in this action.

6.      Conaco objects to the extent the Interrogatories seek information which is publicly available and/or equally available to Plaintiff and the burden of obtaining the responsive information is substantially the same for Plaintiff as it is for Conaco.

7.      Conaco objects to the extent the Interrogatories are unreasonably duplicative in nature, and/or designed to harass and increase costs, rather than reflect a good faith effort at seeking relevant evidence.

8.      Conaco objects to the extent the Interrogatories call for the disclosure of documents or information subject to the attorney-client privilege, the attorney work-

product doctrine, the joint-defense and/or common interest privilege, the right of privacy, or any other applicable privileges.  Such information or documents shall not be provided in response to these interrogatories, and any inadvertent disclosure or production thereof shall not be deemed a waiver of any privilege or protection with respect to such information or documents.

9.     Conaco objects to the extent the Interrogatories seek documents or information which are subject to certain confidentiality provisions between Conaco and/or its affiliated companies and/or others and which may not be disclosed absent the consent of the parties to such contracts.

10.    Conaco objects to the extent the Interrogatories seek documents or information from sources that are not reasonably accessible because of undue burden and cost.

11.    Conaco objects to the definition of "YOU" and "YOUR" as vague, ambiguous, overbroad, unduly burdensome, not relevant, and not likely to lead to the discovery of admissible evidence, to the extent they purport to require Conaco to respond on behalf of persons or entities other than Conaco.  For purposes of its responses herein, Conaco will interpret "YOU" and "YOUR" to refer to Conaco, LLC, and its directors, officers, and employees only.

### RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Please IDENTIFY YOUR annual gross revenues in 2015.

**RESPONSE TO INTERROGATORY NO. 1:**

Conaco incorporates by reference each of the foregoing General Objections as if fully set forth herein.  Conaco objects to the definition of "YOUR" as overbroad and vague and ambiguous.  Conaco will interpret "YOUR" to refer to Conaco, LLC and its directors, officers, and employees only.  Conaco further objects to the undefined term "annual gross revenues" as vague and ambiguous in that it fails to specifically identify what revenue information it seeks from Conaco.  Conaco further

4

Glaser Weil

objects to this Interrogatory as Conaco's annual gross revenues are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes.  Conaco further objects to this Interrogatory as overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defense and is not proportional to the needs of the case, especially to the extent the Interrogatory seeks revenue information not attributable to any alleged infringement.  Conaco further objects to this Interrogatory to the extent it seeks confidential financial information prior to the entry of a suitable protective order in this case.  Conaco further objects to this Interrogatory to the extent it seeks information which is subject to certain confidentiality provisions between Conaco and/or its affiliated companies and/or others and which may not be disclosed absent the consent of the parties to such contracts.

**INTERROGATORY NO. 2:**

Please IDENTIFY ALL WITNESSES and PERSONS who calculate and/or determine YOUR annual gross revenues in 2015.

**RESPONSE TO INTERROGATORY NO. 2:**

Conaco incorporates by reference each of the foregoing General Objections as if fully set forth herein.  Conaco objects to the definition of "YOUR" as overbroad and vague and ambiguous.  Conaco will interpret "YOUR" to refer to Conaco, LLC, and its directors, officers, and employees only.  Conaco further objects to the undefined term "annual gross revenues" as vague and ambiguous in that it fails to specifically identify the revenue information to which this Interrogatory relates. Conaco further objects to this Interrogatory as Conaco's annual gross revenues, and the identification of those individuals that calculate and/or determine Conaco's annual gross revenues, are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes.  Conaco further objects to this Interrogatory as overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claims or defense and is not

5

Glaser Weil

1  proportional to the needs of the case, especially to the extent the Interrogatory relates

2  to revenue information not attributable to any alleged infringement.  Conaco further

3  objects to this Interrogatory to the extent that it seeks information about the identities

4  of individual non-parties, the disclosure of which may lead to the invasion of privacy,

5  harassment, or unnecessary involvement of individuals who are non-parties.  Conaco

6  further objects to this Interrogatory to the extent it seeks information which is subject

7  to certain confidentiality provisions between Conaco and/or its affiliated companies

8  and/or others and which may not be disclosed absent the consent of the parties to such

9  contracts.

10  **INTERROGATORY NO. 3:**

11      Please IDENTIFY ALL DOCUMENTS that RELATE TO YOUR annual gross

12  revenues in 2015.

13  **RESPONSE TO INTERROGATORY NO. 3:**

14      Conaco incorporates by reference each of the foregoing General Objections as

15  if fully set forth herein.  Conaco objects to the definition of "YOUR" as overbroad

16  and vague and ambiguous.  Conaco will interpret "YOUR" to refer to Conaco, LLC,

17  and its directors, officers, and employees only.  Conaco further objects to the

18  undefined term "annual gross revenues" as vague and ambiguous in that it fails to

19  specifically identify the revenue information to which this Interrogatory relates.

20  Conaco further objects to this Interrogatory as Conaco's annual gross revenues, and

21  the identification of documents relating to such, are irrelevant to Plaintiff's claims for

22  alleged damages as to four one-liner jokes.  Conaco further objects to this

23  Interrogatory as overbroad, unduly burdensome, and harassing to the extent the

24  Interrogatory seeks the identification of documents containing financial information

25  which is not relevant to any party's claims or defenses, and is not proportional to the

26  needs of the case, especially to the extent the Interrogatory relates to revenue

27  information which is not attributable to any alleged infringement.  Conaco further

28  objects to this Interrogatory to the extent it seeks the identification of "all documents"

Glaser Weil

and not information proportional to the needs of this case.  Conaco further objects to this Interrogatory to the extent that it seeks the identification of confidential information prior to the entry of a suitable protective order in this case.  Conaco further objects to this Interrogatory to the extent it seeks the identification of documents which are subject to certain confidentiality provisions between Conaco and/or its affiliated companies and/or others and which may not be disclosed absent the consent of the parties to such contracts.  Conaco further objects to this Interrogatory to the extent it calls for the identification of documents or information subject to the attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or common interest privilege, or any other applicable privileges.  Conaco further objects to this Interrogatory to the extent it purports to require the identification of documents from sources that are not reasonably accessible because of undue burden and cost.

**INTERROGATORY NO. 4:**

Please IDENTIFY the names of all persons on YOUR writing staff including any and writing staff interns within the last five years.

**RESPONSE TO INTERROGATORY NO. 4:**

Conaco incorporates by reference each of the foregoing General Objections as if fully set forth herein.  Conaco objects to the definition of "YOUR" as overbroad and vague and ambiguous.  Conaco will interpret "YOUR" to refer to Conaco, LLC, and its directors, officers, and employees only.  Conaco further objects to this Interrogatory as overbroad, unduly burdensome, and harassing to the extent the Interrogatory seeks information which is not relevant to any party's claim or defense and is not proportional to the needs of the case, especially to the extent the Interrogatory is not limited in scope to those writers that wrote, created or edited the jokes specifically identified in the Complaint.  Conaco further objects to this Interrogatory to the extent that it seeks information about the identities of individual non-parties, the disclosure of which may lead to the invasion of privacy, harassment,

7

Glaser Weil

or unnecessary involvement of individuals who are non-parties.  Conaco further objects to this Interrogatory to the extent it purports to require the identification of information from sources that are not reasonably accessible because of undue burden and cost.

Subject to and without waiving the foregoing general and specific objections, Conaco responds as follows: The following members of the writing staff wrote, created, and/or edited the jokes at issue:

(1) Josh Comers

(2) Rob Kutner

(3) Brian Kiley

(4) Mike Sweeney

**INTERROGATORY NO. 5:**

For each person listed in INTERROGATORY NO. 4 please provide the gross revenue or annual salary of each person listed in 2015.

**RESPONSE TO INTERROGATORY NO. 5:**

Conaco incorporates by reference each of the foregoing General Objections as if fully set forth herein. Conaco further objects to this Interrogatory as overbroad, unduly burdensome, and harassing to the extent the Interrogatory seeks information which is not relevant to any party's claim or defense and is not proportional to the needs of the case, especially to the extent the Interrogatory is not limited in scope to those writers that wrote, created or edited the jokes specifically identified in the Complaint. Conaco further objects to this Interrogatory to the extent it seeks the identification of confidential information prior to the entry of a suitable protective order in this case. Conaco further objects that the gross revenues or annual salary of the writing staff or writing staff interns are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes. Conaco further objects to this Interrogatory to the extent it seeks personal financial information subject to the attorney-client privilege, the attorney work-product doctrine, the right of privacy, or any other applicable

1    privileges.

2    **INTERROGATORY NO. 6:**

3         Please IDENTIFY the person most knowledgeable regarding the writing,

4    submission and use of jokes on YOUR "CONAN" show monologue in 2015.

5    **RESPONSE TO INTERROGATORY NO. 6:**

6         Conaco incorporates by reference each of the foregoing General Objections as

7    if fully set forth herein.  Conaco objects to the definition of "YOUR" as overbroad

8    and vague and ambiguous.  Conaco will interpret "YOUR" to refer to Conaco, LLC,

9    and its directors, officers, and employees only.

10        Subject to and without waiving the foregoing general and specific objections,

11   Conaco responds as follows:  Mike Sweeney is Conaco's person most knowledgeable

12   regarding the writing, submission and use of jokes on the "CONAN" show

13   monologue in 2015.

14   **INTERROGATORY NO. 7:**

15        Please IDENTIFY the names of all person on YOUR writing staff including

16   any and writing staff interns who have submitted material or jokes for YOUR

17   "CONAN" show monologue in the last three years.

18   **RESPONSE TO INTERROGATORY NO. 7:**

19        Conaco incorporates by reference each of the foregoing General Objections as

20   if fully set forth herein.  Conaco objects to the definition of "YOUR" as overbroad

21   and vague and ambiguous.  Conaco will interpret "YOUR" to refer to Conaco, LLC,

22   and its directors, officers, and employees only.  Conaco further objects to this

23   Interrogatory as overbroad, unduly burdensome, and harassing to the extent the

24   Interrogatory seeks information which is not relevant to any party's claim or defense

25   and is not proportional to the needs of the case, especially to the extent the

26   Interrogatory is not limited in scope to those writers that wrote, created or edited the

27   jokes specifically identified in the Complaint.  Conaco further objects to this

28   Interrogatory to the extent that it seeks information about the identities of individual

9

non-parties, the disclosure of which may lead to the invasion of privacy, harassment, or unnecessary involvement of individuals who are non-parties. Conaco further objects to the extent this Interrogatory is duplicative of Interrogatory No. 4. Conaco further objects to this Interrogatory to the extent it purports to require the identification of information from sources that are not reasonably accessible because of undue burden and cost.

Subject to and without waiving the foregoing general and specific objections, Conaco responds as follows: The following members of the writing staff wrote, created and/or edited the jokes at issue for the "Conan" show monologue:

(1) Josh Comers

(2) Rob Kutner

(3) Brian Kiley

(4) Mike Sweeney


DATED:  April 18, 2016          GLASER WEIL FINK HOWARD
                                AVCHEN & SHAPIRO LLP


                                By: /s/ Erica J. Van Loon
                                   PATRICIA L. GLASER
                                   ERICA J. VAN LOON
                                   BRITTANY ELIAS
                                   *Attorneys for Defendants*

**Glaser Weil**

**CONACO, LLC'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

15cv01637-JLS-DHB

1173961

## VERIFICATION

I, Mike Sweeney, have read the foregoing Conaco, LLC's Objections and Response to Plaintiff's Interrogatories (Set One) and know its contents.

I am a writer and producer for the "Conan" show, and am authorized to make this verification for and on behalf of Conaco, LLC. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on _____, 2016 at _____.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Mike Sweeney
Conaco, LLC

1
VERIFICATION

**Glaser Weil**

## **PROOF OF SERVICE**

1

2          I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, 19th Floor, Los Angeles, California 90067.

3

4          On April 18, 2016, I served the foregoing document(s) described as: **CONACO, LLC's OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)** on the interested parties to this action at the following address(es):

5

6          SEE ATTACHED LIST

7   ☐   **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

8

9

10

11   ☐   **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

12

13   ☒   **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

14

15   ☐   **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows: I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

16

17   ☐   **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

18

19

20   ☐   **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

21   ☐   (State)      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

22

23   ☒   (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

24

25          Executed on April 18, 2016, at Los Angeles, California.

26                              /s/ Nicholas E. Huskins
                                Nicholas E. Huskins

27

28

**SERVICE LIST**

Jayson M. Lorenzo
2794 Gateway Road, Suite 116
Carlsbad, CA 92009
(Tel)  760-517-6646
(Fax) 760-520-7900
Jmlorenzo.esq@gmail.com
Attorney for Plaintiff
Robert Alexander Kaseberg

2

**PROOF OF SERVICE**

1173961

# Exhibit 11

1   PATRICIA L. GLASER – State Bar No. 55668
    pglaser@glaserweil.com
2   ERICA J. VAN LOON - State Bar No. 227712
    evanloon@glaserweil.com
3   BRITTANY ELIAS - State Bar No. 305922
    belias@glaserweil.com
4   GLASER WEIL FINK HOWARD
      AVCHEN & SHAPIRO LLP
5   10250 Constellation Boulevard, 19th Floor
    Los Angeles, California 90067
6   Telephone:  (310) 553-3000
    Facsimile:  (310) 556-2920
7   *Attorneys for Defendants*

8                  UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10

11  ROBERT ALEXANDER KASEBERG,       CASE NO.: 15-CV-01637-JLS-DHB

12              Plaintiff,            Hon. Janis L. Sammartino

13  v.
                                     **MIKE SWEENEY'S OBJECTIONS**
14                                   **AND RESPONSE TO**
    CONACO, LLC, TURNER              **PLAINTIFF'S**
15  BROADCASTING SYSTEM, TIME        **INTERROGATORIES (SET ONE)**
    WARNER, INC., CONAN O'BRIEN,
16  JEFF ROSS, MIKE SWEENEY; DOES
    1-50, inclusive,
17
                Defendants.
18

19

20  PROPOUNDING PARTY:      ROBERT ALEXANDER KASEBERG

21  RESPONDING PARTY:       MIKE SWEENEY

22  SET NO.:                ONE

23

24       Pursuant to Fed. R. Civ. P. 26 and 33, Defendant Mike Sweeney ("Mr.

25  Sweeney") hereby answers, objects, or otherwise responds to Plaintiff Robert

26  Alexander Kaseberg's ("Plaintiff" or "Kaseberg") First Set of Interrogatories.  Mr.

27  Sweeney expressly reserves the right to supplement, amend, or correct these

28  responses.

                                        1

**PRELIMINARY STATEMENT**

These responses are made solely for the purpose of this action.  Each answer is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds which would require the exclusion of any statement herein if the Interrogatories were asked of, or any statements contained herein were made by, a witness present and testifying in Court, all of which objections and grounds are reserved and may be interposed at the time of trial.

Mr. Sweeney has not completed his investigation of the facts relating to this case and has not completed his preparation for trial.  The following responses are based upon information presently available to Mr. Sweeney and are made without prejudice to Mr. Sweeney of the right to utilize subsequently discovered facts.

Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby.  The fact that Mr. Sweeney has answered any interrogatories should not be taken as an admission that Mr. Sweeney accepts or admits the existence of any facts set forth or assumed by such interrogatory, or that such response constitutes admissible evidence.  The fact that Mr. Sweeney has answered part or all of any interrogatory is not intended and shall not be construed to be a waiver by Mr. Sweeney of all or any part of any objection to any interrogatory.

The Preliminary Statement is incorporated into each of the responses set forth below.

**GENERAL OBJECTIONS**

Mr. Sweeney generally objects to these Interrogatories on each and every one of the following grounds, which are incorporated into and made a part of Mr. Sweeney's response to each and every Interrogatory:

1.      Mr. Sweeney objects to the extent the Interrogatories seek to impose obligations upon Mr. Sweeney not required by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of

Glaser Weil

California ("Local Rules"), or the Orders of this Court.  Mr. Sweeney's responses shall be controlled by and comply with the requirements of the Federal Rules, the Local Rules, and the Orders of this Court.

2.     Mr. Sweeney objects to extent the Interrogatories seek information not relevant to any claim or defense of a party, and expressly reserves all rights to withhold information or documents on that basis alone or in conjunction with other bases set forth herein.

3.     Mr. Sweeney objects to the extent the Interrogatories are vague, ambiguous, and incomprehensible.  As drafted, the Interrogatories could require responses and/or the production of documents that have no relationship to the facts and issues in dispute and which are not reasonably calculated to lead to the discovery of admissible evidence.

4.     Mr. Sweeney objects to the Interrogatories and their accompanying "Definitions" and "Instructions" as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and information or documents that are neither relevant nor proportional to the needs of the case.

5.     Mr. Sweeney objects to the extent the Interrogatories call for information which is confidential and proprietary, including trade secrets and sensitive financial information, prior to the entry of a protective order in this action.

6.     Mr. Sweeney objects to the extent the Interrogatories seek information which is publicly available and/or equally available to Plaintiff and the burden of obtaining the responsive information is substantially the same for Plaintiff as it is for Mr. Sweeney.

7.     Mr. Sweeney objects to the extent the Interrogatories are unreasonably duplicative in nature, and/or designed to harass and increase costs, rather than reflect a good faith effort at seeking relevant evidence.

8.     Mr. Sweeney objects to the extent the Interrogatories call for the

disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or common interest privilege, the right of privacy, or any other applicable privileges.  Such information or documents shall not be provided in response to these interrogatories, and any inadvertent disclosure or production thereof shall not be deemed a waiver of any privilege or protection with respect to such information or documents.

9.      Mr. Sweeney objects to the extent the Interrogatories seek documents or information from sources that are not reasonably accessible because of undue burden and cost.

10.      Mr. Sweeney objects to the definition of "YOU" and "YOUR" as vague, ambiguous, overbroad, unduly burdensome, not relevant, and not likely to lead to the discovery of admissible evidence, to the extent they purport to require Mr. Sweeney to respond on behalf of persons or entities other than Mr. Sweeney.  For purposes of his responses herein, Mr. Sweeney will interpret "YOU" and "YOUR" to refer solely to Mike Sweeney, the individual.

### RESPONSES TO SPECIAL INTERROGATORIES

**SPECIAL INTERROGATORY NO. 1:**

Please IDENTIFY YOUR annual gross revenues in 2015.

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Mr. Sweeney incorporates by reference each of the foregoing General Objections as if fully set forth herein.  Mr. Sweeney objects to the definition of "YOUR" as overbroad and vague and ambiguous.  Mr. Sweeney will interpret "YOUR" to refer solely to Mike Sweeney, the individual.  Mr. Sweeney further objects to the undefined term "annual gross revenues" as vague and ambiguous, insofar as Mr. Sweeney is an individual to whom revenue information is inapplicable. Mr. Sweeney further objects to this Interrogatory as oppressive, burdensome, and harassing to the extent it seeks financial information not kept in the ordinary course of business. Mr. Sweeney further objects to this Interrogatory to the extent that the

4

financial information sought in this Interrogatory is irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes.  Mr. Sweeney further objects to this Interrogatory as overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defense and is not proportional to the needs of the case, especially to the extent the Interrogatory relates to financial information not attributable to any alleged infringement.  Mr. Sweeney further objects to this Interrogatory as seeking confidential financial information prior to the entry of a suitable protective order in this action.  Mr. Sweeney further objects to this Interrogatory to the extent it seeks personal financial information subject to the attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or common interest privilege, the right of privacy, or any other applicable privileges.

**INTERROGATORY NO. 2:**

Please IDENTIFY ALL WITNESSES and PERSONS who calculate and/or determine YOUR annual gross revenues in 2015.

**RESPONSE TO INTERROGATORY NO. 2:**

Mr. Sweeney incorporates by reference each of the foregoing General Objections as if fully set forth herein.  Mr. Sweeney objects to the definition of "YOUR" as overbroad and vague and ambiguous.  Mr. Sweeney will interpret "YOUR" to refer solely to Mike Sweeney, the individual.  Mr. Sweeney further objects to the undefined term "annual gross revenues" as vague and ambiguous, insofar as Mr. Sweeney is an individual to whom revenue information is inapplicable.  Mr. Sweeney further objects to this Interrogatory as oppressive, burdensome, and harassing to the extent it seeks information not kept in the ordinary course of business.  Mr. Sweeney further objects to this Interrogatory to the extent that the financial information sought in this Interrogatory is irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes.  Mr. Sweeney further objects to this Interrogatory as overbroad, unduly burdensome, and harassing to the extent the

**MIKE SWEENEY'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

15cv01637-JLS-DHB

1  proposed discovery seeks financial information which is not relevant to any party's

2  claim or defense and is not proportional to the needs of the case, especially to the

3  extent the Interrogatory relates to financial information not attributable to any alleged

4  infringement.  Mr. Sweeney further objects to this Interrogatory to the extent that it

5  seeks information about the identities of individual non-parties, the disclosure of

6  which may lead to the invasion of privacy, harassment, or unnecessary involvement

7  of individuals who are non-parties.

8  **INTERROGATORY NO. 3:**

9       Please IDENTIFY ALL DOCUMENTS that RELATE TO YOUR annual gross

10  revenues in 2015.

11  **RESPONSE TO INTERROGATORY NO. 3:**

12       Mr. Sweeney incorporates by reference each of the foregoing General

13  Objections as if fully set forth herein.  Mr. Sweeney objects to the definition of

14  "YOUR" as overbroad and vague and ambiguous.  Mr. Sweeney will interpret

15  "YOUR" to refer solely to Mike Sweeney, the individual.  Mr. Sweeney further

16  objects to undefined term "annual gross revenues" as vague and ambiguous, insofar

17  as Mr. Sweeney is an individual to whom revenue information is inapplicable.  Mr.

18  Sweeney further objects to this Interrogatory as oppressive, burdensome, and

19  harassing to the extent it seeks information not kept in the ordinary course of

20  business.  Mr. Sweeney further objects to this Interrogatory to the extent that the

21  financial information sought in this Interrogatory is irrelevant to Plaintiff's claim for

22  alleged damages as to four one-liner jokes.  Mr. Sweeney further objects to this

23  Interrogatory as overbroad, unduly burdensome, and harassing to the extent the

24  proposed discovery seeks financial information which is not relevant to any party's

25  claim or defense and is not proportional to the needs of the case, especially to the

26  extent the Interrogatory relates to financial information not attributable to any alleged

27  infringement.  Mr. Sweeney further objects to this Interrogatory to the extent it seeks

28  the identification of "all documents" and not information proportional to the needs of

6

Glaser Weil

this case.  Mr. Sweeney further objects to the extent that it seeks the identification of confidential information prior to the entry of a suitable protective order in this case. Mr. Sweeney further objects to this Interrogatory to the extent it seeks personal financial information subject to the attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or common interest privilege, the right of privacy, or any other applicable privileges.  Mr. Sweeney further objects to this Interrogatory to the extent it purports to require the identification of documents from sources that are not reasonably accessible because of undue burden and cost.

DATED:  April 18, 2016

GLASER WEIL FINK HOWARD
AVCHEN & SHAPIRO LLP

By: /s/ Erica J. Van Loon
PATRICIA L. GLASER
ERICA J. VAN LOON
BRITTANY ELIAS
*Attorneys for Defendants*

Glaser Weil

**MIKE SWEENEY'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**
15cv01637-JLS-DHB

1169975

**Glaser Weil**

## PROOF OF SERVICE

1

 I am employed in the County of Los Angeles, State of California; I am over the age of 18

2 and not a party to the within action; my business address is 10250 Constellation Boulevard, 19th Floor, Los Angeles, California 90067.

3

 On April 18, 2016, I served the foregoing document(s) described as: **MIKE SWEENEY'S**

4 **OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)** on

5 the interested parties to this action at the following address(es):

6    SEE ATTACHED LIST

7 ☐   **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall

8    be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to

9    this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of

10   deposit for mailing contained in this affidavit.

11 ☐   **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed

12   document(s) on the individual(s) listed on the attached mailing list.

13 ☒   **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

14

15 ☐   **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows: I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service

16   carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

17 ☐   **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the

18   interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

19 ☐   **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices

20   of the above named addressee(s).

21 ☐   (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

22

23 ☒   (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

24

25  Executed on April 18, 2016, at Los Angeles, California.

26                         /s/ Nicholas E. Huskins
                          Nicholas E. Huskins

27

28

---

1
**PROOF OF SERVICE**

**SERVICE LIST**

1

2  Jayson M. Lorenzo
3  2794 Gateway Road, Suite 116
   Carlsbad, CA 92009
   (Tel)  760-517-6646
4  (Fax) 760-520-7900
   Jmlorenzo.esq@gmail.com
5  Attorney for Plaintiff
   Robert Alexander Kaseberg
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 12

1  PATRICIA L. GLASER – State Bar No. 55668
   pglaser@glaserweil.com
2  ERICA J. VAN LOON - State Bar No. 227712
   evanloon@glaserweil.com
3  BRITTANY ELIAS - State Bar No. 305922
   belias@glaserweil.com
4  GLASER WEIL FINK HOWARD
     AVCHEN & SHAPIRO LLP
5  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
6  Telephone:  (310) 553-3000
   Facsimile:  (310) 556-2920
7  *Attorneys for Defendants*

8                UNITED STATES DISTRICT COURT

9               SOUTHERN DISTRICT OF CALIFORNIA

10

11  ROBERT ALEXANDER KASEBERG,        CASE NO.: 15-CV-01637-JLS-DHB

12              Plaintiff,            Hon. Janis L. Sammartino

13  v.                               **CONAN O'BRIEN'S OBJECTIONS**
                                     **AND RESPONSE TO**
14                                   **PLAINTIFF'S**
    CONACO, LLC, TURNER              **INTERROGATORIES (SET ONE)**
15  BROADCASTING SYSTEM, TIME
    WARNER, INC., CONAN O'BRIEN,
16  JEFF ROSS, MIKE SWEENEY; DOES
    1-50, inclusive,
17
                Defendants.
18

19

20  PROPOUNDING PARTY:      ROBERT ALEXANDER KASEBERG

21  RESPONDING PARTY:       CONAN O'BRIEN

22  SET NO.:                ONE

23

24       Pursuant to Fed. R. Civ. P. 26 and 33, Defendant Conan O'Brien ("Mr.

25  O'Brien") hereby answers, objects, or otherwise responds to Plaintiff Robert

26  Alexander Kaseberg's ("Plaintiff" or "Kaseberg") First Set of Interrogatories.  Mr.

27  O'Brien expressly reserves the right to supplement, amend, or correct these responses.

28

**PRELIMINARY STATEMENT**

These responses are made solely for the purpose of this action.  Each answer is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds which would require the exclusion of any statement herein if the Interrogatories were asked of, or any statements contained herein were made by, a witness present and testifying in Court, all of which objections and grounds are reserved and may be interposed at the time of trial.

Mr. O'Brien has not completed his investigation of the facts relating to this case and has not completed his preparation for trial.  The following responses are based upon information presently available to Mr. O'Brien and are made without prejudice to Mr. O'Brien of the right to utilize subsequently discovered facts.

Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby.  The fact that Mr. O'Brien has answered any interrogatories should not be taken as an admission that Mr. O'Brien accepts or admits the existence of any facts set forth or assumed by such interrogatory, or that such response constitutes admissible evidence.  The fact that Mr. O'Brien has answered part or all of any interrogatory is not intended and shall not be construed to be a waiver by Mr. O'Brien of all or any part of any objection to any interrogatory.

The Preliminary Statement is incorporated into each of the responses set forth below.

**GENERAL OBJECTIONS**

Mr. O'Brien generally objects to these Interrogatories on each and every one of the following grounds, which are incorporated into and made a part of Mr. O'Brien's response to each and every Interrogatory:

1.      Mr. O'Brien objects to the extent the Interrogatories seek to impose obligations upon Mr. O'Brien not required by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of

**CONAN O'BRIEN'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

15cv01637-JLS-DHB

California ("Local Rules"), or the Orders of this Court.  Mr. O'Brien's responses shall be controlled by and comply with the requirements of the Federal Rules, the Local Rules, and the Orders of this Court.

2.     Mr. O'Brien objects to extent the Interrogatories seek information not relevant to any claim or defense of a party, and expressly reserves all rights to withhold information or documents on that basis alone or in conjunction with other bases set forth herein.

3.     Mr. O'Brien objects to the extent the Interrogatories are vague, ambiguous, and incomprehensible.  As drafted, the Interrogatories could require responses and/or the production of documents that have no relationship to the facts and issues in dispute and which are not reasonably calculated to lead to the discovery of admissible evidence.

4.     Mr. O'Brien objects to the Interrogatories and their accompanying "Definitions" and "Instructions" as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and information or documents that are neither relevant nor proportional to the needs of the case.

5.     Mr. O'Brien objects to the extent the Interrogatories call for information which is confidential and proprietary, including trade secrets and sensitive financial information, prior to the entry of a protective order in this action.

6.     Mr. O'Brien objects to the extent the Interrogatories seek information which is publicly available and/or equally available to Plaintiff and the burden of obtaining the responsive information is substantially the same for Plaintiff as it is for Mr. O'Brien.

7.     Mr. O'Brien objects to the extent the Interrogatories are unreasonably duplicative in nature, and/or designed to harass and increase costs, rather than reflect a good faith effort at seeking relevant evidence.

8.     Mr. O'Brien objects to the extent the Interrogatories call for the

**Glaser Weil**

disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or common interest privilege, the right of privacy, or any other applicable privileges. Such information or documents shall not be provided in response to these interrogatories, and any inadvertent disclosure or production thereof shall not be deemed a waiver of any privilege or protection with respect to such information or documents.

9. Mr. O'Brien objects to the extent the Interrogatories seek documents or information from sources that are not reasonably accessible because of undue burden and cost.

10. Mr. O'Brien objects to the definition of "YOU" and "YOUR" as vague, ambiguous, overbroad, unduly burdensome, not relevant, and not likely to lead to the discovery of admissible evidence, to the extent they purport to require Mr. O'Brien to respond on behalf of persons or entities other than Mr. O'Brien. For purposes of his responses herein, Mr. O'Brien will interpret "YOU" and "YOUR" to refer solely to Conan O'Brien, the individual.

**RESPONSES TO SPECIAL INTERROGATORIES**

**SPECIAL INTERROGATORY NO. 1:**

Please IDENTIFY YOUR annual gross revenues in 2015.

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Mr. O'Brien incorporates by reference each of the foregoing General Objections as if fully set forth herein. Mr. O'Brien objects to the definition of "YOUR" as overbroad and vague and ambiguous. Mr. O'Brien will interpret "YOUR" to refer solely to Conan O'Brien, the individual. Mr. O'Brien further objects to the undefined term "annual gross revenues" as vague and ambiguous, insofar as Mr. O'Brien is an individual to whom revenue information is inapplicable. Mr. O'Brien further objects to this Interrogatory as oppressive, burdensome, and harassing to the extent it seeks financial information not kept in the ordinary course of business. Mr. O'Brien further objects to this Interrogatory to the extent that the

4

1  financial information sought in this Interrogatory is irrelevant to Plaintiff's claim for

2  alleged damages as to four one-liner jokes.  Mr. O'Brien further objects to this

3  Interrogatory as overbroad, unduly burdensome, and harassing to the extent the

4  proposed discovery seeks financial information which is not relevant to any party's

5  claim or defense and is not proportional to the needs of the case, especially to the

6  extent the Interrogatory relates to financial information not attributable to any alleged

7  infringement.  Mr. O'Brien further objects to this Interrogatory as seeking

8  confidential financial information prior to the entry of a suitable protective order in

9  this action.  Mr. O'Brien further objects to this Interrogatory to the extent it seeks

10  personal financial information subject to the attorney-client privilege, the attorney

11  work-product doctrine, the joint-defense and/or common interest privilege, the right

12  of privacy, or any other applicable privileges.

13  **INTERROGATORY NO. 2:**

14       Please IDENTIFY ALL WITNESSES and PERSONS who calculate and/or

15  determine YOUR annual gross revenues in 2015.

16  **RESPONSE TO INTERROGATORY NO. 2:**

17       Mr. O'Brien incorporates by reference each of the foregoing General

18  Objections as if fully set forth herein.  Mr. O'Brien objects to the definition of

19  "YOUR" as overbroad and vague and ambiguous.  Mr. O'Brien will interpret

20  "YOUR" to refer solely to Conan O'Brien, the individual.  Mr. O'Brien further

21  objects to the undefined term "annual gross revenues" as vague and ambiguous,

22  insofar as Mr. O'Brien is an individual to whom revenue information is inapplicable.

23  Mr. O'Brien further objects to this Interrogatory as oppressive, burdensome, and

24  harassing to the extent it seeks information not kept in the ordinary course of

25  business.  Mr. O'Brien further objects to this Interrogatory to the extent that the

26  financial information sought in this Interrogatory is irrelevant to Plaintiff's claim for

27  alleged damages as to four one-liner jokes.  Mr. O'Brien further objects to this

28  Interrogatory as overbroad, unduly burdensome, and harassing to the extent the

**Glaser Weil**

5

1  proposed discovery seeks financial information which is not relevant to any party's

2  claim or defense and is not proportional to the needs of the case, especially to the

3  extent the Interrogatory relates to financial information not attributable to any alleged

4  infringement.  Mr. O'Brien further objects to this Interrogatory to the extent that it

5  seeks information about the identities of individual non-parties, the disclosure of

6  which may lead to the invasion of privacy, harassment, or unnecessary involvement

7  of individuals who are non-parties.

8  **INTERROGATORY NO. 3:**

9      Please IDENTIFY ALL DOCUMENTS that RELATE TO YOUR annual gross

10  revenues in 2015.

11  **RESPONSE TO INTERROGATORY NO. 3:**

12      Mr. O'Brien incorporates by reference each of the foregoing General

13  Objections as if fully set forth herein.  Mr. O'Brien objects to the definition of

14  "YOUR" as overbroad and vague and ambiguous.  Mr. O'Brien will interpret

15  "YOUR" to refer solely to Conan O'Brien, the individual.  Mr. O'Brien further

16  objects to undefined term "annual gross revenues" as vague and ambiguous, insofar

17  as Mr. O'Brien is an individual to whom revenue information is inapplicable.  Mr.

18  O'Brien further objects to this Interrogatory as oppressive, burdensome, and harassing

19  to the extent it seeks information not kept in the ordinary course of business.  Mr.

20  O'Brien further objects to this Interrogatory to the extent that the financial

21  information sought in this Interrogatory is irrelevant to Plaintiff's claim for alleged

22  damages as to four one-liner jokes.  Mr. O'Brien further objects to this Interrogatory

23  as overbroad, unduly burdensome, and harassing to the extent the proposed discovery

24  seeks financial information which is not relevant to any party's claim or defense and

25  is not proportional to the needs of the case, especially to the extent the Interrogatory

26  relates to financial information not attributable to any alleged infringement.  Mr.

27  O'Brien further objects to this Interrogatory to the extent it seeks the identification of

28  "all documents" and not information proportional to the needs of this case.  Mr.

*Glaser Weil*

6

O'Brien further objects to the extent that it seeks the identification of confidential information prior to the entry of a suitable protective order in this case.  Mr. O'Brien further objects to this Interrogatory to the extent it seeks personal financial information subject to the attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or common interest privilege, the right of privacy, or any other applicable privileges.  Mr. O'Brien further objects to this Interrogatory to the extent it purports to require the identification of documents from sources that are not reasonably accessible because of undue burden and cost.


DATED:  April 18, 2016                           GLASER WEIL FINK HOWARD
                                                 AVCHEN & SHAPIRO LLP


                                       By: /s/ Erica J. Van Loon
                                           PATRICIA L. GLASER
                                           ERICA J. VAN LOON
                                           BRITTANY ELIAS
                                           *Attorneys for Defendants*

**CONAN O'BRIEN'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

15cv01637-JLS-DHB

1173948

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, 19th Floor, Los Angeles, California 90067.

On April 18, 2016, I served the foregoing document(s) described as: **CONAN O'BRIEN'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)** on the interested parties to this action at the following address(es):

SEE ATTACHED LIST

☐ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☒ **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☐ **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows:  I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☐ **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

☐ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☐ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury that the above is true and correct.

Executed on April 18, 2016, at Los Angeles, California.

/s/ Nicholas E. Huskins
Nicholas E. Huskins

1
**PROOF OF SERVICE**

15cv01637-JLS-DHB

1173948

1

## <u>SERVICE LIST</u>

2

Jayson M. Lorenzo
2794 Gateway Road, Suite 116
Carlsbad, CA 92009
(Tel)  760-517-6646
(Fax) 760-520-7900
Jmlorenzo.esq@gmail.com
Attorney for Plaintiff
Robert Alexander Kaseberg

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONAN O'BRIEN'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

15cv01637-JLS-DHB

1173948

# Exhibit 13

1  PATRICIA L. GLASER – State Bar No. 55668
   pglaser@glaserweil.com
2  ERICA J. VAN LOON - State Bar No. 227712
   evanloon@glaserweil.com
3  BRITTANY ELIAS - State Bar No. 305922
   belias@glaserweil.com
4  GLASER WEIL FINK HOWARD
     AVCHEN & SHAPIRO LLP
5  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
6  Telephone:  (310) 553-3000
   Facsimile:  (310) 556-2920
7  *Attorneys for Defendants*

8                  UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10

11 ROBERT ALEXANDER KASEBERG,          CASE NO.: 15-CV-01637-JLS-DHB

12            Plaintiff,               Hon. Janis L. Sammartino

13 v.
                                       **JEFF ROSS' OBJECTIONS AND
14                                     RESPONSE TO PLAINTIFF'S
   CONACO, LLC, TURNER                 INTERROGATORIES (SET ONE)**
15 BROADCASTING SYSTEM, TIME
   WARNER, INC., CONAN O'BRIEN,
16 JEFF ROSS, MIKE SWEENEY; DOES
   1-50, inclusive,
17
             Defendants.
18

19

20 PROPOUNDING PARTY:      ROBERT ALEXANDER KASEBERG

21 RESPONDING PARTY:       JEFF ROSS

22 SET NO.:                ONE

23

24        Pursuant to Fed. R. Civ. P. 26 and 33, Defendant Jeff Ross ("Mr. Ross") hereby

25 answers, objects, or otherwise responds to Plaintiff Robert Alexander Kaseberg's

26 ("Plaintiff" or "Kaseberg") First Set of Interrogatories.  Mr. Ross expressly reserves

27 the right to supplement, amend, or correct these responses.

28

**PRELIMINARY STATEMENT**

These responses are made solely for the purpose of this action.  Each answer is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds which would require the exclusion of any statement herein if the Interrogatories were asked of, or any statements contained herein were made by, a witness present and testifying in Court, all of which objections and grounds are reserved and may be interposed at the time of trial.

Mr. Ross has not completed his investigation of the facts relating to this case and has not completed his preparation for trial.  The following responses are based upon information presently available to Mr. Ross and are made without prejudice to Mr. Ross of the right to utilize subsequently discovered facts.

Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby.  The fact that Mr. Ross has answered any interrogatories should not be taken as an admission that Mr. Ross accepts or admits the existence of any facts set forth or assumed by such interrogatory, or that such response constitutes admissible evidence.  The fact that Mr. Ross has answered part or all of any interrogatory is not intended and shall not be construed to be a waiver by Mr. Ross of all or any part of any objection to any interrogatory.

The Preliminary Statement is incorporated into each of the responses set forth below.

**GENERAL OBJECTIONS**

Mr. Ross generally objects to these Interrogatories on each and every one of the following grounds, which are incorporated into and made a part of Mr. Ross' response to each and every Interrogatory:

1.       Mr. Ross objects to the extent the Interrogatories seek to impose obligations upon Mr. Ross not required by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of California

Glaser Weil

("Local Rules"), or the Orders of this Court.  Mr. Ross' responses shall be controlled by and comply with the requirements of the Federal Rules, the Local Rules, and the Orders of this Court.

2.      Mr. Ross objects to extent the Interrogatories seek information not relevant to any claim or defense of a party, and expressly reserves all rights to withhold information or documents on that basis alone or in conjunction with other bases set forth herein.

3.      Mr. Ross objects to the extent the Interrogatories are vague, ambiguous, and incomprehensible.  As drafted, the Interrogatories could require responses and/or the production of documents that have no relationship to the facts and issues in dispute and which are not reasonably calculated to lead to the discovery of admissible evidence.

4.      Mr. Ross objects to the Interrogatories and their accompanying "Definitions" and "Instructions" as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and information or documents that are neither relevant nor proportional to the needs of the case.

5.      Mr. Ross objects to the extent the Interrogatories call for information which is confidential and proprietary, including trade secrets and sensitive financial information, prior to the entry of a protective order in this action.

6.      Mr. Ross objects to the extent the Interrogatories seek information which is publicly available and/or equally available to Plaintiff and the burden of obtaining the responsive information is substantially the same for Plaintiff as it is for Mr. Ross.

7.      Mr. Ross objects to the extent the Interrogatories are unreasonably duplicative in nature, and/or designed to harass and increase costs, rather than reflect a good faith effort at seeking relevant evidence.

8.      Mr. Ross objects to the extent the Interrogatories call for the disclosure of information subject to the attorney-client privilege, the attorney work-product

**JEFF ROSS' OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**
15cv01637-JLS-DHB

1173932

Glaser Weil

doctrine, the joint-defense and/or common interest privilege, the right of privacy, or any other applicable privileges.  Such information or documents shall not be provided in response to these interrogatories, and any inadvertent disclosure or production thereof shall not be deemed a waiver of any privilege or protection with respect to such information or documents.

9.     Mr. Ross objects to the extent the Interrogatories seek documents or information from sources that are not reasonably accessible because of undue burden and cost.

10.     Mr. Ross objects to the definition of "YOU" and "YOUR" as vague, ambiguous, overbroad, unduly burdensome, not relevant, and not likely to lead to the discovery of admissible evidence, to the extent they purport to require Mr. Ross to respond on behalf of persons or entities other than Mr. Ross.  For purposes of his responses herein, Mr. Ross will interpret "YOU" and "YOUR" to refer solely to Jeff Ross, the individual.

## RESPONSES TO SPECIAL INTERROGATORIES

**SPECIAL INTERROGATORY NO. 1:**

Please IDENTIFY YOUR annual gross revenues in 2015.

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Mr. Ross incorporates by reference each of the foregoing General Objections as if fully set forth herein.  Mr. Ross objects to the definition of "YOUR" as overbroad and vague and ambiguous.  Mr. Ross will interpret "YOUR" to refer solely to Jeff Ross, the individual.  Mr. Ross further objects to the undefined term "annual gross revenues" as vague and ambiguous, insofar as Mr. Ross is an individual to whom revenue information is inapplicable.  Mr. Ross further objects to this Interrogatory as oppressive, burdensome, and harassing to the extent it seeks financial information not kept in the ordinary course of business.  Mr. Ross further objects to this Interrogatory to the extent that the financial information sought in this Interrogatory is irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes.  Mr. Ross further

objects to this Interrogatory as overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defense and is not proportional to the needs of the case, especially to the extent the Interrogatory relates to financial information not attributable to any alleged infringement. Mr. Ross further objects to this Interrogatory as seeking confidential financial information prior to the entry of a suitable protective order in this action. Mr. Ross further objects to this Interrogatory to the extent it seeks personal financial information subject to the attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or common interest privilege, the right of privacy, or any other applicable privileges.

**INTERROGATORY NO. 2:**

Please IDENTIFY ALL WITNESSES and PERSONS who calculate and/or determine YOUR annual gross revenues in 2015.

**RESPONSE TO INTERROGATORY NO. 2:**

Mr. Ross incorporates by reference each of the foregoing General Objections as if fully set forth herein. Mr. Ross objects to the definition of "YOUR" as overbroad and vague and ambiguous. Mr. Ross will interpret "YOUR" to refer solely to Jeff Ross, the individual. Mr. Ross further objects to the undefined term "annual gross revenues" as vague and ambiguous, insofar as Mr. Ross is an individual to whom revenue information is inapplicable. Mr. Ross further objects to this Interrogatory as oppressive, burdensome, and harassing to the extent it seeks information not kept in the ordinary course of business. Mr. Ross further objects to this Interrogatory to the extent that the financial information sought in this Interrogatory is irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes. Mr. Ross further objects to this Interrogatory as overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defense and is not proportional to the needs of the case, especially to the extent the Interrogatory relates to financial information not attributable to any

**JEFF ROSS' OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

15cv01637-JLS-DHB

Glaser Weil

1  alleged infringement.  Mr. Ross further objects to this Interrogatory to the extent that

2  it seeks information about the identities of individual non-parties, the disclosure of

3  which may lead to the invasion of privacy, harassment, or unnecessary involvement

4  of individuals who are non-parties.

5  **INTERROGATORY NO. 3:**

6     Please IDENTIFY ALL DOCUMENTS that RELATE TO YOUR annual gross

7  revenues in 2015.

8  **RESPONSE TO INTERROGATORY NO. 3:**

9     Mr. Ross incorporates by reference each of the foregoing General Objections as

10  if fully set forth herein.  Mr. Ross objects to the definition of "YOUR" as overbroad

11  and vague and ambiguous.  Mr. Ross will interpret "YOUR" to refer solely to Jeff

12  Ross, the individual.  Mr. Ross further objects to undefined term "annual gross

13  revenues" as vague and ambiguous, insofar as Mr. Ross is an individual to whom

14  revenue information is inapplicable.  Mr. Ross further objects to this Interrogatory as

15  oppressive, burdensome, and harassing to the extent it seeks information not kept in

16  the ordinary course of business.  Mr. Ross further objects to this Interrogatory to the

17  extent that the financial information sought in this Interrogatory is irrelevant to

18  Plaintiff's claim for alleged damages as to four one-liner jokes.  Mr. Ross further

19  objects to this Interrogatory as overbroad, unduly burdensome, and harassing to the

20  extent the proposed discovery seeks financial information which is not relevant to any

21  party's claim or defense and is not proportional to the needs of the case, especially to

22  the extent the Interrogatory relates to financial information not attributable to any

23  alleged infringement.  Mr. Ross further objects to this Interrogatory to the extent it

24  seeks the identification of "all documents" and not information proportional to the

25  needs of this case.  Mr. Ross further objects to the extent that it seeks the

26  identification of confidential information prior to the entry of a suitable protective

27  order in this case.  Mr. Ross further objects to this Interrogatory to the extent it seeks

28  personal financial information subject to the attorney-client privilege, the attorney

**Glaser Weil**

6

1    work-product doctrine, the joint-defense and/or common interest privilege, the right

2    of privacy, or any other applicable privileges.  Mr. Ross further objects to this

3    Interrogatory to the extent it purports to require the identification of documents from

4    sources that are not reasonably accessible because of undue burden and cost.

5

6    DATED:  April 18, 2016                    GLASER WEIL FINK HOWARD
                                              AVCHEN & SHAPIRO LLP
7

8                                             By: */s/ Erica J. Van Loon*

9                                                PATRICIA L. GLASER
                                                 ERICA J. VAN LOON
10                                               BRITTANY ELIAS
                                                 *Attorneys for Defendants*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JEFF ROSS' OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**
15cv01637-JLS-DHB

1173932

**Glaser Weil**

1

## PROOF OF SERVICE

2          I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, 19th Floor, Los Angeles, California 90067.

3

4          On April 18, 2016, I served the foregoing document(s) described as: **JEFF ROSS' OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)** on the interested parties to this action at the following address(es):

5

6          SEE ATTACHED LIST

7    ☐    **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

8

9

10

11   ☐    **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

12

13   ☒    **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

14

15   ☐    **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows:  I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

16

17   ☐    **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

18

19   ☐    **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

20

21   ☐    (State)      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

22

23   ☒    (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury that the above is true and correct.

24

25          Executed on April 18, 2016, at Los Angeles, California.

26                                          /s/ Nicholas E. Huskins
                                           Nicholas E. Huskins

27

28

1
**PROOF OF SERVICE**

1173932                                                                        15cv01637-JLS-DHB

**SERVICE LIST**

1

2   Jayson M. Lorenzo
    2794 Gateway Road, Suite 116
3   Carlsbad, CA 92009
    (Tel)  760-517-6646
4   (Fax) 760-520-7900
    Jmlorenzo.esq@gmail.com
5   Attorney for Plaintiff
    Robert Alexander Kaseberg
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JEFF ROSS' OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

15cv01637-JLS-DHB

1173932

Glaser Weil

# Exhibit 14

PATRICIA L. GLASER – State Bar No. 55668
pglaser@glaserweil.com
ERICA J. VAN LOON - State Bar No. 227712
evanloon@glaserweil.com
BRITTANY ELIAS - State Bar No. 305922
belias@glaserweil.com
GLASER WEIL FINK HOWARD
    AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:  (310) 556-2920
*Attorneys for Defendant CONACO, LLC*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG,<br><br>Plaintiff,<br><br>v.<br><br>CONACO, LLC, TURNER BROADCASTING SYSTEM, TIME WARNER, INC., CONAN O'BRIEN, JEFF ROSS, MIKE SWEENEY; DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.: 15-CV-01637-JLS-DHB<br><br>Hon. Janis L. Sammartino<br><br>**CONACO, LLC'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS (SET ONE)** |

PROPOUNDING PARTY:      ROBERT ALEXANDER KASEBERG

RESPONDING PARTY:      CONACO, LLC

SET NO.:            ONE

Pursuant to Fed. R. Civ. P. 26 and 34, Conaco, LLC ("Conaco") hereby provides its objections and responses to Plaintiff, Robert Alexander Kaseberg's ("Plaintiff" or "Kaseberg") Request for Production of Documents and Things (Set One) as follows:

**PRELIMINARY STATEMENT**

In responding to the document requests, Conaco will endeavor to produce those responsive documents presently known by or available to Conaco which are not privileged or otherwise protected from disclosure. However, the discovery, investigation and preparation for trial of Conaco with respect to this action have not been completed as of the date of these responses. Conaco anticipates that ongoing discovery and investigation may uncover documents not presently known but upon which they necessarily will rely in this action. Consequently, the responses contained herein are not intended to and shall not preclude Conaco from relying upon documents uncovered during ongoing discovery and investigation related to this action, whether or not identified or produced herein. As discovery is ongoing and continuing with respect to each of the categories of documents sought by the document requests, Conaco reserves the right to supplement and/or amend these responses to the document requests at any time up to and including the trial of this action.

**GENERAL OBJECTIONS**

Conaco's responses are subject to the following General Objections, which are incorporated into each and every response as though fully set forth herein:

1.      Conaco objects to these Requests to the extent that they call for the production of documents protected by the attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or common interest privilege, the right of privacy, or any other applicable privileges. Any inadvertent production of such information shall not be deemed to waive any privilege with respect to such information or any work product doctrine which may attach thereto.

2.      Conaco objects to these Requests to the extent they seek to impose obligations upon Conaco not required by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of California ("Local Rules"), or the Orders of this Court. Conaco's responses shall be controlled

CONACO, LLC'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S RFP (SET ONE)

Glaser Weil

and comply with the Federal Rules of Civil Procedure, the Local Rules, and the Orders of the Court, and not necessarily by Plaintiff's instructions or definitions.

3.      Conaco objects to these Requests and their accompanying Definitions and Instructions as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and seek documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4.      Conaco objects to these Requests on the grounds that the burden and expense of responding outweighs the likelihood that the information sought may lead to the discovery of admissible evidence and the collection of this information is unreasonably or unduly burdensome, given the needs of the case, the parties' resources, the importance of the discovery in resolving the issues and the availability of alternative, less burdensome or expensive means of obtaining the same or similar information.

5.      Conaco objects to these Requests to the extent they seek production of documents not relevant to any party's claims or defenses or proportional to the needs of the case, and expressly reserves all rights to withhold documents on that basis alone or in conjunction with other bases set forth herein.

6.      Conaco objects to these Requests to the extent they call for the production of documents and information not kept by Conaco in the ordinary course of business.

7.      Conaco objects to these Requests to the extent they seek documents in the possession or control of individuals or entities other than Conaco.

8.      Conaco objects to these Requests to the extent they are unreasonably duplicative in nature, and designed to harass and increase costs, rather than reflect a good faith effort at seeking relevant evidence.

9.      Conaco objects to these Requests to the extent that they call for information which is confidential, commercially sensitive, or which constitute

1   financial or proprietary information or trade secrets or which are otherwise protected

2   from disclosure by law or contract.  To the extent Conaco agrees to produce

3   confidential information, it will do so only pursuant to the entry of a suitable

4   protective order in this action.

5   10.   Conaco objects to these Requests to the extent it calls for production of

6   documents that are not relevant to the subject matter involved in the pending action.

7   11.   Conaco objects to these Requests to the extent that they call for Conaco

8   to create compilations of material or calls for matters to be produced in a form or

9   manner other than that kept by Conaco in the usual course of business.

10   12.   Conaco objects to these Requests to the extent they seek documents or

11   information which are subject to certain confidentiality provisions between Conaco

12   and/or its affiliated companies and/or others and which may not be disclosed absent

13   the consent of the parties to such contracts.

14   13.   Conaco objects to these Requests to the extent that they prematurely call

15   for the production of documents and things ahead of the schedules established by the

16   Federal Rules of Civil Procedure, the Local Rules, and the Orders of the Court.

17   14.   Conaco objects to Plaintiff's definition of "YOU" and "YOUR" as

18   vague, ambiguous, overbroad, unduly burdensome, not relevant, not likely to lead to

19   the discovery of admissible evidence, and disproportionate to the needs of this case,

20   to the extent it purports to require Conaco to respond on behalf of persons or entities

21   other than Conaco.  For purposes of its responses herein, Conaco will interpret

22   "YOU" and "YOUR" to refer solely to Conaco, LLC and those documents or

23   information in its possession, custody, or control.

24   15.   Each and every general objection above is incorporated into each

25   response below.

26   **RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**

27   **REQUEST FOR PRODUCTION NO. 1:**

28   ANY and ALL DOCUMENTS, tangible things and other items that support,

4

CONACO, LLC'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S RFP (SET ONE)

15cv01637-JLS-DHB

1173954

refute or in ANY way RELATE TO YOUR DENIAL of the allegations in the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Conaco incorporates by reference each of the foregoing General Objections. Conaco objects to this Request to the extent it seeks information protected under the attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or common interest privilege, or any other applicable privileges.  Conaco further objects to the definition of "YOUR" as overbroad and vague and ambiguous.  Conaco will interpret "YOUR" to refer to Conaco, LLC and its directors, officers, and employees only.  Conaco further objects to this Request as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks information not relevant to any party's claims or defenses or proportional to the needs of this case.  Conaco further objects to this Request as overly broad and unduly burdensome to the extent it seeks "any and all documents" relating to Conaco's denial of the allegations in the Complaint, including those documents that are duplicative or redundant and/or documents that are not relevant to any party's claim or defense and not proportional to the needs of the case.  Conaco further objects to this Request to the extent it seeks documents that are either publicly available or equally available to Plaintiff, and the burden of obtaining the responsive information is substantially the same for Plaintiff as it is for Conaco.  Conaco further objects to this Request to the extent it seeks documents previously produced to Plaintiff and/or already within his possession, custody, or control.

Subject to and without waiving the foregoing general and specific objections, and subject to Conaco's understanding of this Request, Conaco responds as follows: Conaco is conducting a reasonable search and will produce relevant and non-privileged documents within its possession responsive to this Request within thirty (30) days after the entry of a protective order in this action, to the extent such documents may exist and have not already been produced.  Conaco is not withholding

5

1   any non-privileged documents from production on the basis of these objections.

2   **REQUEST FOR PRODUCTION NO. 2:**

3   ANY and ALL DOCUMENTS that support, refute or RELATE TO ANY and

4   ALL affirmative defenses in your Answer.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

6   Conaco incorporates by reference each of the foregoing General Objections.

7   Conaco objects to this Request to the extent it seeks information protected under the

8   attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or

9   common interest privilege, or any other applicable privileges. Conaco further objects

10  to the definition of "YOUR" as overbroad and vague and ambiguous. Conaco will

11  interpret "YOUR" to refer to Conaco, LLC and its directors, officers, and employees

12  only. Conaco further objects to this Request as vague, ambiguous, overbroad, and

13  unduly burdensome to the extent it seeks information not relevant to any party's

14  claims or defenses or proportional to the needs of this case. Conaco further objects to

15  this Request as overly broad and unduly burdensome to the extent it seeks "any and

16  all documents" relating to Conaco's affirmative defenses, including those documents

17  that are duplicative or redundant and/or documents that are not relevant to any party's

18  claim or defense and not proportional to the needs of the case. Conaco further objects

19  to this Request to the extent it seeks documents that are either publicly available or

20  equally available to Plaintiff, and the burden of obtaining the responsive information

21  is substantially the same for Plaintiff as it is for Conaco. Conaco further objects to

22  this Request to the extent it seeks documents previously produced to Plaintiff and/or

23  already within his possession, custody, or control.

24  Subject to and without waiving the foregoing general and specific objections,

25  and subject to Conaco's understanding of this Request, Conaco responds as follows:

26  Conaco is conducting a reasonable search and will produce relevant and non-

27  privileged documents within its possession responsive to this Request within thirty

28  (30) days after the entry of a protective order in this action, to the extent such

6

1   documents may exist and have not already been produced.  Conaco is not withholding

2   any non-privileged documents from production on the basis of these objections.

3   **REQUEST FOR PRODUCTION NO. 3:**

4        ANY and ALL DOCUMENTS, tangible things and other items that RELATE

5   TO YOUR annual gross revenues in 2015.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

7        Conaco incorporates by reference each of the foregoing General Objections.

8   Conaco objects to this Request to the extent it seeks information protected under the

9   attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or

10  common interest privilege, or any other applicable privileges.  Conaco further objects

11  to the definition of "YOUR" as overbroad and vague and ambiguous.  Conaco will

12  interpret "YOUR" to refer to Conaco, LLC and its directors, officers, and employees

13  only.  Conaco further objects to the undefined term "annual gross revenues" as vague

14  and ambiguous in that it fails to specifically identify the revenue information to which

15  this Request relates.  Conaco further objects to this Request as Conaco's annual gross

16  revenues are irrelevant to Plaintiff's claim for alleged damages as to four one-liner

17  jokes.  Conaco further objects to this Request as overbroad, unduly burdensome, and

18  harassing to the extent the proposed discovery seeks financial information which is

19  not relevant to any party's claim or defense and is not proportional to the needs of the

20  case, especially to the extent the Request seeks revenue information not attributable to

21  any alleged infringement.  Conaco further objects to this Request as overly broad and

22  unduly burdensome to the extent it seeks "any and all documents" relating to

23  Conaco's annual gross revenues in 2015, including those documents that are

24  duplicative or redundant and/or documents that are not relevant to any party's claim

25  or defense and not proportional to the needs of the case.  Conaco further objects to

26  this Request to the extent it seeks confidential information prior to the entry of a

27  suitable protective order in this case.  Conaco further objects to this Request to the

28  extent it seeks documents or information which are subject to certain confidentiality

**Glaser Weil**

7

1  provisions between Conaco and/or its affiliated companies and/or others and which

2  may not be disclosed absent the consent of the parties to such contracts.  Conaco

3  further objects to this Request to the extent it seeks documents or information from

4  sources that are not reasonably accessible because of undue burden and cost.

5       Subject to and without waiving the foregoing general and specific objections,

6  and subject to Conaco's understanding of this Request, Conaco responds as follows:

7  Conaco intends to withhold documents based on its objections, including specifically

8  withholding those documents not relevant to any claims or defenses in this litigation.

9  **REQUEST FOR PRODUCTION NO. 4:**

10      ANY and ALL DOCUMENTS, tangible things and other items that RELATE

11  TO YOUR annual net profits in 2015.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

13      Conaco incorporates by reference each of the foregoing General Objections.

14  Conaco objects to this Request to the extent it seeks information protected under the

15  attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or

16  common interest privilege, or any other applicable privileges.  Conaco further objects

17  to the definition of "YOUR" as overbroad and vague and ambiguous.  Conaco will

18  interpret "YOUR" to refer to Conaco, LLC and its directors, officers, and employees

19  only.  Conaco further objects to the undefined term "annual net profits" as vague and

20  ambiguous in that it fails to specifically identify the profit information to which this

21  Request relates.  Conaco further objects to this Request as Conaco's annual net profits

22  are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes.

23  Conaco further objects to this Request as overbroad, unduly burdensome, and

24  harassing to the extent the proposed discovery seeks financial information which is

25  not relevant to any party's claim or defense and is not proportional to the needs of the

26  case, especially to the extent the Request seeks profit information not attributable to

27  any alleged infringement.  Conaco further objects to this Request as overly broad and

28  unduly burdensome to the extent it seeks "any and all documents" relating to

15cv01637-JLS-DHB

1173954

**Glaser Weil**

Conaco's annual net profits in 2015, including those documents that are duplicative or redundant and/or documents that are not relevant to any party's claim or defense and not proportional to the needs of the case. Conaco further objects to this Request to the extent it seeks confidential information prior to the entry of a suitable protective order in this case. Conaco further objects to this Request to the extent it seeks documents or information which are subject to certain confidentiality provisions between Conaco and/or its affiliated companies and/or others and which may not be disclosed absent the consent of the parties to such contracts. Conaco further objects to this Request to the extent it seeks documents or information from sources that are not reasonably accessible because of undue burden and cost.

Subject to and without waiving the foregoing general and specific objections, and subject to Conaco's understanding of this Request, Conaco responds as follows: Conaco intends to withhold documents based on its objections, including specifically withholding those documents not relevant to any claims or defenses in this litigation.

**REQUEST FOR PRODUCTION NO. 5:**

ANY and ALL DOCUMENTS, tangible things and other items that RELATE TO amount paid to each writer — whether staff, contract, or writers for the "CONAN" show in 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Conaco incorporates by reference each of the foregoing General Objections. Conaco objects to this Request to the extent it seeks personal financial information subject to the attorney-client privilege, the attorney work-product doctrine, the right of privacy, or any other applicable privileges. Conaco further objects to this Request as overbroad, unduly burdensome, and harassing to the extent the Request seeks information which is not relevant to any party's claim or defense and is not proportional to the needs of the case, especially to the extent the Request is not limited in scope to those writers that wrote, created or edited the jokes specifically identified in the Complaint. Conaco further objects that the amounts paid to the

9

Glaser Weil

1  writers of the "Conan" show in 2015 are irrelevant to Plaintiff's claim for alleged

2  damages as to four one-liner jokes.  Conaco further objects to this Request as overly

3  broad and unduly burdensome to the extent it seeks "any all documents" relating to

4  the amount paid to "Conan" show writers in 2015, including those documents that are

5  duplicative or redundant and/or documents that are not relevant to any party's claim

6  or defense and not proportional to the needs of the case.  Conaco further objects to

7  this Request to the extent it seeks confidential information prior to the entry of a

8  suitable protective order in this case.

9         Subject to and without waiving the foregoing general and specific objections,

10  and subject to Conaco's understanding of this Request, Conaco responds as follows:

11  Conaco intends to withhold documents based on its objections, including specifically

12  withholding those documents not relevant to any claims or defenses in this litigation.

13  **REQUEST FOR PRODUCTION NO. 6:**

14         ANY and ALL DOCUMENTS, including any and all emails, involving JOSH

15  COMERS regarding any and all jokes MR. COMERS submitted to you for use on the

16  "CONAN" show monologue in the last three years.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

18         Conaco incorporates by reference each of the foregoing General Objections.

19  Conaco objects to this Request to the extent it seeks information protected under the

20  attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or

21  common interest privilege, or any other applicable privileges.  Conaco further objects

22  to the definition of "YOU" as overbroad and vague and ambiguous.  Conaco will

23  interpret "YOU" to refer to Conaco, LLC and its directors, officers, and employees

24  only.  Conaco further objects to this Request as overbroad, unduly burdensome, and

25  harassing to the extent the Request seeks information which is not relevant to any

26  party's claim or defense and is not proportional to the needs of the case, especially to

27  the extent the Request is not limited in scope to those jokes that are specifically

28  identified in the Complaint.  Conaco further objects to this Request to the extent it

10

**Glaser Weil**

calls for the production of information not kept by Conaco in the ordinary course of business.  Conaco further objects to this Request to the extent it seeks confidential information prior to the entry of a suitable protective order in this case.  Conaco further objects to this Request to the extent it seeks documents or information from sources that are not reasonably accessible because of undue burden and cost.

Subject to and without waiving the foregoing general and specific objections, and subject to Conaco's understanding of this Request, Conaco responds as follows: Conaco is conducting a reasonable search and will produce relevant and non-privileged documents within its possession concerning Josh Comers and the jokes at issue within thirty (30) days after the entry of a protective order in this action, to the extent such documents may exist and have not already been produced.  Conaco is not withholding any non-privileged documents from production on the basis of these objections.

**REQUEST FOR PRODUCTION NO. 7:**

ANY and ALL DOCUMENTS, including any and all emails, involving BRIAN KILEY (sic) regarding any and all jokes MR. KILEY (sic) submitted to you for use on the "CONAN" show monologue in the last three years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Conaco incorporates by reference each of the foregoing General Objections. Conaco objects to this Request to the extent it seeks information protected under the attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or common interest privilege, or any other applicable privileges.  Conaco further objects to the definition of "YOU" as overbroad and vague and ambiguous.  Conaco will interpret "YOU" to refer to Conaco, LLC and its directors, officers, and employees only.  Conaco further objects to this Request as overbroad, unduly burdensome, and harassing to the extent the Request seeks information which is not relevant to any party's claim or defense and is not proportional to the needs of the case, especially to the extent the Request is not limited in scope to those jokes that are specifically

11

identified in the Complaint. Conaco further objects to this Request to the extent it

calls for the production of information not kept by Conaco in the ordinary course of

business. Conaco further objects to this Request to the extent it seeks confidential

information prior to the entry of a suitable protective order in this case. Conaco

further objects to this Request to the extent it seeks documents or information from

sources that are not reasonably accessible because of undue burden and cost.

Subject to and without waiving the foregoing general and specific objections,

and subject to Conaco's understanding of this Request, Conaco responds as follows:

Conaco is conducting a reasonable search and will produce relevant and non-

privileged documents within its possession concerning Brian Kiley and the jokes at

issue within thirty (30) days after the entry of a protective order in this action, to the

extent such documents may exist and have not already been produced. Conaco is not

withholding any non-privileged documents from production on the basis of these

objections.

**REQUEST FOR PRODUCTION NO. 8:**

ANY and ALL DOCUMENTS, including any and all emails, involving ROB

KUTNER regarding any and all jokes MR. KUTNER submitted to you for use on the

"CONAN" show monologue in the last three years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Conaco incorporates by reference each of the foregoing General Objections.

Conaco objects to this Request to the extent it seeks information protected under the

attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or

common interest privilege, or any other applicable privileges. Conaco further objects

to the definition of "YOU" as overbroad and vague and ambiguous. Conaco will

interpret "YOU" to refer to Conaco, LLC and its directors, officers, and employees

only. Conaco further objects to this Request as overbroad, unduly burdensome, and

harassing to the extent the Request seeks information which is not relevant to any

party's claim or defense and is not proportional to the needs of the case, especially to

1   the extent the Request is not limited in scope to those jokes that are specifically

2   identified in the Complaint.  Conaco further objects to this Request to the extent it

3   calls for the production of information not kept by Conaco in the ordinary course of

4   business.  Conaco further objects to this Request to the extent it seeks confidential

5   information prior to the entry of a suitable protective order in this case.  Conaco

6   further objects to this Request to the extent it seeks documents or information from

7   sources that are not reasonably accessible because of undue burden and cost.

8           Subject to and without waiving the foregoing general and specific objections,

9   and subject to Conaco's understanding of this Request, Conaco responds as follows:

10  Conaco is conducting a reasonable search and will produce relevant and non-

11  privileged documents within its possession concerning Rob Kutner and the jokes at

12  issue within thirty (30) days after the entry of a protective order in this action, to the

13  extent such documents may exist and have not already been produced.  Conaco is not

14  withholding any non-privileged documents from production on the basis of these

15  objections.

16

17   DATED:  April 18, 2016                    GLASER WEIL FINK HOWARD
                                                AVCHEN & SHAPIRO LLP
18

19                                         By: /s/ Erica J. Van Loon

20                                             PATRICIA L. GLASER
                                               ERICA J. VAN LOON
21                                             BRITTANY ELIAS
                                               Attorneys for Defendant CONACO, LLC
22

23

24

25

26

27

28

Glaser Weil

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, 19th Floor, Los Angeles, California 90067.

On April 18, 2016, I served the foregoing document(s) described as: **CONACO, LLC'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS (SET ONE)** on the interested parties to this action at the following address(es):

SEE ATTACHED LIST

☐   **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐   **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☒   **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☐   **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows: I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☐   **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

☐   **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☐   (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒   (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on April 18, 2016, at Los Angeles, California.

/s/ Nicholas E. Huskins
Nicholas E. Huskins

1173954

15cv01637-JLS-DHB

**SERVICE LIST**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Jayson M. Lorenzo
2794 Gateway Road, Suite 116
Carlsbad, CA 92009
(Tel)  760-517-6646
(Fax) 760-520-7900
Jmlorenzo.esq@gmail.com
Attorney for Plaintiff
Robert Alexander Kaseberg

Glaser Weil

2

**PROOF OF SERVICE**

15cv01637-JLS-DHB

# Exhibit 15

# Glaser Weil

10250 Constellation Blvd.
19th Floor
Los Angeles, CA 90067
310.553.3000 TEL
310.556.2920 FAX

Nicholas E. Huskins

May 9, 2016

**Direct Dial**
310.282.6264
**Direct Fax**
310.785.3564
**Email**
nhuskins@glaserweil.com

VIA E-MAIL

Jayson M. Lorenzo
2794 Gateway Road
Carlsbad, CA 92009

Re:  **Robert Alexander Kaseberg v. Conaco, LLC, et al. Case No. 3:15-cv-01637**

Dear Mr. Lorenzo,

I write regarding deficiencies in Plaintiff Robert Alexander Kaseberg's ("Plaintiff" or "Kaseberg") responses to Defendant Conaco, LLC's ("Conaco") First Set of Interrogatories, Requests for Production of Documents and Things, and Requests for Admission, served April 25, 2016.

## 1.     Kaseberg's Responses to Conaco's First Set of Interrogatories

Kaseberg's Responses to Conaco's First Set of Interrogatories are deficient, inadequate, and improper.  For purposes of the parties' meet and confer, we provide the following summary of certain deficiencies:

### *Interrogatory Nos. 1 and 6:*

Interrogatory No. 1 seeks the time, date, and forum for every instance of *publication* for the jokes at issue.  However, Kaseberg's response fails to provide any of the requested information concerning the publication of the jokes.  Instead, Kaseberg responds as follows: "Each of Respondent's jokes were *created* at home.  Respondent creates the jokes prior to publishing them on the internet."  Information identifying exactly where and when each of the jokes at issue were published is crucial in determining the possibility of Defendants' access to Kaseberg's jokes prior to the independent creation of the allegedly infringing jokes featured in the "Conan" show monologue.  Thus, this response must be supplemented to sufficiently answer Interrogatory No. 1.

Interrogatory No. 6 asks for all facts relating to Defendants' opportunity to view or copy the jokes at issue.  In response, Kaseberg provides, "Respondent maintains a facebook, twitter and blog page that are all publicly available and accessible."  However, Kaseberg denied Request for Admission No. 6, which sought an admission that the only evidence of Defendants' access to

May 9, 2016
Page 2

the jokes at issue prior to any alleged infringement was the publication of such on Kaseberg's twitter account, facebook page, or personal online blog.  Clearly, the responses to Interrogatory No. 6 and Request for Admission No. 6 are in conflict with each other.

Defendants' access is a critical issue in this litigation.  If Kaseberg has additional information of Defendants' opportunity to view the jokes at issue beyond what is provided in his response to Interrogatory No. 6, he must supplement his response to include such information.  Alternatively, if Kaseberg has no additional evidence of access beyond the response provided, he must supplement Request for Admission No. 6 to accurately reflect this.

### *Interrogatory Nos. 2 and 5:*

Interrogatory No. 2 seeks the identification of the original and unique components of the jokes at issue that Kaseberg believes Defendants unlawfully copied.  Kaseberg responded, "the answer is set forth in Respondent's complaint."  First, general references to a pleading are an insufficient answer to an Interrogatory.  *See e.g., Guerrero v. McClure*, 2011 WL 4566130, at *6 (E.D. Cal. Sept. 29, 2011) (holding "responses merely referring to the allegations of [plaintiff's] complaint are insufficient" and ordering respondent to supplement their responses); *Pacific Lumber Co. v. National Union Fire Ins. Co.*, 2005 WL 318811, at *4 (N.D. Cal. Jan. 5, 2005) ("[r]esponding to an interrogatory with a reference to another interrogatory or to a document or pleading is improper.");  *United States ex rel. O'Connell v. Chapman University,* 245 F.R.D. 646, 650 (C.D. Cal. 2007) ("an interrogatory should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories").  Moreover, none of the allegations in the Complaint are sufficient to identify the unique and original aspects of Kaseberg's allegedly infringed jokes.

The copyright protected aspects of the jokes at issue are central to Kaseberg's lone claim for copyright infringement.  Through initial disclosures, Defendants presented significant evidence of numerous third-parties publishing substantially similar jokes to those in which Kaseberg claims protection.  Yet, Kaseberg has yet to provide any information sufficient to identify what aspects of the jokes at issue Kaseberg believes to be unique and original expression sufficient to warrant copyright protection.  Thus, Conaco requests Kaseberg supplement his response to Interrogatory No. 2 to describe the alleged copyrighted material, to the extent it exists.

Interrogatory No. 5 asks for *all facts* relating to Kaseberg's ownership of the copyrights related to the jokes at issue.  An adequate response to this Interrogatory should include detailed facts and dates for the conception, creation, publication, and exploitation of the jokes at issue.  Instead, Kaseberg merely offers "Respondent has registered copyrights for the jokes created."

Again, Kaseberg's ownership of a valid copyright in the jokes at issue are essential to his claim.  If Kaseberg intends to rely on additional evidence concerning his creation and ownership of the jokes at issue, such information must be supplemented.

May 9, 2016
Page 3

### *Interrogatory No. 4*

Interrogatory No. 4 asks for the identification of websites and/or news sources that provided the content in which Kaseberg's jokes at issue relate. In response, Kaseberg answered "Discovery is continuing as to specific information sources." Conaco fails to see how additional time and discovery would reveal sources that should already be known to Kaseberg. This information is crucial in analyzing the originality of the jokes at issue. Please supplement your response.

### *Interrogatory Nos. 7 and 8*

Interrogatory No. 7 asks Kaseberg to "[s]tate all facts establishing a chain of events linking the jokes at issue and Defendants' access thereof." Interrogatory No. 8 asks Kaseberg to "[s]tate all facts establishing the jokes at issue have been widely disseminated." In response to each, Kaseberg stated "Respondent cannot provide an intelligent response without speculating as to the meaning of "chain of events" and "widely disseminated", respectively.

First, Instruction No. 3 of the Interrogatories propounded by Conaco on March 24, 2016 clearly provides that "If [Kaseberg] object[s] to any meaning of any term in any interrogatory herein as unclear to [Kaseberg], [Kaseberg] shall assume a reasonable meaning, state what the assumed meaning is, and respond to the request according to the assumed meaning." Kaseberg has failed to comply with this instruction, offering no attempt to apply reasonable meaning to these commonly-used phrases or otherwise provide a narrative response. Kaseberg cannot avoid his discovery obligations by claiming ordinary phrases and terms are "vague" and "ambiguous."

By way of clarity, in the Ninth Circuit circumstantial evidence of reasonable access is proven in one of two ways: (1) a particular *chain of events* is established between the plaintiff's work and the defendant's access to that work (such as through dealings with a publisher or record company); or (2) the plaintiff's work has been *widely disseminated. See Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000). Kaseberg should apply the meaning as understood by the Ninth Circuit to the purportedly "vague" and "ambiguous" terms in question, and supplement his response accordingly.

### *Interrogatory Nos. 10-13*

With respect to Interrogatory Nos. 10-13, Kaseberg provides no substantive, narrative response on the basis of objections concerning the privacy rights of third-parties. Conaco notes Defendants have made efforts to enter a protective order in this case to protect the privacy of non-parties. Defendants are willing to continue to work with Kaseberg to ensure the protective order provides adequate protection sufficient to cover responses to these Interrogatories. However, this information is crucial in determining damages, and must be provided. Please supplement these responses.

May 9, 2016
Page 4

### *Interrogatory Nos. 15 and 16*

Interrogatory Nos. 15 and 16 seek the factual basis and grounds for Kaseberg's copyright claim against Defendants, and the support for Kaseberg's contention that the alleged infringement was willful. Despite Kaseberg's boilerplate objections, the Federal Rules and Ninth Circuit have expressly permitted parties to propound such contention interrogatories. *See* Fed. R. Civ. P. 33(c) ("An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact."); *accord O'Connor v. Boeing North America, Inc.*, 185 F.R.D. 272, 281 (C.D. Cal. 1999) (holding contention interrogatories are permissible and acceptable).

In response, Kaseberg offered only "Respondent further objects to this Interrogatory on the basis that it is overbroad, vague and ambiguous and is already contained in Respondent's complaint." Setting aside the improper, boilerplate "overbroad, vague and ambiguous" objections, as previously noted, such a general reference to the complaint is an inadequate Interrogatory response.[1] *See Guerrero*, 2011 WL 4566130, at *6; *Pacific Lumber*, 2005 WL 318811, at *4; *United States ex rel. O'Connell*, 245 F.R.D. at 650; *see also McClellan v. Kern Cty. Sheriff's Office*, 2015 WL 4598871, at *4 (E.D. Cal. July 28, 2015) (holding Interrogatory responses that refer to Plaintiffs' complaint insufficient and ordering respondent to supplement Interrogatory responses).

Thus, Kaseberg's responses to the above-mentioned Interrogatories are evasive, inadequate, and unresponsive. Please supplement these responses such that they provide a complete, narrative response offering the factual basis for the claims, allegations, and contentions advanced by Kaseberg.

### 2.    Kaseberg's Responses to Conaco's First Set of Requests for Production

Kaseberg's Responses to Conaco's First Set of Requests for Production of Documents are deficient and fail to comply with the Federal Rules. For purposes of the parties meet and confer, we provide the following summary of certain deficiencies:

First, under the revised Federal Rule of Civil Procedure 34 ("Rule 34"), a responding party is required to state whether responsive documents will be produced as requested, or in the alternative, state whether "any responsive materials are being withheld" on the basis of a specific objection. Fed. R. Civ. P. 34(b)(2)(C). With respect to Request Nos. 1, 35-36, 38-39, 45-47, and 52, Kaseberg objected but failed to state whether he intends to produce responsive documents. Such a response is improper. Kaseberg must state whether he will produce documents and by when, or indicate if documents are being withheld. Moreover, Kaseberg's responses fail to

---

[1] Kaseberg's responses to Interrogatory Nos. 2 and 4 also improperly reference the Complaint while failing to provide any additional facts or narrative. These must be supplemented to provide complete, narrative responses.

May 9, 2016
Page 5

indicate whether any responsive materials are being withheld at all. If Kaseberg is withholding any responsive documents, he must affirmatively state so, and identify the specific objection that serves as the basis for such.

Second, the Advisory Committee Notes to the 2015 Amendment of Rule 34 require the responding party to specifically identify a "reasonable time" for the production of responsive documents. Kaseberg indicated he will be producing documents in response to Request Nos. 2-3, 5-34, 37, 40-44, 48-51, and 53-56, but failed to provide any sort of time frame for production, and, to date, has not produced a single document beyond those exchanged through initial disclosures. We request that Kaseberg specify when his production will be completed.

Third, Kaseberg's responses to Requests Nos. 2 and 41 improperly limit the scope of the documents requested to those that relate only to the jokes at issue. Consistent with the aforementioned requirements of Rule 34, Kaseberg must identify whether any documents are being withheld on the basis of these limitations, and, if so, identify which objection serves as the basis for such.

### 3.   Kaseberg's Response to Conaco's First Set of Requests for Admission

Kaseberg's Responses to Conaco's First Set of Requests for Admission are deficient and raise questions about the integrity of Kaseberg's denials. For purposes of the parties' meet and confer, we provide the following summary of certain deficiencies:

Request for Admission Nos. 2-5 seek an admission that the allegedly infringing jokes purportedly authored by Kaseberg are not identical to the corresponding joke featured in the "Conan" show monologue. This fact is indisputable – a simple review of each will demonstrate the jokes are not word-for-word copies of each other. Nevertheless, Kaseberg denied Requests for Admission Nos. 2-5 after asserting "vague and ambiguous" objections as to the word "identical."

Request for Admission No. 9 seeks an admission that Kaseberg is aware of numerous third-parties publishing jokes similar to those at issue. Similarly, Request for Admission Nos. 10-13 seek an admission that the third-party tweets attached as Exhibits to the Requests were published prior to Kaseberg's first publication of the jokes at issue. Again, the timestamps of the tweets attached as Exhibits unquestionably demonstrate that they were published prior to Kaseberg's own joke on the same topic. Yet, Kaseberg objects to the use of "published" as vague and ambiguous, then denies.

Request for Admission No. 8 seeks an admission "that each and every one of the jokes at issue utilizes a standard, two-line, setup-punchline formula, in which the setup conveys a factual recitation of a then-current event or news story, and the punchline conveys a humorous take on

May 9, 2016
Page 6

the aforementioned current event or news story." Kaseberg objected to the terms "standard", "setup", and "humorous take" before denying.

Conaco's Requests for Admission included an instruction which provides "If [Kaseberg] object[s] to any meaning of any term in any Request herein as unclear to [Kaseberg], [Kaseberg] shall assume a reasonable meaning, state what the assumed meaning is, and respond to the Request according to the assumed meaning." Again, Kaseberg made no attempt to comply with this instruction, despite objecting to a particular word or term in his response to each of the aforementioned Requests for Admission. Conaco requests that Kaseberg follow this instruction, and supplement his responses to these requests thusly.

Request for Admission No. 6 seeks an admission that Kaseberg has no evidence of Defendants' access to Kaseberg's jokes beyond his publication of such on the Internet. Similarly, Request for Admission No. 7 seeks an admission that Kaseberg and has no personal knowledge of Defendants' viewing the jokes on the outlets they were published prior to February 4, 2015. Kaseberg denied both. As previously noted, Kaseberg's denials to these Requests for Admission conflict with his response to Interrogatory No. 6. Kaseberg must supplement his responses to resolve this discrepancy.

For all of the responses detailed in this section, it is unclear whether Kaseberg is specifically denying as to the substance of the request, or merely denying on this basis of his vague and ambiguous objections. If such denials are based on his objections, Kaseberg must explicitly state so, and explain in detail why his denial prevents him from admitting or denying the request as drafted. Fed. R. Civ. P. 36(a)(4) ("If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it").

If Kaseberg contends that such denials are not based on his objections, Conaco notes that Federal Rule 36 provides "[a] denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." *Id.* Further, Rule 36 requires absolute good faith and truthfulness in a response, and any responses which seek to evade or to avoid, short of a frank statement that the party cannot truthfully respond, stating the reasons or grounds therefor, will not be countenanced. *Dulansky v. Iowa-Illinois Gas & Elec. Co.*, 92 F. Supp. 118 (S.D. Iowa 1950). With these rules in mind, and confronted with contradictory information, Conaco requests Kaseberg supplement any response for which he cannot honestly, and in good faith, deny. Absent such, Conaco will pursue a motion seeking a judicial determination of the sufficiency of such responses pursuant to Fed. R. Civ. P. 36(a)(6).

Pursuant to Local Rule Cv 26.1(a), we request to meet and confer on both the discovery issues outlined above as well as the parties' inability to reach a resolution concerning the protective order. In order to facilitate the production of documents and other discovery, it is imperative we resolve these issues as soon as possible. We hope to resolve all of the

May 9, 2016
Page 7

aforementioned issues without intervention from the Court.  To that end, please confirm your availability to meet and confer on the above on Thursday, May 12, at 2:30 pm.  Otherwise, please provide a time in the next ten days in which you are available.

Sincerely,

NICHOLAS E. HUSKINS
for GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP

# Exhibit 16

# JAYSON M. LORENZO

Attorney at Law
2794 Gateway Road, Suite 116
Carlsbad, CA 92009
Telephone (760) 517-6646
Fax (760) 520-7900

May 13, 2016

Nicholas E. Huskins
Glaser Weil Fink Howard Avchen & Shapiro LLP
10250 Constellation Blvd. 19th Floor
Los Angeles, CA 90067

Re:    Kasebert v. Conaco, LLC, et al.

Dear Mr. Huskins:

I am in receipt of your letter dated May 9, 2016, addressing your contended deficiencies in my client's responses to Conaco, LLC's First Set of Interrogatories, Requests for Production of Documents and Things, and Requests for Admission, served April 25, 2016. This letter is to address some of the deficiencies I have found with respect to each of  Conaco's, Conan O' Brien's, Jeff Ross', Mike Sweeney's, TBS's, and Time Warner's (collectively "Defendants") responses to Plaintiff's Special Interrogatories, Set One, and Plaintiff's Request for Production of Documents and Things, Set One, received on April 18, 2016.

## 1.  Conaco LLC's  Responses to Plaintiff's Special Interrogatories, Set One

Conaco LLC's Responses to the following Interrogatories propounded in Plaintiff's Special Interrogatories, Set one are deficient, inadequate, and improper. For purposes of the parties' meet and confer, I provide the following summary of certain deficiencies:

### *General Objection No. 4/Objection to definition of "YOUR."*

In serving its Special Interrogatories, Set One, Plaintiff included an "Instructions" and "Definitions" section. In that definition section, Plaintiff defines "YOUR" to include:

"Defendant individually and collectively, and his or her, its or their affiliates and parent company and anyone acting on their, his or her behalf, including, but not limited to, past and present officers, directors, shareholders, agents, employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in their, his or its interest, on their, her or its behalf, or at their, her or its request, and each of them."

However, In General Objection No. 4, Defendant objects to the definitions and instructions "as overly broad and unduly burdensome to the extent that they seek information that exceeds

the permissible scope of discovery and information or documents that are neither relevant nor proportional to the needs of the case." In addition, Defendant objects in almost every response to the definition of "YOUR" and seeks to limit the definition to only "Conaco, LLC, and its directors, officers, and employees only."

This limited definition selected by Defendant does not fully encompass the individuals who may have been involved in the acts as alleged in the complaint. To limit the definition to Defendant's chosen definition is to leave out former employees, independent contractors, and other agents who may have been involved in the alleged infringing acts.

As you are likely aware, the use of reasonable definitions prefacing a series of interrogatories is not prohibited by the FRCP. *See Diversified Products Corp. v. Sports Center Co.,* 42 F.R.D. 3, 10 (M.D. Dc. 1967). With this in mind, Plaintiff asks Defendant to amend its responses to remove General Objection No. 4, and also remove each objection that seeks to limit Plaintiff's defined term, "YOUR," to only Conaco LLC, its directors, officers, and employees.

### ***Interrogatory Nos. 1, 2, and 3***

Interrogatory No. 1 asks Defendant to "IDENTIFY YOUR annual gross revenues in 2015." Defendant objects to this interrogatory on the grounds that:
1) The term "annual gross revenues" is vague and ambiguous in that if fails to specifically identify what revenue information it seeks from Conaco;
2) Annual gross revenues are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes;
3) The interrogatory is overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defends and is not proportional to the needs of the case;
4) The interrogatory seeks confidential information prior to the entry of a suitable protective order; and
5) The interrogatory seeks information which is subject to certain confidentiality provisions between Conaco and/or its affiliated companies which may not be disclosed absent the consent of the parties to such contracts.

Information with respect to Defendant's annual gross revenues is essential to Plaintiff's claim for copyright infringement because that information relates to damages, an essential element of Plaintiff's claim.  17 USC 504(b) states (b) Actual Damages and Profits.— The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

My client has the burden of showing your client's gross revenue and your client is required to prove deductible expenses.  Thus, financial information is relevant to my client's claim and he is entitled to know what your client's gross revenues are and what your client is

claiming as deductible expenses. Furthermore, the term "annual gross revenues" doesn't need to be defined. It is simple enough for a lay person to understand, as "annual" means yearly and "gross revenues" means income before expenses. There is no ambiguity in the term. Furthermore, the second and third objections based on relevance are unwarranted, as I have already stated that this information is crucial to proving Plaintiff's damages. As to the fourth and fifth objections, ones based on confidentiality, as you know we have already met and conferred regarding a proposed protective order.   Your office has taken the position that financial information should be for attorneys eyes only.   I did not agree based on the 17 USC 504(b). Based on that your office stated it would take it up with the Judge, yet no motion for protective order has been filed.   If we cannot agree on the production of documents and you do not file for a protective order I will simply go ahead and file motion to compel.

_Interrogatory No. 2_ asks Defendants to "identify all witnesses and persons who calculate and/or determine your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory No. 1. Determining the identity of these people is necessary for Plaintiff to prove his damages for Defendant's infringement, as alleged in the Complaint. For the same reasons listed above in Interrogatory No. 1, Plaintiff requests that Defendant provide this information.

_Interrogatory No. 3_ asks Defendants to "Identify all documents that relate to your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory Nos. 2 and 3, with the addition of objections claiming that identifying "all documents" is "not proportional to the needs of the case," and that the documents "are not reasonably accessible because of undue burden and cost." Plaintiff believes that these documents are relevant and inquiry into these documents is reasonably calculated to lead to the discovery of admissible evidence because the documents themselves establish claimed damages. Without these documents, it is impossible for Plaintiff to establish damages for the infringement claim. Furthermore, Plaintiff fails to see what undue burden and cost will be sustained by Defendant by merely "identifying" the documents. This is not a request for production. For these reasons in addition to those listed in Interrogatory No. 1, Defendant should provide this information.

### _Interrogatory No. 5_

Interrogatory No. 5 asks for the gross revenue or annual salary of each person listed in Interrogatory No. 4. The people listed in Interrogatory No. 4 were those individuals on Defendant's writing staff who wrote, created, and/or edited the jokes at issue.   Defendant objects to this Interrogatory on the following grounds:

   1) It seeks information which is not relevant to any party's claim or defense and is not proportional to the needs of the case;

   2) It seeks the identification of confidential information prior to the entry of a suitable protective order;

   3) Gross revenues or annual salaries of the writing staff or writing interns are irrelevant;

   4) The information is privileged.

Once again, the information sought is relevant and this interrogatory is reasonably calculated to lead to the discovery of admissible evidence to prove Plaintiff's claimed damages for

infringement. In addition to the annual gross revenues of Conaco as a whole, the individual salaries of those who published the alleged infringing jokes have a direct relationship to Plaintiff's damages. These individuals are undoubtedly paid in part based on the jokes that they submit. If Defendant plans to move for a protective order, it is insufficient to merely object that the interrogatory is seeking identification of confidential information prior to the entry of a suitable protective order unless that party has already moved for a protective order. *See American Rock Salt Co. v. Norfolk Southern Corp.,* 228 F.R.D. 426 (W.D. Ny. 2005).

### 2.  Conan O' Brien's Responses to Plaintiff's Special Interrogatories, Set One

Defendants' Responses to the following Interrogatories propounded in Plaintiff's Special Interrogatories, Set one are deficient, inadequate, and improper. For purposes of the parties' meet and confer, I provide the following summary of certain deficiencies:

### *General Objection No. 4/Objection to definition of "YOUR."*

In serving its Special Interrogatories, Set One, Plaintiff included an "Instructions" and "Definitions" section. In that definition section, Plaintiff defines "YOUR" to include:

"Defendant individually and collectively, and his or her, its or their affiliates and parent company and anyone acting on their, his or her behalf, including, but not limited to, past and present officers, directors, shareholders, agents, employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in their, his or its interest, on their, her or its behalf, or at their, her or its request, and each of them."

However, In General Objection No. 4, Defendant objects to the definitions and instructions "as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and information or documents that are neither relevant nor proportional to the needs of the case." In addition, Defendant objects in almost every response to the definition of "YOUR" and seeks to limit the definition to only "Conaco, LLC, and its directors, officers, and employees only."

This limited definition selected by Defendant does not fully encompass the individuals who may have been involved in the acts as alleged in the complaint. To limit the definition to Defendant's chosen definition is to leave out former employees, independent contractors, and other agents who may have been involved in the alleged infringing acts.

As you are aware, the use of reasonable definitions prefacing a series of interrogatories is not prohibited by the FRCP. *See Diversified Products Corp. v. Sports Center Co.,* 42 F.R.D. 3, 10 (M.D. Dc. 1967). With this in mind, Plaintiff asks Defendant to amend its responses to remove General Objection No. 4, and also remove each objection that seeks to limit Plaintiff's defined term, "YOUR," to only Conaco LLC, its directors, officers, and employees.

### *Interrogatory Nos. 1, 2, and 3*

Interrogatory No. 1 asks Defendant to "IDENTIFY YOUR annual gross revenues in 2015." Defendant objects to this interrogatory on the grounds that:

1) The term "annual gross revenues" is vague and ambiguous in that if fails to specifically identify what revenue information it seeks from Conaco;

2) Annual gross revenues are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes;

3) The interrogatory is overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defends and is not proportional to the needs of the case;

4) The interrogatory seeks confidential information prior to the entry of a suitable protective order; and

5) The interrogatory seeks information which is subject to certain confidentiality provisions between Conaco and/or its affiliated companies which may not be disclosed absent the consent of the parties to such contracts.

Information with respect to Defendant's annual gross revenues is essential to Plaintiff's claim for copyright infringement because that information relates to damages, an essential element of Plaintiff's claim. 17 USC 504(b) states (b) Actual Damages and Profits.— The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

My client has the burden of showing your client's gross revenue and your client is required to prove deductible expenses. Thus, financial information is relevant to my client's claim and he is entitled to know what your client's gross revenues are and what your client is claiming as deductible expenses. Furthermore, the term "annual gross revenues" doesn't need to be defined. It is simple enough for a lay person to understand, as "annual" means yearly and "gross revenues" means income before expenses. There is no ambiguity in the term. Furthermore, the second and third objections based on relevance are unwarranted, as I have already stated that this information is crucial to proving Plaintiff's damages. As to the fourth and fifth objections, ones based on confidentiality, as you know we have already met and conferred regarding a proposed protective order.  Your office has taken the position that financial information should be for attorneys eyes only.  I did not agree based on the 17 USC 504(b). Based on that your office stated it would take it up with the Judge, yet no motion for protective order has been filed.  If we cannot agree on the production of documents and you do not file for a protective order I will simply go ahead and file motion to compel.

_Interrogatory No. 2_ asks Defendants to "identify all witnesses and persons who calculate and/or determine your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory No. 1. Determining the identity of these people is necessary for Plaintiff to prove his damages for Defendant's infringement, as alleged in the Complaint. For the same reasons listed above in Interrogatory No. 1, Plaintiff requests that Defendant provide this information.

*Interrogatory No. 3* asks Defendants to "Identify all documents that relate to your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory Nos. 2 and 3, with the addition of objections claiming that identifying "all documents" is "not proportional to the needs of the case," and that the documents "are not reasonably accessible because of undue burden and cost." Plaintiff believes that these documents are relevant and inquiry into these documents is reasonably calculated to lead to the discovery of admissible evidence because the documents themselves establish claimed damages. Without these documents, it is impossible for Plaintiff to establish damages for the infringement claim. Furthermore, Plaintiff fails to see what undue burden and cost will be sustained by Defendant by merely "identifying" the documents. This is not a request for production. For these reasons in addition to those listed in Interrogatory No. 1, Defendant should provide this information.

### *Interrogatory No. 5*

Interrogatory No. 5 asks for the gross revenue or annual salary of each person listed in Interrogatory No. 4. The people listed in Interrogatory No. 4 were those individuals on Defendant's writing staff who wrote, created, and/or edited the jokes at issue. Defendant objects to this Interrogatory on the following grounds:

1) It seeks information which is not relevant to any party's claim or defense and is not proportional to the needs of the case;

2) It seeks the identification of confidential information prior to the entry of a suitable protective order;

3) Gross revenues or annual salaries of the writing staff or writing interns are irrelevant;

4) The information is privileged.

Once again, this information is relevant and the interrogatory is reasonably calculated to lead to the discovery of admissible evidence to prove Plaintiff's claimed damages for infringement. In addition to the annual gross revenues of Conaco as a whole, the individual salaries of those who published the alleged infringing jokes have a direct relationship to Plaintiff's damages. These individuals are undoubtedly paid in part based on the jokes that they submit. If Defendant plans to move for a protective order, it is insufficient to merely object that the interrogatory is seeking identification of confidential information prior to the entry of a suitable protective order unless that party has already moved for a protective order. *See American Rock Salt Co. v. Norfolk Southern Corp.,* 228 F.R.D. 426 (W.D. Ny. 2005).

### 3.  **Jeff Ross'  Responses to Plaintiff's Special Interrogatories, Set One**

Jeff Ross' Responses to the following Interrogatories propounded in Plaintiff's Special Interrogatories, Set one are deficient, inadequate, and improper. For purposes of the parties' meet and confer, I provide the following summary of certain deficiencies:

### *General Objection No. 4/Objection to definition of "YOUR."*

In serving its Special Interrogatories, Set One, Plaintiff included an "Instructions" and

"Definitions" section. In that definition section, Plaintiff defines "YOUR" to include:

"Defendant individually and collectively, and his or her, its or their affiliates and parent company and anyone acting on their, his or her behalf, including, but not limited to, past and present officers, directors, shareholders, agents, employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in their, his or its interest, on their, her or its behalf, or at their, her or its request, and each of them."

However, In General Objection No. 4, Defendant objects to the definitions and instructions "as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and information or documents that are neither relevant nor proportional to the needs of the case." In addition, Defendant objects in almost every response to the definition of "YOUR" and seeks to limit the definition to only "Conaco, LLC, and its directors, officers, and employees only."

This limited definition selected by Defendant does not fully encompass the individuals who may have been involved in the acts as alleged in the complaint. To limit the definition to Defendant's chosen definition is to leave out former employees, independent contractors, and other agents who may have been involved in the alleged infringing acts.

As you are aware, the use of reasonable definitions prefacing a series of interrogatories is not prohibited by the FRCP. *See Diversified Products Corp. v. Sports Center Co.,* 42 F.R.D. 3, 10 (M.D. Dc. 1967). With this in mind, Plaintiff asks Defendant to amend its responses to remove General Objection No. 4, and also remove each objection that seeks to limit Plaintiff's defined term, "YOUR," to only Conaco LLC, its directors, officers, and employees.

### *Interrogatory Nos. 1, 2, and 3*

Interrogatory No. 1 asks Defendant to "IDENTIFY YOUR annual gross revenues in 2015." Defendant objects to this interrogatory on the grounds that:
1) The term "annual gross revenues" is vague and ambiguous in that if fails to specifically identify what revenue information it seeks from Conaco;
2) Annual gross revenues are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes;
3) The interrogatory is overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defends and is not proportional to the needs of the case;
4) The interrogatory seeks confidential information prior to the entry of a suitable protective order; and
5) The interrogatory seeks information which is subject to certain confidentiality provisions between Conaco and/or its affiliated companies which may not be disclosed absent the consent of the parties to such contracts.

Information with respect to Defendant's annual gross revenues is essential to Plaintiff's claim for copyright infringement because that information relates to damages, an essential element of Plaintiff's claim. 17 USC 504(b) states (b) Actual Damages and Profits.— The

copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

My client has the burden of showing your client's gross revenue and your client is required to prove deductible expenses.  Thus, financial information is relevant to my client's claim and he is entitled to know what your client's gross revenues are and what your client is claiming as deductible expenses. Furthermore, the term "annual gross revenues" doesn't need to be defined. It is simple enough for a lay person to understand, as "annual" means yearly and "gross revenues" means income before expenses. There is no ambiguity in the term. Furthermore, the second and third objections based on relevance are unwarranted, as I have already stated that this information is crucial to proving Plaintiff's damages. As to the fourth and fifth objections, ones based on confidentiality, as you know we have already met and conferred regarding a proposed protective order.  Your office has taken the position that financial information should be for attorneys eyes only.  I did not agree based on the 17 USC 504(b). Based on that your office stated it would take it up with the Judge, yet no motion for protective order has been filed.  If we cannot agree on the production of documents and you do not file for a protective order I will simply go ahead and file motion to compel.

*Interrogatory No. 2* asks Defendants to "identify all witnesses and persons who calculate and/or determine your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory No. 1. Determining the identity of these people is necessary for Plaintiff to prove his damages for Defendant's infringement, as alleged in the Complaint. For the same reasons listed above in Interrogatory No. 1, Plaintiff requests that Defendant provide this information.

*Interrogatory No. 3* asks Defendants to "Identify all documents that relate to your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory Nos. 2 and 3, with the addition of objections claiming that identifying "all documents" is "not proportional to the needs of the case," and that the documents "are not reasonably accessible because of undue burden and cost." Plaintiff believes that these documents are relevant and inquiry into these documents is reasonably calculated to lead to the discovery of admissible evidence because the documents themselves establish claimed damages. Without these documents, it is impossible for Plaintiff to establish damages for the infringement claim. Furthermore, Plaintiff fails to see what undue burden and cost will be sustained by Defendant by merely "identifying" the documents. This is not a request for production. For these reasons in addition to those listed in Interrogatory No. 1, Defendant should provide this information.

### *Interrogatory No. 5*

Interrogatory No. 5 asks for the gross revenue or annual salary of each person listed in Interrogatory No. 4. The people listed in Interrogatory No. 4 were those individuals on Defendant's writing staff who wrote, created, and/or edited the jokes at issue.  Defendant objects

to this Interrogatory on the following grounds:

      1) It seeks information which is not relevant to any party's claim or defense and is not proportional to the needs of the case;

      2) It seeks the identification of confidential information prior to the entry of a suitable protective order;

      3) Gross revenues or annual salaries of the writing staff or writing interns are irrelevant;

      4) The information is privileged.

Once again, the information sought is relevant and this interrogatory is reasonably calculated to lead to the discovery of admissible evidence to prove Plaintiff's claimed damages for infringement. In addition to the annual gross revenues of Conaco as a whole, the individual salaries of those who published the alleged infringing jokes have a direct relationship to Plaintiff's damages. These individuals are undoubtedly paid in part based on the jokes that they submit. If Defendant plans to move for a protective order, it is insufficient to merely object that the interrogatory is seeking identification of confidential information prior to the entry of a suitable protective order unless that party has already moved for a protective order. *See American Rock Salt Co. v. Norfolk Southern Corp.,* 228 F.R.D. 426 (W.D. Ny. 2005).

**4. Mike Sweeney's Responses to Plaintiff's Special Interrogatories, Set One**

Mike Sweeney's Responses to the following Interrogatories propounded in Plaintiff's Special Interrogatories, Set one are deficient, inadequate, and improper. For purposes of the parties' meet and confer, I provide the following summary of certain deficiencies:

***General Objection No. 4/Objection to definition of "YOUR."***

In serving its Special Interrogatories, Set One, Plaintiff included an "Instructions" and "Definitions" section. In that definition section, Plaintiff defines "YOUR" to include:

 "Defendant individually and collectively, and his or her, its or their affiliates and parent company and anyone acting on their, his or her behalf, including, but not limited to, past and present officers, directors, shareholders, agents, employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in their, his or its interest, on their, her or its behalf, or at their, her or its request, and each of them."

 However, In General Objection No. 4, Defendant objects to the definitions and instructions "as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and information or documents that are neither relevant nor proportional to the needs of the case." In addition, Defendant objects in almost every response to the definition of "YOUR" and seeks to limit the definition to only "Conaco, LLC, and its directors, officers, and employees only."

This limited definition selected by Defendant does not fully encompass the individuals who may have been involved in the acts as alleged in the complaint. To limit the definition to Defendant's chosen definition is to leave out former employees, independent contractors, and other agents who may have been involved in the alleged infringing acts.

As you are aware, the use of reasonable definitions prefacing a series of interrogatories is not prohibited by the FRCP. *See Diversified Products Corp. v. Sports Center Co.,* 42 F.R.D. 3, 10 (M.D. Dc. 1967). With this in mind, Plaintiff asks Defendant to amend its responses to remove General Objection No. 4, and also remove each objection that seeks to limit Plaintiff's defined term, "YOUR," to only Conaco LLC, its directors, officers, and employees.

### *Interrogatory Nos. 1, 2, and 3*

Interrogatory No. 1 asks Defendant to "IDENTIFY YOUR annual gross revenues in 2015." Defendant objects to this interrogatory on the grounds that:

1) The term "annual gross revenues" is vague and ambiguous in that if fails to specifically identify what revenue information it seeks from Conaco;

2) Annual gross revenues are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes;

3) The interrogatory is overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defends and is not proportional to the needs of the case;

4) The interrogatory seeks confidential information prior to the entry of a suitable protective order; and

5) The interrogatory seeks information which is subject to certain confidentiality provisions between Conaco and/or its affiliated companies which may not be disclosed absent the consent of the parties to such contracts.

Information with respect to Defendant's annual gross revenues is essential to Plaintiff's claim for copyright infringement because that information relates to damages, an essential element of Plaintiff's claim. 17 USC 504(b) states (b) Actual Damages and Profits.— The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

My client has the burden of showing your client's gross revenue and your client is required to prove deductible expenses.  Thus, financial information is relevant to my client's claim and he is entitled to know what your client's gross revenues are and what your client is claiming as deductible expenses. Furthermore, the term "annual gross revenues" doesn't need to be defined. It is simple enough for a lay person to understand, as "annual" means yearly and "gross revenues" means income before expenses. There is no ambiguity in the term. Furthermore, the second and third objections based on relevance are unwarranted, as I have already stated that this information is crucial to proving Plaintiff's damages. As to the fourth and fifth objections, as you know we have already met and conferred regarding a proposed protective order.  Your office has taken the position that financial information should be for attorneys eyes only.  I did not agree based on the 17 USC 504(b).  Based on that your office stated it would take it up with the Judge, yet no motion for protective order has been filed.  If we cannot agree on the

production of documents and you do not file for a protective order I will simply go ahead and file motion to compel.

*Interrogatory No. 2* asks Defendants to "identify all witnesses and persons who calculate and/or determine your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory No. 1. Determining the identity of these people is necessary for Plaintiff to prove his damages for Defendant's infringement, as alleged in the Complaint. For the same reasons listed above in Interrogatory No. 1, Plaintiff requests that Defendant provide this information.

*Interrogatory No. 3* asks Defendants to "Identify all documents that relate to your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory Nos. 2 and 3, with the addition of objections claiming that identifying "all documents" is "not proportional to the needs of the case," and that the documents "are not reasonably accessible because of undue burden and cost." Plaintiff believes that these documents are relevant and inquiry into these documents is reasonably calculated to lead to the discovery of admissible evidence because the documents themselves establish claimed damages. Without these documents, it is impossible for Plaintiff to establish damages for the infringement claim. Furthermore, Plaintiff fails to see what undue burden and cost will be sustained by Defendant by merely "identifying" the documents. This is not a request for production. For these reasons in addition to those listed in Interrogatory No. 1, Defendant should provide this information.

### *Interrogatory No. 5*

Interrogatory No. 5 asks for the gross revenue or annual salary of each person listed in Interrogatory No. 4. The people listed in Interrogatory No. 4 were those individuals on Defendant's writing staff who wrote, created, and/or edited the jokes at issue.  Defendant objects to this Interrogatory on the following grounds:

    1) It seeks information which is not relevant to any party's claim or defense and is not proportional to the needs of the case;

    2) It seeks the identification of confidential information prior to the entry of a suitable protective order;

    3) Gross revenues or annual salaries of the writing staff or writing interns are irrelevant;

    4) The information is privileged.

Once again, the information sought is relevant and this interrogatory is reasonably calculated to lead to the discovery of admissible evidence to prove Plaintiff's claimed damages for infringement. In addition to the annual gross revenues of Conaco as a whole, the individual salaries of those who published the alleged infringing jokes have a direct relationship to Plaintiff's damages. These individuals are undoubtedly paid in part based on the jokes that they submit. If Defendant plans to move for a protective order, it is insufficient to merely object that the interrogatory is seeking identification of confidential information prior to the entry of a suitable protective order unless that party has already moved for a protective order. *See American Rock Salt Co. v. Norfolk Southern Corp.*, 228 F.R.D. 426 (W.D. Ny. 2005).

### 5.  **TBS's  Responses to Plaintiff's Special Interrogatories, Set One**

TBS's Responses to the following Interrogatories propounded in Plaintiff's Special Interrogatories, Set one are deficient, inadequate, and improper. For purposes of the parties' meet and confer, I provide the following summary of certain deficiencies:

### *General Objection No. 4/Objection to definition of "YOUR."*

In serving its Special Interrogatories, Set One, Plaintiff included an "Instructions" and "Definitions" section. In that definition section, Plaintiff defines "YOUR" to include:

"Defendant individually and collectively, and his or her, its or their affiliates and parent company and anyone acting on their, his or her behalf, including, but not limited to, past and present officers, directors, shareholders, agents, employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in their, his or its interest, on their, her or its behalf, or at their, her or its request, and each of them."

However, In General Objection No. 4, Defendant objects to the definitions and instructions "as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and information or documents that are neither relevant nor proportional to the needs of the case." In addition, Defendant objects in almost every response to the definition of "YOUR" and seeks to limit the definition to only "Conaco, LLC, and its directors, officers, and employees only."

This limited definition selected by Defendant does not fully encompass the individuals who may have been involved in the acts as alleged in the complaint. To limit the definition to Defendant's chosen definition is to leave out former employees, independent contractors, and other agents who may have been involved in the alleged infringing acts.

As you are aware, the use of reasonable definitions prefacing a series of interrogatories is not prohibited by the FRCP. *See Diversified Products Corp. v. Sports Center Co.,* 42 F.R.D. 3, 10 (M.D. Dc. 1967). With this in mind, Plaintiff asks Defendant to amend its responses to remove General Objection No. 4, and also remove each objection that seeks to limit Plaintiff's defined term, "YOUR," to only Conaco LLC, its directors, officers, and employees.

### *Interrogatory Nos. 1, 2, and 3*

Interrogatory No. 1 asks Defendant to "IDENTIFY YOUR annual gross revenues in 2015." Defendant objects to this interrogatory on the grounds that:

1) The term "annual gross revenues" is vague and ambiguous in that if fails to specifically identify what revenue information it seeks from Conaco;

2) Annual gross revenues are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes;

3) The interrogatory is overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defends and is not proportional to the needs of the case;

4) The interrogatory seeks confidential information prior to the entry of a suitable

protective order; and

5) The interrogatory seeks information which is subject to certain confidentiality provisions between Conaco and/or its affiliated companies which may not be disclosed absent the consent of the parties to such contracts.

Information with respect to Defendant's annual gross revenues is essential to Plaintiff's claim for copyright infringement because that information relates to damages, an essential element of Plaintiff's claim. 17 USC 504(b) states (b) Actual Damages and Profits.— The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

My client has the burden of showing your client's gross revenue and your client is required to prove deductible expenses.  Thus, financial information is relevant to my client's claim and he is entitled to know what your client's gross revenues are and what your client is claiming as deductible expenses. Furthermore, the term "annual gross revenues" doesn't need to be defined. It is simple enough for a lay person to understand, as "annual" means yearly and "gross revenues" means income before expenses. There is no ambiguity in the term. Furthermore, the second and third objections based on relevance are unwarranted, as I have already stated that this information is crucial to proving Plaintiff's damages. As to the fourth and fifth objections, as you know we have already met and conferred regarding a proposed protective order.  Your office has taken the position that financial information should be for attorneys eyes only.  I did not agree based on the 17 USC 504(b).  Based on that your office stated it would take it up with the Judge, yet no motion for protective order has been filed.  If we cannot agree on the production of documents and you do not file for a protective order I will simply go ahead and file motion to compel.

*Interrogatory No. 2* asks Defendants to "identify all witnesses and persons who calculate and/or determine your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory No. 1. Determining the identity of these people is necessary for Plaintiff to prove his damages for Defendant's infringement, as alleged in the Complaint. For the same reasons listed above in Interrogatory No. 1, Plaintiff requests that Defendant provide this information.

*Interrogatory No. 3* asks Defendants to "Identify all documents that relate to your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory Nos. 2 and 3, with the addition of objections claiming that identifying "all documents" is "not proportional to the needs of the case," and that the documents "are not reasonably accessible because of undue burden and cost." Plaintiff believes that these documents are relevant and inquiry into these documents is reasonably calculated to lead to the discovery of admissible evidence because the documents themselves establish claimed damages. Without these documents, it is impossible for Plaintiff to establish damages for the infringement claim. Furthermore, Plaintiff fails to see what undue burden and cost will be sustained by Defendant by

merely "identifying" the documents. This is not a request for production. For these reasons in addition to those listed in Interrogatory No. 1, Defendant should provide this information.

### *Interrogatory No. 5*

Interrogatory No. 5 asks for the gross revenue or annual salary of each person listed in Interrogatory No. 4. The people listed in Interrogatory No. 4 were those individuals on Defendant's writing staff who wrote, created, and/or edited the jokes at issue. Defendant objects to this Interrogatory on the following grounds:

1) It seeks information which is not relevant to any party's claim or defense and is not proportional to the needs of the case;

2) It seeks the identification of confidential information prior to the entry of a suitable protective order;

3) Gross revenues or annual salaries of the writing staff or writing interns are irrelevant;

4) The information is privileged.

Once again, the information sought is relevant and this interrogatory is reasonably calculated to lead to the discovery of admissible evidence to prove Plaintiff's claimed damages for infringement. In addition to the annual gross revenues of Conaco as a whole, the individual salaries of those who published the alleged infringing jokes have a direct relationship to Plaintiff's damages. These individuals are undoubtedly paid in part based on the jokes that they submit. If Defendant plans to move for a protective order, it is insufficient to merely object that the interrogatory is seeking identification of confidential information prior to the entry of a suitable protective order unless that party has already moved for a protective order. *See American Rock Salt Co. v. Norfolk Southern Corp.,* 228 F.R.D. 426 (W.D. Ny. 2005).

### 6.  Time Warner's  Responses to Plaintiff's Special Interrogatories, Set One

Time Warner's Responses to the following Interrogatories propounded in Plaintiff's Special Interrogatories, Set one are deficient, inadequate, and improper. For purposes of the parties' meet and confer, I provide the following summary of certain deficiencies:

### *General Objection No. 4/Objection to definition of "YOUR."*

In serving its Special Interrogatories, Set One, Plaintiff included an "Instructions" and "Definitions" section. In that definition section, Plaintiff defines "YOUR" to include:

"Defendant individually and collectively, and his or her, its or their affiliates and parent company and anyone acting on their, his or her behalf, including, but not limited to, past and present officers, directors, shareholders, agents, employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in their, his or its interest, on their, her or its behalf, or at their, her or its request, and each of them."

However, In General Objection No. 4, Defendant objects to the definitions and instructions "as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and information or documents that are neither relevant nor

proportional to the needs of the case." In addition, Defendant objects in almost every response to the definition of "YOUR" and seeks to limit the definition to only "Conaco, LLC, and its directors, officers, and employees only."

This limited definition selected by Defendant does not fully encompass the individuals who may have been involved in the acts as alleged in the complaint. To limit the definition to Defendant's chosen definition is to leave out former employees, independent contractors, and other agents who may have been involved in the alleged infringing acts.

As you are aware, the use of reasonable definitions prefacing a series of interrogatories is not prohibited by the FRCP. *See Diversified Products Corp. v. Sports Center Co.,* 42 F.R.D. 3, 10 (M.D. Dc. 1967). With this in mind, Plaintiff asks Defendant to amend its responses to remove General Objection No. 4, and also remove each objection that seeks to limit Plaintiff's defined term, "YOUR," to only Conaco LLC, its directors, officers, and employees.

### *Interrogatory Nos. 1, 2, and 3*

Interrogatory No. 1 asks Defendant to "IDENTIFY YOUR annual gross revenues in 2015." Defendant objects to this interrogatory on the grounds that:
1) The term "annual gross revenues" is vague and ambiguous in that if fails to specifically identify what revenue information it seeks from Conaco;
2) Annual gross revenues are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes;
3) The interrogatory is overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defends and is not proportional to the needs of the case;
4) The interrogatory seeks confidential information prior to the entry of a suitable protective order; and
5) The interrogatory seeks information which is subject to certain confidentiality provisions between Conaco and/or its affiliated companies which may not be disclosed absent the consent of the parties to such contracts.

Information with respect to Defendant's annual gross revenues is essential to Plaintiff's claim for copyright infringement because that information relates to damages, an essential element of Plaintiff's claim. 17 USC 504(b) states (b) Actual Damages and Profits.— The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

My client has the burden of showing your client's gross revenue and your client is required to prove deductible expenses. Thus, financial information is relevant to my client's claim and he is entitled to know what your client's gross revenues are and what your client is claiming as deductible expenses. Furthermore, the term "annual gross revenues" doesn't need to

be defined. It is simple enough for a lay person to understand, as "annual" means yearly and "gross revenues" means income before expenses. There is no ambiguity in the term. Furthermore, the second and third objections based on relevance are unwarranted, as I have already stated that this information is crucial to proving Plaintiff's damages. As to the fourth and fifth objections, as you know we have already met and conferred regarding a proposed protective order.  Your office has taken the position that financial information should be for attorneys eyes only.  I did not agree based on the 17 USC 504(b).  Based on that your office stated it would take it up with the Judge, yet no motion for protective order has been filed.  If we cannot agree on the production of documents and you do not file for a protective order I will simply go ahead and file motion to compel.

*Interrogatory No. 2* asks Defendants to "identify all witnesses and persons who calculate and/or determine your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory No. 1. Determining the identity of these people is necessary for Plaintiff to prove his damages for Defendant's infringement, as alleged in the Complaint. For the same reasons listed above in Interrogatory No. 1, Plaintiff requests that Defendant provide this information.

*Interrogatory No. 3* asks Defendants to "Identify all documents that relate to your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory Nos. 2 and 3, with the addition of objections claiming that identifying "all documents" is "not proportional to the needs of the case," and that the documents "are not reasonably accessible because of undue burden and cost." Plaintiff believes that these documents are relevant and inquiry into these documents is reasonably calculated to lead to the discovery of admissible evidence because the documents themselves establish claimed damages. Without these documents, it is impossible for Plaintiff to establish damages for the infringement claim. Furthermore, Plaintiff fails to see what undue burden and cost will be sustained by Defendant by merely "identifying" the documents. This is not a request for production. For these reasons in addition to those listed in Interrogatory No. 1, Defendant should provide this information.

### *Interrogatory No. 5*

Interrogatory No. 5 asks for the gross revenue or annual salary of each person listed in Interrogatory No. 4. The people listed in Interrogatory No. 4 were those individuals on Defendant's writing staff who wrote, created, and/or edited the jokes at issue.  Defendant objects to this Interrogatory on the following grounds:

1) It seeks information which is not relevant to any party's claim or defense and is not proportional to the needs of the case;

2) It seeks the identification of confidential information prior to the entry of a suitable protective order;

3) Gross revenues or annual salaries of the writing staff or writing interns are irrelevant;

4) The information is privileged.

Once again, the information sought is relevant and this interrogatory is reasonably calculated to lead to the discovery of admissible evidence to prove Plaintiff's claimed damages for infringement. In addition to the annual gross revenues of Conaco as a whole, the individual

salaries of those who published the alleged infringing jokes have a direct relationship to Plaintiff's damages. These individuals are undoubtedly paid in part based on the jokes that they submit. If Defendant plans to move for a protective order, it is insufficient to merely object that the interrogatory is seeking identification of confidential information prior to the entry of a suitable protective order unless that party has already moved for a protective order. *See American Rock Salt Co. v. Norfolk Southern Corp.,* 228 F.R.D. 426 (W.D. Ny. 2005).

## 7.  **Conaco LLC's Responses to Plaintiff's Request for Production of Documents, Set One**

Conaco LLC's Responses to the following Requests propounded in Plaintiff's Request for Production of Documents and Things, Set one are deficient, inadequate, and improper. For purposes of the parties' meet and confer, I provide the following summary of certain deficiencies:

### *Request for Production Nos. 3 and 4*

*Request for Production No. 3* asks for "ANY and ALL DOCUMENTS, tangible things and other items that RELATE TO YOUR *annual gross revenues* in 2015. In response, Defendant provides the same objections it provided in Interrogatories 1, 2, and 3. For the same reasons as those stated in the aforementioned interrogatories, Defendant should produce the requested documents.

*Request for Production No. 4* asks for "ANY and ALL DOCUMENTS, tangible things and other items that RELATE TO YOUR *annual net profits* in 2015. Defendant asserted essentially the same objections as those asserted in Request for Production No. 3.

Though the term "annual net profits" is different than "annual gross revenues," it is still one that is not subject to any uncertainty or ambiguity. "Annual net profits" simply refers to the income retained by Defendant after expenses. Furthermore, this information is relevant for the same reasons as stated above, in that it is essential to proving Plaintiff's damages. With these reasons in mind, along with those listed in interrogatories 1, 2, and 3 above, Plaintiff respectfully asks for Defendant to provide the requested documents.

### *Request for Production Nos. 6, 7, and 8*

Each of these Requests seeks documents involving JOSH COMERS, BRIAN KILEY, and ROB KUTNER, which were submitted to Defendant for use on the "CONAN" show monologue in the last three years. Defendant's response is that it will produce relevant and non-privileged documents within its possession concerning the three individuals above within thirty (30) days after the entry of a protective order in this action, to the extent that such documents may exist and have not already been produced.

As you know we have already met and conferred regarding a proposed protective order. Your office has taken the position that financial information should be for attorneys eyes only. I did not agree based on the 17 USC 504(b) thus we were unable to reach an agreement on a

protective order to address all issues.  Based on that your office stated it would take it up with the Judge, yet no motion for protective order has been filed.  If we cannot agree on the production of documents and you do not file for a protective order I will simply go ahead and file motion to compel.

I hope that we can discuss and resolve these issues amicably during a phone call.

Sincerely,

*/s/ Jayson M. Lorenzo*

Jayson M. Lorenzo

# Exhibit 17

| | |
|---|---|
| **From:** | Nick Huskins |
| **Sent:** | ==Wednesday, June 1, 2016 7:36 PM== |
| **To:** | Jayson Lorenzo |
| **Cc:** | Erica Van Loon |
| **Subject:** | Kaseberg v. Conaco, LLC, et al. |
| **Attachments:** | Proof of Service 2016-06-01.pdf; Declaration of Nicholas Huskins.pdf; Joint Motion for Determination of Discovery Dispute.docx |

Jayson,

==Pursuant to Judge Bartick's Civil Chambers Rule IV(C)(3), please see attached Defendants' portion of the Joint Motion for Determination of Discovery Dispute and the supporting Declaration of Nicholas Huskins with exhibits.  Please return your portion to us no later than end of business (5pm) June 8, 2016, so that we may finalize the document and timely file.  A proof of service is also attached.==

Also, we are in receipt of your supplemental responses.  We will review and let you know if our position changes with respect to any of the discovery requests discussed in the Joint Motion.

Regards,
Nick

**Glaser Weil**

**Nick Huskins | Attorney**
10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067
Main: 310.553.3000 | Direct: 310.282.6264 | Fax: 310.785.3564
E-Mail: nhuskins@glaserweil.com | www.glaserweil.com



This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message

1  PATRICIA L. GLASER – State Bar No. 55668
   pglaser@glaserweil.com
2  ERICA J. VAN LOON - State Bar No. 227712
   evanloon@glaserweil.com
3  NICHOLAS E. HUSKINS – State Bar No. 299133
   nhuskins@glaserweil.com
4  BRITTANY ELIAS - State Bar No. 305922
   belias@glaserweil.com
5  GLASER WEIL FINK HOWARD
     AVCHEN & SHAPIRO LLP
6  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
7  Telephone:  (310) 553-3000
   Facsimile:   (310) 556-2920
8  *Attorneys for Defendants*

9

10                    UNITED STATES DISTRICT COURT

11                  SOUTHERN DISTRICT OF CALIFORNIA

12  ROBERT ALEXANDER KASEBERG,        CASE NO.: 3:15-CV-01637-JLS-DHB

13              Plaintiff,            Hon. David H. Bartick

14  v.

15                                    **JOINT MOTION FOR**
    CONACO, LLC, TURNER               **DETERMINATION OF**
16  BROADCASTING SYSTEM, TIME         **DISCOVERY DISPUTE**
    WARNER, INC., CONAN O'BRIEN,
17  JEFF ROSS, MIKE SWEENEY; DOES
    1-50, inclusive,
18
                Defendants.
19

20

21

22

23

24

25

26

27

28

---

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**

1  **JOINT DECLARATION OF COMPLIANCE WITH THE COURT'S MEET**
2  **AND CONFER REQUIREMENT**

3  Pursuant to Civil Chambers' Rule (IV)(C), Defendants Conaco, LLC, Turner

4  Broadcasting System, Inc.; Time Warner Inc.; Conan O'Brien; Jeff Ross; and Mike

5  Sweeney (collectively, "Defendants") and Plaintiff Robert Alexander Kaseberg

6  ("Plaintiff" or "Kaseberg") submit this Joint Motion for Determination of Discovery

7  Dispute to advise the Court of the parties' impasse concerning Defendant Conaco,

8  LLC's ("Conaco") first set of discovery requests served on Plaintiff.  This motion is

9  made following the conference of counsel pursuant to Civil Local Rule 26.1.a and

10  Civil Chambers' Rule (IV)(A), which took place May 18, 2016.

11  **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES**

12  **I.    RELEVANT BACKGROUND**

13  On March 24, 2016 Conaco served its First Set of Interrogatories

14  ("Interrogatories") and First Set of Requests for Admission ("RFAs") to Plaintiff.  *See*

15  Declaration of Nicholas Huskins ("Huskins Decl."), Exs. A-B.  Plaintiff served his

16  objections and responses to each on April 25, 2016.  Huskins Decl., Exs. C-D.

17  On May 9, 2016, Defendants' counsel sent a letter to Plaintiff's counsel

18  identifying several deficiencies in Plaintiff's discovery responses and requesting to

19  meet and confer on the issues raised therein.  *Id.*, Ex. E.  The parties met and

20  conferred on May 18, 2016.  *Id.*, ¶ 2.  Relevant to this motion, Plaintiff's counsel

21  represented that Plaintiff would supplement deficient responses to Interrogatory Nos.

22  1-4, 7-8, 10-13, and 15-16, and all RFAs.  *Id*.  In follow-up correspondence,

23  Plaintiff's counsel qualified this representation, offering only to "speak to [his] client

24  and to the extent he can provide additional information the responses will be

25  submitted."  *Id.*, Ex. F.  In the same correspondence, Plaintiff's counsel maintained

26  that he could not agree to supplement any responses before June 1.  *Id*.

27  Given this Court's requirements for filing discovery motions, as articulated in

28  Civil Chambers' Rules (IV)(C), Defendants could not agree to Plaintiff's proposal.

*Glaser Weil*

Should Plaintiff provide supplemental responses on June 1, Defendants would be left with one day to review the supplemental responses and prepare their brief before the deadline to exchange their portion of the joint statement with Plaintiff's counsel. Thus, Defendants' counsel informed Plaintiff's counsel that Defendants would proceed with a motion to compel on the unresolved discovery issues. *Id*. Of course, Defendants will review any supplemental responses received by Defendants and modify this motion, should such response moot any issues herein.

Defendants request assistance form the Court to ensure Plaintiff provides adequate responses to the essential discovery propounded by Conaco. As set forth below, Defendants are entitled to the discovery sought, as it is relevant and necessary to fairly defend against Plaintiff's copyright infringement claim.

## II.   DISPUTED DISCOVERY RESPONSES

### A.   INTERROGATORIES

Parties to a lawsuit may serve interrogatories seeking information regarding any matter that can be inquired into under Rule 26(b)(1). Fed. R. Civ. P. 33(a)(2). Rule 26 allows parties to obtain "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b). Responses must by consistent with the underlying purpose of interrogatories, which is to secure admissions, narrow the issues in a case, and obtain a party's contentions. *See Life Music, Inc. v. Broadcast Music, Inc.*, 41 F.R.D. 16 (S.D.N.Y. 1966). A party may move to compel further responses to interrogatories if the initial responses were incomplete or evasive. Fed. R. Civ. P. 37(a)(4).

All of Conaco's Interrogatories relate to threshold issues relevant to Plaintiff's copyright infringement claim. However, nearly all of Plaintiff's Interrogatory responses are inadequate and must be supplemented, as individually discussed below.

#### 1.   Interrogatory No. 1

Interrogatory No. 1 sought the time, date and forum for every instance in which Plaintiff *published* the allegedly-infringed jokes (the "Jokes At Issue"). Huskins

Decl., Ex. A.  Plaintiff's complete response reads: "Each of Respondent's Jokes At Issue were *created* at home.  Respondent *creates* the jokes prior to publishing them on the internet." *Id.*, Ex. C.  This answer is inadequate, as it entirely fails to address Plaintiff's *publication* of the Jokes At Issue.

If Plaintiff failed to publish the jokes at issue prior to Defendants' independent creation, Plaintiff cannot demonstrate circumstantial or direct access to Plaintiff's purported copyrighted works.  Absent some evidence of access, Plaintiff's infringement claim fails.  *Bernal v. Paradigm Talent & Literary Agency,* 788 F. Supp. 2d 1043, 1052 (C.D. Cal. 2010) ("To prove copyright infringement, Plaintiff must show that Defendants copied protected elements of [the work] either through evidence of direct copying or through a showing that Defendants had 'access' to Plaintiff's copyrighted material and that the two works at issue are 'substantially similar.'") (internal citations omitted).  Thus, this information is highly relevant, and the Court should order Plaintiff to provide a complete and accurate response.

### 2.    Interrogatory No. 2

Interrogatory No. 2 asks Plaintiff to identify the original and unique components of each allegedly copyrighted joke that he believes Defendants unlawfully copied.  Huskins Decl., Ex. A.  Plaintiff responded only with an objection that "the question calls for a legal conclusion and the answer is set forth in Respondent's complaint." *Id.*, Ex., C.

First, general references to a complaint are an insufficient answer to an Interrogatory.  *See e.g., Guerrero v. McClure*, 2011 WL 4566130, at *6 (E.D. Cal. Sept. 29, 2011) (holding "responses merely referring to the allegations of [plaintiff's] complaint are insufficient" and ordering respondent to supplement responses); *United States ex rel. O'Connell v. Chapman University,* 245 F.R.D. 646, 650 (C.D. Cal. 2007) ("an interrogatory should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories"); *McClellan v. Kern Cty. Sheriff's Office*, 2015 WL 4598871, at *4 (E.D. Cal. July 28,

2015) (holding interrogatory responses that refer to Plaintiffs' Complaint insufficient and ordering respondent to supplement interrogatory responses).

Moreover, the identification of protectable aspects of the Jokes At Issue is central to Plaintiff's lone claim for copyright infringement.  Only the original and unique aspects of a work are protected by copyright. *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1445 (9th Cir. 1994) ("As the Supreme Court recently made clear, protection extends only to those components of a work that are original to the author").  Through initial disclosures, Defendants presented significant evidence of numerous third-parties publishing substantially similar jokes to the Jokes At Issue.  Further, the Jokes At Issue are comprised of a factual set up based on a recent current event and a one-liner punchline, and do not appear to be protectable via copyright.  Plaintiff has failed to provide any information suitable to identify what aspect of the Jokes At Issue Plaintiff believes to be unique and original expression.  Thus, Defendants requests that this Court order Plaintiff to provide a complete, narrative response to Interrogatory No. 2 describing the allegedly protected material, and the basis for claiming such protection, to the extent any exists.

### 3.    <u>Interrogatory Nos. 3 and 4</u>

Interrogatory No. 3 asks Plaintiff to describe in detail his conception, development, creation and authorship for each of the jokes at issue.  Huskins Decl., Ex. A.  After asserting vague and ambiguous objections as to the terms "conception", "development" "creation" and "authorship", Plaintiff responded with a single, vague, and in some cases unintelligible sentence for each joke.  *Id.*, Ex. C.  Each sentence amounted to nothing more than a statement that Plaintiff generally learned of the topical news item to which his joke related, and then created the Joke At Issue.  *Id.*

First, there is nothing vague or ambiguous about these terms.  They are common terms, with well understood meanings, particularly in the context of copyright.  Moreover, Conaco's First Set of Interrogatories contained an instruction that provided: "If YOU object to any meaning of any term in any interrogatory herein

Glaser Weil

as unclear to YOU, YOU shall assume a reasonable meaning, state what the assumed meaning is, and respond to the request according to the assumed meaning." *Id.*, Ex. A. Plaintiff made no attempt to comply with this instruction. Further, during the meet and confer, Plaintiff's counsel intimated that he understood what these common terms meant and would provide a sufficient supplemental response. *Id.*, ¶ 2.

Moreover, Plaintiff's response is plainly evasive and inadequate. The request asks Plaintiff to "describe in detail" his creation of the Jokes At Issue. *Id.* Objectively, his response fails to comply under any standard. At a minimum, Plaintiff's response should provide the joke's date of creation, the method of creation, and the news sources Plaintiff viewed in which he learned of the set-up topic. In fact, Conaco specifically sought the identification of the news sources and websites reviewed by Plaintiff in Interrogatory No. 4. *Id.* Plaintiff's response failed to identify any sources. Instead, Plaintiff objected on the grounds that the identification of such is unduly burdensome, and that discovery is ongoing. *Id.*, Ex. C.

Plaintiff's objections to Interrogatory No. 4 are meritless. Plaintiff should already know the website and/or television source he used to come up with the Jokes At Issue and this should have been produced as part of his initial disclosures. There is nothing burdensome about this basic, relevant information regarding Plaintiff's alleged creation of the Jokes At Issue. Further, Conaco's Interrogatories were served over two months ago. There is no justifiable reason for Plaintiff to delay his response any longer. Because the Jokes At Issue lead with a standard news story or headline, this information is relevant to the determination of how much, if any, of Plaintiff's Jokes At Issue are original to Plaintiff. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991) ("To qualify for copyright protection, a work must be original to the author."). Thus, this Court should require Plaintiff to supplement his responses to Interrogatory Nos. 3 and 4 to provide a complete response sufficient to identify the date created, the method of creation, and the news sources reviewed for each of the Jokes At Issue.

5

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**

### 4.   <u>Interrogatory Nos. 7 and 8</u>

Interrogatory No. 7 asks Plaintiff to state all facts establishing a chain of events linking the Jokes At Issue and Defendants' access thereof.  Huskins Decl., Ex. A. Interrogatory No. 8 asks Plaintiff to state all facts establishing the Jokes At Issue have been widely disseminated.  *Id*.  In response, Plaintiff objects to the terms "chain of events" and "widely disseminated" before again improperly referencing the Complaint.  *See Guerrero*, 2011 WL 4566130, at \*6; *United States ex rel. O'Connell*, 245 F.R.D. at 650; *McClellan*, 2015 WL 4598871, at \*4.  Plaintiff's answer provided no substantive, narrative response.  Huskins Decl., Ex. C.

The objected-to terms have clear meaning in a copyright context, which are relevant to analyzing Defendants' access in this case.  In the Ninth Circuit, "[c]ircumstantial evidence of reasonable access is proven in one of two ways: (1) a particular *chain of events* is established between the plaintiff's work and the defendant's access to that work…or (2) the plaintiff's work has been *widely disseminated*."  *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000) (emphasis added).  This is a copyright infringement action; Plaintiff's counsel should be aware of the controlling case law.  Nevertheless, Defendants' counsel provided this case law to Plaintiff's counsel to avoid any doubt as to meaning of the purportedly vague and ambiguous terms.  Huskins Decl., Ex. E.  Thus, Conaco requests that this Court order Plaintiff to provide complete, accurate, and narrative supplemental responses to these Interrogatories, applying the meaning to the purportedly ambiguous terms as understood by the Ninth Circuit in the *Three Boys* opinion.

### 5.   <u>Interrogatory Nos. 11 and 12</u>

Interrogatory No. 11 asks Plaintiff to identify every instance within the last five years in which Plaintiff has sold his original content, and to identify the content sold. Huskins Decl., Ex. A.  Interrogatory No. 12 asks Plaintiff to identify the compensation received from the instances identified in Interrogatory No. 11, and to identify the purchaser.  *Id*.

6

In response, Plaintiff asserted relevance and privacy objections, and failed to offer any substantive, narrative answer. *Id*., Ex. C.  First, information concerning the purchase of Plaintiff's content is directly relevant to the quantification of potential damages at issue in this case.  Plaintiff's infringement claim is based on the allegedly-infringing use of a single joke in the "Conan" show monologue.  By his own admission, Plaintiff has sold jokes to late-night talk shows, including the Tonight Show with Jay Leno.  Huskins Decl., Ex. G.  The compensation Plaintiff received for the sale of a joke used in a late-night comedy show provides the most relevant indicator of the fair market value of the allegedly-infringed Jokes At Issue.

Additionally, to the extent Plaintiff objects to the Interrogatories on the grounds that they seek private, confidential information, this objection is disingenuous.  During the meet and confer, Defendants' counsel offered to Plaintiff's counsel that to the extent the responses to these Interrogatories called for the disclosure of confidential information, it would be treated subject to the terms of the draft protective order presently being negotiated between the parties.  Huskins Decl., ¶ 2.  Notably, it is Plaintiff's counsel who disputes that non-public financial information should be treated as "Highly Confidential – Attorneys' Eyes Only" material in this case and who is forcing Defendants to bring a motion for entry of protective order on the sole basis that Plaintiff wants to see Defendants' financial information in this suit.  *Id*. n.1.  Plaintiff cannot, on the one hand, refuse to provide information because it supposedly "seeks private confidential information" and then refuse to enter into a standard protective order that would properly protect such information, simply to avoid complying with his discovery obligations.

Thus, Plaintiff's objections are meritless, and this Court should order Plaintiff to supplement his responses to provide sufficient information relating to the purchaser and compensation received for any content sold by Plaintiff.

### 6.    <u>Interrogatory Nos. 15 and 16</u>

Interrogatory No. 15 asks for the factual basis and grounds for Plaintiff's

7

Glaser Weil

1  infringement claim.  *Id.*, Ex. A.  Interrogatory No. 16 asks Plaintiff to provide support

2  for his contention that the alleged infringement was willful.  *Id.*  After incorporating

3  by reference his General Objections, Plaintiff's response to each was the same:

4  "Respondent further objects to this Interrogatory on the basis that it is overbroad,

5  vague and ambiguous and is already contained in Respondent's complaint."  *Id.*, Ex.

6  C.  Again, Plaintiff's response improperly references the Complaint and fails to

7  provide any narrative response.  *See Guerrero*, 2011 WL 4566130, at *6; *United*

8  *States ex rel. O'Connell*, 245 F.R.D. at 650; *McClellan*, 2015 WL 4598871, at *4.

9  And again, Plaintiff's counsel refused to agree to supplement this answer with a

10  proper narrative response.  Huskins Decl., Ex. F.

11      Moreover, under 17 U.S.C. § 504, willful infringement raises the potential

12  statutory damages to $150,000 per work, as opposed to a maximum of $30,000 absent

13  a showing of willfulness.  Thus, this information is critical in assessing the potential

14  damages in this case.  As such, the Court should order Plaintiff to provide a complete,

15  narrative response to these Interrogatories detailing the factual basis for the claims,

16  allegations, and contentions advanced by Plaintiff in his Complaint.

17      **B.    REQUESTS FOR ADMISSION**

18      Requests for admission are designed to expedite trial by establishing certain

19  material facts as true and thus narrowing the range of issues for trial.  *Safeco of*

20  *America v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998).  It is not grounds for

21  objection that the request is ambiguous unless it is so ambiguous that the responding

22  party cannot, in good faith, frame an intelligent reply.  *See Marchland v. Mercy Med.*

23  *Ctr.*, 22 F.3d 933, 938 (9th Cir. 1994).  The "requesting party may move to determine

24  the sufficiency of an answer or objection."  Fed. R. Civ. P. 26(a)(6).

25      In accordance with Rule 36, Conaco's RFAs simply attempt to establish

26  material facts that will assist Defendants in framing their defense.  In each and every

27  response, Plaintiff objects to ordinary, everyday terms as "vague and ambiguous," and

28  denies each RFA.  During the meet and confer, Defendants' counsel sought clarity as

8

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**

15cv01637-JLS-DHB

1    to whether Plaintiff's denials were based on its objections, or on the substance of the

2    Request.  Huskins Decl., ¶ 2.  Plaintiff's counsel agreed Plaintiff would supplement

3    all RFA responses to make this clear.  *Id.,* Ex. F.  To date, Plaintiff has not done so.

4    Nor has Plaintiff provided supplemental responses addressing the following

5    deficiencies raised during the parties' meet and confer.

6               **1.      Requests for Admission Nos. 2-5**

7          RFA Nos. 2-5 ask for an admission from Plaintiff that the Jokes At Issue were

8    not identical to the corresponding joke told in the "Conan" show monologue (the

9    "Monologue Jokes").  *Id.*, Ex. B.  Plaintiff objected to the requests on the grounds that

10   "identical" is vague and ambiguous, and the RFAs call for a legal conclusion.  *Id.*, Ex.

11   D.  Setting aside the fact that there is nothing vague about the term "identical", like

12   the Interrogatories, Conaco's RFAs included an instruction that "If YOU object to

13   any meaning of any term in any Request herein as unclear to YOU, YOU shall

14   assume a reasonable meaning, state what the assumed meaning is, and respond to the

15   Request according to the assumed meaning."  *Id.*, Ex. B.  Plaintiff's failure to comply

16   with this instruction notwithstanding, during the meet and confer and in follow-up

17   correspondence, Defendants' counsel made clear that Plaintiff should understand

18   "identical" to mean a word-for-word copy.  *Id.*, Ex. F.

19         Plaintiff's objection that the RFA calls for a legal conclusion is equally

20   baseless.  By any fair reading of this request, the RFA simply asks Plaintiff to admit

21   or deny a fact – not to draw any legal conclusions.  Plaintiff identifies no question of

22   law or legal conclusion sought in these RFAs.  Moreover, it is objectively clear that

23   the Jokes At Issue are not literal, word-for-word copies of Defendants' Monologue

24   Jokes.  Defendants seek an admission establishing that certainty to focus any future

25   infringement analysis.  Thus, Defendants ask that this Court require Plaintiff to

26   supplement his response, applying the commonly understood meaning of "identical."

27              **2.      Requests for Admission Nos. 6-7**

28         Interrogatory No. 6 asks Plaintiff to "[s]tate all facts relating to Defendants'

9

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**

opportunity to view or copy the Jokes At Issue." *Id*., Ex. B.  In response, Plaintiff answered "Respondent maintains a Facebook, twitter, and blog page that are all publicly available and accessible." *Id*., Ex. D.  Plaintiff's counsel has confirmed this is Plaintiff's complete response. *Id.,* Ex. F.  However, RFA No. 6 asks Plaintiff to "[a]dmit that the only evidence YOU have of Defendants' access to the Jokes At Issue prior to Defendants' alleged infringement is YOUR publication of the Jokes At Issue on your Twitter account, personal online blog, or Facebook page." *Id*., Ex. B.  Similarly, RFA No. 7 asks Plaintiff to "[a]dmit that YOU are not aware of any Defendant following or viewing his online personal blog, Twitter account, or Facebook page prior to February 4, 2015." *Id*.  Plaintiff denied each. *Id*., Ex. D.

Plaintiff's responses to RFA Nos. 6 and 7 directly contradict his response to Interrogatory No. 6.  Parties responding to discovery requests "have a duty to provide true, explicit, responsive, and complete and candid answers to discovery, and their attorneys have a continuing duty to advise their clients of their duty to make honest, complete, non-evasive discovery disclosures." *Coburn v. PN II, Inc.*, 2008 WL 879746, at *2 (D. Nev. Mar. 28, 2008) (internal citation omitted).  Moreover, "[a] responding party must supplement his initial disclosures and discovery responses if he learns that 'in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.'" *Lefever v. Nicholson*, 2012 WL 5406464, at *2 (D. Nev. Nov. 5, 2012) (quoting Fed. R. Civ. P. 26(e)).  Here, there is no plausible way to read Plaintiff's inconsistent responses to Interrogatory No. 6 and RFA Nos. 6 and 7 and reach the conclusion that Plaintiff has met his duty to provide complete and candid answers.

Thus, Defendants respectfully request the Court compel Plaintiff to supplement his response to these RFAs to be consistent with his response to Interrogatory No. 6.  If Plaintiff stands by his denial to these RFAs, he must supplement his response to Interrogatory No. 6 to offer a complete set of facts that sufficiently justify the denials.

10

**III.**   <u>**CONCLUSION**</u>

Based on the foregoing, Defendants respectfully request that the Court compel Plaintiff to supplement its responses to Interrogatory Nos. 1-4, 7-8, 11-12, and 15-16, and all RFAs, including supplementing RFA Nos. 2-7 to resolve the specific issues identified herein.  Because of Plaintiff's bad-faith failure to comply with simple, essential discovery, Defendants additionally request monetary sanctions for the fees and costs associated with bringing this motion, pursuant to 28 U.S.C. § 1927.

<u>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES**</u>

DATED:  June 9, 2016

GLASER WEIL FINK HOWARD
    AVCHEN & SHAPIRO LLP


By: */s/ Erica J. Van Loon*
    PATRICIA L. GLASER
    ERICA J. VAN LOON
    NICHOLAS E. HUSKINS
    BRITTANY ELIAS
    *Attorneys for Defendants*


DATED:  June 9, 2016

JAYSON M. LORENZO


By: */s/*
    JAYSON M. LORENZO
    *Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certified that all counsel of record who are deemed to have consented to electronic service were served with a copy of the foregoing document via the Court's CM/ECF system per Section 2.d.2. of the Southern District of California's Electronic Case Filing Administrative Policies and Procedures Manual on June 9, 2016:

     1.  Joint Motion for Determination of Discovery Dispute;

     2.  Declaration of Nicholas Huskins.

DATED:                        GLASER WEIL FINK HOWARD
                                   AVCHEN & SHAPIRO LLP


By: /s/ *Erica J. Van Loon*
ERICA J. VAN LOON

**Glaser Weil**

PATRICIA L. GLASER – State Bar No. 55668
pglaser@glaserweil.com
ERICA J. VAN LOON - State Bar No. 227712
evanloon@glaserweil.com
NICHOLAS E. HUSKINS – State Bar No. 299133
nhuskins@glaserweil.com
BRITTANY ELIAS - State Bar No. 305922
belias@glaserweil.com
GLASER WEIL FINK HOWARD
   AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:  (310) 556-2920
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG, | CASE NO.: 3:15-CV-01637-JLS-DHB |
| Plaintiff, | Hon. David H. Bartick |
| v. | |
| CONACO, LLC, TURNER BROADCASTING SYSTEM, TIME WARNER, INC., CONAN O'BRIEN, JEFF ROSS, MIKE SWEENEY; DOES 1-50, inclusive, | **DECLARATION OF NICHOLAS HUSKINS** |
| Defendants. | |

**Glaser Weil**

## DECLARATION OF NICHOLAS HUSKINS

I, NICHOLAS HUSKINS, declare and state as follows:

1.      I am an attorney at law duly licensed to practice before all courts of the State of California and am an Associate of the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP, attorneys of record herein for Defendants Conaco, LLC ("Conaco"); Turner Broadcasting System, Inc.; Time Warner, Inc.; Conan O'Brien; Jeff Ross; and Mike Sweeney (collectively, "Defendants").  I make this declaration in support of Defendants' position in the Joint Motion for Determination of Discovery Dispute.  The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

2.      On May 18, 2016, I met and conferred with Plaintiff's counsel, pursuant to Civil Local Rule 26.1.a.  During the meet and confer, I explained the basis for Defendants' contention that several of Plaintiff's discovery responses were deficient. Plaintiff's counsel agreed to seek supplemental responses from his client for the discovery requests at issue.  In response to Plaintiff's objections that Interrogatory Nos. 10-13 called for confidential information, I represented that such information would be treated pursuant to the agreed-upon terms of the protective order currently being negotiated between the parties, and offered to treat such information as "Attorneys' Eyes Only" if Plaintiff's counsel agreed non-public financial information should be treated thusly.[1]  With respect to the requests in which Plaintiff objected as vague and ambiguous, Plaintiff's counsel represented after some discussion that he understood the intent of the requests, and that Plaintiff would supplement accordingly.  Finally, I stated that it was unclear from Plaintiff's responses to what extent Plaintiff's denials to Defendants' First Set of Requests for Admission were

---

[1] The parties have agreed to a two-tier Protective Order governing discovery in this action.  The sole issue in dispute is whether, as Defendants' contend, the disclosure of non-public financial information should be subject to an "Attorneys' Eyes Only" designation.  Plaintiff's counsel maintains his client is entitled to see this information.

based on Plaintiff's objections, as opposed to the substance of the request.

3.      Attached as **Exhibit A** is a true and correct copy of Conaco's First Set of Interrogatories to Plaintiff Robert Alexander Kaseberg, served on March 24, 2016.

4.      Attached as **Exhibit B** is a true and correct copy of Conaco's First Set of Requests for Admission to Plaintiff Robert Alexander Kaseberg, served on March 24, 2016.

5.      Attached as **Exhibit C** is a true and correct copy of Plaintiff's Response to Conaco, LLC's First Set of Interrogatories, served on April 25, 2016.

6.      Attached as **Exhibit D** is a true and correct copy of Plaintiff's Response to Conaco, LLC's First Set of Requests for Admission, served on April 25, 2016.

7.      Attached as **Exhibit E** is a true and correct copy of the meet and confer letter I sent to Plaintiff's counsel on May 9, 2016.

8.      Attached as **Exhibit F** is a true and correct copy of an email chain between myself and Plaintiff's counsel, dated May 19, 2016 – May 31, 2016.

9.      Attached as **Exhibit G** is a true and correct copy of a post from Plaintiff's personal online blog, dated Thursday, February 19, 2015, and bates labeled CONACO_000019-23.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing facts are true and correct.

Executed on June 9, at Los Angeles, California.

NICHOLAS HUSKINS

# Exhibit A

1   PATRICIA L. GLASER – State Bar No. 55668
    pglaser@glaserweil.com
2   ERICA J. VAN LOON - State Bar No. 227712
    evanloon@glaserweil.com
3   BRITTANY ELIAS - State Bar No. 305922
    belias@glaserweil.com
4   GLASER WEIL FINK HOWARD
      AVCHEN & SHAPIRO LLP
5   10250 Constellation Boulevard, 19th Floor
    Los Angeles, California 90067
6   Telephone:  (310) 553-3000
    Facsimile:  (310) 556-2920
7   *Attorneys for Defendants*

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  ROBERT ALEXANDER KASEBERG,        CASE NO.: 15-CV-01637-JLS-DHB

12                    Plaintiff,       Hon. Janis L. Sammartino

13  v.

14                                     **CONACO, LLC'S FIRST SET OF
                                       INTERROGATORIES TO
15  CONACO, LLC, TURNER               PLAINTIFF ROBERT
    BROADCASTING SYSTEM, TIME        ALEXANDER KASEBERG**
16  WARNER, INC., CONAN O'BRIEN,
    JEFF ROSS, MIKE SWEENEY; DOES
17  1-50, inclusive,

18                    Defendants.

19

20

21

22  PROPOUNDING PARTY:       CONACO, LLC

23  RESPONDING PARTY:        ROBERT ALEXANDER KASEBERG

24  SET NO.:                 ONE

25

26

27

28

**Glaser Weil**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Civil Rules of the U.S. District Court for the Southern District of California, Defendant Conaco, LLC hereby requests that Plaintiff Robert Alexander Kaseberg ("Kaseberg") answer separately and fully the following interrogatories in writing under oath within thirty (30) days after service.

## DEFINITIONS

A.     The terms "YOU," "YOUR," "YOURSELF," and "KASEBERG" shall mean Plaintiff Robert Alexander Kaseberg and his agents, representatives, attorneys, or anyone acting or purporting to act on his behalf or under his control.

B.     The term "CONACO" shall mean Conaco, LLC and its current and former parents, subsidiaries, affiliates, predecessors, successors, employees, managers, officers, directors, partners, agents, representatives, attorneys, or anyone acting or purporting to act on its behalf or under its control.

C.     The term "TBS" shall mean Turner Broadcasting System, Inc. and its current and former parents, subsidiaries, affiliates, predecessors, successors, employees, managers, officers, directors, partners, agents, representatives, attorneys, or anyone acting or purporting to act on its behalf or under its control.

D.     The term "TIME WARNER" shall mean Time Warner, Inc. and its current and former parents, subsidiaries, affiliates, predecessors, successors, employees, managers, officers, directors, partners, agents, representatives, attorneys, or anyone acting or purporting to act on its behalf or under its control.

E.     The term "JEFF ROSS" shall mean the individually named defendant, Jeff Ross.

F.     The term "MIKE SWEENEY" shall mean the individually named defendant, Mike Sweeney.

G.     The terms "CONACO", "TBS", "TIME WARNER", "JEFF ROSS" and "MIKE SWEENEY" will be referred to collectively as "DEFENDANTS."

H.     The term "ACTION" shall mean the above captioned case filed in the

U.S. District Court for the Southern District of California, *Kaseberg. v. Conaco, LLC, et. al.*, No. 3:15-cv-01637-JLS-DHB.

I.    The term "COMPLAINT" shall mean the complaint filed on July 22, 2015 by KASEBERG in this ACTION (ECF. No. 1).

J.    The term "JOKE #1" shall have the same meaning as in the COMPLAINT, and shall refer to the following alleged joke by KASEBERG: "A Delta flight this week took off from Cleveland to New York with just two passengers. And they fought over control of the armrest the entire flight."

K.    The term "JOKE #2" shall have the same meaning as in the COMPLAINT, and shall refer to the following alleged joke by KASEBERG: "Tom Brady said he wants to give his MVP truck to the man who won the game for the Patriots.  So enjoy that truck, Pete Carroll."

L.    The term "JOKE #3" shall have the same meaning as in the COMPLAINT, and shall refer to the following alleged joke by KASEBERG: "The Washington Monument is ten inches shorter than previously thought.  You know the winter has been cold when a monument suffers from shrinkage."

M.    The term "JOKE #4" shall have the same meaning as in the COMPLAINT, and shall refer to the following alleged joke by KASEBERG: "Three streets named Bruce Jenner might have to change names.  And one could go from a Cul-de-Sac to a Cul-de-Sackless."

N.    The term "JOKES AT ISSUE" shall mean JOKE #1, JOKE #2, JOKE #3, and JOKE #4, collectively.

O.    The term "DOCUMENT" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure, and includes, without limitation, electronically stored information ("ESI").

P.    "COMMUNICATION" means any contact whatsoever or any transmission or exchange of words, numbers, graphic material, or other information, either orally, electronically, or in writing whether made, received, or participated in,

2

and includes, but is not limited to, any conversation, correspondence, letter, notes, memorandum, inter-office or intra-office correspondence, telephone call, telegraph, telegram, telex, telecopy, facsimile, e-mail, Internet communication, telefax, cable, electronic message, tape recording, discussion, face-to-face meeting, or conference of any kind (whether in person, by audio, video, telephone, or in any other form).

Q.     The term "identify" means to state with factual specificity.

R.     "And" and "or" shall be understood as either conjunctive or disjunctive, whichever is more inclusive in content.  The term "any" or "each" should be understood to include and encompass "all."

S.     The terms "relating to" and "related to" shall mean, in whole or in part, constituting, containing, comprising, referring to, embodying, connected to, reflecting, describing, analyzing, showing, evidencing, discussing, identifying, illustrating, stating, regarding, supporting, refuting, rebutting, responding to, commenting on, evaluating, about, in respect of, mentioning, dealing with, or in any way pertaining to, either explicitly or implicitly.

T.     "Including" and "include" shall mean "without limitation."

U.     "Any" and "all" shall mean "any and all" or "each and every."

V.     The use of a verb in any tense shall be construed as including the use of the verb in all other tenses.

W.     The singular form of any word shall be deemed to include the plural. The plural form of any word shall be deemed to include the singular.

X.     Terms not defined in these discovery requests shall have the meanings used in the pleadings or, if not used in the pleadings, the usual and ordinary meaning.

## INSTRUCTIONS

1.     If YOU object to the scope or breadth of any of these interrogatories, YOU shall respond to the interrogatories with respect to the scope or breadth not objected to.

2.     If any of these interrogatories cannot be answered in full, YOU shall

3

answer to the extent possible, specifying the reasons for YOUR inability to answer the remainder, and stating what information, knowledge, or belief YOU have concerning the unanswered portion.

3.     If YOU object to any meaning of any term in any interrogatory herein as unclear to YOU, YOU shall assume a reasonable meaning, state what the assumed meaning is, and respond to the request according to the assumed meaning.

4.     If YOU object to any of these interrogatories on the basis that you have not completed your investigation or preparation for trial, YOU shall respond with respect to the investigation and preparation you have conducted to date.

5.     These requests are continuing in character so as to require YOU to supplement YOUR responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure within a reasonable time if YOU obtain or become aware of any further information responsive to these interrogatories.

6.     Definitions or usages of words or phrases in these interrogatories are not intended to be, and shall not be, construed as admissions as to the meaning of words or phrases at issue in the actions, and shall have no binding effect on the Propounding Party in this or in any other proceeding.

7.     CONACO reserves the right to seek a full and complete response to any interrogatory notwithstanding any partial or incomplete answer provided by YOU.

8.     Unless otherwise indicated in a particular request, each request is not limited in time.

## **INTERROGATORIES**

### **INTERROGATORY NO. 1:**

Separately, for each of the JOKES AT ISSUE, identify the time, date, and forum for every instance of publication.

### **INTERROGATORY NO. 2:**

Separately, for each of the JOKES AT ISSUE, identify the original and unique components YOU believe DEFENDANTS have unlawfully copied.

4

**INTERROGATORY NO. 3:**

For each of the JOKES AT ISSUE, describe in detail YOUR conception, development, creation, and authorship.

**INTERROGATORY NO. 4:**

For each of the JOKES AT ISSUE, state all facts relating to YOUR independent creation thereof, including specific details sufficient to identify the websites and/or other news and information sources you visited that provided the content to which each of the JOKES AT ISSUE relate.

**INTERROGATORY NO. 5:**

State all facts relating to YOUR ownership of the copyrights related to the JOKES AT ISSUE.

**INTERROGATORY NO. 6:**

State all facts relating to DEFENDANTS' opportunity to view or copy the JOKES AT ISSUE.

**INTERROGATORY NO. 7:**

State all facts establishing a chain of events linking the JOKES AT ISSUE and DEFENDANTS' access thereof.

**INTERROGATORY NO. 8:**

State all facts establishing the JOKES AT ISSUE have been widely disseminated.

**INTERROGATORY NO. 9:**

Identify all persons with any knowledge of any of the facts YOU stated in YOUR response to Interrogatories Nos. 1-8.

**INTERROGATORY NO. 10:**

Identify every instance within the last five years in which YOU have submitted YOUR alleged original content to a television show, web or print publication, or other media entity either for compensation or consideration for an employment position.

**INTERROGATORY NO. 11:**

1  Identify every instance within the last five years in which YOU have sold any

2  of YOUR original content and identify the original content YOU sold.

3  **INTERROGATORY NO. 12:**

4  Separately, for each instance identified in YOUR response to Interrogatory No.

5  11, identify the contact information for each purchaser, including name, address,

6  phone number and email address and the amount of compensation YOU received.

7  **INTERROGATORY NO. 13:**

8  Please state with particularity YOUR understanding of the fair market value for

9  a joke in the same or similar format as the JOKES AT ISSUE, and on what basis you

10  reached that understanding.

11  **INTERROGATORY NO. 14:**

12  State with particularity how YOU calculated or quantified the amount of

13  damages YOU claim to have suffered as a result of DEFENDANTS' purported

14  infringement, as alleged in the COMPLAINT.

15  **INTERROGATORY NO. 15:**

16  State all facts that support YOUR Copyright Infringement claim against

17  DEFENDANTS, as alleged in the COMPLAINT.

18  **INTERROGATORY NO. 16:**

19  State all facts relating to YOUR contention in paragraph 29 of the

20  COMPLAINT that DEFENDANTS' "infringement has been willful or deliberate."

21

22  DATED:  March 24, 2016          GLASER WEIL FINK
                                        HOWARD AVCHEN & SHAPIRO LLP
23

24

25  By: */s/ Erica J. Van Loon*
       PATRICIA L. GLASER
26       ERICA J. VAN LOON
       BRITTANY ELIAS
27       *Attorneys for Defendants*

28

Glaser Weil

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, 19th Floor, Los Angeles, California 90067.

On March 24, 2016, I served the foregoing document(s) described as: **CONACO, LLC'S FIRST SET OF INTERROGATORIES TO ROBERT ALEXANDER KASEBERG** on the interested parties to this action at the following address(es):

SEE ATTACHED LIST

☐ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☒ **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☐ **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows:  I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☐ **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

☐ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☐ (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury that the above is true and correct.

Executed on March 24, 2016, at Los Angeles, California.

/s/ Nicholas E. Huskins
Nicholas E. Huskins

**SERVICE LIST**

Jayson M. Lorenzo
2794 Gateway Road, Suite 116
Carlsbad, CA 92009
(Tel)  760-517-6646
(Fax) 760-520-7900
Jmlorenzo.esq@gmail.com
Attorney for Plaintiff
Robert Alexander Kaseberg

# Exhibit B

PATRICIA L. GLASER - State Bar No. 55668
pglaser@glaserweil.com
ERICA J. VAN LOON - State Bar No. 227712
evanloon@glaserweil.com
BRITTANY ELIAS - State Bar No. 305922
belias@glaserweil.com
GLASER WEIL FINK HOWARD
    AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:  (310) 556-2920

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG,<br><br>Plaintiff,<br><br>v.<br><br>CONACO, LLC; TURNER BROADCASTING SYSTEM; TIME WARNER, INC.; CONAN O'BRIEN; JEFF ROSS; MIKE SWEENEY; DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.: 15-CV-01637-JLS-DHB<br><br>Hon. Janis L. Sammartino<br><br>**CONACO, LLC'S FIRST SET OF REQUESTS FOR ADMISSION TO ROBERT ALEXANDER KASEBERG** |

PROPOUNDING PARTY:      CONACO, LLC.

RESPONDING PARTY:      ROBERT ALEXANDER KASEBERG

SET NO.:      ONE

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and the Local Civil Rules of the U.S. District Court for the Southern District of California, Defendant Conaco, LLC hereby requests that Plaintiff Robert Alexander Kaseberg ("Kaseberg") answer separately and fully the following Requests for Admission in writing under oath within thirty (30) days after service.

## **DEFINITIONS**

A.      The terms "YOU," "YOUR," "YOURSELF," and "KASEBERG" shall mean Plaintiff Robert Alexander Kaseberg and his agents, representatives, attorneys, or anyone acting or purporting to act on his behalf or under his control.

B.      The term "CONACO" shall mean Conaco, LLC and its current and former parents, subsidiaries, affiliates, predecessors, successors, employees, managers, officers, directors, partners, agents, representatives, attorneys, or anyone acting or purporting to act on its behalf or under its control.

C.      The term "TBS" shall mean Turner Broadcasting System, Inc. and its current and former parents, subsidiaries, affiliates, predecessors, successors, employees, managers, officers, directors, partners, agents, representatives, attorneys, or anyone acting or purporting to act on its behalf or under its control.

D.      The term "TIME WARNER" shall mean Time Warner, Inc. and its current and former parents, subsidiaries, affiliates, predecessors, successors, employees, managers, officers, directors, partners, agents, representatives, attorneys, or anyone acting or purporting to act on its behalf or under its control.

E.      The term "JEFF ROSS" shall mean the individually named defendant, Jeff Ross.

F.      The term "MIKE SWEENEY" shall mean the individually named defendant, Mike Sweeney.

G.      The terms "CONACO", "TBS", "TIME WARNER", "JEFF ROSS" and "MIKE SWEENEY" will be referred to collectively as "DEFENDANTS."

H.      The term "ACTION" shall mean the above captioned case filed in the

Glaser Weil

U.S. District Court for the Southern District of California, *Kaseberg. v. Conaco, LLC, et. al*., No. 3:15-cv-01637-JLS-DHB.

    I.     The term "COMPLAINT" shall mean the complaint filed on July 22, 2015 by KASEBERG in this ACTION (ECF No. 1).

    J.     The term "JOKE #1" shall have the same meaning as in the COMPLAINT, and shall refer to the following alleged joke by KASEBERG: "A Delta flight this week took off from Cleveland to New York with just two passengers. And they fought over control of the armrest the entire flight."

    K.     The term "DEFENDANTS' JOKE #1" shall refer to the following joke as it was told in the monologue for the "Conan" show on Wednesday, January 14, 2015: "On Monday, a Delta flight from Cleveland to New York took off with just 2 passengers. Yet somehow, they spent the whole flight fighting over the armrest."

    L.     The term "JOKE #2" shall have the same meaning as in the COMPLAINT, and shall refer to the following alleged joke by KASEBERG: "Tom Brady said he wants to give his MVP truck to the man who won the game for the Patriots. So enjoy that truck, Pete Carroll."

    M.     The term "DEFENDANTS' JOKE #2" shall refer to the following joke as it was told in the monologue for the "Conan" show on Wednesday, February 4, 2015: "Tom Brady said he wants to give the truck he was given as the Super Bowl MVP to the guy who won the Super Bowl for the Patriots. So Brady is giving his truck to Seahawks Coach Pete Carroll."

    N.     The term "JOKE #3" shall have the same meaning as in the COMPLAINT, and shall refer to the following alleged joke by KASEBERG: "The Washington Monument is ten inches shorter than previously thought. You know the winter has been cold when a monument suffers from shrinkage."

    O.     The term "DEFENDANTS' JOKE #3" shall refer to the following joke as it was told in the monologue for the "Conan" show on Tuesday, February 17, 2015: "Yesterday, surveyors announced that the Washington Monument is ten inches

Glaser Weil

1131908

shorter than what's been recorded.  Of course the Monument is blaming the shrinkage on the cold weather."

P.      The term "JOKE #4" shall have the same meaning as in the COMPLAINT, and shall refer to the following alleged joke by KASEBERG: "Three streets named Bruce Jenner might have to change names.  And one could go from a Cul-de-Sac to a Cul-de-Sackless."

Q.      The term "DEFENDANTS' JOKE #4" shall refer to the following joke as it was told in the monologue for the "Conan" show on Tuesday, June 9, 2015: "Some cities that have streets named after Bruce Jenner are trying to change the streets' names to Caitlyn Jenner. And if you live on Bruce Jenner Cul-de-Sac, it will now be called a Cul-de-No-Sac."

R.      The term "JOKES AT ISSUE" shall mean JOKE #1, JOKE #2, JOKE #3, and JOKE #4, collectively.

S.      The term "DEFENDANTS' JOKES AT ISSUE" shall mean DEFENDANTS' JOKE #1, DEFENDANTS' JOKE #2, DEFENDANTS' JOKE #3, and DEFENDANTS' JOKE #4, collectively.

T.      The term "PERSONAL ONLINE BLOG" shall have the same meaning as in the COMPLAINT, and refer to the website maintained by YOU and titled "A Little Bit Bad. Comedy Writer Alex Kaseberg", available at the URL: http://thordoggie.blogspot.com.

U.      The term "TWITTER ACCOUNT" shall mean the Twitter.com account @AlexKaseberg, maintained by YOU, available at the URL: https://twitter.com/AlexKaseberg.

V.      The term "FACEBOOK PAGE" shall mean the Facebook profile maintained by YOU, available at the URL: https://facebook.com/alex.kaseberg.

W.      The term "DOCUMENT" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure, and includes, without limitation, electronically stored information ("ESI").

X.     "COMMUNICATION" means any contact whatsoever or any transmission or exchange of words, numbers, graphic material, or other information, either orally, electronically, or in writing whether made, received, or participated in, and includes, but is not limited to, any conversation, correspondence, letter, notes, memorandum, inter-office or intra-office correspondence, telephone call, telegraph, telegram, telex, telecopy, facsimile, e-mail, Internet communication, telefax, cable, electronic message, tape recording, discussion, face-to-face meeting, or conference of any kind (whether in person, by audio, video, telephone, or in any other form).

Y.      "And" and "or" shall be understood as either conjunctive or disjunctive, whichever is more inclusive in content.  The term "any" or "each" should be understood to include and encompass "all."

Z.     The terms "relating to" and "related to" shall mean, in whole or in part, constituting, containing, comprising, referring to, embodying, connected to, reflecting, describing, analyzing, showing, evidencing, discussing, identifying, illustrating, stating, regarding, supporting, refuting, rebutting, responding to, commenting on, evaluating, about, in respect of, mentioning, dealing with, or in any way pertaining to, either explicitly or implicitly.

AA.   "Including" and "include" shall mean "without limitation."

BB.   "Any" and "all" shall mean "any and all" or "each and every."

CC.   The use of a verb in any tense shall be construed as including the use of the verb in all other tenses.

DD.   The singular form of any word shall be deemed to include the plural. The plural form of any word shall be deemed to include the singular.

EE.   Terms not defined in these discovery requests shall have the meanings used in the pleadings or, if not used in the pleadings, the usual and ordinary meaning.

## INSTRUCTIONS

1.     If YOU fail to respond or object to any Request within 30 days of the service of the Requests, the matter shall be deemed admitted under Rule 36 of the

4

1   Federal Rules of Civil Procedure.

2       2.    As  is more fully set out in Rule 36(a) of the Federal Rules of Civil

3   Procedure, YOU must admit or deny each Request, and where necessary, specify the

4   parts of each Request to which it objects or cannot in good faith admit or deny.  If

5   YOU object to only part of a Request, it must admit or deny the remainder of the

6   Request.  In the event that YOU object to or deny any Request or portion of a

7   Request, YOU must state the reasons for its objection or denial.

8       3.    These Requests shall be deemed continuing and supplemental answers

9   shall be required if YOU directly or indirectly obtain further information after the

10  initial responses as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

11      4.    Each Request solicits all information obtainable by YOU from YOUR

12  attorneys, investigators, agents, employees and representatives.  If YOU answer a

13  Request on the basis that it lacks sufficient information to respond, describe any and

14  all efforts YOU made to inform YOURSELF of the facts and circumstances necessary

15  to answer or respond.

16      5.    If YOU object to any meaning of any term in any Request herein as

17  unclear to YOU, YOU shall assume a reasonable meaning, state what the assumed

18  meaning is, and respond to the Request according to the assumed meaning.

19      6.    Definitions or usages of words or phrases in these Requests are not

20  intended to be, and shall not be, construed as admissions as to the meaning of words

21  or phrases at issue in the action, and shall have no binding effect on the Propounding

22  Party in this or in any other proceeding.

23      7.    Unless otherwise indicated in a particular Request, each Request is not

24  limited in time.

25          **REQUESTS FOR ADMISSION**

26  **REQUEST FOR ADMISSION NO. 1:**

27      Admit that when YOU spoke with MIKE SWEENEY on February 18, 2015,

28  regarding YOUR allegations in this ACTION, YOU sought a paid writing position on

Glaser Weil

1  the "Conan" television show.

2  **REQUEST FOR ADMISSION NO. 2:**

3      Admit that JOKE #1 is not identical to DEFENDANTS' JOKE #1.

4  **REQUEST FOR ADMISSION NO. 3:**

5      Admit that JOKE #2 is not identical to DEFENDANTS' JOKE #2.

6  **REQUEST FOR ADMISSION NO. 4:**

7      Admit that JOKE #3 is not identical to DEFENDANTS' JOKE #3.

8  **REQUEST FOR ADMISSION NO. 5:**

9      Admit that JOKE #4 is not identical to DEFENDANTS' JOKE #4.

10 **REQUEST FOR ADMISSION NO. 6:**

11     Admit that the only evidence YOU have of DEFENDANTS' access to the

12 JOKES AT ISSUE prior to DEFENDANTS' alleged infringement is YOUR

13 publication of the JOKES AT ISSUE on your TWITTER ACCOUNT, PERSONAL

14 ONLINE BLOG, or FACEBOOK PAGE.

15 **REQUEST FOR ADMISSION NO. 7:**

16     Admit that YOU are not aware of any DEFENDANT following or viewing

17 your PERSONAL ONLINE BLOG, TWITTER ACCOUNT, or FACEBOOK PAGE

18 prior to February 4, 2015.

19 **REQUEST FOR ADMISSION NO. 8:**

20     Admit that each and every one of the JOKES AT ISSUE utilizes a standard,

21 two-line, setup-punchline formula, in which the setup conveys a factual recitation of a

22 then-current event or news story, and the punchline conveys a humorous take on the

23 aforementioned current event or news story.

24 **REQUEST FOR ADMISSION NO. 9:**

25     Admit that you are aware of numerous third-parties publishing jokes

26 concerning the same factual then-current events or news stories, and conveying a

27 similar punchline as the JOKES AT ISSUE.

28

CONACO, LLC'S FIRST SET OF REQUESTS FOR ADMISSION TO ROBERT A. KASEBERG

1131908

15cv01637-JLS-DHB

**REQUEST FOR ADMISSION NO. 10:**

Admit that the tweets attached hereto as Exhibit A were published prior to the first instance YOU published JOKE #1.

**REQUEST FOR ADMISSION NO. 11:**

Admit that the tweets attached hereto as Exhibit B were published prior to the first instance YOU published JOKE #2.

**REQUEST FOR ADMISSION NO. 12:**

Admit that the tweets attached hereto as Exhibit C were published prior to the first instance YOU published JOKE #3.

**REQUEST FOR ADMISSION NO. 13:**

Admit that the tweets attached hereto as Exhibit D were published prior to the first instance YOU published JOKE #4.


DATED:  March 24, 2016          GLASER WEIL FINK
                                  HOWARD AVCHEN & SHAPIRO LLP


                                By: */s/ Erica J. Van Loon*
                                  PATRICIA L. GLASER
                                  ERICA J. VAN LOON
                                  BRITTANY ELIAS
                                  *Attorneys for Defendants*

CONACO, LLC'S FIRST SET OF REQUESTS FOR ADMISSION TO ROBERT A. KASEBERG

15cv01637-JLS-DHB

1131908

**EXHIBIT A**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16



**Glaser Weil**

17
18
19
20
21
22
23
24
25
26
27
28

CONACO, LLC'S FIRST SET OF REQUESTS FOR ADMISSION TO ROBERT A. KASEBERG

15cv01637-JLS-DHB

1131908

**EXHIBIT B**



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Glaser Weil

CONACO, LLC'S FIRST SET OF REQUESTS FOR ADMISSION TO ROBERT A. KASEBERG

15cv01637-JLS-DHB

1131908

**EXHIBIT C**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Glaser Weil**

CONACO, LLC'S FIRST SET OF REQUESTS FOR ADMISSION TO ROBERT A. KASEBERG

15cv01637-JLS-DHB

1131908

1

## EXHIBIT D

2



3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, 19th Floor, Los Angeles, California 90067.

On March 24, 2016, I served the foregoing document(s) described as: **CONACO, LLC'S FIRST SET OF REQUESTS FOR ADMISSION TO ROBERT ALEXANDER KASEBERG** on the interested parties to this action at the following address(es):

SEE ATTACHED LIST

☐ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☒ **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☐ **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows: I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☐ **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

☐ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☐ (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on March 24, 2016, at Los Angeles, California.

/s/ Nicholas E. Huskins
Nicholas E. Huskins

Glaser Weil

15cv01637-JLS-DHB

1131908

**SERVICE LIST**

Jayson M. Lorenzo
2794 Gateway Road, Suite 116
Carlsbad, CA 92009
(Tel)  760-517-6646
(Fax) 760-520-7900
Jmlorenzo.esq@gmail.com
Attorney for Plaintiff
Robert Alexander Kaseberg

# Exhibit C

1   Jayson M. Lorenzo, Esq. SBN 216973
2   jmlorenzo.esq@gmail.com
    Attorney at Law
3   2794 Gateway Road, Suite 116
    Carlsbad, CA 92009
4   Tel. (760) 517-6646
    Fax (760) 520-7900

5   Attorney for Plaintiff
6   ROBERT ALEXANDER KASEBERG

7

8                    **UNITED STATES DISTRICT COURT**
9               **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
10

11  ROBERT ALEXANDER KASEBERG,          )  Case No. 15-CV-01637-JLS-DHB
12                                      )
13                                      )
               Plaintiff,               )
14                                      )
15        vs.                           )  **PLAINTIFF'S RESPONSE TO**
                                        )  **CONACO, LLC'S FIRST SET OF**
16                                      )  **INTERROGATORIES**
17  CONACO, LLC; TURNER                 )
    BROADCASTING SYSTEM; TIME           )
18  WARNER, INC.; CONAN O'BRIEN;        )
    JEFF ROSS; MIKE SWEENEY; DOES 1     )
19  – 10, inclusive,                    )
20                                      )
21             Defendants.              )
22  _____    )

23  PROPOUNDING PARTY:    CONACO, LLC
24  RESPONDING PARTY:     ROBERT ALEXANDER KASEBERG
25  SET NO.:              ONE
26
27
28

1    Plaintiff Robert Alexander Kaseberg, by and through his attorney, and pursuant to

2  Federal Rules of Civil Procedure 26 and 34 and the Local Rules of this Court, responds

3  and objects to Defendant Conaco, LLC's ("Conaco") Requests for Production of

4  Documents and Things as follows:

5  <strong>PRELIMINARY STATEMENT</strong>

6    1.    Plaintiff's investigation and development of all facts and circumstances

7  relating to this action is ongoing. These responses and objections are made without

8  prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents

9  at trial.

10    2.    By making the accompanying responses and objections to Defendant's

11  requests for documents and interrogatory, Plaintiff does not waive, and hereby expressly

12  reserves, his right to assert any and all objections as to the admissibility of such

13  responses into evidence in this action, or in any other proceedings, on any and all

14  grounds including, but not limited to, competency, relevancy, materiality, and privilege.

15  Further, Plaintiff makes the responses and objections herein without in any way

16  implying that he considers the requests and interrogatory, and responses to the requests

17  and interrogatory, to be relevant or material to the subject matter of this action.

18    3.    Plaintiff will produce responsive documents only to the extent that such

19  documents are in the possession, custody, or his control as set forth in the Federal Rules

20  of Civil Procedure. Plaintiff's possession, custody, or control does not include any

21  constructive possession that may be conferred by Plaintiff's right or power to compel

22  the production of documents or information from third parties.

23    4.    A response to a document request or interrogatory stating that objections

24  and/or indicating that documents will be produced shall not be deemed or construed that

25  there are, in fact, responsive documents, that Plaintiff performed any of the acts

26  described in the document request, interrogatory, or definitions and/or instructions

27  applicable to the document request or interrogatory, or that Plaintiff acquiesces in the

28  characterization of the conduct or activities contained in the document request,

interrogatory, or definitions and/or instructions applicable to the document request or interrogatory.

     5.    Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

     6.    Plaintiff will make available for inspection at Plaintiff's attorney's offices responsive documents.  Alternatively, Plaintiff will produce copies of the documents.

     7.    Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

## GENERAL RESPONSES AND OBJECTIONS

     1.    Plaintiff objects to each instruction, definition, document request, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

     2.    Objection is made to the interrogatories to the extent the proposed discovery is not relevant to the subject matter of the lawsuit and will not lead to the discovery of admissible evidence or the proposed discovery goes beyond the subject matter of the case and reasonable expectations of obtaining information that will aid resolution of the dispute.

     3.    Objection is made to the interrogatories to the extent the request would require the responding party to create a document not in existence.  4.  Objection is made to each interrogatory that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

     .

     5.    Objection is made to each instruction, definition, document request, and interrogatory to the extent that it seeks documents protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work-product doctrine,

1   or any other applicable privilege.  Should any such disclosure by Plaintiff occur, it is

2   inadvertent and shall not constitute a waiver of any privilege.

3        6.    Objection is made to each instruction, definition, document request, and

4   interrogatory as overbroad and unduly burdensome to the extent it seeks documents or

5   information that are readily or more accessible to Defendant from Defendant's own

6   files, from documents or information in Defendant's possession, or from documents or

7   information that Defendant previously produced to Plaintiff.  Responding to such

8   requests and interrogatory would be oppressive, unduly burdensome, and unnecessarily

9   expensive, and the burden of responding to such requests and interrogatory is

10  substantially the same or less for Defendant as for Plaintiff.

11       7.    Objection is made to Defendant's interrogatories that call for the

12  production of documents or information that were produced to the Plaintiff by other

13  entities and that may contain confidential, proprietary, or trade secret information.

14       8.    Objection is made to the extent any of Defendant's interrogatories seek

15  documents or answers that include expert material, including but not limited to receipts,

16  photos or claim documents, Plaintiff objects to any such requests and interrogatory as

17  premature and expressly reserves the right to supplement, clarify, revise, or correct any

18  or all responses to such requests, and to assert additional objections or privileges, in one

19  or more subsequent supplemental response(s) in accordance with the time period for

20  exchanging expert reports set by the Court.  See Procter & Gamble Co. v. Haugen, 427

21  F.3d 727 (10th Cir. 2005), which limits a litigant's duties to produce data owned by

22  somebody else.  See also FRCP 26, 34(a) and 703.

23       9.    Objection is made to the interrogatories to the extent that it seeks the

24  identity, mental impressions, opinions, and/or documents or tangible things containing

25  such information of consulting experts either informally consulted or specially retained

26  in anticipation of litigation or preparation for trial that were not reviewed by a testifying

27  expert witness.  See Procter & Gamble Co. v. Haugen, 427 F.3d 727 (10th Cir. 2005),

28

1  which limits a litigant's duties to produce data owned by somebody else.  See also

2  FRCP 26, 34(a) and 703.

3     10.    Objection is made to the interrogatories to the extent that the discovery

4  sought is unreasonably cumulative or duplicative.

5     11.    Objection is made to the interrogatories to the extent the discovery sought

6  is obtainable from some other source that is more convenient, less burdensome, or less

7  expensive.  See 5 CFR 1201.72.

8     12.    Plaintiff incorporates by reference every general objection set forth above

9  into each specific response set forth below.  A specific response may repeat a general

10  objection for emphasis or some other reason.  The failure to include any general

11  objection in any specific response does not waive any general objection to that request.

12     13.    Plaintiff reserves the right to amend a prior response to an interrogatory if

13  Plaintiff learns that the response is, in some material respect, incomplete or incorrect

14  and if the additional or corrective information has not otherwise been made known to

15  other parties during the discovery process or in writing.

16  **INTERROGATORY NO. 1:**

17  Separately, for each of the JOKES AT ISSUE, identify the time, date, and forum for

18  every instance of publication.

19  **RESPONSE TO INTERROGATORY NO. 1:**

20     Each of Respondent's jokes were created at Respondent's home.  Respondent

21  creates the jokes prior to publishing them on the internet.

22  **INTERROGATORY NO. 2:**

23  Separately, for each of the JOKES AT ISSUE, identify the original and unique

24  components YOU believe DEFENDANTS have unlawfully copied.

25  **RESPONSE TO INTERROGATORY NO. 2:**

26  Respondent refers to and incorporates by reference its General Objections as though set

27  forth in full herein.    Respondent further objects to this Interrogatory on the basis that

28

1  the question calls for a legal conclusion and the answer is set forth in Respondent's
2  complaint.

3  **INTERROGATORY NO. 3:**

4  For each of the JOKES AT ISSUE, describe in detail YOUR conception, development,
5  creation, and authorship.

6  **RESPONSE TO INTERROGATORY NO. 3:**

7         Respondent objects to this Interrogatory on the basis that the question is
8  compound and vague and ambiguous as to the term "conception", "development",
9  "creation" and "authorship".  Without waiving said objections, Respondent responds:

10        1.      Watched Conan show and wanted to see if he could come up with another
11  joke.2.      Respondent came up with joke after learning that Tom Brady planned to
12  give Malcolm Butler the MVP Chevy truck.

13        3.      Respondent came up with the joke after learning about the measurements
14  of the Washington Monument.

15        4.      Respondent came up with the joke after reading about Caitlyn Jenner's
16  Malibu crash..

17  **INTERROGATORY NO. 4:**

18  For each of the JOKES AT ISSUE, state all facts relating to YOUR independent
19  creation thereof, including specific details sufficient to identify the websites and/or
20  other news and information sources you visited that provided the content to which each
21  of the JOKES AT ISSUE relate.

22  **RESPONSE TO INTERROGATORY NO. 4:**

23  Respondent refers to and incorporates by reference its General Objections as though set
24  forth in full herein.  Respondent further objects to this Request to the extent it purports
25  to require the identification of documents from sources that are not reasonably
26  accessible because of undue burden.  Without waiving said objections, Respondent
27  responds: Respondent came up with the jokes after hearing about certain subjects in the
28  news.  Discovery is continuing as to specific information sources.

1  **INTERROGATORY NO. 5:**

2  State all facts relating to YOUR ownership of the copyrights related to the JOKES AT

3  ISSUE.

4  **RESPONSE TO INTERROGATORY NO. 5:**

5  Respondent objects to this Interrogatory on the basis that the question is vague and

6  ambiguous as to the term "ownership".  Without waiving said objections, Respondent

7  has registered copyrights for the jokes created.

8  **INTERROGATORY NO. 6:**

9  State all facts relating to DEFENDANTS' opportunity to view or copy the JOKES AT

10 ISSUE.

11 **RESPONSE TO INTERROGATORY NO. 6:**

12 Respondent refers to and incorporates by reference its General Objections as though set

13 forth in full herein.  Respondent further objects to this Interrogatory on the basis that the

14 answer is set forth in Respondent's Complaint.  Without waiving said objections,

15 Respondent maintains a facebook, twitter and blog page that are all publicly available

16 and accessible.  Discovery is continuing.

17 **INTERROGATORY NO. 7:**

18 State all facts establishing a chain of events linking the JOKES AT ISSUE and

19 DEFENDANTS' access thereof.

20 **RESPONSE TO INTERROGATORY NO. 7:**

21 Respondent refers to and incorporates by reference its General Objections as though set

22 forth in full herein.  Respondent further objects to the extent calls for the creation of a

23 document not in existence and (2) to the extent it calls for the identification of

24 documents or information subject to the attorney-client privilege, the attorney work-

25 product doctrine, or any other applicable privileges.  The interrogatory also is vague and

26 ambiguous as the terms "chain of events".  Respondent cannot provide an intelligent

27 response without speculating as to the meaning.

28 **INTERROGATORY NO. 8:**

PLAINTIFF'S RESPONSE TO CONACO, LLC'S FIRST SET OF INTERROGATORIES

1 State all facts establishing the JOKES AT ISSUE have been widely disseminated.

2 **RESPONSE TO INTERROGATORY NO. 8:**

3 Respondent refers to and incorporates by reference its General Objections as though set

4 forth in full herein.  Respondent further objects to this Interrogatory on the basis that the

5 answer is set forth in Respondent's Complaint.  The interrogatory also is vague and

6 ambiguous as the terms "JOKES AT ISSUE have been widely disseminated".

7 Respondent cannot provide an intelligent response without speculating as to the

8 meaning.

9 **INTERROGATORY NO. 9:**

10 Identify all persons with any knowledge of any of the facts YOU stated in YOUR

11 response to Interrogatories Nos. 1-8.

12 **RESPONSE TO INTERROGATORY NO. 9:**

13 Respondent refers to and incorporates by reference its General Objections as though set

14 forth in full herein.  Respondent further objects to this Interrogatory on the basis that it

15 violates Rule 33 and does not contain discrete subparts, further the question overly

16 broad and vague as to time and scope and is thus oppressive and burdensome.  Without

17 waiving said objection Respondent's responds:  Respondent did not talk anyone prior to

18 the creation of the jokes.

19 **INTERROGATORY NO. 10:**

20 Identify every instance within the last five years in which YOU have submitted YOUR

21 alleged original content to a television show, web or print publication, or other media

22 entity either for compensation or consideration for an employment position.

23 **RESPONSE TO INTERROGATORY NO. 10:**

24 Respondent refers to and incorporates by reference its General Objections as though set

25 forth in full herein.  Respondent further objects to this Request to the extent it seeks

26 information which is not relevant to any party's claim or defense and is not reasonably

27 calculated to lead to the discovery of relevant, admissible evidence.  Respondent further

28

1  objects that this question seeks information that is private and confidential and may

2  violate the privacy rights as to the third parties who accepted submissions.

3  **INTERROGATORY NO. 11:**

4  Identify every instance within the last five years in which YOU have sold any of YOUR

5  original content and identify the original content YOU sold.

6  **RESPONSE TO INTERROGATORY NO. 11:**

7  Respondent refers to and incorporates by reference its General Objections as though set

8  forth in full herein.  Respondent further objects to this Request to the extent it seeks

9  information which is not relevant to any party's claim or defense and is not reasonably

10  calculated to lead to the discovery of relevant, admissible evidence.  Respondent further

11  objects that this question seeks information that is private and confidential and my

12  violate the privacy rights as to the third parties who accepted submissions.

13  **INTERROGATORY NO. 12:**

14  Separately, for each instance identified in YOUR response to Interrogatory No. 11,

15  identify the contact information for each purchaser, including name, address, phone

16  number and email address and the amount of compensation YOU received.

17  **RESPONSE TO INTERROGATORY NO. 12:**

18  Respondent refers to and incorporates by reference its General Objections as though set

19  forth in full herein.  Respondent further objects to this Request to the extent it seeks

20  information which is not relevant to any party's claim or defense and is not reasonably

21  calculated to lead to the discovery of relevant, admissible evidence.  Respondent further

22  objects that this question seeks information that is private and confidential and my

23  violate the privacy rights or trade secrets of the third parties who accepted submissions.

24  **INTERROGATORY NO. 13:**

25  Please state with particularity YOUR understanding of the fair market value for a joke

26  in the same or similar format as the JOKES AT ISSUE, and on what basis you reached

27  that understanding.

28  **RESPONSE TO INTERROGATORY NO. 13:**

1   Respondent refers to and incorporates by reference its General Objections as though set

2   forth in full herein.  Respondent further objects to this Request, (1) to the extent it calls

3   for the creation of a document not in existence and (2) to the extent it calls for the

4   identification of documents or information subject to the attorney-client privilege, the

5   attorney work-product doctrine, or any other applicable privileges.   Respondent further

6   objects that this question seeks expert opinion from a lay witness.  That also seeks

7   information that is private and confidential and my violate the privacy rights or trade

8   secrets of the third parties who accepted submissions.

9   **INTERROGATORY NO. 14:**

10   State with particularity how YOU calculated or quantified the amount of damages YOU

11   claim to have suffered as a result of DEFENDANTS' purported infringement, as alleged

12   in the COMPLAINT.

13   **RESPONSE TO INTERROGATORY NO. 14:**

14   Respondent refers to and incorporates by reference its General Objections as though set

15   forth in full herein.  Respondent further objects to this Request, (1) to the extent it calls

16   for the creation of a document not in existence and (2) to the extent it calls for the

17   identification of documents or information subject to the attorney-client privilege, the

18   attorney work-product doctrine, or any other applicable privileges.   Without waiving

19   said objection, Respondent responds:  Discovery is continuing, however 17 USC 504

20   provides for statutory damages of $150,000.00 per willful infringement as well as actual

21   damages and profits of the infringer.

22   **INTERROGATORY NO. 15:**

23   State all facts that support YOUR Copyright Infringement claim against

24   DEFENDANTS, as alleged in the COMPLAINT.

25   **RESPONSE TO INTERROGATORY NO. 15:**

26   Respondent refers to and incorporates by reference its General Objections as though set

27   forth in full herein.  Respondent further objects to this Interrogatory on the basis that it

28   is overbroad, vague and ambiguous  and is already contained in Respondent's complaint

PLAINTIFF'S RESPONSE TO CONACO, LLC'S FIRST SET OF INTERROGATORIES