**INTERROGATORY NO. 16:**

State all facts relating to YOUR contention in paragraph 29 of the COMPLAINT that DEFENDANTS' "infringement has been willful or deliberate."

**RESPONSE TO INTERROGATORY NO. 16:**

Respondent refers to and incorporates by reference its General Objections as though set forth in full herein.  Respondent further objects to this Interrogatory on the basis that it is overbroad, vague and ambiguous and is already contained in Respondent's complaint.

Date: _4/25 /2016_                          By:_____

                                                    JAYSON M. LORENZO
                                                    Attorney for Plaintiff

# Exhibit D

Jayson M. Lorenzo, Esq. SBN 216973
jmlorenzo.esq@gmail.com
Attorney at Law
2794 Gateway Road, Suite 116
Carlsbad, CA 92009
Tel. (760) 517-6646
Fax (760) 520-7900

Attorney for Plaintiff
ROBERT ALEXANDER KASEBERG

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG, | Case No. 15-CV-01637-JLS-DHB |
| Plaintiff, | |
| vs. | **PLAINTIFF'S RESPONSE TO CONACO, LLC'S FIRST SET OF REQUESTS FOR ADMISSIONS** |
| CONACO, LLC; TURNER BROADCASTING SYSTEM; TIME WARNER, INC.; CONAN O'BRIEN; JEFF ROSS; MIKE SWEENEY; DOES 1 – 10, inclusive, | |
| Defendants. | |

PROPOUNDING PARTY:    CONACO, LLC

RESPONDING PARTY:     ROBERT ALEXANDER KASEBERG

SET NO.:              ONE

1    Plaintiff Robert Alexander Kaseberg, by and through his attorney, and pursuant to

2    Federal Rules of Civil Procedure 26 and 34 and the Local Rules of this Court, responds

3    and objects to Defendant Conaco, LLC's ("Conaco") Requests for Production of

4    Documents and Things as follows:

5                              **PRELIMINARY STATEMENT**

6          1.    Plaintiff's investigation and development of all facts and circumstances

7    relating to this action is ongoing.  These responses and objections are made without

8    prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents

9    at trial.

10         2.    By making the accompanying responses and objections, Plaintiff does not

11   waive, and hereby expressly reserves, his right to assert any and all objections as to the

12   admissibility of such responses into evidence in this action, or in any other proceedings,

13   on any and all grounds including, but not limited to, competency, relevancy, materiality,

14   and privilege.  Further, Plaintiff makes the responses and objections herein without in

15   any way implying that he considers the requests and responses to the requests  to be

16   relevant or material to the subject matter of this action.

17

18         3.    Plaintiff expressly reserves the right to supplement, clarify, revise, or

19   correct any or all of the responses and objections herein, and to assert additional

20   objections or privileges, in one or more subsequent supplemental response(s).

21

22                     **GENERAL RESPONSES AND OBJECTIONS**

23         1.    Plaintiff objects to each instruction, definition, document request, and

24   requests for admissions to the extent that it purports to impose any requirement or

25   discovery obligation greater than or different from those under the Federal Rules of

26   Civil Procedure and the applicable Rules and Orders of the Court.

27         2.    Objection is made to the requests for admissions to the extent the proposed

28   requests for admissions is not relevant to the subject matter of the lawsuit and will not

1  lead to the discovery of admissible evidence or the proposed discovery goes beyond the

2  subject matter of the case and reasonable expectations of obtaining information that will

3  aid resolution of the dispute.

4       3.     Objection is made to the requests for admissions to the extent the request

5  would require the responding party to create a document not in existence.  A party is not

6  required to produce a document or tangible thing unless it is within the person's

7  possession, custody or control.  A document that does not exist is not within a party's

8  "possession, custody, or control."  The only exception to the rule involves the factual

9  observations, tests, or supporting data of a testifying expert.  See Procter & Gamble Co.

10  v. Haugen, 427 F.3d 727 (10th Cir. 2005), which limits a litigant's duties to produce

11  data owned by somebody else.  See also Federal Rules of Civil Procedure 26, 34(a) and

12  703.

13       4.     Objection is made to each request for admission that is overly broad,

14  unduly burdensome, or not reasonably calculated to lead to the discovery of admissible

15  evidence.

16       5.     Objection is made to each request for admission to the extent that it calls

17  for production of a privilege log for internal documents of Plaintiff.  A request for such

18  a log is unreasonable and unduly burdensome in light of the work product doctrine,

19  governmental deliberative process privilege, and other privileges protecting such

20  internal documents from discovery.

21       6.     Objection is made to each instruction, definition, document request, and

22  request for admission to the extent that it seeks documents protected from disclosure by

23  the attorney-client privilege, deliberative process privilege, attorney work-product

24  doctrine, or any other applicable privilege.  Should any such disclosure by Plaintiff

25  occur, it is inadvertent and shall not constitute a waiver of any privilege.

26       7.     Objection is made to each instruction, definition, document request, and

27  request for admission as overbroad and unduly burdensome to the extent it seeks

28  documents or information that are readily or more accessible to Defendant from

1  Defendant's own files, from documents or information in Defendant's possession, or
2  from documents or information that Defendant previously produced to Plaintiff.
3  Responding to such requests and interrogatory would be oppressive, unduly
4  burdensome, and unnecessarily expensive, and the burden of responding to such
5  requests and interrogatory is substantially the same or less for Defendant as for Plaintiff.

6         8.     Objection is made to Defendant's requests for admission that call for the
7  production of documents and information that were produced to the Plaintiff by other
8  entities and that may contain confidential, proprietary, or trade secret information.

9         9.     Objection is made to the extent any of Defendant's requests for admission
10  seeks documents or answers that include expert material, including but not limited to
11  receipts, photos or claim documents, Plaintiff objects to any such requests and
12  interrogatory as premature and expressly reserves the right to supplement, clarify,
13  revise, or correct any or all responses to such requests, and to assert additional
14  objections or privileges, in one or more subsequent supplemental response(s) in
15  accordance with the time period for exchanging expert reports set by the Court.  See
16  Procter & Gamble Co. v. Haugen, 427 F.3d 727 (10th Cir. 2005), which limits a
17  litigant's duties to produce data owned by somebody else.  See also FRCP 26, 34(a) and
18  703.

19       10.     Objection is made to the requests for admission to the extent that it seeks
20  the identity, mental impressions, opinions, and/or documents or tangible things
21  containing such information of consulting experts either informally consulted or
22  specially retained in anticipation of litigation or preparation for trial that were not
23  reviewed by a testifying expert witness.  See Procter & Gamble Co. v. Haugen, 427
24  F.3d 727 (10th Cir. 2005), which limits a litigant's duties to produce data owned by
25  somebody else.  See also FRCP 26, 34(a) and 703.

26       11.     Objection is made to the request for admission to the extent that the
27  discovery sought is unreasonably cumulative or duplicative.

28

PLAINTIFF'S RESPONSE TO CONACO, LLC'S FIRST SET OF REQUESTS FOR ADMISSIONS

1    12.    Objection is made to the request for admission to the extent the discovery

2    sought is obtainable from some other source that is more convenient, less burdensome,

3    or less expensive.  See 5 CFR 1201.72.

4    13.    Plaintiff incorporates by reference every general objection set forth above

5    into each specific response set forth below.  A specific response may repeat a general

6    objection for emphasis or some other reason.  The failure to include any general

7    objection in any specific response does not waive any general objection to that request.

8    **ADMISSION REQUEST NO. 1:**

9    Admit that when YOU spoke with MIKE SWEENEY on February 18, 2015, regarding

10    YOUR allegations in this ACTION, YOU sought a paid writing position on the

11    "Conan" show.

12    **RESPONSE TO ADMISSION NO. 1:**

13    Respondent admits speaking to MIKE SWEENEY on February 18, 2015, but denies the

14    remainder of this request.

15    **ADMISSION NO. 2:**

16    Admit that JOKE #1 is not identical to DEFENDANTS' JOKE #1.

17    **RESPONSE TO ADMISSION NO. 2:**

18    Respondent refers to and incorporates by reference its General Objections as though set

19    forth in full herein.  Respondent further objects to this Request on the grounds that it is

20    vague and ambiguous as to "identical" and the response calls for a legal conclusion.

21    Without waiving said objections Respondent Denies.

22    **ADMISSION NO. 3:**

23    Admit that JOKE #2 is not identical to DEFENDANTS' JOKE #2.

24    **RESPONSE TO ADMISSION NO. 3:**

25    Respondent refers to and incorporates by reference its General Objections as though set

26    forth in full herein.  Respondent further objects to this Request on the grounds that it is

27    vague and ambiguous as to "identical" and the response calls for a legal conclusion.

28    Without waiving said objections Respondent Denies.

**ADMISSION NO. 4:**

Admit that JOKE #3 is not identical to DEFENDANTS' JOKE #3.

**RESPONSE TO ADMISSION NO. 4:**

Respondent refers to and incorporates by reference its General Objections as though set forth in full herein. Respondent further objects to this Request on the grounds that it is vague and ambiguous as to "identical" and the response calls for a legal conclusion. Without waiving said objections Respondent Denies.

**ADMISSION NO. 5:**

Admit that JOKE #4 is not identical to DEFENDANTS' JOKE #4.

**RESPONSE TO ADMISSION NO. 5:**

Respondent refers to and incorporates by reference its General Objections as though set forth in full herein. Respondent further objects to this Request on the grounds that it is vague and ambiguous as to "identical" and the response calls for a legal conclusion. Without waiving said objections Respondent Denies.

**ADMISSION NO. 6:**

Admit that the only evidence YOU have of DEFENDANTS' access to the JOKES AT ISSUE prior to DEFENDANTS' alleged infringement is YOUR publication of the JOKES AT ISSUE on your TWITTER ACCOUNT, PERSONAL ONLINE BLOG, or FACEBOOK PAGE.

**RESPONSE TO ADMISSION NO. 6:**

Respondent refers to and incorporates by reference its General Objections as though set forth in full herein. Respondent further objects to this Request on the grounds that it is compound, vague and ambiguous and that Respondent cannot provide an intelligible response with speculation. Without waiving said objections Respondent Denies.

**ADMISSION NO. 7:**

Admit that YOU are not aware of any DEFENDANT following or viewing your PERSONAL ONLINE BLOG, TWITTER ACCOUNT, or FACEBOOK PAGE prior to February 4, 2015.

1   **RESPONSE TO ADMISSION NO. 7:**

2   Respondent refers to and incorporates by reference its General Objections as though set

3   forth in full herein.  Respondent further objects to this Request on the grounds that it is

4   compound and that discovery is continuing.  Without waiving said objections

5   Respondent Denies.

6   **ADMISSION NO. 8:**

7   Admit that each and every one of the JOKES AT ISSUE utilizes a standard, two-line,

8   setup-punchline formula, in which the setup conveys a factual recitation of a then-

9   current event or news story, and the punchline conveys a humorous take on the

10   aforementioned current event or news story.

11   **RESPONSE TO ADMISSION NO. 8:**

12   Respondent refers to and incorporates by reference its General Objections as though set

13   forth in full herein.  Respondent further objects to this Request on the grounds that it is

14   compound and that it is vague and ambiguous as to the terms "standard",  "setup"

15   and "humorous take".   Respondent cannot provide an intelligible response with

16   speculating at to the meaning of the terms. Without waiving said objections Respondent

17   Denies.

18   **ADMISSION NO. 9:**

19   Admit that you are aware of numerous third-parties publishing jokes concerning the

20   same factual then-current events or news stories, and conveying a similar punchline as

21   the JOKES AT ISSUE.

22   **RESPONSE TO ADMISSION NO. 9:**

23   Respondent refers to and incorporates by reference its General Objections as though set

24   forth in full herein.  Respondent further objects to this Request on the grounds that it

25   seeks irrelevant information to the issues in this proceeding and is not reasonably

26   calculated to lead to the discovery of admissible evidence and that the request is vague

27   and ambiguous as to time and scope..  Without waiving said objections Respondent

28   Denies.

PLAINTIFF'S RESPONSE TO CONACO, LLC'S FIRST SET OF REQUESTS FOR ADMISSIONS

1   **ADMISSION NO. 10:**

2   Admit that the tweets attached hereto as Exhibit A were published prior to the first

3   instance YOU published JOKE #1.

4   **RESPONSE TO ADMISSION NO. 10:**

5   Respondent refers to and incorporates by reference its General Objections as though set

6   forth in full herein.  Respondent further objects to this Request on the grounds that it is

7   vague and ambiguous as to "published", the documents speak for themselves,

8   documents lack foundation and hearsay.  Without waiving said objections Respondent

9   Denies.

10  **ADMISSION NO. 11:**

11  Admit that the tweets attached hereto as Exhibit B were published prior to the first

12  instance YOU published JOKE #2.

13  **RESPONSE TO ADMISSION NO. 11:**

14  Respondent refers to and incorporates by reference its General Objections as though set

15  forth in full herein.  Respondent further objects to this Request on the grounds that it is

16  vague and ambiguous as to "published" , the documents speak for themselves,

17  documents lack foundation and hearsay.  Without waiving said objections Respondent

18  Denies.

19  **ADMISSION NO. 12:**

20  Admit that the tweets attached hereto as Exhibit C were published prior to the first

21  instance YOU published JOKE #3.

22  **RESPONSE TO ADMISSION NO. 12:**

23  Respondent refers to and incorporates by reference its General Objections as though set

24  forth in full herein.  Respondent further objects to this Request on the grounds that it is

25  vague and ambiguous as to "published" , the documents speak for themselves,

26  documents lack foundation and hearsay.  Without waiving said objections Respondent

27  Denies.

28  **ADMISSION NO. 13:**

1  Admit that the tweets attached hereto as Exhibit D were published prior to the first

2  instance YOU published JOKE #4.

3  **RESPONSE TO ADMISSION NO. 13:**

4  Respondent refers to and incorporates by reference its General Objections as though set

5  forth in full herein.  Respondent further objects to this Request on the grounds that it is

6  vague and ambiguous as to "published", the documents speak for themselves,

7  documents lack foundation and hearsay.  Without waiving said objections Respondent

8  Denies.

9

10

11  Date: 4/25/2016                          By:

12                                                      JAYSON M. LORENZO

                                                       Attorney for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S RESPONSE TO CONACO, LLC'S FIRST SET OF REQUESTS FOR ADMISSIONS

# Exhibit E

# Glaser Weil

10250 Constellation Blvd.
19th Floor
Los Angeles, CA 90067
310.553.3000 TEL
310.556.2920 FAX

Nicholas E. Huskins

**Direct Dial**
310.282.6264
**Direct Fax**
310.785.3564
**Email**
nhuskins@glaserweil.com

May 9, 2016

<u>VIA E-MAIL</u>

Jayson M. Lorenzo
2794 Gateway Road
Carlsbad, CA 92009

Re:     **Robert Alexander Kaseberg v. Conaco, LLC, et al. Case No. 3:15-cv-01637**

Dear Mr. Lorenzo,

I write regarding deficiencies in Plaintiff Robert Alexander Kaseberg's ("Plaintiff" or "Kaseberg") responses to Defendant Conaco, LLC's ("Conaco") First Set of Interrogatories, Requests for Production of Documents and Things, and Requests for Admission, served April 25, 2016.

## 1.     Kaseberg's Responses to Conaco's First Set of Interrogatories

Kaseberg's Responses to Conaco's First Set of Interrogatories are deficient, inadequate, and improper. For purposes of the parties' meet and confer, we provide the following summary of certain deficiencies:

### Interrogatory Nos. 1 and 6:

Interrogatory No. 1 seeks the time, date, and forum for every instance of *publication* for the jokes at issue. However, Kaseberg's response fails to provide any of the requested information concerning the publication of the jokes. Instead, Kaseberg responds as follows: "Each of Respondent's jokes were *created* at home. Respondent creates the jokes prior to publishing them on the internet." Information identifying exactly where and when each of the jokes at issue were published is crucial in determining the possibility of Defendants' access to Kaseberg's jokes prior to the independent creation of the allegedly infringing jokes featured in the "Conan" show monologue. Thus, this response must be supplemented to sufficiently answer Interrogatory No. 1.

Interrogatory No. 6 asks for all facts relating to Defendants' opportunity to view or copy the jokes at issue. In response, Kaseberg provides, "Respondent maintains a facebook, twitter and blog page that are all publicly available and accessible." However, Kaseberg denied Request for Admission No. 6, which sought an admission that the only evidence of Defendants' access to

May 9, 2016
Page 2

the jokes at issue prior to any alleged infringement was the publication of such on Kaseberg's twitter account, facebook page, or personal online blog. Clearly, the responses to Interrogatory No. 6 and Request for Admission No. 6 are in conflict with each other.

Defendants' access is a critical issue in this litigation. If Kaseberg has additional information of Defendants' opportunity to view the jokes at issue beyond what is provided in his response to Interrogatory No. 6, he must supplement his response to include such information. Alternatively, if Kaseberg has no additional evidence of access beyond the response provided, he must supplement Request for Admission No. 6 to accurately reflect this.

### *Interrogatory Nos. 2 and 5:*

Interrogatory No. 2 seeks the identification of the original and unique components of the jokes at issue that Kaseberg believes Defendants unlawfully copied. Kaseberg responded, "the answer is set forth in Respondent's complaint." First, general references to a pleading are an insufficient answer to an Interrogatory. *See e.g., Guerrero v. McClure*, 2011 WL 4566130, at *6 (E.D. Cal. Sept. 29, 2011) (holding "responses merely referring to the allegations of [plaintiff's] complaint are insufficient" and ordering respondent to supplement their responses); *Pacific Lumber Co. v. National Union Fire Ins. Co.*, 2005 WL 318811, at *4 (N.D. Cal. Jan. 5, 2005) ("[r]esponding to an interrogatory with a reference to another interrogatory or to a document or pleading is improper."); *United States ex rel. O'Connell v. Chapman University,* 245 F.R.D. 646, 650 (C.D. Cal. 2007) ("an interrogatory should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories"). Moreover, none of the allegations in the Complaint are sufficient to identify the unique and original aspects of Kaseberg's allegedly infringed jokes.

The copyright protected aspects of the jokes at issue are central to Kaseberg's lone claim for copyright infringement. Through initial disclosures, Defendants presented significant evidence of numerous third-parties publishing substantially similar jokes to those in which Kaseberg claims protection. Yet, Kaseberg has yet to provide any information sufficient to identify what aspects of the jokes at issue Kaseberg believes to be unique and original expression sufficient to warrant copyright protection. Thus, Conaco requests Kaseberg supplement his response to Interrogatory No. 2 to describe the alleged copyrighted material, to the extent it exists.

Interrogatory No. 5 asks for *all facts* relating to Kaseberg's ownership of the copyrights related to the jokes at issue. An adequate response to this Interrogatory should include detailed facts and dates for the conception, creation, publication, and exploitation of the jokes at issue. Instead, Kaseberg merely offers "Respondent has registered copyrights for the jokes created."

Again, Kaseberg's ownership of a valid copyright in the jokes at issue are essential to his claim. If Kaseberg intends to rely on additional evidence concerning his creation and ownership of the jokes at issue, such information must be supplemented.

May 9, 2016
Page 3

### *Interrogatory No. 4*

Interrogatory No. 4 asks for the identification of websites and/or news sources that provided the content in which Kaseberg's jokes at issue relate. In response, Kaseberg answered "Discovery is continuing as to specific information sources." Conaco fails to see how additional time and discovery would reveal sources that should already be known to Kaseberg. This information is crucial in analyzing the originality of the jokes at issue. Please supplement your response.

### *Interrogatory Nos. 7 and 8*

Interrogatory No. 7 asks Kaseberg to "[s]tate all facts establishing a chain of events linking the jokes at issue and Defendants' access thereof." Interrogatory No. 8 asks Kaseberg to "[s]tate all facts establishing the jokes at issue have been widely disseminated." In response to each, Kaseberg stated "Respondent cannot provide an intelligent response without speculating as to the meaning of "chain of events" and "widely disseminated", respectively.

First, Instruction No. 3 of the Interrogatories propounded by Conaco on March 24, 2016 clearly provides that "If [Kaseberg] object[s] to any meaning of any term in any interrogatory herein as unclear to [Kaseberg], [Kaseberg] shall assume a reasonable meaning, state what the assumed meaning is, and respond to the request according to the assumed meaning." Kaseberg has failed to comply with this instruction, offering no attempt to apply reasonable meaning to these commonly-used phrases or otherwise provide a narrative response. Kaseberg cannot avoid his discovery obligations by claiming ordinary phrases and terms are "vague" and "ambiguous."

By way of clarity, in the Ninth Circuit circumstantial evidence of reasonable access is proven in one of two ways: (1) a particular *chain of events* is established between the plaintiff's work and the defendant's access to that work (such as through dealings with a publisher or record company); or (2) the plaintiff's work has been *widely disseminated. See Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000). Kaseberg should apply the meaning as understood by the Ninth Circuit to the purportedly "vague" and "ambiguous" terms in question, and supplement his response accordingly.

### *Interrogatory Nos. 10-13*

With respect to Interrogatory Nos. 10-13, Kaseberg provides no substantive, narrative response on the basis of objections concerning the privacy rights of third-parties. Conaco notes Defendants have made efforts to enter a protective order in this case to protect the privacy of non-parties. Defendants are willing to continue to work with Kaseberg to ensure the protective order provides adequate protection sufficient to cover responses to these Interrogatories. However, this information is crucial in determining damages, and must be provided. Please supplement these responses.

May 9, 2016
Page 4

### *Interrogatory Nos. 15 and 16*

Interrogatory Nos. 15 and 16 seek the factual basis and grounds for Kaseberg's copyright claim against Defendants, and the support for Kaseberg's contention that the alleged infringement was willful. Despite Kaseberg's boilerplate objections, the Federal Rules and Ninth Circuit have expressly permitted parties to propound such contention interrogatories. *See* Fed. R. Civ. P. 33(c) ("An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact."); *accord O'Connor v. Boeing North America, Inc.*, 185 F.R.D. 272, 281 (C.D. Cal. 1999) (holding contention interrogatories are permissible and acceptable).

In response, Kaseberg offered only "Respondent further objects to this Interrogatory on the basis that it is overbroad, vague and ambiguous and is already contained in Respondent's complaint." Setting aside the improper, boilerplate "overbroad, vague and ambiguous" objections, as previously noted, such a general reference to the complaint is an inadequate Interrogatory response.[1] *See Guerrero*, 2011 WL 4566130, at *6; *Pacific Lumber*, 2005 WL 318811, at *4; *United States ex rel. O'Connell*, 245 F.R.D. at 650; *see also McClellan v. Kern Cty. Sheriff's Office*, 2015 WL 4598871, at *4 (E.D. Cal. July 28, 2015) (holding Interrogatory responses that refer to Plaintiffs' complaint insufficient and ordering respondent to supplement Interrogatory responses).

Thus, Kaseberg's responses to the above-mentioned Interrogatories are evasive, inadequate, and unresponsive. Please supplement these responses such that they provide a complete, narrative response offering the factual basis for the claims, allegations, and contentions advanced by Kaseberg.

### 2. Kaseberg's Responses to Conaco's First Set of Requests for Production

Kaseberg's Responses to Conaco's First Set of Requests for Production of Documents are deficient and fail to comply with the Federal Rules. For purposes of the parties meet and confer, we provide the following summary of certain deficiencies:

First, under the revised Federal Rule of Civil Procedure 34 ("Rule 34"), a responding party is required to state whether responsive documents will be produced as requested, or in the alternative, state whether "any responsive materials are being withheld" on the basis of a specific objection. Fed. R. Civ. P. 34(b)(2)(C). With respect to Request Nos. 1, 35-36, 38-39, 45-47, and 52, Kaseberg objected but failed to state whether he intends to produce responsive documents. Such a response is improper. Kaseberg must state whether he will produce documents and by when, or indicate if documents are being withheld. Moreover, Kaseberg's responses fail to

---

[1] Kaseberg's responses to Interrogatory Nos. 2 and 4 also improperly reference the Complaint while failing to provide any additional facts or narrative. These must be supplemented to provide complete, narrative responses.

May 9, 2016
Page 5

indicate whether any responsive materials are being withheld at all. If Kaseberg is withholding any responsive documents, he must affirmatively state so, and identify the specific objection that serves as the basis for such.

Second, the Advisory Committee Notes to the 2015 Amendment of Rule 34 require the responding party to specifically identify a "reasonable time" for the production of responsive documents. Kaseberg indicated he will be producing documents in response to Request Nos. 2-3, 5-34, 37, 40-44, 48-51, and 53-56, but failed to provide any sort of time frame for production, and, to date, has not produced a single document beyond those exchanged through initial disclosures. We request that Kaseberg specify when his production will be completed.

Third, Kaseberg's responses to Requests Nos. 2 and 41 improperly limit the scope of the documents requested to those that relate only to the jokes at issue. Consistent with the aforementioned requirements of Rule 34, Kaseberg must identify whether any documents are being withheld on the basis of these limitations, and, if so, identify which objection serves as the basis for such.

### 3.    Kaseberg's Response to Conaco's First Set of Requests for Admission

Kaseberg's Responses to Conaco's First Set of Requests for Admission are deficient and raise questions about the integrity of Kaseberg's denials. For purposes of the parties' meet and confer, we provide the following summary of certain deficiencies:

Request for Admission Nos. 2-5 seek an admission that the allegedly infringing jokes purportedly authored by Kaseberg are not identical to the corresponding joke featured in the "Conan" show monologue. This fact is indisputable – a simple review of each will demonstrate the jokes are not word-for-word copies of each other. Nevertheless, Kaseberg denied Requests for Admission Nos. 2-5 after asserting "vague and ambiguous" objections as to the word "identical."

Request for Admission No. 9 seeks an admission that Kaseberg is aware of numerous third-parties publishing jokes similar to those at issue. Similarly, Request for Admission Nos. 10-13 seek an admission that the third-party tweets attached as Exhibits to the Requests were published prior to Kaseberg's first publication of the jokes at issue. Again, the timestamps of the tweets attached as Exhibits unquestionably demonstrate that they were published prior to Kaseberg's own joke on the same topic. Yet, Kaseberg objects to the use of "published" as vague and ambiguous, then denies.

Request for Admission No. 8 seeks an admission "that each and every one of the jokes at issue utilizes a standard, two-line, setup-punchline formula, in which the setup conveys a factual recitation of a then-current event or news story, and the punchline conveys a humorous take on

May 9, 2016
Page 6

the aforementioned current event or news story." Kaseberg objected to the terms "standard", "setup", and "humorous take" before denying.

Conaco's Requests for Admission included an instruction which provides "If [Kaseberg] object[s] to any meaning of any term in any Request herein as unclear to [Kaseberg], [Kaseberg] shall assume a reasonable meaning, state what the assumed meaning is, and respond to the Request according to the assumed meaning." Again, Kaseberg made no attempt to comply with this instruction, despite objecting to a particular word or term in his response to each of the aforementioned Requests for Admission. Conaco requests that Kaseberg follow this instruction, and supplement his responses to these requests thusly.

Request for Admission No. 6 seeks an admission that Kaseberg has no evidence of Defendants' access to Kaseberg's jokes beyond his publication of such on the Internet. Similarly, Request for Admission No. 7 seeks an admission that Kaseberg and has no personal knowledge of Defendants' viewing the jokes on the outlets they were published prior to February 4, 2015. Kaseberg denied both. As previously noted, Kaseberg's denials to these Requests for Admission conflict with his response to Interrogatory No. 6. Kaseberg must supplement his responses to resolve this discrepancy.

For all of the responses detailed in this section, it is unclear whether Kaseberg is specifically denying as to the substance of the request, or merely denying on this basis of his vague and ambiguous objections. If such denials are based on his objections, Kaseberg must explicitly state so, and explain in detail why his denial prevents him from admitting or denying the request as drafted. Fed. R. Civ. P. 36(a)(4) ("If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it").

If Kaseberg contends that such denials are not based on his objections, Conaco notes that Federal Rule 36 provides "[a] denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." *Id.* Further, Rule 36 requires absolute good faith and truthfulness in a response, and any responses which seek to evade or to avoid, short of a frank statement that the party cannot truthfully respond, stating the reasons or grounds therefor, will not be countenanced. *Dulansky v. Iowa-Illinois Gas & Elec. Co.*, 92 F. Supp. 118 (S.D. Iowa 1950). With these rules in mind, and confronted with contradictory information, Conaco requests Kaseberg supplement any response for which he cannot honestly, and in good faith, deny. Absent such, Conaco will pursue a motion seeking a judicial determination of the sufficiency of such responses pursuant to Fed. R. Civ. P. 36(a)(6).

Pursuant to Local Rule Cv 26.1(a), we request to meet and confer on both the discovery issues outlined above as well as the parties' inability to reach a resolution concerning the protective order. In order to facilitate the production of documents and other discovery, it is imperative we resolve these issues as soon as possible. We hope to resolve all of the

May 9, 2016
Page 7


aforementioned issues without intervention from the Court.  To that end, please confirm your availability to meet and confer on the above on Thursday, May 12, at 2:30 pm.  Otherwise, please provide a time in the next ten days in which you are available.

Sincerely,

NICHOLAS E. HUSKINS
for GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP

1182045.1

# Exhibit F

| | |
|---|---|
| **From:** | Nick Huskins |
| **Sent:** | Tuesday, May 31, 2016 10:38 AM |
| **To:** | 'Jayson Lorenzo'; Erica Van Loon |
| **Cc:** | Lorie Mallari |
| **Subject:** | RE: Kaseberg v. Conaco, et al. |
| **Attachments:** | MCA Inc v Wilson.doc; Mackie v Rieser.doc; On Davis v The Gap Inc.doc; CONACO_000045-CONACO_000064.pdf |

Jayson,

Thanks for your email.  Mike Sweeney is available for deposition on June 17 or June 24. Let us know if either date works. If not, Mr. Sweeney's next available date for deposition is July 8. Mr. Kiley and Mr. Kutner are available to be deposed on July 15.  That being said, we stand by our objections to Plaintiff's Request for Production Nos. 6-8.  If this impacts your deposition schedule, let us know.  I am working on getting availability for the rest of the deponents, and should have dates for you by the end of the week.

To be clear, we will not be producing revenue information for TBS, Time Warner, and Conaco, or salary information for the individual writers, as they are in no way relevant to a potential damages calculation by your client.  Per your request, we've attached some supporting case law.  Also, we cannot agree to a June 1 deadline for your client to supplement his deficient discovery responses. Accordingly, Defendants will move forward with a motion to compel regarding your client's deficient discovery responses.

As to the protective order, we agree that filing a formal motion is best and we will do so.

We are also attaching a copy of Conaco's insurance policy, as requested.  Please note that this document is designated "Confidential" and thus, should be treated pursuant to the draft protective order's terms concerning confidential documents.

Regards,
Nick

**From:** Jayson Lorenzo [mailto:jmlorenzo.esq@gmail.com]
**Sent:** Monday, May 23, 2016 3:38 PM
**To:** Nick Huskins; Erica Van Loon
**Cc:** Lorie Mallari
**Subject:** Kaseberg v. Conaco, et al.

Nick,

See my responses in red below.

On Thu, May 19, 2016 at 1:13 PM, Nick Huskins <nhuskins@glaserweil.com> wrote:

Jayson,

1

As discussed on our call yesterday afternoon, below is the understanding reached between the parties with respect to the outstanding discovery issues:

**Depositions**

- We can make Mike Sweeney available for deposition on June 17 in Irvine, as you suggested. Let us know if this date works and the location of the deposition. Also, let us know if June 24 works for the depositions of Kiley and Kutner in Irvine. We would like to lock these dates in with the witnesses so please confirm the dates with us this week

I will confirm the dates and location of the 17 and 24 by the end of the week.  I may need to take Sweeney on the 24 and Kiley and Kutner on July 1st.  I still need to clear my calendar.  Also see my comments related to RFP 6-8 below as it also may affect if I take Kiley and Kutner.

- We will get back to you with dates for the additional deponents you requested.

Please get me dates by the end of next week.  I want to take Weisberg and Comers next then Conan and Ross.  I also need to take a PMK for Time Warner and TBS on financial information as a heads up.

**Protective Order**

- We agreed to all terms of the proposed protective order except the designation of non-public financial documents as AEO.  The parties will move forward with discovery obligations subject to our mutual understanding of the agreed-upon terms of the protective order, i.e. the production of documents designated as "confidential" and the treatment of trade secret information as "Attorneys Eyes Only."  As to our dispute regarding the designation of non-public financial documents, Defendants will proceed with filing a motion with the Court if this issue cannot be resolved informally with Judge Bartick.

Agreed, however the issue of non-public financial documents is still in dispute.  It is my understanding that you are taking the position that you will not produce any financial information.  Can you confirm this?  If so, I will just go ahead and file a motion to compel on that issue.

**Defendants' Discovery Requests**

**Interrogatories**

- You agreed to supplement responses to Conaco's Interrogatory Nos. 1-4, 7-8, 10-13, and 15-16.

I agreed that I will speak to my client and to the extent he can provide additional information the responses will be supplemented.

o  With respect to Interrogatory No. 1, you represented that Plaintiff will supplement to provide information sufficient to show the date, time, and forum in which the jokes at issue were published.

I agreed that I will speak to my client and to the extent he can provide additional information the responses will be supplemented.

o  With respect to Interrogatory No. 3, you represented Plaintiff will supplement with the date of creation, and any other responsive information not included in Plaintiff's initial response.

I agreed that I will speak to my client and to the extent he can provide additional information the responses will be supplemented.

o  With respect to Interrogatory No. 6, you represented this is a complete response.

Agree.

o  With respect to Interrogatory Nos. 2, 4, 7-8, and 15-16, you represented that Plaintiff will supplement with a complete, narrative response.

I will speak to my client and see if he has additional information for which he can supplement.   I did not agree to a narrative response.

o  With respect to Interrogatory Nos. 10-13, the parties agree to treat any information provided in response as subject to the confidentiality terms of the proposed protective order.  You represented that Plaintiff will supplement his response to these Interrogatories subject to that understanding.

With respect to 10-13 we discussed whether the discovery was going to be limited to the "jokes at issue".  I don't believe it should be limited to the jokes at issue.  If it wasn't limited to the "jokes at issue" we were both going to agree to produce information.  I would agree to produce the information but because of your objection to our RFP 6-8 I do not think it is appropriate for my client to provide this information.  My understanding was that we would mutually not withhold information but you need to confirm that with Erica.  You stated you understood my position.  You would agree to produce RFP 6-8 information before Kiley, Kutner and Comers depos and I would agree to responde to your rogs 10-13 subject to the projective order.

**Requests for Production**

- You represented Plaintiff is not withholding any documents on the basis of his objections.

Agree.

- We discussed Plaintiff's limiting response with respect to RFPs No. 2 and 41.  You raised the issue that Defendants' similarly limited their response to Plaintiff's RFP Nos. 6-8.  We discussed mutually resolving whether or not we can agree that the aforementioned requests can be uniformly limited, or in the alternative, the limitation can be removed from both our responses.  Subsequent to our phone conversation, you emailed

to raise the same issue with our response to Interrogatories No. 4 and 7, and contended that you believe that information is relevant without any limitation.

> o  Upon review, we are willing to agree to the limitation as to our RFP No. 41, but believe RFP No. 2 is properly limited in scope and relevant.  We disagree that Plaintiff's Interrogatory Requests Nos. 4 and 7, and RFP Nos. 6-8, are relevant without limitation.  Specifically we do not see how jokes unrelated to the jokes at issue are relevant, nor how the identification of Conaco staff who had no involvement with the jokes at issue are relevant.  We will consider a narrowed re-draft of these requests, to the extent they are relevant to claims or defense at issue in this case.  Short of that, we cannot agree to removing the limitation.

So with RFP No. 2, you believe any and all correspondence with third parties related to Defendants whether they involve the Jokes at issue should be produced?  RFP 41, I will have my client produce what he has related to jokes at issue.  However, I do not agree that Plaintiff's Interrogatory Request 4 and 7 should not be produced by your client.  Also I do not agree that RFP 6-8 should not be produced by your client.  Please confirm that you will not respond to Interrogatory 4 and 7 and also not produce documents for RFP 6-8.  I will go ahead and file a motion to compel on those requests.

If you are not producing RFP 6-8 I may need to push Kiley and Kutner's depos.

**Requests for Admission**

- You represented Plaintiff will supplement all responses to clarify whether any denial is made on the basis of an asserted objection, or as to the substance of the Request.  For any denial based on an objection, you agreed the response will specify the particular objection that serves as the basis for the denial.

Agree.

> o  With respect to RFA Nos. 2-5, you represented that Plaintiff will supplement his responses subject to an understanding that "identical" means word-for-word copy.

I will speak to my client about whether he will agree to supplement.  The RFA as writen is unclear.  I think in order to clear this up and have a clean record for trial, I you should resend your specific RFA request.

> o  With respect to RFA Nos. 6-7, you represented that Plaintiff will supplement his responses to be consistent with Plaintiff's Interrogatory responses.

Disagree.  I stated that I would speak to my client to discovery of there is any additional information that might requre him to supplement his response.

> o  With respect to RFA No. 8, you represented that Plaintiff will supplement his response with the understanding that the word "standard" be removed from the request.

I will speak to my client about whether he will agree to supplement.  The RFA as writen is unclear.  I think in order to clear this up and have a clean record for trial, I you should resend your specific RFA request.

    o  With respect to RFA No. 9, you represented that Plaintiff will supplement his response with the understanding that the request seeks an admission as to your client's awareness as of today, not prior to publication of the jokes at issue.

Disagree.  I stated that the documents lacked foundation haven't been authenticated and he can't admit to documents he never authored or knows anything about.

**Deadline for Supplemental Responses**

- No deadline to provide supplemental responses was discussed on the call.  In the interest of preventing any further delay, please confirm your client  will provide supplemental responses by May 26.  We would prefer to resolve any discovery issues without involvement from the Court, but must be prepared to move in the event any supplemental responses are provided any later, or are otherwise unsatisfactory.

I can agree to no later than June 1 for any supplements.

**<u>Plaintiff's Discovery Requests/Informal Conference with the Judge Bartick</u>**

- We discussed the relevance of the financial information requested by Plaintiff, and were unable to reach a resolution.  You indicated you would move to compel Interrogatory responses and the production of documents related to Defendants' financial information.  Regarding your suggestion that we settle the matter informally with the assistance of Judge Bartick,  we are not opposed so long as we have the opportunity to apprise Judge Bartick in writing of the relevant case law.  We note that our dispute concerning the designation of financial documents as AEO might also be a matter that can be settled informally with Judge Bartick, if he is so inclined to speak with us without a formal motion.  We are amenable to mutually calling Judge Bartick's clerk with you to see if he would be amenable to a telephone conference to try to resolve these disputes without the need for motion practice.  I am available to discuss this further this afternoon, prior to our mutually contacting Judge Bartick's clerk.

If we are going to brief the issue, I'd rather just file a formal motion.  The first issue is the relevance of the documents and whether you should produce them to me, as well as the jokes submitted to your client and the names of other writers and what they make.  The AEO issue is only relevant if I am entitled to financial information.

Regards,

Nick

# Glaser Weil

**Nick Huskins** | *Attorney*

10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067

Main: 310.553.3000 | Direct: 310.282.6264 | Fax: 310.785.3564

E-Mail: nhuskins@glaserweil.com | www.glaserweil.com



This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message

# Exhibit G

| | Search | G+1 1 | More | Next Blog» | | Create Blog | Sign In |

# A LITTLE BIT BAD. COMEDY WRITER ALEX KASEBERG

HERE WE USE ONLY SUSTAINABLE, ORGANIC AND GLUTEN-FREE SEASONAL JOKES. COMEDY, SATIRE, SPORTS, EDITOR AND OCCASIONAL COOKING TIPS WRITER, ALEX KASEBERG. E-MAIL TO - OR IF YOU NEED TO HIRE A COMEDY WRITER - ALEX.KASEBERG@GMAIL.COM

**THURSDAY, FEBRUARY 19, 2015**



This is Mike Sweeney, the head writer at "Conan" and the guy who yelled at me.

My Three Jokes on "Conan."

I'm a comedy writer and I've contributed jokes as a freelance writer to "The Tonight Show with Jay Leno" for over 20 years. Cut my teeth on O.J. Simpson jokes.

This week, the most disappointing thing in my comedy writing career happened to me.

**PREVIOUS POSTS**

Hello, Conan O'Brien writers. A female beagle…

Ohhhhgaaaaahhhhddaaaaaaaamnfriggin'baaaaaaa

Gordon Lightfoot - If You Could Read My Mind

Kanye West's ex, Amber Rose, tweeted that Kim Karda…

<!--[if gte mso 9]> 0 0 1 22 126 A Little …

"50 Shades ofGrey" opened with $94 million. It bro…

Butch Cassidy & The Sundance Kid

Tumbling Dice ~ The Rolling Stones

Dave's party was on a night just like this Dave…

<!--[if gte mso 9]> 0 0 1 25 147 A Little B…



Somewhere around January 12th, Conan O'Brien (I am a huge fan) told a joke on "Conan" I loved;

"A Delta flight from Cleveland to New York took off with only two passengers. And they still managed to lose their luggage."

That is a great joke and I wanted to use that story/premise to write one like it. On January 14th, 2015, I posted this joke on this blog, Thordoggie.blogspot.com;

"A Delta flight from Cleveland to New York took off with only two passengers. And they wrestled for control of the armrest the entire flight."

That joke, word-for-word, was on Conan's monologue the next day on January 15th.

My immediate reaction was they stole my joke. But then I remembered that, although the odds are slight of somebody also picking an armrest struggle for a joke, I decided maybe it was a coincidence. Conan and his staff did not seem to me to be the type to steal jokes.

Until Feb. 3rd when I wrote and posted this joke on my blog at 9:02 am and on Twitter;

"Tom Brady has decided to give his Super Bowl MVP truck to the man who won the game for the Patriots. So enjoy that truck Pete Carroll."

Again, like my armrest joke, the very same joke appeared the next day, Feb. 4th, on Conan's monologue almost exactly word for word. Conan said; "So they gave the truck to Pete Carroll."

Now I am certain my jokes are being used. So I leave a message with Conan's head writer, Mike Sweeney. He

CONACO_000020

did not call me back, but they were filming in Cuba for four days.

Then on Tuesday 11:20 am Feb. 17th, I posted this joke on my blog;

"It turns out the Washington Monument is ten inches shorter than previously thought. You know it has been a cold winter when even a monument has shrinkage."

This time the joke on my blog appeared on Conan's monologue that night, six hours later. Again almost word-for-word.

(Yes, it is a penis joke, which is exactly what Conan said afterwards)

This time, the next day on the 18th, Wednesday morning, I am calling Mike Sweeney back with a vengeance. Two times there is an impossibly slight possibility of a joke-writing coincidence, three times there is no possibility of a coincidence. And always used on the monologue one day or, in the case of the third time, six hours after it appeared on my blog and or Twitter.

The purpose of my call was not to cause trouble, but to suggest that if I was writing jokes so similar (in fact the exact same) to theirs, I should be contributing jokes to the show.

I swear that was all I wanted.

To my delight, they put my Wednesday 9:30 am call right through to Mike Sweeney, the head writer for "Conan."

That was the end of the good news.

For what seemed like 15 agonizing minutes, Mike Sweeney, the head writer of "Conan," angrily and loudly

CONACO_000021

denied those were my jokes. He was furious that I was accusing them of stealing jokes, but most of all he was incensed that I would suggest his writers would have anything to do with my pathetic blog and it's author, me, a no-name failure.

At one point Mike Sweeney said, after he got my message, he went on my blog and he saw the jokes, but they were not the jokes used for "Conan."

(It was almost impossible to get a word in sideways, that is how agitated Mike Sweeney was)

In my defense, I told Sweeney I had contributed to Jay Leno for over 20 years, and many other TV and radio shows. Over and over I tried to explain I did not want trouble, I just wanted to contribute jokes to their show. These three amazingly similar jokes, I thought, were a great example of our shared sensibilities.

"We don't have any openings," said Sweeney, "and why would I want to hire someone who accuses us of stealing jokes?"

Mike Sweeney implied I had heard jokes on TV and wrongly assumed they were mine. Like I was some crazy man whose thoughts were being stolen by a TV show.

To be told by anyone you're a failure as a comedy writer hurts. To be told you're a crazy failure by the head writer of one of your comedy idols is much worse. It is devastating.

When I called back and asked for Mike Sweeney's e-mail address, I was told they could not give it out, but if I gave them my e-mail, they assured me he would write me.

He never did.

CONACO_000022

Yes, I am embarrassed to admit, I was so angry, devastated and had so little to lose, I thought of litigating. But to what end? How much of a settlement would I get for three jokes? Why alienate the writers of what used to be one of my favorite shows?

In the back of my mind I hoped a Brian Williams-like in-house investigation would be launched inside "Conan" and I would be vindicated.

But that never happened.

My question is: who are the writers - or more likely, the writer - who took credit for my jokes?

The only consolation I can take from this horrifying violation is I wrote three jokes that were good enough to be on the monologue on "Conan." And they all got good laughs.

Since I cannot watch the show again – it is too painful – and I have lost respect for one of my comedy idols, that consolation will have to be enough.

In the end, getting three jokes nicked by "Conan" was sort of how I imagine having sex with Madonna would be:

Yes, I got screwed. But it was a lot more fun to tell people about than to experience.

(Follow me on Twitter @AlexKaseberg

POSTED BY ALEX AT 9:26 AM    ✉

<< Home

**Glaser Weil**

1

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California; I am over the age of 18

2

and not a party to the within action; my business address is 10250 Constellation Boulevard, 19th

Floor, Los Angeles, California 90067.

3

On June 1, 2016, I served the foregoing document(s) described as: **JOINT MOTION FOR**

4

**DETERMINATION OF DISCOVERY DISPUTE; DECLARATION OF NICHOLAS**

5

**HUSKINS** on the interested parties to this action at the following address(es):

6

SEE ATTACHED LIST

7

☐   **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence shall

8

be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California.  Service made pursuant to

9

this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of

10

deposit for mailing contained in this affidavit.

11

☐   **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed

12

document(s) on the individual(s) listed on the attached mailing list.

13

☒   **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

14

☐   **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express

15

service carrier which provides overnight delivery, as follows:  I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service

16

carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

17

☐   **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the

18

interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

19

☐   **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices

20

of the above named addressee(s).

21

☐   (State)      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

22

☒   (Federal)   I declare that I am employed in the office of a member of the bar of this court at

23

whose direction the service was made.  I declare under penalty of perjury that the above is true and correct.

24

25

Executed on June 1, 2016, at Los Angeles, California.

26

/s/ Nicholas E. Huskins

Nicholas E. Huskins

27

28

15cv01637-JLS-DHB

1183792

**SERVICE LIST**

1

2    Jayson M. Lorenzo
     2794 Gateway Road, Suite 116
3    Carlsbad, CA 92009
     (Tel)  760-517-6646
4    (Fax) 760-520-7900
     Jmlorenzo.esq@gmail.com
5    Attorney for Plaintiff
     Robert Alexander Kaseberg
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

**PROOF OF SERVICE**

15cv01637-JLS-DHB

1183792

# Exhibit 18

| | |
|---|---|
| **From:** | Jayson Lorenzo <jmlorenzo.esq@gmail.com> |
| **Sent:** | Thursday, June 2, 2016 8:40 PM |
| **To:** | Nick Huskins; Erica Van Loon |
| **Cc:** | Ryan Altomare; Lorie Mallari |
| **Subject:** | Kaseberg v. Conaco, LLC, et al. |
| **Attachments:** | Declaration of Jayson M Lorenzo 06.02.2016.pdf; Joint Motion.docx; proof of service 06.02.2016.pdf |

Nick,

Attached is Plaintiff's portion of the Joint Motion for Determination of Discovery Dispute and my declaration with exhibits.  If you can get me your portion by June 8 so we can file the motion I'd appreciate it.

Jayson M. Lorenzo, Esq.
L.L.M. with Concentration in Intellectual Property

2794 Gateway Road, Suite 116
Carlsbad, CA 92009
760-517-6646
jmlorenzo.esq@gmail.com

Jayson M. Lorenzo, Esq. SBN 216973
Attorney at Law
2794 Gateway Road, Suite 116
Carlsbad, CA 92009
Tel. (760) 517-6646
Fax (760) 520-7900

Attorney for Plaintiff
ROBERT ALEXANDER KASEBERG

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG, | Case No.: 15-CV-01637-JLS-DHB |
| Plaintiff, | JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE |
| vs. | |
| CONACO, LLC; TURNER BROADCASTING SYSTEM; TIME WARNER, INC.; CONAN O' BRIEN; JEFF ROSS; MIKE SWEENEY; and DOES 1-100, Inclusive, | |
| Defendants. | |

## JOINT DECLARATION OF COMPLIANCE WITH THE COURT'S MEET AND CONFER REQUIREMENT

Pursuant to Civil Chambers' Rule (IV)(C), Plaintiff Robert Alexander Kaseberg ("Plaintiff") and Defendants Conaco, LLC, Turner Broadcasting System, Inc.; Time Warner Inc.; Conan O'Brien; Jeff Ross; and Mike Sweeney (Collectively, "Defendants") submit this Joint Motion for Determination of Discovery Dispute to advise the Court of the parties' impasse concerning Plaintiffs first set of discovery requests served on Defendants. This motion is made following the conference of counsel

1  pursuant to Civil Local Rule 26.1a and Civil Chambers' Rule (IV)(A), which took place on May 18,

2  2016.

3  **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES**

4  **I.   RELEVANT BACKGROUND**

5       On or about March 14, 2016 Plaintiff served all Defendants with his First Set of Interrogatories

6  ("ROGs"). *See* Declaration of Jayson M. Lorenzo ("Lorenzo Dec."), ¶¶ 12-17, Exhs. G-L. On or about

7  March 14, 2016, Plaintiff also served Defendant, Conaco, LLC, with a Request for Production of

8  Documents, Set One ("RFPs"). Lorenzo Dec. ¶ 18, Exh. M. Defendants served their objection and

9  responses to each on or about April 18, 2016. Lorenzo Dec. ¶¶ 19-25, Exhs. N-T.

10      On or about May 13, 2016, Plaintiff's counsel sent a letter to Defendants' counsel identifying

11  several deficiencies in Defendants' discovery responses and requested to meet and confer on the issues

12  raised therein. *Id.* ¶ 13, Exh. H. The parties met and conferred on or about May 18, 2016. *Id.* ¶¶ 2-5.

13      On or about May 19, Defendants' counsel sent Plaintiff's counsel a summary of the issues

14  discussed during the meet and confer attempt the previous day. *Id.* ¶ 5, Exh. A. On or about May 23,

15  2016, Plaintiff's counsel responded to Defendants' counsel's draft of the summary of the conversation

16  with comments of his own. *Id.* ¶¶ 6-10, Exh. B. Issues were left unresolved after the parties exchanged

17  this summary.

18      Defendants' discovery responses which Plaintiff contends are deficient can be broken down

19  into two categories: 1) responses relating to financial information of the Defendants; and 2) responses

20  relating to information and identities of individuals who submit jokes to Defendant.

21      ***A. Meet and Confer Attempts Regarding Defendants' Financial Information***

22      Both of Plaintiff's ROGs and RFPs served on the Defendants, discussed in detail below, seeks

23  financial information from the Defendants from the fiscal year, 2015. Plaintiff's counsel specifically

24  addressed the need for this financial information during the meet and confer attempt on May 18, 2016.

25  *Id.* ¶¶ 4 and 7.  Plaintiff's counsel explained to Defendant's counsel that the Copyright Act stated that in

26  establishing the infringer's profits, the copyright owner is required to present proof only of the

27  infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the

28  elements of profit attributable to factors other than the copyrighted work.  During the call, Defendant's

1   counsel stated he understood Plaintiff's position but believed that there is no relation between 4 jokes

2   on a monologue and the gross revenues of his clients or how that can even be determined. *Id*. ¶ 4.

3        On May 24, 2016, Plaintiff's counsel sent Defendant's counsel an email stating, "If there is any

4   case law you want me to read why you think you don't have to produce financial information, I'm

5   happy to read it." *Id.* ¶ 11, <u>Exh. C</u>.   On May 31, 2016, Defendant's counsel sent Plaintiff's counsel

6   three published cases. *Id.* ¶ 12, <u>Exh. D</u>. That same day after reviewing the case law Plaintiff's counsel

7   wrote:

8        "I am happy to limit the gross revenue information for TBS, Conanco, Time Warner, Conan

9   O'Brien, Mike Sweeney and Jeff Ross related only to the "Conan" Show.  Please provide me with

10   gross reveune and/or salary/bonuses you clients received related only to the "Conan" Show in 2015.

11   With respect to the writers, I believe we are entitled to what the writers who allegedly wrote the jokes

12   at issue made as well as what other writers on the staff made.  This is relevant to establish my client's

13   actual damages or the fair value of what writers are being paid.  I believe we are entitled to what Mr.

14   Comers, Mr. Kiley and what Mr. Kutner make as they are allegedly the writers of the jokes at issue.

15   With respect to the other writers on the show, we do not need to know what each writer made, a list of

16   their salaries or what they make from the Conan show should suffice with names redacted.  Again, this

17   is relevant to establish what writers for Conan are being paid per year." *Id.* ¶ 13, <u>Exh. E</u>.

18        Defendant's counsel responded to Plaintiff's counsel's offer on or about June 1, 2016, stating,

19   "Also, we cannot agree to your proposed limitation concerning financial information.  To reiterate,

20   there is no connection between the Conan show's revenue generated in 2015 or the annual salary and

21   bonuses of the writers of the show, and the use of a single joke in the show's monologue.   Nor is there

22   a practical way to extrapolate the value of a single joke from that information." *Id.* ¶ 11, <u>Exh. F</u>.

23        To summarize, the dispute at this time with respect to financial information is whether or not

24   Plaintiff is entitled to 1) financial information of Conaco, LLC, Turner Broadcasting System, and Time

25   Warner, Inc. which stemmed from the Conan show in 2015; and 2) salaries of Defendants and

26   individual writers who submit jokes on the Conan show.

27        ***B. Meet and Confer Attempts Relating to Identities of Writers/Documents not Related to the***

28   ***"Jokes at Issue"***

Plaintiff's ROGs and RFPs both seek information relating to the identities of individuals who submit jokes for use on the Conan show, and all jokes submitted by Kutner, Kiley and Comers within the last three years.  These three employees were allegedly the people who wrote the "jokes at issue." Defendants' responses to the ROGs and RFPs attempt to limit any substantive response to the "Jokes at Issue." Plaintiff's counsel specifically addressed the need for information broader than that of the "jokes at issue" during the meet and confer attempt on May 18, 2016. *Id.*, ¶ 3. On the call, Defendant's counsel agreed to produce the information. However, Defendants' counsel later changed his mind and stated in his follow up email on May 19, 2016 that, "We disagree that Plaintiff's Interrogatory Requests Nos. 4 and 7, and RFP Nos. 6-8, are relevant without limitation.  Specifically we do not see how jokes unrelated to the jokes at issue are relevant, nor how the identification of Conaco staff who had no involvement with the jokes at issue are relevant.  We will consider a narrowed re-draft of these requests, to the extent they are relevant to claims or defense at issue in this case.  Short of that, we cannot agree to removing the limitation." *Id*. ¶¶ 5-6, <u>Exh. A</u>.  Plaintiff once again attempted to meet and confer on this issue via e-mail sent of May 31, 2016, stating:

"Just to be clear, as I mentioned to you, all the writers for your client's show are relevant because my client may know other writers who he either follow my client or my client may follow them.  This goes to the issue of access.  Further, you have requested all materials and jokes that my client has written unrelated to the jokes at issue but at the same time you don't agree all jokes submitted by Comers, Kiley and Kutner are relevant.  Again, jokes submitted even if they aren't the jokes at issue are relevant to access.  If you are not going to be providing any information related to RFP Nos. 6-8 then I will need to postpone Kiley and Kutner's deposition until this is sorted out." *Id.* ¶13, <u>Exh. E</u>.

Defendant's response to this communication was sent on June 1, 2016, and reads,  "In response to your email from yesterday, yes, it is our position that with respect to Plaintiff's Interrogatory Nos. 4-7 and RFPs to Conaco Nos. 6-8, relevant information responsive to those requests is limited to the jokes at issue and those associated with the jokes at issue.  We understand your position, but our position has not changed." *Id.* ¶ 11, <u>Exh. F</u>. This issue has not been resolved.

Plaintiff requests assistance from the Court to ensure Defendant provides adequate responses to the essential discovery propounded by Plaintiff. First, Plaintiff offered to limit its request for financial information to only financial information related to the "Conan" Show. Defendant refused this request on June 1, 2016, which forms the basis for the current dispute. Second, Defendant first told Plaintiff's counsel there would be no limitation on discovery to "the jokes at issue" then later changed his mind and contended in their May 19, 2016 meet and confer email that they "will consider a narrowed re-draft of these requests, to the extent they are relevant to claims or defense at issue in this case." *Id.* ¶ 5-6, <u>Exh. A</u>. The current dispute is whether Plaintiff's need to limit the scope of the requests to information related to the "Jokes at Issue" and whether Defendants should be required to provide financial information related soley to the "Conan" Show. Further, Defendant contends they are entitled to discovery from Plaintiff outside the "jokes at issue" yet will not provide the same to Plaintiff. Plaintiff could easily re-send new requests to limit the scope, wait an additional 30 days and have Defendant's object again only to have us in the same situation we are in today. For sake of efficiency we request the Judge resolve this issue now. As set forth below, Plaintiff is entitled to the discovery sought, as it is relevant and necessary to fairly pursue Plaintiff's copyright infringement claim.

## II.   DISPUTED DISCOVERY RESPONSES

### A.   REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34, Parties to a lawsuit may serve a request within the scope of Rule 26(b) to produce any designated documents or electronically stored information – including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or compilations – stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or any designated tangible things. Fed R. Civ. P. 34(a)(1)(A-B). A party may move to compel further responses to a request for production of documents if a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv).

The RFPs discussed below relate to financial information of the Defendants. However, Defendant objects to each of the RFPs on the grounds of relevance even after Plaintiff agreed to limit the scope of his request. This objection is improper because, as Plaintiff will discuss, below the

financial information sought is relevant to prove Plaintiff's damages stemming from Defendant's alleged copyright infringement.

### 1.    RFP NO. 3 TO CONACO, LLC

RFP NO. 3   seeks "ANY and ALL DOCUMENTS, tangible things and other items that RELATE TO YOUR annual gross revenues in 2015. Exh. M. Defendant, Conaco's response, after asserting a long list of objections, reads: "Conaco intends to withhold documents based on its objections, including specifically withholding those documents not relevant to any claims or defenses in this litigation." Exh. T.

As discussed in the "Background" section above, Defendant's objection rests on the grounds that the financial information sought by Plaintiff is not relevant to Plaintiff's claim for copyright infringement. However, this information is relevant to prove Plaintiff's damages.

During discovery, a party is entitled to discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Fed R. Civ. P 26(b)(1). Pursuant to the Copyright Statute, an infringer is copyright is liable for either actual damages, or statutory damages. 17 U.S.C. § 504(a). When asserting actual damages, to establish the infringer's profits, the copyright owner is required to present proof of only the infringer's gross revenue. 17 U.S.C. § 504(b).

It is evident that in being able to fulfill Plaintiff's burden of presenting proof of the infringer's gross revenue, he must be given access to documents from the Defendant relating to those gross revenues. Under these circumstances, Plaintiff has no other access to this information other than through Defendant directly. In a precedent case, *Burns v. Imagine Films Entertainment,* the Court ordered the Defendant in a copyright infringement lawsuit to produce financial information during discovery. *Burns v. Imagine Films Entertainment,* 164 F.R.D. 589 (W.D. Ny. 1996). In that case, the Plaintiff's alleged Defendant had, without authorization, used Plaintiff's copyrighted screenplay to create a movie and attraction at a theme park. *Id.* at 589. The discovery requests included expenses dispersed in the design, construction, operation and maintenance of an attraction created by Defendant based on the copyrighted material, a count of the number of persons who attended the theme park and attraction, sales figures and expenses attributable to a movie based on the copyrighted material as well as the attraction, and other financial figures. *Id.* at 590-591. Earlier in the case, the court had even

1    ordered the Defendants to produce records addressing revenues received from the movie <u>Backdraft</u>,

2    including all expenses or other amounts subtracted from the gross revenues to calculate net profit

3    attributable to the movie. *Id.* at 592.

4           Here, Defendant Conaco has produced no financial information, and the similarities between

5    *Burns* and the present case could not be more glaring. Through the meet and confer process, Plaintiff's

6    Counsel agreed to narrow the RFP NO. 3 down to Conaco's annual gross revenues in 2015 **relating to**

7    **the Conan show.** Lorenzo Dec., ¶ 13, <u>Exh. E</u>. The movie, <u>Backdraft</u>, can be compared with

8    Defendant's show, <u>Conan</u>. A movie and a late-night television program are similar enough for

9    comparison. Just as the Defendant in *Burns* was ordered to produce revenue relating to the <u>Backdraft</u>

10   movie and attraction, Defendant Conaco should be ordered to produce gross revenues relating to the

11   <u>Conan</u> show. The information is relevant to establish Plaintiff's damages.

12                        **2. RFP NO. 4 TO CONACO, LLC**

13          RFP NO. 4 seeks "ANY and ALL DOCUMENTS, tangible things and other items that

14   RELATE TO YOUR annual net profits in 2015. <u>Exh. M</u>. Conaco served the same exact objections as

15   response as it did in RFP. NO. 3. <u>Exh. T</u>.

16          The only difference between RFP NO. 4 and NO. 5 is that Plaintiff is seeking "annual net

17   profits" here instead of "annual gross revenues." However, this information is once again relevant to

18   Plaintiff's claim for copyright infringement because it establishes Plaintiff's damages. Just as

19   Plaintiff's counsel narrowed the RFP down to annual gross revenues <u>relating to the Conan show</u>,

20   Plaintiff's counsel offered the same narrowed request during the meet and confer process, to request

21   annual net profits <u>relating to the Conan show</u>. Yet, Defendant's counsel has still not agreed to produce

22   the information. For the same reasons as those stated above in RFP NO. 3 above, Defendant should be

23   ordered to produce Conaco's annual net profits in 2015 relating to the Conan show.

24                        **3. RFP NO. 5 TO CONACO, LLC**

25          RFP NO. 5 seeks "ANY and ALL DOCUMENTS, tangible things and other items that

26   RELATE TO amount paid to each writer – whether staff, contract, or writers for the "CONAN" show

27   in 2015. <u>Exh. M</u>. In addition to a long list of general objections, Defendant responds that "Conaco

28

1   intends to withhold documents based on its objections, including specifically withholding those

2   documents no relevant to any claims or defenses in this litigation." <u>Exh. T.</u>

3           Once again, this information is relevant to establish Plaintiff's claimed damages. In order for a

4   Plaintiff's claim for damages to survive summary judgment, "a copyright plaintiff seeking to recover

5   indirect profits damages under 17 U.S.C. § 504(b) must proffer some evidence to create an issue

6   regarding whether the infringement at least partially caused the profits that the infringer generated as

7   the result of the infringement." *Mackie v. Rieser*, 296 F. 3d 909, 911 (9th Cir. 2002). The Circuit

8   Courts differ on the exact nexus that must exist, but the Second Circuit has addressed the issue of

9   payment relating to individuals who may or may have not been involved in infringing work. In *MCA*

10  *Inc. v. Wilson,* The Second Circuit reasoned that an individual defendant's salary which is not

11  contingent upon or fixed by the profits of an infringing work, is not recoverable. *MCA Inc.* v. Wilson,

12  677 F. 2d 180, 186 (2nd Cir. 1981).

13          Though Plaintiff in this case is also seeking salary information from individual Defendants,

14  *MCA Inc.* is distinguishable. The Defendant in that case whose salary was not deemed recoverable,

15  was merely the President of the Defendant organization, and was merely in charge of the premises. *Id.*

16  He wasn't directly involved in the infringing acts. In this case, the writers whom which Plaintiff is

17  seeking salary information from include those writers whom Plaintiff is alleging submitted his

18  copyrighted jokes to Defendant, Conaco, LLC. They were directly involved in the alleged infringing

19  acts.  Defendants Sweeney, O'Brien and Ross are all paid to be "funny" and were directly involved

20  with the jokes at issue.  Mr. Sweeney is the head writer, Mr. O'Brien said the joke on air and Mr. Ross

21  is the Producer. Because the writers include those who were directly involved in the allegedly

22  infringing acts, there is a sufficient nexus between their salaries/payments received from Defendants

23  and the infringing acts themselves.

24                      **4. RFP'S 6, 7, and 8 TO CONACO, LLC**

25          Each of these RFPs seek documents, including any and all emails, involving Josh Comers,

26  Brian Kiley, and Rob Kutner, respectively, regarding any and all jokes they submitted to Defendant

27  Conaco for use on the Conan show in the last three years. <u>Exh. M</u>. Defendant responds that it will

28

1    produce relevant and non-privileged documents concerning the three individuals and the jokes at issue

2    within thirty (30) days after entry of a protective order. Exh. T.

3          This issue here is whether or not other jokes submitted by the three individuals above are

4    relevant to Plaintiff's claim for copyright infringement. Plaintiff believes that jokes other than those

5    alleged in the Complaint, or the "jokes at issue," are relevant because they relate to the element of

6    "access." These jokes are relevant because any link or similarity between them and any of Plaintiff's

7    jokes would tend to establish that Defendants had access to Plaintiff's jokes.  Defendants have already

8    stated they would consider responding if the question is re-written and narrowed, however, Plaintiff

9    requests guidance from the Court on how to narrow the request or if it is even necessary.

10         **B. INTERROGATORIES TO ALL DEFEDANTS**

11         Parties to a lawsuit may serve interrogatories seeking information regarding any matter that can

12   be inquired into under Rule 26(b)(1).  Fed. R. Civ. P. 33(a)(2).  Rule 26 allows parties to obtain

13   "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."

14   Fed. R. Civ. P. 26(b).  Responses must by consistent with the underlying purpose of interrogatories,

15   which is to secure admissions, narrow the issues in a case, and obtain a party's contentions.  See Life

16   Music, Inc. v. Broadcast Music, Inc., 41 F.R.D. 16 (S.D.N.Y. 1966).  A party may move to compel

17   further responses to interrogatories if the initial responses were incomplete or evasive.  Fed. R. Civ. P.

18   37(a)(4).

19         In this case, Plaintiff served a set of identical ROGS on each of the named Defendants named

20   in the Complaint.

21         **1. ROG NOs. 1, 2, and 3 TO ALL DEFENDANTS**

22         Plaintiff served these same ROGS on each of the named Defendants, and they each relate to

23   annual gross revenues. ROG NO. 1 asks Defendants to "IDENTIFY YOUR annual gross revenues in

24   2015. Exhs. G-L. ROG NO. 2 asks Defendants to "IDENTIFY ALL WITNESSES and PERSONS who

25   calculate and/or determine YOUR annual gross revenues in 2015. Exhs. G-L. ROG NO. 3 asks

26   Defendants to "IDENTIFY ALL DOCUMENTS that RELATE TO YOUR annual gross revenues in

27   2015." Exhs. G-L. However, Defendants object to each of these ROGs on the basis of relevance. Exhs.

28   N-S.

JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE

As discussed in the RFPs section above, Defendants' annual gross revenues are relevant to establish Plaintiff's claimed damages. For this reason, and those previously asserted in RFP NO. 3, specifically, Defendants should be ordered to respond to each of the three ROGs.

### 2. ROG NOs. 4 and 5 TO CONACO, LLC

ROG NO. 4 asks Defendants to "IDENTIFY the names of all persons on YOUR writing staff including any and writing staff interns within the last five years." Exhs. G-L. ROG NO. 5 then follows up on ROG NO. 4 by asking for the gross revenue or annual salary of each person listed in ROG NO. 4 in 2015. Exhs. G-L.

However, Defendants once again attempt to limit their response to members of Defendants' staff who wrote, created, and/or edited the jokes at issue. The response to ROG NO. 4 lists Josh Comers, Rob Kutner, Brian Kiley, and Mike Sweeney as those who were involved with the jokes at issue. Exhs. N-S. Defendants then objected to ROG NO. 5 for, among other reasons, relevancy. Exhs. N-S. As discussed in the "Background" section above, attempts to expand discovery beyond the "jokes at issue" proved futile to Plaintiff's counsel.

For ROG NO. 4, the names of writers other than the four writers involved in the "jokes at issue" are relevant. They go to the element of access. There may be other writers working for Conaco who may have been in contact with Plaintiff at some point in time in the past. Furthermore, there may be other writers who follow Plaintiff's twitter account and may have obtained the "jokes at issue" themselves and relayed them to the individuals listed as being involved in the "jokes at issue."

For ROG NO. 5, the salaries of all writers are relevant for the reasons set forth above, in RFP NO. 5.

### 3. ROG NO. 7 TO CONACO, LLC

ROG NO. 7 asks Defendants to "IDENTIFY the names of all persons on YOUR writing staff including any and writing staff interns who have submitted material or jokes for YOUR "CONAN" show monologue in the last three years." Exhs. G-L. This interrogatory is really just a narrower question than ROG NO. 4, which seeks the names of all persons on Defendants' writing staff including writing staff interns within the last five years. However, once again, Defendants attempt to limit their responses to just those individuals who were involved with the "jokes at issue." Exhs. N-S.

The identity of ALL individuals, in addition to those involved with the "jokes at issue," is relevant for purposes of proving the element of "access." For the same reasons set forth in ROG NO. 4, Defendants should be ordered to serve a proper response that is not limited to the "jokes at issue."

## III.   CONCLUSION

Based on the foregoing, Plaintiff respectfully request that the Court compel Defendants to supplement their responses to RFP Nos. 3-8 to Conaco, LLC as well as ROG Nos. 1-3 to all Defendants, and ROG 1-5 and 7 to Conaco, LLC to resolve the specific issues identified herein. Plaintiff agreed to limit the financial request to revenues and salaries derived from the "Conan" show yet Defendant refused.  Defendant requested that Plaintiff limit and narrow Conaco ROGs 4,5, and 7, yet Plaintiff needs the Court's guidance on what if any limitation would be sufficient so that Defendant's will answer.   Plaintiff went to great oral and written lengths to resolve the matter informally, but unfortunately now requires the assistance of the Court.   Plaintiff could  re-send new requests to limit the scope, wait an additional 30 days and have Defendant's object again only to have us in the same situation we are in today.  For sake of efficiency we request the Judge resolve this issue now.

**<u>DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES</u>**

Date:  _____                    By:_____
                                                          JAYSON M. LORENZO
                                                          Attorney for Plaintiff
                                                          ROBERT ALEXANDER KASEBERG

1

2   Date: _____                    By:_____
                                              ERICA J. VAN LOON
3                                             NICHOLAS E. HUSKINS
                                              Attorneys for Defendants
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Jayson M. Lorenzo, Esq. SBN 216973
jmlorenzo.esq@gmail.com
Attorney at Law
2794 Gateway Road, Suite 116
Carlsbad, CA 92009
Tel. (760) 517-6646
Fax (760) 520-7900

Attorney for Plaintiff
ROBERT ALEXANDER KASEBERG

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

ROBERT ALEXANDER KASEBERG,

       Plaintiff,

    vs.

CONACO, LLC; TURNER BROADCASTING
SYSTEM; TIME WARNER, INC.; CONAN
O'BRIEN; JEFF ROSS; MIKE SWEENEY;
DOES 1 – 10, inclusive,

       Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 15-CV-01637-JLS-DHB

**DECLARATION OF JAYSON M. LORENZO**

Judge:  Hon. David H. Bartick

_____

I, JAYSON M. LORENZO declare and state as follows:

1.      I am an attorney at law duly licensed to practice before all courts of the and am the attorneys of record herein for Plaintiff ROBERT ALEXANDER KASEBERG.  I make this declaration in support of Plaintiffs' position in the Joint Motion for Determination of Discovery Dispute. The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

2.      On May 18, 2016, I met and conferred with Defendant's counsel, Nick Huskins, pursuant to Civil Local Rule 26.1.a. During the meet and confer, we discussed both Plaintiff's responses to discovery as well as Defendant's responses to discovery.

1    3.    I discussed with Defendant's counsel his objections that the discovery should be limited

2  to the "jokes at issue" and explained to him that I did not think discovery could be limited to the "jokes

3  at issue".   Many of his objections dealt with limiting his client's responses to those involved with the

4  "jokes at issue".   I explained to him that his client was asking Plaintiff to produce information

5  unrelated to the jokes at issues in their requests.   I stated that if his client didn't have to produce the

6  documents unrelated to the jokes at issue, then I explained to Mr. Huskins then my client shouldn't

7  have to produce information that didn't relate to the jokes at issue either.   I didn't think it was fair nor

8  did it make any sense.   We agreed that discovery is either limited to jokes at issue or they are not.   He

9  stated he understood my point and that he agreed in principle with my position that the jokes shouldn't

10  be limited to the jokes at issue and that he would talk to Ms. Erica Van Loon about the matter.   We

11  specifically discussed the production of all email submissions by Mr. Comers, Mr. Kiley and Mr.

12  Kutner.   We had also discussed the depositions of Mr. Kiley and Mr. Kutner and that I needed these

13  before their depositions.   The deposition were tentatively set for June 24 or July 1.   He stated he could

14  have the documents produced before their depositions if we agreed in principle on the nature of the

15  protective order.   We agreed that we would adopt the language of the protective order except for

16  information related to financial information.   After the call, I understood that we would both be

17  producing information even though they did not relate to the "jokes at issue."

18    4.    We also discussed the financial information that I was requesting and I explained the

19  Copyright Act stated that in establishing the infringer's profits, the copyright owner is required to

20  present proof only of the infringer's gross revenue, and the infringer is required to prove his or her

21  deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

22  He stated he understood my position but that there is no relation between 4 jokes on a monologue and

23  the gross revenues of his clients or how that can even be determined.   I suggested to Mr. Huskins that I

24  would be agreeable to getting Judge Bartick involved so we could have an informal discussion with the

25  Judge as to the to avoid unnecessary paperwork.   The idea was to save the parties time and money to

26  get a general sense on the Judge's impression on the issue which could go a long way in informally

27  resolving the matter.   Mr. Huskins stated he would bring up the matter with Ms. Van Loon, but seemed

28  receptive to the idea.

5.     Mr. Huskins stated he would send a confirming email recapping our conversation.  He sent an email to me on May 19, 2016.  See Exhibit A.

6.     In the email Mr. Huskins changed his position and stated that  he did not believe "Requests Nos. 4 and 7, and RFP Nos. 6-8, are relevant without limitation.  Specifically we do not see how jokes unrelated to the jokes at issue are relevant, nor how the identification of Conaco staff who had no involvement with the jokes at issue are relevant.  We will consider a narrowed re-draft of these requests, to the extent they are relevant to claims or defense at issue in this case."  In essence he stated that Plaintiff should re-draft the request to narrow the question.

7.     With respect to the financial information Mr. Huskins stated "We discussed the relevance of the financial information requested by Plaintiff, and were unable to reach a resolution.  You indicated you would move to compel Interrogatory responses and the production of documents related to Defendants' financial information.  Regarding your suggestion that we settle the matter informally with the assistance of Judge Bartick,  we are not opposed so long as we have the opportunity to apprise Judge Bartick in writing of the relevant case law.  We note that our dispute concerning the designation of financial documents as AEO might also be a matter that can be settled informally with Judge Bartick, if he is so inclined to speak with us without a formal motion.  We are amenable to mutually calling Judge Bartick's clerk with you to see if he would be amenable to a telephone conference to try to resolve these disputes without the need for motion practice.  I am available to discuss this further this afternoon, prior to our mutually contacting Judge Bartick's clerk."

6.     On May 23, 2016, I sent an email response to Mr. Huskins.  See Exhibit B.

7.     In my email I stated  "With respect to 10-13 we discussed whether the discovery was going to be limited to the "jokes at issue".  I don't believe it should be limited to the jokes at issue.  If it wasn't limited to the "jokes at issue" we were both going to agree to produce information.  I would agree to produce the information but because of your objection to our RFP 6-8 I do not think it is appropriate for my client to provide this information.  My understanding was that we would mutually not withhold information but you need to confirm that with Erica.  You stated you understood my

1    position.  You would agree to produce RFP 6-8 information before Kiley, Kutner and Comers depos

2    and I would agree to responde to your rogs 10-13 subject to the protective order."

3         8.      I confirmed his position was a departure from what we discussed on the phone.

4         9.      I also wrote with respect to his clients RFP 6-8. "So with RFP No. 2, you believe any

5    and all correspondence with third parties related to Defendants whether they involve the Jokes at issue

6    should be produced?  RFP 41, I will have my client produce what he has related to jokes at issue.

7    However, I do not agree that Plaintiff's Interrogatory Request 4 and 7 should not be produced by your

8    client.  Also I do not agree that RFP 6-8 should not be produced by your client.  Please confirm that

9    you will not respond to Interrogatory 4 and 7 and also not produce documents for RFP 6-8...  If you are

10   not producing RFP 6-8 I may need to push Kiley and Kutner's depos."

11        10.     With respect to the financial information and a call with Judge Bartick, my position was

12   that if we were going to brief the issue we might as well file a formal motion.  My thought was that we

13   would have a discussion with Judge Bartick first without any formal briefing and that if we were going

14   to brief the issues the work would be duplicative.

15        11.      The next day on May 24, I asked Mr. Huskins if he had any case law related to the

16   financial information that I could read.  I thought it was best to continue to meet and confer rather than

17   to rush to file a motion.  If there was merit to his position I would reconsider my position.  See Exhibit

18   C.

19        12.     On May 31, 2016, I received an email from Mr. Huskins where he provided me with

20   some case law supporting his position.  See Exhibit D.

21        13.     On May 31, 2016, I responded to Mr. Huskins.  See Exhibit E.  After reading his case

22   law I offered to limit the scope of the financial request to 2015 only and only to revenue related to the

23   "Conan" show.  I wrote "Just to be clear, as I mentioned to you, all the writers for your client's show

24   are relevant because my client may know other writers who he either follow my client or my client

25   may follow them.  This goes to the issue of access.  Further, you have requested all materials and jokes

26   that my client has written unrelated to the jokes at issue but at the same time you don't agree all jokes

27   submitted by Comers, Kiley and Kutner are relevant.  Again, jokes submitted even if they aren't the

28   jokes at issue are relevant to access.  If you are not going to be providing any information related to

DECLARATION OF JAYSON M. LORENZO

RFP Nos. 6-8 then I will need to postpone Kiley and Kutner's deposition until this is sorted out.  With regards to the financial information.  I reviewed your case law.  I am happy to limit the gross revenue information for TBS, Conanco, Time Warner, Conan O'Brien, Mike Sweeney and Jeff Ross related only to the "Conan" Show.  Please provide me with gross reveune and/or salary/bonuses you clients received related only to the "Conan" Show in 2015.  With respect to the writers, I believe we are entitled to what the writers who allegedly wrote the jokes at issue made as well as what other writers on the staff made.  This is relevant to establish my client's actual damages or the fair value of what writers are being paid.  I believe we are entitled to what Mr. Comers, Mr. Kiley and what Mr. Kutner make as they are allegedly the writers of the jokes at issue.  With respect to the other writers on the show, we do not need to know what each writer made, a list of their salaries or what they make from the Conan show should suffice with names redacted.  Again, this is relevant to establish what writers for Conan are being paid per year."

11.    On June 1, 2016, I received and email response from Mr. Huskins.  See Exhibit F  In his email he stated, "we cannot agree to your proposed limitation concerning financial information. To reiterate, there is no connection between the Conan show's revenue generated in 2015 or the annual salary and bonuses of the writers of the show, and the use of a single joke in the show's monologue. Nor is there a practical way to extrapolate the value of a single joke from that information."

12.    Attached hereto as Exhibit G is a true and correct copy of Plaintiffs Interrogatories to Defendant Mike Sweeney (SET ONE).

13.    Attached hereto as Exhibit H is a true and correct copy of Plaintiffs Interrogatories to Defendant Conan O'Brien (SET ONE).

14.    Attached hereto as Exhibit I is a true and correct copy of Plaintiffs Interrogatories to Defendant Jeffrey Ross (SET ONE).

15.    Attached hereto as Exhibit J is a true and correct copy of Plaintiffs Interrogatories to Defendant Conaco, LLC (SET ONE).

16.    Attached hereto as Exhibit K is a true and correct copy of Plaintiffs Interrogatories to Defendant Turner Broadcasting System (SET ONE).

17. Attached hereto as Exhibit L is a true and correct copy of Plaintiffs Interrogatories to Defendant Time Warner, Inc (SET ONE).

18. Attached hereto as Exhibit M is a true and correct copy of Plaintiffs Request for Production of Documents to Conaco, LLC (Set One).

19. Attached hereto as Exhibit N is a true and correct copy of Defendant's Response to Plaintiffs Interrogatories to Defendant Mike Sweeney (SET ONE).

20. Attached hereto as Exhibit O is a true and correct copy of Defendant's Response to Plaintiffs Interrogatories to Defendant Conan O'Brien (SET ONE).

21. Attached hereto as Exhibit P is a true and correct copy of Defendant's Response to Plaintiffs Interrogatories to Defendant Jeffrey Ross (SET ONE).

22. Attached hereto as Exhibit Q is a true and correct copy of Defendant's Response to Plaintiffs Interrogatories to Defendant Conaco, LLC (SET ONE).

23. Attached hereto as Exhibit R is a true and correct copy of Defendant's Response to Plaintiff's Interrogatories to Defendant Turner Broadcasting System (SET ONE).

24. Attached hereto as Exhibit S is a true and correct copy of Defendant's Response to Plaintiffs Interrogatories to Defendant Time Warner, Inc (SET ONE).

25. Attached hereto as Exhibit T is a true and correct copy of Defendant's Respones to Plaintiffs Request for Production of Documents to Conaco, LLC (Set One).

26. Attached hereto as Exhibit U is a true and correct copy of Plaintiff's letter to Defendant's counsel dated May 13, 2016.

I declare under penalty of perjury that the foregoing is true and correct.

Date:   06.02.2016                                      By:/s/ Jayson M. Lorenzo_____
                                                            JAYSON M. LORENZO
                                                            Attorney for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

 **Gmail**

**Jayson Lorenzo <jmlorenzo.esq@gmail.com>**

# Kaseberg v. Conaco, et al.

**Nick Huskins** <nhuskins@glaserweil.com>  Thu, May 19, 2016 at 1:13 PM
To: Jayson Lorenzo <jmlorenzo.esq@gmail.com>
Cc: Erica Van Loon <evanloon@glaserweil.com>

Jayson,

As discussed on our call yesterday afternoon, below is the understanding reached between the parties with respect to the outstanding discovery issues:

### Depositions

• We can make Mike Sweeney available for deposition on June 17 in Irvine, as you suggested. Let us know if this date works and the location of the deposition. Also, let us know if June 24 works for the depositions of Kiley and Kutner in Irvine. We would like to lock these dates in with the witnesses so please confirm the dates with us this week.

• We will get back to you with dates for the additional deponents you requested.

### Protective Order

• We agreed to all terms of the proposed protective order except the designation of non-public financial documents as AEO. The parties will move forward with discovery obligations subject to our mutual understanding of the agreed-upon terms of the protective order, i.e. the production of documents designated as "confidential" and the treatment of trade secret information as "Attorneys Eyes Only." As to our dispute regarding the designation of non-public financial documents, Defendants will proceed with filing a motion with the Court if this issue cannot be resolved informally with Judge Bartick.

### Defendants' Discovery Requests

#### Interrogatories

• You agreed to supplement responses to Conaco's Interrogatory Nos. 1-4, 7-8, 10-13, and 15-16.

   o With respect to Interrogatory No. 1, you represented that Plaintiff will supplement to provide information sufficient to show the date, time, and forum in which the jokes at issue were published.

   o With respect to Interrogatory No. 3, you represented Plaintiff will supplement with the date of creation, and any other responsive information not included in Plaintiff's initial response.

   o With respect to Interrogatory No. 6, you represented this is a complete response.

   o With respect to Interrogatory Nos. 2, 4, 7-8, and 15-16, you represented that Plaintiff will supplement with a complete, narrative response.

   o With respect to Interrogatory Nos. 10-13, the parties agree to treat any information provided in

response as subject to the confidentiality terms of the proposed protective order. You represented that Plaintiff will supplement his response to these Interrogatories subject to that understanding.


**Requests for Production**

• You represented Plaintiff is not withholding any documents on the basis of his objections.

• We discussed Plaintiff's limiting response with respect to RFPs No. 2 and 41. You raised the issue that Defendants' similarly limited their response to Plaintiff's RFP Nos. 6-8. We discussed mutually resolving whether or not we can agree that the aforementioned requests can be uniformly limited, or in the alternative, the limitation can be removed from both our responses. Subsequent to our phone conversation, you emailed to raise the same issue with our response to Interrogatories No. 4 and 7, and contended that you believe that information is relevant without any limitation.

  o  Upon review, we are willing to agree to the limitation as to our RFP No. 41, but believe RFP No. 2 is properly limited in scope and relevant. We disagree that Plaintiff's Interrogatory Requests Nos. 4 and 7, and RFP Nos. 6-8, are relevant without limitation. Specifically we do not see how jokes unrelated to the jokes at issue are relevant, nor how the identification of Conaco staff who had no involvement with the jokes at issue are relevant. We will consider a narrowed re-draft of these requests, to the extent they are relevant to claims or defense at issue in this case. Short of that, we cannot agree to removing the limitation.


**Requests for Admission**

• You represented Plaintiff will supplement all responses to clarify whether any denial is made on the basis of an asserted objection, or as to the substance of the Request. For any denial based on an objection, you agreed the response will specify the particular objection that serves as the basis for the denial.

  o  With respect to RFA Nos. 2-5, you represented that Plaintiff will supplement his responses subject to an understanding that "identical" means word-for-word copy.

  o  With respect to RFA Nos. 6-7, you represented that Plaintiff will supplement his responses to be consistent with Plaintiff's Interrogatory responses.

  o  With respect to RFA No. 8, you represented that Plaintiff will supplement his response with the understanding that the word "standard" be removed from the request.

  o  With respect to RFA No. 9, you represented that Plaintiff will supplement his response with the understanding that the request seeks an admission as to your client's awareness as of today, not prior to publication of the jokes at issue.


**Deadline for Supplemental Responses**

• No deadline to provide supplemental responses was discussed on the call. In the interest of preventing any further delay, please confirm your client  will provide supplemental responses by May 26. We would prefer to resolve any discovery issues without involvement from the Court, but must be prepared to move in the event any supplemental responses are provided any later, or are otherwise unsatisfactory.


**Plaintiff's Discovery Requests/Informal Conference with the Judge Bartick**

• We discussed the relevance of the financial information requested by Plaintiff, and were unable to reach a resolution. You indicated you would move to compel Interrogatory responses and the production of documents related to Defendants' financial information. Regarding your suggestion that we settle the matter informally with

the assistance of Judge Bartick,  we are not opposed so long as we have the opportunity to apprise Judge Bartick in writing of the relevant case law.  We note that our dispute concerning the designation of financial documents as AEO might also be a matter that can be settled informally with Judge Bartick, if he is so inclined to speak with us without a formal motion.  We are amenable to mutually calling Judge Bartick's clerk with you to see if he would be amenable to a telephone conference to try to resolve these disputes without the need for motion practice.  I am available to discuss this further this afternoon, prior to our mutually contacting Judge Bartick's clerk.


Regards,

Nick


# GlaserWeil

**Nick Huskins | Attorney**

10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067

Main: 310.553.3000 | Direct: 310.282.6264 | Fax: 310.785.3564

E-Mail: nhuskins@glaserweil.com | www.glaserweil.com



This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B



**Jayson Lorenzo <jmlorenzo.esq@gmail.com>**

---

# Kaseberg v. Conaco, et al.

**Jayson Lorenzo** <jmlorenzo.esq@gmail.com>                                    Mon, May 23, 2016 at 3:38 PM
To: Nick Huskins <nhuskins@glaserweil.com>, Erica Van Loon <evanloon@glaserweil.com>
Cc: Lorie Mallari <lorie@jlorenzolaw.com>

Nick,

See my responses in red below.

> On Thu, May 19, 2016 at 1:13 PM, Nick Huskins <nhuskins@glaserweil.com> wrote:
>
> Jayson,
>
>
> As discussed on our call yesterday afternoon, below is the understanding reached between the parties with respect to the outstanding discovery issues:
>
>
> **Depositions**
>
> • We can make Mike Sweeney available for deposition on June 17 in Irvine, as you suggested. Let us know if this date works and the location of the deposition. Also, let us know if June 24 works for the depositions of Kiley and Kutner in Irvine. We would like to lock these dates in with the witnesses so please confirm the dates with us this week

I will confirm the dates and location of the 17 and 24 by the end of the week. I may need to take Sweeney on the 24 and Kiley and Kutner on July 1st. I still need to clear my calendar. Also see my comments related to RFP 6-8 below as it also may affect if I take Kiley and Kutner.

> • We will get back to you with dates for the additional deponents you requested.

Please get me dates by the end of next week. I want to take Weisberg and Comers next then Conan and Ross. I also need to take a PMK for Time Warner and TBS on financial information as a heads up.

> **Protective Order**
>
> • We agreed to all terms of the proposed protective order except the designation of non-public financial documents as AEO. The parties will move forward with discovery obligations subject to our mutual understanding of the agreed-upon terms of the protective order, i.e. the production of documents designated as "confidential" and the treatment of trade secret information as "Attorneys Eyes Only." As to our dispute regarding the designation of non-public financial documents, Defendants will proceed with filing a motion with the Court if this issue cannot be resolved informally with Judge Bartick.

Agreed, however the issue of non-public financial documents is still in dispute. It is my understanding that you are taking the position that you will not produce any financial information. Can you confirm this? If so, I will just go ahead and file a motion to compel on that issue.

> **Defendants' Discovery Requests**

**Interrogatories**

- You agreed to supplement responses to Conaco's Interrogatory Nos. 1-4, 7-8, 10-13, and 15-16.

I agreed that I will speak to my client and to the extent he can provide additional information the responses will be supplemented.

> o With respect to Interrogatory No. 1, you represented that Plaintiff will supplement to provide information sufficient to show the date, time, and forum in which the jokes at issue were published.

I agreed that I will speak to my client and to the extent he can provide additional information the responses will be supplemented.

> o With respect to Interrogatory No. 3, you represented Plaintiff will supplement with the date of creation, and any other responsive information not included in Plaintiff's initial response.

I agreed that I will speak to my client and to the extent he can provide additional information the responses will be supplemented.

> o With respect to Interrogatory No. 6, you represented this is a complete response.

Agree.

> o With respect to Interrogatory Nos. 2, 4, 7-8, and 15-16, you represented that Plaintiff will supplement with a complete, narrative response.

I will speak to my client and see if he has additional information for which he can supplement. I did not agree to a narrative response.

> o With respect to Interrogatory Nos. 10-13, the parties agree to treat any information provided in response as subject to the confidentiality terms of the proposed protective order. You represented that Plaintiff will supplement his response to these Interrogatories subject to that understanding.

With respect to 10-13 we discussed whether the discovery was going to be limited to the "jokes at issue". I don't believe it should be limited to the jokes at issue. If it wasn't limited to the "jokes at issue" we were both going to agree to produce information. I would agree to produce the information but because of your objection to our RFP 6-8 I do not think it is appropriate for my client to provide this information. My understanding was that we would mutually not withhold information but you need to confirm that with Erica. You stated you understood my position. You would agree to produce RFP 6-8 information before Kiley, Kutner and Comers depos and I would agree to responde to your rogs 10-13 subject to the projective order.

**Requests for Production**

- You represented Plaintiff is not withholding any documents on the basis of his objections.

Agree.

- We discussed Plaintiff's limiting response with respect to RFPs No. 2 and 41. You raised the issue that Defendants' similarly limited their response to Plaintiff's RFP Nos. 6-8. We discussed mutually resolving whether or not we can agree that the aforementioned requests can be uniformly limited, or in the alternative, the limitation can be removed from both our responses. Subsequent to our phone conversation, you emailed to raise the same issue with our response to Interrogatories No. 4 and 7, and contended that you believe that information is relevant without any limitation.

> o Upon review, we are willing to agree to the limitation as to our RFP No. 41, but believe

RFP No. 2 is properly limited in scope and relevant.  We disagree that Plaintiff's Interrogatory Requests Nos. 4 and 7, and RFP Nos. 6-8, are relevant without limitation.  Specifically we do not see how jokes unrelated to the jokes at issue are relevant, nor how the identification of Conaco staff who had no involvement with the jokes at issue are relevant.  We will consider a narrowed re-draft of these requests, to the extent they are relevant to claims or defense at issue in this case.  Short of that, we cannot agree to removing the limitation.

So with RFP No. 2, you believe any and all correspondence with third parties related to Defendants whether they involve the Jokes at issue should be produced?  RFP 41, I will have my client produce what he has related to jokes at issue.  However, I do not agree that Plaintiff's Interrogatory Request 4 and 7 should not be produced by your client.  Also I do not agree that RFP 6-8 should not be produced by your client.  Please confirm that you will not respond to Interrogatory 4 and 7 and also not produce documents for RFP 6-8.  I will go ahead and file a motion to compel on those requests.

If you are not producing RFP 6-8 I may need to push Kiley and Kutner's depos.

**Requests for Admission**

- You represented Plaintiff will supplement all responses to clarify whether any denial is made on the basis of an asserted objection, or as to the substance of the Request.  For any denial based on an objection, you agreed the response will specify the particular objection that serves as the basis for the denial.

Agree.

       o  With respect to RFA Nos. 2-5, you represented that Plaintiff will supplement his responses subject to an understanding that "identical" means word-for-word copy.

I will speak to my client about whether he will agree to supplement.  The RFA as writen is unclear.  I think in order to clear this up and have a clean record for trial, I you should resend your specific RFA request.

       o  With respect to RFA Nos. 6-7, you represented that Plaintiff will supplement his responses to be consistent with Plaintiff's Interrogatory responses.

Disagree.  I stated that I would speak to my client to discovery of there is any additional information that might requre him to supplement his response.

       o  With respect to RFA No. 8, you represented that Plaintiff will supplement his response with the understanding that the word "standard" be removed from the request.

I will speak to my client about whether he will agree to supplement.  The RFA as writen is unclear.  I think in order to clear this up and have a clean record for trial, I you should resend your specific RFA request.

       o  With respect to RFA No. 9, you represented that Plaintiff will supplement his response with the understanding that the request seeks an admission as to your client's awareness as of today, not prior to publication of the jokes at issue.

Disagree.  I stated that the documents lacked foundation haven't been authenticated and he can't admit to documents he never authored or knows anything about.

**Deadline for Supplemental Responses**

- No deadline to provide supplemental responses was discussed on the call.  In the interest of preventing any further delay, please confirm your client  will provide supplemental responses by May 26.  We would

prefer to resolve any discovery issues without involvement from the Court, but must be prepared to move in the event any supplemental responses are provided any later, or are otherwise unsatisfactory.

I can agree to no later than June 1 for any supplements.

**Plaintiff's Discovery Requests/Informal Conference with the Judge Bartick**

• We discussed the relevance of the financial information requested by Plaintiff, and were unable to reach a resolution.  You indicated you would move to compel Interrogatory responses and the production of documents related to Defendants' financial information.  Regarding your suggestion that we settle the matter informally with the assistance of Judge Bartick,  we are not opposed so long as we have the opportunity to apprise Judge Bartick in writing of the relevant case law.  We note that our dispute concerning the designation of financial documents as AEO might also be a matter that can be settled informally with Judge Bartick, if he is so inclined to speak with us without a formal motion.  We are amenable to mutually calling Judge Bartick's clerk with you to see if he would be amenable to a telephone conference to try to resolve these disputes without the need for motion practice.  I am available to discuss this further this afternoon, prior to our mutually contacting Judge Bartick's clerk.

If we are going to brief the issue, I'd rather just file a formal motion.  The first issue is the relevance of the documents and whether you should produce them to me, as well as the jokes submitted to your client and the names of other writers and what they make.  The AEO issue is only relevant if I am entitled to financial information.

Regards,

Nick

# Glaser Weil

**Nick Huskins** | **Attorney**

10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067

Main: 310.553.3000 | Direct: 310.282.6264 | Fax: 310.785.3564

E-Mail: nhuskins@glaserweil.com | www.glaserweil.com



This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C



Jayson Lorenzo <jmlorenzo.esq@gmail.com>

---

# Kaseberg v. Conaco, LLC - Discovery Meet and Confer

**Jayson Lorenzo** <jmlorenzo.esq@gmail.com>                    Tue, May 24, 2016 at 3:03 PM
To: Nick Huskins <nhuskins@glaserweil.com>

Nick,

Also, I never got a copy of the insurance policy.  Now that we have agreed on the terms of the protective order can you please provide that as well.

Also, before I file a motion to compel, if there is any case law you want me to read why you think you don't have to produce financial information, I'm happy to read it.

Jayson M. Lorenzo, Esq.
L.L.M. with Concentration in Intellectual Property

2794 Gateway Road, Suite 116
Carlsbad, CA 92009
760-517-6646
jmlorenzo.esq@gmail.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT D

 Gmail

**Jayson Lorenzo <jmlorenzo.esq@gmail.com>**

---

## Kaseberg v. Conaco, et al.

**Nick Huskins** <nhuskins@glaserweil.com>                                      Tue, May 31, 2016 at 10:38 AM
To: Jayson Lorenzo <jmlorenzo.esq@gmail.com>, Erica Van Loon <evanloon@glaserweil.com>
Cc: Lorie Mallari <lorie@jlorenzolaw.com>

Jayson,

Thanks for your email.  Mike Sweeney is available for deposition on June 17 or June 24. Let us know if either date works. If not, Mr. Sweeney's next available date for deposition is July 8. Mr. Kiley and Mr. Kutner are available to be deposed on July 15.  That being said, we stand by our objections to Plaintiff's Request for Production Nos. 6-8.  If this impacts your deposition schedule, let us know.  I am working on getting availability for the rest of the deponents, and should have dates for you by the end of the week.

To be clear, we will not be producing revenue information for TBS, Time Warner, and Conaco, or salary information for the individual writers, as they are in no way relevant to a potential damages calculation by your client.  Per your request, we've attached some supporting case law.  Also, we cannot agree to a June 1 deadline for your client to supplement his deficient discovery responses.  Accordingly, Defendants will move forward with a motion to compel regarding your client's deficient discovery responses.

As to the protective order, we agree that filing a formal motion is best and we will do so.

We are also attaching a copy of Conaco's insurance policy, as requested.  Please note that this document is designated "Confidential" and thus, should be treated pursuant to the draft protective order's terms concerning confidential documents.

Regards,

Nick

**From:** Jayson Lorenzo [mailto:jmlorenzo.esq@gmail.com]
**Sent:** Monday, May 23, 2016 3:38 PM
**To:** Nick Huskins; Erica Van Loon
**Cc:** Lorie Mallari
**Subject:** Kaseberg v. Conaco, et al.

Nick,

[Quoted text hidden]

**4 attachments**

 **MCA Inc v Wilson.doc**
141K

 **Mackie v Rieser.doc**
95K

**On Davis v The Gap Inc.doc**
237K

**CONACO_000045-CONACO_000064.pdf**
1366K

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT E

 Gmail

**Jayson Lorenzo <jmlorenzo.esq@gmail.com>**

# Kaseberg v. Conaco, et al.

**Jayson Lorenzo** <jmlorenzo.esq@gmail.com>                                    Tue, May 31, 2016 at 4:53 PM
To: Nick Huskins <nhuskins@glaserweil.com>
Cc: Erica Van Loon <evanloon@glaserweil.com>, Lorie Mallari <lorie@jlorenzolaw.com>
Bcc: Ryan Altomare <rjaltomare15@gmail.com>

Nick,

Thanks for you email. I'm confirming the availability of a conference room for Mr. Sweeney's deposition so either the 17th or 24th will work. Let me just confirm with our court reporter but please hold those two dates. With regards to RFPs 6-8 can you clarify what you mean? I'm a little confused. Is it your position you will provide the documents after a protective order is in place or is it your position that you will only provide documents related to the "jokes at issue"? In your email you stated "We disagree that Plaintiff's Interrogatory Requests Nos. 4 and 7, and RFP Nos. 6-8, are relevant without limitation. Specifically we do not see how jokes unrelated to the jokes at issue are relevant, nor how the identification of Conaco staff who had no involvement with the jokes at issue are relevant." My understanding is that you believe that documents related to the "jokes at issue" and people associated with the jokes at issue are the only information that is relevant.

Just to be clear, as I mentioned to you, all the writers for your client's show are relevant because my client may know other writers who he either follow my client or my client may follow them. This goes to the issue of access. Further, you have requested all materials and jokes that my client has written unrelated to the jokes at issue but at the same time you don't agree all jokes submitted by Comers, Kiley and Kutner are relevant. Again, jokes submitted even if they aren't the jokes at issue are relevant to access. If you are not going to be providing any information related to RFP Nos. 6-8 then I will need to postpone Kiley and Kutner's deposition until this is sorted out.

With regards to the financial information. I reviewed your case law. I am happy to limit the gross revenue information for TBS, Conanco, Time Warner, Conan O'Brien, Mike Sweeney and Jeff Ross related only to the "Conan" Show. Please provide me with gross reveune and/or salary/bonuses you clients received related only to the "Conan" Show in 2015. With respect to the writers, I believe we are entitled to what the writers who allegedly wrote the jokes at issue made as well as what other writers on the staff made. This is relevant to establish my client's actual damages or the fair value of what writers are being paid. I believe we are entitled to what Mr. Comers, Mr. Kiley and what Mr. Kutner make as they are allegedly the writers of the jokes at issue. With respect to the other writers on the show, we do not need to know what each writer made, a list of their salaries or what they make from Conan show should suffice with names redacted. Again, this is relevant to establish what writers for Conan are being paid per year.

As promised I will have you supplemental responses to your office by tomorrow.

Jayson M. Lorenzo, Esq.
L.L.M. with Concentration in Intellectual Property

2794 Gateway Road, Suite 116
Carlsbad, CA 92009
760-517-6646
jmlorenzo.esq@gmail.com

[Quoted text hidden]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT F

DECLARATION OF JAYSON M. LORENZO

 **Gmail**

Jayson Lorenzo <jmlorenzo.esq@gmail.com>

## Kaseberg v. Conaco, et al.

**Nick Huskins** <nhuskins@glaserweil.com>　　　　　　　　　Wed, Jun 1, 2016 at 8:29 PM
To: Jayson Lorenzo <jmlorenzo.esq@gmail.com>, Erica Van Loon <evanloon@glaserweil.com>, Lorie Mallari <lorie.mallari@gmail.com>

Jayson,

Yes, we will produce documents responsive to your RFPs to Conaco on or before June 20, 2016, as agreed during our meet and confer.  The production will be subject to our objections.

In response to your email from yesterday, yes, it is our position that with respect to Plaintiff's Interrogatory Nos. 4-7 and RFPs to Conaco Nos. 6-8, relevant information responsive to those requests is limited to the jokes at issue and those associated with the jokes at issue.  We understand your position, but our position has not changed.  If you intend on postponing Mr. Kiley and Mr. Kutner's deposition, please propose anticipated dates so we can communicate them to our client and check availability.

Also, we cannot agree to your proposed limitation concerning financial information.  To reiterate, there is no connection between the Conan show's revenue generated in 2015 or the annual salary and bonuses of the writers of the show, and the use of a single joke in the show's monologue.   Nor is there a practical way to extrapolate the value of a single joke from that information.

Regards,

Nick

**From:** Jayson Lorenzo [mailto:jmlorenzo.esq@gmail.com]
**Sent:** Wednesday, June 1, 2016 6:37 PM
**To:** Nick Huskins; Erica Van Loon; Lorie Mallari
**Subject:** Kaseberg v. Conaco, et al.

Nick,

[Quoted text hidden]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT G

Jayson M. Lorenzo, Esq. SBN 216973
Attorney at Law
2794 Gateway Road
Carlsbad, CA 92009
Tel. (760) 517-6646
Fax (760) 520-7900

Attorney for Plaintiff
ROBERT ALEXANDER KASEBERG

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG, | Case No. 15-CV-01637-JLS-DHB |
| Plaintiff, | |
| vs. | **PLAINTIFFS INTEROGGATORIES TO DEFENDANT MIKE SWEENEY  (SET ONE)** |
| MIKE SWEENEY, | |
| Defendant. | |

**PROPOUNDING PARTY:** PLAINTIFF ROBERT ALEXANDER KASEBERG

**RESPONDING PARTY:**   DEFENDANT MIKE SWEENEY

**SET NO.:**                    ONE

PLAINTIFF  ROBERT  ALEXANDER  KASEBERG  ("PLAINTIFF")  propound  the
following Interrogatories on DEFENDANT MIKE SWEENEY ("DEFENDANT").   PLAINTIFF

1

1  requests that the responding party respond in writing, and under oath, to the following

2  interrogatories within 30 days of the service of these requests.

3  <div align="center">**DEFINITIONS**</div>

4      A.    As used herein, the term "DOCUMENT" or "DOCUMENTS" means any written,

5  recorded or graphic matter, however produced or reproduced, or "writing" of any kind, including, but

6  not limited to, correspondence, memoranda, reports, studies, analyses, contracts, agreements, invoices,

7  charts, graphs, indices, data sheets, data processing cards or tapes, notes, work papers, entries, letters,

8  telegrams, forms, advertisements, brochures, circulars, tapes, records, bulletins, papers, books, maps,

9  drawings, accounts, photographs, transcriptions, recordings, magnetic tapes, disks, imprinted cards,

10  minutes and records of meetings, reports, financial statements, (including, but not limited to, income

11  statements, balance sheets, and statements of changes in financial position) financial calculations,

12  estimates, transactional documents, promissory notes, deeds of trust, closing statements, escrow

13  documents, title documents, security agreements, bonds, letters of credit, reports of telephone or oral

14  conversations, appointment books, calendars or diaries, and includes, but is not limited to, the term

15  "writing", including any and all "handwriting, typewriting, printing, photostating, photographing, and

16  every other means of recording upon any tangible thing any form of communication or representation,

17  including letters, words, pictures, sounds, or symbols, or combinations thereof." "DOCUMENT" or

18  "DOCUMENTS" includes all drafts and all finalized and/or executed writings, and includes all

19  electronic recordings of any information whether that information is electronic mail or other form of

20  electronic means of preserving information and/or is stored on a "hard" disk, 5 ¼" or 3 ½" disk, laser

21  disk, magnetic or other tape, personal computer or mainframe computer. If YOU do not have custody

22  or control of the original, the term "DOCUMENT" or "DOCUMENTS" shall also include any carbon

23  or photograph or any other copies, telephone messages, reproductions or facsimiles thereof. If YOU

24  have custody or control of the original and copies, reproduction or facsimiles, the term "DOCUMENT"

25  or "DOCUMENTS" shall mean the original of any copy or reproduction or facsimile that is in any way

26  different from the original.

27      B.    As used herein, "COMPLAINT" refers to the complaint filed by PLAINTIFF in this

28  case.

<div align="center">2</div>

1    C.    As used herein, "DENIAL" refers to denials made in YOUR answer to the

2    COMPLAINT.

3    D.    As used herein, "PLAINTIFF" refers to Plaintiff ROBERT ALEXANDER

4    KASEBERG.

5    E.    As used herein, "DEFENDANT" refers to Defendant MIKE SWEENEY.

6    F.    As used herein, "INCIDENT" refers to the circumstances and events described in

7    PLAINTIFF's Complaint.

8    G.    As used herein, "IDENTIFY ALL WITNESSES" shall mean by name, last known

9    address and last known telephone number.

10   H.    As used herein, the terms "YOU" and "YOUR" refers to DEFENDANT, individually

11   and collectively, and his or her, its or their affiliates and parent company and anyone acting on their,

12   her or its behalf, including, but not limited to, past and present officers, directors, shareholders, agents,

13   employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in

14   their, her or its interest, on their, her or its behalf, or at their, her or its request, and each of them.

15   I.    As used herein, the term "PERSON" includes ANY natural person, firm, association,

16   organization, partnership, business, trust, corporation, limited liability company, joint venture or public

17   entity.

18   J.    As used herein, the terms "RELATE TO," "RELATES TO," "RELATED TO," and/or

19   "RELATING TO" mean discuss, support, refute, reflect, mention, embody, pertain to, involve,

20   comprise, respond to, concern, contain, summarize, memorialize, evidence, refer to, or connect in any

21   way legally, factually or logically with, the matter therein.

22   K.    As used herein, "COMMUNICATION" or "COMMUNICATIONS" include ANY

23   contacts between or among two or more PERSONS, and includes without limitation, written contact by

24   such means as letters, memoranda, telegrams, telexes, electronic mail or any other DOCUMENTS, and

25   oral contact by such means as face-to-face meetings and telephone conversations.

26   L.    As used herein, the term "ANY" as well as "ALL" shall be construed to include "each"

27   and "every" within their meanings.

28

3

1    M.    Whenever used herein, "and" is to be understood to mean "or," and vice versa,

2  whenever such construction results in a broader request for information.

3                                 **INTERROGATORIES**

4  **INTERROGATORY NO. 1.** Please IDENTIFY YOUR annual gross revenues in 2015.

5  **INTERROGATORY NO. 2.**  Please IDENTIFY ALL WITNESSES and PERSONS who calculate

6  and/or determine YOUR annual gross revenues in 2015.

7  **INTERROGATORY NO. 3.**  Please IDENETIFY ALL DOCUMETS that RELATE TO YOUR

8  annual gross revenues in 2015.

9

10

11  Dated: 8/14/2016                              By:

12                                      JAYSON M. LORENZO

                                         Attorney for PLAINTIFF

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT H

Jayson M. Lorenzo, Esq. SBN 216973
Attorney at Law
2794 Gateway Road
Carlsbad, CA 92009
Tel. (760) 517-6646
Fax (760) 520-7900

Attorney for Plaintiff
ROBERT ALEXANDER KASEBERG

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

ROBERT ALEXANDER KASEBERG,

      Plaintiff,

  vs.

CONAN O'BRIEN,

      Defendant.

) Case No. 15-CV-01637-JLS-DHB
)
)
)
)
) **PLAINTIFFS INTEROGGATORIES TO**
) **DEFENDANT CONAN O'BRIEN ( SET ONE)**
)
)
)
)
)
)
)
)
)

**PROPOUNDING PARTY:** PLAINTIFF ROBERT ALEXANDER KASEBERG

**RESPONDING PARTY:**   DEFENDANT CONAN O'BRIEN

**SET NO.:**          ONE

     PLAINTIFF ROBERT ALEXANDER KASEBERG ("PLAINTIFF") propound the following Interrogatories on DEFENDANT CONAN O'BRIEN ("DEFENDANT"). PLAINTIFF

1

1    requests that the responding party respond in writing, and under oath, to the following

2    interrogatories within 30 days of the service of these requests.

3                                      **DEFINITIONS**

4          A.     As used herein, the term "DOCUMENT" or "DOCUMENTS" means any written,

5    recorded or graphic matter, however produced or reproduced, or "writing" of any kind, including, but

6    not limited to, correspondence, memoranda, reports, studies, analyses, contracts, agreements, invoices,

7    charts, graphs, indices, data sheets, data processing cards or tapes, notes, work papers, entries, letters,

8    telegrams, forms, advertisements, brochures, circulars, tapes, records, bulletins, papers, books, maps,

9    drawings, accounts, photographs, transcriptions, recordings, magnetic tapes, disks, imprinted cards,

10   minutes and records of meetings, reports, financial statements, (including, but not limited to, income

11   statements, balance sheets, and statements of changes in financial position) financial calculations,

12   estimates, transactional documents, promissory notes, deeds of trust, closing statements, escrow

13   documents, title documents, security agreements, bonds, letters of credit, reports of telephone or oral

14   conversations, appointment books, calendars or diaries, and includes, but is not limited to, the term

15   "writing", including any and all "handwriting, typewriting, printing, photostating, photographing, and

16   every other means of recording upon any tangible thing any form of communication or representation,

17   including letters, words, pictures, sounds, or symbols, or combinations thereof." "DOCUMENT" or

18   "DOCUMENTS" includes all drafts and all finalized and/or executed writings, and includes all

19   electronic recordings of any information whether that information is electronic mail or other form of

20   electronic means of preserving information and/or is stored on a "hard" disk, 5 ¼" or 3 ½" disk, laser

21   disk, magnetic or other tape, personal computer or mainframe computer. If YOU do not have custody

22   or control of the original, the term "DOCUMENT" or "DOCUMENTS" shall also include any carbon

23   or photograph or any other copies, telephone messages, reproductions or facsimiles thereof. If YOU

24   have custody or control of the original and copies, reproduction or facsimiles, the term "DOCUMENT"

25   or "DOCUMENTS" shall mean the original of any copy or reproduction or facsimile that is in any way

26   different from the original.

27         B.     As used herein, "COMPLAINT" refers to the complaint filed by PLAINTIFF in this

28   case.

                                           2

1      C.     As used herein, "DENIAL" refers to denials made in YOUR answer to the

2  COMPLAINT.

3      D.     As used herein, "PLAINTIFF" refers to Plaintiff ROBERT ALEXANDER

4  KASEBERG.

5      E.     As used herein, "DEFENDANT" refers to Defendant CONAN O'BRIEN.

6      F.     As used herein, "INCIDENT" refers to the circumstances and events described in

7  PLAINTIFF's Complaint.

8      G.     As used herein, "IDENTIFY ALL WITNESSES" shall mean by name, last known

9  address and last known telephone number.

10      H.     As used herein, the terms "YOU" and "YOUR" refers to DEFENDANT, individually

11  and collectively, and his or her, its or their affiliates and parent company and anyone acting on their,

12  her or its behalf, including, but not limited to, past and present officers, directors, shareholders, agents,

13  employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in

14  their, her or its interest, on their, her or its behalf, or at their, her or its request, and each of them.

15      I.     As used herein, the term "PERSON" includes ANY natural person, firm, association,

16  organization, partnership, business, trust, corporation, limited liability company, joint venture or public

17  entity.

18      J.     As used herein, the terms "RELATE TO," "RELATES TO," "RELATED TO," and/or

19  "RELATING TO" mean discuss, support, refute, reflect, mention, embody, pertain to, involve,

20  comprise, respond to, concern, contain, summarize, memorialize, evidence, refer to, or connect in any

21  way legally, factually or logically with, the matter therein.

22      K.     As used herein, "COMMUNICATION" or "COMMUNICATIONS" include ANY

23  contacts between or among two or more PERSONS, and includes without limitation, written contact by

24  such means as letters, memoranda, telegrams, telexes, electronic mail or any other DOCUMENTS, and

25  oral contact by such means as face-to-face meetings and telephone conversations.

26      L.     As used herein, the term "ANY" as well as "ALL" shall be construed to include "each"

27  and "every" within their meanings.

28

PLAINTIFFS INTEROGGATORIES TO DEFENDANT, SET ONE

M.     Whenever used herein, "and" is to be understood to mean "or," and vice versa, whenever such construction results in a broader request for information.

## INTERROGATORIES

**INTERROGATORY NO. 1.** Please IDENTIFY YOUR annual gross revenues in 2015.

**INTERROGATORY NO. 2.**  Please IDENTIFY ALL WITNESSES and PERSONS who calculate and/or determine YOUR annual gross revenues in 2015.

**INTERROGATORY NO. 3.**  Please IDENETIFY ALL DOCUMETS that RELATE TO YOUR annual gross revenues in 2015.

Dated: 3/14/2016                               By: _____

                                              JAYSON M. LORENZO
                                              Attorney for PLAINTIFF

PLAINTIFFS INTEROGGATORIES TO DEFENDANT, SET ONE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT I

Jayson M. Lorenzo, Esq. SBN 216973
Attorney at Law
2794 Gateway Road
Carlsbad, CA 92009
Tel. (760) 517-6646
Fax (760) 520-7900

Attorney for Plaintiff
ROBERT ALEXANDER KASEBERG

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG, | Case No. 15-CV-01637-JLS-DHB |
| Plaintiff, | |
| vs. | **PLAINTIFFS INTEROGGATORIES TO DEFENDANT JEFF ROSS (SET ONE)** |
| JEFF ROSS, | |
| Defendant. | |

**PROPOUNDING PARTY:** PLAINTIFF ROBERT ALEXANDER KASEBERG

**RESPONDING PARTY:**   DEFENDANT JEFF ROSS

**SET NO.:**                    ONE

 PLAINTIFF ROBERT ALEXANDER KASEBERG ("PLAINTIFF") propound the following Interrogatories on DEFENDANT JEFF ROSS ("DEFENDANT"). PLAINTIFF requests

1

1   that the responding party respond in writing, and under oath, to the following interrogatories within

2   30 days of the service of these requests.

3                                      **DEFINITIONS**

4        A.      As used herein, the term "DOCUMENT" or "DOCUMENTS" means any written,

5   recorded or graphic matter, however produced or reproduced, or "writing" of any kind, including, but

6   not limited to, correspondence, memoranda, reports, studies, analyses, contracts, agreements, invoices,

7   charts, graphs, indices, data sheets, data processing cards or tapes, notes, work papers, entries, letters,

8   telegrams, forms, advertisements, brochures, circulars, tapes, records, bulletins, papers, books, maps,

9   drawings, accounts, photographs, transcriptions, recordings, magnetic tapes, disks, imprinted cards,

10  minutes and records of meetings, reports, financial statements, (including, but not limited to, income

11  statements, balance sheets, and statements of changes in financial position) financial calculations,

12  estimates, transactional documents, promissory notes, deeds of trust, closing statements, escrow

13  documents, title documents, security agreements, bonds, letters of credit, reports of telephone or oral

14  conversations, appointment books, calendars or diaries, and includes, but is not limited to, the term

15  "writing", including any and all "handwriting, typewriting, printing, photostating, photographing, and

16  every other means of recording upon any tangible thing any form of communication or representation,

17  including letters, words, pictures, sounds, or symbols, or combinations thereof." "DOCUMENT" or

18  "DOCUMENTS" includes all drafts and all finalized and/or executed writings, and includes all

19  electronic recordings of any information whether that information is electronic mail or other form of

20  electronic means of preserving information and/or is stored on a "hard" disk, 5 ¼" or 3 ½" disk, laser

21  disk, magnetic or other tape, personal computer or mainframe computer. If YOU do not have custody

22  or control of the original, the term "DOCUMENT" or "DOCUMENTS" shall also include any carbon

23  or photograph or any other copies, telephone messages, reproductions or facsimiles thereof. If YOU

24  have custody or control of the original and copies, reproduction or facsimiles, the term "DOCUMENT"

25  or "DOCUMENTS" shall mean the original of any copy or reproduction or facsimile that is in any way

26  different from the original.

27      B.      As used herein, "COMPLAINT" refers to the complaint filed by PLAINTIFF in this

28  case.

1      C.    As used herein, "DENIAL" refers to denials made in YOUR answer to the

2  COMPLAINT.

3      D.    As used herein, "PLAINTIFF" refers to Plaintiff ROBERT ALEXANDER

4  KASEBERG.

5      E.    As used herein, "DEFENDANT" refers to Defendant JEFF ROSS.

6      F.    As used herein, "INCIDENT" refers to the circumstances and events described in

7  PLAINTIFF's Complaint.

8      G.    As used herein, "IDENTIFY ALL WITNESSES" shall mean by name, last known

9  address and last known telephone number.

10     H.    As used herein, the terms "YOU" and "YOUR" refers to DEFENDANT, individually

11  and collectively, and his or her, its or their affiliates and parent company and anyone acting on their,

12  her or its behalf, including, but not limited to, past and present officers, directors, shareholders, agents,

13  employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in

14  their, her or its interest, on their, her or its behalf, or at their, her or its request, and each of them.

15      I.    As used herein, the term "PERSON" includes ANY natural person, firm, association,

16  organization, partnership, business, trust, corporation, limited liability company, joint venture or public

17  entity.

18      J.    As used herein, the terms "RELATE TO," "RELATES TO," "RELATED TO," and/or

19  "RELATING TO" mean discuss, support, refute, reflect, mention, embody, pertain to, involve,

20  comprise, respond to, concern, contain, summarize, memorialize, evidence, refer to, or connect in any

21  way legally, factually or logically with, the matter therein.

22     K.    As used herein, "COMMUNICATION" or "COMMUNICATIONS" include ANY

23  contacts between or among two or more PERSONS, and includes without limitation, written contact by

24  such means as letters, memoranda, telegrams, telexes, electronic mail or any other DOCUMENTS, and

25  oral contact by such means as face-to-face meetings and telephone conversations.

26     L.    As used herein, the term "ANY" as well as "ALL" shall be construed to include "each"

27  and "every" within their meanings.

28

PLAINTIFFS INTEROGGATORIES TO DEFENDANT, SET ONE

1      M.      Whenever used herein, "and" is to be understood to mean "or," and vice versa,

2    whenever such construction results in a broader request for information.

3                                    **INTERROGATORIES**

4    **INTERROGATORY NO. 1.** Please IDENTIFY YOUR annual gross revenues in 2015.

5    **INTERROGATORY NO. 2.**  Please IDENTIFY ALL WITNESSES and PERSONS who calculate

6    and/or determine YOUR annual gross revenues in 2015.

7    **INTERROGATORY NO. 3.**  Please IDENETIFY ALL DOCUMETS that RELATE TO YOUR

8    annual gross revenues in 2015.

9

10

11    Dated:  3/14/2016                                By: _____

12                                                              JAYSON M. LORENZO
                                                                Attorney for PLAINTIFF
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT J

Jayson M. Lorenzo, Esq. SBN 216973
Attorney at Law
2794 Gateway Road
Carlsbad, CA 92009
Tel. (760) 517-6646
Fax (760) 520-7900

Attorney for Plaintiff
ROBERT ALEXANDER KASEBERG

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG,<br><br>                    Plaintiff,<br><br>          vs.<br><br>CONACO, LLC,<br><br>                    Defendant. | Case No. 15-CV-01637-JLS-DHB<br><br>**PLAINTIFFS INTEROGGATORIES TO DEFENDANT CONACO, LLC (SET ONE)** |

**PROPOUNDING PARTY:** PLAINTIFF ROBERT ALEXANDER KASEBERG

**RESPONDING PARTY:**   DEFENDANT CONACO, LLC

**SET NO.:**                    ONE

PLAINTIFF ROBERT ALEXANDER KASEBERG ("PLAINTIFF") propound the following Interrogatories on DEFENDANT CONACO, LLC ("DEFENDANT").   PLAINTIFF

1

1 requests that the responding party respond in writing, and under oath, to the following

2 interrogatories within 30 days of the service of these requests.

3 ## DEFINITIONS

4    A.    As used herein, the term "DOCUMENT" or "DOCUMENTS" means any written,

5 recorded or graphic matter, however produced or reproduced, or "writing" of any kind, including, but

6 not limited to, correspondence, memoranda, reports, studies, analyses, contracts, agreements, invoices,

7 charts, graphs, indices, data sheets, data processing cards or tapes, notes, work papers, entries, letters,

8 telegrams, forms, advertisements, brochures, circulars, tapes, records, bulletins, papers, books, maps,

9 drawings, accounts, photographs, transcriptions, recordings, magnetic tapes, disks, imprinted cards,

10 minutes and records of meetings, reports, financial statements, (including, but not limited to, income

11 statements, balance sheets, and statements of changes in financial position) financial calculations,

12 estimates, transactional documents, promissory notes, deeds of trust, closing statements, escrow

13 documents, title documents, security agreements, bonds, letters of credit, reports of telephone or oral

14 conversations, appointment books, calendars or diaries, and includes, but is not limited to, the term

15 "writing", including any and all "handwriting, typewriting, printing, photostating, photographing, and

16 every other means of recording upon any tangible thing any form of communication or representation,

17 including letters, words, pictures, sounds, or symbols, or combinations thereof." "DOCUMENT" or

18 "DOCUMENTS" includes all drafts and all finalized and/or executed writings, and includes all

19 electronic recordings of any information whether that information is electronic mail or other form of

20 electronic means of preserving information and/or is stored on a "hard" disk, 5 ¼" or 3 ½" disk, laser

21 disk, magnetic or other tape, personal computer or mainframe computer. If YOU do not have custody

22 or control of the original, the term "DOCUMENT" or "DOCUMENTS" shall also include any carbon

23 or photograph or any other copies, telephone messages, reproductions or facsimiles thereof. If YOU

24 have custody or control of the original and copies, reproduction or facsimiles, the term "DOCUMENT"

25 or "DOCUMENTS" shall mean the original of any copy or reproduction or facsimile that is in any way

26 different from the original.

27    B.    As used herein, "COMPLAINT" refers to the complaint filed by PLAINTIFF in this

28 case.

2

1    C.    As used herein, "DENIAL" refers to denials made in YOUR answer to the

2 COMPLAINT.

3    D.    As used herein, "PLAINTIFF" refers to Plaintiff ROBERT ALEXANDER

4 KASEBERG.

5    E.    As used herein, "DEFENDANT" refers to Defendant CONACO, LLC.

6    F.    As used herein, "INCIDENT" refers to the circumstances and events described in

7 PLAINTIFF's Complaint.

8    G.    As used herein, "IDENTIFY ALL WITNESSES" shall mean by name, last known

9 address and last known telephone number.

10    H.    As used herein, the terms "YOU" and "YOUR" refers to DEFENDANT, individually

11 and collectively, and his or her, its or their affiliates and parent company and anyone acting on their,

12 her or its behalf, including, but not limited to, past and present officers, directors, shareholders, agents,

13 employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in

14 their, her or its interest, on their, her or its behalf, or at their, her or its request, and each of them.

15    I.    As used herein, the term "PERSON" includes ANY natural person, firm, association,

16 organization, partnership, business, trust, corporation, limited liability company, joint venture or public

17 entity.

18    J.    As used herein, the terms "RELATE TO," "RELATES TO," "RELATED TO," and/or

19 "RELATING TO" mean discuss, support, refute, reflect, mention, embody, pertain to, involve,

20 comprise, respond to, concern, contain, summarize, memorialize, evidence, refer to, or connect in any

21 way legally, factually or logically with, the matter therein.

22    K.    As used herein, "COMMUNICATION" or "COMMUNICATIONS" include ANY

23 contacts between or among two or more PERSONS, and includes without limitation, written contact by

24 such means as letters, memoranda, telegrams, telexes, electronic mail or any other DOCUMENTS, and

25 oral contact by such means as face-to-face meetings and telephone conversations.

26    L.    As used herein, the term "ANY" as well as "ALL" shall be construed to include "each"

27 and "every" within their meanings.

28

<div align="center">3</div>

1        M.      Whenever used herein, "and" is to be understood to mean "or," and vice versa,

2    whenever such construction results in a broader request for information.

3                                            **INTERROGATORIES**

4    **INTERROGATORY NO. 1.**  Please IDENTIFY YOUR annual gross revenues in 2015.

5    **INTERROGATORY NO. 2.**  Please IDENTIFY ALL WITNESSES and PERSONS who calculate

6    and/or determine YOUR annual gross revenues in 2015.

7    **INTERROGATORY NO. 3.**  Please IDENETIFY ALL DOCUMETS that RELATE TO YOUR

8    annual gross revenues in 2015.

9    **INTERROGATORY NO. 4.**  Please IDENTIFY the names of all persons on YOUR writing staff

10   including any and writing staff interns within the last five years.

11   **INTERROGATORY NO. 5.**   For each person listed in INTERROGATORY NO. 4 please provide

12   the gross revenue or annual salary of each person listed in 2015.

13   **INTERROGATORY NO. 6.**  Please IDENTIFY the person most knowledgeable regarding the

14   writing, submission and use of jokes on YOUR "CONAN" show monologue in 2015.

15   **INTERROGATORY NO. 7.**  Please IDENTIFY the names of all person on YOUR writing staff

16   including any and writing staff interns who have submitted material or jokes for YOUR "CONAN"

17   show monologue in the last three years.

18

19

20   Dated: _8/14/2016_                              By: _____

21                                                         JAYSON M. LORENZO
                                                          Attorney for PLAINTIFF
22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT K

Jayson M. Lorenzo, Esq. SBN 216973
Attorney at Law
2794 Gateway Road
Carlsbad, CA 92009
Tel. (760) 517-6646
Fax (760) 520-7900

Attorney for Plaintiff
ROBERT ALEXANDER KASEBERG

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

ROBERT ALEXANDER KASEBERG,

        Plaintiff,

vs.

TURNER BROADCASTING SYSTEM,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 15-CV-01637-JLS-DHB

**PLAINTIFFS INTEROGGATORIES TO DEFENDANT TURNER BROADCASTING SYSTYEM (SET ONE)**

**PROPOUNDING PARTY:** PLAINTIFF ROBERT ALEXANDER KASEBERG

**RESPONDING PARTY:**    DEFENDANT TURNER BROADCASTING SYSTEM

**SET NO.:**              ONE

      PLAINTIFF ROBERT ALEXANDER KASEBERG ("PLAINTIFF") propound the following Interrogatories on DEFENDANT TURNER BROADCASTING SYSTEM

1

1  ("DEFENDANT").  PLAINTIFF requests that the responding party respond in writing, and under

2  oath, to the following interrogatories within 30 days of the service of these requests.

3  ## DEFINITIONS

4      A.     As used herein, the term "DOCUMENT" or "DOCUMENTS" means any written,

5  recorded or graphic matter, however produced or reproduced, or "writing" of any kind, including, but

6  not limited to, correspondence, memoranda, reports, studies, analyses, contracts, agreements, invoices,

7  charts, graphs, indices, data sheets, data processing cards or tapes, notes, work papers, entries, letters,

8  telegrams, forms, advertisements, brochures, circulars, tapes, records, bulletins, papers, books, maps,

9  drawings, accounts, photographs, transcriptions, recordings, magnetic tapes, disks, imprinted cards,

10  minutes and records of meetings, reports, financial statements, (including, but not limited to, income

11  statements, balance sheets, and statements of changes in financial position) financial calculations,

12  estimates, transactional documents, promissory notes, deeds of trust, closing statements, escrow

13  documents, title documents, security agreements, bonds, letters of credit, reports of telephone or oral

14  conversations, appointment books, calendars or diaries, and includes, but is not limited to, the term

15  "writing", including any and all "handwriting, typewriting, printing, photostating, photographing, and

16  every other means of recording upon any tangible thing any form of communication or representation,

17  including letters, words, pictures, sounds, or symbols, or combinations thereof." "DOCUMENT" or

18  "DOCUMENTS" includes all drafts and all finalized and/or executed writings, and includes all

19  electronic recordings of any information whether that information is electronic mail or other form of

20  electronic means of preserving information and/or is stored on a "hard" disk, 5 ¼" or 3 ½" disk, laser

21  disk, magnetic or other tape, personal computer or mainframe computer. If YOU do not have custody

22  or control of the original, the term "DOCUMENT" or "DOCUMENTS" shall also include any carbon

23  or photograph or any other copies, telephone messages, reproductions or facsimiles thereof. If YOU

24  have custody or control of the original and copies, reproduction or facsimiles, the term "DOCUMENT"

25  or "DOCUMENTS" shall mean the original of any copy or reproduction or facsimile that is in any way

26  different from the original.

27      B.     As used herein, "COMPLAINT" refers to the complaint filed by PLAINTIFF in this

28  case.

1        C.     As used herein, "DENIAL" refers to denials made in YOUR answer to the

2  COMPLAINT.

3        D.     As used herein, "PLAINTIFF" refers to Plaintiff ROBERT ALEXANDER

4  KASEBERG.

5        E.     As used herein, "DEFENDANT" refers to Defendant TURNER BROADCASTING

6  SYSTEM.

7        F.     As used herein, "INCIDENT" refers to the circumstances and events described in

8  PLAINTIFF's Complaint.

9        G.     As used herein, "IDENTIFY ALL WITNESSES" shall mean by name, last known

10  address and last known telephone number.

11        H.     As used herein, the terms "YOU" and "YOUR" refers to DEFENDANT, individually

12  and collectively, and his or her, its or their affiliates and parent company and anyone acting on their,

13  her or its behalf, including, but not limited to, past and present officers, directors, shareholders, agents,

14  employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in

15  their, her or its interest, on their, her or its behalf, or at their, her or its request, and each of them.

16        I.     As used herein, the term "PERSON" includes ANY natural person, firm, association,

17  organization, partnership, business, trust, corporation, limited liability company, joint venture or public

18  entity.

19        J.     As used herein, the terms "RELATE TO," "RELATES TO," "RELATED TO," and/or

20  "RELATING TO" mean discuss, support, refute, reflect, mention, embody, pertain to, involve,

21  comprise, respond to, concern, contain, summarize, memorialize, evidence, refer to, or connect in any

22  way legally, factually or logically with, the matter therein.

23        K.     As used herein, "COMMUNICATION" or "COMMUNICATIONS" include ANY

24  contacts between or among two or more PERSONS, and includes without limitation, written contact by

25  such means as letters, memoranda, telegrams, telexes, electronic mail or any other DOCUMENTS, and

26  oral contact by such means as face-to-face meetings and telephone conversations.

27        L.     As used herein, the term "ANY" as well as "ALL" shall be construed to include "each"

28  and "every" within their meanings.

<div align="center">3</div>

M.     Whenever used herein, "and" is to be understood to mean "or," and vice versa, whenever such construction results in a broader request for information.

## **INTERROGATORIES**

**INTERROGATORY NO. 1.**  Please IDENTIFY YOUR annual gross revenues in 2015.

**INTERROGATORY NO. 2.**  Please IDENTIFY ALL WITNESSES and PERSONS who calculate and/or determine YOUR annual gross revenues in 2015.

**INTERROGATORY NO. 3.**  Please IDENETIFY ALL DOCUMETS that RELATE TO YOUR annual gross revenues in 2015.


Dated: 3/14/2016                                    By:_____
                                                             JAYSON M. LORENZO
                                                             Attorney for PLAINTIFF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT L

Jayson M. Lorenzo, Esq. SBN 216973
Attorney at Law
2794 Gateway Road
Carlsbad, CA 92009
Tel. (760) 517-6646
Fax (760) 520-7900

Attorney for Plaintiff
ROBERT ALEXANDER KASEBERG

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG, | Case No. 15-CV-01637-JLS-DHB |
| Plaintiff, | |
| vs. | **PLAINTIFFS INTEROGGATORIES TO DEFENDANT TIME WARNER, INC. ( SET ONE)** |
| TIME WARNER, INC., | |
| Defendant. | |

**PROPOUNDING PARTY:** PLAINTIFF ROBERT ALEXANDER KASEBERG

**RESPONDING PARTY:**   DEFENDANT TIME WARNER, INC.

**SET NO.:**                   ONE

PLAINTIFF  ROBERT  ALEXANDER  KASEBERG  ("PLAINTIFF")  propound  the
following  Interrogatories  on  DEFENDANT  TIME  WARNER,  INC.  ("DEFENDANT").

1

1  PLAINTIFF requests that the responding party respond in writing, and under oath, to the following

2  interrogatories within 30 days of the service of these requests.

3  **DEFINITIONS**

4  A.     As used herein, the term "DOCUMENT" or "DOCUMENTS" means any written,

5  recorded or graphic matter, however produced or reproduced, or "writing" of any kind, including, but

6  not limited to, correspondence, memoranda, reports, studies, analyses, contracts, agreements, invoices,

7  charts, graphs, indices, data sheets, data processing cards or tapes, notes, work papers, entries, letters,

8  telegrams, forms, advertisements, brochures, circulars, tapes, records, bulletins, papers, books, maps,

9  drawings, accounts, photographs, transcriptions, recordings, magnetic tapes, disks, imprinted cards,

10 minutes and records of meetings, reports, financial statements, (including, but not limited to, income

11 statements, balance sheets, and statements of changes in financial position) financial calculations,

12 estimates, transactional documents, promissory notes, deeds of trust, closing statements, escrow

13 documents, title documents, security agreements, bonds, letters of credit, reports of telephone or oral

14 conversations, appointment books, calendars or diaries, and includes, but is not limited to, the term

15 "writing", including any and all "handwriting, typewriting, printing, photostating, photographing, and

16 every other means of recording upon any tangible thing any form of communication or representation,

17 including letters, words, pictures, sounds, or symbols, or combinations thereof." "DOCUMENT" or

18 "DOCUMENTS" includes all drafts and all finalized and/or executed writings, and includes all

19 electronic recordings of any information whether that information is electronic mail or other form of

20 electronic means of preserving information and/or is stored on a "hard" disk, 5 ¼" or 3 ½" disk, laser

21 disk, magnetic or other tape, personal computer or mainframe computer. If YOU do not have custody

22 or control of the original, the term "DOCUMENT" or "DOCUMENTS" shall also include any carbon

23 or photograph or any other copies, telephone messages, reproductions or facsimiles thereof. If YOU

24 have custody or control of the original and copies, reproduction or facsimiles, the term "DOCUMENT"

25 or "DOCUMENTS" shall mean the original of any copy or reproduction or facsimile that is in any way

26 different from the original.

27 B.     As used herein, "COMPLAINT" refers to the complaint filed by PLAINTIFF in this

28 case.

2

1    C.    As used herein, "DENIAL" refers to denials made in YOUR answer to the
2    COMPLAINT.

3    D.    As used herein, "PLAINTIFF" refers to Plaintiff ROBERT ALEXANDER
4    KASEBERG.

5    E.    As used herein, "DEFENDANT" refers to Defendant TIME WARNER, INC.

6    F.    As used herein, "INCIDENT" refers to the circumstances and events described in
7    PLAINTIFF's Complaint.

8    G.    As used herein, "IDENTIFY ALL WITNESSES" shall mean by name, last known
9    address and last known telephone number.

10   H.    As used herein, the terms "YOU" and "YOUR" refers to DEFENDANT, individually
11   and collectively, and his or her, its or their affiliates and parent company and anyone acting on their,
12   her or its behalf, including, but not limited to, past and present officers, directors, shareholders, agents,
13   employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in
14   their, her or its interest, on their, her or its behalf, or at their, her or its request, and each of them.

15   I.    As used herein, the term "PERSON" includes ANY natural person, firm, association,
16   organization, partnership, business, trust, corporation, limited liability company, joint venture or public
17   entity.

18   J.    As used herein, the terms "RELATE TO," "RELATES TO," "RELATED TO," and/or
19   "RELATING TO" mean discuss, support, refute, reflect, mention, embody, pertain to, involve,
20   comprise, respond to, concern, contain, summarize, memorialize, evidence, refer to, or connect in any
21   way legally, factually or logically with, the matter therein.

22   K.    As used herein, "COMMUNICATION" or "COMMUNICATIONS" include ANY
23   contacts between or among two or more PERSONS, and includes without limitation, written contact by
24   such means as letters, memoranda, telegrams, telexes, electronic mail or any other DOCUMENTS, and
25   oral contact by such means as face-to-face meetings and telephone conversations.

26   L.    As used herein, the term "ANY" as well as "ALL" shall be construed to include "each"
27   and "every" within their meanings.

28

3

M.     Whenever used herein, "and" is to be understood to mean "or," and vice versa, whenever such construction results in a broader request for information.

## INTERROGATORIES

**INTERROGATORY NO. 1.** Please IDENTIFY YOUR annual gross revenues in 2015.

**INTERROGATORY NO. 2.**  Please IDENTIFY ALL WITNESSES and PERSONS who calculate and/or determine YOUR annual gross revenues in 2015.

**INTERROGATORY NO. 3.**  Please IDENETIFY ALL DOCUMETS that RELATE TO YOUR annual gross revenues in 2015.

Dated: __8/14/2016__                                   By:_____

                                                                    JAYSON M. LORENZO
                                                                    Attorney for PLAINTIFF

PLAINTIFFS INTEROGGATORIES TO DEFENDANT, SET ONE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT M

Jayson M. Lorenzo, Esq. SBN 216973
Attorney at Law
2794 Gateway Road
Carlsbad, CA 92009
Tel. (760) 517-6646
Fax (760) 520-7900

Attorney for Plaintiff
ROBERT ALEXANDER KASEBERG

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG, | Case No. 15-CV-01637-JLS-DHB |
| Plaintiffs, | **PLAINTIFFS REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT CONACO, LLC (SET ONE)** |
| vs. | |
| CONACO, LLC; TURNER BROADCASTING SYSTEM; TIME WARNER, INC.; CONAN O'BRIEN; JEFF ROSS; MIKE SWEENEY; DOES 1 – 10, inclusive, | |
| Defendants. | |

**PROPOUNDING PARTY:** PLAINTIFF ROBERT ALEXANDER KASEBERG

**RESPONDING PARTY:**   DEFENDANTS CONACO, LLC

**SET NO.:**                ONE

Pursuant to Rule 34 of the Federal Rules of Civil Procedure PLAINTIFF ROBERT ALEXANDER KASEBERG ("Plaintiff") demands that within thirty (30) days of the service of these requests DEFENDANTS CONACO, LLC produce the following documents to Plaintiff's counsel. The

1

production and inspection shall continue from day to day thereafter, weekends and holidays excepted, so long as reasonably required. All documents demanded shall either be produced as they are kept in the usual course of business, or be organized and labeled to correspond with the categories contained in this demand.

## **INSTRUCTIONS**

A.     Responding Party is hereby requested to serve a written response under oath within thirty (30) days after service of this request. Such response is to include the following statements: (1) whether inspection and copying or photocopying will be permitted; and (2) whether Responding Party lacks the ability to comply. If Responding Party objects to the whole or any part of the request, specific grounds for the objection must be stated in the response.

B.     All originals and copies of the items requested, which are in the possession, custody and/or control of responding party or are otherwise available to responding party, which are responsive to the following requests, shall be produced and identified.

C.     If any DOCUMENT (as defined below) herein requested was formerly in the possession, custody and/or control of Responding Party and has been lost or destroyed, Responding Party shall submit, in lieu of such DOCUMENT, a written statement which (1) describes in detail the nature of the DOCUMENT and its contents, (2) identifies the person who prepared or authored the DOCUMENT, (3) identifies the person to whom the DOCUMENT was sent, if applicable, (4) specifies the date on which the DOCUMENT was prepared or transmitted, or both, (5) specifies, if possible, the date on which the DOCUMENT was lost or destroyed, and (6) if destroyed, the conditions of or reasons for such destruction and the person requesting or performing the destruction.

D.     DOCUMENTS are to be produced either as they are kept in the usual course of business or organized and labeled to correspond with the categories in this demand.

E.     DOCUMENTS being produced shall be maintained in their original format. Attachments to a document shall not be unfastened. DOCUMENTS shall not be scrambled or otherwise jumbled and shall be produced in a way which preserves their identify.

F.     Whenever the item being produced is a file, the folder or other container of it shall be produced with it.

2

G.     All DOCUMENTS requested herein refer to the time period beginning March 1, 2011, up to and including the present, unless a particular demand defines a different time period.

H.     Whenever a DOCUMENT falling within the request is withheld from production, according to a claim of privilege or otherwise, you are requested to provide a listing of such DOCUMENTS containing a description of the DOCUMENTS and a description of the claim of privilege sufficient to enable propounding party to present a motion to the appropriate court to compel production of same.

## DEFINITIONS

A.     As used herein, the term "DOCUMENT" or "DOCUMENTS" means any written, recorded or graphic matter, however produced or reproduced, or "writing" of any kind, including, but not limited to, correspondence, memoranda, reports, studies, analyses, contracts, agreements, invoices, charts, graphs, indices, data sheets, data processing cards or tapes, notes, work papers, entries, letters, telegrams, forms, advertisements, brochures, circulars, tapes, records, bulletins, papers, books, maps, drawings, accounts, photographs, transcriptions, recordings, magnetic tapes, disks, imprinted cards, minutes and records of meetings, reports, financial statements, (including, but not limited to, income statements, balance sheets, and statements of changes in financial position) financial calculations, estimates, transactional documents, promissory notes, deeds of trust, closing statements, escrow documents, title documents, security agreements, bonds, letters of credit, reports of telephone or oral conversations, appointment books, calendars or diaries, and includes, but is not limited to, the term "writing", including any and all "handwriting, typewriting, printing, photostating, photographing, and every other means of recording upon any tangible thing any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof." "DOCUMENT" or "DOCUMENTS" includes all drafts and all finalized and/or executed writings, and includes all electronic recordings of any information whether that information is electronic mail or other form of electronic means of preserving information and/or is stored on a "hard" disk, 5 ¼" or 3 ½" disk, laser disk, magnetic or other tape, personal computer or mainframe computer. If YOU do not have custody or control of the original, the term "DOCUMENT" or "DOCUMENTS" shall also include any carbon or photograph or any other copies, telephone messages, reproductions or facsimiles thereof. If YOU

3

---

1  have custody or control of the original and copies, reproduction or facsimiles, the term "DOCUMENT"

2  or "DOCUMENTS" shall mean the original of any copy or reproduction or facsimile that is in any way

3  different from the original.

4       B.    As used herein, "COMPLAINT" refers to the complaint filed by PLAINTIFF in this

5  case.

6       C.    As used herein, "DENIAL" refers to denials made in YOUR answer to the

7  COMPLAINT.

8       D.    As used herein, "PLAINTIFF" refers to Plaintiff ROBERT ALEXANDER

9  KASEBERG.

10       E.    As used herein, "DEFENDANT" refers to defendants CONACO, LLC.

11       F.    As used herein, the terms "YOU" and "YOUR" refers to DEFENDANT, individually

12  and collectively, and his or her, its or their affiliates and parent company and anyone acting on their,

13  her or its behalf, including, but not limited to, past and present officers, directors, shareholders, agents,

14  employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in

15  their, her or its interest, on their, her or its behalf, or at their, her or its request, and each of them.

16       G.    As used herein, the term "PERSON" includes ANY natural person, firm, association,

17  organization, partnership, business, trust, corporation, limited liability company, joint venture or public

18  entity.

19       H.    As used herein, the terms "RELATE TO," "RELATES TO," "RELATED TO," and/or

20  "RELATING TO" mean discuss, support, refute, reflect, mention, embody, pertain to, involve,

21  comprise, respond to, concern, contain, summarize, memorialize, evidence, refer to, or connect in any

22  way legally, factually or logically with, the matter therein.

23       I.    As used herein, "COMMUNICATION" or "COMMUNICATIONS" includes any

24  contacts between or among two or more PERSONS, and includes without limitation, written contact by

25  such means as letters, memoranda, telegrams, telexes, electronic mail or any other DOCUMENTS, and

26  oral contact by such means as face-to-face meetings and telephone conversations.

27       J.    As used herein, the term "ANY" as well as "ALL" shall be construed to include "each"

28  and "every" within their meanings.

4

K.      In these Requests, the terms "and" and "or" have both conjunctive and disjunctive meanings so as to be inclusive of any documents which otherwise may be excluded from production.

L.      In these Requests, the use of the singular includes the plural and the use of the plural includes the singular, so as to be inclusive of any DOCUMENTS which may otherwise be excluded from production.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1.**

ANY and ALL DOCUMENTS, tangible things and other items that support, refute or in ANY way RELATE TO YOUR DENIAL of the allegations in the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 2.**

ANY and ALL DOCUMENTS that support, refute or RELATE TO ANY and ALL affirmative defenses in your Answer.

**REQUEST FOR PRODUCTION NO. 3.**

ANY and ALL DOCUMENTS, tangible things and other items that RELATE TO YOUR annual gross revenues in 2015.

**REQUEST FOR PRODUCTION NO. 4.**

ANY and ALL DOCUMENTS, tangible things and other items that RELATE TO YOUR annual net profits in 2015.

**REQUEST FOR PRODUCTION NO. 5.**

ANY and ALL DOCUMENTS, tangible things and other items that RELATE TO amount paid to each writer – whether staff, contract, or writers for the "CONAN" show in 2015.

**REQUEST FOR PRODUCTION NO. 6.**

ANY and ALL DOCUMENTS, including any and all emails, involving JOSH COMERS regarding any and all jokes MR. COMERS submitted to you for use on the "CONAN" show monologue in the last three years.

**REQUEST FOR PRODUCTION NO. 7.**

5

1     ANY and ALL DOCUMENTS, including any and all emails, involving BRIAN KILY

2 regarding any and all jokes MR. KILY submitted to you for use on the "CONAN" show monologue in

3 the last three years.

4 **REQUEST FOR PRODUCTION NO. 8.**

5     ANY and ALL DOCUMENTS, including any and all emails, involving ROB KUTNER

6 regarding any and all jokes MR. KUTNER submitted to you for use on the "CONAN" show

7 monologue in the last three years.

8

9 Dated: _3/14/2015_            By: _____

10                                           JAYSON M. LORENZO

11                                           Attorney for PLAINTIFF

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT N

1  PATRICIA L. GLASER – State Bar No. 55668
   pglaser@glaserweil.com
2  ERICA J. VAN LOON - State Bar No. 227712
   evanloon@glaserweil.com
3  BRITTANY ELIAS - State Bar No. 305922
   belias@glaserweil.com
4  GLASER WEIL FINK HOWARD
     AVCHEN & SHAPIRO LLP
5  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
6  Telephone:  (310) 553-3000
   Facsimile:  (310) 556-2920
7  *Attorneys for Defendants*

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11  ROBERT ALEXANDER KASEBERG,        CASE NO.: 15-CV-01637-JLS-DHB

12          Plaintiff,                Hon. Janis L. Sammartino

13  v.
                                      **MIKE SWEENEY'S OBJECTIONS**
14                                    **AND RESPONSE TO**
    CONACO, LLC, TURNER              **PLAINTIFF'S**
15  BROADCASTING SYSTEM, TIME        **INTERROGATORIES (SET ONE)**
    WARNER, INC., CONAN O'BRIEN,
16  JEFF ROSS, MIKE SWEENEY; DOES
    1-50, inclusive,
17
            Defendants.
18

19

20  PROPOUNDING PARTY:     ROBERT ALEXANDER KASEBERG

21  RESPONDING PARTY:      MIKE SWEENEY

22  SET NO.:               ONE

23

24      Pursuant to Fed. R. Civ. P. 26 and 33, Defendant Mike Sweeney ("Mr.

25  Sweeney") hereby answers, objects, or otherwise responds to Plaintiff Robert

26  Alexander Kaseberg's ("Plaintiff" or "Kaseberg") First Set of Interrogatories.  Mr.

27  Sweeney expressly reserves the right to supplement, amend, or correct these

28  responses.

                                         1

**GlaserWeil**

# PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action.  Each answer is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds which would require the exclusion of any statement herein if the Interrogatories were asked of, or any statements contained herein were made by, a witness present and testifying in Court, all of which objections and grounds are reserved and may be interposed at the time of trial.

Mr. Sweeney has not completed his investigation of the facts relating to this case and has not completed his preparation for trial.  The following responses are based upon information presently available to Mr. Sweeney and are made without prejudice to Mr. Sweeney of the right to utilize subsequently discovered facts.

Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby.  The fact that Mr. Sweeney has answered any interrogatories should not be taken as an admission that Mr. Sweeney accepts or admits the existence of any facts set forth or assumed by such interrogatory, or that such response constitutes admissible evidence.  The fact that Mr. Sweeney has answered part or all of any interrogatory is not intended and shall not be construed to be a waiver by Mr. Sweeney of all or any part of any objection to any interrogatory.

The Preliminary Statement is incorporated into each of the responses set forth below.

# GENERAL OBJECTIONS

Mr. Sweeney generally objects to these Interrogatories on each and every one of the following grounds, which are incorporated into and made a part of Mr. Sweeney's response to each and every Interrogatory:

1.      Mr. Sweeney objects to the extent the Interrogatories seek to impose obligations upon Mr. Sweeney not required by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of

**MIKE SWEENEY'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

15cv01637-JLS-DHB

California ("Local Rules"), or the Orders of this Court.  Mr. Sweeney's responses shall be controlled by and comply with the requirements of the Federal Rules, the Local Rules, and the Orders of this Court.

2.     Mr. Sweeney objects to extent the Interrogatories seek information not relevant to any claim or defense of a party, and expressly reserves all rights to withhold information or documents on that basis alone or in conjunction with other bases set forth herein.

3.     Mr. Sweeney objects to the extent the Interrogatories are vague, ambiguous, and incomprehensible.  As drafted, the Interrogatories could require responses and/or the production of documents that have no relationship to the facts and issues in dispute and which are not reasonably calculated to lead to the discovery of admissible evidence.

4.     Mr. Sweeney objects to the Interrogatories and their accompanying "Definitions" and "Instructions" as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and information or documents that are neither relevant nor proportional to the needs of the case.

5.     Mr. Sweeney objects to the extent the Interrogatories call for information which is confidential and proprietary, including trade secrets and sensitive financial information, prior to the entry of a protective order in this action.

6.     Mr. Sweeney objects to the extent the Interrogatories seek information which is publicly available and/or equally available to Plaintiff and the burden of obtaining the responsive information is substantially the same for Plaintiff as it is for Mr. Sweeney.

7.     Mr. Sweeney objects to the extent the Interrogatories are unreasonably duplicative in nature, and/or designed to harass and increase costs, rather than reflect a good faith effort at seeking relevant evidence.

8.     Mr. Sweeney objects to the extent the Interrogatories call for the

**MIKE SWEENEY'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**
15cv01637-JLS-DHB

Glaser Weil

1169975

disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or common interest privilege, the right of privacy, or any other applicable privileges.  Such information or documents shall not be provided in response to these interrogatories, and any inadvertent disclosure or production thereof shall not be deemed a waiver of any privilege or protection with respect to such information or documents.

9.     Mr. Sweeney objects to the extent the Interrogatories seek documents or information from sources that are not reasonably accessible because of undue burden and cost.

10.     Mr. Sweeney objects to the definition of "YOU" and "YOUR" as vague, ambiguous, overbroad, unduly burdensome, not relevant, and not likely to lead to the discovery of admissible evidence, to the extent they purport to require Mr. Sweeney to respond on behalf of persons or entities other than Mr. Sweeney.  For purposes of his responses herein, Mr. Sweeney will interpret "YOU" and "YOUR" to refer solely to Mike Sweeney, the individual.

## RESPONSES TO SPECIAL INTERROGATORIES

## SPECIAL INTERROGATORY NO. 1:

Please IDENTIFY YOUR annual gross revenues in 2015.

## RESPONSE TO SPECIAL INTERROGATORY NO. 1:

Mr. Sweeney incorporates by reference each of the foregoing General Objections as if fully set forth herein.  Mr. Sweeney objects to the definition of "YOUR" as overbroad and vague and ambiguous.  Mr. Sweeney will interpret "YOUR" to refer solely to Mike Sweeney, the individual.  Mr. Sweeney further objects to the undefined term "annual gross revenues" as vague and ambiguous, insofar as Mr. Sweeney is an individual to whom revenue information is inapplicable. Mr. Sweeney further objects to this Interrogatory as oppressive, burdensome, and harassing to the extent it seeks financial information not kept in the ordinary course of business.  Mr. Sweeney further objects to this Interrogatory to the extent that the

**Glaser Weil**

**MIKE SWEENEY'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**
15cv01637-JLS-DHB

1169975

financial information sought in this Interrogatory is irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes.  Mr. Sweeney further objects to this Interrogatory as overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defense and is not proportional to the needs of the case, especially to the extent the Interrogatory relates to financial information not attributable to any alleged infringement.  Mr. Sweeney further objects to this Interrogatory as seeking confidential financial information prior to the entry of a suitable protective order in this action.  Mr. Sweeney further objects to this Interrogatory to the extent it seeks personal financial information subject to the attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or common interest privilege, the right of privacy, or any other applicable privileges.

**INTERROGATORY NO. 2:**

Please IDENTIFY ALL WITNESSES and PERSONS who calculate and/or determine YOUR annual gross revenues in 2015.

**RESPONSE TO INTERROGATORY NO. 2:**

Mr. Sweeney incorporates by reference each of the foregoing General Objections as if fully set forth herein.  Mr. Sweeney objects to the definition of "YOUR" as overbroad and vague and ambiguous.  Mr. Sweeney will interpret "YOUR" to refer solely to Mike Sweeney, the individual.  Mr. Sweeney further objects to the undefined term "annual gross revenues" as vague and ambiguous, insofar as Mr. Sweeney is an individual to whom revenue information is inapplicable.  Mr. Sweeney further objects to this Interrogatory as oppressive, burdensome, and harassing to the extent it seeks information not kept in the ordinary course of business.  Mr. Sweeney further objects to this Interrogatory to the extent that the financial information sought in this Interrogatory is irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes.  Mr. Sweeney further objects to this Interrogatory as overbroad, unduly burdensome, and harassing to the extent the

Glaser Weil

proposed discovery seeks financial information which is not relevant to any party's claim or defense and is not proportional to the needs of the case, especially to the extent the Interrogatory relates to financial information not attributable to any alleged infringement.  Mr. Sweeney further objects to this Interrogatory to the extent that it seeks information about the identities of individual non-parties, the disclosure of which may lead to the invasion of privacy, harassment, or unnecessary involvement of individuals who are non-parties.

**INTERROGATORY NO. 3:**

Please IDENTIFY ALL DOCUMENTS that RELATE TO YOUR annual gross revenues in 2015.

**RESPONSE TO INTERROGATORY NO. 3:**

Mr. Sweeney incorporates by reference each of the foregoing General Objections as if fully set forth herein.  Mr. Sweeney objects to the definition of "YOUR" as overbroad and vague and ambiguous.  Mr. Sweeney will interpret "YOUR" to refer solely to Mike Sweeney, the individual.  Mr. Sweeney further objects to undefined term "annual gross revenues" as vague and ambiguous, insofar as Mr. Sweeney is an individual to whom revenue information is inapplicable.  Mr. Sweeney further objects to this Interrogatory as oppressive, burdensome, and harassing to the extent it seeks information not kept in the ordinary course of business.  Mr. Sweeney further objects to this Interrogatory to the extent that the financial information sought in this Interrogatory is irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes.  Mr. Sweeney further objects to this Interrogatory as overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defense and is not proportional to the needs of the case, especially to the extent the Interrogatory relates to financial information not attributable to any alleged infringement.  Mr. Sweeney further objects to this Interrogatory to the extent it seeks the identification of "all documents" and not information proportional to the needs of

6

this case.  Mr. Sweeney further objects to the extent that it seeks the identification of confidential information prior to the entry of a suitable protective order in this case. Mr. Sweeney further objects to this Interrogatory to the extent it seeks personal financial information subject to the attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or common interest privilege, the right of privacy, or any other applicable privileges.  Mr. Sweeney further objects to this Interrogatory to the extent it purports to require the identification of documents from sources that are not reasonably accessible because of undue burden and cost.


DATED:  April 18, 2016                    GLASER WEIL FINK HOWARD
                                                              AVCHEN & SHAPIRO LLP


                                                    By: */s/ Erica J. Van Loon*
                                                         PATRICIA L. GLASER
                                                         ERICA J. VAN LOON
                                                         BRITTANY ELIAS
                                                         *Attorneys for Defendants*

**MIKE SWEENEY'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**
15cv01637-JLS-DHB

1169975

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, 19th Floor, Los Angeles, California 90067.

On April 18, 2016, I served the foregoing document(s) described as: **MIKE SWEENEY'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)** on the interested parties to this action at the following address(es):

SEE ATTACHED LIST

☐ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☒ **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☐ **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows: I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☐ **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

☐ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on April 18, 2016, at Los Angeles, California.

/s/ Nicholas E. Huskins
Nicholas E. Huskins

15cv01637-JLS-DHB

1169975

1

## SERVICE LIST

2

Jayson M. Lorenzo
3   2794 Gateway Road, Suite 116
Carlsbad, CA 92009
4   (Tel)  760-517-6646
(Fax) 760-520-7900
5   Jmlorenzo.esq@gmail.com
Attorney for Plaintiff
6   Robert Alexander Kaseberg

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

15cv01637-JLS-DHB

1169975

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT O

1  PATRICIA L. GLASER – State Bar No. 55668
   pglaser@glaserweil.com
2  ERICA J. VAN LOON - State Bar No. 227712
   evanloon@glaserweil.com
3  BRITTANY ELIAS - State Bar No. 305922
   belias@glaserweil.com
4  GLASER WEIL FINK HOWARD
     AVCHEN & SHAPIRO LLP
5  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
6  Telephone:  (310) 553-3000
   Facsimile:   (310) 556-2920
7  *Attorneys for Defendants*

8

              UNITED STATES DISTRICT COURT
9
            SOUTHERN DISTRICT OF CALIFORNIA
10

11  ROBERT ALEXANDER KASEBERG,        CASE NO.: 15-CV-01637-JLS-DHB

12            Plaintiff,              Hon. Janis L. Sammartino

13  v.
                                      **CONAN O'BRIEN'S OBJECTIONS**
14                                    **AND RESPONSE TO**
                                      **PLAINTIFF'S**
15  CONACO, LLC, TURNER               **INTERROGATORIES (SET ONE)**
    BROADCASTING SYSTEM, TIME
16  WARNER, INC., CONAN O'BRIEN,
    JEFF ROSS, MIKE SWEENEY; DOES
17  1-50, inclusive,

18            Defendants.

19

20  PROPOUNDING PARTY:      ROBERT ALEXANDER KASEBERG

21  RESPONDING PARTY:       CONAN O'BRIEN

22  SET NO.:                ONE

23

24        Pursuant to Fed. R. Civ. P. 26 and 33, Defendant Conan O'Brien ("Mr.

25  O'Brien") hereby answers, objects, or otherwise responds to Plaintiff Robert

26  Alexander Kaseberg's ("Plaintiff" or "Kaseberg") First Set of Interrogatories.  Mr.

27  O'Brien expressly reserves the right to supplement, amend, or correct these responses.

28

**PRELIMINARY STATEMENT**

These responses are made solely for the purpose of this action.  Each answer is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds which would require the exclusion of any statement herein if the Interrogatories were asked of, or any statements contained herein were made by, a witness present and testifying in Court, all of which objections and grounds are reserved and may be interposed at the time of trial.

Mr. O'Brien has not completed his investigation of the facts relating to this case and has not completed his preparation for trial.  The following responses are based upon information presently available to Mr. O'Brien and are made without prejudice to Mr. O'Brien of the right to utilize subsequently discovered facts.

Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby.  The fact that Mr. O'Brien has answered any interrogatories should not be taken as an admission that Mr. O'Brien accepts or admits the existence of any facts set forth or assumed by such interrogatory, or that such response constitutes admissible evidence.  The fact that Mr. O'Brien has answered part or all of any interrogatory is not intended and shall not be construed to be a waiver by Mr. O'Brien of all or any part of any objection to any interrogatory.

The Preliminary Statement is incorporated into each of the responses set forth below.

**GENERAL OBJECTIONS**

Mr. O'Brien generally objects to these Interrogatories on each and every one of the following grounds, which are incorporated into and made a part of Mr. O'Brien's response to each and every Interrogatory:

1.     Mr. O'Brien objects to the extent the Interrogatories seek to impose obligations upon Mr. O'Brien not required by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of

California ("Local Rules"), or the Orders of this Court.  Mr. O'Brien's responses shall be controlled by and comply with the requirements of the Federal Rules, the Local Rules, and the Orders of this Court.

2.      Mr. O'Brien objects to extent the Interrogatories seek information not relevant to any claim or defense of a party, and expressly reserves all rights to withhold information or documents on that basis alone or in conjunction with other bases set forth herein.

3.      Mr. O'Brien objects to the extent the Interrogatories are vague, ambiguous, and incomprehensible.  As drafted, the Interrogatories could require responses and/or the production of documents that have no relationship to the facts and issues in dispute and which are not reasonably calculated to lead to the discovery of admissible evidence.

4.      Mr. O'Brien objects to the Interrogatories and their accompanying "Definitions" and "Instructions" as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and information or documents that are neither relevant nor proportional to the needs of the case.

5.      Mr. O'Brien objects to the extent the Interrogatories call for information which is confidential and proprietary, including trade secrets and sensitive financial information, prior to the entry of a protective order in this action.

6.      Mr. O'Brien objects to the extent the Interrogatories seek information which is publicly available and/or equally available to Plaintiff and the burden of obtaining the responsive information is substantially the same for Plaintiff as it is for Mr. O'Brien.

7.      Mr. O'Brien objects to the extent the Interrogatories are unreasonably duplicative in nature, and/or designed to harass and increase costs, rather than reflect a good faith effort at seeking relevant evidence.

8.      Mr. O'Brien objects to the extent the Interrogatories call for the

**CONAN O'BRIEN'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

15cv01637-JLS-DHB

**Glaser Weil**

disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or common interest privilege, the right of privacy, or any other applicable privileges.  Such information or documents shall not be provided in response to these interrogatories, and any inadvertent disclosure or production thereof shall not be deemed a waiver of any privilege or protection with respect to such information or documents.

9.      Mr. O'Brien objects to the extent the Interrogatories seek documents or information from sources that are not reasonably accessible because of undue burden and cost.

10.     Mr. O'Brien objects to the definition of "YOU" and "YOUR" as vague, ambiguous, overbroad, unduly burdensome, not relevant, and not likely to lead to the discovery of admissible evidence, to the extent they purport to require Mr. O'Brien to respond on behalf of persons or entities other than Mr. O'Brien.  For purposes of his responses herein, Mr. O'Brien will interpret "YOU" and "YOUR" to refer solely to Conan O'Brien, the individual.

### RESPONSES TO SPECIAL INTERROGATORIES

**SPECIAL INTERROGATORY NO. 1:**

Please IDENTIFY YOUR annual gross revenues in 2015.

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Mr. O'Brien incorporates by reference each of the foregoing General Objections as if fully set forth herein.  Mr. O'Brien objects to the definition of "YOUR" as overbroad and vague and ambiguous.  Mr. O'Brien will interpret "YOUR" to refer solely to Conan O'Brien, the individual.  Mr. O'Brien further objects to the undefined term "annual gross revenues" as vague and ambiguous, insofar as Mr. O'Brien is an individual to whom revenue information is inapplicable. Mr. O'Brien further objects to this Interrogatory as oppressive, burdensome, and harassing to the extent it seeks financial information not kept in the ordinary course of business.  Mr. O'Brien further objects to this Interrogatory to the extent that the

Glaser Weil

financial information sought in this Interrogatory is irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes.  Mr. O'Brien further objects to this Interrogatory as overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defense and is not proportional to the needs of the case, especially to the extent the Interrogatory relates to financial information not attributable to any alleged infringement.  Mr. O'Brien further objects to this Interrogatory as seeking confidential financial information prior to the entry of a suitable protective order in this action.  Mr. O'Brien further objects to this Interrogatory to the extent it seeks personal financial information subject to the attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or common interest privilege, the right of privacy, or any other applicable privileges.

**INTERROGATORY NO. 2:**

Please IDENTIFY ALL WITNESSES and PERSONS who calculate and/or determine YOUR annual gross revenues in 2015.

**RESPONSE TO INTERROGATORY NO. 2:**

Mr. O'Brien incorporates by reference each of the foregoing General Objections as if fully set forth herein.  Mr. O'Brien objects to the definition of "YOUR" as overbroad and vague and ambiguous.  Mr. O'Brien will interpret "YOUR" to refer solely to Conan O'Brien, the individual.  Mr. O'Brien further objects to the undefined term "annual gross revenues" as vague and ambiguous, insofar as Mr. O'Brien is an individual to whom revenue information is inapplicable. Mr. O'Brien further objects to this Interrogatory as oppressive, burdensome, and harassing to the extent it seeks information not kept in the ordinary course of business.  Mr. O'Brien further objects to this Interrogatory to the extent that the financial information sought in this Interrogatory is irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes.  Mr. O'Brien further objects to this Interrogatory as overbroad, unduly burdensome, and harassing to the extent the

proposed discovery seeks financial information which is not relevant to any party's claim or defense and is not proportional to the needs of the case, especially to the extent the Interrogatory relates to financial information not attributable to any alleged infringement.  Mr. O'Brien further objects to this Interrogatory to the extent that it seeks information about the identities of individual non-parties, the disclosure of which may lead to the invasion of privacy, harassment, or unnecessary involvement of individuals who are non-parties.

**INTERROGATORY NO. 3:**

Please IDENTIFY ALL DOCUMENTS that RELATE TO YOUR annual gross revenues in 2015.

**RESPONSE TO INTERROGATORY NO. 3:**

Mr. O'Brien incorporates by reference each of the foregoing General Objections as if fully set forth herein.  Mr. O'Brien objects to the definition of "YOUR" as overbroad and vague and ambiguous.  Mr. O'Brien will interpret "YOUR" to refer solely to Conan O'Brien, the individual.  Mr. O'Brien further objects to undefined term "annual gross revenues" as vague and ambiguous, insofar as Mr. O'Brien is an individual to whom revenue information is inapplicable.  Mr. O'Brien further objects to this Interrogatory as oppressive, burdensome, and harassing to the extent it seeks information not kept in the ordinary course of business.  Mr. O'Brien further objects to this Interrogatory to the extent that the financial information sought in this Interrogatory is irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes.  Mr. O'Brien further objects to this Interrogatory as overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defense and is not proportional to the needs of the case, especially to the extent the Interrogatory relates to financial information not attributable to any alleged infringement.  Mr. O'Brien further objects to this Interrogatory to the extent it seeks the identification of "all documents" and not information proportional to the needs of this case.  Mr.

**CONAN O'BRIEN'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

15cv01637-JLS-DHB

1   O'Brien further objects to the extent that it seeks the identification of confidential

2   information prior to the entry of a suitable protective order in this case.  Mr. O'Brien

3   further objects to this Interrogatory to the extent it seeks personal financial

4   information subject to the attorney-client privilege, the attorney work-product

5   doctrine, the joint-defense and/or common interest privilege, the right of privacy, or

6   any other applicable privileges.  Mr. O'Brien further objects to this Interrogatory to

7   the extent it purports to require the identification of documents from sources that are

8   not reasonably accessible because of undue burden and cost.

9

10   DATED:  April 18, 2016                    GLASER WEIL FINK HOWARD
                                             AVCHEN & SHAPIRO LLP

11

12

13                                           By: */s/ Erica J. Van Loon*
                                                 PATRICIA L. GLASER
14                                               ERICA J. VAN LOON
                                                 BRITTANY ELIAS
15                                               *Attorneys for Defendants*

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONAN O'BRIEN'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

15cv01637-JLS-DHB

1173948

**Glaser Weil**

**Glaser Weil**

**PROOF OF SERVICE**

1

2        I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, 19th Floor, Los Angeles, California 90067.

3

4        On April 18, 2016, I served the foregoing document(s) described as: **CONAN O'BRIEN'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)** on the interested parties to this action at the following address(es):

5

6        SEE ATTACHED LIST

7   ☐    **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

8

9

10

11  ☐    **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

12

13  ☒    **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

14

15  ☐    **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows:  I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

16

17  ☐    **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

18

19  ☐    **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

20

21  ☐    (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

22

23  ☒    (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury that the above is true and correct.

24

25        Executed on April 18, 2016, at Los Angeles, California.

26                                    /s/ Nicholas E. Huskins
                                      Nicholas E. Huskins

27

28

1

**PROOF OF SERVICE**

1173948

1

## SERVICE LIST

2

Jayson M. Lorenzo
3     2794 Gateway Road, Suite 116
Carlsbad, CA 92009
(Tel)  760-517-6646
4     (Fax) 760-520-7900
Jmlorenzo.esq@gmail.com
5     Attorney for Plaintiff
Robert Alexander Kaseberg

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

**CONAN O'BRIEN'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

15cv01637-JLS-DHB

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT P

1  PATRICIA L. GLASER – State Bar No. 55668
   pglaser@glaserweil.com
2  ERICA J. VAN LOON - State Bar No. 227712
   evanloon@glaserweil.com
3  BRITTANY ELIAS - State Bar No. 305922
   belias@glaserweil.com
4  GLASER WEIL FINK HOWARD
     AVCHEN & SHAPIRO LLP
5  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
6  Telephone:  (310) 553-3000
   Facsimile:  (310) 556-2920
7  *Attorneys for Defendants*

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  ROBERT ALEXANDER KASEBERG,          CASE NO.: 15-CV-01637-JLS-DHB

12            Plaintiff,                Hon. Janis L. Sammartino

13     v.
                                        **JEFF ROSS' OBJECTIONS AND**
14                                      **RESPONSE TO PLAINTIFF'S**
    CONACO, LLC, TURNER                 **INTERROGATORIES (SET ONE)**
15  BROADCASTING SYSTEM, TIME
    WARNER, INC., CONAN O'BRIEN,
16  JEFF ROSS, MIKE SWEENEY; DOES
    1-50, inclusive,
17
              Defendants.
18

19

20  PROPOUNDING PARTY:       ROBERT ALEXANDER KASEBERG

21  RESPONDING PARTY:        JEFF ROSS

22  SET NO.:                 ONE

23

24         Pursuant to Fed. R. Civ. P. 26 and 33, Defendant Jeff Ross ("Mr. Ross") hereby

25  answers, objects, or otherwise responds to Plaintiff Robert Alexander Kaseberg's

26  ("Plaintiff" or "Kaseberg") First Set of Interrogatories.  Mr. Ross expressly reserves

27  the right to supplement, amend, or correct these responses.

28

**JEFF ROSS' OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**
15cv01637-JLS-DHB

1173932

**Glaser Weil**

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action.  Each answer is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds which would require the exclusion of any statement herein if the Interrogatories were asked of, or any statements contained herein were made by, a witness present and testifying in Court, all of which objections and grounds are reserved and may be interposed at the time of trial.

Mr. Ross has not completed his investigation of the facts relating to this case and has not completed his preparation for trial.  The following responses are based upon information presently available to Mr. Ross and are made without prejudice to Mr. Ross of the right to utilize subsequently discovered facts.

Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby.  The fact that Mr. Ross has answered any interrogatories should not be taken as an admission that Mr. Ross accepts or admits the existence of any facts set forth or assumed by such interrogatory, or that such response constitutes admissible evidence.  The fact that Mr. Ross has answered part or all of any interrogatory is not intended and shall not be construed to be a waiver by Mr. Ross of all or any part of any objection to any interrogatory.

The Preliminary Statement is incorporated into each of the responses set forth below.

## GENERAL OBJECTIONS

Mr. Ross generally objects to these Interrogatories on each and every one of the following grounds, which are incorporated into and made a part of Mr. Ross' response to each and every Interrogatory:

1.      Mr. Ross objects to the extent the Interrogatories seek to impose obligations upon Mr. Ross not required by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of California

("Local Rules"), or the Orders of this Court.  Mr. Ross' responses shall be controlled by and comply with the requirements of the Federal Rules, the Local Rules, and the Orders of this Court.

2.     Mr. Ross objects to extent the Interrogatories seek information not relevant to any claim or defense of a party, and expressly reserves all rights to withhold information or documents on that basis alone or in conjunction with other bases set forth herein.

3.     Mr. Ross objects to the extent the Interrogatories are vague, ambiguous, and incomprehensible.  As drafted, the Interrogatories could require responses and/or the production of documents that have no relationship to the facts and issues in dispute and which are not reasonably calculated to lead to the discovery of admissible evidence.

4.     Mr. Ross objects to the Interrogatories and their accompanying "Definitions" and "Instructions" as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and information or documents that are neither relevant nor proportional to the needs of the case.

5.     Mr. Ross objects to the extent the Interrogatories call for information which is confidential and proprietary, including trade secrets and sensitive financial information, prior to the entry of a protective order in this action.

6.     Mr. Ross objects to the extent the Interrogatories seek information which is publicly available and/or equally available to Plaintiff and the burden of obtaining the responsive information is substantially the same for Plaintiff as it is for Mr. Ross.

7.     Mr. Ross objects to the extent the Interrogatories are unreasonably duplicative in nature, and/or designed to harass and increase costs, rather than reflect a good faith effort at seeking relevant evidence.

8.     Mr. Ross objects to the extent the Interrogatories call for the disclosure of information subject to the attorney-client privilege, the attorney work-product

**JEFF ROSS' OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

15cv01637-JLS-DHB

1173932

doctrine, the joint-defense and/or common interest privilege, the right of privacy, or any other applicable privileges.  Such information or documents shall not be provided in response to these interrogatories, and any inadvertent disclosure or production thereof shall not be deemed a waiver of any privilege or protection with respect to such information or documents.

9.      Mr. Ross objects to the extent the Interrogatories seek documents or information from sources that are not reasonably accessible because of undue burden and cost.

10.     Mr. Ross objects to the definition of "YOU" and "YOUR" as vague, ambiguous, overbroad, unduly burdensome, not relevant, and not likely to lead to the discovery of admissible evidence, to the extent they purport to require Mr. Ross to respond on behalf of persons or entities other than Mr. Ross.  For purposes of his responses herein, Mr. Ross will interpret "YOU" and "YOUR" to refer solely to Jeff Ross, the individual.

**RESPONSES TO SPECIAL INTERROGATORIES**

**SPECIAL INTERROGATORY NO. 1:**

Please IDENTIFY YOUR annual gross revenues in 2015.

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Mr. Ross incorporates by reference each of the foregoing General Objections as if fully set forth herein.  Mr. Ross objects to the definition of "YOUR" as overbroad and vague and ambiguous.  Mr. Ross will interpret "YOUR" to refer solely to Jeff Ross, the individual.  Mr. Ross further objects to the undefined term "annual gross revenues" as vague and ambiguous, insofar as Mr. Ross is an individual to whom revenue information is inapplicable.  Mr. Ross further objects to this Interrogatory as oppressive, burdensome, and harassing to the extent it seeks financial information not kept in the ordinary course of business.  Mr. Ross further objects to this Interrogatory to the extent that the financial information sought in this Interrogatory is irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes.  Mr. Ross further

Glaser Weil

1  objects to this Interrogatory as overbroad, unduly burdensome, and harassing to the

2  extent the proposed discovery seeks financial information which is not relevant to any

3  party's claim or defense and is not proportional to the needs of the case, especially to

4  the extent the Interrogatory relates to financial information not attributable to any

5  alleged infringement.  Mr. Ross further objects to this Interrogatory as seeking

6  confidential financial information prior to the entry of a suitable protective order in

7  this action.  Mr. Ross further objects to this Interrogatory to the extent it seeks

8  personal financial information subject to the attorney-client privilege, the attorney

9  work-product doctrine, the joint-defense and/or common interest privilege, the right

10  of privacy, or any other applicable privileges.

11  **INTERROGATORY NO. 2:**

12      Please IDENTIFY ALL WITNESSES and PERSONS who calculate and/or

13  determine YOUR annual gross revenues in 2015.

14  **RESPONSE TO INTERROGATORY NO. 2:**

15      Mr. Ross incorporates by reference each of the foregoing General Objections as

16  if fully set forth herein.  Mr. Ross objects to the definition of "YOUR" as overbroad

17  and vague and ambiguous.  Mr. Ross will interpret "YOUR" to refer solely to Jeff

18  Ross, the individual.  Mr. Ross further objects to the undefined term "annual gross

19  revenues" as vague and ambiguous, insofar as Mr. Ross is an individual to whom

20  revenue information is inapplicable.  Mr. Ross further objects to this Interrogatory as

21  oppressive, burdensome, and harassing to the extent it seeks information not kept in

22  the ordinary course of business.  Mr. Ross further objects to this Interrogatory to the

23  extent that the financial information sought in this Interrogatory is irrelevant to

24  Plaintiff's claim for alleged damages as to four one-liner jokes.  Mr. Ross further

25  objects to this Interrogatory as overbroad, unduly burdensome, and harassing to the

26  extent the proposed discovery seeks financial information which is not relevant to any

27  party's claim or defense and is not proportional to the needs of the case, especially to

28  the extent the Interrogatory relates to financial information not attributable to any

Glaser Weil

alleged infringement.  Mr. Ross further objects to this Interrogatory to the extent that it seeks information about the identities of individual non-parties, the disclosure of which may lead to the invasion of privacy, harassment, or unnecessary involvement of individuals who are non-parties.

**INTERROGATORY NO. 3:**

Please IDENTIFY ALL DOCUMENTS that RELATE TO YOUR annual gross revenues in 2015.

**RESPONSE TO INTERROGATORY NO. 3:**

Mr. Ross incorporates by reference each of the foregoing General Objections as if fully set forth herein.  Mr. Ross objects to the definition of "YOUR" as overbroad and vague and ambiguous.  Mr. Ross will interpret "YOUR" to refer solely to Jeff Ross, the individual.  Mr. Ross further objects to undefined term "annual gross revenues" as vague and ambiguous, insofar as Mr. Ross is an individual to whom revenue information is inapplicable.  Mr. Ross further objects to this Interrogatory as oppressive, burdensome, and harassing to the extent it seeks information not kept in the ordinary course of business.  Mr. Ross further objects to this Interrogatory to the extent that the financial information sought in this Interrogatory is irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes.  Mr. Ross further objects to this Interrogatory as overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defense and is not proportional to the needs of the case, especially to the extent the Interrogatory relates to financial information not attributable to any alleged infringement.  Mr. Ross further objects to this Interrogatory to the extent it seeks the identification of "all documents" and not information proportional to the needs of this case.  Mr. Ross further objects to the extent that it seeks the identification of confidential information prior to the entry of a suitable protective order in this case.  Mr. Ross further objects to this Interrogatory to the extent it seeks personal financial information subject to the attorney-client privilege, the attorney

Glaser Weil

1    work-product doctrine, the joint-defense and/or common interest privilege, the right

2    of privacy, or any other applicable privileges.  Mr. Ross further objects to this

3    Interrogatory to the extent it purports to require the identification of documents from

4    sources that are not reasonably accessible because of undue burden and cost.

5

6    DATED:  April 18, 2016                GLASER WEIL FINK HOWARD
                                            AVCHEN & SHAPIRO LLP
7

8                                           By: /s/ Erica J. Van Loon
9                                               PATRICIA L. GLASER
                                                ERICA J. VAN LOON
10                                              BRITTANY ELIAS
11                                              *Attorneys for Defendants*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

7

**Glaser Weil**

1

## PROOF OF SERVICE

2       I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, 19th Floor, Los Angeles, California 90067.

3

4       On April 18, 2016, I served the foregoing document(s) described as: **JEFF ROSS' OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)** on

5 the interested parties to this action at the following address(es):

6       SEE ATTACHED LIST

7 ☐   **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall

8 be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to

9 this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of

10 deposit for mailing contained in this affidavit.

11 ☐   **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed

12 document(s) on the individual(s) listed on the attached mailing list.

13 ☒   **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

14

15 ☐   **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows: I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service

16 carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

17 ☐   **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached

18 service list.

19 ☐   **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

20

21 ☐   (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

22

23 ☒   (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

24

25 Executed on April 18, 2016, at Los Angeles, California.

26                           /s/ Nicholas E. Huskins
                          Nicholas E. Huskins

27

28

1173932                                                        15cv01637-JLS-DHB

**SERVICE LIST**

1

2   Jayson M. Lorenzo
    2794 Gateway Road, Suite 116
3   Carlsbad, CA 92009
    (Tel)  760-517-6646
4   (Fax) 760-520-7900
    Jmlorenzo.esq@gmail.com
5   Attorney for Plaintiff
    Robert Alexander Kaseberg
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT Q

PATRICIA L. GLASER – State Bar No. 55668
pglaser@glaserweil.com
ERICA J. VAN LOON - State Bar No. 227712
evanloon@glaserweil.com
BRITTANY ELIAS - State Bar No. 305922
belias@glaserweil.com
GLASER WEIL FINK HOWARD
   AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:  (310) 556-2920
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG, | CASE NO.: 15-CV-01637-JLS-DHB |
| Plaintiff, | Hon. Janis L. Sammartino |
| v. | **CONACO, LLC'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)** |
| CONACO, LLC, TURNER BROADCASTING SYSTEM, TIME WARNER, INC., CONAN O'BRIEN, JEFF ROSS, MIKE SWEENEY; DOES 1-50, inclusive, | |
| Defendants. | |

PROPOUNDING PARTY:      ROBERT ALEXANDER KASEBERG

RESPONDING PARTY:      CONACO, LLC

SET NO.:                            ONE

Pursuant to Fed. R. Civ. P. 26 and 33, Defendant Conaco, LLC ("Conaco"), hereby answers, objects, or otherwise responds to Plaintiff Robert Alexander Kaseberg's ("Plaintiff" or "Kaseberg") First Set of Interrogatories.  Conaco expressly reserves the right to supplement, amend, or correct these responses.

**PRELIMINARY STATEMENT**

These responses are made solely for the purpose of this action.  Each answer is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds which would require the exclusion of any statement herein if the Interrogatories were asked of, or any statements contained herein were made by, a witness present and testifying in Court, all of which objections and grounds are reserved and may be interposed at the time of trial.

Conaco has not completed its investigation of the facts relating to this case and has not completed its preparation for trial.  The following responses are based upon information presently available to Conaco and are made without prejudice to Conaco of the right to utilize subsequently discovered facts.

Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby.  The fact that Conaco has answered any interrogatories should not be taken as an admission that Conaco accepts or admits the existence of any facts set forth or assumed by such interrogatory, or that such response constitutes admissible evidence.  The fact that Conaco has answered part or all of any interrogatory is not intended and shall not be construed to be a waiver by Conaco of all or any part of any objection to any interrogatory.

The Preliminary Statement is incorporated into each of the responses set forth below.

**GENERAL OBJECTIONS**

Conaco generally objects to these Interrogatories on each and every one of the following grounds, which are incorporated into and made a part of Conaco's response to each and every Interrogatory.

1.      Conaco objects to the extent the Interrogatories seek to impose obligations upon Conaco not required by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of California

("Local Rules"), or the Orders of this Court.  Conaco's responses shall be controlled by and comply with the requirements of the Federal Rules, the Local Rules, and the Orders of this Court.

2.      Conaco objects to extent the Interrogatories seek information not relevant to any claim or defense of a party, and expressly reserves all rights to withhold information or documents on that basis alone or in conjunction with other bases set forth herein.

3.      Conaco objects to the extent the Interrogatories are vague, ambiguous, and incomprehensible.  As drafted, the Interrogatories could require responses and/or the production of documents that have no relationship to the facts and issues in dispute and which are not reasonably calculated to lead to the discovery of admissible evidence.

4.      Conaco objects to the Interrogatories and their accompanying "Definitions" and "Instructions" as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and information or documents that are neither relevant nor proportional to the needs of the case.

5.      Conaco objects to the extent the Interrogatories call for information which is confidential and proprietary, including trade secrets and sensitive financial information, prior to the entry of a protective order in this action.

6.      Conaco objects to the extent the Interrogatories seek information which is publicly available and/or equally available to Plaintiff and the burden of obtaining the responsive information is substantially the same for Plaintiff as it is for Conaco.

7.      Conaco objects to the extent the Interrogatories are unreasonably duplicative in nature, and/or designed to harass and increase costs, rather than reflect a good faith effort at seeking relevant evidence.

8.      Conaco objects to the extent the Interrogatories call for the disclosure of documents or information subject to the attorney-client privilege, the attorney work-

**CONACO, LLC'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

15cv01637-JLS-DHB

1173961

product doctrine, the joint-defense and/or common interest privilege, the right of privacy, or any other applicable privileges.  Such information or documents shall not be provided in response to these interrogatories, and any inadvertent disclosure or production thereof shall not be deemed a waiver of any privilege or protection with respect to such information or documents.

9.    Conaco objects to the extent the Interrogatories seek documents or information which are subject to certain confidentiality provisions between Conaco and/or its affiliated companies and/or others and which may not be disclosed absent the consent of the parties to such contracts.

10.    Conaco objects to the extent the Interrogatories seek documents or information from sources that are not reasonably accessible because of undue burden and cost.

11.    Conaco objects to the definition of "YOU" and "YOUR" as vague, ambiguous, overbroad, unduly burdensome, not relevant, and not likely to lead to the discovery of admissible evidence, to the extent they purport to require Conaco to respond on behalf of persons or entities other than Conaco.  For purposes of its responses herein, Conaco will interpret "YOU" and "YOUR" to refer to Conaco, LLC, and its directors, officers, and employees only.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Please IDENTIFY YOUR annual gross revenues in 2015.

**RESPONSE TO INTERROGATORY NO. 1:**

Conaco incorporates by reference each of the foregoing General Objections as if fully set forth herein.  Conaco objects to the definition of "YOUR" as overbroad and vague and ambiguous.  Conaco will interpret "YOUR" to refer to Conaco, LLC and its directors, officers, and employees only.  Conaco further objects to the undefined term "annual gross revenues" as vague and ambiguous in that it fails to specifically identify what revenue information it seeks from Conaco.  Conaco further

4

1  objects to this Interrogatory as Conaco's annual gross revenues are irrelevant to

2  Plaintiff's claim for alleged damages as to four one-liner jokes.  Conaco further

3  objects to this Interrogatory as overbroad, unduly burdensome, and harassing to the

4  extent the proposed discovery seeks financial information which is not relevant to any

5  party's claim or defense and is not proportional to the needs of the case, especially to

6  the extent the Interrogatory seeks revenue information not attributable to any alleged

7  infringement.  Conaco further objects to this Interrogatory to the extent it seeks

8  confidential financial information prior to the entry of a suitable protective order in

9  this case.  Conaco further objects to this Interrogatory to the extent it seeks

10 information which is subject to certain confidentiality provisions between Conaco

11 and/or its affiliated companies and/or others and which may not be disclosed absent

12 the consent of the parties to such contracts.

13 **INTERROGATORY NO. 2:**

14      Please IDENTIFY ALL WITNESSES and PERSONS who calculate and/or

15 determine YOUR annual gross revenues in 2015.

16 **RESPONSE TO INTERROGATORY NO. 2:**

17      Conaco incorporates by reference each of the foregoing General Objections as

18 if fully set forth herein.  Conaco objects to the definition of "YOUR" as overbroad

19 and vague and ambiguous.  Conaco will interpret "YOUR" to refer to Conaco, LLC,

20 and its directors, officers, and employees only.  Conaco further objects to the

21 undefined term "annual gross revenues" as vague and ambiguous in that it fails to

22 specifically identify the revenue information to which this Interrogatory relates.

23 Conaco further objects to this Interrogatory as Conaco's annual gross revenues, and

24 the identification of those individuals that calculate and/or determine Conaco's annual

25 gross revenues, are irrelevant to Plaintiff's claim for alleged damages as to four one-

26 liner jokes.  Conaco further objects to this Interrogatory as overbroad, unduly

27 burdensome, and harassing to the extent the proposed discovery seeks financial

28 information which is not relevant to any party's claims or defense and is not

5

Glaser Weil

1  proportional to the needs of the case, especially to the extent the Interrogatory relates

2  to revenue information not attributable to any alleged infringement.  Conaco further

3  objects to this Interrogatory to the extent that it seeks information about the identities

4  of individual non-parties, the disclosure of which may lead to the invasion of privacy,

5  harassment, or unnecessary involvement of individuals who are non-parties.  Conaco

6  further objects to this Interrogatory to the extent it seeks information which is subject

7  to certain confidentiality provisions between Conaco and/or its affiliated companies

8  and/or others and which may not be disclosed absent the consent of the parties to such

9  contracts.

10  **INTERROGATORY NO. 3:**

11      Please IDENTIFY ALL DOCUMENTS that RELATE TO YOUR annual gross

12  revenues in 2015.

13  **RESPONSE TO INTERROGATORY NO. 3:**

14      Conaco incorporates by reference each of the foregoing General Objections as

15  if fully set forth herein.  Conaco objects to the definition of "YOUR" as overbroad

16  and vague and ambiguous.  Conaco will interpret "YOUR" to refer to Conaco, LLC,

17  and its directors, officers, and employees only.  Conaco further objects to the

18  undefined term "annual gross revenues" as vague and ambiguous in that it fails to

19  specifically identify the revenue information to which this Interrogatory relates.

20  Conaco further objects to this Interrogatory as Conaco's annual gross revenues, and

21  the identification of documents relating to such, are irrelevant to Plaintiff's claims for

22  alleged damages as to four one-liner jokes.  Conaco further objects to this

23  Interrogatory as overbroad, unduly burdensome, and harassing to the extent the

24  Interrogatory seeks the identification of documents containing financial information

25  which is not relevant to any party's claims or defenses, and is not proportional to the

26  needs of the case, especially to the extent the Interrogatory relates to revenue

27  information which is not attributable to any alleged infringement.  Conaco further

28  objects to this Interrogatory to the extent it seeks the identification of "all documents"

6

Glaser Weil

1  and not information proportional to the needs of this case.  Conaco further objects to

2  this Interrogatory to the extent that it seeks the identification of confidential

3  information prior to the entry of a suitable protective order in this case.  Conaco

4  further objects to this Interrogatory to the extent it seeks the identification of

5  documents which are subject to certain confidentiality provisions between Conaco

6  and/or its affiliated companies and/or others and which may not be disclosed absent

7  the consent of the parties to such contracts.  Conaco further objects to this

8  Interrogatory to the extent it calls for the identification of documents or information

9  subject to the attorney-client privilege, the attorney work-product doctrine, the joint-

10 defense and/or common interest privilege, or any other applicable privileges.  Conaco

11 further objects to this Interrogatory to the extent it purports to require the

12 identification of documents from sources that are not reasonably accessible because

13 of undue burden and cost.

14 **INTERROGATORY NO. 4:**

15    Please IDENTIFY the names of all persons on YOUR writing staff including

16 any and writing staff interns within the last five years.

17 **RESPONSE TO INTERROGATORY NO. 4:**

18    Conaco incorporates by reference each of the foregoing General Objections as

19 if fully set forth herein.  Conaco objects to the definition of "YOUR" as overbroad

20 and vague and ambiguous.  Conaco will interpret "YOUR" to refer to Conaco, LLC,

21 and its directors, officers, and employees only.  Conaco further objects to this

22 Interrogatory as overbroad, unduly burdensome, and harassing to the extent the

23 Interrogatory seeks information which is not relevant to any party's claim or defense

24 and is not proportional to the needs of the case, especially to the extent the

25 Interrogatory is not limited in scope to those writers that wrote, created or edited the

26 jokes specifically identified in the Complaint.  Conaco further objects to this

27 Interrogatory to the extent that it seeks information about the identities of individual

28 non-parties, the disclosure of which may lead to the invasion of privacy, harassment,

7

**Glaser Weil**

or unnecessary involvement of individuals who are non-parties. Conaco further objects to this Interrogatory to the extent it purports to require the identification of information from sources that are not reasonably accessible because of undue burden and cost.

Subject to and without waiving the foregoing general and specific objections, Conaco responds as follows: The following members of the writing staff wrote, created, and/or edited the jokes at issue:

(1) Josh Comers

(2) Rob Kutner

(3) Brian Kiley

(4) Mike Sweeney

**INTERROGATORY NO. 5:**

For each person listed in INTERROGATORY NO. 4 please provide the gross revenue or annual salary of each person listed in 2015.

**RESPONSE TO INTERROGATORY NO. 5:**

Conaco incorporates by reference each of the foregoing General Objections as if fully set forth herein. Conaco further objects to this Interrogatory as overbroad, unduly burdensome, and harassing to the extent the Interrogatory seeks information which is not relevant to any party's claim or defense and is not proportional to the needs of the case, especially to the extent the Interrogatory is not limited in scope to those writers that wrote, created or edited the jokes specifically identified in the Complaint. Conaco further objects to this Interrogatory to the extent it seeks the identification of confidential information prior to the entry of a suitable protective order in this case. Conaco further objects that the gross revenues or annual salary of the writing staff or writing staff interns are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes. Conaco further objects to this Interrogatory to the extent it seeks personal financial information subject to the attorney-client privilege, the attorney work-product doctrine, the right of privacy, or any other applicable

1 privileges.

2 **INTERROGATORY NO. 6:**

3     Please IDENTIFY the person most knowledgeable regarding the writing,

4 submission and use of jokes on YOUR "CONAN" show monologue in 2015.

5 **RESPONSE TO INTERROGATORY NO. 6:**

6     Conaco incorporates by reference each of the foregoing General Objections as

7 if fully set forth herein.  Conaco objects to the definition of "YOUR" as overbroad

8 and vague and ambiguous.  Conaco will interpret "YOUR" to refer to Conaco, LLC,

9 and its directors, officers, and employees only.

10     Subject to and without waiving the foregoing general and specific objections,

11 Conaco responds as follows:  Mike Sweeney is Conaco's person most knowledgeable

12 regarding the writing, submission and use of jokes on the "CONAN" show

13 monologue in 2015.

14 **INTERROGATORY NO. 7:**

15     Please IDENTIFY the names of all person on YOUR writing staff including

16 any and writing staff interns who have submitted material or jokes for YOUR

17 "CONAN" show monologue in the last three years.

18 **RESPONSE TO INTERROGATORY NO. 7:**

19     Conaco incorporates by reference each of the foregoing General Objections as

20 if fully set forth herein.  Conaco objects to the definition of "YOUR" as overbroad

21 and vague and ambiguous.  Conaco will interpret "YOUR" to refer to Conaco, LLC,

22 and its directors, officers, and employees only.  Conaco further objects to this

23 Interrogatory as overbroad, unduly burdensome, and harassing to the extent the

24 Interrogatory seeks information which is not relevant to any party's claim or defense

25 and is not proportional to the needs of the case, especially to the extent the

26 Interrogatory is not limited in scope to those writers that wrote, created or edited the

27 jokes specifically identified in the Complaint.  Conaco further objects to this

28 Interrogatory to the extent that it seeks information about the identities of individual

9

15cv01637-JLS-DHB

1173961

Glaser Weil

1  non-parties, the disclosure of which may lead to the invasion of privacy, harassment,

2  or unnecessary involvement of individuals who are non-parties.  Conaco further

3  objects to the extent this Interrogatory is duplicative of Interrogatory No. 4.  Conaco

4  further objects to this Interrogatory to the extent it purports to require the

5  identification of information from sources that are not reasonably accessible because

6  of undue burden and cost.

7       Subject to and without waiving the foregoing general and specific objections,

8  Conaco responds as follows: The following members of the writing staff wrote,

9  created and/or edited the jokes at issue for the "Conan" show monologue:

10      (1) Josh Comers

11      (2) Rob Kutner

12      (3) Brian Kiley

13      (4) Mike Sweeney

14

15  DATED:  April 18, 2016          GLASER WEIL FINK HOWARD
                                    AVCHEN & SHAPIRO LLP
16

17

18                                  By: /s/ Erica J. Van Loon

                                        PATRICIA L. GLASER
19                                      ERICA J. VAN LOON

                                        BRITTANY ELIAS
20                                      Attorneys for Defendants

21

22

23

24

25

26

27

28

**CONACO, LLC'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**
15cv01637-JLS-DHB

1173961

## VERIFICATION

I, Mike Sweeney, have read the foregoing Conaco, LLC's Objections and Response to Plaintiff's Interrogatories (Set One) and know its contents.

I am a writer and producer for the "Conan" show, and am authorized to make this verification for and on behalf of Conaco, LLC. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on _____, 2016 at _____.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Mike Sweeney
Conaco, LLC

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, 19th Floor, Los Angeles, California 90067.

On April 18, 2016, I served the foregoing document(s) described as: **CONACO, LLC's OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)** on the interested parties to this action at the following address(es):

SEE ATTACHED LIST

☐ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☒ **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☐ **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows: I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☐ **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

☐ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☐ (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on April 18, 2016, at Los Angeles, California.

/s/ Nicholas E. Huskins
Nicholas E. Huskins

1
**PROOF OF SERVICE**

15cv01637-JLS-DHB

1173961

## SERVICE LIST

1

2  Jayson M. Lorenzo
   2794 Gateway Road, Suite 116
3  Carlsbad, CA 92009
   (Tel)  760-517-6646
4  (Fax) 760-520-7900
   Jmlorenzo.esq@gmail.com
5  Attorney for Plaintiff
   Robert Alexander Kaseberg
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# EXHIBIT R

27
28

1   PATRICIA L. GLASER – State Bar No. 55668
    pglaser@glaserweil.com
2   ERICA J. VAN LOON - State Bar No. 227712
    evanloon@glaserweil.com
3   BRITTANY ELIAS - State Bar No. 305922
    belias@glaserweil.com
4   GLASER WEIL FINK HOWARD
      AVCHEN & SHAPIRO LLP
5   10250 Constellation Boulevard, 19th Floor
    Los Angeles, California 90067
6   Telephone:  (310) 553-3000
    Facsimile:  (310) 556-2920
7   *Attorneys for Defendants*

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  ROBERT ALEXANDER KASEBERG,          CASE NO.: 15-CV-01637-JLS-DHB

12              Plaintiff,              Hon. Janis L. Sammartino

13  v.
                                        **TURNER BROADCASTING**
14                                      **SYSTEM, INC.'S OBJECTIONS**
    CONACO, LLC, TURNER               **AND RESPONSE TO**
15  BROADCASTING SYSTEM, TIME         **PLAINTIFF'S**
    WARNER, INC., CONAN O'BRIEN,      **INTERROGATORIES (SET ONE)**
16  JEFF ROSS, MIKE SWEENEY; DOES
    1-50, inclusive,
17
                Defendants.
18

19

20  PROPOUNDING PARTY:      ROBERT ALEXANDER KASEBERG

21  RESPONDING PARTY:       TURNER BROADCASTING SYSTEM, INC.

22  SET NO.:                ONE

23

24       Pursuant to Fed. R. Civ. P. 26 and 33, Defendant Turner Broadcasting System,

25  Inc. ("TBS") hereby answers, objects, or otherwise responds to Plaintiff Robert

26  Alexander Kaseberg's ("Plaintiff" or "Kaseberg") First Set of Interrogatories.  TBS

27  expressly reserves the right to supplement, amend, or correct these responses.

28

*Glaser Weil*

## **PRELIMINARY STATEMENT**

These responses are made solely for the purpose of this action.  Each answer is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds which would require the exclusion of any statement herein if the Interrogatories were asked of, or any statements contained herein were made by, a witness present and testifying in Court, all of which objections and grounds are reserved and may be interposed at the time of trial.

TBS has not completed its investigation of the facts relating to this case and has not completed its preparation for trial.  The following responses are based upon information presently available to TBS and are made without prejudice to TBS of the right to utilize subsequently discovered facts.

Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby.  The fact that TBS has answered any interrogatories should not be taken as an admission that TBS accepts or admits the existence of any facts set forth or assumed by such interrogatory, or that such response constitutes admissible evidence.  The fact that TBS has answered part or all of any interrogatory is not intended and shall not be construed to be a waiver by TBS of all or any part of any objection to any interrogatory.

The Preliminary Statement is incorporated into each of the responses set forth below.

## **GENERAL OBJECTIONS**

TBS generally objects to these Interrogatories on each and every one of the following grounds, which are incorporated into and made a part of TBS's response to each and every Interrogatory:

1.     TBS objects to the extent the Interrogatories seek to impose obligations upon TBS not required by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of California ("Local

**TBS'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

15cv01637-JLS-DHB

Rules"), or the Orders of this Court.  TBS's responses shall be controlled by and comply with the requirements of the Federal Rules, the Local Rules, and the Orders of this Court.

2.      TBS objects to extent the Interrogatories seek information not relevant to any claim or defense of a party, and expressly reserves all rights to withhold information or documents on that basis alone or in conjunction with other bases set forth herein.

3.      TBS objects to the extent the Interrogatories are vague, ambiguous, and incomprehensible.  As drafted, the Interrogatories could require responses and/or the production of documents that have no relationship to the facts and issues in dispute and which are not reasonably calculated to lead to the discovery of admissible evidence.

4.      TBS objects to the Interrogatories and their accompanying "Definitions" and "Instructions" as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and information or documents that are neither relevant nor proportional to the needs of the case.

5.      TBS objects to the extent the Interrogatories call for information which is confidential and proprietary, including trade secrets and sensitive financial information, prior to the entry of a protective order in this action.

6.      TBS objects to the extent the Interrogatories seek information which is publicly available and/or equally available to Plaintiff and the burden of obtaining the responsive information is substantially the same for Plaintiff as it is for TBS.

7.      TBS objects to the extent the Interrogatories are unreasonably duplicative in nature, and/or designed to harass and increase costs, rather than reflect a good faith effort at seeking relevant evidence.

8.      TBS objects to the extent the Interrogatories call for the disclosure of documents or information subject to the attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or common interest privilege, or any other

applicable privileges.  Such information or documents shall not be provided in response to these interrogatories, and any inadvertent disclosure or production thereof shall not be deemed a waiver of any privilege or protection with respect to such information or documents.

9.     TBS objects to the extent the Interrogatories seek documents or information which are subject to certain confidentiality provisions between TBS and/or its affiliated companies and/or others and which may not be disclosed absent the consent of the parties to such contracts.

10.     TBS objects to the extent the Interrogatories seek documents or information from sources that are not reasonably accessible because of undue burden and cost.

11.     TBS objects to the definition of "YOU" and "YOUR" as vague, ambiguous, overbroad, unduly burdensome, not relevant, and not likely to lead to the discovery of admissible evidence, to the extent they purport to require TBS to respond on behalf of persons or entities other than TBS.  For purposes of its responses herein, TBS will interpret "YOU" and "YOUR" to refer to Turner Broadcasting System, Inc. and its directors, officers, and employees only.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Please IDENTIFY YOUR annual gross revenues in 2015.

### RESPONSE TO INTERROGATORY NO. 1:

TBS incorporates by reference each of the foregoing General Objections as if fully set forth herein.  TBS further objects to the definition of "YOUR" as overbroad and vague and ambiguous.  TBS will interpret "YOUR" to refer to Turner Broadcasting System, Inc. and its directors, officers, and employees only.  TBS further objects to the undefined term "annual gross revenues" as vague and ambiguous in that it fails to specifically identify what revenue information it seeks from TBS.  TBS further objects to this Interrogatory as TBS's annual gross revenues

Glaser Weil

are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes. TBS

further objects to this Interrogatory as harassing as TBS is a global media company

that creates and programs branded news; entertainment; kids and young adult; and

sports media environments on television and other platforms for consumers around

the world, unrelated to the TBS television network and/or the "Conan" show. TBS

further objects to this Interrogatory as overbroad, unduly burdensome, and harassing

to the extent the proposed discovery seeks financial information which is not relevant

to any party's claim or defense and is not proportional to the needs of the case,

especially to the extent the Interrogatory seeks revenue information not attributable to

any alleged infringement. TBS further objects to this Interrogatory to the extent it

seeks publicly accessible revenue information equally available to Plaintiff. TBS

further objects to this Interrogatory to the extent it seeks information which is subject

to certain confidentiality provisions between TBS and/or its affiliated companies

and/or others and which may not be disclosed absent the consent of the parties to such

contracts.

**INTERROGATORY NO. 2:**

Please IDENTIFY ALL WITNESSES and PERSONS who calculate and/or

determine YOUR annual gross revenues in 2015.

**RESPONSE TO INTERROGATORY NO. 2:**

TBS incorporates by reference each of the foregoing General Objections as if

fully set forth herein. TBS objects to the definition of "YOUR" as overbroad and

vague and ambiguous. TBS will interpret "YOUR" to refer to Turner Broadcasting

System, Inc. and its directors, officers, and employees only. TBS further objects to

the undefined term "annual gross revenues" as vague and ambiguous in that it fails to

specifically identify the revenue information to which this Interrogatory relates. TBS

further objects to this Interrogatory as TBS's annual gross revenues, and the

identification of those individuals that calculate and/or determine TBS's annual gross

revenues, are irrelevant to Plaintiff's claim for alleged damages as to four one-liner

**Glaser Weil**

**TBS'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

15cv01637-JLS-DHB

jokes.  TBS further objects to this Interrogatory as harassing as TBS is a global media company that creates and programs branded news; entertainment; kids and young adult; and sports media environments on television and other platforms for consumers around the world, unrelated to the TBS television network and/or the "Conan" show. TBS further objects to this Interrogatory as overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defense and is not proportional to the needs of the case, especially to the extent the Interrogatory relates to revenue information not attributable to any alleged infringement.  TBS further objects to this Interrogatory to the extent that it seeks information about the identities of individual non-parties, the disclosure of which may lead to the invasion of privacy, harassment, or unnecessary involvement of individuals who are non-parties.  TBS further objects to this Interrogatory to the extent it seeks information which is subject to certain confidentiality provisions between TBS and/or its affiliated companies and/or others and which may not be disclosed absent the consent of the parties to such contracts.

**INTERROGATORY NO. 3:**

Please IDENTIFY ALL DOCUMENTS that RELATE TO YOUR annual gross revenues in 2015.

**RESPONSE TO INTERROGATORY NO. 3:**

TBS incorporates by reference each of the foregoing General Objections as if fully set forth herein.  TBS objects to the definition of "YOUR" as overbroad and vague and ambiguous.  TBS will interpret "YOUR" to refer to Turner Broadcasting System, Inc. and its directors, officers, and employees only.  TBS objects to the undefined term "annual gross revenues" as vague and ambiguous in that it fails to specifically identify the revenue information to which this Interrogatory relates.  TBS further objects to this Interrogatory as TBS's annual gross revenues, and the identification of documents relating to such, are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes.  TBS further objects to this Interrogatory

as harassing as TBS is a global media company that creates and programs branded news; entertainment; kids and young adult; and sports media environments on television and other platforms for consumers around the world, unrelated to the TBS television network and/or the "Conan" show.  TBS further objects to this Interrogatory as overbroad, unduly burdensome, and harassing to the extent the Interrogatory seeks the identification of documents containing financial information which is not relevant to any party's claim or defense and is not proportional to the needs of the case, especially to the extent the Interrogatory relates to revenue information not attributable to any alleged infringement.  TBS objects to this Interrogatory to the extent it seeks the identification of "all documents" and not information proportional to the needs of this case.  TBS further objects to this Interrogatory to the extent that it seeks the identification of confidential information prior to the entry of a suitable protective order in this case.  TBS further objects to this Interrogatory to the extent it seeks the identification of documents which are subject to certain confidentiality provisions between TBS and/or its affiliated companies and/or others and which may not be disclosed absent the consent of the parties to such contracts.  TBS further objects to this Interrogatory to the extent it calls for the identification of documents or information subject to the attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or common interest privilege, or any other applicable privileges.  TBS further objects to this Interrogatory to the extent it purports to require the identification of documents from sources that are not reasonably accessible because of undue burden and cost.

**TBS'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**
15cv01637-JLS-DHB

1169975

**Glaser Weil**

1   DATED:  April 18, 2016          GLASER WEIL FINK HOWARD
                                    AVCHEN & SHAPIRO LLP
2

3

4                                   By: /s/ Erica J. Van Loon
                                        PATRICIA L. GLASER
5                                       ERICA J. VAN LOON
                                        BRITTANY ELIAS
6                                       *Attorneys for Defendants*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TBS'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)
15cv01637-JLS-DHB

1169975

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, 19th Floor, Los Angeles, California 90067.

On April 18, 2016, I served the foregoing document(s) described as: **TURNER BROADCASTING SYSTEM, INC.'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)** on the interested parties to this action at the following address(es):

SEE ATTACHED LIST

☐ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☒ **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☐ **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows: I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☐ **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

☐ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☐ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on April 18, 2016, at Los Angeles, California.

/s/ Nicholas E. Huskins
Nicholas E. Huskins

15cv01637-JLS-DHB

1169975

1

**<u>SERVICE LIST</u>**

2

Jayson M. Lorenzo
2794 Gateway Road, Suite 116
3   Carlsbad, CA 92009
(Tel)  760-517-6646
4   (Fax) 760-520-7900
Jmlorenzo.esq@gmail.com
5   Attorney for Plaintiff
Robert Alexander Kaseberg

6

7

8

9

10

11

**Glaser Weil**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT S

1  PATRICIA L. GLASER – State Bar No. 55668
   pglaser@glaserweil.com
2  ERICA J. VAN LOON - State Bar No. 227712
   evanloon@glaserweil.com
3  BRITTANY ELIAS - State Bar No. 305922
   belias@glaserweil.com
4  GLASER WEIL FINK HOWARD
     AVCHEN & SHAPIRO LLP
5  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
6  Telephone:  (310) 553-3000
   Facsimile:  (310) 556-2920
7  *Attorneys for Defendants*

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11  ROBERT ALEXANDER KASEBERG,          CASE NO.: 15-CV-01637-JLS-DHB

12              Plaintiff,              Hon. Janis L. Sammartino

13  v.

14                                      **TIME WARNER INC.'S
                                        OBJECTIONS AND RESPONSE**
15  CONACO, LLC, TURNER                 **TO PLAINTIFF'S**
    BROADCASTING SYSTEM, TIME           **INTERROGATORIES (SET ONE)**
16  WARNER, INC., CONAN O'BRIEN,
    JEFF ROSS, MIKE SWEENEY; DOES
17  1-50, inclusive,

18              Defendants.

19

20  PROPOUNDING PARTY:       ROBERT ALEXANDER KASEBERG

21  RESPONDING PARTY:        TIME WARNER INC.

22  SET NO.:                 ONE

23

24        Pursuant to Fed. R. Civ. P. 26 and 33, Defendant Time Warner Inc. ("Time

25  Warner") hereby answers, objects, or otherwise responds to Plaintiff Robert

26  Alexander Kaseberg's ("Plaintiff" or "Kaseberg") First Set of Interrogatories.  Time

27  Warner expressly reserves the right to supplement, amend, or correct these responses.

28

# **PRELIMINARY STATEMENT**

These responses are made solely for the purpose of this action.  Each answer is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds which would require the exclusion of any statement herein if the Interrogatories were asked of, or any statements contained herein were made by, a witness present and testifying in Court, all of which objections and grounds are reserved and may be interposed at the time of trial.

Time Warner has not completed its investigation of the facts relating to this case and has not completed its preparation for trial.  The following responses are based upon information presently available to Time Warner and are made without prejudice to Time Warner of the right to utilize subsequently discovered facts.

Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby.  The fact that Time Warner has answered any interrogatories should not be taken as an admission that Time Warner accepts or admits the existence of any facts set forth or assumed by such interrogatory, or that such response constitutes admissible evidence.  The fact that Time Warner has answered part or all of any interrogatory is not intended and shall not be construed to be a waiver by Time Warner of all or any part of any objection to any interrogatory.

The Preliminary Statement is incorporated into each of the responses set forth below.

# **GENERAL OBJECTIONS**

Time Warner generally objects to these Interrogatories on each and every one of the following grounds, which are incorporated into and made a part of Time Warner's response to each and every Interrogatory:

1.      Time Warner objects to the extent the Interrogatories seek to impose obligations upon Time Warner not required by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of

**TIME WARNER'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

15cv01637-JLS-DHB

California ("Local Rules"), or the Orders of this Court.  Time Warner's responses shall be controlled by and comply with the requirements of the Federal Rules, the Local Rules, and the Orders of this Court.

2.     Time Warner objects to extent the Interrogatories seek information not relevant to any claim or defense of a party, and expressly reserves all rights to withhold information or documents on that basis alone or in conjunction with other bases set forth herein.

3.     Time Warner objects to the extent the Interrogatories are vague, ambiguous, and incomprehensible.  As drafted, the Interrogatories could require responses and/or the production of documents that have no relationship to the facts and issues in dispute and which are not reasonably calculated to lead to the discovery of admissible evidence.

4.     Time Warner objects to the Interrogatories and their accompanying "Definitions" and "Instructions" as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and information or documents that are neither relevant nor proportional to the needs of the case.

5.     Time Warner objects to the extent the Interrogatories call for information which is confidential and proprietary, including trade secrets and sensitive financial information, prior to the entry of a protective order in this action.

6.     Time Warner objects to the extent the Interrogatories seek information which is publicly available and/or equally available to Plaintiff and the burden of obtaining the responsive information is substantially the same for Plaintiff as it is for Time Warner.

7.     Time Warner objects to the extent the Interrogatories are unreasonably duplicative in nature, and/or designed to harass and increase costs, rather than reflect a good faith effort at seeking relevant evidence.

8.     Time Warner objects to the extent the Interrogatories call for the

Glaser Weil

disclosure of documents or information subject to the attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or common interest privilege, or any other applicable privileges.  Such information or documents shall not be provided in response to these interrogatories, and any inadvertent disclosure or production thereof shall not be deemed a waiver of any privilege or protection with respect to such information or documents.

9.     Time Warner objects to the extent the Interrogatories seek documents or information which are subject to certain confidentiality provisions between Time Warner and/or its affiliated companies and/or others and which may not be disclosed absent the consent of the parties to such contracts.

10.     Time Warner objects to the extent the Interrogatories seek documents or information from sources that are not reasonably accessible because of undue burden and cost.

11.     Time Warner objects to the definition of "YOU" and "YOUR" as vague, ambiguous, overbroad, unduly burdensome, not relevant, and not likely to lead to the discovery of admissible evidence, to the extent they purport to require Time Warner to respond on behalf of persons or entities other than Time Warner.  For purposes of its responses herein, Time Warner will interpret "YOU" and "YOUR" to refer to Time Warner Inc., and its directors, officers, and employees only.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Please IDENTIFY YOUR annual gross revenues in 2015.

### RESPONSE TO INTERROGATORY NO. 1:

Time Warner incorporates by reference each of the foregoing General Objections as if fully set forth herein.  Time Warner objects to the definition of "YOUR" as overbroad and vague and ambiguous.  Time Warner will interpret "YOUR" to refer to Time Warner Inc., and its directors, officers, and employees only.  Time Warner further objects to the undefined term "annual gross revenues" as vague

4

and ambiguous in that it fails to specifically identify what revenue information it seeks from Time Warner.  Time Warner further objects to this Interrogatory as Time Warner's annual gross revenues are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes.  Time Warner further objects to this Interrogatory as harassing as Time Warner is an indirect holding company for Turner Broadcasting System, Inc., as well as numerous other companies, and is an improperly named defendant in this suit.  Time Warner further objects to this Interrogatory as overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defense and is not proportional to the needs of the case, especially to the extent the Interrogatory seeks revenue information not attributable to any alleged infringement.  Time Warner further objects to this Interrogatory to the extent it seeks publicly accessible revenue information equally available to Plaintiff.  Time Warner further objects to this Interrogatory to the extent it seeks information which is subject to certain confidentiality provisions between Time Warner and/or its affiliated companies and/or others and which may not be disclosed absent the consent of the parties to such contracts.

**INTERROGATORY NO. 2:**

Please IDENTIFY ALL WITNESSES and PERSONS who calculate and/or determine YOUR annual gross revenues in 2015.

**RESPONSE TO INTERROGATORY NO. 2:**

Time Warner incorporates by reference each of the foregoing General Objections as if fully set forth herein.  Time Warner objects to the definition of "YOUR" as overbroad and vague and ambiguous.  Time Warner will interpret "YOUR" to refer to Time Warner Inc., and its directors, officers, and employees only. Time Warner further objects to the undefined term "annual gross revenues" as vague and ambiguous in that it fails to specifically identify the revenue information to which this Interrogatory relates.  Time Warner further objects to this Interrogatory as Time

Glaser Weil

Warner's annual gross revenues, and the identification of those individuals that calculate and/or determine Time Warner's annual gross revenues, are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes.  Time Warner further objects to this Interrogatory as harassing as Time Warner is an indirect holding company for Turner Broadcasting System, Inc., as well as numerous other companies, and is an improperly named defendant in this suit.  Time Warner further objects to this Interrogatory as overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defense and is not proportional to the needs of the case, especially to the extent the Interrogatory relates to revenue information not attributable to any alleged infringement.  Time Warner further objects to this Interrogatory to the extent that it seeks information about the identities of individual non-parties, the disclosure of which may lead to the invasion of privacy, harassment, or unnecessary involvement of individuals who are non-parties.  Time Warner further objects to this Interrogatory to the extent it seeks information which is subject to certain confidentiality provisions between Time Warner and/or its affiliated companies and/or others and which may not be disclosed absent the consent of the parties to such contracts.

**INTERROGATORY NO. 3:**

Please IDENTIFY ALL DOCUMENTS that RELATE TO YOUR annual gross revenues in 2015.

**RESPONSE TO INTERROGATORY NO. 3:**

Time Warner incorporates by reference each of the foregoing General Objections as if fully set forth herein.  Time Warner objects to the definition of "YOUR" as overbroad and vague and ambiguous.  Time Warner will interpret "YOUR" to refer to Time Warner Inc., and its directors, officers, and employees only. Time Warner further objects to the undefined term "annual gross revenues" as vague and ambiguous in that it fails to specifically identify the revenue information to which this Interrogatory relates.  Time Warner further objects to this Interrogatory as Time

**TIME WARNER'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

15cv01637-JLS-DHB

Warner's annual gross revenues, and the identification of documents relating to such, are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes. Time Warner further objects to this request as harassing as Time Warner is an indirect holding company for Turner Broadcasting System, Inc., as well as numerous other companies, and is an improperly named defendant in this suit. Time Warner further objects to this Interrogatory as overbroad, unduly burdensome, and harassing to the extent the Interrogatory seeks the identification of documents containing financial information which is not relevant to any party's claim or defense and is not proportional to the needs of the case, especially to the extent the Interrogatory relates to revenue information not attributable to any alleged infringement. Time Warner objects to this Interrogatory to the extent it seeks the identification of "all documents" and not information proportional to the needs of this case. Time Warner further objects to this Interrogatory to the extent that it seeks the identification of confidential information prior to the entry of a suitable protective order in this case. Time Warner further objects to this Interrogatory to the extent it seeks the identification of documents which are subject to certain confidentiality provisions between Time Warner and/or its affiliated companies and/or others and which may not be disclosed absent the consent of the parties to such contracts. Time Warner further objects to this Interrogatory to the extent it calls for the identification of documents or information subject to the attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or common interest privilege, or any other applicable privileges. Time Warner further objects to this Interrogatory to the extent it purports to require the identification of documents from sources that are not reasonably accessible because of undue burden and cost.

**TIME WARNER'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

15cv01637-JLS-DHB

1169958

1

DATED:  April 18, 2016                    GLASER WEIL FINK HOWARD
                                          AVCHEN & SHAPIRO LLP

2

3

4                                          By: /s/ Erica J. Van Loon
                                              PATRICIA L. GLASER
5                                             ERICA J. VAN LOON
                                              BRITTANY ELIAS
6                                             *Attorneys for Defendants*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Glaser Weil**

**TIME WARNER'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)**

15cv01637-JLS-DHB

1169958

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, 19th Floor, Los Angeles, California 90067.

On April 18, 2016, I served the foregoing document(s) described as: **TIME WARNER INC.'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S INTERROGATORIES (SET ONE)** on the interested parties to this action at the following address(es):

SEE ATTACHED LIST

☐ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☒ **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☐ **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows:  I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☐ **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

☐ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☐ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury that the above is true and correct.

Executed on April 18, 2016, at Los Angeles, California.

/s/ Nicholas E. Huskins
Nicholas E. Huskins

1169958

15cv01637-JLS-DHB

**SERVICE LIST**

1

2   Jayson M. Lorenzo
    2794 Gateway Road, Suite 116
3   Carlsbad, CA 92009
    (Tel)  760-517-6646
4   (Fax) 760-520-7900
    Jmlorenzo.esq@gmail.com
5   Attorney for Plaintiff
    Robert Alexander Kaseberg
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1169958

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

# EXHIBIT T

25
26
27
28

1  PATRICIA L. GLASER – State Bar No. 55668
   pglaser@glaserweil.com
2  ERICA J. VAN LOON - State Bar No. 227712
   evanloon@glaserweil.com
3  BRITTANY ELIAS - State Bar No. 305922
   belias@glaserweil.com
4  GLASER WEIL FINK HOWARD
     AVCHEN & SHAPIRO LLP
5  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
6  Telephone:  (310) 553-3000
   Facsimile:   (310) 556-2920
7  *Attorneys for Defendant CONACO, LLC*

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11  ROBERT ALEXANDER KASEBERG,          CASE NO.: 15-CV-01637-JLS-DHB

12          Plaintiff,                  Hon. Janis L. Sammartino

13  v.
                                        **CONACO, LLC'S OBJECTIONS
14                                      AND RESPONSE TO
                                        PLAINTIFF'S REQUEST FOR**
15  CONACO, LLC, TURNER                 **PRODUCTION OF DOCUMENTS**
    BROADCASTING SYSTEM, TIME           **AND THINGS (SET ONE)**
16  WARNER, INC., CONAN O'BRIEN,
    JEFF ROSS, MIKE SWEENEY; DOES
17  1-50, inclusive,

18          Defendants.

19

20  PROPOUNDING PARTY:      ROBERT ALEXANDER KASEBERG

21  RESPONDING PARTY:       CONACO, LLC

22  SET NO.:                ONE

23

24        Pursuant to Fed. R. Civ. P. 26 and 34, Conaco, LLC ("Conaco") hereby

25  provides its objections and responses to Plaintiff, Robert Alexander Kaseberg's

26  ("Plaintiff" or "Kaseberg") Request for Production of Documents and Things (Set

27  One) as follows:

28

**Glaser Weil**

**PRELIMINARY STATEMENT**

In responding to the document requests, Conaco will endeavor to produce those responsive documents presently known by or available to Conaco which are not privileged or otherwise protected from disclosure.  However, the discovery, investigation and preparation for trial of Conaco with respect to this action have not been completed as of the date of these responses.  Conaco anticipates that ongoing discovery and investigation may uncover documents not presently known but upon which they necessarily will rely in this action.  Consequently, the responses contained herein are not intended to and shall not preclude Conaco from relying upon documents uncovered during ongoing discovery and investigation related to this action, whether or not identified or produced herein.  As discovery is ongoing and continuing with respect to each of the categories of documents sought by the document requests, Conaco reserves the right to supplement and/or amend these responses to the document requests at any time up to and including the trial of this action.

**GENERAL OBJECTIONS**

Conaco's responses are subject to the following General Objections, which are incorporated into each and every response as though fully set forth herein:

1.      Conaco objects to these Requests to the extent that they call for the production of documents protected by the attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or common interest privilege, the right of privacy, or any other applicable privileges.  Any inadvertent production of such information shall not be deemed to waive any privilege with respect to such information or any work product doctrine which may attach thereto.

2.      Conaco objects to these Requests to the extent they seek to impose obligations upon Conaco not required by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of California ("Local Rules"), or the Orders of this Court.  Conaco's responses shall be controlled

and comply with the Federal Rules of Civil Procedure, the Local Rules, and the Orders of the Court, and not necessarily by Plaintiff's instructions or definitions.

3.      Conaco objects to these Requests and their accompanying Definitions and Instructions as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and seek documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4.      Conaco objects to these Requests on the grounds that the burden and expense of responding outweighs the likelihood that the information sought may lead to the discovery of admissible evidence and the collection of this information is unreasonably or unduly burdensome, given the needs of the case, the parties' resources, the importance of the discovery in resolving the issues and the availability of alternative, less burdensome or expensive means of obtaining the same or similar information.

5.      Conaco objects to these Requests to the extent they seek production of documents not relevant to any party's claims or defenses or proportional to the needs of the case, and expressly reserves all rights to withhold documents on that basis alone or in conjunction with other bases set forth herein.

6.      Conaco objects to these Requests to the extent they call for the production of documents and information not kept by Conaco in the ordinary course of business.

7.      Conaco objects to these Requests to the extent they seek documents in the possession or control of individuals or entities other than Conaco.

8.      Conaco objects to these Requests to the extent they are unreasonably duplicative in nature, and designed to harass and increase costs, rather than reflect a good faith effort at seeking relevant evidence.

9.      Conaco objects to these Requests to the extent that they call for information which is confidential, commercially sensitive, or which constitute

3

15cv01637-JLS-DHB

1173954

financial or proprietary information or trade secrets or which are otherwise protected from disclosure by law or contract.  To the extent Conaco agrees to produce confidential information, it will do so only pursuant to the entry of a suitable protective order in this action.

10.     Conaco objects to these Requests to the extent it calls for production of documents that are not relevant to the subject matter involved in the pending action.

11.     Conaco objects to these Requests to the extent that they call for Conaco to create compilations of material or calls for matters to be produced in a form or manner other than that kept by Conaco in the usual course of business.

12.     Conaco objects to these Requests to the extent they seek documents or information which are subject to certain confidentiality provisions between Conaco and/or its affiliated companies and/or others and which may not be disclosed absent the consent of the parties to such contracts.

13.     Conaco objects to these Requests to the extent that they prematurely call for the production of documents and things ahead of the schedules established by the Federal Rules of Civil Procedure, the Local Rules, and the Orders of the Court.

14.     Conaco objects to Plaintiff's definition of "YOU" and "YOUR" as vague, ambiguous, overbroad, unduly burdensome, not relevant, not likely to lead to the discovery of admissible evidence, and disproportionate to the needs of this case, to the extent it purports to require Conaco to respond on behalf of persons or entities other than Conaco.  For purposes of its responses herein, Conaco will interpret "YOU" and "YOUR" to refer solely to Conaco, LLC and those documents or information in its possession, custody, or control.

15.     Each and every general objection above is incorporated into each response below.

**RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**
**REQUEST FOR PRODUCTION NO. 1:**

ANY and ALL DOCUMENTS, tangible things and other items that support,

4

refute or in ANY way RELATE TO YOUR DENIAL of the allegations in the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Conaco incorporates by reference each of the foregoing General Objections. Conaco objects to this Request to the extent it seeks information protected under the attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or common interest privilege, or any other applicable privileges. Conaco further objects to the definition of "YOUR" as overbroad and vague and ambiguous. Conaco will interpret "YOUR" to refer to Conaco, LLC and its directors, officers, and employees only. Conaco further objects to this Request as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks information not relevant to any party's claims or defenses or proportional to the needs of this case. Conaco further objects to this Request as overly broad and unduly burdensome to the extent it seeks "any and all documents" relating to Conaco's denial of the allegations in the Complaint, including those documents that are duplicative or redundant and/or documents that are not relevant to any party's claim or defense and not proportional to the needs of the case. Conaco further objects to this Request to the extent it seeks documents that are either publicly available or equally available to Plaintiff, and the burden of obtaining the responsive information is substantially the same for Plaintiff as it is for Conaco. Conaco further objects to this Request to the extent it seeks documents previously produced to Plaintiff and/or already within his possession, custody, or control.

Subject to and without waiving the foregoing general and specific objections, and subject to Conaco's understanding of this Request, Conaco responds as follows: Conaco is conducting a reasonable search and will produce relevant and non-privileged documents within its possession responsive to this Request within thirty (30) days after the entry of a protective order in this action, to the extent such documents may exist and have not already been produced. Conaco is not withholding

5

Glaser Weil

1  any non-privileged documents from production on the basis of these objections.

2  **REQUEST FOR PRODUCTION NO. 2:**

3  ANY and ALL DOCUMENTS that support, refute or RELATE TO ANY and

4  ALL affirmative defenses in your Answer.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

6  Conaco incorporates by reference each of the foregoing General Objections.

7  Conaco objects to this Request to the extent it seeks information protected under the

8  attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or

9  common interest privilege, or any other applicable privileges.  Conaco further objects

10 to the definition of "YOUR" as overbroad and vague and ambiguous.  Conaco will

11 interpret "YOUR" to refer to Conaco, LLC and its directors, officers, and employees

12 only.  Conaco further objects to this Request as vague, ambiguous, overbroad, and

13 unduly burdensome to the extent it seeks information not relevant to any party's

14 claims or defenses or proportional to the needs of this case.  Conaco further objects to

15 this Request as overly broad and unduly burdensome to the extent it seeks "any and

16 all documents" relating to Conaco's affirmative defenses, including those documents

17 that are duplicative or redundant and/or documents that are not relevant to any party's

18 claim or defense and not proportional to the needs of the case.  Conaco further objects

19 to this Request to the extent it seeks documents that are either publicly available or

20 equally available to Plaintiff, and the burden of obtaining the responsive information

21 is substantially the same for Plaintiff as it is for Conaco.  Conaco further objects to

22 this Request to the extent it seeks documents previously produced to Plaintiff and/or

23 already within his possession, custody, or control.

24 Subject to and without waiving the foregoing general and specific objections,

25 and subject to Conaco's understanding of this Request, Conaco responds as follows:

26 Conaco is conducting a reasonable search and will produce relevant and non-

27 privileged documents within its possession responsive to this Request within thirty

28 (30) days after the entry of a protective order in this action, to the extent such

1   documents may exist and have not already been produced.  Conaco is not withholding

2   any non-privileged documents from production on the basis of these objections.

3   **REQUEST FOR PRODUCTION NO. 3:**

4       ANY and ALL DOCUMENTS, tangible things and other items that RELATE

5   TO YOUR annual gross revenues in 2015.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

7       Conaco incorporates by reference each of the foregoing General Objections.

8   Conaco objects to this Request to the extent it seeks information protected under the

9   attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or

10   common interest privilege, or any other applicable privileges.  Conaco further objects

11   to the definition of "YOUR" as overbroad and vague and ambiguous.  Conaco will

12   interpret "YOUR" to refer to Conaco, LLC and its directors, officers, and employees

13   only.  Conaco further objects to the undefined term "annual gross revenues" as vague

14   and ambiguous in that it fails to specifically identify the revenue information to which

15   this Request relates.  Conaco further objects to this Request as Conaco's annual gross

16   revenues are irrelevant to Plaintiff's claim for alleged damages as to four one-liner

17   jokes.  Conaco further objects to this Request as overbroad, unduly burdensome, and

18   harassing to the extent the proposed discovery seeks financial information which is

19   not relevant to any party's claim or defense and is not proportional to the needs of the

20   case, especially to the extent the Request seeks revenue information not attributable to

21   any alleged infringement.  Conaco further objects to this Request as overly broad and

22   unduly burdensome to the extent it seeks "any and all documents" relating to

23   Conaco's annual gross revenues in 2015, including those documents that are

24   duplicative or redundant and/or documents that are not relevant to any party's claim

25   or defense and not proportional to the needs of the case.  Conaco further objects to

26   this Request to the extent it seeks confidential information prior to the entry of a

27   suitable protective order in this case.  Conaco further objects to this Request to the

28   extent it seeks documents or information which are subject to certain confidentiality

7

1  provisions between Conaco and/or its affiliated companies and/or others and which

2  may not be disclosed absent the consent of the parties to such contracts.  Conaco

3  further objects to this Request to the extent it seeks documents or information from

4  sources that are not reasonably accessible because of undue burden and cost.

5       Subject to and without waiving the foregoing general and specific objections,

6  and subject to Conaco's understanding of this Request, Conaco responds as follows:

7  Conaco intends to withhold documents based on its objections, including specifically

8  withholding those documents not relevant to any claims or defenses in this litigation.

9  **REQUEST FOR PRODUCTION NO. 4:**

10      ANY and ALL DOCUMENTS, tangible things and other items that RELATE

11 TO YOUR annual net profits in 2015.

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

13      Conaco incorporates by reference each of the foregoing General Objections.

14 Conaco objects to this Request to the extent it seeks information protected under the

15 attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or

16 common interest privilege, or any other applicable privileges.  Conaco further objects

17 to the definition of "YOUR" as overbroad and vague and ambiguous.  Conaco will

18 interpret "YOUR" to refer to Conaco, LLC and its directors, officers, and employees

19 only.  Conaco further objects to the undefined term "annual net profits" as vague and

20 ambiguous in that it fails to specifically identify the profit information to which this

21 Request relates.  Conaco further objects to this Request as Conaco's annual net profits

22 are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes.

23 Conaco further objects to this Request as overbroad, unduly burdensome, and

24 harassing to the extent the proposed discovery seeks financial information which is

25 not relevant to any party's claim or defense and is not proportional to the needs of the

26 case, especially to the extent the Request seeks profit information not attributable to

27 any alleged infringement.  Conaco further objects to this Request as overly broad and

28 unduly burdensome to the extent it seeks "any and all documents" relating to

*Glaser Weil*

8

Conaco's annual net profits in 2015, including those documents that are duplicative or redundant and/or documents that are not relevant to any party's claim or defense and not proportional to the needs of the case. Conaco further objects to this Request to the extent it seeks confidential information prior to the entry of a suitable protective order in this case. Conaco further objects to this Request to the extent it seeks documents or information which are subject to certain confidentiality provisions between Conaco and/or its affiliated companies and/or others and which may not be disclosed absent the consent of the parties to such contracts. Conaco further objects to this Request to the extent it seeks documents or information from sources that are not reasonably accessible because of undue burden and cost.

Subject to and without waiving the foregoing general and specific objections, and subject to Conaco's understanding of this Request, Conaco responds as follows: Conaco intends to withhold documents based on its objections, including specifically withholding those documents not relevant to any claims or defenses in this litigation.

**REQUEST FOR PRODUCTION NO. 5:**

ANY and ALL DOCUMENTS, tangible things and other items that RELATE TO amount paid to each writer — whether staff, contract, or writers for the "CONAN" show in 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Conaco incorporates by reference each of the foregoing General Objections. Conaco objects to this Request to the extent it seeks personal financial information subject to the attorney-client privilege, the attorney work-product doctrine, the right of privacy, or any other applicable privileges. Conaco further objects to this Request as overbroad, unduly burdensome, and harassing to the extent the Request seeks information which is not relevant to any party's claim or defense and is not proportional to the needs of the case, especially to the extent the Request is not limited in scope to those writers that wrote, created or edited the jokes specifically identified in the Complaint. Conaco further objects that the amounts paid to the

Glaser Weil

writers of the "Conan" show in 2015 are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes. Conaco further objects to this Request as overly broad and unduly burdensome to the extent it seeks "any all documents" relating to the amount paid to "Conan" show writers in 2015, including those documents that are duplicative or redundant and/or documents that are not relevant to any party's claim or defense and not proportional to the needs of the case. Conaco further objects to this Request to the extent it seeks confidential information prior to the entry of a suitable protective order in this case.

Subject to and without waiving the foregoing general and specific objections, and subject to Conaco's understanding of this Request, Conaco responds as follows: Conaco intends to withhold documents based on its objections, including specifically withholding those documents not relevant to any claims or defenses in this litigation.

**REQUEST FOR PRODUCTION NO. 6:**

ANY and ALL DOCUMENTS, including any and all emails, involving JOSH COMERS regarding any and all jokes MR. COMERS submitted to you for use on the "CONAN" show monologue in the last three years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Conaco incorporates by reference each of the foregoing General Objections. Conaco objects to this Request to the extent it seeks information protected under the attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or common interest privilege, or any other applicable privileges. Conaco further objects to the definition of "YOU" as overbroad and vague and ambiguous. Conaco will interpret "YOU" to refer to Conaco, LLC and its directors, officers, and employees only. Conaco further objects to this Request as overbroad, unduly burdensome, and harassing to the extent the Request seeks information which is not relevant to any party's claim or defense and is not proportional to the needs of the case, especially to the extent the Request is not limited in scope to those jokes that are specifically identified in the Complaint. Conaco further objects to this Request to the extent it

CONACO, LLC'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S RFP (SET ONE)

15cv01637-JLS-DHB

1173954

1  calls for the production of information not kept by Conaco in the ordinary course of

2  business.  Conaco further objects to this Request to the extent it seeks confidential

3  information prior to the entry of a suitable protective order in this case.  Conaco

4  further objects to this Request to the extent it seeks documents or information from

5  sources that are not reasonably accessible because of undue burden and cost.

6         Subject to and without waiving the foregoing general and specific objections,

7  and subject to Conaco's understanding of this Request, Conaco responds as follows:

8  Conaco is conducting a reasonable search and will produce relevant and non-

9  privileged documents within its possession concerning Josh Comers and the jokes at

10 issue within thirty (30) days after the entry of a protective order in this action, to the

11 extent such documents may exist and have not already been produced.  Conaco is not

12 withholding any non-privileged documents from production on the basis of these

13 objections.

14 **REQUEST FOR PRODUCTION NO. 7:**

15        ANY and ALL DOCUMENTS, including any and all emails, involving

16 BRIAN KILEY (sic) regarding any and all jokes MR. KILEY (sic) submitted to you

17 for use on the "CONAN" show monologue in the last three years.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

19        Conaco incorporates by reference each of the foregoing General Objections.

20 Conaco objects to this Request to the extent it seeks information protected under the

21 attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or

22 common interest privilege, or any other applicable privileges.  Conaco further objects

23 to the definition of "YOU" as overbroad and vague and ambiguous.  Conaco will

24 interpret "YOU" to refer to Conaco, LLC and its directors, officers, and employees

25 only.  Conaco further objects to this Request as overbroad, unduly burdensome, and

26 harassing to the extent the Request seeks information which is not relevant to any

27 party's claim or defense and is not proportional to the needs of the case, especially to

28 the extent the Request is not limited in scope to those jokes that are specifically

11

Glaser Weil

identified in the Complaint.  Conaco further objects to this Request to the extent it calls for the production of information not kept by Conaco in the ordinary course of business.  Conaco further objects to this Request to the extent it seeks confidential information prior to the entry of a suitable protective order in this case.  Conaco further objects to this Request to the extent it seeks documents or information from sources that are not reasonably accessible because of undue burden and cost.

Subject to and without waiving the foregoing general and specific objections, and subject to Conaco's understanding of this Request, Conaco responds as follows: Conaco is conducting a reasonable search and will produce relevant and non-privileged documents within its possession concerning Brian Kiley and the jokes at issue within thirty (30) days after the entry of a protective order in this action, to the extent such documents may exist and have not already been produced.  Conaco is not withholding any non-privileged documents from production on the basis of these objections.

**REQUEST FOR PRODUCTION NO. 8:**

ANY and ALL DOCUMENTS, including any and all emails, involving ROB KUTNER regarding any and all jokes MR. KUTNER submitted to you for use on the "CONAN" show monologue in the last three years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Conaco incorporates by reference each of the foregoing General Objections. Conaco objects to this Request to the extent it seeks information protected under the attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or common interest privilege, or any other applicable privileges.  Conaco further objects to the definition of "YOU" as overbroad and vague and ambiguous.  Conaco will interpret "YOU" to refer to Conaco, LLC and its directors, officers, and employees only.  Conaco further objects to this Request as overbroad, unduly burdensome, and harassing to the extent the Request seeks information which is not relevant to any party's claim or defense and is not proportional to the needs of the case, especially to

12

the extent the Request is not limited in scope to those jokes that are specifically

identified in the Complaint.  Conaco further objects to this Request to the extent it

calls for the production of information not kept by Conaco in the ordinary course of

business.  Conaco further objects to this Request to the extent it seeks confidential

information prior to the entry of a suitable protective order in this case.  Conaco

further objects to this Request to the extent it seeks documents or information from

sources that are not reasonably accessible because of undue burden and cost.

Subject to and without waiving the foregoing general and specific objections,

and subject to Conaco's understanding of this Request, Conaco responds as follows:

Conaco is conducting a reasonable search and will produce relevant and non-

privileged documents within its possession concerning Rob Kutner and the jokes at

issue within thirty (30) days after the entry of a protective order in this action, to the

extent such documents may exist and have not already been produced.  Conaco is not

withholding any non-privileged documents from production on the basis of these

objections.


DATED:  April 18, 2016                    GLASER WEIL FINK HOWARD
                                          AVCHEN & SHAPIRO LLP


                                   By: /s/ Erica J. Van Loon
                                       PATRICIA L. GLASER
                                       ERICA J. VAN LOON
                                       BRITTANY ELIAS
                                       *Attorneys for Defendant CONACO, LLC*

CONACO, LLC'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S RFP (SET ONE)

15cv01637-JLS-DHB

1173954

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, 19th Floor, Los Angeles, California 90067.

On April 18, 2016, I served the foregoing document(s) described as: **CONACO, LLC'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS (SET ONE)** on the interested parties to this action at the following address(es):

SEE ATTACHED LIST

☐ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☒ **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☐ **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows:  I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☐ **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

☐ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☐ (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury that the above is true and correct.

Executed on April 18, 2016, at Los Angeles, California.

/s/ Nicholas E. Huskins
Nicholas E. Huskins

1173954

15cv01637-JLS-DHB

1

## SERVICE LIST

2

Jayson M. Lorenzo
3    2794 Gateway Road, Suite 116
Carlsbad, CA 92009
4    (Tel)  760-517-6646
(Fax) 760-520-7900
5    Jmlorenzo.esq@gmail.com
Attorney for Plaintiff
6    Robert Alexander Kaseberg

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

**PROOF OF SERVICE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT U

# JAYSON M. LORENZO

Attorney at Law
2794 Gateway Road, Suite 116
Carlsbad, CA 92009
Telephone (760) 517-6646
Fax (760) 520-7900

May 13, 2016

Nicholas E. Huskins
Glaser Weil Fink Howard Avchen & Shapiro LLP
10250 Constellation Blvd. 19th Floor
Los Angeles, CA 90067

Re:     Kasebert v. Conaco, LLC, et al.

Dear Mr. Huskins:

I am in receipt of your letter dated May 9, 2016, addressing your contended deficiencies in my client's responses to Conaco, LLC's First Set of Interrogatories, Requests for Production of Documents and Things, and Requests for Admission, served April 25, 2016. This letter is to address some of the deficiencies I have found with respect to each of Conaco's, Conan O' Brien's, Jeff Ross', Mike Sweeney's, TBS's, and Time Warner's (collectively "Defendants") responses to Plaintiff's Special Interrogatories, Set One, and Plaintiff's Request for Production of Documents and Things, Set One, received on April 18, 2016.

### 1.   Conaco LLC's  Responses to Plaintiff's Special Interrogatories, Set One

Conaco LLC's Responses to the following Interrogatories propounded in Plaintiff's Special Interrogatories, Set one are deficient, inadequate, and improper. For purposes of the parties' meet and confer, I provide the following summary of certain deficiencies:

### *General Objection No. 4/Objection to definition of "YOUR."*

In serving its Special Interrogatories, Set One, Plaintiff included an "Instructions" and "Definitions" section. In that definition section, Plaintiff defines "YOUR" to include:

"Defendant individually and collectively, and his or her, its or their affiliates and parent company and anyone acting on their, his or her behalf, including, but not limited to, past and present officers, directors, shareholders, agents, employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in their, his or its interest, on their, her or its behalf, or at their, her or its request, and each of them."

However, In General Objection No. 4, Defendant objects to the definitions and instructions "as overly broad and unduly burdensome to the extent that they seek information that exceeds

the permissible scope of discovery and information or documents that are neither relevant nor proportional to the needs of the case." In addition, Defendant objects in almost every response to the definition of "YOUR" and seeks to limit the definition to only "Conaco, LLC, and its directors, officers, and employees only."

This limited definition selected by Defendant does not fully encompass the individuals who may have been involved in the acts as alleged in the complaint. To limit the definition to Defendant's chosen definition is to leave out former employees, independent contractors, and other agents who may have been involved in the alleged infringing acts.

As you are likely aware, the use of reasonable definitions prefacing a series of interrogatories is not prohibited by the FRCP. *See Diversified Products Corp. v. Sports Center Co.,* 42 F.R.D. 3, 10 (M.D. Dc. 1967). With this in mind, Plaintiff asks Defendant to amend its responses to remove General Objection No. 4, and also remove each objection that seeks to limit Plaintiff's defined term, "YOUR," to only Conaco LLC, its directors, officers, and employees.

### ***Interrogatory Nos. 1, 2, and 3***

Interrogatory No. 1 asks Defendant to "IDENTIFY YOUR annual gross revenues in 2015." Defendant objects to this interrogatory on the grounds that:

1) The term "annual gross revenues" is vague and ambiguous in that if fails to specifically identify what revenue information it seeks from Conaco;

2) Annual gross revenues are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes;

3) The interrogatory is overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defends and is not proportional to the needs of the case;

4) The interrogatory seeks confidential information prior to the entry of a suitable protective order; and

5) The interrogatory seeks information which is subject to certain confidentiality provisions between Conaco and/or its affiliated companies which may not be disclosed absent the consent of the parties to such contracts.

Information with respect to Defendant's annual gross revenues is essential to Plaintiff's claim for copyright infringement because that information relates to damages, an essential element of Plaintiff's claim.  17 USC 504(b) states (b) Actual Damages and Profits.— The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

My client has the burden of showing your client's gross revenue and your client is required to prove deductible expenses.  Thus, financial information is relevant to my client's claim and he is entitled to know what your client's gross revenues are and what your client is

claiming as deductible expenses. Furthermore, the term "annual gross revenues" doesn't need to be defined. It is simple enough for a lay person to understand, as "annual" means yearly and "gross revenues" means income before expenses. There is no ambiguity in the term. Furthermore, the second and third objections based on relevance are unwarranted, as I have already stated that this information is crucial to proving Plaintiff's damages. As to the fourth and fifth objections, ones based on confidentiality, as you know we have already met and conferred regarding a proposed protective order.   Your office has taken the position that financial information should be for attorneys eyes only.   I did not agree based on the 17 USC 504(b). Based on that your office stated it would take it up with the Judge, yet no motion for protective order has been filed.   If we cannot agree on the production of documents and you do not file for a protective order I will simply go ahead and file motion to compel.

_Interrogatory No. 2_ asks Defendants to "identify all witnesses and persons who calculate and/or determine your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory No. 1. Determining the identity of these people is necessary for Plaintiff to prove his damages for Defendant's infringement, as alleged in the Complaint. For the same reasons listed above in Interrogatory No. 1, Plaintiff requests that Defendant provide this information.

_Interrogatory No. 3_ asks Defendants to "Identify all documents that relate to your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory Nos. 2 and 3, with the addition of objections claiming that identifying "all documents" is "not proportional to the needs of the case," and that the documents "are not reasonably accessible because of undue burden and cost." Plaintiff believes that these documents are relevant and inquiry into these documents is reasonably calculated to lead to the discovery of admissible evidence because the documents themselves establish claimed damages. Without these documents, it is impossible for Plaintiff to establish damages for the infringement claim. Furthermore, Plaintiff fails to see what undue burden and cost will be sustained by Defendant by merely "identifying" the documents. This is not a request for production. For these reasons in addition to those listed in Interrogatory No. 1, Defendant should provide this information.

## _Interrogatory No. 5_

Interrogatory No. 5 asks for the gross revenue or annual salary of each person listed in Interrogatory No. 4. The people listed in Interrogatory No. 4 were those individuals on Defendant's writing staff who wrote, created, and/or edited the jokes at issue.   Defendant objects to this Interrogatory on the following grounds:
   1) It seeks information which is not relevant to any party's claim or defense and is not proportional to the needs of the case;
   2) It seeks the identification of confidential information prior to the entry of a suitable protective order;
   3) Gross revenues or annual salaries of the writing staff or writing interns are irrelevant;
   4) The information is privileged.

Once again, the information sought is relevant and this interrogatory is reasonably calculated to lead to the discovery of admissible evidence to prove Plaintiff's claimed damages for

infringement. In addition to the annual gross revenues of Conaco as a whole, the individual salaries of those who published the alleged infringing jokes have a direct relationship to Plaintiff's damages. These individuals are undoubtedly paid in part based on the jokes that they submit. If Defendant plans to move for a protective order, it is insufficient to merely object that the interrogatory is seeking identification of confidential information prior to the entry of a suitable protective order unless that party has already moved for a protective order. *See American Rock Salt Co. v. Norfolk Southern Corp.,* 228 F.R.D. 426 (W.D. Ny. 2005).

### 2.   Conan O' Brien's Responses to Plaintiff's Special Interrogatories, Set One

Defendants' Responses to the following Interrogatories propounded in Plaintiff's Special Interrogatories, Set one are deficient, inadequate, and improper. For purposes of the parties' meet and confer, I provide the following summary of certain deficiencies:

### *General Objection No. 4/Objection to definition of "YOUR."*

In serving its Special Interrogatories, Set One, Plaintiff included an "Instructions" and "Definitions" section. In that definition section, Plaintiff defines "YOUR" to include:

"Defendant individually and collectively, and his or her, its or their affiliates and parent company and anyone acting on their, his or her behalf, including, but not limited to, past and present officers, directors, shareholders, agents, employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in their, his or its interest, on their, her or its behalf, or at their, her or its request, and each of them."

However, In General Objection No. 4, Defendant objects to the definitions and instructions "as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and information or documents that are neither relevant nor proportional to the needs of the case." In addition, Defendant objects in almost every response to the definition of "YOUR" and seeks to limit the definition to only "Conaco, LLC, and its directors, officers, and employees only."

This limited definition selected by Defendant does not fully encompass the individuals who may have been involved in the acts as alleged in the complaint. To limit the definition to Defendant's chosen definition is to leave out former employees, independent contractors, and other agents who may have been involved in the alleged infringing acts.

As you are aware, the use of reasonable definitions prefacing a series of interrogatories is not prohibited by the FRCP. *See Diversified Products Corp. v. Sports Center Co.,* 42 F.R.D. 3, 10 (M.D. Dc. 1967). With this in mind, Plaintiff asks Defendant to amend its responses to remove General Objection No. 4, and also remove each objection that seeks to limit Plaintiff's defined term, "YOUR," to only Conaco LLC, its directors, officers, and employees.

### *Interrogatory Nos. 1, 2, and 3*

Interrogatory No. 1 asks Defendant to "IDENTIFY YOUR annual gross revenues in 2015." Defendant objects to this interrogatory on the grounds that:

1) The term "annual gross revenues" is vague and ambiguous in that if fails to specifically identify what revenue information it seeks from Conaco;

2) Annual gross revenues are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes;

3) The interrogatory is overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defends and is not proportional to the needs of the case;

4) The interrogatory seeks confidential information prior to the entry of a suitable protective order; and

5) The interrogatory seeks information which is subject to certain confidentiality provisions between Conaco and/or its affiliated companies which may not be disclosed absent the consent of the parties to such contracts.

Information with respect to Defendant's annual gross revenues is essential to Plaintiff's claim for copyright infringement because that information relates to damages, an essential element of Plaintiff's claim. 17 USC 504(b) states (b) Actual Damages and Profits.— The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

My client has the burden of showing your client's gross revenue and your client is required to prove deductible expenses. Thus, financial information is relevant to my client's claim and he is entitled to know what your client's gross revenues are and what your client is claiming as deductible expenses. Furthermore, the term "annual gross revenues" doesn't need to be defined. It is simple enough for a lay person to understand, as "annual" means yearly and "gross revenues" means income before expenses. There is no ambiguity in the term. Furthermore, the second and third objections based on relevance are unwarranted, as I have already stated that this information is crucial to proving Plaintiff's damages. As to the fourth and fifth objections, ones based on confidentiality, as you know we have already met and conferred regarding a proposed protective order.  Your office has taken the position that financial information should be for attorneys eyes only.  I did not agree based on the 17 USC 504(b). Based on that your office stated it would take it up with the Judge, yet no motion for protective order has been filed.  If we cannot agree on the production of documents and you do not file for a protective order I will simply go ahead and file motion to compel.

*Interrogatory No. 2* asks Defendants to "identify all witnesses and persons who calculate and/or determine your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory No. 1. Determining the identity of these people is necessary for Plaintiff to prove his damages for Defendant's infringement, as alleged in the Complaint. For the same reasons listed above in Interrogatory No. 1, Plaintiff requests that Defendant provide this information.

*Interrogatory No. 3* asks Defendants to "Identify all documents that relate to your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory Nos. 2 and 3, with the addition of objections claiming that identifying "all documents" is "not proportional to the needs of the case," and that the documents "are not reasonably accessible because of undue burden and cost." Plaintiff believes that these documents are relevant and inquiry into these documents is reasonably calculated to lead to the discovery of admissible evidence because the documents themselves establish claimed damages. Without these documents, it is impossible for Plaintiff to establish damages for the infringement claim. Furthermore, Plaintiff fails to see what undue burden and cost will be sustained by Defendant by merely "identifying" the documents. This is not a request for production. For these reasons in addition to those listed in Interrogatory No. 1, Defendant should provide this information.

### *Interrogatory No. 5*

Interrogatory No. 5 asks for the gross revenue or annual salary of each person listed in Interrogatory No. 4. The people listed in Interrogatory No. 4 were those individuals on Defendant's writing staff who wrote, created, and/or edited the jokes at issue. Defendant objects to this Interrogatory on the following grounds:

1) It seeks information which is not relevant to any party's claim or defense and is not proportional to the needs of the case;

2) It seeks the identification of confidential information prior to the entry of a suitable protective order;

3) Gross revenues or annual salaries of the writing staff or writing interns are irrelevant;

4) The information is privileged.

Once again, this information is relevant and the interrogatory is reasonably calculated to lead to the discovery of admissible evidence to prove Plaintiff's claimed damages for infringement. In addition to the annual gross revenues of Conaco as a whole, the individual salaries of those who published the alleged infringing jokes have a direct relationship to Plaintiff's damages. These individuals are undoubtedly paid in part based on the jokes that they submit. If Defendant plans to move for a protective order, it is insufficient to merely object that the interrogatory is seeking identification of confidential information prior to the entry of a suitable protective order unless that party has already moved for a protective order. *See American Rock Salt Co. v. Norfolk Southern Corp.,* 228 F.R.D. 426 (W.D. Ny. 2005).

**3. Jeff Ross' Responses to Plaintiff's Special Interrogatories, Set One**

Jeff Ross' Responses to the following Interrogatories propounded in Plaintiff's Special Interrogatories, Set one are deficient, inadequate, and improper. For purposes of the parties' meet and confer, I provide the following summary of certain deficiencies:

### *General Objection No. 4/Objection to definition of "YOUR."*

In serving its Special Interrogatories, Set One, Plaintiff included an "Instructions" and

"Definitions" section. In that definition section, Plaintiff defines "YOUR" to include:

"Defendant individually and collectively, and his or her, its or their affiliates and parent company and anyone acting on their, his or her behalf, including, but not limited to, past and present officers, directors, shareholders, agents, employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in their, his or its interest, on their, her or its behalf, or at their, her or its request, and each of them."

However, In General Objection No. 4, Defendant objects to the definitions and instructions "as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and information or documents that are neither relevant nor proportional to the needs of the case." In addition, Defendant objects in almost every response to the definition of "YOUR" and seeks to limit the definition to only "Conaco, LLC, and its directors, officers, and employees only."

This limited definition selected by Defendant does not fully encompass the individuals who may have been involved in the acts as alleged in the complaint. To limit the definition to Defendant's chosen definition is to leave out former employees, independent contractors, and other agents who may have been involved in the alleged infringing acts.

As you are aware, the use of reasonable definitions prefacing a series of interrogatories is not prohibited by the FRCP. *See Diversified Products Corp. v. Sports Center Co.,* 42 F.R.D. 3, 10 (M.D. Dc. 1967). With this in mind, Plaintiff asks Defendant to amend its responses to remove General Objection No. 4, and also remove each objection that seeks to limit Plaintiff's defined term, "YOUR," to only Conaco LLC, its directors, officers, and employees.

### *Interrogatory Nos. 1, 2, and 3*

Interrogatory No. 1 asks Defendant to "IDENTIFY YOUR annual gross revenues in 2015." Defendant objects to this interrogatory on the grounds that:
   1) The term "annual gross revenues" is vague and ambiguous in that if fails to specifically identify what revenue information it seeks from Conaco;
   2) Annual gross revenues are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes;
   3) The interrogatory is overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defends and is not proportional to the needs of the case;
   4) The interrogatory seeks confidential information prior to the entry of a suitable protective order; and
   5) The interrogatory seeks information which is subject to certain confidentiality provisions between Conaco and/or its affiliated companies which may not be disclosed absent the consent of the parties to such contracts.

Information with respect to Defendant's annual gross revenues is essential to Plaintiff's claim for copyright infringement because that information relates to damages, an essential element of Plaintiff's claim. 17 USC 504(b) states (b) Actual Damages and Profits.— The

copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

My client has the burden of showing your client's gross revenue and your client is required to prove deductible expenses. Thus, financial information is relevant to my client's claim and he is entitled to know what your client's gross revenues are and what your client is claiming as deductible expenses. Furthermore, the term "annual gross revenues" doesn't need to be defined. It is simple enough for a lay person to understand, as "annual" means yearly and "gross revenues" means income before expenses. There is no ambiguity in the term. Furthermore, the second and third objections based on relevance are unwarranted, as I have already stated that this information is crucial to proving Plaintiff's damages. As to the fourth and fifth objections, ones based on confidentiality, as you know we have already met and conferred regarding a proposed protective order. Your office has taken the position that financial information should be for attorneys eyes only. I did not agree based on the 17 USC 504(b). Based on that your office stated it would take it up with the Judge, yet no motion for protective order has been filed. If we cannot agree on the production of documents and you do not file for a protective order I will simply go ahead and file motion to compel.

*Interrogatory No. 2* asks Defendants to "identify all witnesses and persons who calculate and/or determine your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory No. 1. Determining the identity of these people is necessary for Plaintiff to prove his damages for Defendant's infringement, as alleged in the Complaint. For the same reasons listed above in Interrogatory No. 1, Plaintiff requests that Defendant provide this information.

*Interrogatory No. 3* asks Defendants to "Identify all documents that relate to your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory Nos. 2 and 3, with the addition of objections claiming that identifying "all documents" is "not proportional to the needs of the case," and that the documents "are not reasonably accessible because of undue burden and cost." Plaintiff believes that these documents are relevant and inquiry into these documents is reasonably calculated to lead to the discovery of admissible evidence because the documents themselves establish claimed damages. Without these documents, it is impossible for Plaintiff to establish damages for the infringement claim. Furthermore, Plaintiff fails to see what undue burden and cost will be sustained by Defendant by merely "identifying" the documents. This is not a request for production. For these reasons in addition to those listed in Interrogatory No. 1, Defendant should provide this information.

### *Interrogatory No. 5*

Interrogatory No. 5 asks for the gross revenue or annual salary of each person listed in Interrogatory No. 4. The people listed in Interrogatory No. 4 were those individuals on Defendant's writing staff who wrote, created, and/or edited the jokes at issue. Defendant objects

to this Interrogatory on the following grounds:

1) It seeks information which is not relevant to any party's claim or defense and is not proportional to the needs of the case;

2) It seeks the identification of confidential information prior to the entry of a suitable protective order;

3) Gross revenues or annual salaries of the writing staff or writing interns are irrelevant;

4) The information is privileged.

Once again, the information sought is relevant and this interrogatory is reasonably calculated to lead to the discovery of admissible evidence to prove Plaintiff's claimed damages for infringement. In addition to the annual gross revenues of Conaco as a whole, the individual salaries of those who published the alleged infringing jokes have a direct relationship to Plaintiff's damages. These individuals are undoubtedly paid in part based on the jokes that they submit. If Defendant plans to move for a protective order, it is insufficient to merely object that the interrogatory is seeking identification of confidential information prior to the entry of a suitable protective order unless that party has already moved for a protective order. *See American Rock Salt Co. v. Norfolk Southern Corp.,* 228 F.R.D. 426 (W.D. Ny. 2005).

### 4.   Mike Sweeney's  Responses to Plaintiff's Special Interrogatories, Set One

Mike Sweeney's Responses to the following Interrogatories propounded in Plaintiff's Special Interrogatories, Set one are deficient, inadequate, and improper. For purposes of the parties' meet and confer, I provide the following summary of certain deficiencies:

### *General Objection No. 4/Objection to definition of "YOUR."*

In serving its Special Interrogatories, Set One, Plaintiff included an "Instructions" and "Definitions" section. In that definition section, Plaintiff defines "YOUR" to include:

"Defendant individually and collectively, and his or her, its or their affiliates and parent company and anyone acting on their, his or her behalf, including, but not limited to, past and present officers, directors, shareholders, agents, employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in their, his or its interest, on their, her or its behalf, or at their, her or its request, and each of them."

However, In General Objection No. 4, Defendant objects to the definitions and instructions "as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and information or documents that are neither relevant nor proportional to the needs of the case." In addition, Defendant objects in almost every response to the definition of "YOUR" and seeks to limit the definition to only "Conaco, LLC, and its directors, officers, and employees only."

This limited definition selected by Defendant does not fully encompass the individuals who may have been involved in the acts as alleged in the complaint. To limit the definition to Defendant's chosen definition is to leave out former employees, independent contractors, and other agents who may have been involved in the alleged infringing acts.

As you are aware, the use of reasonable definitions prefacing a series of interrogatories is not prohibited by the FRCP. *See Diversified Products Corp. v. Sports Center Co.,* 42 F.R.D. 3, 10 (M.D. Dc. 1967). With this in mind, Plaintiff asks Defendant to amend its responses to remove General Objection No. 4, and also remove each objection that seeks to limit Plaintiff's defined term, "YOUR," to only Conaco LLC, its directors, officers, and employees.

### *Interrogatory Nos. 1, 2, and 3*

Interrogatory No. 1 asks Defendant to "IDENTIFY YOUR annual gross revenues in 2015." Defendant objects to this interrogatory on the grounds that:

1) The term "annual gross revenues" is vague and ambiguous in that if fails to specifically identify what revenue information it seeks from Conaco;

2) Annual gross revenues are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes;

3) The interrogatory is overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defends and is not proportional to the needs of the case;

4) The interrogatory seeks confidential information prior to the entry of a suitable protective order; and

5) The interrogatory seeks information which is subject to certain confidentiality provisions between Conaco and/or its affiliated companies which may not be disclosed absent the consent of the parties to such contracts.

Information with respect to Defendant's annual gross revenues is essential to Plaintiff's claim for copyright infringement because that information relates to damages, an essential element of Plaintiff's claim. 17 USC 504(b) states (b) Actual Damages and Profits.— The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

My client has the burden of showing your client's gross revenue and your client is required to prove deductible expenses.  Thus, financial information is relevant to my client's claim and he is entitled to know what your client's gross revenues are and what your client is claiming as deductible expenses. Furthermore, the term "annual gross revenues" doesn't need to be defined. It is simple enough for a lay person to understand, as "annual" means yearly and "gross revenues" means income before expenses. There is no ambiguity in the term. Furthermore, the second and third objections based on relevance are unwarranted, as I have already stated that this information is crucial to proving Plaintiff's damages. As to the fourth and fifth objections, as you know we have already met and conferred regarding a proposed protective order.  Your office has taken the position that financial information should be for attorneys eyes only.  I did not agree based on the 17 USC 504(b).  Based on that your office stated it would take it up with the Judge, yet no motion for protective order has been filed.  If we cannot agree on the

production of documents and you do not file for a protective order I will simply go ahead and file motion to compel.

*Interrogatory No. 2* asks Defendants to "identify all witnesses and persons who calculate and/or determine your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory No. 1. Determining the identity of these people is necessary for Plaintiff to prove his damages for Defendant's infringement, as alleged in the Complaint. For the same reasons listed above in Interrogatory No. 1, Plaintiff requests that Defendant provide this information.

*Interrogatory No. 3* asks Defendants to "Identify all documents that relate to your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory Nos. 2 and 3, with the addition of objections claiming that identifying "all documents" is "not proportional to the needs of the case," and that the documents "are not reasonably accessible because of undue burden and cost." Plaintiff believes that these documents are relevant and inquiry into these documents is reasonably calculated to lead to the discovery of admissible evidence because the documents themselves establish claimed damages. Without these documents, it is impossible for Plaintiff to establish damages for the infringement claim. Furthermore, Plaintiff fails to see what undue burden and cost will be sustained by Defendant by merely "identifying" the documents. This is not a request for production. For these reasons in addition to those listed in Interrogatory No. 1, Defendant should provide this information.

### *Interrogatory No. 5*

Interrogatory No. 5 asks for the gross revenue or annual salary of each person listed in Interrogatory No. 4. The people listed in Interrogatory No. 4 were those individuals on Defendant's writing staff who wrote, created, and/or edited the jokes at issue.  Defendant objects to this Interrogatory on the following grounds:

    1) It seeks information which is not relevant to any party's claim or defense and is not proportional to the needs of the case;

    2) It seeks the identification of confidential information prior to the entry of a suitable protective order;

    3) Gross revenues or annual salaries of the writing staff or writing interns are irrelevant;

    4) The information is privileged.

Once again, the information sought is relevant and this interrogatory is reasonably calculated to lead to the discovery of admissible evidence to prove Plaintiff's claimed damages for infringement. In addition to the annual gross revenues of Conaco as a whole, the individual salaries of those who published the alleged infringing jokes have a direct relationship to Plaintiff's damages. These individuals are undoubtedly paid in part based on the jokes that they submit. If Defendant plans to move for a protective order, it is insufficient to merely object that the interrogatory is seeking identification of confidential information prior to the entry of a suitable protective order unless that party has already moved for a protective order. *See American Rock Salt Co. v. Norfolk Southern Corp.*, 228 F.R.D. 426 (W.D. Ny. 2005).

### 5. **TBS's  Responses to Plaintiff's Special Interrogatories, Set One**

TBS's Responses to the following Interrogatories propounded in Plaintiff's Special Interrogatories, Set one are deficient, inadequate, and improper. For purposes of the parties' meet and confer, I provide the following summary of certain deficiencies:

### *General Objection No. 4/Objection to definition of "YOUR."*

In serving its Special Interrogatories, Set One, Plaintiff included an "Instructions" and "Definitions" section. In that definition section, Plaintiff defines "YOUR" to include:

"Defendant individually and collectively, and his or her, its or their affiliates and parent company and anyone acting on their, his or her behalf, including, but not limited to, past and present officers, directors, shareholders, agents, employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in their, his or its interest, on their, her or its behalf, or at their, her or its request, and each of them."

However, In General Objection No. 4, Defendant objects to the definitions and instructions "as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and information or documents that are neither relevant nor proportional to the needs of the case." In addition, Defendant objects in almost every response to the definition of "YOUR" and seeks to limit the definition to only "Conaco, LLC, and its directors, officers, and employees only."

This limited definition selected by Defendant does not fully encompass the individuals who may have been involved in the acts as alleged in the complaint. To limit the definition to Defendant's chosen definition is to leave out former employees, independent contractors, and other agents who may have been involved in the alleged infringing acts.

As you are aware, the use of reasonable definitions prefacing a series of interrogatories is not prohibited by the FRCP. *See Diversified Products Corp. v. Sports Center Co.,* 42 F.R.D. 3, 10 (M.D. Dc. 1967). With this in mind, Plaintiff asks Defendant to amend its responses to remove General Objection No. 4, and also remove each objection that seeks to limit Plaintiff's defined term, "YOUR," to only Conaco LLC, its directors, officers, and employees.

### *Interrogatory Nos. 1, 2, and 3*

Interrogatory No. 1 asks Defendant to "IDENTIFY YOUR annual gross revenues in 2015." Defendant objects to this interrogatory on the grounds that:

1) The term "annual gross revenues" is vague and ambiguous in that if fails to specifically identify what revenue information it seeks from Conaco;

2) Annual gross revenues are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes;

3) The interrogatory is overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defends and is not proportional to the needs of the case;

4) The interrogatory seeks confidential information prior to the entry of a suitable

protective order; and

5) The interrogatory seeks information which is subject to certain confidentiality provisions between Conaco and/or its affiliated companies which may not be disclosed absent the consent of the parties to such contracts.

Information with respect to Defendant's annual gross revenues is essential to Plaintiff's claim for copyright infringement because that information relates to damages, an essential element of Plaintiff's claim. 17 USC 504(b) states (b) Actual Damages and Profits.— The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

My client has the burden of showing your client's gross revenue and your client is required to prove deductible expenses.  Thus, financial information is relevant to my client's claim and he is entitled to know what your client's gross revenues are and what your client is claiming as deductible expenses. Furthermore, the term "annual gross revenues" doesn't need to be defined. It is simple enough for a lay person to understand, as "annual" means yearly and "gross revenues" means income before expenses. There is no ambiguity in the term. Furthermore, the second and third objections based on relevance are unwarranted, as I have already stated that this information is crucial to proving Plaintiff's damages. As to the fourth and fifth objections, as you know we have already met and conferred regarding a proposed protective order.  Your office has taken the position that financial information should be for attorneys eyes only.  I did not agree based on the 17 USC 504(b).  Based on that your office stated it would take it up with the Judge, yet no motion for protective order has been filed.  If we cannot agree on the production of documents and you do not file for a protective order I will simply go ahead and file motion to compel.

*Interrogatory No. 2* asks Defendants to "identify all witnesses and persons who calculate and/or determine your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory No. 1. Determining the identity of these people is necessary for Plaintiff to prove his damages for Defendant's infringement, as alleged in the Complaint. For the same reasons listed above in Interrogatory No. 1, Plaintiff requests that Defendant provide this information.

*Interrogatory No. 3* asks Defendants to "Identify all documents that relate to your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory Nos. 2 and 3, with the addition of objections claiming that identifying "all documents" is "not proportional to the needs of the case," and that the documents "are not reasonably accessible because of undue burden and cost." Plaintiff believes that these documents are relevant and inquiry into these documents is reasonably calculated to lead to the discovery of admissible evidence because the documents themselves establish claimed damages. Without these documents, it is impossible for Plaintiff to establish damages for the infringement claim. Furthermore, Plaintiff fails to see what undue burden and cost will be sustained by Defendant by

merely "identifying" the documents. This is not a request for production. For these reasons in addition to those listed in Interrogatory No. 1, Defendant should provide this information.

### *Interrogatory No. 5*

Interrogatory No. 5 asks for the gross revenue or annual salary of each person listed in Interrogatory No. 4. The people listed in Interrogatory No. 4 were those individuals on Defendant's writing staff who wrote, created, and/or edited the jokes at issue. Defendant objects to this Interrogatory on the following grounds:

1) It seeks information which is not relevant to any party's claim or defense and is not proportional to the needs of the case;

2) It seeks the identification of confidential information prior to the entry of a suitable protective order;

3) Gross revenues or annual salaries of the writing staff or writing interns are irrelevant;

4) The information is privileged.

Once again, the information sought is relevant and this interrogatory is reasonably calculated to lead to the discovery of admissible evidence to prove Plaintiff's claimed damages for infringement. In addition to the annual gross revenues of Conaco as a whole, the individual salaries of those who published the alleged infringing jokes have a direct relationship to Plaintiff's damages. These individuals are undoubtedly paid in part based on the jokes that they submit. If Defendant plans to move for a protective order, it is insufficient to merely object that the interrogatory is seeking identification of confidential information prior to the entry of a suitable protective order unless that party has already moved for a protective order. *See American Rock Salt Co. v. Norfolk Southern Corp.,* 228 F.R.D. 426 (W.D. Ny. 2005).

### 6.  Time Warner's  Responses to Plaintiff's Special Interrogatories, Set One

Time Warner's Responses to the following Interrogatories propounded in Plaintiff's Special Interrogatories, Set one are deficient, inadequate, and improper. For purposes of the parties' meet and confer, I provide the following summary of certain deficiencies:

### *General Objection No. 4/Objection to definition of "YOUR."*

In serving its Special Interrogatories, Set One, Plaintiff included an "Instructions" and "Definitions" section. In that definition section, Plaintiff defines "YOUR" to include:

"Defendant individually and collectively, and his or her, its or their affiliates and parent company and anyone acting on their, his or her behalf, including, but not limited to, past and present officers, directors, shareholders, agents, employees, representatives, affiliates, attorneys, accountants, investigators, or anyone else acting in their, his or its interest, on their, her or its behalf, or at their, her or its request, and each of them."

However, In General Objection No. 4, Defendant objects to the definitions and instructions "as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and information or documents that are neither relevant nor

proportional to the needs of the case." In addition, Defendant objects in almost every response to the definition of "YOUR" and seeks to limit the definition to only "Conaco, LLC, and its directors, officers, and employees only."

This limited definition selected by Defendant does not fully encompass the individuals who may have been involved in the acts as alleged in the complaint. To limit the definition to Defendant's chosen definition is to leave out former employees, independent contractors, and other agents who may have been involved in the alleged infringing acts.

As you are aware, the use of reasonable definitions prefacing a series of interrogatories is not prohibited by the FRCP. *See Diversified Products Corp. v. Sports Center Co.,* 42 F.R.D. 3, 10 (M.D. Dc. 1967). With this in mind, Plaintiff asks Defendant to amend its responses to remove General Objection No. 4, and also remove each objection that seeks to limit Plaintiff's defined term, "YOUR," to only Conaco LLC, its directors, officers, and employees.

### ***Interrogatory Nos. 1, 2, and 3***

Interrogatory No. 1 asks Defendant to "IDENTIFY YOUR annual gross revenues in 2015." Defendant objects to this interrogatory on the grounds that:
        1) The term "annual gross revenues" is vague and ambiguous in that if fails to specifically identify what revenue information it seeks from Conaco;
        2) Annual gross revenues are irrelevant to Plaintiff's claim for alleged damages as to four one-liner jokes;
        3) The interrogatory is overbroad, unduly burdensome, and harassing to the extent the proposed discovery seeks financial information which is not relevant to any party's claim or defends and is not proportional to the needs of the case;
        4) The interrogatory seeks confidential information prior to the entry of a suitable protective order; and
        5) The interrogatory seeks information which is subject to certain confidentiality provisions between Conaco and/or its affiliated companies which may not be disclosed absent the consent of the parties to such contracts.

Information with respect to Defendant's annual gross revenues is essential to Plaintiff's claim for copyright infringement because that information relates to damages, an essential element of Plaintiff's claim. 17 USC 504(b) states (b) Actual Damages and Profits.— The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

My client has the burden of showing your client's gross revenue and your client is required to prove deductible expenses.  Thus, financial information is relevant to my client's claim and he is entitled to know what your client's gross revenues are and what your client is claiming as deductible expenses. Furthermore, the term "annual gross revenues" doesn't need to

be defined. It is simple enough for a lay person to understand, as "annual" means yearly and "gross revenues" means income before expenses. There is no ambiguity in the term. Furthermore, the second and third objections based on relevance are unwarranted, as I have already stated that this information is crucial to proving Plaintiff's damages. As to the fourth and fifth objections, as you know we have already met and conferred regarding a proposed protective order.  Your office has taken the position that financial information should be for attorneys eyes only.  I did not agree based on the 17 USC 504(b).  Based on that your office stated it would take it up with the Judge, yet no motion for protective order has been filed.  If we cannot agree on the production of documents and you do not file for a protective order I will simply go ahead and file motion to compel.

*Interrogatory No. 2* asks Defendants to "identify all witnesses and persons who calculate and/or determine your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory No. 1. Determining the identity of these people is necessary for Plaintiff to prove his damages for Defendant's infringement, as alleged in the Complaint. For the same reasons listed above in Interrogatory No. 1, Plaintiff requests that Defendant provide this information.

*Interrogatory No. 3* asks Defendants to "Identify all documents that relate to your annual gross revenues in 2015." Defendant's objections are essentially the same as those listed in Interrogatory Nos. 2 and 3, with the addition of objections claiming that identifying "all documents" is "not proportional to the needs of the case," and that the documents "are not reasonably accessible because of undue burden and cost." Plaintiff believes that these documents are relevant and inquiry into these documents is reasonably calculated to lead to the discovery of admissible evidence because the documents themselves establish claimed damages. Without these documents, it is impossible for Plaintiff to establish damages for the infringement claim. Furthermore, Plaintiff fails to see what undue burden and cost will be sustained by Defendant by merely "identifying" the documents. This is not a request for production. For these reasons in addition to those listed in Interrogatory No. 1, Defendant should provide this information.

### *Interrogatory No. 5*

Interrogatory No. 5 asks for the gross revenue or annual salary of each person listed in Interrogatory No. 4. The people listed in Interrogatory No. 4 were those individuals on Defendant's writing staff who wrote, created, and/or edited the jokes at issue.  Defendant objects to this Interrogatory on the following grounds:

1) It seeks information which is not relevant to any party's claim or defense and is not proportional to the needs of the case;

2) It seeks the identification of confidential information prior to the entry of a suitable protective order;

3) Gross revenues or annual salaries of the writing staff or writing interns are irrelevant;

4) The information is privileged.

Once again, the information sought is relevant and this interrogatory is reasonably calculated to lead to the discovery of admissible evidence to prove Plaintiff's claimed damages for infringement. In addition to the annual gross revenues of Conaco as a whole, the individual

salaries of those who published the alleged infringing jokes have a direct relationship to Plaintiff's damages. These individuals are undoubtedly paid in part based on the jokes that they submit. If Defendant plans to move for a protective order, it is insufficient to merely object that the interrogatory is seeking identification of confidential information prior to the entry of a suitable protective order unless that party has already moved for a protective order. *See American Rock Salt Co. v. Norfolk Southern Corp.,* 228 F.R.D. 426 (W.D. Ny. 2005).

### 7. Conaco LLC's Responses to Plaintiff's Request for Production of Documents, Set One

Conaco LLC's Responses to the following Requests propounded in Plaintiff's Request for Production of Documents and Things, Set one are deficient, inadequate, and improper. For purposes of the parties' meet and confer, I provide the following summary of certain deficiencies:

### *Request for Production Nos. 3 and 4*

*Request for Production No. 3* asks for "ANY and ALL DOCUMENTS, tangible things and other items that RELATE TO YOUR *annual gross revenues* in 2015. In response, Defendant provides the same objections it provided in Interrogatories 1, 2, and 3. For the same reasons as those stated in the aforementioned interrogatories, Defendant should produce the requested documents.

*Request for Production No. 4* asks for "ANY and ALL DOCUMENTS, tangible things and other items that RELATE TO YOUR *annual net profits* in 2015. Defendant asserted essentially the same objections as those asserted in Request for Production No. 3.

Though the term "annual net profits" is different than "annual gross revenues," it is still one that is not subject to any uncertainty or ambiguity. "Annual net profits" simply refers to the income retained by Defendant after expenses. Furthermore, this information is relevant for the same reasons as stated above, in that it is essential to proving Plaintiff's damages. With these reasons in mind, along with those listed in interrogatories 1, 2, and 3 above, Plaintiff respectfully asks for Defendant to provide the requested documents.

### *Request for Production Nos. 6, 7, and 8*

Each of these Requests seeks documents involving JOSH COMERS, BRIAN KILEY, and ROB KUTNER, which were submitted to Defendant for use on the "CONAN" show monologue in the last three years. Defendant's response is that it will produce relevant and non-privileged documents within its possession concerning the three individuals above within thirty (30) days after the entry of a protective order in this action, to the extent that such documents may exist and have not already been produced.

As you know we have already met and conferred regarding a proposed protective order. Your office has taken the position that financial information should be for attorneys eyes only.  I did not agree based on the 17 USC 504(b) thus we were unable to reach an agreement on a

protective order to address all issues.  Based on that your office stated it would take it up with the Judge, yet no motion for protective order has been filed.  If we cannot agree on the production of documents and you do not file for a protective order I will simply go ahead and file motion to compel.

I hope that we can discuss and resolve these issues amicably during a phone call.

Sincerely,

*/s/ Jayson M. Lorenzo*

Jayson M. Lorenzo

## CERTIFICATE OF SERVICE

### KASEBERG v. CONACO, LLC

### 15-CV-01637-JLS-DHB

At the time of service, I was over 18 years of age and not a party to this action.  My business address is 2794 Gateway Road, Carlsbad, California 92009.  On the date indicated below, I served the following documents:

**DECLARATION OF JAYSON M. LORENZO**

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**

☒  By E-Mail or Electronic Transmission. I hereby certify that on the date referenced below, I electronically transmitted the attached document to Defendant's Counsel.  I did not receive, within a reasonable time after the transmission, and electronic message or other indication that the transmission was unsuccessful.

on the persons listed on the attached below:

ERICA J. VAN LOON                                    Attorneys for Defendants
State Bar No. 227712
evanloon@glaserweil.com                          Conaco, LLC; Turner Broadcasting
NICHOLAS E. HUSKINS                             System, Inc.; Time Warner Inc.; Conan
State Bar No. 299133                                 O'Brien; Jeff Ross; and Mike Sweeney
nhuskins@glaserweil.com

GLASER WEIL FINK HOWARD
AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Tel.: (310) 553-3000
Fax (310) 556-2920

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed at Carlsbad, California, on June 2, 2016.


_____/S/ jayson lorenzo_____
        JAYSON M. LORENZO

# Exhibit 19

| | |
|---|---|
| **From:** | Nick Huskins |
| **Sent:** | Tuesday, May 31, 2016 10:38 AM |
| **To:** | 'Jayson Lorenzo'; Erica Van Loon |
| **Cc:** | Lorie Mallari |
| **Subject:** | RE: Kaseberg v. Conaco, et al. |
| **Attachments:** | MCA Inc v Wilson.doc; Mackie v Rieser.doc; On Davis v The Gap Inc.doc; CONACO_000045-CONACO_000064.pdf |

Jayson,

Thanks for your email.  Mike Sweeney is available for deposition on June 17 or June 24. Let us know if either date works. If not, Mr. Sweeney's next available date for deposition is July 8. Mr. Kiley and Mr. Kutner are available to be deposed on July 15.  That being said, we stand by our objections to Plaintiff's Request for Production Nos. 6-8.  If this impacts your deposition schedule, let us know.  I am working on getting availability for the rest of the deponents, and should have dates for you by the end of the week.

To be clear, we will not be producing revenue information for TBS, Time Warner, and Conaco, or salary information for the individual writers, as they are in no way relevant to a potential damages calculation by your client.  Per your request, we've attached some supporting case law.  Also, we cannot agree to a June 1 deadline for your client to supplement his deficient discovery responses.  Accordingly, Defendants will move forward with a motion to compel regarding your client's deficient discovery responses.

As to the protective order, we agree that filing a formal motion is best and we will do so.

We are also attaching a copy of Conaco's insurance policy, as requested.  Please note that this document is designated "Confidential" and thus, should be treated pursuant to the draft protective order's terms concerning confidential documents.

Regards,
Nick

**From:** Jayson Lorenzo [mailto:jmlorenzo.esq@gmail.com]
**Sent:** Monday, May 23, 2016 3:38 PM
**To:** Nick Huskins; Erica Van Loon
**Cc:** Lorie Mallari
**Subject:** Kaseberg v. Conaco, et al.

Nick,

See my responses in red below.


On Thu, May 19, 2016 at 1:13 PM, Nick Huskins <nhuskins@glaserweil.com> wrote:

Jayson,

As discussed on our call yesterday afternoon, below is the understanding reached between the parties with respect to the outstanding discovery issues:

**Depositions**

- We can make Mike Sweeney available for deposition on June 17 in Irvine, as you suggested. Let us know if this date works and the location of the deposition. Also, let us know if June 24 works for the depositions of Kiley and Kutner in Irvine. We would like to lock these dates in with the witnesses so please confirm the dates with us this week

I will confirm the dates and location of the 17 and 24 by the end of the week.  I may need to take Sweeney on the 24 and Kiley and Kutner on July 1st.  I still need to clear my calendar.  Also see my comments related to RFP 6-8 below as it also may affect if I take Kiley and Kutner.

- We will get back to you with dates for the additional deponents you requested.

Please get me dates by the end of next week.  I want to take Weisberg and Comers next then Conan and Ross.  I also need to take a PMK for Time Warner and TBS on financial information as a heads up.

**Protective Order**

- We agreed to all terms of the proposed protective order except the designation of non-public financial documents as AEO.  The parties will move forward with discovery obligations subject to our mutual understanding of the agreed-upon terms of the protective order, i.e. the production of documents designated as "confidential" and the treatment of trade secret information as "Attorneys Eyes Only."  As to our dispute regarding the designation of non-public financial documents, Defendants will proceed with filing a motion with the Court if this issue cannot be resolved informally with Judge Bartick.

Agreed, however the issue of non-public financial documents is still in dispute.  It is my understanding that you are taking the position that you will not produce any financial information.  Can you confirm this?  If so, I will just go ahead and file a motion to compel on that issue.

**Defendants' Discovery Requests**

**Interrogatories**

- You agreed to supplement responses to Conaco's Interrogatory Nos. 1-4, 7-8, 10-13, and 15-16.

I agreed that I will speak to my client and to the extent he can provide additional information the responses will be supplemented.

      o  With respect to Interrogatory No. 1, you represented that Plaintiff will supplement to provide information sufficient to show the date, time, and forum in which the jokes at issue were published.

I agreed that I will speak to my client and to the extent he can provide additional information the responses will be supplemented.

      o  With respect to Interrogatory No. 3, you represented Plaintiff will supplement with the date of creation, and any other responsive information not included in Plaintiff's initial response.

I agreed that I will speak to my client and to the extent he can provide additional information the responses will be supplemented.

      o  With respect to Interrogatory No. 6, you represented this is a complete response.

Agree.

      o  With respect to Interrogatory Nos. 2, 4, 7-8, and 15-16, you represented that Plaintiff will supplement with a complete, narrative response.

I will speak to my client and see if he has additional information for which he can supplement.  I did not agree to a narrative response.

      o  With respect to Interrogatory Nos. 10-13, the parties agree to treat any information provided in response as subject to the confidentiality terms of the proposed protective order.  You represented that Plaintiff will supplement his response to these Interrogatories subject to that understanding.

With respect to 10-13 we discussed whether the discovery was going to be limited to the "jokes at issue".  I don't believe it should be limited to the jokes at issue.  If it wasn't limited to the "jokes at issue" we were both going to agree to produce information.  I would agree to produce the information but because of your objection to our RFP 6-8 I do not think it is appropriate for my client to provide this information.  My understanding was that we would mutually not withhold information but you need to confirm that with Erica.  You stated you understood my position.  You would agree to produce RFP 6-8 information before Kiley, Kutner and Comers depos and I would agree to responde to your rogs 10-13 subject to the projective order.

**Requests for Production**

•  You represented Plaintiff is not withholding any documents on the basis of his objections.

Agree.

•  We discussed Plaintiff's limiting response with respect to RFPs No. 2 and 41.  You raised the issue that Defendants' similarly limited their response to Plaintiff's RFP Nos. 6-8.  We discussed mutually resolving whether or not we can agree that the aforementioned requests can be uniformly limited, or in the alternative, the limitation can be removed from both our responses.  Subsequent to our phone conversation, you emailed

to raise the same issue with our response to Interrogatories No. 4 and 7, and contended that you believe that
information is relevant without any limitation.

>  o  Upon review, we are willing to agree to the limitation as to our RFP No. 41, but believe RFP
>  No. 2 is properly limited in scope and relevant.  We disagree that Plaintiff's Interrogatory
>  Requests Nos. 4 and 7, and RFP Nos. 6-8, are relevant without limitation.  Specifically we do
>  not see how jokes unrelated to the jokes at issue are relevant, nor how the identification of
>  Conaco staff who had no involvement with the jokes at issue are relevant.  We will consider a
>  narrowed re-draft of these requests, to the extent they are relevant to claims or defense at issue
>  in this case.  Short of that, we cannot agree to removing the limitation.

So with RFP No. 2, you believe any and all correspondence with third parties related to Defendants whether
they involve the Jokes at issue should be produced?  RFP 41, I will have my client produce what he has related
to jokes at issue.  However, I do not agree that Plaintiff's Interrogatory Request 4 and 7 should not be produced
by your client.  Also I do not agree that RFP 6-8 should not be produced by your client.  Please confirm that
you will not respond to Interrogatory 4 and 7 and also not produce documents for RFP 6-8.  I will go ahead and
file a motion to compel on those requests.

If you are not producing RFP 6-8 I may need to push Kiley and Kutner's depos.

**Requests for Admission**

- You represented Plaintiff will supplement all responses to clarify whether any denial is made on the basis
of an asserted objection, or as to the substance of the Request.  For any denial based on an objection, you
agreed the response will specify the particular objection that serves as the basis for the denial.

Agree.

>  o  With respect to RFA Nos. 2-5, you represented that Plaintiff will supplement his responses
>  subject to an understanding that "identical" means word-for-word copy.

I will speak to my client about whether he will agree to supplement.  The RFA as writen is unclear.  I think in
order to clear this up and have a clean record for trial, I you should resend your specific RFA request.

>  o  With respect to RFA Nos. 6-7, you represented that Plaintiff will supplement his responses
>  to be consistent with Plaintiff's Interrogatory responses.

Disagree.  I stated that I would speak to my client to discovery of there is any additional information that might
requre him to supplement his response.

>  o  With respect to RFA No. 8, you represented that Plaintiff will supplement his response with
>  the understanding that the word "standard" be removed from the request.

I will speak to my client about whether he will agree to supplement.  The RFA as writen is unclear.  I think in
order to clear this up and have a clean record for trial, I you should resend your specific RFA request.

o  With respect to RFA No. 9, you represented that Plaintiff will supplement his response with the understanding that the request seeks an admission as to your client's awareness as of today, not prior to publication of the jokes at issue.

Disagree.  I stated that the documents lacked foundation haven't been authenticated and he can't admit to documents he never authored or knows anything about.

**Deadline for Supplemental Responses**

- No deadline to provide supplemental responses was discussed on the call.  In the interest of preventing any further delay, please confirm your client  will provide supplemental responses by May 26.  We would prefer to resolve any discovery issues without involvement from the Court, but must be prepared to move in the event any supplemental responses are provided any later, or are otherwise unsatisfactory.

I can agree to no later than June 1 for any supplements.

**Plaintiff's Discovery Requests/Informal Conference with the Judge Bartick**

- We discussed the relevance of the financial information requested by Plaintiff, and were unable to reach a resolution.  You indicated you would move to compel Interrogatory responses and the production of documents related to Defendants' financial information.  Regarding your suggestion that we settle the matter informally with the assistance of Judge Bartick,  we are not opposed so long as we have the opportunity to apprise Judge Bartick in writing of the relevant case law.  We note that our dispute concerning the designation of financial documents as AEO might also be a matter that can be settled informally with Judge Bartick, if he is so inclined to speak with us without a formal motion.  We are amenable to mutually calling Judge Bartick's clerk with you to see if he would be amenable to a telephone conference to try to resolve these disputes without the need for motion practice.  I am available to discuss this further this afternoon, prior to our mutually contacting Judge Bartick's clerk.

If we are going to brief the issue, I'd rather just file a formal motion.  The first issue is the relevance of the documents and whether you should produce them to me, as well as the jokes submitted to your client and the names of other writers and what they make.  The AEO issue is only relevant if I am entitled to financial information.

Regards,

Nick

# Glaser Weil

**Nick Huskins** | *Attorney*

10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067

Main: 310.553.3000 | Direct: 310.282.6264 | Fax: 310.785.3564

E-Mail: nhuskins@glaserweil.com | www.glaserweil.com



This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message

# Exhibit 20

| | |
|---|---|
| **From:** | Jayson Lorenzo <jmlorenzo.esq@gmail.com> |
| **Sent:** | Tuesday, May 31, 2016 4:54 PM |
| **To:** | Nick Huskins |
| **Cc:** | Erica Van Loon; Lorie Mallari |
| **Subject:** | Re: Kaseberg v. Conaco, et al. |

Nick,

Thanks for you email.  I'm confirming the availability of a conference room for Mr. Sweeney's deposition so either the 17th or 24th will work.  Let me just confirm with our court reporter but please hold those two dates.  With regards to RFPs 6-8 can you clarify what you mean?  I'm a little confused.  Is it your position you will provide the documents after a protective order is in place or is it your position that you will only provide documents related to the "jokes at issue"?  In your email you stated "We disagree that Plaintiff's Interrogatory Requests Nos. 4 and 7, and RFP Nos. 6-8, are relevant without limitation.  Specifically we do not see how jokes unrelated to the jokes at issue are relevant, nor how the identification of Conaco staff who had no involvement with the jokes at issue are relevant."  My understanding is that you believe that documents related to the "jokes at issue" and people associated with the jokes at issue are the only information that is relevant.

Just to be clear, as I mentioned to you, all the writers for your client's show are relevant because my client may know other writers who he either follow my client or my client may follow them.  This goes to the issue of access.  Further, you have requested all materials and jokes that my client has written unrelated to the jokes at issue but at the same time you don't agree all jokes submitted by Comers, Kiley and Kutner are relevant.  Again, jokes submitted even if they aren't the jokes at issue are relevant to access.  If you are not going to be providing any information related to RFP Nos. 6-8 then I will need to postpone Kiley and Kutner's deposition until this is sorted out.

With regards to the financial information.  I reviewed your case law.  I am happy to limit the gross revenue information for TBS, Conanco, Time Warner, Conan O'Brien, Mike Sweeney and Jeff Ross related only to the "Conan" Show.  Please provide me with gross reveune and/or salary/bonuses you clients received related only to the "Conan" Show in 2015.  With respect to the writers, I believe we are entitled to what the writers who allegedly wrote the jokes at issue made as well as what other writers on the staff made.  This is relevant to establish my client's actual damages or the fair value of what writers are being paid.  I believe we are entitled to what Mr. Comers, Mr. Kiley and what Mr. Kutner make as they are allegedly the writers of the jokes at issue.  With respect to the other writers on the show, we do not need to know what each writer made, a list of their salaries or what they make from the Conan show should suffice with names redacted.  Again, this is relevant to establish what writers for Conan are being paid per year.

As promised I will have you supplemental responses to your office by tomorrow.

Jayson M. Lorenzo, Esq.
L.L.M. with Concentration in Intellectual Property

2794 Gateway Road, Suite 116
Carlsbad, CA 92009
760-517-6646
jmlorenzo.esq@gmail.com

On Tue, May 31, 2016 at 10:38 AM, Nick Huskins <nhuskins@glaserweil.com> wrote:

Jayson,

Thanks for your email.  Mike Sweeney is available for deposition on June 17 or June 24. Let us know if either date works. If not, Mr. Sweeney's next available date for deposition is July 8. Mr. Kiley and Mr. Kutner are available to be deposed on July 15.  That being said, we stand by our objections to Plaintiff's Request for Production Nos. 6-8.  If this

impacts your deposition schedule, let us know.  I am working on getting availability for the rest of the deponents, and should have dates for you by the end of the week.

To be clear, we will not be producing revenue information for TBS, Time Warner, and Conaco, or salary information for the individual writers, as they are in no way relevant to a potential damages calculation by your client.  Per your request, we've attached some supporting case law.  Also, we cannot agree to a June 1 deadline for your client to supplement his deficient discovery responses.  Accordingly, Defendants will move forward with a motion to compel regarding your client's deficient discovery responses.

As to the protective order, we agree that filing a formal motion is best and we will do so.

We are also attaching a copy of Conaco's insurance policy, as requested.  Please note that this document is designated "Confidential" and thus, should be treated pursuant to the draft protective order's terms concerning confidential documents.

Regards,

Nick

**From:** Jayson Lorenzo [mailto:jmlorenzo.esq@gmail.com]
**Sent:** Monday, May 23, 2016 3:38 PM
**To:** Nick Huskins; Erica Van Loon
**Cc:** Lorie Mallari
**Subject:** Kaseberg v. Conaco, et al.

Nick,

See my responses in red below.

On Thu, May 19, 2016 at 1:13 PM, Nick Huskins <nhuskins@glaserweil.com> wrote:

Jayson,

As discussed on our call yesterday afternoon, below is the understanding reached between the parties with respect to the outstanding discovery issues:

**Depositions**

- We can make Mike Sweeney available for deposition on June 17 in Irvine, as you suggested. Let us know if this date works and the location of the deposition. Also, let us know if June 24 works for the depositions of Kiley and Kutner in Irvine. We would like to lock these dates in with the witnesses so please confirm the dates with us this week

I will confirm the dates and location of the 17 and 24 by the end of the week.  I may need to take Sweeney on the 24 and Kiley and Kutner on July 1st.  I still need to clear my calendar.  Also see my comments related to RFP 6-8 below as it also may affect if I take Kiley and Kutner.

- We will get back to you with dates for the additional deponents you requested.

Please get me dates by the end of next week.  I want to take Weisberg and Comers next then Conan and Ross.  I also need to take a PMK for Time Warner and TBS on financial information as a heads up.

**Protective Order**

- We agreed to all terms of the proposed protective order except the designation of non-public financial documents as AEO.  The parties will move forward with discovery obligations subject to our mutual understanding of the agreed-upon terms of the protective order, i.e. the production of documents designated as "confidential" and the treatment of trade secret information as "Attorneys Eyes Only."  As to our dispute regarding the designation of non-public financial documents, Defendants will proceed with filing a motion with the Court if this issue cannot be resolved informally with Judge Bartick.

Agreed, however the issue of non-public financial documents is still in dispute.  It is my understanding that you are taking the position that you will not produce any financial information.  Can you confirm this?  If so, I will just go ahead and file a motion to compel on that issue.

**Defendants' Discovery Requests**

**Interrogatories**

- You agreed to supplement responses to Conaco's Interrogatory Nos. 1-4, 7-8, 10-13, and 15-16.

I agreed that I will speak to my client and to the extent he can provide additional information the responses will be supplemented.

o With respect to Interrogatory No. 1, you represented that Plaintiff will supplement to provide information sufficient to show the date, time, and forum in which the jokes at issue were published.

I agreed that I will speak to my client and to the extent he can provide additional information the responses will be supplemented.

o With respect to Interrogatory No. 3, you represented Plaintiff will supplement with the date of creation, and any other responsive information not included in Plaintiff's initial response.

I agreed that I will speak to my client and to the extent he can provide additional information the responses will be supplemented.

o With respect to Interrogatory No. 6, you represented this is a complete response.

Agree.

o With respect to Interrogatory Nos. 2, 4, 7-8, and 15-16, you represented that Plaintiff will supplement with a complete, narrative response.

I will speak to my client and see if he has additional information for which he can supplement.  I did not agree to a narrative response.

o With respect to Interrogatory Nos. 10-13, the parties agree to treat any information provided in response as subject to the confidentiality terms of the proposed protective order.  You represented that Plaintiff will supplement his response to these Interrogatories subject to that understanding.

With respect to 10-13 we discussed whether the discovery was going to be limited to the "jokes at issue".  I don't believe it should be limited to the jokes at issue.  If it wasn't limited to the "jokes at issue" we were both going to agree to produce information.  I would agree to produce the information but because of your objection to our RFP 6-8 I do not think it is appropriate for my client to provide this information.  My understanding was that we would mutually not withhold information but you need to confirm that with Erica.  You stated you understood my position.  You would agree to produce RFP 6-8 information before Kiley, Kutner and Comers depos and I would agree to responde to your rogs 10-13 subject to the projective order.

**Requests for Production**

- You represented Plaintiff is not withholding any documents on the basis of his objections.

Agree.

- We discussed Plaintiff's limiting response with respect to RFPs No. 2 and 41.  You raised the issue that Defendants' similarly limited their response to Plaintiff's RFP Nos. 6-8.  We discussed mutually resolving whether or not we can agree that the aforementioned requests can be uniformly limited, or in the alternative,

the limitation can be removed from both our responses.  Subsequent to our phone conversation, you emailed to raise the same issue with our response to Interrogatories No. 4 and 7, and contended that you believe that information is relevant without any limitation.

> o  Upon review, we are willing to agree to the limitation as to our RFP No. 41, but believe RFP No. 2 is properly limited in scope and relevant.  We disagree that Plaintiff's Interrogatory Requests Nos. 4 and 7, and RFP Nos. 6-8, are relevant without limitation.  Specifically we do not see how jokes unrelated to the jokes at issue are relevant, nor how the identification of Conaco staff who had no involvement with the jokes at issue are relevant.  We will consider a narrowed re-draft of these requests, to the extent they are relevant to claims or defense at issue in this case.  Short of that, we cannot agree to removing the limitation.

So with RFP No. 2, you believe any and all correspondence with third parties related to Defendants whether they involve the Jokes at issue should be produced?  RFP 41, I will have my client produce what he has related to jokes at issue.  However, I do not agree that Plaintiff's Interrogatory Request 4 and 7 should not be produced by your client.  Also I do not agree that RFP 6-8 should not be produced by your client.  Please confirm that you will not respond to Interrogatory 4 and 7 and also not produce documents for RFP 6-8.  I will go ahead and file a motion to compel on those requests.

If you are not producing RFP 6-8 I may need to push Kiley and Kutner's depos.

**Requests for Admission**

- You represented Plaintiff will supplement all responses to clarify whether any denial is made on the basis of an asserted objection, or as to the substance of the Request.  For any denial based on an objection, you agreed the response will specify the particular objection that serves as the basis for the denial.

Agree.

> o  With respect to RFA Nos. 2-5, you represented that Plaintiff will supplement his responses subject to an understanding that "identical" means word-for-word copy.

I will speak to my client about whether he will agree to supplement.  The RFA as writen is unclear.  I think in order to clear this up and have a clean record for trial, I you should resend your specific RFA request.

> o  With respect to RFA Nos. 6-7, you represented that Plaintiff will supplement his responses to be consistent with Plaintiff's Interrogatory responses.

Disagree.  I stated that I would speak to my client to discovery of there is any additional information that might requre him to supplement his response.

        o  With respect to RFA No. 8, you represented that Plaintiff will supplement his response with the understanding that the word "standard" be removed from the request.

I will speak to my client about whether he will agree to supplement.  The RFA as writen is unclear.  I think in order to clear this up and have a clean record for trial, I you should resend your specific RFA request.

        o  With respect to RFA No. 9, you represented that Plaintiff will supplement his response with the understanding that the request seeks an admission as to your client's awareness as of today, not prior to publication of the jokes at issue.

Disagree.  I stated that the documents lacked foundation haven't been authenticated and he can't admit to documents he never authored or knows anything about.

**Deadline for Supplemental Responses**

•   No deadline to provide supplemental responses was discussed on the call.  In the interest of preventing any further delay, please confirm your client  will provide supplemental responses by May 26.  We would prefer to resolve any discovery issues without involvement from the Court, but must be prepared to move in the event any supplemental responses are provided any later, or are otherwise unsatisfactory.

I can agree to no later than June 1 for any supplements.

**<u>Plaintiff's Discovery Requests/Informal Conference with the Judge Bartick</u>**

•   We discussed the relevance of the financial information requested by Plaintiff, and were unable to reach a resolution.  You indicated you would move to compel Interrogatory responses and the production of documents related to Defendants' financial information.  Regarding your suggestion that we settle the matter informally with the assistance of Judge Bartick,  we are not opposed so long as we have the opportunity to apprise Judge Bartick in writing of the relevant case law.  We note that our dispute concerning the designation of financial documents as AEO might also be a matter that can be settled informally with Judge Bartick, if he is so inclined to speak with us without a formal motion.  We are amenable to mutually calling Judge Bartick's clerk with you to see if he would be amenable to a telephone conference to try to resolve these disputes without the need for motion practice.  I am available to discuss this further this afternoon, prior to our mutually contacting Judge Bartick's clerk.

If we are going to brief the issue, I'd rather just file a formal motion.  The first issue is the relevance of the documents and whether you should produce them to me, as well as the jokes submitted to your client and the

names of other writers and what they make.  The AEO issue is only relevant if I am entitled to financial information.

Regards,

Nick



**Nick Huskins |** Attorney

10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067

Main: 310.553.3000 | Direct: 310.282.6264 | Fax: 310.785.3564

E-Mail: nhuskins@glaserweil.com | www.glaserweil.com

This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message