1  PATRICIA L. GLASER – State Bar No. 55668
   pglaser@glaserweil.com
2  ERICA J. VAN LOON - State Bar No. 227712
   evanloon@glaserweil.com
3  NICHOLAS E. HUSKINS – State Bar No. 299133
   nhuskins@glaserweil.com
4  BRITTANY ELIAS - State Bar No. 305922
   belias@glaserweil.com
5  GLASER WEIL FINK HOWARD
     AVCHEN & SHAPIRO LLP
6  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
7  Telephone:  (310) 553-3000
   Facsimile:   (310) 556-2920
8  *Attorneys for Defendants*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG, | CASE NO.: 3:15-CV-01637-JLS-DHB |
| Plaintiff, | Hon. David H. Bartick |
| v. | **REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR ENTRY OF A PROTECTIVE ORDER** |
| CONACO, LLC, TURNER BROADCASTING SYSTEM, TIME WARNER, INC., CONAN O'BRIEN, JEFF ROSS, MIKE SWEENEY; DOES 1-50, inclusive, | DATE: July 7, 2016<br>TIME: 3:30 pm<br>COURTROOM: 1D |
| Defendants. | |

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR ENTRY OF A PROTECTIVE ORDER**

15cv01637-JLS-DHB

1209944

# REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR ENTRY OF A PROTECTIVE ORDER

Defendants respectfully submit this reply memorandum in further support of their Motion for Entry of a Protective Order. Capitalized and abbreviated terms have the same meaning as set forth in Defendants' initial moving memorandum of law, dated June 3, 2016. ECF No. 34.

## I.   INTRODUCTION

The only issue in dispute regarding the Proposed Protective Order is the designation of non-public financial information as AEO. In support of his opposition to the Proposed Protective Order, Plaintiff claims that such a designation is inappropriate because: (a) he is not a direct competitor of Defendants, and thus, there is little risk posed by disclosure; and (b) the Proposed Protective Order will impair his counsel's ability to prosecute this case and meaningfully discuss damages and settlement with his client. In advancing these arguments, Plaintiff takes contradicting positions, overlooks the facts of this case, and misapplies or misconstrues controlling case law – all of which undermine his opposition.

First, Plaintiff's Complaint, moving papers, and conduct during discovery clearly demonstrate that he is within the definition of a competitor under applicable case law. Further, while Plaintiff claims he is not a competitor, he argues that non-public financial information requested of him in discovery must be designated AEO *because of his business relationships with Defendants' competitors*. This contradiction completely refutes Plaintiff's claim that there is no risk of competitive harm to Defendants from disclosure of the disputed material to Plaintiff.

Second, the financial information requested by Plaintiff is likely to be deemed irrelevant to this case. Thus, the non-disclosure of such irrelevant information cannot impair Plaintiff's ability to prosecute his claim. Regardless, if this information is deemed relevant he will not suffer any prejudice from an AEO designation, as the Proposed Protective Order allows for disclosure of this information to his attorney

1 and experts, among others. Plaintiff offers no explanation as to why this limited
2 disclosure is insufficient.
3       Accordingly, Defendants request that this Court grant Defendants' Motion for
4 Entry of a Protective Order, and enter the Proposed Protective Order, as drafted.

## II. ARGUMENT

      The parties agree that *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465 (9th Cir. 1992) is the controlling authority in the Ninth Circuit in determining whether limiting disclosure of discovery is appropriate. Under *Brown Bag*, the mere possibility that the party seeking the discovery could use the confidential information sought for purposes unrelated to the litigation and harmful to its opponent warrants consideration of restrictive disclosure. *Id*. at 1472. Where those circumstances are present, as they are here, the district court balances the competitive risk to the producing party posed by disclosure of its confidential information against the risk the placement of certain restrictions on the disclosure poses to the requesting party's ability to prosecute its case. *Id*. at 1470. Despite Plaintiff's contentions, an analysis under *Brown Bag* favors Defendants under the circumstances.

### A. Plaintiff Should Be Considered A Competitor Such That Disclosure To Plaintiff Would Cause Competitive Harm to Defendants

      Plaintiff largely bases his opposition to the AEO designation on the assertion that he is not in direct competition with Defendants. On its face, this argument does not hold up to scrutiny. This entire dispute centers around Plaintiff's contention that all the non-public information Plaintiff has requested in discovery should be produced as merely "confidential." This includes individual salary and income information for writers and staff of the Conan show, annual revenue and profit information for Conaco, TBS, and Time Warner, and revenue information tied to particular episodes of the "Conan" show. *See* ECF No. 34-2, Exs. 1-2; Declaration of Nicholas Huskins In Support of Defendants' Reply In Support of Defendants' Motion for Entry of a Protective Order ("Huskins Decl."), Ex. 1. However, Plaintiff simultaneously

contends that he should be able to designate non-public financial information concerning revenue he earned while under the employ of Defendants' competitors as AEO because "these entities will be directly injured if the Defendants are permitted to view this confidential information, as they are in direct competition." Opp. at 9. Plaintiff is essentially admitting that his business and financial relationships with Defendants' competitors raises the threat of serious competitive injury should financial information be exchanged between the parties. Necessarily, this argument must work both ways. If disclosure of the limited, specific non-public financial information requested by Defendants can pose a risk, it must be the case that that the broad, irrelevant non-public financial information sought by Plaintiff similarly poses at least as great a risk.

Plaintiff seems to justify this contradiction by arguing that because he is not currently employed by any of Defendants' competitors, there is no risk in disclosing the highly confidential financial information to Plaintiff. But Plaintiff admits he has worked as a joke writer for competing comedy shows. Opp. at 5. The fact that Plaintiff is not currently employed by a competitor does not resolve the competitive threat created by the fact that he has worked for competitors, and is actively working in the entertainment industry. Indeed, he alleges he is presently "engaged in the entertainment industry, namely as a comedic writer." ECF No. 1, ¶ 14. As argued in Defendants' Motion, this Court has upheld AEO designations where the parties are engaged in the same industry, even if not direct competitors. Mot. at 6 (citing *Markey v. Verimatrix, Inc.*, 2009 WL 1971605, at *3 (S.D. Cal. July 8, 2009)).

Plaintiff tries to distinguish the facts of this case from those cited by Defendants by pointing out that Plaintiff is not in-house counsel, or a competitive decision maker for Defendants' competitors. Opp. at 6-7. This argument is inadequate. The fact remains that he has worked for, and is likely continuing to seek work from, Defendants' competitors. His admission that he sought employment from

the "Conan" show[1] only supports the likelihood that he is continuing to seek work in the industry, including with Defendants' competitors. Opp. at 5. Thus, there exists a likely possibility that the non-public financial information sought could fall into the hands of a competitor. *See Intel Corp. v. Via Tech., Inc.*, 198 F.R.D. 525, 531 (N.D. Cal. 2000) ("Obviously, where confidential material is disclosed to an employee of a competitor, the risk of the competitor's obtaining an unfair business advantage may be substantially increased."); *see also Asch/Grossbardt, Inc. v. Asher Jewelry Co., Inc.*, 2003 WL 660833, *2 (S.D.N.Y. Feb. 28, 2003) ("Ample precedent exists for limiting disclosures of highly sensitive, confidential or proprietary information to outside attorneys and experts, particularly where there is some risk that a party might use the information or disseminate it to others who might employ it to gain a competitive advantage over the producing party."). Further, the very first allegation in Plaintiff's Complaint states "This is an action for copyright infringement and *unfair competition* arising under the laws of the United States of America, including Title 17, United States Code, § 101, et seq." ECF No. 1, ¶ 1. This leaves little doubt as to whether Plaintiff should be considered a competitor warranting limited disclosure of the disputed material.

Plaintiff further contends that Defendants' financial information requested by Plaintiff is limited to that which is related to Plaintiff's allegedly-infringed material, and thus, presents no competitive advantage. Opp. at 7. In support of this claim, he attempts to draw a distinction between this case and the *Inter-Med* case, which concerned pricing and profitability information. *Id*. But Plaintiff has propounded several requests explicitly seeking profit information. *See* ECF No. 34-2, Ex. 1-2; Huskins Decl., Ex. 1. Indeed, Plaintiff's requests cover all types of non-public

---

[1] Plaintiff argues that his attempt to seek employment on the Conan show demonstrates that "he is attempting to work together with Defendants." Opp. at 5. The fact that he has accused Defendants of stealing his material and brought this lawsuit completely belies this assertion.

financial information – the vast majority of which have absolutely no tie to the alleged infringement. *Id*. Moreover, Plaintiff's broad requests include *all documents related* to profits, revenues, salary and income, which would undoubtedly include specific non-public financial information including details concerning revenue sources, customers, payment information, sales information, pricing information, etc. This information is maintained with the highest degree of confidentiality by Defendants and its disclosure would clearly afford competitors an advantage.

Finally, Plaintiff's argument entirely mischaracterizes the issue in dispute. The dispute is not whether Defendants' non-public financial information should be confidential and Plaintiff's should be AEO. The dispute concerns the designation of non-public financial information generally. It is a bilateral term of the Proposed Protective Order that applies to both sides equally. Plaintiff's request for a carve-out allowing his information to be designated AEO is entirely one-sided and self-serving, and outside the scope of what either party has contemplated in the Proposed Protective Order.

Thus, disclosure of Defendants' sensitive, financial information poses risks that the limited disclosure of such information to his counsel and experts do not. Accordingly, under *Brown Bag*, this factor weighs in favor of the proposed AEO designation.

### B. Defendants' Proposed Protective Order Will Not Impair Plaintiff's Ability To Prosecute His Case

Plaintiff next tries to argue that the AEO designation is unwarranted by advancing the unpersuasive claim that it would negatively impact his ability to prosecute his case. This is not so. In fact, the disputed information is not relevant to the case at all, and thus, its limited disclosure cannot possibly impair the prosecution of his claim.

Currently pending before the court is the parties' Joint Motion for Determination of Discovery Dispute, the crux of which centers around the fact that

the non-public financial information Plaintiff has requested in discovery is in no way related to the alleged infringement. *See* ECF No. 38. During the deposition of Mike Sweeney, the parties sought the assistance of Judge Bartick after Mr. Sweeney objected to Plaintiff's counsel's questions concerning Mr. Sweeney's salary and income information, despite the parties' pending Joint Motion. During the teleconference, Judge Bartick indicated he had reviewed the moving papers and was inclined to find that Plaintiff had failed to meet his burden of demonstrating a nexus between the financial information requested and the alleged infringement and ordered no further questioning as to Mr. Sweeney's salary at the deposition. ECF No. 39; Huskins Decl., ¶ 2. The strong likelihood that the Court will deem the financial information sought to be protected as AEO as irrelevant underscores the need for the requested designation, and undercuts Plaintiff's contention that an AEO designation would impair his ability to prosecute his case. Given the likelihood the Court will determine this information is irrelevant, it simply does not follow that Plaintiff is at all prejudiced by disclosure of this information being limited to his counsel and experts.

Despite Plaintiff's contention, that this is a copyright infringement action makes no difference as to whether an AEO designation covering non-public financial information is justified. Indeed, in Defendants' Motion, Defendants offered two cases in which AEO designations covering non-public financial information were upheld, including an opinion from this district. *See* Mot. at 4 (citing *Brown Bag Software*, 960 F.2d at 1465 and *The Upper Deck Co., Inc. v. Exec. Trading, LLC*, No. 12-CV-01923-CAB (JMA) (S.D. Cal. March 20, 2013) (ECF No. 21)). Tellingly, Plaintiff cites no authority suggesting that a copyright case presents a unique situation warranting a higher scrutiny as to the designation of financial information as AEO. Moreover, by Plaintiff's own admission, "having access to the gross revenue information related to his copyrighted material does nothing but inform him of what if any potential damages are at stake." Opp. at 5. There is no reason that for this

narrow purpose, limited disclosure to Plaintiff's counsel and retained experts is insufficient. Indeed, Plaintiff has disclosed John Reith as his damages expert, and has indicated that Mr. Reith will be testifying on a variety of revenue and profit information related to the alleged infringement. Huskins Decl., Ex. 2. Mr. Reith's testimony and report should provide Plaintiff ample understanding of the scope of potential damages in this case without posing any competitive risk to Defendants.

As stated in Defendants' Motion, courts have rejected Plaintiff's argument that an AEO designation covering financial information would unjustifiably hinder counsel's ability to discuss the merits of his case and potential damages or settlement offers. Mot. at 8-9. As financial information produced as AEO would almost always inform a damages calculation (assuming the information is relevant), if courts found this argument availing there would be almost no circumstance where an AEO designation covering financial information would be appropriate. Yet, AEO designations covering financial information are so routine that this District includes it in its model protective order. *See* ECF No. 34-2, Ex. 7, ¶ 4(b).

Plaintiff's selective quotation from *Nutratech* does little to advance his claim that the Proposed Protective Order is too restrictive, and thus, prejudicial. Opp. at 10. While true that the *Nutratech* court, in dicta, states "gross revenue and sales information – without connecting that information to a particular customer or supplier – is not information that *must* be limited to 'attorney's eyes only,'" the court expressly leaves open the possibility that information *can and should be* designated AEO in certain circumstances. *Nutratech, Inc. v. Syntech (SSPF) Intern., Inc.*, 242 F.R.D. 552, 556 (C.D. Cal. 2007). Moreover, Plaintiff fails to point out that the parties in that case had already stipulated to the production of gross sales figures as "confidential" information, and whether gross revenue information generally should be designated AEO was not before the Court. *Id.* at n. 5. Finally, Plaintiff has propounded discovery requests that seek exactly the type of information that the *Nutratech* court explicitly states *should be* designated AEO – revenue information

1  connected to a particular product and derived from particular sources.  Indeed,
2  Plaintiff has requested documents and served Interrogatories seeking gross revenue,
3  net profit, salary, and/or income information related to the "Conan" show in 2015,
4  and in some cases individual episodes of the "Conan" show that aired during 2015,
5  from each Defendant.  *See* Huskins Decl., Ex. 1.  The relevant document requests call
6  for the production of "any and all documents…that relate" to the requested revenue,
7  profit, salary, or income information.  *Id*.  This would necessarily encompass the
8  individual sources in which the requested financial information derives.

9       Finally, the Proposed Protective Order provides a mechanism for Plaintiff to
10 challenge AEO designations, including raising the issue with the Court for a final
11 determination on the sufficiency of a designation.  *See* ECF No. 34-2, Ex. 7, ¶ 13.
12 Under this provision, the designating party ultimately bears the burden of
13 demonstrating the designation is appropriate.  This provision ensures the parties'
14 interests are adequately balanced and protected, eliminating any threat of prejudice.

15       Thus, the Proposed Protective Order presents no risk of prejudice to Plaintiff,
16 and is warranted under the Ninth Circuit's *Brown Bag* balancing test.

17 **III.   CONCLUSION**

18       For the foregoing reasons, Defendants respectfully request the Court grant
19 Defendants' Motion for Entry of a Protective Order and enter the Proposed Protective
20 Order, including the provision allowing for the "Highly Confidential – Attorneys'
21 Eyes Only" designation of non-public financial information, as drafted.



| | | |
|---|---|---|
| DATED:  June 30, 2016 | | GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP |

By: */s/ Erica J. Van Loon*
    PATRICIA L. GLASER
    ERICA J. VAN LOON
    NICHOLAS E. HUSKINS
    BRITTANY ELIAS
    *Attorneys for Defendants*