UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG,<br>Plaintiff,<br><br>v.<br><br>CONACO, LLC, et al.,<br>Defendant. | Case No.: 15-cv-01637-JLS (DHB)<br><br>**ORDER REGARDING JOINT MOTIONS**<br><br>**(ECF Nos. 49, 50, 51)** |

On August 3, 2016, the parties filed a Joint Motion for Determination of Discovery Dispute regarding Josh Comers' deposition. (ECF No. 49.)  On August 12, 2016, the parties filed the following two Joint Motions: (1) Joint Motion for Determination of Increasing Number of Depositions Permitted by Federal Rule of Civil Procedure 30(a)(2)(A)(i) (ECF No. 51); and (2) Joint Motion to Amend Scheduling Order (ECF No. 50).  Having considered the arguments of the parties and the applicable law, and for the reasons set forth herein, the Court GRANTS Plaintiff's requests, as set forth below.

**I.    BACKGROUND**

   **A.    Factual Background**

Plaintiff commenced this action on July 22, 2015 by filing a complaint against Defendants alleging copyright infringement. (ECF No. 1 ("Compl.").)  Plaintiff alleges he

is a comedic writer engaged in the entertainment industry. (*Id*. at ¶ 14.) Plaintiff alleges that after he wrote and published four jokes on his personal online blog and/or Twitter account, each joke was subsequently featured in the monologue segment of the "Conan" show. (*Id*. at ¶¶ 15-21.)

Plaintiff alleges that he published a joke regarding a Delta flight on or about January 14, 2015 on his personal online blog ("Joke #1"). (*Id*. at ¶ 15.) Defendants used a joke about a Delta flight in the Conan show monologue on January 14, 2015. (*See* ECF No. 36-1 ("Huskins Decl.") at Exh. B at Definition K.) Plaintiff further alleges that, on or about February 3, 2015, he published a joke on his personal online blog and Twitter account regarding Tom Brady ("Joke #2"). (Compl. at ¶ 16.) Defendants used a joke about Tom Brady in the Conan show monologue on February 4, 2015. (Huskins Decl. at Exh. B at Definition M.) On or about February 17, 2015, Plaintiff alleges he published a joke on his personal online blog and Twitter account regarding the Washington Monument ("Joke #3"). (Compl. at ¶ 18.) Defendants used a joke regarding the Washington Monument in the Conan show monologue on February 17, 2015. (Huskins Decl. at Exh. B at Definition O.) Lastly, on or about June 9, 2015, Plaintiff alleges he published a joke on his personal online blog and Twitter account regarding Bruce Jenner ("Joke #4"). (Compl. at ¶ 19.) Defendants used a joke regarding Bruce Jenner in the Conan show monologue on June 9, 2015. (Huskins Decl. at Exh. B at Definition Q.)

Plaintiff filed copyright applications for each of the jokes at issue, deeming them "literary works," with the United States Copyright Office on March 10, 2015, March 11, 2015, June 26, 2015, and July 8, 2015. (Compl. at ¶ 23; *see also* ECF No. 1-2.) These applications are pending. (*Id*.)

Plaintiff seeks a permanent injunction, actual damages, statutory damages, increased statutory damages for willful infringement, and profits attributable to the infringement of Plaintiff's copyrights pursuant to 17 U.S.C. §§ 502(a) and 504. (*Id*. at pp. 6-7.) Plaintiff also seeks attorney's fees and costs and punitive damages. (*Id*. at p. 7.)

///

## B. Procedural Background

The Scheduling Order in this case provides that all fact discovery must be completed by the parties by August 19, 2016. (ECF No. 29 at ¶ 2.) Expert designations were due June 24, 2016, and expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(A) and (B) are due August 30, 2016. (*Id*. at ¶¶ 3-4.) Supplemental expert disclosures are due September 30, 2016. (*Id*. at ¶ 5.) All expert discovery must be completed by October 28, 2016. (*Id*. at ¶ 6.) And all pretrial motions must be filed by November 28, 2016. (*Id*. at ¶ 7.)

Plaintiff has noticed and taken the depositions of the following individuals:

(1) Defendant Mike Sweeney (taken June 22, 2016);

(2) Danielle Weisberg (taken July 1, 2016);

(3) Brian Kiley (taken July 15, 2016);

(4) Rob Kutner (taken July 15, 2016); and

(5) Christopher Hayes (taken July 29, 2016).

(ECF No. 51 at pp. 7-8; ECF No. 51-1 at ¶¶ 4-7.) Plaintiff has also noticed the following depositions:

(1) Defendant Conan O'Brien;

(2) Defendant Jeff Ross (set for August 17, 2016);

(3) Josh Comers;

(4) Andy Richter;[1]

(5) John Bugolski (set for August 11, 2016);

(6) PMK of Defendant Conaco, LLC (noticed for August 18-19, 2016);

(7) PMK of Defendant Time Warner, Inc. (noticed for August 18-19, 2016);

(8) PMK of Turner Broadcasting System (noticed for August 18-19, 2016).

---

[1] Plaintiff learned for the first time that Andy Richter was involved in writing the jokes at issue during the deposition of Defendant Mike Sweeney on June 22, 2016. (ECF No. 51-1 at ¶ 4.) His deposition has been noticed for August 17, 2016. (*Id.* at ¶ 8.)

3

(*Id*. at pp. 8-9; ECF No. 51-1 at ¶ 8.)  Therefore, Plaintiff has noticed the depositions of thirteen individuals.

Plaintiff initially served the deposition notices for Defendants Conan O'Brien, Mike Sweeney, and Jeff Ross, as well as Danielle Weisberg,[2] Josh Comers, Brian Kiley, and Rob Kutner on April 18, 2016.[3]  (ECF No. 51-1 at ¶ 2, Exh. A.)  The depositions were all noticed for May, June, and July 2016 in Mission Viejo, California. (*Id*.)  Plaintiff accompanied the notices with a letter stating that he was willing to move each of the depositions a week or two to accommodate the schedule of deponents and counsel.  (*Id*.)  Several of the depositions were re-noticed multiple times.  (*Id*. at ¶¶ 4-6, Exh. A.)

Plaintiff initially served the depositions notices for the Defendant PMKs on June 7, 2016.  (ECF No. 50-1 at ¶ 2, Exh. A.)  The depositions were noticed for July 7 and 8, 2016.  (*Id*.)  They have not yet been taken.  (*Id*. at ¶¶ 12-14.)

Plaintiff learned the identities and relevance of Christopher Hayes and John Bugolski during the deposition of Defendant Mike Sweeney on June 22, 2016.  (ECF No. 51-1 at ¶ 4.)[4]  Plaintiff took the deposition of Christopher Hayes in July and John Bugolski's deposition is scheduled for August 11, 2016.  (*Id*. at ¶¶ 7-8.)

---

[2] Danielle Weisberg is allegedly the monologue writing assistant responsible for receiving emails containing the jokes allegedly written by Rob Kutner, Brian Kiley, and Josh Comers.  (ECF No. 51 at pp. 3-4.)  Ms. Weisberg also "prepares and compiles numerous documents throughout the day including the jokes written, and is present at all meetings where the monologue jokes for the day are discussed between the writers."  (ECF No. 51-1 at ¶ 5.)

[3] Defendant Conaco, LLC identified Josh Comers, Rob Kutner, Brian Kiley, and Mike Sweeney as the members of the writing staff who wrote, created and/or edited the jokes at issue in their Response to Plaintiff's Interrogatories (Set On) served on April 18, 2016.  (ECF No. 38-2 at ¶ 12, Exh. 10, Interrogatory No. 4.)

[4] Christopher Hayes, a member of the IT department, allegedly has information on the timing of a key email, and John Bugolski, a member of Conaco, LLC's research department, has information about documents produced in initial disclosures "which apparently show that the jokes at issue were widely used by others."  (ECF No. 51 at pp. 7-9.)

As of the date of this order, the parties do not appear to have set a date for the depositions of Andy Richter and Defendant Conan O'Brien. (ECF No. 51-1 at ¶¶ 9-12; ECF No. 51-2 at ¶¶ 3, 6.) The parties have also not agreed on a date or method for the deposition of Josh Comers, who resides in Brooklyn, New York. (ECF No. 49 at p. 3.) Plaintiff wishes to take the deposition of Josh Comers by telephone or videoconference, which he anticipates to take two to three hours, to save on the time and expense of travel, but Defendants are not amenable to this request. (*Id.* at pp. 3-4)

## II.   DISCUSSION

### A.   Number of Depositions

Under Rule 30 of the Federal Rules of Civil Procedure, a party is entitled to up to ten depositions without leave of court, and to obtain discovery depositions beyond ten, leave of court is required. Fed. R. Civ. P. 30(a); *see also* Fed. R. Civ. P. 26(b)(2)(A) ("the court may alter the limits in these rules on the number of depositions . . . under Rule 30."). Under Rule 30(a)(2), the court must grant leave for a party to take a deposition beyond ten "to the extent consistent with Rule 26(b)(1) and (2)," absent a stipulation between the parties. Fed. R. Civ. P. 30(a)(2)(A)(i).

Federal Rule of Civil Procedure 26(b)(1) sets out the scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Rule 26(b)(2)(C) provides that the court must limit the extent of discovery if it determines that the discovery is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;" or "the proposed discovery is outside the scope

permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

A party seeking to exceed the presumptive limit bears the burden of making a "particularized showing" of the need for additional depositions. *Smith v. Ardew Wood Prods., Ltd.*, No. C07-5641 FDB, 2008 WL 4837216, at *1 (W.D. Wash. Nov. 6, 2008) (citing *Bell v. Fowler*, 99 F.3d 262, 271 (8th Cir. 1996); *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minn.*, 187 F.R.D. 578, 586 (D. Minn. 1999)). Pursuant to Rule 26(b)(2)(C), courts have found it proper to deny additional depositions where they would be cumulative, without proper purpose, *e.g.*, there is no evidence they would reveal anything other than what a party had already obtained, the party had ample opportunity to obtain the information by discovery in the action, or they would create an unreasonable burden or expense. *See Bell*, 99 F.3d at 271; *Lehman Bros. Holdings, Inc. v. CMG Mortg., Inc.*, No. CV 10-0402 SC (NJV), 2011 WL 203675, at *2 (N.D. Cal. Jan. 21, 2011).

Parties should ordinarily exhaust their allowed number of depositions before making a request for additional depositions. *See Thykkuttathil v. Keese*, 294 F.R.D. 597, 600 (W.D. Wash. 2013) (citing *Smith*, 2008 WL 4837216, at *1 (explaining that "Rule 30(a)(2)(A) clearly contemplates that a party has already taken ten depositions before a motion is filed seeking leave of court for a proposed deposition that would result in more than ten depositions being taken under the rule."); *see also Authentec, Inc. v. Atrua Techs., Inc.*, No. C 08-1423, 2008 WL 5120767, at *1-2 (N.D. Cal. Dec. 4, 2008).

Plaintiff argues good cause exists for increasing the number of depositions to fifteen. In addition to the thirteen depositions listed above, Plaintiff seeks "anywhere between 1 and 3 additional depositions, which doesn't include experts who may or may not be taken depending on the disclosures." (ECF No. 51 at p. 10.) As to the unknown deponents, Plaintiff argues that "[s]ince the PMKs, nor Mr. O'Brien, nor Mr. Comers have been deposed, there may be additional unrevealed information which may require additional discovery." (*Id.*) For these unknown deponents, the Court finds that Plaintiff has failed to make the requisite particularized showing. The Court has no information by which to evaluate whether these depositions would be cumulative, duplicative, burdensome, or

relevant. Therefore, Plaintiff's request for additional depositions of unknown deponents is denied without prejudice.

However, as to the deponents listed above, the Court finds that Plaintiff has demonstrated their testimony is relevant and necessary to the prosecution of his case. The remaining deponents are defendants in this case and/or individuals who Plaintiff has determined through discovery to have information relevant and potentially significant to his claims. The Court also does not find the testimony sought to be to be necessarily cumulative or duplicative, or the depositions unduly burdensome or expensive. The depositions to date have been relatively short, with none exceeding four hours, and the majority of the deponents are located in Southern California. Accordingly, the Court grants Plaintiff's request to increase the deposition limit to thirteen.[5] However, to the extent Defendant Jeff Ross is also the PMK for Defendant Conaco, LLC, Plaintiff is only granted leave to take twelve depositions.[6] (*See* ECF No. 51-1 at ¶ 13.) The Court further notes that to the extent Plaintiff determines that he needs to take additional depositions, including the depositions of any experts, he must seek further leave of court.

## B. Modifying the Scheduling Order

"The district court is given broad discretion in supervising the pretrial phase of litigation." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607 (9th Cir. 1992)). The court may modify the scheduling order only for good cause. Fed. R. Civ. P. 16(b)(4); *Zivkovic*, 302 F.3d at 1087. In the Ninth Circuit, "[t]he pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension." *Zivkovic*, 302 F.3d at 108 (citation and internal quotations omitted). "If the party seeking the

---

[5] The Court does not find Plaintiff's failure to exhaust his ten deposition limit before filing the joint motion to be prohibitive in light of the fact he was able to make a particularized showing of the need for deposing each additional individual.

[6] Also, to the extent the parties agree the deposition of Andy Richter is unnecessary, Plaintiff is not granted leave to depose a different party.

modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Id*. (citation and internal quotations omitted).

Plaintiff argues good cause exists to extend the fact discovery deadline from August 19, 2016 to September 23, 2016. (ECF No. 50 at pp. 8-9.) He further argues good cause exists to continue the cut-off date for expert disclosures from August 30, 2016 to October 14, 2016. (*Id*. at pp. 9-10.) Plaintiff relies on the contentions that he was diligent in pursuing discovery, the discovery issues that arose could not have been anticipated at the time of the CMC, and he promptly sought to modify the scheduling order upon learning of the need to do so. (*Id*. at p. 8.) In response, Defendants argue Plaintiff has not been diligent in pursuing discovery, and that any purported delay is the result of his own misconduct and lack of cooperation. (*Id*. at p. 12.) Defendants do agree to extend the expert disclosure deadline, but only to the extent Plaintiff's experts will rely on the deposition testimony of these untimely deponents. (*Id*. at p. 13.) In addition, Defendants contend that any extension would severely prejudice its ability to bring a motion for summary judgment by the deadline in the scheduling order. (*Id*.) Thus, if the Court grants Plaintiff's requests beyond two weeks, Defendants respectfully request that the Court move back its pretrial motion deadline. (*Id*.)

The Court finds that Plaintiff has been diligent about pursuing discovery in this case. With respect to depositions, Plaintiff appears to have noticed each of the depositions promptly upon learning of the need for such depositions, provided more than adequate notice, and worked with Defendants to schedule the depositions at a time and place convenient to all parties. The Court acknowledges that some of the delay in scheduling depositions was occasioned by the pending discovery disputes before this Court. The Court further recognizes that both parties still have documents and information that need to be produced as a result of the Court's July 26, 2016 and August 17, 2016 orders. (*See* ECF Nos. 47, 53.) Furthermore, as held above, the parties still have additional depositions that need to be taken. Accordingly, the Court finds good cause to modify its February 23, 2016 Scheduling Order, as follows:

- The fact discovery deadline is extended from <u>August 19, 2016</u> to <u>September 23, 2016</u>;
- The expert disclosures deadline is extended from <u>August 30, 2016</u> to <u>October 14, 2016</u>;
- The supplemental expert disclosures deadline is extended from <u>October 28, 2016</u> to <u>November 4, 2016</u>;
- The expert discovery deadline is extended from <u>October 28, 2016</u> to <u>December 2, 2016</u>; and
- The pretrial motions deadline is extended from <u>November 28, 2016</u> to <u>January 2, 2017</u>.

### C.   Josh Comers' Deposition

Plaintiff initially served the deposition notice for Josh Comers, a former writer for the "Conan" show, on April 18, 2016. (ECF No. 51-1 at ¶ 2, Exh. A.) The deposition was set for June 23, 2016 in Mission Viejo, California. (*Id.*) On June 10, 2016, Plaintiff was informed Mr. Comers works and resides in Brooklyn, New York and that Defendants were still determining available dates. (ECF No. 49-1 at Exh. D.) On June 15, 2016, Defendants confirmed that Mr. Comers was available July 27-29 and August 1-5, and stated that his deposition must take place within 100 miles of an address in Brooklyn, New York. (*Id.* at Exh. E.) On July 2, 2016, Plaintiff notified Defendants of his intent to depose Mr. Comers by telephone or videoconference, in order to save on the time and expense of travel. (*Id.* at ¶ 10.) Defendants expressed during meet and confer efforts that they were not amenable to this request. (*Id.* at ¶¶ 11-17.)

Presently before the Court is a joint motion in which Plaintiff requests that the Court order Mr. Comers be deposed by telephonic means and/or videoconference, and Defendants request that if the Court is inclined to permit a remote deposition, it enter an order requiring Plaintiff to split the costs of Defendants' counsel's travel to New York and provide documents in advance of the deposition, or, alternatively, deny Plaintiff's request to take Mr. Comers' deposition remotely and direct Plaintiff's counsel to appear in-person

for Mr. Comers' deposition. (ECF No. 49 at pp. 8, 16-17.)

Pursuant to Federal Rule of Civil Procedure 30(b)(4), "[t]he parties may stipulate – or the court may on motion order – that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). Rule 30(b)(4) serves to allow parties to control costs. *Clinton v. Cal. Dep't of Corr.*, No. CIV S-05-1600-LKK-CMK-P, 2009 WL 210459, at *4 (E.D. Cal. Jan. 20, 2009) (citing Fed. R. Civ. P. 1); *see also Carrico v. Samsung Electronics Co., Ltd.,* 2016 WL 1265854, at *1 (N.D. Cal. Apr. 1, 2016) ("Courts in this district have found that remote videoconference depositions can be an effective and efficient means of reducing costs."); *Jahr v. IU Int'l Corp.*, 109 F.R.D. 429, 431 (M.D. N.C. 1986) (Rule 30's remote deposition rule has the purpose of "reducing the cost of federal litigation by providing alternatives to traditional stenographic depositions").

"[C]ourts have not required a showing of extraordinary circumstances before granting Rule 30(b)(4) motions." *Jahr*, 109 F.R.D. at 431. Leave "should be liberally granted in appropriate cases." *Id*. "Thus, upon giving a legitimate reason for taking a deposition [remotely], the movant need not further show an extraordinary need for the deposition." *Id*. "A desire to save money constitutes good cause to depose out-of-state witnesses [by] telephone or remote means." *Guillen v. Bank of Am. Corp.*, No. 10–05825 EJD PSG, 2011 WL 3939690, at *1 (N.D. Cal. Aug. 31, 2011) (citing *Cressler v. Neuenschwander*, 170 F.R.D. 20, 21 (D. Kan. 1996)); *see also Carrico*, 2016 WL 1265854, at *1.

Once the movant gives a legitimate reason, the burden is on the party opposing the motion to show that it will suffer prejudice if the motion is granted. *See id.; see also Clinton*, 2009 WL 210459, at *3 (citing *United States v. $160,066.98 from Bank of Am.*, 202 F.R.D. 624, 629 (S.D. Cal. 2001); *Jahr*, 109 F.R.D. at 431). In any analysis, the court should consider whether the use of remote means would reasonably ensure "accuracy and trustworthiness." *Cressler*, 170 F.R.D. at 21 (citing *Rehau, Inc. v. Colortech, Inc.*, 145 F.R.D. 444, 447 (W.D. Mich. 1993)).

Plaintiff seeks to depose Mr. Comers remotely to save expense on travel costs,

particularly in light of the fact he anticipates the deposition will take no more than a few hours. (ECF No. 49 at p. 6.) Defendants argue a remote deposition would prejudice them in the following ways: "(1) not being present with the witness during the deposition; (2) solely incurring costs associated with travel to New York for an admittedly brief deposition in order to avoid prejudice; and (3) difficulty in the management of the anticipated exhibits and documents in a remote deposition." (*Id*. at p. 10, lines 20-25.) The Court finds Plaintiff's desire to save expenses on what is anticipated to be a short deposition is a legitimate reason to order a remote deposition. The Court further finds that Defendants will not be prejudiced by a videoconference deposition, and that there is no suggestion that such a method is inaccurate or untrustworthy. Defense counsel may be present with the witness during the deposition, if they so choose. However, defense counsel bears the burden of its own costs. Defendants have not provided the Court with any law to support Plaintiff paying for defense counsel's costs, particularly when they are electing to incur the costs and they need not do so.

Based on the foregoing, the Court orders that Mr. Comers' deposition may be conducted by videoconference.[7] Plaintiff's counsel shall provide Defendants' counsel with a copy of all exhibits he intends to use at Mr. Comers' deposition at least twenty-four (24) hours in advance of the scheduled deposition.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to increase his deposition limit to thirteen, with the limits laid out above (ECF No. 51); **GRANTS** Plaintiff's motion to conduct Josh Comers' deposition by videoconference, with the conditions laid out above (ECF No. 49); and **GRANTS** Plaintiff's motion to amend the Scheduling Order (ECF No. 50), as follows:

- The fact discovery deadline is extended from <u>August 19, 2016</u> to <u>September 23, 2016</u>;

---

[7] The Court does not authorize a telephonic deposition.

- The expert disclosures deadline is extended from <u>August 30, 2016</u> to <u>October 14, 2016</u>;

- The supplemental expert disclosures deadline is extended from <u>October 28, 2016</u> to <u>November 4, 2016</u>;

- The expert discovery deadline is extended from <u>October 28, 2016</u> to <u>December 2, 2016</u>; and

- The pretrial motions deadline is extended from <u>November 28, 2016</u> to <u>January 2, 2017</u>.

IT IS SO ORDERED.

Dated:  August 19, 2016

_____
DAVID H. BARTICK
United States Magistrate Judge