1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

11   ROBERT ALEXANDER KASEBERG,                Case No.:  15-cv-01637-JLS (DHB)

                                    Plaintiff,
12
                                                **ORDER REGARDING JOINT**
13   v.                                         **MOTION FOR DETERMINATION**
                                                **OF DISCOVERY DISPUTE**
14
     CONACO, LLC, et al.,                       **REGARDING DOCUMENT**
15                                              **PRODUCTION AT THE**
                                    Defendant.  **DEPOSITION OF DANIELLE**
16                                              **WEISBERG**

17
                                                **(ECF No. 52)**
18

19

20

21        On August 12, 2016, the parties filed a Joint Motion for Determination of Discovery

22   Dispute Regarding Document Production at the Deposition of Danielle Weisberg.  (ECF

23   No. 52.)  Having considered the arguments of the parties and the applicable law, and for

24   the reasons set forth herein, the Court **GRANTS IN PART** and **DENIES IN PART**

25   Plaintiff's motion.

26   ///

27   ///

28   ///

                                           1

# I.    BACKGROUND

## A.    Factual Background

Plaintiff commenced this action on July 22, 2015 by filing a complaint against Defendants alleging copyright infringement.  (ECF No. 1 ("Compl.").)  Plaintiff alleges he is a comedic writer engaged in the entertainment industry.  (*Id.* at ¶ 14.)  Plaintiff alleges that after he wrote and published four jokes on his personal online blog and/or Twitter account, each joke was subsequently featured in the monologue segment of the "Conan" show.  (*Id.* at ¶¶ 15-21.)

Plaintiff alleges that he published a joke regarding a Delta flight on or about January 14, 2015 on his personal online blog ("Joke #1").  (*Id.* at ¶ 15.)  Defendants used a joke about a Delta flight in the Conan show monologue on January 14, 2015.  (*See* ECF No. 36-1 ("Huskins Decl.") at Exh. B at Definition K.)  Plaintiff further alleges that, on or about February 3, 2015, he published a joke on his personal online blog and Twitter account regarding Tom Brady ("Joke #2").  (Compl. at ¶ 16.)  Defendants used a joke about Tom Brady in the Conan show monologue on February 4, 2015.  (Huskins Decl. at Exh. B at Definition M.)  On or about February 17, 2015, Plaintiff alleges he published a joke on his personal online blog and Twitter account regarding the Washington Monument ("Joke #3").  (Compl. at ¶ 18.)  Defendants used a joke regarding the Washington Monument in the Conan show monologue on February 17, 2015.  (Huskins Decl. at Exh. B at Definition O.)  Lastly, on or about June 9, 2015, Plaintiff alleges he published a joke on his personal online blog and Twitter account regarding Bruce Jenner ("Joke #4").  (Compl. at ¶ 19.)  Defendants used a joke regarding Bruce Jenner in the Conan show monologue on June 9, 2015.  (Huskins Decl. at Exh. B at Definition Q.)

Plaintiff filed copyright applications for each of the jokes at issue, deeming them "literary works," with the United States Copyright Office on March 10, 2015, March 11, 2015, June 26, 2015, and July 8, 2015.  (Compl. at ¶ 23; *see also* ECF No. 1-2.)  These applications are pending.  (*Id.*)

///

15-cv-01637-JLS (DHB)

1    Plaintiff seeks a permanent injunction, actual damages, statutory damages, increased

2  statutory damages for willful infringement, and profits attributable to the infringement of

3  Plaintiff's copyrights pursuant to 17 U.S.C. §§ 502(a) and 504.  (*Id*. at pp. 6-7.)  Plaintiff

4  also seeks attorney's fees and costs and punitive damages.  (*Id*. at p. 7.)

5  **II.    DISCUSSION**

6    Plaintiff initially served a notice of deposition for Defendant Conaco, LLC

7  employee, Danielle Weisberg, on April 18, 2016.  (ECF No. 52-1 ("Lorenzo Decl.") at ¶

8  2.)  He thereafter re-noticed the deposition multiple times.  (*Id*. at ¶¶ 7, 10.)  The deposition

9  notice, and subsequent deposition notices, requested that Ms. Weisberg produce the

10  following documents:

11    1.    All e-mail correspondences between Deponent and Josh Comers from January

12      1, 2013 to December 31, 2015.

13    2.    All e-mail correspondences between Deponent and Brian Kiley from January

14      1, 2013 to December 31, 2015.

15    3.    All e-mail correspondences between Deponent and Rob Kutner from January

16      1, 2013 to December 31, 2015.

17  (*Id*. at Exhs. A, C, F.)

18    Plaintiff ultimately took Ms. Weisberg's deposition on July 1, 2016.  (*Id*. at ¶ 11.)

19  At the deposition, the only documents Ms. Weisberg produced were two emails related to

20  the jokes at issue.  (*Id*.)  Plaintiff now moves to compel production of a subset of the

21  requested documents, namely, all emails between Ms. Weisberg and Josh Comers, Brian

22  Kiley, and Rob Kutner on the following dates: December 3, 2014, January 13, 2015,

23  January 14, 2015, February 3, 2015, February 17, 2015, and June 9, 2015.  (ECF No. 52 at

24  p. 11.)

25    Plaintiff argues the requested emails are relevant to his claims and narrowly tailored

26  to the dates on which the four jokes at issue were written, as well as two other dates.

27  Plaintiff asserts that Ms. Weisberg is the writing assistant who acts as the liaison between

28  the writers, Mr. Sweeney, Mr. O'Brien, and others on the writing team when it comes to

3

1    joke submission, as well as the person who notifies the writers of various meetings

2    throughout the day which involve joke submissions. (*Id.* at p. 8.)  Plaintiff further states

3    that Ms. Weisberg testified at her deposition that e-mails are exchanged between her and

4    Mr. Comers, Mr. Kiley, and Mr. Kutner throughout the day, which may include the

5    proposed jokes, timing of meetings, when jokes are due to be submitted, and premises that

6    may be suggested, among other things. (*Id.*)  Plaintiff argues these emails "establish the

7    daily routine, timing, processes, policies, and procedures of Conaco, LLC when it is

8    creating and preparing jokes for use on the Conan show monologue," and such routines,

9    processes, policies, and procedures are "key to this case because they relate to the timing

10   of the jokes submitted, the circumstances regarding the submission of jokes on certain days,

11   and ultimately the elements of 'access'; 'intent'; and 'copying' in this litigation." (*Id.* at p.

12   7.)

13        Defendants argue the requests are grossly overbroad on their face, duplicative of

14   requests this Court has already held to be overbroad, unduly burdensome, and not likely to

15   lead to admissible evidence, as well as unduly burdensome and not limited in subject matter

16   relevant to Plaintiff's claims. (*Id.* at p. 12, 15-20.)  Defendants point to the Court's prior

17   order addressing Plaintiff's Requests for Production Nos. 6-8 served on Defendant Conaco,

18   LLC.  In those Requests for Production, Plaintiff sought discovery of the following: any

19   and all documents, including any and all emails, involving Josh Comers, Brian Kiley, and

20   Rob Kutner, regarding any and all jokes these writers submitted to Conaco, LLC for use

21   on the Conan show monologue in the last three years. (ECF No. 38-2 at Exh. 14.)

22        In denying Plaintiff's motion to compel documents responsive to these requests, the

23   Court held as follows:

24        The Court agrees with Defendants that Requests Nos. 6-8, as framed, are
         overly broad and unnecessarily burdensome.  Although Plaintiff contends
25        these requests are relevant to access, they are not specifically tailored to the
         issue of access, and thus are not likely to lead to relevant evidence.  As
26        Plaintiff has not made a specific showing that the burdens of production would
         be minimal, proportional to the needs of the case, and that the requested
27        documents would lead to relevant evidence, the Court denies Plaintiff's
28

15-cv-01637-JLS (DHB)

motion to compel responses to Requests Nos. 6-8 beyond what Conaco has already agreed to produce. *See Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987) (affirming district court's denial of a motion to compel documents where the requests were unnecessarily burdensome and overly broad and there was no "specific showing that the burdens of production would be minimal and that the requested documents would lead to relevant evidence"); *Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co.*, 981 F.2d 429, 438-39 (9th Cir. 1992) (same); *see also* Fed. R. Civ. P. 26(b)(1).

(ECF No. 47 at p. 17, lines 11-23.) The key phrase in this holding was "as framed," because the Court did not hold that the documents sought were wholly irrelevant, simply that the document requests "as framed," without any specific tailoring to the issue of access, and without any specific showing that the burdens of production would be minimal and proportional to the needs of the case, were overly broad and unduly burdensome. In the joint motion prior to the order, Plaintiff invited the Court to re-write his requests, which the Court declined to do.

Here, the Court finds that Plaintiff has made a specific showing that the e-mail correspondence between Ms. Weisberg and Mr. Comers, Mr. Kiley, and Mr. Kutner is relevant to Plaintiff's claims for the dates on which the jokes at issue were used in the Conan show monologue: January 14, 2015, February 4, 2015, February 17, 2015, and June 9, 2015. The Court further finds that Plaintiff has narrowly tailored his requests, such that they are proportional to the needs of the case, and that the production of emails for these four days is not unduly burdensome. Accordingly, the Court grants Plaintiff's motion to compel responses to these document requests for these dates. The Court does not find, however, that Plaintiff has sufficiently demonstrated the relevance of Ms. Weisberg's emails for January 13, 2015 or December 3, 2014. Accordingly, the Court denies Plaintiff's motion to compel production of emails on these dates.

///

///

///

///

5

III.   **CONCLUSION**

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to compel.  (ECF No. 52.)  The Court orders production of all e-mail correspondence between Ms. Weisberg and Josh Comers, Brian Kiley, and Rob Kutner on the following dates: January 14, 2015, February 4, 2015, February 17, 2015, and June 9, 2015.

IT IS SO ORDERED.

Dated:  September 28, 2016

_____
DAVID H. BARTICK
United States Magistrate Judge

6

15-cv-01637-JLS (DHB)