Jayson M. Lorenzo, Esq. SBN 216973
jmlorenzo.esq@gmail.com
Attorney at Law
2794 Gateway Road, Suite 116
Carlsbad, CA 92009
Tel. (760) 517-6646
Fax (760) 520-7900

Attorney for Plaintiff
ROBERT ALEXANDER KASEBERG

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG, <br><br> Plaintiff, <br><br> vs. <br><br> CONACO, LLC; TURNER BROADCASTING SYSTEM; TIME WARNER, INC.; CONAN O'BRIEN; JEFF ROSS; MIKE SWEENEY; DOES 1 – 50, inclusive, <br><br> Defendants. | Case No. 3:15-cv-01637-JLS-DHB <br><br><br> FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT <br><br> DEMAND FOR JURY TRIAL |

Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for copyright infringement and for unfair competition arising under the laws of the United States of America, including Title 17, United States

Code, § 101, et seq.  This Court has personal jurisdiction over Defendants because, among other things, Defendants are doing business in the State of California and in this judicial district, the acts of infringement complained of herein occurred in the State of California and in this judicial district, and Defendants knew Plaintiff resides in this District, Defendants committed an intentional act in the State of California and in this District, Defendants expressly aimed their activities at the State of California and this District and has caused harm and injury to Plaintiff within the State of California and in this judicial district.

2.   Jurisdiction is conferred upon this Court by Title 28, United States Code § 1338.

3.   Venue is proper under 28 United States Code § 1400(a) and § 1391.

## PARTIES TO THE ACTION

4.   Plaintiff is an individual residing in San Diego County, California.

5.   Based on information and belief, Defendant CONACO, LLC is a limited liability company organized under the laws of the State of California and is in the television production industry.  Defendant CONACO, LLC is the production company that produces the "Conan" television show.

6.   Based on information and belief, Defendant TURNER BROADCASTING SYSTEM, INC. (hereinafter "TBS")  is a business organized under the laws of the State of Georgia and has at all pertinent times herein been doing business within the State of California.  It is the television station that airs the "Conan" television show.

7.   Based on information and belief, Defendant TIME WARNER, INC., is a business organized under the laws of the State of Delaware and has at all pertinent times herein been doing business within the State of California.  It is the television network that airs the "Conan" television talk show.

8.   Based on information and belief, Defendant CONAN O'BRIEN is an individual living in Los Angeles, California.  He is the creator, executive producer, writer and presenter of the "Conan" television show.

9.     Based on information and belief, Defendant JEFF ROSS is an individual living in Los Angeles, California.  He is an executive producer of the "Conan" television show.

10.    Based on information and belief, Defendant MIKE SWEENEY is an individual living in Los Angeles, California.  He is the head writer at the "Conan" television show.

11.    "Conan" is a late-night talk show airing each Monday through Thursday on TBS in the United States.  "Conan" airs and appears on TBS which is aimed and directed at millions of homes throughout the United States including homes in this District.

12.    The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as Does 1 through 50, are unknown to Plaintiff, who therefore sue said defendants by such fictitious names(the "Doe Defendants").  Plaintiff will seek leave of Court to amend this complaint to state their true names and capacities when they have been ascertained.  Plaintiff is informed and believes and on that basis avers that the Doe Defendants are liable to Plaintiff as a result of their participation in all or some of the acts hereinafter set forth.   CONACO, LLC; TURNER BROADCASTING SYSTEM; TIME WARNER, INC.; CONAN O'BRIEN; JEFF ROSS; MIKE SWEENEY and the Doe Defendants are referred to collectively herein as "Defendants."

13.    Plaintiff is informed and believes and on that basis avers that at all times mentioned in this complaint, each of the Defendants was the agent and/or alter ego of each of the other Defendants and, in doing the things alleged in this complaint, was acting within the course and scope of such agency.

## GENERAL ALLEGATIONS

14.    Plaintiff is engaged in the entertainment industry, namely as a comedic writer.  Plaintiff resides in this district.

FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT

15. On or about December 2, 2014, Plaintiff published the following literary work on his personal online blog, "The University of Alabama-Birmingham is shutting down its football program. To which the Oakland Raiders said, "Wait, so you can do that?" ("Joke #5") Plaintiff wrote and posted Joke #5 from his home in this district.

16. Based on information and belief, on or about December 3, 2014, after Plaintiff had written and posted Joke #5, Joke #5 was featured in the monologue segment of the "Conan" show which was aimed, directed and aired to a national audience which included audiences within this District.

17. On or about January 14, 2015, Plaintiff published the following literary work on his personal online blog, "A Delta flight this week took off from Cleveland to New York with just two passengers. And they fought over control of the armrest the entire flight." ("Joke #1). Plaintiff wrote and posted Joke #1 from his home in this District.

18. Based on information and belief, on or about January 14, 2015, 2015 after Plaintiff had written and posted Joke #1, Joke #1 was featured in the monologue segment of the "Conan" show which was aimed, directed and aired to a national audience which included audiences within this District.

19. On or about February 3, 2015, Plaintiff published the following literary work on his personal online blog and Twitter.com account, "Tom Brady said he wants to give his MVP truck to the man who won the game for the Patriots. So enjoy that truck, Pete Carroll." ("Joke #2). Plaintiff wrote and posted Joke #2 from his home in this District.

20. Based on information and belief, on or about February 4, 2015, Joke #2 was featured in the monologue segment of the "Conan" show which was aimed, directed and aired to a national audience which included audiences within this District

21. On or about February 17, 2015, Plaintiff published the following literary work on his personal online blog and Twitter.com account, "The Washington Monument is ten inches shorter than previously thought. You know the winter has been

FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT

cold when a monument suffers from shrinkage." ("Joke #3").  Plaintiff wrote and posted Joke #3 from his home in this District.

22.     Based on information and belief, on or about February 17, 2015 after Plaintiff had written and posted Joke #3, Joke #3 was featured in the monologue segment of the "Conan" show which was aimed, directed and aired to a national audience which included audiences within this District.

23.     On or about June 9, 2015, Plaintiff published the following literary work on his personal online blog and Twitter.com account, "Three streets named Bruce Jenner might have to change names. And one could go from a Cul-de-Sac to a Cul-de-Sackless." ("Joke #4").  Plaintiff wrote and posted Joke #4 from his home in this District.

24.     Based on information and belief, on or about June 9, 2015 after Plaintiff had written and posted Joke #4, Joke #4 was featured in the monologue segment of the "Conan" show which was aimed, directed and aired to a national audience which included audiences within this District.

25.     Based on the foregoing, Defendants and each of them purposefully directed their activities at this District and have purposefully availed themselves of the privilege of conducting activities in this District.

26     Plaintiff has filed copyright applications to for each of the aforementioned literary works with the United States Copyright Office on March 10, 2015, March 11, 2015, June 26, 201, July 8, 2015 and August 10, 2016.  Plaintiff's applications are pending with the Copyright Office.

27.     Plaintiff did not receive any compensation for the use of these works.  Plaintiff did not receive any screen credits for the use of these works.  Plaintiff did not receive any writing credits for the use of these works.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT

28.   Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 27 of this complaint.

29.   Defendants, and each of them, have infringed upon Plaintiff's literary works created and owned by Plaintiff, for which copyright registration is being sought, by featuring the work on the "Conan" show without consent, approval or license of Plaintiff and by continuing to distribute and copy the commercial without compensation or credit to Plaintiff.

30.   As a direct and proximate result of said infringement by Defendants, Plaintiff is entitled to damages in an amount to be proven at trial.

31.   Defendants' infringement of Plaintiff's literary works has yielded Defendants' profits in an amount thus far not determined.

32.   Defendants' infringement has been willful and deliberate and was done for the purpose of making commercial use of and profit on  Plaintiff's material and to entertain audiences throughout the country and within this Judicial District;  Defendants' knew Plaintiff was a resident of this District.   Plaintiff is entitled to recover increased damages as a result of such willful copying.

33.   Plaintiff is further entitled to attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

34.   As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes, and on that basis avers, that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's rights in the infringed works.  Plaintiffs are entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

WHEREFORE , Plaintiff does demand:

FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT

A.    That, pursuant to 17 U.S.C. § 502(a), Defendants, their agents, servants and employees and all parties in privity with them be enjoined permanently from infringing Plaintiff's copyrights in any manner, including but not limited to the copying, manufacturing, printing, reprinting, publishing, distributing, selling, promoting or advertising any copies of the copyrighted work or by causing and/or participating in such manufacture, reprinting, publishing, distributing, selling, promoting or advertising of others.

B.    That, pursuant to 17 U.S.C. § 504(b), Defendants be required to pay to the Plaintiff, such actual damages as the Plaintiff may have sustained in consequence of Defendants' infringement and all profits of Defendants that are attributable to the infringement of Plaintiff's copyrights believed to be in excess of $600,000.00.  Plaintiff requests Defendants account for all gains, profits, and advantages derived by Defendants from his infringement including profits of all sales of Defendants since the date of first commercial release.

C.    That, pursuant to 17 U.S.C. § 504(c)(1), Defendants by required to pay an award of statutory damages in a sum of not less than $30,000.00 should this statutory remedy be elected.

D.    That, the Court finds that Defendants' conduct was committed willfully.

E.    That, pursuant to 17 U.S.C. § 504(c)(2), Defendants be required to pay an award of increased statutory damages in a sum of not less than $150,000.00 for willful infringement should this statutory remedy be elected.

F.    That, pursuant to 17 U.S.C. § 505, Defendants be required to pay the Plaintiff's full costs in this action and reasonable attorney's fees to Plaintiff's attorney.

G.    That Defendants' conduct was willful or wanton and done in reckless disregard of Plaintiff's rights thereby entitling Plaintiff to recover punitive damages in an amount to be determined at trial.

H.    Plaintiff has other and further relief as this Court may deem just and appropriate under the circumstances.

FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT

1      I.      For prejudgment interest according to law.

2                        **DEMAND FOR JURY TRIAL**

3 TO THE CLERK OF THE ABOVE-ENTITLED COURT:

4        PLEASE TAKE NOTICE that Plaintiff KASEBERG demands a trial by jury

5 pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 38-1.

Date: 9/30/2016                By:_____

                                          JAYSON M. LORENZO

                                        Attorney for Plaintiff

FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT