Jayson M. Lorenzo, Esq. SBN 216973
Attorney at Law
2794 Gateway Road, Suite 116
Carlsbad, CA 92009
Tel. (760) 517-6646
Fax (760) 520-7900

Attorney for Plaintiff
ROBERT ALEXANDER KASEBERG

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG,<br><br>Plaintiff,<br><br>vs.<br><br>CONACO, LLC; TURNER BROADCASTING SYSTEM; TIME WARNER, INC.; CONAN O' BRIEN; JEFF ROSS; MIKE SWEENEY; and DOES 1-100, Inclusive,<br><br>Defendants. | Case No.: 15-CV-01637-JLS-DHB<br><br>Hon. David H. Bartick<br><br>PLAINTIFF'S PORTION OF JOINT MOTION FOR RECONSIDERATION OF ORDER DENYING DISCOVERY OF PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO CONACO, LLC NOS. 6-8 AND TO COMPEL PRODUCTION OF DOCUMENTS FROM DEFENDANT CONACO, LLC |

/ / /

/ / /

/ / /

1

# JOINT DECLARATION OF COMPLIANCE WITH THE COURT'S MEET AND CONFER REQUIREMENT

Pursuant to Civil Chambers' Rule (IV)(C), Plaintiff Robert Alexander Kaseberg ("Plaintiff") and Defendant Conaco, LLCsubmit this Joint Motion for Reconsideration of Order Denying Discovery of Plaintiff's Requests for Production of Documents Nos. 6-8 and to compel production of documents from Defendant Conaco, LLC. This motion concerns documents produced by Defendants after ECF 47 (Order denying Motion to Compel Defendants' Production) consisting of e-mail submissions from Conaco, LLC writers for use on the Conan monologue which were submitted AFTER the dates of the "jokes at issue" in this case. This motion is made following the conference of counsel pursuant to Civil Local Rule 26.1a and Civil Chambers' Rule (IV)(A), which took place on January 26, 2017.

# PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## RELEVANT BACKGROUND

Pursuant to SD Cal. Civ. LR 7.1(i.1), Plaintiff submits background facts detailing "when and to what judge the application was made, what ruling or decision or order was made on the application, and what new or different facts and circumstances are claimed to exists that did not exist, or were not shown, on such prior application."

### A. Prior Application

On or about March 14, 2016, Plaintiff served Defendant Conaco, LLC ("Defendant") with his Request for Production, Set One. Request for Production Nos. 6-8 asks Defendant to produce any and all documents, including any and all emails, involving Josh Comers, Brian Kiley, and Rob Kutner regarding any and all jokes these individuals submitted for use on the Conan show monologue in the last three years. See Declaration of Jayson M. Lorenzo ("Lorenzo Dec."), ¶ 2, **Exhibit A**. Defendant objected to these requests stating "Conaco is conducting a reasonable search and will produce relevant and non-privileged documents within its possession concerning Brian

PLAINTIFF'S PORTION OF JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - RECONSIDERATION OF ORDER DENYING DISCOVERY OF PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO CONACO, LLC NOS. 6-8 AND TO COMPEL PRODUCTION OF DOCUMENTS FROM DEFENDANT CONACO, LLC

2

Kiley and the jokes at issue within thirty (30) days after the entry of a protective order in this action, to the extent such documents may exist and have not already been produced. Conaco is not withholding any non-privileged documents from production on the basis of these objections." Lorenzo Dec. ¶3, **Exhibit B.** The same objection was imposed for each of the Requests 6-8.

Plaintiff's counsel contacted Defendant to voice his concerns that limiting Defendant's production to merely the "jokes at issue" would be improper, and after meeting and conferring, the parties submitted a joint motion on or around June 10, 2016. Lorenzo Dec. ¶4.

B. The Ruling

The Court, on or around July 26, 2016, made the following finding with respect to Plaintiff's Request for Production Nos. 6-8:

> "The Court agrees with Defendants that Requests Nos. 6-8, as framed, are overly broad and unnecessarily burdensome. Although Plaintiff contends these requests are relevant to access, they are not specifically tailored to the issue of access, and thus are not likely to lead to relevant evidence. As Plaintiff has not made a specific showing that the burdens of production would be minimal, proportional to the needs of the case, and that the requested documents would lead to relevant evidence, the Court denies Plaintiff's motion to compel responses to Requests Nos. 6-8 beyond what Conaco has already agreed to produce." (See EFC 47, pg. 17) Lorenzo Dec. ¶5

C. Additional Facts Discovered

On or about August 19, 2016, Defendant served its further document production, consisting of bates stamps CONACO_000215- CONACO_1106. Lorenzo Dec. ¶6. Inclusive in these documents were joke submissions from Conaco writers which were completely unrelated to the "jokes at issue." Lorenzo Dec. ¶7. CONACO_000333- CONACO_000335 consists of joke submissions from Brian Kiley to Danielle Weisberg from September 16, 2015. Lorenzo Dec. ¶8. CONACO_000349- CONACO_000351

consists of joke submissions from Rob Kutner to Danielle Weisberg from August 3, 3015. Lorenzo Dec. ¶9. None of the "jokes at issue" appear on these two submissions. Plaintiff's counsel at the time was unsure why these specific documents had been produced. Lorenzo Dec. ¶10.

On or about September 20, 2016, Defendants took the deposition of Plaintiff, Robert Alexander Kaseberg. Lorenzo Dec. ¶11. During the deposition, Defendant's counsel, Mr. Nicholas Huskins, began to ask Plaintiff questions regarding the joke submissions submitted by Defendant's writers on August 3, 3015 and September 16, 2015. *Id*. Plaintiff's counsel, Jayson M. Lorenzo, objected to the questions and use of the documents on the grounds that the Court had previously ruled that only the submissions on the dates of the jokes at issue were relevant, and that Defendant could not "cherry pick" which private internal joke submissions it wanted. Lorenzo Dec. ¶12. When Defendant's counsel persisted in asking Plaintiff about the documents, Plaintiff's counsel instructed Mr. Kaseberg not to answer the question. Lorenzo Dec. ¶13. Plaintiff was not concerned because after reviewing the material, it in good faith did not believe the jokes were similar or relevant. Lorenzo Dec. ¶14.

Following the deposition, on or about September 23, 2016, Defendant served another further document production, CONACO _001114 – CONACO_001494. Lorenzo Dec. ¶15. Within the produced documents, Defendant included at least two jokes that were published on Plaintiff's Twitter page ("Kid Rock" joke, and "Sully" joke). Accompanying those documents were private e-mail jokes submitted by Conaco writers for use on the Conan show which are allegedly similar to the jokes posted on Plaintiff's Twitter page. Lorenzo Dec. ¶16. Further there a few private email submissions dating back to September, 2013, which contained "you can do that" as part of the punch line. Again, Plaintiff was not concerned because after reviewing the material, it in good faith did not believe the jokes were similar or. *Id.*

Finally, on or about January 18, 2017, Defendant served past the discovery cutoff another further document production, CONACO_001911-CONACO_001920. Lorenzo

1  Dec. ¶17. Within the produced documents, Defendant included three more jokes that
2  were published on Plaintiff's Twitter page ("Kellyanne Conway" joke, "Kim
3  Kardashian Paris" joke, and "Trump Thank You Tour" joke). Lorenzo Dec. ¶18.
4  Accompanying those documents were yet again private e-mail jokes submitted by
5  Conaco writers for use on the Conan show which are allegedly similar to the jokes
6  posted on Plaintiff's Twitter page and allegedly submitted prior to Plaintiff publishing
7  his jokes. *Id.*

8  Following receipt of the supplemental production, Plaintiff's counsel sent an e-
9  mail to Defendant's counsel on January 20, 2017 whereby he stated "your supplement
10 appears to want to add private submissions of Conan writers, which have nothing to do
11 with the jokes as issue," as well as, "I would like to meet and confer about whether you
12 will agree that these supplemental productions will not be used or your office will agree
13 to produce to me the Conan writer submissions for the monologue between June, 2014
14 to June, 2015." Lorenzo Dec. ¶19, **Exhibit C.**

15 Defendant's counsel responded on January 23, 2017, claiming
16 "CONACO_001911-CONACO_001919 were all created or discovered after the close of
17 fact discovery, and are relevant both to Defendants' asserted defenses as well as RFPs
18 propounded by your client (namely, RFPs 1 and 2 to Conaco). Finally,
19 CONACO_001920 is a video clip depicting the UAB joke as told on Conan. Your
20 client already produced the episode transcript of the show that featured this joke, so
21 there is no prejudice in supplementing Defendants' production to include the actual
22 video clip. To be clear, Defendants will not agree to not use CONACO_001911-
23 CONACO_001920 (which is a proper supplemental production), and do not agree to
24 produce Conan writer monologue submissions for June 2014 through June 2015."
25 Lorenzo Dec. ¶20, **Exhibit D.**

26 Plaintiff and Defendant's counsel met and conferred by telephone on January 26,
27 2017. Plaintiff asked why the private joke submissions were relevant and Defendant
28 confirmed it was to show independent creation that Defendants writers submit jokes to

the show and the same jokes they have submitted in the past have been used later by Plaintiff Kaseberg on twitter. Lorenzo Dec. ¶21. The private submissions were evidence of jokes created by writers before Mr. Kaseberg which supports other instances of independent creation. *Id.* Plaintiff's counsel explained that if this is true Plaintiff should be entitled to see if there are other instances of Conan writers privately submitting jokes between June, 2014 and June 2015 which was within the time period Plaintiff alleged his jokes were stolen. *Id.* This information should be relevant and discoverable to see if Defendants' defense of independent creation holds true for the relevant time period. *Id.* The private joke submissions produced by Defendant Conaco showing that Conan writers submitted private jokes before Plaintiff begin from August, 2015, after the complaint was filed, to the present. *Id.* Plaintiff did not see evidence of submissions between June, 2014 and June, 2015 which would have been within the time period when the alleged infringement took place. *Id.* If there are private submissions of Conan writers before Plaintiff posted his jokes online that would be relevant and should be discoverable to Plaintiff. *Id.* Defendants' counsel state he would not provide any submissions within that time period, and also stated that he would not agree to not use the submissions at trial. He also stated that the Court had already ruled on the motion to compel prevously. Lorenzo Dec. ¶22.

## II.

## ARGUMENT

### A. This Court has the Authority to Reconsider its Prior Ruling

1. <u>This Motion is Timely</u>

As an initial matter, Plaintiff submits that this motion is timely. Pursuant to S.D. Cal. Civ. LR 7.1(i.2), Except as allowed under Rules 59 and 60 of the Federal Rules of Civil Procedure, any motion or application for reconsideration must be filed within twenty-eight (28) days after the entry of the ruling, order or judgment sought to be considered. Though more than 28 days have elapsed since ECF 47, this motion is allowed under to Fed. R. Civ. P. 60(b)(1) and (6) on the grounds that the recent

production by Defendant discussed below is new evidence, as well as because of the reasons discussed below. Under Fed. R. Civ. P. 60(c), a motion under Rule 60(b) must be made within a reasonable time- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Here, the proceeding which Plaintiff is asking this Court to consider took place on July 26, 2016, which is less than a year prior to this application. This motion is therefore timely.

### 2. This Motion for Reconsideration is Authorized by Case Law Precedent

Although the FRCP do not expressly authorize a motion for reconsideration, (a) district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment…" Schwarzer & Tashima, et al., *California Practice Guide: Federal Civil Procedure Before Trial* (The Rutter Group 2016) ¶12:158, citing *Smith v. Massachusetts,* 543 US 462, 475 (2005). Absent highly unusual circumstances, a motion for reconsideration will not be granted "unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *See* Schwarzer & Tashima, *supra,* citing *Kona Enterprises Inc., v. Estate of Bishop,* 229 F. 3d 877,890 (9th Cir. 2000)

### B. Defendant has "Opened the Door" and Waived Its Objections to Producing E-mails Submissions by Submitting New Evidence

This Court has already held that discovery into e-mails from the previous three years is "not likely to lead to relevant evidence." (*See* EFC 47, pg. 17, lines 14-18.) To be clear now, Plaintiff is only now requesting documents from June, 2014 to June, 2015 which would include submissions 6 months before the first alleged infringement and including months where the other infringements occurred. However, since that ruling, Defendant has voluntarily now produced three times e-mails from Conaco writers allegedly showing they often submit jokes before Plaintiff which Plaintiff later posts online. Defendant submits this is proof of independent creation. Thus, Defendant now cannot deny that the private email submissions unrelated to the jokes at issue are

relevant to a claim or defense in this case.  Originally, Defendant argued in opposition to Plaintiff's motion to compel that the email submissions were unduly burdensome and irrelevant, yet after the Defendant obtained its favorable ruling it proceeded to undertake the burden of combing through email submissions to find instances of "independent creation" which were favorable to their defense.  It clearly wasn't burdensome to review email submissions unrelated to the jokes at issue that support its alleged defense.  In fact there were a couple of emails going back to September, 2013 that were voluntarily produced allegedly supporting "you can do that."  Lorenzo Dec. ¶16. Clearly, Defendant can easily and with little burden produce old email submissions.  It has already done it.  However, when Plaintiff requested the information it was apparently burdensome and irrelevant.

     Defendant in effect has unilaterally decided to open up discovery into e-mails submitted after the dates of the alleged infringement based on the assertion that they are relevant to Defendant's defenses. If Defendant believes that discovery into e-mails submitted after the jokes at issue aired will lead to relevant evidence, why are the submissions during the time of the alleged infringement not likewise relevant and discoverable to prove independent creation?

      The e-mail submissions from June, 2014 to June, 2015 are relevant and discoverable because they tend in reason to either strengthen or weaken Defendant's affirmative defense of independent creation.  Further they may also lead to evidence of other jokes Conan writers may have submitted that were published by Plaintiff first.  If independent creation is an issue, Plaintiff should be entitled to discover evidence that both benefits and burdens that defense from the alleged infringement time period. Plaintiff has been denied this information even though Defendant is willing to produce the same information when it is helpful to its case. Plaintiff indeed finds it curious that Defendant has only produced e-mails where Plaintiff allegedly published a similar joke to Defendant's AFTER the Defendant's writers submitted a joke.

Further, there has been no production of overlap in Conaco writer submissions and Plaintiff's jokes from June, 2014 to June, 2015. Plaintiff is entitled to discover if Defendant's theory holds true during the times of the alleged infringement. All supplemental documents produced were from after the complaint was filed.

It is clear that Defendant is attempting to "cherry pick" which submissions it desires to produce. It would be an understatement to claim that Plaintiff would be unduly prejudiced by Defendant's ability to engage in such conduct, specifically objecting that information is irrelevant and burdensome then turning around and using the same information for their sole advantage. Defendant should not be allowed to "have its cake and eat it too." Defendant certainly believes that e-mail documents other than those relating to the "jokes at issue" are relevant to this case. Otherwise, Defendant wouldn't have bothered to produce such documents and attempted to use them during Plaintiff's deposition.

Since Defendant has produced these e-mails, Plaintiff now has reason to believe that there are other e-mail submissions relevant to this case which have not been produced by Defendant. Because Defendant has produced e-mails other than those relating to the "jokes at issue," it has "opened the door" and waived its objection to Plaintiff's discovery in the form of Requests for Production Nos. 6-8 and should be ordered by this Court to produce documents responsive to the aforementioned Requests. Only through Plaintiff reviewing the email submissions himself from June, 2014 and June, 2015 can Plaintiff credibly determine if overlap or alleged instances of independent creation occurred during the time period of the alleged infringement.

## III.
## CONCLUSION

For the foregoing reasons and based on the newly produced evidence by Defendant, Plaintiff respectfully requests that this Court reconsider its prior order and compel Defendant's production of Plaintiff's Requests for Production of Documents 6-

8. Plaintiff agrees to limit the production to email submissions from June, 2014 to June 2015.

Date:   January 27, 2017                    By:*/s/ Jayson M. Lorenzo*
                                            JAYSON M. LORENZO
                                            Attorney for Plaintiff
                                            ROBERT ALEXANDER KASEBERG

PATRICIA L. GLASER - State Bar No. 55668
pglaser@glaserweil.com
ERICA J. VAN LOON - State Bar No. 227712
evanloon@glaserweil.com
REX HWANG - State Bar No. 221079
rhwang@glaserweil.com
NICHOLAS E. HUSKINS - State Bar No. 299133
nhuskins@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG,<br><br>Plaintiff,<br><br>v.<br><br>CONACO, LLC; TURNER BROADCASTING SYSTEM; TIME WARNER, INC.; CONAN O'BRIEN; JEFF ROSS; MIKE SWEENEY; DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.: 15-CV-01637-JLS-DHB<br><br>Hon. Janis L. Sammartino<br><br>**DEFENDANTS' PORTION OF THE JOINT MOTION FOR RECONSIDERATION OF ORDER DENYING DISCOVERY OF PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO CONACO, LLC NOS. 6-8 AND TO COMPEL PRODUCTION OF DOCUMENTS FROM DEFENDANT CONACO, LLC** |

## I. INTRODUCTION

Kaseberg's bad faith discovery tactics are on display yet again with this meritless motion.

First, Kaseberg seeks reconsideration of a discovery order that issued on July 26, 2016. But under Local Rule 7.1(i)(2), any request to reconsider that order must have been filed by August 23, 2016. Thus, Kaseberg's motion is untimely, and should be denied on this basis alone.

Second, this effectively represents Kaseberg's *fourth* attempt to compel the production of hundreds of emails that this Court has repeatedly held to be outside the scope of permissible discovery. Kaseberg's (untimely) attempt to circumvent three different Court orders, and rehash settled issues after the close of discovery, is strikingly improper.

Third, Kaseberg has failed to present any new facts or issues that come close to warranting reconsideration of this well-decided issue. In fact, contrary to Kaseberg's speculative musings, forcing Defendants to comb through hundreds of emails remains just as burdensome and disproportional to the needs of the case today, as was the case on July 26, 2016. Moreover, consistent with the Court's previous orders, the requested documents still hold no relevance to Kaseberg's claims. Kaseberg's dogged attempts to see all of Defendants' emails amounts to nothing more than a thinly-veiled attempt to harass Defendants, which should not be tolerated.

Fourth, Kaseberg's decision to raise this issue now amounts to deliberate gamesmanship. The majority of the emails Kaseberg takes issue with were produced in August and September 2016. And even the three examples included in the January 18, 2016 supplemental production were (properly) disclosed earlier, during expert discovery. Indeed, even Kaseberg's counsel notes that he first acknowledged and objected to the production of private email submissions during his client's deposition, on September 20, 2016. Yet, Kaseberg waited over four months to serve this motion – just ten days before the deadline to file pretrial motions. This is obviously a

calculated attempt to obstruct Defendants' preparation of their summary judgment motion, and emblematic of Kaseberg's continued abuse of the discovery process. The Court should not tolerate such gamesmanship.

Finally, Kaseberg should be sanctioned under Rule 11 and the Court's inherent authority for bringing this frivolous motion. Kaseberg's counsel should also be sanctioned under 28 U.S.C. § 1927. Indeed, the undue delay, meritless grounds, and bad faith motive underlying this duplicative motion is the epitome of "unreasonably and vexatiously multiplying the proceedings."

In sum, this Court should reject Kaseberg's motion, and Defendants should be awarded costs and fees associated with this opposition.

## II.    RELEVANT BACKGROUND

On June 10, 2016, Kaseberg moved to compel all documents, including emails, relating to any jokes Josh Comers, Brian Kiley, and Rob Kutner (the three *Conan* monologue writers who created the jokes at issue) submitted for use on *Conan* over the last three years. ECF No. 38 at 10. According to Kaseberg, this request was relevant to the issue of access. On July 26, 2016, this Court denied Kaseberg's request, noting that the requests were overbroad, not specifically tailored to the issue, and not likely to lead to relevant evidence. ECF No. 47 at 17.

Prior to the Court's July 26, 2016 Order, Kaseberg attempted to circumvent the pending discovery motion by requesting all email correspondence between *Conan's* monologue writers' assistant, Danielle Weisberg, and the three monologue writers from January 1, 2013 through December 31, 2015. Declaration of Nicholas Huskins, ("Huskins Decl.") Ex. 1. Defendants objected to the requests because, among other reasons, they were largely duplicative of the requests for production which were then the subject of a pending discovery motion. Huskins Decl., Ex. 2. During Weisberg's deposition, Kaseberg's counsel proposed limiting the request to six months, and initiated a teleconference with the Court on this issue. This time, Kaseberg's counsel stated that the requests were relevant to the timing, daily routine, and process of joke

submissions at *Conan*. *Id*., Ex. 3 (Weisberg Tr. at 132:2-133:22). At the conclusion of the teleconference, the Court denied Kaseberg's request to compel the production of the requested documents, even as to Kaseberg's counsel's proposed limitation, noting Kaseberg's counsel had failed to sufficiently demonstrate how the requested documents may be relevant to Plaintiff's claim. *Id*. (Weisberg Tr. at 137:25-139:17).

Kaseberg subsequently moved to compel the production of all email correspondences between the monologue writers and Ms. Weisberg on the dates of alleged infringement, and all email correspondence on January 13, 2015. ECF No. 52. In that motion, Kaseberg's counsel argued that the requests were relevant to the show's routine, process, policies and procedures, as well as access, copying, intent, and credibility. *Id*. at 7-11. The Court partially granted Kaseberg's motion, limiting the order to only the days of alleged infringement. ECF No. 55. However, the Court expressly denied Kaseberg's request as to the production of emails for January 13, 2015, again finding that Kaseberg had failed to demonstrate the relevance of his request. *Id*. at 5.

As noted by Kaseberg, Defendants produced four monologue and sketch email submissions unrelated to the jokes at issue on August 19, 2016. Mot. at 3. Kaseberg's counsel objected to the August 19 examples at his September 20, 2016 deposition. *Id* at 4. On September 23, 2016, Defendants produced additional monologue and sketch emails unrelated to the jokes at issue. *Id*.

During the second deposition of Brian Kiley, on October 12, 2016, Kaseberg's counsel, Jayson Lorenzo, confronted Mr. Kiley with several of the emails produced on September 23. Huskins Decl., ¶ 6. Nevertheless, Mr. Lorenzo again raised the issues presented in this motion, but never requested to formally meet and confer. *Id*.

On November 28, 2016, Defendants disclosed two more emails in connection with their subsequently withdrawn expert report. *Id*. at ¶ 8, Ex. 5. These emails were sent by *Conan* monologue writers sent on October 3, 2016 and October 25, 2016, respectively. *Id*. at Ex. 6. The underlying jokes were created and/or discovered after

the close of discovery.

The last email submission produced was sent by a *Conan* monologue writer on November 29, 2016. *Id*. ¶ 9, Ex. 7. All three of these email submissions were entered as exhibits to cross examine Kaseberg's expert, Elayne Boosler, at her deposition on January 9, 2016. *Id*. ¶ 9. Ms. Boosler's deposition was unnecessarily delayed by Kaseberg because Ms. Boosler was supposedly not available to be deposed until after the close of expert discovery. *Id*. ¶ 9. Having previously disclosed each of these emails, all three were simply bates labeled and included in Defendants' July 18, 2016 supplemental production. *Id*. ¶ 9, Ex. 8.

## III.  ARGUMENT

### A.  Kaseberg's Motion Is Untimely, Improper, And Must Be Denied

In this district, motions for reconsideration are governed by Civil Local Rule 7.1(i)(2), which provides: "Except as may be allowed under Rules 59 and 60 of the Federal Rules of Civil Procedure, any motion or application for reconsideration must be filed within twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered."

Kaseberg seeks reconsideration of a discovery order that issued on July 26, 2016. Under Local Rule 7.1(i)(2), any request to reconsider that order must have been filed by August 23, 2016. This motion was exchanged for the first time on January 27, 2017, over five months past the deadline. Thus, it is untimely. Courts in this district have held that this alone is a sufficient basis to deny a motion for reconsideration. *Gutierrez v. Givens*, 989 F. Supp. 1033, 1047 (S.D. Cal. 1997) (denying a motion to reconsider, and noting that motion that is untimely under Civil Local Rule 7.1(i)(2) may be "rejected solely on that ground").

Knowing that he missed the critical deadline, Kaseberg argues that he is excused from adhering to the Rule 7.1(i)(2)'s 28-day requirement under Rule 60(b). However, Ninth Circuit case law is clear – Rule 60(b) does not provide relief from judgments, orders, or proceedings that are not final. *United States v. Martin*, 226 F.3d

1042, 1048 n.8 (9th Cir.2000) ("Rule 60(b) applies only to "motions attacking, final, appealable orders"). And "the general rule is that an order regarding discovery is not an appealable final order." *Newton v. Nat'l Broad. Co.*, 726 F.2d 591, 592 (9th Cir. 1984) (internal citations omitted); *see also Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100, 108 (2009) (noting that the rule remains settled that most discovery rulings are not final) (internal citations omitted).

Courts in this district have also unambiguously confirmed that discovery orders, are "not a 'final' order," and therefore, are "not properly brought under Rule 60(b)." *Kashani v. Adams*, 2009 WL 1068862 (S.D. Cal. Apr. 21, 2009) (noting that discovery motions must be judged timely according to Civil Local Rule 7.1(i)) (internal citation omitted); *see also Chevron Corp. v. E-Tech Intern.*, 2011 WL 1898908 at *5 (S.D. Cal. May 19, 2011) (finding that a motion for reconsideration of an order compelling discovery is judged timely according to Civil Local Rule 7.1(i)).

As such, Kaseberg's failure to bring this Motion within the 28-day limit set by Civil Local Rule 7.1(i)(2), and his improper justification for delay, warrants denial of this motion.

**B.     Kaseberg Presents No Appropriate Grounds For Reconsideration of This Court's July 26, 2016 Order**

Even if Kaseberg's motion was timely, it fails to provide any suitable basis for the Court to reconsider its July 26, 2016 Order.

Outside of the confines of Rule 60, Ninth Circuit law provides that motions for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). However, a proper reconsideration motion, "do[es] not give parties a 'second bite at the apple'" or a forum to "'rehash' arguments previously presented." *Mintz v. Dietz & Watson Inc.*, 2010 WL 4687795, at *1 (S.D. Cal. Nov. 9, 2010). Out of concern for "preserving dwindling resources

and promoting judicial efficiency," courts avoid even entertaining reconsideration where the moving party's grounds "are restricted to either repetitive contentions of matters which were before the court on its prior consideration or contentions which might have been raised prior to the challenged judgment" but were not. *Costello v. U.S. Gov't*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991).

Here, Kaseberg argues that Defendants private email submissions present "newly discovered evidence" that permit the filing of (yet another) motion for reconsideration. But this is simply another attempt to relitigate issues already decided by this Court.

In particular, Kaseberg advances the incredulous argument that if Defendants can rely on private email submissions for their independent creation defense, they are relevant to him because they "tend to strengthen or weaken" the affirmative defense. Mot. at 8. Yet, Kaseberg's logic does not hold. Regardless of who thought of the joke first, any additional instances of overlap between the parties' jokes only strengthens Defendants' position that overlapping independent creation is not only possible, but likely to have occurred in this case. Indeed, the only way in such examples could serve to benefit Kaseberg is under his rejected theories that such evidence is relevant to access, intent, copying, or credibility. But the Court has rejected such efforts in three different orders. Kaseberg cannot seek reconsideration just to gain "another opportunity" to "make [his] strongest case, reassert arguments, or revamp previously unmeritorious arguments." *Mintz v*, 2010 WL 4687795, at *1.

Moreover, if Kaseberg truly wanted to test whether Defendants' independent creation theory holds true during the period of infringement, he could have checked the *publicly available* monologue transcripts, identified overlapping material, and narrowed his requests to the specific emails relating to the overlapping jokes. But he did not. This Court should not permit Kaseberg to engage in a fishing expedition at Defendants' burden on the basis of purely speculative assertions.

Kaseberg further contends that because Defendants have identified certain

examples of independent creation since this lawsuit was filed, Defendants are not burdened by his request to produce hundreds of emails sent by the monologue writers in the year prior to this lawsuit. But Kaseberg misapprehends the efforts undertaken by Defendants to identify emails demonstrating independent creation. As Mike Sweeney testified, after Kaseberg filed this lawsuit, the show began to track his blog. Huskins Decl., Ex. 4 (Sweeney Tr. at 122:13-19). In doing so, Defendants identified independent creation examples on a case-by-case basis, as they checked joke submissions against Kaseberg's blog. This is not cherry picking, as Kaseberg argues. Rather, it is identifying relevant evidence, and producing it, as Defendants are required under Fed. R. Civ. P. 26(e). Of course, this also explains why the independent creation evidence produced in this case all follow the date this lawsuit was filed. This reasonable and justified exercise does not make the production of emails for the year *prior to this litigation* any less burdensome an undertaking.

    Nor does Defendants' identification of evidence relevant to their independent creation defense alter the Court's multiple rulings that such emails are not relevant to *Kaseberg's claim*, under any of his purported theories. Under Rule 26(e) Defendants have a duty to supplement their production with evidence that tends to support their defense. Fed. R. Civ. P. 26(e) (a party must timely supplement disclosures made pursuant to Rule 26(a)). This duty continues following the close of fact discovery. *Woods v. Google*, Inc., 2014 WL 1321007, at *4 (N.D. Cal. Mar. 28, 2014) (quoting *Star Direct Telecom, Inc. v. Global Crossing Bandwidth, Inc.*, 272 F.R.D. 350, 358 (W.D.N.Y.2011)). But Defendants compliance with Rule 26 does not, as Kaseberg suggests, "open the door" and permit Kaseberg to documents already deemed irrelevant merely because such a disclosure falls into the wide net cast by Kaseberg's overbroad requests. Under Kaseberg's theory, Defendants would be precluded from offering evidence relevant to their defense, lest they be forced to submit to Kaseberg's onerous discovery requests. This is not how the Federal Rules contemplate relevancy.

    Finally, the timing of this motion is not lost on Defendants. Kaseberg readily

acknowledges that Defendants have produced private email submissions from *Conan* writers demonstrating independent creation as far back as August 19, 2016.  Mot. at 5.  Yet, he waited until January 27, 2017 – nearly four months after the close of discovery and a week and a half before the February 6, 2016 deadline to file pretrial motions – to serve this motion on Defendants.  The fact that Kaseberg's counsel twice raised the issue months ago, in September and October, underscores the gamesmanship at play here.  Kaseberg's blatant attempt to derail Defendants' ability to prepare their summary judgment by burdening them with responding to this untimely and indefensible motion should be not permitted.  Nor should the Court let this motion undermine the merits of Defendants' summary judgment motion.  Accordingly, this Court should deny Kaseberg's motion.

## IV.    CONCLUSION

For the foregoing reasons, Kaseberg's motion must be denied, and this Court should award Defendants all attorneys' fees and costs incurred in opposing this motion pursuant to Rule 11, 28 U.S.C. § 1927, and the Court's inherent power.  Defendants' request is justified based on the bad faith intent in bringing this untimely, improper, and duplicative motion, which has substantially prejudiced Defendants and needlessly increased litigation expenses.

| | |
|---|---|
| 1  DATED: February 3, 2017 | GLASER WEIL FINK<br>  HOWARD AVCHEN & SHAPIRO LLP |
| 2 | |
| 3 | By: */s/ Erica J. Van Loon* |
|   |   PATRICIA L. GLASER |
| 4 |   ERICA J. VAN LOON |
|   |   REX HWANG |
| 5 |   NICHOLAS E. HUSKINS |

*Attorneys for Defendants Conaco LLC;*
*Turner Broadcasting System;*
*Time Warner, Inc.; Conan O'Brien;*
*Jeff Ross; Mike Sweeney*