1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT
9                    SOUTHERN DISTRICT OF CALIFORNIA
10

11   ROBERT ALEXANDER KASEBERG,          Case No.:  15-cv-01637-JLS (DHB)
12                            Plaintiff,
                                          **ORDER:**
13   v.
                                          **(1) DENYING PLAINTIFF'S**
14                                        **MOTION FOR**
15   CONACO, LLC, et al.,                 **RECONSIDERATION (ECF NO. 73);**
                                          **AND**
16                            Defendants.
17                                        **(2) DENYING WITHOUT**
                                          **PREJUDICE PLAINTIFF'S MOTION**
18                                        **FOR RELIEF FROM**
19                                        **CONFIDENTIALITY (ECF NO. 74 )**
20

21          On February 4, 2017, Plaintiff Robert Alexander Kaseberg ("Plaintiff") and

22   Defendant Conaco, LLC ("Conaco") filed a Joint Motion for Reconsideration of Order

23   Denying Discovery of Plaintiff's Requests for Production of Documents to Conaco Nos.

24   6-8 and to Compel Production of Documents from Defendant Conaco.  (ECF No. 73.)

25   Plaintiff seeks reconsideration of the Court's July 26, 2016 Order regarding a prior Joint

26   Motion for Determination of Discovery Dispute.  (*See* ECF Nos. 38, 47.)  Conaco opposes.

27   (ECF No. 73.)  The same day, Plaintiff filed a Motion for Relief from Confidential and/or

28   Attorneys' Eyes Only Designations for Depositions.  (ECF No. 74.)  Defendants Conaco,

Conan O'Brien, Jeff Ross, and Mike Sweeney (collectively, "Defendants") oppose the motion.  (ECF No. 93.)

Having considered the parties' submissions, the Court: (1) **DENIES** Plaintiff's Motion for Reconsideration; and (2) **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Relief from Confidential and/or Attorneys' Eyes Only Designations for Depositions.[1]

# I.  BACKGROUND

## A.  First Amended Complaint

Plaintiff commenced this copyright infringement action on July 22, 2015.  (ECF No. 1.)  Plaintiff filed a First Amended Complaint ("FAC") against Turner Broadcasting System, Inc., Time Warner, Inc., Conaco, Conan O'Brien, Jeff Ross, and Mike Sweeney on October 3, 2016.  (ECF No. 58.)  Plaintiff alleges he is a comedic writer engaged in the entertainment industry.  (*Id*. at ¶ 14.)  Plaintiff alleges that after he wrote and published five jokes on his personal online blog and/or Twitter account between December 2, 2014 and June 9, 2015, each joke was subsequently featured in the monologue segment of the "Conan" show.  (*Id*. at ¶¶ 15-24.)

Plaintiff alleges he filed copyright applications for each of the jokes at issue, deeming them "literary works," with the United States Copyright Office.  (*Id*. at ¶ 26.) These applications are pending.  (*Id*.)  Plaintiff seeks a permanent injunction, actual damages, statutory damages, increased statutory damages for willful infringement, and profits attributable to the infringement of Plaintiff's copyrights pursuant to 17 U.S.C. §§ 502(a) and 504.  (*Id*. at pp. 6-8.)  Plaintiff also seeks attorney's fees and costs and punitive damages.  (*Id*. at p. 7.)

///

///

---

[1]    The Court finds these motions suitable for determination on the papers submitted and without oral argument.  *See* Civ. L.R. 7.1(d)(1).

**B.     Request for Production of Documents and Things (Set One)**

Plaintiff served his Request for Production of Documents and Things (Set One) to Conaco on March 14, 2016.  (ECF No. 73-1, Declaration of Jayson M. Lorenzo ("Lorenzo Decl.") at ¶ 2, Exh. A.)  In Request for Production No. 1, Plaintiff asks Conaco to produce any and all documents that "support, refute or in ANY way RELATE TO YOUR DENIAL of the allegations in the COMPLAINT."  (*Id*.)   In Request for Production No. 2, Plaintiff asks Conaco to produce any and all documents that "support, refute or RELATE TO ANY and ALL affirmative defenses in your Answer."  (*Id.*)[2]  In response, Conaco agreed to produce relevant and non-privileged documents responsive to these requests.  (*Id*. at ¶ 3, Exh. B.)

In Requests for Production Nos. 6-8, Plaintiff asks Conaco to produce "ANY and ALL DOCUMENTS, including any and all emails, involving" Josh Comers, Brian Kiley, and Rob Kutner "regarding any and all jokes" these individuals submitted for use on the Conan show monologue in the last three years.  (*Id*. at ¶ 2, Exh. A.)  Conaco objected to these requests, in part, as overbroad, unduly burdensome, and harassing to the extent the requests seek information which is not relevant to any party's claim or defense and is not proportional to the needs of the case.  (*Id*. at ¶ 3, Exh. B.)  Subject to these objections, Conaco agreed to produce all relevant and non-privileged documents within its possession concerning these three individuals and the "jokes at issue" after entry of a protective order. (*Id*.)

On July 26, 2016, the Court denied Plaintiff's motion to compel further responses to Requests for Production Nos. 6-8, finding as follows:

> The Court agrees with Defendants that Requests Nos. 6-8, as framed, are overly broad and unnecessarily burdensome.  Although Plaintiff contends these requests are relevant to access, they are not specifically tailored to the issue of access, and thus are not likely to lead to relevant evidence.  As

---

[2]      In Conaco's Answer, Conaco asserts several affirmative defenses, including "Independent Creation."  (ECF No. 3 at p. 5; ECF No. 59 at p. 6.)

Plaintiff has not made a specific showing that the burdens of production would be minimal, proportional to the needs of the case, and that the requested documents would lead to relevant evidence, the Court denies Plaintiff's motion to compel responses to Requests Nos. 6-8 beyond what Conaco has already agreed to produce. *See Sorosky v. Burroughs Corp*., 826 F.2d 794, 805 (9th Cir. 1987) (affirming district court's denial of a motion to compel documents where the requests were unnecessarily burdensome and overly broad and there was no "specific showing that the burdens of production would be minimal and that the requested documents would lead to relevant evidence"); *Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co*., 981 F.2d 429, 438-39 (9th Cir. 1992) (same); *see also* Fed. R. Civ. P. 26(b)(1).

(ECF No. 47 at p. 17, lines 11-23.)

On August 19, 2016, Conaco served a supplemental document production on Plaintiff which contained "joke submissions from Conaco writers for use on the Conan show which have nothing to do with the five jokes at issue in this case." (Lorenzo Decl. at ¶ 7.) The joke submissions were dated August 3, 2015 and September 16, 2015. (*Id.* at ¶¶ 8, 9.) On September 23, 2016, Conaco produced additional documents containing joke submissions "submitted by Conaco writers for use on the Conan show which are allegedly similar to jokes posted on Plaintiff's Twitter page and allegedly submitted prior to Plaintiff publishing his jokes." (*Id.* at ¶ 16.) Included in the production were "a few private email submissions dating back to September, 2013, which contained 'you can do that' as part of the punch line." (*Id*.) On January 18, 2017, Conaco produced another set of documents, which contained three more "e-mail jokes submitted by Conaco writers for use on the Conan show which are allegedly similar to the jokes posted on Plaintiff's Twitter page and allegedly submitted prior to Plaintiff publishing his jokes." (*Id.* at ¶¶ 17, 18.) These emails were sent on October 3, 2016, October 25, 2016, and November 29, 2016. (ECF No. 73-2, Declaration of Nicholas Huskins ("Huskins Decl.") at ¶¶ 8, 9.)

Conaco claims these emails were produced pursuant to Federal Rule of Civil Procedure 26(e),[3] and are relevant to Defendants' asserted defenses, such as "Independent Creation," as well as Plaintiff's Requests for Production Nos. 1 and 2.  (ECF No. 73 at 17-19; Lorenzo Decl. at ¶ 20, Exh. D.)

### C.   Protective Order

On June 3, 2016, defendants filed a Motion for Protective Order seeking the entry of a two-tier protective order that would allow the parties to designate certain information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."  (ECF No. 34.)  On July 27, 2016, Judge Bartick issued such a Protective Order.  (*See* ECF Nos. 47, 48.) Pursuant to the Protective Order, "Protected Material" includes documents or information designated as follows:

> 4(A).    A Disclosing Party may designate as "Confidential" any information or documents produced in discovery, pursuant to legal process, or exchanged informally for purposes of settlement, if the person making the confidential designation reasonably believes, in good faith, that the material so designated contains or constitutes confidential, private, or proprietary information that is not otherwise known or available to the public and is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure.
>
> 4(B).    A Disclosing Party may designate as "Highly Confidential – Attorneys' Eyes Only" any information or documents produced in discovery, pursuant to legal process, or exchanged informally for purposes of settlement, if the person making the designation reasonably believes, in good faith, that the material so designated contains or constitutes highly confidential information, such as: trade secrets as defined under California Civil Code § 3426.1; financial information including but not limited to accounting records, revenues, costs, profits, confidential pricing, and overhead; information relating to a party's suppliers, distributors, or present or prospective customers

---

[3]    Rule 26(e)(1)(A) of the Federal Rules of Civil Procedure states: "A party who . . . has responded to an interrogatory, request for production, or request for admission— must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]"  Fed. R. Civ. P. 26(e)(1)(A).

including but not limited to names, addresses, phone numbers, and email addresses; business strategy including but not limited to future business plans; information of an extremely high degree of current commercial sensitivity and/or would provide a competitive advantage to its competitors if disclosed.

(ECF No. 48 at ¶¶ 4(A)-4(C).)

Any portion of a deposition transcript that a Disclosing Party, "in good faith, reasonably believes to contain Protected Material," may be designated as Protected Material. (*Id.* at ¶ 7.) "The burden of proving that a document or testimony constitutes Protected Material is on the Disclosing Party. Prior to designating any material . . . the Disclosing Party shall make a bona fide determination that the material is, in fact, appropriately designated." (*Id.* at ¶ 13.) Pursuant to the Protective Order,

[i]f a Receiving Party disagrees with the designation of any documents, the Receiving Party will so notify the Disclosing Party in writing, identifying the material subject to the objection and specifying in reasonable detail the reasons for the objection. Upon receipt of any such objection, the Parties shall promptly meet and confer in an effort to resolve their differences. The Parties shall work in good faith to resolve any disputes. If the disagreement cannot be resolved, the objecting Party may file, within a reasonable time, an application or motion with the Court for relief from designation of the material as Protected Material. The Party who designated the Protected Material shall have the burden of showing, on such application or motion, that the material being objected to was appropriately designated as Protected Material. The material subject to the objection shall be maintained as Protected Material until such time as the objecting Party's motion for relief has been ruled on.

(*Id.*)

### D.    Present Motions

On February 4, 2017, Plaintiff filed a motion seeking reconsideration of the Court's July 26, 2016 Order and a Motion for Relief from Confidential and/or Attorneys' Eyes Only Designations for Depositions. (ECF Nos. 73, 74.) Defendants oppose. (ECF Nos. 73, 93.) Plaintiff filed a reply in support of his Motion for Relief. (ECF No. 99.)

///

///

///

## II.    DISCUSSION

### A.    Motion for Reconsideration

Plaintiff seeks relief on several grounds.  First, Plaintiff seeks relief pursuant to Federal Rule of Civil Procedure 60(b) which provides, in relevant part, that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; [or] . . . (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1), (6).  However, Rule 60(b) does not provide relief from judgments, orders or proceedings that are not final.  *United States v. Martin*, 226 F.3d 1042, 1048 n. 8 (9th Cir. 2000) (Rule 60(b) applies only to "motions attacking final, appealable orders . . . ."); *see also Kashani v. Adams*, No. 08cv0268 JM (AJB), 2009 WL 1068862, at *1 (S.D. Cal. Apr. 21, 2009).  Plaintiff seeks reconsideration of a discovery order, which is not a "final" order.  *See id.; see also Admiral Ins. Co. v. U.S. Dist. Ct. for the Dist. of Ariz.*, 881 F.2d 1486, 1490 (9th Cir. 1989) ("Discovery orders are not final appealable orders under 28 U.S.C. § 1291[.]"); *Kashani*, 2009 WL 1068862, at *1.  Therefore, Plaintiff's motion is not properly brought under Rule 60(b).

Plaintiff also cites Local Civil Rule 7.1(i)(1), which applies to any "subsequent motion or application or petition made for the same relief in whole or in part upon the same or any alleged different state of facts."  Civ. L.R. 7.1(i)(1).  Such a motion for reconsideration "must be filed within twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered."  Civ. L.R. 7.1(i)(2).  The order which Plaintiff seeks to reconsider was issued on July 26, 2016.  (ECF No. 47.)  The present motion was filed on February 4, 2017.  (ECF No. 73.)  Accordingly, the present motion is an untimely motion for reconsideration pursuant to Local Civil Rule 7.1.

Lastly, Plaintiff moves for reconsideration under the Court's inherent power to reconsider or modify its interlocutory orders.  (*Id.* at 7.)  District courts have the inherent authority to entertain motions for reconsideration of interlocutory orders.  *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996) ("[I]nterlocutory orders . . . are subject to

modification by the district judge at any time prior to final judgment."); *see also* Fed. R. Civ. P. 54(b); *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 465 (9th Cir. 1989).  Absent highly unusual circumstances, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also Beal v. Royal Oak Bar*, No. 13-cv-04911-LB, 2016 WL 3230887, at * 1-2 (N.D. Cal. June 13, 2016); *In re: Incretin Mimetics Prods. Liab. Litig.*, No. 13md2452 AJB (MDD), 2014 WL 12539702, at *1 (S.D. Cal. Dec. 9, 2014) (Battaglia, J.); *Verinata Health, Inc. v. Sequenom, Inc.*, No. C 12-00865 SI, 2014 WL 4076319, at *2 (N.D. Cal. Aug. 18, 2014); *Hydranautics v. FilmTec Corp.*, 306 F. Supp. 2d 958, 968 (S.D. Cal. 2003) (Whelan, J.).

However, a motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).  Such a motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Sch. Dist. No. 1J, Multnomah Cnty.*, 5 F.3d at 1263.  It does not give parties a "second bite at the apple." *See id.*; *see also Weeks v. Bayer*, 246 F.3d 1231, 1236-37 (9th Cir. 2001).  "[A]fter thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. *Ausmus v. Lexington Ins. Co.*, No. 08–CV–2342–L, 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009) (Lorenz, J.).

Pursuant to the Court's inherent authority, Plaintiff asks the Court to reconsider its July 26, 2016 Order based on newly discovered evidence.  (ECF No. 73 at 7.)  Plaintiff seeks an order compelling Conaco to produce documents responsive to Plaintiff's Requests for Production Nos. 6-8, limited to email submissions from June 2014 to June 2015.  (*Id.* at 9-10.)  For the reasons discussed below, Plaintiff's motion is denied.

Plaintiff served his Requests for Production on March 14, 2016.  (Lorenzo Decl. at ¶ 2, Exh. A.)  Dissatisfied with Conaco's response to Requests for Production Nos. 6-8, Plaintiff filed a motion to compel further responses.  (ECF No. 38.)  With respect to

Requests for Production Nos. 6-8, Plaintiff argued "Plaintiff believes that jokes other than those alleged in the Complaint, or the 'jokes at issue,' are relevant because they relate to the element of 'access.'" (*Id.* at p. 10.) He claimed "any link or similarity between them and any of Plaintiff's jokes would tend to establish that Defendants had access to Plaintiff's jokes." (*Id.*) The Court resolved the discovery dispute on July 26, 2016, finding that "Requests Nos. 6-8, **as framed**, are overly broad and unnecessarily burdensome" and "not specifically tailored to the issue of access." (ECF No. 47 at p. 17 (emphasis added).) Nothing before the Court suggests Plaintiff subsequently issued requests for production of emails or documents specifically tailored to the issue of access.

As laid out above, beginning on August 19, 2016, Conaco produced documents containing joke submissions from Conaco writers for use on the Conan show unrelated to the "jokes at issue." Some of the jokes were produced along with allegedly similar jokes published on Plaintiff's Twitter page. (Lorenzo Decl. at ¶¶ 16, 18.) According to Conaco, the jokes and emails were discovered after the initiation of the present lawsuit, as Defendants began tracking Plaintiff's blog and Twitter account. (ECF No. 73 at 18; Huskins Decl. at ¶ 7, Exh. 4.) All of the produced jokes appear to fall outside the time frame for which Plaintiff is seeking submissions.[4]

In his motion, Plaintiff argues that Conaco's "voluntarily" production of these jokes demonstrate they are relevant to a claim or defense in this case. (ECF No. 73 at 7-8.) Based on Conaco's selective production of these jokes, Plaintiff further argues that production of such emails is not unduly burdensome. (*Id.* at 8.) In response, Conaco contends Plaintiff's motion for reconsideration is untimely, meritless, and in bad faith. (*Id.* at 12-20.) Conaco highlights Plaintiff's delay in bringing the motion, and claims that Plaintiff is simply attempting to re-litigate issues this Court has already decided, and the "new evidence" does

---

[4]     Plaintiff requests documents from June 2014 to June 2015, "which would include submissions 6 months before the first alleged infringement and including months where the other infringements occurred." (ECF No. 73 at 7, 10.)

not change the Court's prior analysis.  In particular, Conaco claims it began monitoring Plaintiff's blog and Twitter account after this lawsuit was filed, and continued to supplement its responses to Requests for Production Nos. 1 and 2, relating to Conaco's affirmative defenses, as required by Federal Rule of Civil Procedure 26(e).  (*Id.* at 18; Huskins Decl. at ¶ 7, Exh. 4.)  Conaco argues Plaintiff still has not made a showing that his "fishing expedition" will lead to relevant evidence, and that the burdens of production would be minimal and proportional to the needs of this case.  (ECF No. 73 at 17-18.)

The Court agrees with Conaco that Plaintiff has not met his burden of showing that an entire year's worth of emails will lead to relevant evidence, and that the burdens of production would be minimal and proportional to the needs of this case.  Plaintiff's prior arguments of relevance are not strengthened by the production of these emails, particularly where Plaintiff claims the jokes in the produced emails are not similar or relevant to jokes written by Plaintiff.  (*See* Lorenzo Decl. at ¶¶ 10, 14, 16.)   Moreover, Plaintiff has not demonstrated how the burdens of production have lessened since the Court's prior order.  Therefore, the Court denies Plaintiff's motion for reconsideration.

In its opposition, Conaco requests sanctions in the form of attorneys' fees and costs incurred in opposing this motion pursuant to Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the Court's inherent power.  (ECF No. 73 at 13, 19.)  The Court does not find sanctions appropriate and denies Conaco's request.

### B.    Motion for Relief from Confidentiality

#### 1.    Legal Standard

Rule 26 of the Federal Rules of Civil Procedure provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely

benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Rule 26 authorizes the court, upon a showing of good cause, to issue a protective order to "[a] party . . . from whom discovery is sought . . . to protect [that] party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The court's order may, among other things, forbid the discovery; "forbid[] inquiry into certain matters, or limit[] the scope of disclosure or discovery to certain matters"; or "require[] that a trade secret or other confidential research, development, or commercial information not be revealed, or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(A), (D), (G).

"It is well-established that [under the Federal Rules of Civil Procedure,] the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.–N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999); *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). Rule 26(c), which governs the granting of a protective order, "authorizes a district court to override this presumption where 'good cause' is shown." *San Jose Mercury News, Inc.*, 187 F.3d at 1103. Moreover, a district court retains the power to modify or lift protective orders that it has entered. *Empire Blue Cross & Blue Shield v. Janet Greeson's A Place For Us, Inc.*, 62 F.3d 1217, 1219 (9th Cir. 1995); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992)

Here, the Protective Order issued by this Court allows the Disclosing Party to initially determine whether the document or information is Protected Material without court intervention. As such, the Protective Order is akin to a blanket protective order, which is "inherently subject to challenge and modification, as the party resisting disclosure generally has not made a particularized showing of good cause with respect to any individual document." *San Jose Mercury News, Inc.*, 187 F.3d at 1103; *Beckman Indus., Inc.*, 966 F.2d at 476. Thus, it remains Conaco's burden under Rule 26(c) to show the

11

pertinent depositions need to be protected from disclosure. *Phillips*, 307 F.3d at 1210–11 & n. 1; *Beckman Indus., Inc*., 966 F.2d at 475–76.

"Ninth Circuit precedent strongly favors disclosure to meet the needs of parties in pending litigation." *Beckman Indus., Inc*., 966 F.2d at 475 (citing *Olympic Refining Co. v. Carter*, 332 F.2d 260, 264–65 (9th Cir.), cert. denied, 379 U.S. 900 (1964)). For this reason, a party who has "never made a 'good cause' showing under Fed. R. Civ. 26(c) justifying initial protection of transcripts" may not rely solely on the protective order to "justify refusal when there is a reasonable request for disclosure." *Beckman Indus., Inc*., 966 F.2d at 476; *Olympic Refining Co*., 332 F.2d at 264-66.

"For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result" absent protection. *Phillips*, 307 F.3d at 1210-11. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," are insufficient. *Beckman Indus., Inc*., 966 F.2d at 476 (citing *Cipollone v. Liggett Grp., Inc*., 785 F.2d 1108, 1121 (3d Cir. 1986)). A "particularized showing of good cause" must be made with respect to any individual document." *San Jose Mercury News, Inc*., 187 F.3d at 1103; *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1130 (9th Cir. 2003) ("A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted.") "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Phillips*, 307 F.3d at 1211.

2. Discussion

Plaintiff seeks to de-designate several portions of the transcripts of defendants Jeff Ross, Mike Sweeney, Conan O'Brien, and non-defendants Brian Kiley, Stephen Robert Kutner, Josh Comers, and Danielle Weisberg. (ECF No. 74-1, Declaration of Jayson M. Lorenzo ("Lorenzo II Decl."), at Exh. B.) Each transcript was initially designated by Defendants as confidential or attorneys' eyes only in its entirety. (ECF No. 74. at 3.)

12

Plaintiff seeks to de-designate portions of each relevant transcript that fall into one of the following categories:

1. Any and all testimony regarding the process for which jokes are created and/or submitted for use on the monologue section of the Conan show.

2. Any and all testimony regarding any individual deponent's education, work history, and job duties at Conaco, LLC.

3. Any and all testimony regarding any of the Defendants' communications with Plaintiff.

4. Any and all testimony regarding Defendants' internal discussions amongst the writers and/or individual Defendants regarding Plaintiff, knowledge of Plaintiff's allegations, the "jokes at issue," or the lawsuit.

5. The admonitions section of each of the depositions.

6. Any and all testimony regarding Conaco, LLC writers' purported creation of any of the "jokes at issue" and their involvement in the creation of the "jokes at issue".

7. Any and all testimony regarding any of the deponents' thoughts, opinions or beliefs regarding the Plaintiff, his jokes, or the similarity of the "jokes at issue."

8. Any and all testimony regarding the deponent's use of twitter, the internet, or social media.

9. Any and all testimony regarding customs and practices of comedians and comedy writers.

10. Any and all testimony regarding airings of the show in foreign countries and ratings for the shows.

11. Any and all testimony regarding responding to request for production of documents from Plaintiff in the instant case.

12. Any and all on the record discussions with Court and/or Judge Bartick.

(*Id.* at 8-9.)

Plaintiff argues Defendants have over-designated the transcripts as Confidential in violation of Plaintiff's First Amendment free speech rights, and seeks to de-designate the materials falling into these categories so that Plaintiff can speak about the details of this case with "friends, neighbors, or anyone." (*Id.* at 6.)

As an initial matter, in their opposition, Defendants state they have lifted the confidentiality designations for testimony relating to admonitions, as well as all portions of any transcript or exhibit thereto, which have already been publicly filed.  (ECF No. 93 at p. 7, lines 13-16.)  Accordingly, the motion to de-designate as to those designations is moot.

However, this concession highlights a problem that is pervasive throughout the motion.  The Court cannot determine precisely which designations have been lifted because it does not have copies of the pertinent transcripts and exhibits to review.  Without a clearer record, it is impossible for the Court to determine which pages and/or lines may fall into certain categories, to review the substance of the testimony, and to ultimately de-designate certain portions of the depositions.  For example, Plaintiff groups the pages covering admonitions with "questions regarding jokes reviewed, questions about work history, [and] prior involvement in other cases."  (*See* Lorenzo Decl. II at Exh. B (Jeff Ross).)  Therefore, the parties will have to meet and confer to determine which pages have already been de-designated.

The same issue arises with respect to Plaintiff's argument that all testimony regarding the process for which jokes are created and/or submitted for use on the monologue section of the Conan show should be de-designated.  In light of the Nerdist.com podcast, in which monologue writer Leah Krinsky describes the writing process for the show's monologue, and Defendants' public filing of transcripts discussing this issue,[5] the Court finds Plaintiff's argument persuasive.  Defendants have failed to demonstrate good cause for why the writing process should remain confidential.  However, the Court cannot discern which pages and/or lines in transcripts, in addition to those already publicly filed, should be de-designated.

---

[5]     On February 3, 2017, defendants filed a Motion for Summary Judgment and/or Partial Summary Judgment, and publicly filed several deposition transcripts and exhibits.  (*See* ECF No. 70.)

For these reasons, the Court denies Plaintiff's motion without prejudice to re-filing the motion based on a record the Court can review.  In doing so, the Court notes that Plaintiff is not precluded from filing any portions of the depositions taken in this case in connection with Defendants' Motion for Summary Judgment and/or Partial Summary Judgment.  Whether those depositions should remain sealed or not is an issue to be presented to the district judge.[6]  At the summary judgment stage, the designating party bears the burden of overcoming the strong presumption in favor of access to court records by meeting the "compelling reasons" standard.  *See Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  The Court further notes that upon any renewed motion, the burden is on Conaco to make a showing of good cause for each document it wishes to remain confidential and protected under Federal Rule of Civil Procedure 26(c).  *Phillips*, 307 F.3d at 1210–11 & n. 1; *Beckman Indus., Inc*., 966 F.2d at 475–76; *Foltz*, 331 F.3d at 1130-31.  The burden is not on Plaintiff, as argued by Conaco in its opposition.  (*See* ECF No. 93 at 6-7.)

## III.   CONCLUSION

For the foregoing reasons, the Court (1) **DENIES** Plaintiff's Motion for Reconsideration; and (2) **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Relief from Confidential and/or Attorneys' Eyes Only Designations for Depositions.

IT IS SO ORDERED.

Dated:  March 16, 2017

LOUISA S PORTER
United States Magistrate Judge

---

[6]     Pursuant to the Protective Order issued in this case, "[n]o document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal."  (ECF No. 48 at ¶ 23.)

15-cv-01637-JLS (DHB)