UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CONACO, LLC; TURNER BROADCASTING SYSTEM; TIME WARNER, INC.; CONAN O'BRIEN; JEFF ROSS; MIKE SWEENEY; DOES 1–10, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No.: 15cv1637 JLS (DHB)<br><br>**ORDER GRANTING *EX PARTE* MOTION TO CONTINUE PRETRIAL DEADLINES**<br><br>(ECF No. 134) |

　　　　Presently before the Court is Defendants' *Ex Parte* Motion to Continue Pretrial Deadlines Pending Resolution of the Parties' Joint Discovery Motion ("Continuance Mot."). (ECF No. 134.) Although the first pretrial deadlines in this case are in less than a week, (Continuance Mot. 2), the Parties recently filed a Joint Motion for Determination of Discovery Dispute ("Discovery Mot."), (ECF No. 132), related to the Court's May 12, 2017 Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment ("MSJ Order"), (ECF No. 131). Specifically, the Court's MSJ Order provided that "Defendants . . . should be permitted to reopen discovery regarding the relevant [copyright] applications, associated documents, and communications from the Copyright Office[,]" and that "if Defendants discover fatal deficiencies in Plaintiff's applications then

1  Defendants should also again be permitted to move for Summary Judgment on those
2  discrete grounds." (MSJ Order 9–10.) The recently filed discovery motion addresses a
3  dispute between the parties as to the scope of permissible discovery pursuant to the Court's
4  MSJ Order. (*See generally* Discovery Mot.)

5  "Defendants request that the pretrial deadlines set by the Court's May 9, 2017
6  [O]rder (ECF No. 131) be reset in accordance with the Court's ruling on the [Discovery]
7  Motion." (Continuance Mot. 2.) "Defendants asked Kaseberg's [C]ounsel to jointly
8  stipulate to continuing pretrial deadlines to allow the Court to rule on the [Discovery]
9  Motion[,]" (*id.* at 3); however, Kaseberg's Counsel "spoke to [his] client and since the
10 work is going to need to be done either way he is not agreeable to stipulating to continuing
11 pretrial deadlines at this time[,]" (Huskins Decl. Ex. 2, ECF No. 134-2).

12 Although Plaintiff is correct that much of the Parties' pretrial preparation will be the
13 same regardless of how the Court resolves the outstanding Discovery Motion, the Court
14 cannot at this time say that <u>all</u> of the work would be identical. And, in particular, if
15 Defendants ultimately again move for partial summary judgment (or "seek leave to amend
16 their answer to assert . . . additional defenses which came to light" during the most recent
17 discovery period), then at least several aspects of the Parties' pretrial preparation would be
18 rendered superfluous under the current pretrial schedule. This would waste both the Court's
19 and the Parties' time.

20 Accordingly, and good cause appearing, the Court **GRANTS** Defendants'
21 Continuance Motion. The current pretrial deadlines are **VACATED** and will be reset after
22 the Court resolves the outstanding Discovery Motion. To that end, the Parties **SHALL**
23 jointly submit a proposed pretrial schedule <u>within seven days of the resolution of the</u>
24 <u>outstanding Discovery Motion</u>.

25 **IT IS SO ORDERED.**

26 Dated: July 10, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge