UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG,<br><br>                       Plaintiff,<br><br>v.<br><br>CONACO, LLC, et al.,<br><br>                       Defendants. | Case No.: 15-cv-01637-JLS (DHB)<br><br>**ORDER REGARDING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE RE MODIFYING THE SCHEDULING ORDER TO REOPEN DISCOVERY AND PERMIT THE DEPOSITION OF PLAINTIFF'S COUNSEL**<br><br>**(ECF No. 132)** |

On June 28, 2017, the parties filed a Joint Motion for Determination of Discovery Dispute Re: Modifying the Scheduling Order to Reopen Discovery and Permit the Deposition of Plaintiff's Counsel ("Joint Motion"). (ECF No. 132.) In the Joint Motion, Defendants Conaco, LLC, Turner Broadcasting System, Inc., Time Warner, Inc., Conan O'Brien, Jeff Ross, and Mike Sweeney (collectively, "Defendants") seek to (1) modify the Scheduling Order and reopen discovery for a period of sixty days, and (2) take the deposition of Jayson Lorenzo, counsel for Plaintiff Robert Alexander Kaseberg ("Plaintiff"), as well as Plaintiff. (*Id.*)
1

15-cv-01637-JLS (DHB)

On July 28, 2017, the Court held a telephonic, attorneys only Discovery Conference. (ECF No. 141.) Jayson Lorenzo and Ryan Altomare, counsel for Plaintiff, and Erica Van Loon and Nicholas Huskins, counsel for Defendants, made an appearance. (*Id.*) During the Discovery Conference, counsel clarified their respective client's positions as to the Tom Brady Joke, as requested in the Court's July 25, 2017 Order Regarding Joint Motion for Determination of Discovery Dispute Re: Modifying the Scheduling Order to Reopen Discovery and Permit the Deposition of Plaintiff's Counsel ("July 25 Order"). (ECF No. 139.)

The Court hereby incorporates the background of the dispute as set forth in its July 25 Order. (*See id.*) The Court adds the following facts:

One day prior to the Discovery Conference, Plaintiff filed a July 17, 2017 letter from the Copyright Office related to the September 3, 2015 single application ("September 2015 single application") (ECF No. 132-1, Exh. 9). (ECF No. 140, Exh. A.) The letter relates to Plaintiff's Second Request for Reconsideration for Refusal to Register the Tom Brady Joke. (*Id.*) In the letter, the Board finds that the Tom Brady Joke "exhibits copyrightable authorship and thus may be registered," based primarily on the same reasoning set forth in Judge Sammartino's Order Granting in Part and Denying Part Defendants' Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment ("MSJ Order"). (*Id.*)[1]

///
///
///
///
///

---

[1] The letter cites to the MSJ Order, stating: "The Board notes its decision is consistent with a decision in the Southern District of California, finding that this Work merits thin copyright protection." (ECF No. 140, Exh. A.)

The Copyright Office acknowledges in the letter that it had previously registered the Tom Brady Joke as part of the August 10, 2016 standard application ("August 2016 collective application") covering three jokes, including the Tom Brady Joke. (ECF No. 140, Exh. A at p. 2.) The Copyright Office stated:

> Because previously registered material, including material that has been submitted for registration but has not been registered yet, is unclaimable in subsequent registrations, the registration for Three Jokes Work must be corrected to exclude the content covered in the registration for this Work.

(*Id*.) As stated in the letter, Plaintiff's counsel, Jayson Lorenzo, discussed this issue with the Copyright Office on July 5, 2017, and agreed that the registration based on the August 2016 collective application needs to be corrected. (*Id*.) As of the date of this Order, the Court does not know whether this correction has been made, or whether Plaintiff's request to cancel the registration based on the August 2016 collective application has been granted. (*See* ECF No. 132-2 at Exh. Q.) Regardless, it is apparent one of these outcomes must occur if Plaintiff intends to proceed on the September 2015 single application.

During the Discovery Conference, Plaintiff's counsel represented that Plaintiff intends to pursue a copyright infringement claim on the Tom Brady Joke. Plaintiff's counsel further represented that Plaintiff intends to rely on the Copyright Office's registration of the Tom Brady Joke based on the September 2015 single application.

Defendants' counsel represented during the Discovery Conference that Defendants want to reopen discovery to (1) take the deposition of Plaintiff's counsel, Mr. Lorenzo, (2) re-depose Plaintiff, and (3) serve written discovery. The intended scope of discovery is the registration process for the Tom Brady Joke. Defendants argue they are entitled to explore any and all relevant defenses and claims related to the registration process for the Tom Brady Joke. As discussed in the July 25 Order and the MSJ Order, due to Plaintiff's failure to make timely disclosures, Defendants have thus far been deprived of the opportunity. After they take discovery, Defendants intend to amend their answer. Defendants argue that any allegations of fraud must be stated with particularity, and therefore it would be most efficient to amend after discovery is conducted, so that they can meet this burden.

The primary question raised in the July 25 Order is the relevance of the requested discovery in light of recent events. In their proposed amended answer circulated to Plaintiff, Defendants added the following defenses: (1) fraud on the Copyright Office; (2) unclean hands; and (3) invalidity of copyright registration and/or application. (ECF No. 132-2 at Exh. I.) All of these defenses, as currently drafted, relate exclusively to the August 2016 collective application. (*Id.*)

Defendants allege that a finding of fraud on the Copyright Office would render the Tom Brady Joke registration based on the August 2016 collective application invalid and/or unenforceable, and preclude Plaintiff from obtaining any of the remedies afforded by the Copyright Act, including statutory damages or attorneys' fees.[2] (*Id.* at pp. 7-12.) Defendants further allege that a finding of unclean hands based on Plaintiff's conduct in filing the August 2016 collective application would estop Plaintiff from asserting his copyright claim as to the Tom Brady Joke. (*Id.* at pp. 12-13.) Lastly, Defendants allege that due to Plaintiff's prior publication of the Tom Brady Joke on his Twitter account, any registration of the Tom Brady Joke based on the August 2016 collective application is invalid and/or unenforceable, and Plaintiff is precluded from obtaining any of the remedies afforded by the Copyright Act, including statutory damages or attorneys' fees. (*Id.* at pp. 13-14.) Plaintiff argues all of these defenses are irrelevant because he has requested to voluntarily cancel the August 2016 collective application, and he intends to go forward solely on the September 2015 single application, which contains none of the errors alleged by Defendants in their proposed amended answer.

Based on the proposed amended answer before the Court and the parties' arguments presented in the Joint Motion, the Court does not find the proposed affirmative defenses,

---

[2] The Court notes that if Plaintiff intends to rely on the September 2015 single application, he may already be precluded from obtaining statutory damages and attorneys' fees on the Tom Brady Joke pursuant to 17 U.S.C. § 412(2). *See* 17 U.S.C. §§ 412(2), 410(d).

as currently drafted, to be relevant, due to the pending cancellation (or correction) of the August 2016 collective application. During the Discovery Conference, Defendants' counsel stated that Defendants intend to bring the same or similar defenses as to the September 2015 single application. Based on all of the information presently before the Court, however, the Court is not persuaded that the same or similar defenses are relevant to the September 2015 single application.

Nonetheless, Defendants emailed Plaintiff a copy of their proposed amended answer on June 9, 2017, which was before the request for cancellation of the August 2016 collective application was sent, and before the Copyright Office registered the Tom Brady Joke based on the September 2015 single application. The Court therefore finds it appropriate to order supplemental briefing from the parties, as follows:

1. No later than **August 11, 2017**, Defendants shall file:
   a. A proposed amended answer based on all of the information presently in Defendants' possession. The proposed amended answer shall be filed as an exhibit to the supplemental brief discussed below.
   b. A supplemental brief to the Joint Motion, clearly defining the scope of any proposed discovery of Plaintiff's counsel, written and/or oral, and demonstrating how (1) no other means exist to obtain this information, (2) the information is relevant and non-privileged, and (3) the information is crucial to the preparation of the case. The brief should further explain the basis for re-deposing Plaintiff. Defendants' brief shall be no longer than **five pages**.
2. No later than **August 18, 2017**, Plaintiff shall file a response to Defendants' brief. Plaintiff's response shall be no longer than **five pages**.

IT IS SO ORDERED.

Dated: August 4, 2017

LOUISA S PORTER
United States Magistrate Judge