PATRICIA L. GLASER - State Bar No. 55668
pglaser@glaserweil.com
ERICA J. VAN LOON - State Bar No. 227712
evanloon@glaserweil.com
REX HWANG - State Bar No. 221079
rhwang@glaserweil.com
NICHOLAS E. HUSKINS - State Bar No. 299133
nhuskins@glaserweil.com
GLASER WEIL FINK HOWARD
AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ROBERT ALEXANDER KASEBERG,

Plaintiff,

v.

CONACO, LLC; TURNER BROADCASTING SYSTEM; TIME WARNER, INC.; CONAN O'BRIEN; JEFF ROSS; MIKE SWEENEY; DOES 1-50, inclusive,

Defendants.

CASE NO.: 15-CV-01637-JLS-DHB

Hon. David H. Bartick

**DEFENDANTS' SUPPLEMENTAL BRIEF RE JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE RE MODIFYING THE SCHEDULING ORDER TO REOPEN DISCOVERY AND PERMIT THE DEPOSITION OF PLAINTIFF'S COUNSEL**



Glaser Weil

## I. PRELIMINARY STATEMENT

The Copyright Office's recent registration of the September 3, 2015 Tom Brady Joke application (the "Single Work" registration) does not moot the need for further discovery, nor the need to depose Plaintiff's counsel, Jayson Lorenzo. Lorenzo prosecuted the applications at issue. The case law is clear that prosecuting attorneys may be deposed regarding their personal knowledge of facts as to the asserted intellectual property. *See e.g., Amicus Commc'ns, L.P. v. Hewlett-Packard Co.*, 1999 WL 33117227, at *2 (D.D.C. Dec. 3, 1999) (citing cases allowing depositions of prosecuting attorneys). This is true even when the prosecuting attorney is trial counsel. *See e.g., Unitherm Food Sys. Inc. v. Hormel Foods Corp.*, 2015 WL 13021799, at *2 (D. Minn. Nov. 13, 2015) (allowing deposition of attorney who served as both litigation counsel and patent prosecution counsel for patent at issue).

Here, Lorenzo affirmatively misrepresented the Court's summary judgment order to the Copyright Office in his second request for reconsideration of the Single Work application, falsely stating: "In light of the Court's [sic] that ***my client's material has met the originality requirement for copyright protection***, and the previous joke registrations, my client respectfully requests that the work listed above be allowed to register." ECF No. 132-1, Ex. 13 at 82. But the Court did not make a finding of fact that the Tom Brady joke met the originality requirement. The Court's statements were ***mere dicta***, proffered with its finding that "virtually identical" rather than "substantially similar" was the appropriate standard for an infringement analysis. To be clear, Defendants never raised the issue of whether the jokes were sufficiently original to qualify for protection in their motion, and the issue was not otherwise before the Court. Lorenzo deliberately mischaracterized the order to the Copyright Office, and purposefully declined to provide the complete context. Given the Copyright Office's change of course, this likely influenced its decision to issue registration.

Like the myriad misrepresentations made regarding the August 10, 2016 multiple work application, Lorenzo's misrepresentation of the Court's summary



Glaser Weil

judgment order gives rise to Defendants' proposed additional affirmative defenses of unclean hands and fraud on the Copyright Office. *See e.g.*, *Fleming v. Miles*, 181 F. Supp. 2d 1143, 1154 (D. Or. 2001) ("The knowing failure to advise the Copyright Office of facts that might have occasioned a rejection of the application constitutes reason … to deny enforcement on the ground of unclean hands."); *see also Urban Textile, Inc. v. Cato Corp.*, 2016 WL 6804911, at *5 (C.D. Cal. Apr. 1, 2016) (fraud on the Copyright Office applies where a "claimant willfully misstates or fails to state a fact that, if known, might have caused the Copyright Office to reject the application"). The misrepresentation of dicta in the Court's Order independently warrants sanctions as well. *Siderpali S.P.A. v. Judal Indus. Inc*., 833 F. Supp. 1023, 1036 (S.D.N.Y. 1993) (imposing sanctions where attorney mischaracterized the court's summary judgment order, in communications to third parties).

But Kaseberg and his counsel's misdeeds are not limited to the prosecution of the Tom Brady applications. Indeed, the misconduct has bled into this litigation. For example, in response to an Interrogatory requesting "all facts relating to [Kaseberg's] ownership of the copyrights related to the jokes at issue," Kaseberg stated that he "has registered copyrights for the jokes created." Declaration of Nicholas Huskins, Ex 1. Lorenzo signed the interrogatory responses, dated April 25, 2016. *Id*. At that time, Lorenzo knew the response was false, as he prosecuted the applications, and registration had not yet issued for the Tom Brady Joke. This warrants sanctions under Rule 26. Fed. R. Civ. P. 26(g)(1)(A) (a signature in disclosures "certifies that to the best of the person's knowledge, information, and belief … [the disclosure] is complete and correct as of the time it is made"); Fed. R. Civ. P. 26(g)(3) (the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" when a certification violates Rule 26); *see also Rodman v. Safeway Inc*., 2016 WL 5791210, at *2 (N.D. Cal. Oct. 4, 2016) (attorneys' fees awarded under Rule 26 based on "false and inaccurate statements in response to interrogatories").

Similarly, Kaseberg and Lorenzo deliberately withheld all documents relating



Glaser Weil

to the Tom Brady registration from Defendants until several months after discovery closed, and did not produce the complete prosecution history for the joke until June 19, 2017. ECF No. 132 at 2-5. This Court has already deemed such conduct a Rule 37 violation, warranting further discovery. ECF No. 131 at 9. As such, Defendants are entitled to seek the exclusion of the untimely evidence at trial based on the Rule 37 violation. *Hoffman v. Constr. Protective Svcs. Inc.*, 541 F.3d 1175, 1179-80 (9th Cir. 2008) (affirming exclusion of untimely disclosed evidence in granting motion *in limine* under Rule 37). Again, the scienter of Kaseberg and Lorenzo is critical to the Court's analysis in determining whether to impose such a sanction. *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1247 (9th Cir. 2012) (holding that where "sanction amounted to dismissal of a claim, the district court was required to consider whether the claimed noncompliance involved willfulness, fault, or bad faith").

Defendants should be permitted discovery into these issues, including both Kaseberg and Lorenzo's depositions. *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, 989 F. Supp. 1237, 1247 (N.D. Cal. 1997) (permitting discovery to "confirm factual allegations before amending to include the inequitable conduct defense" because of Rule 9's heightened pleading standard). Further, the Court should consider the inequitable conduct of Kaseberg and Lorenzo as a whole – including the prosecution history of the Tom Brady Joke across all applications, and their discovery misconduct in this litigation. *Regeneron Pharm. Inc. v. Merus N.V.*, 2017 WL 3184400, at *15-16 (Fed. Cir. July 27, 2017) (finding inequitable conduct and issuing sanctions based on conduct of counsel both during discovery and the prosecution of the patent at issue). As both applications sought registration of the Tom Brady joke, the Court must consider the prosecution misconduct for both applications. *Nilssen v. Osram Sylvania, Inc.*, 504 F.3d 1223, 1230 (Fed. Cir. 2007) ("inequitable conduct with respect to one or more patents in a family can infect related applications").

Accordingly, Defendants seek written and oral discovery of Kaseberg and oral discovery of Lorenzo regarding the prosecution of the Tom Brady joke and related



Glaser Weil

discovery conduct. Kaseberg's deposition is necessary because Defendants never got an opportunity to question Kaseberg on the documents produced after discovery, and his knowledge and intent is as critical to Defendants' intended affirmative defenses as Lorenzo's (see below). Defendants have already demonstrated the diligence necessary to find good cause to amend the Scheduling Order. *See* ECF No. 139 at 9 (finding Defendants diligent, and noting Defendants could not have foreseen the need for modification). Thus, at this stage, Defendants need not demonstrate that the proposed defenses will ultimately be successful. They only need to demonstrate that the requested discovery is relevant to the proposed defenses. *See* Fed. R. Civ. P. 26(b)(1).

## II. ARGUMENT

### A. No Other Means Exist To Obtain The Required Information

Only Lorenzo can provide competent testimony concerning the prosecution of the Tom Brady joke applications and his interactions with the Copyright Office. Lorenzo admits that he alone drafted, signed, and prosecuted the Tom Brady applications. ECF No. 132-1, ¶ 5. Neither Kaseberg nor Lorenzo offer any other source besides Lorenzo, including Kaseberg himself, who can provide testimony on these issues. As only Lorenzo can testify to his conduct, knowledge, and intent, and this testimony forms the basis for Defendants' intended affirmative defenses, Defendants must be permitted to depose Lorenzo regarding the prosecution of the Tom Brady applications. *Am. Cas. Co. v. Krieger*, 160 F.R.D. 582, 586 (S.D. Cal. 1995) ("where an attorney's conduct itself is the basis for a claim or defense, '...there is little doubt that the attorney may be examined as any other witness.'").

### B. The Information Sought Is Relevant And Non-Privileged

Lorenzo's testimony is relevant because it directly relates to sanctions or defenses on which Defendants may rely. For example, a successful unclean hands defense may bar Kaseberg's claim as to the Tom Brady Joke altogether. *Carmichael Lodge No. 2103 v. Leonard*, 2009 WL 2985476, at *7 (E.D. Cal. Sept. 16, 2009) (barring infringement claim as to one asserted work under unclean hands doctrine







Glaser Weil

where plaintiff knowingly failed to disclose material information to Copyright Office). As Kaseberg intends to rely on the Single Work registration, Defendants should be permitted discovery in order to investigate a fraud on the copyright office defense. If successful, the registration will be invalidated, removing any presumption of validity. *Standard Fabrics Int'l, Inc. v. Dress Barn Inc.*, 2017 WL 240072, at *3 (C.D. Cal. Jan. 19, 2017) ("The presumption [of validity] may be rebutted with evidence of fraud on the copyright office."). Further, sanctions under Rules 26 and 37 may include "monetary sanctions, issue-preclusion sanctions, evidentiary sanctions, terminating sanctions, or entry of default judgment." *Cyntegra, Inc. v. Idexx Labs., Inc.*, 2007 WL 5193736, at *2 (C.D. Cal. Sept. 21, 2007), *aff'd*, 322 F. App'x 569 (9th Cir. 2009).

Regarding privilege, Defendants seek Lorenzo's testimony only as to his personal knowledge, not the substance of any interaction with his client. Moreover, the bulk of the deposition will focus on Lorenzo's role in prosecuting the Tom Brady applications. His interactions with, and materials submitted to, the Copyright Office (a third party) are not privileged. *Application of Minebea Co*., Ltd., 143 F.R.D. 494, 499 (S.D.N.Y. 1992) ("work performed by an attorney to prepare and prosecute a patent application does not fall within the parameters of the work-product protection").

### C. <u>The Information Sought Is Crucial To The Preparation Of The Case</u>

The affirmative defenses and grounds for sanctions referenced herein look to the knowledge, willfulness or intent of the offending party. *See e.g., Fleming*, 181 F. Supp. 2d at 1154 (unclean hands occasioned by a "***knowing*** failure to advise" the Copyright Office of relevant facts ); *Urban Textile, Inc.*, 2016 WL 6804911, at *5 (fraud on the copyright office requires "***willful***" misstatement or omission); *R & R Sails, Inc.*, 673 F.3d at 1247 (courts must consider "***willfulness, fault, or bad faith***" when weighing sanctions under Rule 37). Only Lorenzo can speak to his knowledge and intent. Thus, his deposition is critical.

## III. <u>CONCLUSION</u>

Defendants should be granted the relief requested in the Joint Motion.



Glaser Weil

DATED: August 11, 2017

GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP

By: /s/ Erica J. Van Loon
PATRICIA L. GLASER
ERICA J. VAN LOON
REX HWANG
NICHOLAS E. HUSKINS
*Attorneys for Defendants*







Glaser Weil