UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG,<br><br>                              Plaintiff,<br><br>v.<br><br><br>CONACO, LLC, et al.,<br><br>                              Defendants. | Case No.:  15-cv-01637-JLS (DHB)<br><br>**ORDER REGARDING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE RE MODIFYING THE SCHEDULING ORDER TO REOPEN DISCOVERY AND PERMIT THE DEPOSITION OF PLAINTIFF'S COUNSEL**<br><br>**(ECF No. 132)** |

On June 28, 2017, the parties filed a Joint Motion for Determination of Discovery Dispute Re: Modifying the Scheduling Order to Reopen Discovery and Permit the Deposition of Plaintiff's Counsel ("Joint Motion").  (ECF No. 132.)  In the Joint Motion, Defendants Conaco, LLC, Turner Broadcasting System, Inc., Time Warner, Inc., Conan O'Brien, Jeff Ross, and Mike Sweeney (collectively, "Defendants") seek to (1) modify the Scheduling Order and reopen discovery for a period of sixty days, and (2) take the deposition of Jayson Lorenzo, counsel for Plaintiff Robert Alexander Kaseberg ("Plaintiff"), as well as Plaintiff.  (*Id.*)

1

On July 28, 2017, the Court held a telephonic, attorneys only Discovery Conference. (ECF No. 141.) Jayson Lorenzo and Ryan Altomare, counsel for Plaintiff, and Erica Van Loon and Nicholas Huskins, counsel for Defendants, made an appearance. (*Id*.) During the Discovery Conference, counsel clarified their respective client's positions as to the Tom Brady Joke, as requested in the Court's July 25, 2017 Order Regarding Joint Motion for Determination of Discovery Dispute Re: Modifying the Scheduling Order to Reopen Discovery and Permit the Deposition of Plaintiff's Counsel ("July 25 Order"). (ECF No. 139.)

On August 4, 2017, the Court ordered Defendants to file a proposed amended answer based on all of the information presently in Defendants' possession ("August 4 Order"). (ECF No. 142.) The Court also ordered supplemental briefing, in which Defendants were required to clearly define the scope of any proposed discovery of Plaintiff's counsel, written and/or oral, and demonstrate how (1) no other means exist to obtain this information, (2) the information is relevant and non-privileged, and (3) the information is crucial to the preparation of the case. (*Id*. at 5.) Defendants were also required to provide the basis for re-deposing Plaintiff. (*Id*.) Plaintiff was given an opportunity to respond. (*Id*.) The parties submitted their briefs on August 11, 2017 and August 18, 2017, per the Court's Order. (ECF Nos. 143, 145.)

Based on the Court's review of the record, the Joint Motion and the supplemental briefing, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to modify the scheduling order and reopen discovery.

I.  BACKGROUND

   A.   Factual Background

The Court hereby incorporates the background of the dispute as set forth in its July 25 Order, as further modified by its August 4 Order. (*See* ECF Nos. 139, 142.) The Court adds the following facts, which were disclosed in the parties' supplemental briefing:

On August 1, 2017, Plaintiff's counsel received a call from the Copyright Office informing him that the Copyright Office intended to limit the August 10, 2016 registration

to exclude the Tom Brady Joke text. (ECF No. 145-1 at ¶ 2.) The Copyright Office informed counsel that Plaintiff could alternatively proceed with the cancellation of the August 10, 2016 registration. (*Id.*) On August 9, 2017, Plaintiff's counsel informed the Copyright Office by email that Plaintiff intended to proceed with the cancellation request first. (*Id.* at ¶ 3.) On August 16, 2017, the Copyright Office advised Plaintiff's counsel that the cancellation would need to be resubmitted in writing. (*Id.* at ¶ 4.) Plaintiff's counsel represents that he intends to resubmit the cancellation paperwork no later than August 21, 2017. (*Id.*) If the cancellation is not accepted, Plaintiff will move to have the August 10, 2016 registration limited to exclude the Tom Brady material. (*Id.*)

### B. Proposed Amended Answer

As the Court stated in its August 4 Order,

> [b]ased on the proposed amended answer before the Court and the parties' arguments presented in the Joint Motion, the Court does not find the proposed affirmative defenses, as currently drafted, to be relevant, due to the pending cancellation (or correction) of the August 2016 collective application. During the Discovery Conference, Defendants' counsel stated that Defendants intend to bring the same or similar defenses as to the September 2015 single application. Based on all of the information presently before the Court, however, the Court is not persuaded that the same or similar defenses are relevant to the September 2015 single application.

(ECF No. 142 at 4-5.) Therefore, in its August 4 Order, the Court ordered Defendants to attach a proposed amended answer, which they did in their supplemental briefing. (*See* ECF No. 142 at 5; ECF No. 143-1, Declaration of Nicholas Huskins ("Huskins Decl.") at Exhs. 2, 3.)

In their proposed amended answer, Defendants assert a fraud on the Copyright Office claim as an affirmative defense for the first time. (*See* Huskins Decl. at Exh. 3, ¶¶ 45-68; ECF No. 59.) The claim alleges that the Tom Brady Joke is void and unenforceable based on representations made to the Copyright Office in connection with the August 2016 collective application *and* the September 2015 single application. (*Id.*)

3

Defendants also assert an unclean hands affirmative defense for the first time. (*See* Huskins Decl. at Exh. 3, ¶¶ 69-77; ECF No. 59.) Defendants' unclean hands affirmative defense relies primarily on the same facts as set forth in their fraud on the Copyright Office affirmative defense. (*Id.*) Lastly, Defendants bring an invalidity of copyright registration affirmative defense for the first time. (*See* Huskins Decl. at Exh. 3, ¶¶ 78-83; ECF No. 59.) This affirmative defense alleges the August 2016 single application is invalid and unenforceable, noting that Plaintiff still has not amended or cancelled the August 2016 single application. (*Id.*)

## II.     LEGAL STANDARD

### A.     Modifying the Scheduling Order

Pursuant to Federal Rule of Civil Procedure 16(b)(3)(A), district courts must enter a scheduling order to establish deadlines to, among other things, "complete discovery." Fed. R. Civ. P. 16(b)(3)(A). Once issued, a Rule 16 scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson v. Mammoth Recreations Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citation omitted). Under Rule 16(b)(4)'s good cause standard, the court's primary focus is on the movant's diligence in seeking the amendment. *Id.* at 609.

In addition, district courts have broad discretion to manage discovery and to control the course of litigation under Rule 16. *Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012). In determining whether to reopen discovery, courts consider such factors as:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*United States ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995), rev'd on other grounds, 520 U.S. 939 (1997) (quoting *Smith v. United States*, 834 F.2d 166,

169 (10th Cir. 1987)); *see also Mikell v. Baxter Healthcare Corp.*, No. CV 13-07611 MMM (PJWx), 2014 WL 12588640, at *7 (C.D. Cal. Sept. 16, 2014).

### B. Deposing Opposing Counsel

Neither the Federal Rules of Civil Procedure, nor the Federal Rules of Evidence prohibit the taking of attorney depositions. In fact, Federal Rule of Civil Procedure 30(a) provides that a party may depose "any person." Fed. R. Civ. P. 30(a). However, courts have recognized that depositions of an opposing party's trial counsel can have a negative impact on the litigation process, and are therefore discouraged as a means of discovery. *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1987).

In *Shelton v. Am. Motors Corp.*, the Eighth Circuit set out a three-part test for determining when it is appropriate to depose opposing counsel. *Shelton*, 805 F.2d at 1327. The Ninth Circuit has not addressed whether *Shelton* provides the proper framework for determining when an attorney deposition is proper. However, *Shelton* is generally considered the leading authority, and has been adopted in this district. *See Am. Cas. Co. of Reading, Pa. v. Krieger*, 160 F.R.D. 582, 585-89 (S.D. Cal. 1995); *Light Salt Investments, LP v. Fisher*, No. 13cv1158-MMA (DHB), 2013 WL 3205918, at *2 (S.D. Cal. June 24, 2013).

In *Shelton*, the Court explained that permitting depositions of opposing counsel "not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation." *Shelton*, 805 F.2d at 1327. The *Shelton* Court also noted that allowing such depositions could permit opposing counsel to glean privileged information about the opponent's litigation strategy. *Id.* Yet, *Shelton* recognized that under certain circumstances, the taking of opposing counsel's deposition would be warranted. *Id.* Therefore, *Shelton* held the party seeking to take the deposition of opposing counsel must show that: "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Id.; see also Krieger*, 160 F.R.D. at 588 (stating there are circumstances "under which the deposition of a party's

attorney will be both necessary and appropriate, for example, where the attorney is a fact witness, such as an 'actor or a viewer'").

## III. DISCUSSION & CONCLUSION

The Court previously determined that Defendants were diligent in seeking to modify the scheduling order and reopen discovery. (ECF No. 139 at 9-10.) The pending question was whether the requested discovery would lead to relevant evidence. (ECF No. 142 at 4-5.) Based on the Court's review of the proposed amended answer and the parties' arguments, the Court finds the proposed discovery, as modified below, to be relevant to Defendant's proposed affirmative defenses under Federal Rule of Civil Procedure 26. Rule 26 broadly permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

At this stage, the Court is not determining the merits of Defendants' affirmative defenses, simply their relevance.[1] The determinations as to whether Defendants are entitled to amend their answer, file a second motion for summary judgment, or prevail on their affirmative defenses are matters to be addressed before the Honorable Janis L. Sammartino. However, in granting the proposed discovery, the Court cautions that it is very limited, as discussed below.

Based on the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to modify the scheduling order and reopen discovery, as follows:

---

[1] Although the Court acknowledges that Defendants have not been given leave to file their proposed amended answer, the Court relies on the district judge's statement in her order on Defendants' motion for summary judgment that: "Defendants are correct that they should be permitted to reopen discovery regarding the relevant applications, associated documents, and communications from the Copyright Office" to explore potentially dispositive grounds, including fraud on the Copyright Office. (ECF No. 131 at 9.) The Court further relies on the fact that Defendants are alleging fraud, which must be plead with particularly. *See* Fed. R. Civ. P. 9(b).

1.     The Court re-opens discovery only as it relates to the application and/or registration of the Tom Brady Joke. This discovery only includes written discovery to Plaintiff. All such discovery must be completed no later than October 30, 2017.

2.     With regard to written discovery, if Plaintiff withholds any documents on the basis of a privilege, he must provide Defendants with a privilege log at the same time as his discovery responses are due. *See* Fed. R. Civ. P. 26(b)(5). Plaintiff must also supplement or correct his prior disclosures and responses to *all* of Defendants' written discovery to the extent he has not already done so, no later than October 15, 2017. *See* Fed. R. Civ. P. 26(e)(1)(B). If no supplementation or corrections are necessary, Plaintiff must provide Defendants with a certification representing as such no later than October 15, 2017.

3.     The Court denies Defendants' request to re-depose Plaintiff because Defendants have not demonstrated the relevance of Plaintiff's testimony to the application and/or registration of the Tom Brady Joke. As Defendants admit, Mr. Lorenzo exclusively prosecuted the applications related to the Tom Brady Joke and signed the interrogatory and document request responses. (*See* ECF No. 143 at 2, 5 ("Lorenzo admits that he alone drafted, signed, and prosecuted the Tom Brady applications. [] Neither Kaseberg nor Lorenzo offer any other source besides Lorenzo, including Kaseberg himself, who can provide testimony on these issues."); ECF No. 143-1 at 7; ECF No. 132-1 at 13, 17.)

4.     The Court also denies Defendants' request to depose Mr. Lorenzo. In evaluating Defendants' request, the Court has carefully weighed the propriety and need for such a deposition, mindful that such depositions are discouraged as they invite harassment of an adversary's counsel. *See Shelton*, 805 F.2d at 1327; *Krieger*, 160 F.R.D. at 588; *Light Salt Investments, LP*, 2013 WL 3205918, at *2. Defendants argue the deposition is necessary to establish whether Mr. Lorenzo's alleged misrepresentations to the Copyright Office were willful and knowing, and whether he knowingly signed false interrogatory responses. (ECF No. 143 at 3, 5.) Defendants do not seek any testimony regarding Mr.

Lorenzo's interactions with his client, but they do seek attorney work product information.[2] (*Id.* at 5.) Defendants claim the "bulk of the deposition will focus on [Mr.] Lorenzo's role in prosecuting the Tom Brady applications," and "[h]is interactions with, and materials submitted to, the Copyright Office." (*Id.*)

After considering the parties' arguments, the Court finds Defendants have failed to establish what information can be obtained from Mr. Lorenzo that is not already laid out in the documents produced and Mr. Lorenzo's multiple declarations filed in this case. *See Shelton*, 805 F.2d at 1327; *Krieger*, 160 F.R.D. at 589; *Light Salt Investments, LP*, 2013 WL 3205918, at *2. In addition, the Court finds that Defendants have failed to establish that all of the information sought is non-privileged. *See id.* Accordingly, Defendants have failed to meet the *Shelton* test.

IT IS SO ORDERED.

Dated:  September 18, 2017

LOUISA S PORTER
United States Magistrate Judge

---

[2] Although Defendants claim they are not seeking attorney work product information, in reliance on *Application of Minebea Co., Ltd.*, 143 F.R.D. 494 (S.D.N.Y. 1992), that case distinguishes between patent applications prosecuted in a non-adversarial proceeding, and "work performed to prosecute a patent application if it was *also* performed in anticipation of or concerning litigation," as is the case here. *Id.* at 499; *see also Sterne Kessler Goldstein & Fox, PLLC v. Eastman Kodak Co.*, 276 F.R.D. 376, 383-84 (D.D.C. 2011); *Oak Indus. v. Zenith Elecs. Corp.*, 687 F. Supp. 369, 374 (N.D. Ill. 1988) (Rule 26(b)(3)'s restriction against disclosure of the "mental impressions, conclusions, opinions, or legal theories of a party's attorney . . . concerning the litigation" applies to depositions).