UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG,<br><br>Plaintiff,<br><br>v.<br><br>CONACO, LLC; TURNER BROADCASTING SYSTEM; TIME WARNER, INC.; CONAN O'BRIEN; JEFF ROSS; MIKE SWEENEY; DOES 1–10, inclusive,<br><br>Defendants. | Case No.: 15-CV-1637 JLS (RNB)<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AN AMENDED ANSWER**<br><br>(ECF No. 154) |

Presently before the Court is Defendants' Motion for Leave to File an Amended Answer, ("MTN," ECF No. 154). Also before the Court is Plaintiff's Response in Opposition to the Motion, ("Opp'n," ECF No. 156), and Defendants' Reply in Support of the Motion, ("Reply," ECF No. 158). In sum, Defendants seek leave to amend their answer "to include the affirmative defenses of (1) fraud on the Copyright Office and (2) unclean hands, in light of Plaintiff Robert Alexander Kaseberg and his counsel's misconduct before the Copyright Office and this Court." (MTN 5.)[1] After considering the Parties' arguments and the law, the Court rules as follows.

---

[1] Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page.

# BACKGROUND

Plaintiff Robert Alexander Kaseberg filed a Complaint against Defendants Conaco, LLC; Turner Broadcasting System; Time Warner, Inc.; Conan O'Brien; Jeff Ross; and Mike Sweeney alleging copyright infringement. ("Compl," ECF No. 1.) Defendants filed answers to the Complaint. (ECF No. 3 (by Conaco, LLC); ECF No. 11 (by Time Warner, Inc., and Turner Broadcasting System); ECF No. 11 (by Conan O'Brien, Jeff Ross, and Mike Sweeney).) Plaintiff then filed an Amended Complaint, ("FAC," ECF No. 58), and all Defendants answered, ("Answer," ECF No. 59). In sum, Plaintiff brought suit for Defendants' alleged infringement of five of Plaintiff's jokes. (FAC ¶¶ 14–27.) The present Motion relates only to the "Tom Brady Joke."

Defendants filed a Motion for Summary Judgment, ("MSJ," ECF No. 70-1). The Court granted in part and denied in part the Motion. ("MSJ Order," ECF No. 131.) As relevant to the Tom Brady Joke, Defendants moved for summary judgment arguing that Plaintiff lacked standing to maintain an infringement action as to this joke. Defendants argued Plaintiff had not produced copyright applications or registrations for the Tom Brady Joke. (MSJ Order 8.) Plaintiff then attached copyright applications for the joke to his opposition to the MSJ. (*Id.*) The Court concluded that Plaintiff's failure to timely disclose his copyright applications was not outcome-determinative. (*Id.*) While Plaintiff had failed to timely produce the required disclosure, this failure was harmless within the meaning of Rule 37(c) and Defendants were not prejudiced. (*Id.* at 9.) The Court denied summary judgment for this ground but permitted Defendants leave to reopen discovery and leave to file a dispositive motion if warranted, i.e., if Defendants "discover fatal deficiencies in Plaintiff's applications." (*Id.* at 10.)

Also in their MSJ, Defendants requested summary judgment on the following issue: Plaintiff's "allegedly infringed works are entitled to, at best, 'thin' copyright protection, and he cannot establish that the allegedly infringing works are 'virtually identical' to his works." (*Id.* at 7 (citing ECF No. 70, at 1).) The Court stated "that Plaintiff's jokes are entitled to only 'thin' copyright protection." (*Id.* at 21.) As to the Tom Brady joke, the

Court found "while not exactly identical, [Plaintiff's and Defendant's] jokes are sufficiently objectively virtually identical to create a triable issue of fact regarding whether a jury would find these objective similarities to be virtually identical within the context of the entire joke." (*Id.* at 23.) The Court denied summary judgment on this issue.

After the MSJ Order, Plaintiff produced documents to Defendants. Based on these documents, Defendants now request leave to add two affirmative defenses to their answer based on alleged misrepresentations in Plaintiff's various correspondences with the Copyright Office.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 15(a), a plaintiff may amend its complaint once as a matter of course within specified time limits. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

While courts exercise broad discretion in deciding whether to allow amendment, they have generally adopted a liberal policy. *See United States ex rel. Ehmcke Sheet Metal Works v. Wausau Ins. Cos.*, 755 F. Supp. 906, 908 (E.D. Cal. 1991) (citing *Jordan v. Cnty. of L.A.*, 669 F.2d 1311, 1324 (9th Cir. 1982), *rev'd on other grounds*, 459 U.S. 810 (1982)). Accordingly, leave is generally granted unless the court harbors concerns "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The non-moving party bears the burden of showing why leave to amend should not be granted. *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989).

/ / /

/ / /

/ / /

## ANALYSIS

As noted above, Defendants seek to amend their answer to include the affirmative defenses of (1) fraud on the Copyright Office; and (2) unclean hands. (MTN 5.) The Court analyzes both proposed affirmative defenses.

**I.  Fraud on the Copyright Office**

A certificate of registration from the Copyright Office constitutes "prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c). "To rebut the presumption [of validity], an infringement defendant must simply offer some evidence or proof to dispute or deny the plaintiff's prima facie case of infringement." *United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1257 (9th Cir. 2011). A defendant may rebut the presumption of validity by showing evidence that the certificate of registration contains inaccurate information that: (1) was included with knowledge that it was inaccurate; and (2) would have caused the Register of Copyrights to refuse registration. 17 U.S.C. § 411(b)(1). "[I]nadvertent mistakes on registration certificates do not invalidate a copyright and thus do not bar infringement actions, unless the alleged infringer has relied to its detriment on the mistake, or the claimant intended to defraud the Copyright Office by making the misstatement." *Urantia Found. v. Maaherra*, 114 F.3d 955, 963 (9th Cir. 1997). "Absent intent to defraud and prejudice, inaccuracies in copyright registration do not bar actions for infringement." *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984).

In support of their allegation of fraud, Defendants point to Plaintiff's May 30, 2017 letter to the Copyright Office, wherein he requested the Copyright Office reconsider registering the Tom Brady Joke ("the work"). (*See* ECF No. 156-1, at 91.) In this letter, Plaintiff noted that the Copyright Office had previously refused his request for registration and also refused his first request for reconsideration. He again requested reconsideration, noting the pending litigation in this Court and stating that "the basis for this second reconsideration is that the Court ruled at Summary Judgment on May 9, 2017 that 'there is little doubt that the jokes at issue merit copyright protection.'" (*Id.* (citing and attaching

the MSJ Order).) The Copyright Office then reversed its previous refusal to register the copyright claim in the work and registered the work. (ECF No. 156-2, at 9–10.)[2] Defendants argue that Plaintiff misrepresented to the Copyright Office that the Court found the Tom Brady joke met the originality requirements of the Copyright Act. Defendants argue the language Plaintiff quoted from the MSJ Order was only dicta and "it was assumed that all of the jokes at issue were copyrightable for the purpose of determining 'the appropriate standard for evaluating the level of similarity between the works here at issue.'" (MTN 12 (quoting MSJ Order 18).) Plaintiff argues Defendants' proposed affirmative defenses are futile for various reasons and asks that the Court to treat his opposition as his motion to dismiss the affirmative defenses. (Opp'n 6.)

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Courts ordinarily do not consider the validity of a proposed amended pleading in deciding whether to grant leave to amend, and instead defer consideration of challenges to the merits of a proposed amendment until after leave to amend is granted and the amended pleadings are filed. *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) (citation omitted); *accord Green Valley Corp. v. Caldo Oil Co.*, No. 09cv4028-LHK, 2011 WL 1465883, at *6 (N.D. Cal. Apr. 18, 2011) (noting "the general preference against denying a motion for leave to amend based on futility"). Arguments concerning the sufficiency of the proposed pleadings, even if meritorious, are better left for briefing on a motion to dismiss. *Lillis v.*

---

[2] Plaintiff requests the Court take judicial notice of the Copyright Office's "decision reversing the refusal to register the September 3, 2015 Tom Brady Joke application." (ECF No. 156-2, at 1.) Defendants do not oppose this request. The Court **GRANTS** the request and takes judicial notice of the letter from the Copyright Office dated July 17, 2017. (*See* ECF No. 156-2, at 9–10.) Plaintiff also requests the Court take judicial notice of two other documents, "Form TX," and "the Public Catalog for registration TX0008351767." (ECF No. 156-2.) The Court finds the requested judicial notice unnecessary for these two documents and therefore **DENIES** the request.

*Apria Healthcare*, No. 12cv52-IEG (KSC), 2012 WL 4760908, at * 1 (S.D. Cal. Oct. 5, 2012).

Although Plaintiff requests the Court treat his opposition as a motion to dismiss, the Court finds it would be more appropriate to consider a fully-briefed dispositive motion regarding the affirmative defenses, if Plaintiff deems one is appropriate. *See id.* ("[T]he Court will not indulge Defendants' attempt to convert Plaintiff's motion to amend into a premature motion to dismiss."). The Court finds that justice requires granting Defendants leave to amend their answer to add the affirmative defense of fraud on the copyright office.

## II. Unclean Hands

The doctrine of unclean hands "bars relief to a plaintiff who has violated conscience, good faith or other equitable principles in his prior conduct, as well as to a plaintiff who has dirtied his hands in acquiring the right presently asserted." *Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 173 (9th Cir. 1989). To prevail on a defense of unclean hands, a defendant must demonstrate "that the plaintiff's conduct is inequitable and that the conduct relates to the subject matter of [the plaintiff's] claims." *Fuddruckers Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 847 (9th Cir. 1987) (citing *CIBA–GEIGY Corp. v. Bolar Pharm.*, 747 F.2d 844, 855 (3d Cir. 1984)); *see also TrafficSchool.com, Inc. v. Edriver, Inc.*, 653 F.3d 820, 833 (9th Cir. 2011) (holding that a defendant must demonstrate that an unclean hands defense applies with "clear, convincing evidence").

Defendants' allegation of unclean hands is broader than their allegation of fraud on the copyright office. (Reply 11.) The proposed unclean hand defense covers more of Plaintiff's communication with the Copyright Office than just the May 30, 2017 letter. (MTN 14.) Plaintiff again argues futility, arguing that Defendants cannot plead unclean hands as a matter of law. (Opp'n 20.) For the same reason as addressed above, the Court finds the defense of futility is better left for briefing on a separate motion. The Court finds that justice requires granting Defendants leave to amend their answer to add the affirmative defense of unclean hands.

/ / /

### III. Sanctions

Plaintiff requests the Court sanction Defendants for bringing the present Motion. (Opp'n 21.) The Court does not find a basis for sanctions and **DENIES** Plaintiff's request.

### CONCLUSION

The Court **GRANTS** Defendants' Motion for Leave to File an Amended Answer. Defendants **SHALL** file the amended answer attached to their Motion <u>within five (5) days of the electronic docketing of this Order.</u>

**IT IS SO ORDERED.**

Dated: April 13, 2018

Hon. Janis L. Sammartino
United States District Judge