1  Jayson M. Lorenzo, Esq. SBN 216973
2  Ryan J. Altomare, Esq. SBN 306581
   J. Lorenzo Law
3  2292 Faraday Ave., Ste. 100
   Carlsbad, CA 92008
4  Tel. (760) 560-2515
   Fax (760) 520-7900
5  Attorney for Plaintiff
6  ROBERT ALEXANDER KASEBERG

7

8

9                    **UNITED STATES DISTRICT COURT**

10            **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

11  ROBERT ALEXANDER KASEBERG,          ) Case No.: 15-CV-01637-JLS-DHB
                                        )
12                                      ) Hon. Janis L. Sammartino
                                        )
13              Plaintiff,              ) **PLAINTIFF ROBERT ALEXANDER**
                                        ) **KASEBERG'S MEMORANDUM OF**
14                                      ) **POINTS AND AUTHORITIES IN**
        vs.                             ) **SUPPORT OF MOTION FOR**
15                                      ) **JUDGMENT ON THE PLEADINGS**
                                        ) **AND/OR IN THE ALTERNATIVE**
16                                      ) **PARTIAL SUMMARY JUDGEMENT**
                                        ) **AS TO DEFENDANTS'**
17  CONACO, LLC; TURNER                 ) **AFFIRMATIVE DEFENSES OF**
    BROADCASTING SYSTEM; TIME           ) **FRAUD ON THE COPYRIGHT**
18  WARNER, INC.; CONAN O' BRIEN;       ) **OFFICE AND UNCLEAN HANDS**
    JEFF ROSS; MIKE SWEENEY; and        )
19  DOES 1-100, Inclusive,              ) DATE:        July 26, 2018
                                        ) TIME:        1:30 p.m.
20                                      ) COURTROOM:   4D
                                        )
21              Defendants.             )
                                        )
22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF CONTENTS

I.     INTRODUCTION…………………………………………………………………1

II.    PROCEDURAL HISTORY AND STATEMENT OF FACTS……………….....2

III.    ARGUMENT……………………………………………………………...3

    A.    Legal Standard for Judgment on the Pleadings......................................3

    B.    Legal Standard for Partial Summary Judgment…………………………4

    C.    Plaintiff is Entitled to Judgment on the Pleadings as to
the Fraud on the Copyright Office Affirmative Defense………….……….4

        1.    Legal Standard for Fraud on the Copyright Office…...............…...4

        2.    September 3, 2015 Application/Registration…………………..5

            a.    A Reconsideration Letter is not Information
Included on the Application for Registration……………...6

            b.    Defendants Fail to and Cannot Plead that
any "Inaccurate Information" was Given to
the Copyright Office……………………………………….7

            c.    No Genuine Issue of Intent to Defraud……………………8

            d    Copyrightability of the Jokes at Issue was
Briefed and Argued at Summary Judgment……………….8

            e.    Any Alleged Inaccurate Information Would not have
Caused the Copyright Office to Refuse Registration……..11

        3.    The August 10, 2016 Application/Registration
Contains no Tom Brady Information and is Therefore
Irrelevant and there is no Relief Available……………………12

    D.    UNCLEAN HANDS AFFIRMATIVE DEFENSE.............................14

        1.    Defendant has Received all Documents………………………15

IV.    CONCLUSION……………………………………………………………15

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

*Anderson v. Liberty Lobby, Inc.*,

   477 U.S. 242 (1986)……………………………………………………. 4

*Ashcroft v. Iqbal*,

   556 U.S. 662 (2009)……………………………………………………. 3

*Branch v. Tunnell*,

   14 F. 3d 449 (9th Cir. 1994) …………………...………………..………7

*Cornwell v. Joseph*,

   7 F. Supp. 2d 1106 (S.D. Cal. 1998)………………………………….… 3

*Curry v. Baca*,

   497 F. Supp. 2d 1128 (C.D. Cal. 2007)…………………………………3

*Delbon Radiology v. Turlock Diagnostic Ctr.*,

   839 F. Supp. 1388 (E.D. Cal. 1993)…………………………………. 4

*Fleming v. Pickard*,

   581 F. 3d 922 (9th Cir. 2009)…………………………………………... 4

*Independence News, Inc. v. City of Charlotte*,

   568 F. 3d 148 (4th Cir. 2009)………………………………………... 3

*Jules Jordan Video, Inc. v. 144942 Canada, Inc.*,

   617 F. 3d 1146 (9th Cir. 2010)…………………………...………..5

*L.A. Printex Industries, Inc. v. Aeropostale, Inc.*,

   676 F. 3d 841 (9th Cir. 2012)………………………………………….12

*Lamps Plus, Inc. v. Seattle Lighting Fixture, Co.*,

   345 F. 3d 1140 (9th Cir. 2003).…………………………………………5

*Perez v. Wells Fargo & Co.*,

   75 F. Supp. 3d 1184 (N.D. Cal. 2014)………………………………….3

*S.O.S, Inc. v. Payday, Inc.,*

886 F. 2d 1081 (9th Cir. 1989)…………………………………………………. 8

*Strigliabotti v. Franklin Resources, Inc.,*

398 F. Supp. 2d 1094  (N.D. Cal. 2005)…………………………………………...3

*Urantia Foundation v. Maaherra,*

114 F. 3d 955  (9th Cir. 1997). …………………………….………..………5, 6

## **FEDERAL STATUTES**

17 U.S.C. § 411(b)…………………………………………………………..4, 5, 6

## **FEDERAL RULES OF CIVIL PROCEDURE**

Fed. R. Civ. P. 12(c) ……………………………………………….……..3, 4

Fed. R. Civ. P. 12(b)(6)…………………………………………………....4, 7

Fed. R. Civ. P. 12(d)………………………………………………………7

Fed. R. Civ. P. 56(a)………………………………………………………4

## **OTHER AUTHORITIES**

Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 13.09[B]

(Matthew Bender Rev. Ed.)…………………………………………….11, 12, 14

O'Connell and Stevenson, et al., Federal Civil Procedure Before Trial,

California & 9th Circuit Editions, The Rutter Group §9:340 (2018)…….…………3

# I.

# INTRODUCTION

Plaintiff brings this motion after Defendants were granted leave to amend their answer to allege additional affirmative defenses and after the Court's comment that Plaintiff may bring a Motion to Dismiss.  This Motion arises out of one joke at issue in this case, the Tom Brady Joke. Defendants' affirmative defenses of Fraud on the Copyright Office and Unclean Hands involve the circumstances of the application and subsequent copyright registration for this joke.  However, even assuming the allegations in the affirmative defenses are true, Defendants' affirmative defenses must fail as a matter of law.  Alternatively, Plaintiff seeks partial summary judgement on the basis that there is no genuine dispute of material fact related to the affirmative defenses.  Only one registration application and subsequent certificate is applicable and relevant to this case, that is the September 3, 2015 application/registration certificate for the Tom Brady joke.

The pleadings and additional evidence submitted in this motion will show the following:

1. No inaccurate information was included on the September 3, 2015 single joke **application** which is a requirement for there to be fraud on the copyright office;

2. The August 10, 2016 standard application contains no Tom Brady information and Defendant cannot state a valid defense with regards to that application;

3. There is no genuine dispute as to whether inaccurate information was given to the Copyright Office with knowledge it was inaccurate.

4. Plaintiff is entitled to judgment on the pleadings as to Defendants' affirmative defenses of fraud on the copyright office and unclean hands.

Alternatively, should judgment not be awarded on the pleadings, Plaintiff is entitled to partial summary judgment as to Defendants' affirmative defenses of fraud on the copyright office and unclean hands.

/ / /

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGEMENT

# II.

# PROCEDURAL HISTORY AND STATEMENT OF FACTS

Defendants allege as the basis for a fraud on the copyright office affirmative defense at ¶65-¶67:

65. Kaseberg, through Lorenzo, engaged in conduct constituting Fraud on the Copyright Office in at least the following ways:

a. Kaseberg failed to disclose to the Copyright Office the July 20, 2016 rejection of the single Tom Brady Joke application with the August 10, 2016 Standard Application;

b. Kaseberg failed to disclose to the Copyright Office the March 23, 2017 second refusal of the September 3, 2015 single application until after Defendants informed Kaseberg's counsel of their intent to assert a Fraud on the Copyright Office affirmative defense because of this material omission; and

c. Kaseberg failed to disclose to the Copyright Office, at any point, the prior publication of the Tom Brady Joke on Twitter before its subsequent publication with two other jokes on Kaseberg's blog claimed on the August 10, 2016 Standard Application; and

d. Kaseberg mischaracterized the holding in the Court's May 12, 2017 summary judgment order in correspondence to the Copyright Office, omitting key facts and details which led the Review Board to issue the registration.

66. Upon information and belief, Defendants allege that Kaseberg had full knowledge of the misrepresentations outlined in paragraphs 65(a)-(d), and yet, despite this knowledge, willfully and deliberately refused to disclose material facts to the Copyright Office so that the Tom Brady applications would be granted registration. Defendants allege that if the Copyright Office were appropriately apprised of this information, both the August 10, 2016 and September 3, 2015 applications would be denied registration.

67. As a result of Kaseberg and/or Lorenzo's fraudulent conduct, both the August 10, 2016 and September 3, 2015 registration are invalid and/or unenforceable, and

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGEMENT

1  Kaseberg is not entitled to any of the remedies afforded by the Copyright Act, including

2  statutory damages or attorneys' fees.

3  **III.**

4  **ARGUMENT**

5  **A.    Legal Standard for Judgment on the Pleadings**

6      A Rule 12(c) motion challenges the sufficiency of the opposing party's pleadings.

7  It provides a vehicle for summary adjudication on the merits, after the pleadings are

8  closed but before trial, which "may save the parties needless and often considerable

9  time and expenses which otherwise would be incurred during discovery and trial." Perez

10 v. Wells Fargo & Co., 75 F. Supp. 3d 1184, 1187 (N.D. Cal. 2014).

11     Rule 12(c) does not specifically authorize a motion for judgment on the pleadings

12 directed to less than the entire complaint or answer. O'Connell and Stevenson, et al.,

13 Federal Civil Procedure Before Trial, California & 9th Circuit Editions, The Rutter

14 Group, §9:340 (2018). Nor does it specifically prohibit such a motion. Id. It is the

15 practice of many judges to permit "partial" judgment on the pleadings (e.g. on the first

16 claim for relief, or the third affirmative defense). Id. citing Independence News, Inc. v.

17 City of Charlotte, 568 F. 3d 148, 154 (4th Cir. 2009); Strigliabotti v. Franklin

18 Resources, Inc., 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005); Curry v. Baca, 497 F.

19 Supp. 2d 1128, 1130 (C.D. Cal. 2007).

20     On a motion for judgment on the pleadings, the court inquires whether the

21 complaint at issue contains sufficient factual matter, accepted as true, to state a claim of

22 relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The court

23 may find a claim plausible when a plaintiff pleads sufficient facts to allow the Court to

24 draw a reasonable inference of misconduct, but the court is not required to accept as true

25 a legal conclusion couched as a factual allegation. Id. at 678. The complaint should not

26 be dismissed unless it is clear that no relief could be granted under any set of facts that

27 could be proven consistent with the allegations. Cornwell v. Joseph, 7 F. Supp. 2d 1106,

28 1108 (S.D. Cal. 1998).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE
PLEADINGS AND/OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGEMENT

1    The standard applied on a Rule 12(c) motion is essentially the same as that

2  applied on the Rule 12(b)(6) motions; i.e., judgment on the pleadings is appropriate

3  when, even if all material facts in the pleading under attack are true, the moving party is

4  entitled to judgment as a matter of law. <u>Fleming v. Pickard</u>, 581 F. 3d 922, 925 (9th Cir.

5  2009).

6  **B.    Legal Standard for Partial Summary Judgment**

7    Pursuant to Fed. R. Civ. P. 56(a), A party may move for summary judgment,

8  identifying each claim or defense — or the part of each claim or defense — on which

9  summary judgment is sought. The court shall grant summary judgment if the movant

10  shows that there is no genuine dispute as to any material fact and the movant is entitled

11  to judgment as a matter of law.

12    Where the historical facts controlling the application of a rule of law are

13  undisputed, the application raises a question of law for the court and summary judgment

14  is appropriate in such cases. <u>Delbon Radiology v. Turlock Diagnostic Ctr.</u>, 839 F. Supp.

15  1388, 1391 (E.D. Cal. 1993). "Material" facts are those that, under applicable substantive

16  law, may affect the outcome of the case: "The substantive law will identify which facts

17  are material. Only disputes over facts that might affect the outcome of the suit under the

18  governing law will properly preclude the entry of summary judgment . . . (I)t is the

19  substantive law's identification of which facts are critical and which facts are irrelevant

20  that governs." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 US 242, 248 (1986). In addition, a

21  factual dispute is "genuine" when "the evidence is such that a reasonable jury could return

22  a verdict for the nonmoving party." Id.

23  **C.    Plaintiff is Entitled to Judgment on the Pleadings as to the Fraud on the**

24  **Copyright Office Affirmative Defense**

25    **1.    Legal Standard for Fraud on the Copyright Office**

26    The fraud on the copyright office defense arises from 17 U.S.C. § 411 (b), which

27  states, "A certificate of registration satisfies the requirements of this section and section

28  412 regardless of whether the certificate contains any inaccurate information, unless –

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE
PLEADINGS AND/OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGEMENT

(A) the inaccurate information **was included on the application for copyright registration with knowledge that it was inaccurate**; (emphasis added) and (B) the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration."

The Ninth Circuit has specifically held that "inadvertent mistakes on registration certificates do not invalidate a copyright and thus do not bar infringement actions, unless the alleged infringer has relied to its detriment on the mistake, or the claimant intended to defraud the Copyright Office by making the misstatement." Urantia Foundation v. Maaherra, 114 F. 3d 955, 963 (9th Cir. 1997).

The leading authorities in the Ninth Circuit have all confirmed that fraud on the copyright offices arises from 17 U.S.C. 411 (b) and have dealt with inaccuracies on the registration application or subsequent registration certificate. See Jules Jordan Video, Inc. v. 144942 Canada, Inc., 617 F. 3d 1146, 1156 (9th Cir. 2010) (Mistake in listing claimant as the author on the copyright registration forms when work for hire issue arises); Lamps Plus, Inc. v. Seattle Lighting Fixture, Co., 345 F. 3d 1140, 1144-1145 (9th Cir. 2003) (Mistake on copyright application for Victorian Tiffany table lamp when applicant failed to identify the designers or the source of any of the preexisting works incorporated into the lamp); Urantia Foundation, supra, 114 F. 3d 955 at 960. (copyright renewal certificate incorrectly stated that applicant was claiming renewal as the "proprietor of copyright in a work made for hire.")   Plaintiff has been unable to locate any authority supporting Defendants claim that there can be fraud on the copyright office related to argument made in a reconsideration/appeal related to a valid copyright application that contains no inaccuracies or indicia of fraud.  Since there Defendants have not and cannot allege anything incorrect or inaccurate on the face of Plaintiff's copyright applications their defense must fail as a matter of law.

**2. September 3, 2015 Application/Registration**

Here, Defendants' affirmative defense, spanning from paragraphs 45 – 68, grasps at straws and mentions nothing regarding the information included on Plaintiff's actual

5

1  copyright application. That is because Defendants know there are no facts that can be

2  alleged in Defendants' answer that there was any incorrect information included in

3  Plaintiff's copyright application and/or subsequent registration with respect to the

4  September 3, 2015 application.  As such, Defendants' affirmative defense of fraud on

5  the copyright office must fail as a matter of law with respect to this application.

6             a. A Reconsideration Letter is not Information Included on the

7             Application for Registration

8         To the extent that Defendants' amended answer includes allegations that Plaintiff

9  committed fraud on the copyright office by means of misrepresenting the Court's Order,

10  Defendants' defense also fails as a matter of law.

11         As outlined above, Paragraphs 60 and 65d of Defendants' Amended Answer

12  alleges that in the May 30, 2017 letter to the Copyright Office, Kaseberg's attorney

13  mischaracterized the content of the Court's summary judgment order. However, these

14  communications with the Copyright Office had nothing to do with the

15  "information…included on the application for copyright registration." See 17 U.S.C.

16  §411(b). The only information that is looked at in determining the merits of a fraud on

17  the copyright office defense is what was actually submitted on the copyright application.

18  Urantia Foundation, supra, 114 F. 3d at 963. There is no allegation in Defendants'

19  answer that Plaintiff committed fraud in the application itself. Plaintiff's reconsideration

20  letter, attaching the Order Denying Defendants' Motion for Summary Judgment, is not

21  information that was included on the application for copyright registration.  That

22  information is argument in an appeal related to originality and as to why a copyright

23  application should be registered.  The form submitted to the Copyright Office "Form

24  TX" includes nine (9) different blank spaces that need to be filled in when applying for

25  a copyright registration: 1. Title 2. Author 3. Creation and Publication 4.  Claimant(s) 5.

26  Previous Registration 6. Derivative Work or Compilation, 7. Deposit Account,

27  Correspondence, Fee 8. Certification and 9. Return Address. (See Plaintiff's Separate

28  Statement of Material Facts "UF" 1). A true and correct copy of the "Form TX"

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE
PLEADINGS AND/OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGEMENT

1  obtained from the United States Copyright Office website as attached to  the Request for

2  Judicial Notice (RFJN) as **Exhibit A** and Declaration of Jayson M. Lorenzo as **Exhibit**

3  **1**.

4          A reconsideration letter does not fit into any of the nine (9) categories listed on

5  the Form TX. Therefore, Defendants' allegations of fraud on the copyright office with

6  respect to the reconsideration letter therefore must fail as a matter of law.

7                    b. Defendants Fail to and Cannot Plead that any "Inaccurate Information"

8                    was Given to the Copyright Office

9          Even if this Court were to entertain the argument that documents attached to a

10  reconsideration letter can be considered for purposes of a fraud on the copyright office

11  affirmative defense , Defendants' Answer omits the fact that Plaintiff attached the Order

12  denying Defendants' Motion for Summary Judgment to the reconsideration letter which

13  is undisputed.  (UF 2) (See Declaration of Jayson M. Lorenzo, "Lorenzo Decl." at ¶ 3,

14  **Exh. 2**).  Defendants' entire fraud claim relates to the September 3, 2015 application and

15  the alleged misrepresentation of words "ruled" as opposed to "dicta". (ECF No. 165 at ¶

16  60)

17          As with Rule 12(b)(6) motions, if matters outside the pleading are presented to

18  and not excluded by the court, the motion for judgment on the pleadings can be

19  converted into a Rule 56 summary judgment motion. Fed. R. Civ. P. 12(d). However,

20  the court may consider the full text of documents referred to in the complaint without

21  converting the motion to a motion for summary judgment, provided that the document is

22  central to the plaintiff's claim and no party questions the authenticity of the document.

23  Branch v. Tunnell, 14 F. 3d 449, 454 (9th Cir. 1994).

24          Here, Defendants' amended answer specifically references Plaintiff's

25  reconsideration letter of May 30, 2017, is central to Defendants' affirmative defense, and

26  there is no dispute to the authenticity of the document, thus the Court can consider the

27  letter for purposes of a motion for judgment on the pleadings.  Alternatively, the letter

28  can be considered as part of Plaintiff's alternative request for Partial Summary

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE
PLEADINGS AND/OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGEMENT

1  Judgment.  When this Court considers the letter adding these omitted facts to

2  Defendants' affirmative defense the defense fails as a matter of law for the following

3  additional reasons.

4          c.     No Genuine Issue of Intent to Defraud

5       There is no genuine dispute that Plaintiff did not intend to defraud which is a

6  required element of fraud on the Copyright Office. S.O.S, Inc. v. Payday, 886 F. 2d

7  1081 (9th Cir. 1989). Defendants referenced Plaintiff's letter to the Copyright Office of

8  May 30, 2017.  ECF No. 165 at ¶ 60.  There is no dispute that Plaintiff gave the

9  Copyright Office the entire Order and even cited the lines and page numbers where the

10  Copyright Office should look in the order. (UF 2) (Decl. of Lorenzo at ¶ 3**, Exh. 2**)

11  Suggesting that Plaintiff made a "material misstatement intended to defraud the

12  Copyright Office into granting a registration" is disingenuous.   How can Plaintiff have

13  intended to defraud the Copyright Office of what the Court ruled or wrote when the

14  Copyright Office was given the Order with specific lines and page numbers to review

15  and to read for themselves?  Additionally, the summary judgment moving papers,

16  opposition, and reply briefs are all public records accessible to anyone including the

17  Copyright Office.  If the Copyright Office had any concerns when reading the entire

18  order, the Copyright Office could access the briefs.

19          d.     Copyrightability of the Jokes at Issue was Briefed and Argued at

20                Summary Judgment

21       Defendants contend Plaintiff misrepresented the ruling of this Court, specifically

22  that Plaintiff's statement of "ruled" was an intentional misrepresentation of dicta.

23  However, Plaintiff cannot intentionally misrepresent something that it believes to be

24  true. First, this Court would not have written or written "[i]n the present case, there is

25  little doubt that the jokes at issue merit copyright protection" if it was not an issue in the

26  motion. In fact, Defendants argued the following in their summary judgement motion:

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE
PLEADINGS AND/OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGEMENT

1    1. Kaseberg's setups are derived entirely from current events and news stories,

2  and it is axiomatic that current events and news stories are not copyrightable. (ECF No.

3  70, 14:11-13)

4    2. Unlike many other types of jokes, Kaseberg's jokes rely exclusively on ideas,

5  not expression, to derive the desired humor. Thus, Kaseberg's punchlines are inherently

6  composed of unprotectable elements. (ECF No. 70, 14:24-26)

7    3. Even assuming that some expressive elements remain after filtering out the

8  underlying ideas from Kaseberg's punchlines, those expressive elements still barely

9  qualify for copyright protection, if at all. (ECF No. 70, 15:5-7)

10    Plaintiff argued in his opposition:

11    4.  Sorting through all of Defendants citations and purported analysis,

12  Defendants' argument is simple. They conveniently argue the jokes should be dissected

13  so no protection is found. Since the premise of each joke is based on a current event or

14  fact there should be no copyright protection to the first portion of the joke. They then go

15  on to argue that the punchlines "rely exclusively on idea" and is not an expression, thus

16  the punchlines are unprotectable elements. They continue by arguing that if the Court

17  finds the punchlines are expressive elements, the punchlines are "ordinary phrases" that

18  are not entitled to copyright protection either. Essentially Defendants argue there should

19  be no copyright protections whatsoever in these types of jokes because neither the

20  premise or punchline is protectable through dissection. (ECF No. 97, Opposition to

21  Motion for Summary Judgment, 17:25 - 18:6)

22    5.  Kaseberg's Works Must be Viewed as Whole, are Fiction and are Entitled to

23  Protection.  Kaseberg is not claiming copyright over the setup or facts/news events that

24  start the joke. Nor is he claiming copyright on the punchline by itself. The Jokes

25  Kaseberg created have no meaning without the other. What he is claiming copyright on

26  is his idea that has been expressed in a written medium which was to select and write

27  certain news events and combine that news event with a fictional, creative, unique and

28  humorous take. The fact is, the punchlines are all pure fiction and when combined with

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE
PLEADINGS AND/OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGEMENT

1  the premise, none of what Kaseberg wrote actually took place, which is an entirely new

2  work.  (ECF No. 97, Opposition to Motion for Summary Judgment,18:17-25)

3      6.  Kaseberg's position that the combination of ideas that are expressed are

4  protectable is well established in the 9th Circuit. See Metcalf v. Bochco, 294 F.3d 1069

5  (9th Cir. 2002). The Metcalf court held that the combination of unprotectable elements

6  are entitled to protection and meet the extrinsic test. Id. at 1074. The plaintiff in Metcalf

7  correctly argued that copyright law protects a writer's expression of ideas, but not the

8  ideas themselves. Id. at 1074 (citing Kouf, 16 F.3d at 1045). "General plot ideas are not

9  protected by copyright law; they remain forever the common property of artistic

10 mankind." Id. (citing Berkic v. Crichton, 761 F.2d 1289, 1293 (9th Cir.1985)). Nor does

11 copyright law protect "scenes a faire," or scenes that flow naturally from unprotectable

12 basic plot premises. Id. (citing See v. Durang, 711 F.2d 141, 143 (9th Cir.1983)).

13 Instead, protectable expression includes the specific details of an author's rendering of

14 ideas, or "the actual concrete elements that make up the total sequence of events and the

15 relationships between the major characters." Id. (citing Berkic, 761 F.2d at 1293.) (ECF

16 No. 97, Opposition to Motion for Summary Judgment, 19:4-16)

17     Oral argument recorded:

18     4. BECAUSE MOST JOKES ARE SO DEPENDENT ON THE IDEA

19 INVOLVED, OUR POSITION WOULD BE THAT **MOST JOKES ARE NOT**

20 **COPYRIGHTABLE**, AND IF THEY ARE, ONLY TO THE EXTENT, ONLY TO

21 THE VERY SPECIFIC EXPRESSION THAT THEY USE. (Reporter's Transcript,

22 Argument by Rex Hwang at 24:12-15) (emphasis added)

23     5. THE COURT: -- AND COUNSEL THINKS, HE'S COMMENTED ON

24 THAT. WHY DON'T YOU COMMENT ON WHAT YOU THINK WOULD BE

25 PROTECTABLE UNDER THIN PROTECTION, IF IT'S PROTECTABLE AT ALL?

26 (Reporter's Transcript, Question by Court to Rex Hwang at 24:23-25)

27     Defendants' argument at summary judgment was that neither the premise/setup or

28 punchline was protectable, the logical conclusion of which results in no protection at all.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE
PLEADINGS AND/OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGEMENT

1  The entire issue of whether a two-line joke is entitled to copyright protection and is

2  original has been central to Defendants' position.  The argument was made by

3  Defendant, Plaintiff briefed a response and this Court appropriately found:

4          In the present case, there is little doubt that the jokes at issue merit copyright

5          protection. See, e.g., Feist, 499 U.S. at 345 (noting originality requires only

6          independent creation of a work that "possess[es] some creative spark, 'no

7          matter how crude, humble or obvious' it might be" (quoting 1 Nimmer §

8          1.08[C][1])); Bleistein v. Donaldson Lithographing Co., 188 U.S. 239, 251

9          (1903) ("It would be a dangerous undertaking for persons trained only to the

10         law to constitute themselves final judges of the worth of [creative works],

11         outside of the narrowest and most obvious limits.").  (ECF No. 131, 7-13).

12         The issue of copyrightability was clearly briefed.  Defendants' defense must fail

13  as a matter of law because Defendants' Answer on its face cannot state a valid defense

14  when the Court considers the briefing by judicial notice or alternatively there is no

15  genuine dispute that Plaintiff with knowledge, willfully and intentionally

16  mischaracterized the ruling of the Court because the issue of copyrightability was

17  argued and briefed.

18                    e.      Any Alleged Inaccurate Information Would not have caused

19                    the Copyright Office to Refuse Registration

20         Defendants allege that had the Copyright Office known all of the information it

21  would have denied registrations for the September 3, 2015 and August 10, 2016. Even

22  assuming that Plaintiff had not represented that this Court had ruled " there is little doubt

23  that the jokes at issue merit copyright" it would not have had any effect on the

24  Copyright Office's decision. It is undisputed that in the letter granting registration for

25  the September 3, 2015 Tom Brady application, the Board writes,

26         "The Board bases its finding on the "minimal degree of creativity" required by

27  the U.S. Supreme Court in Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 345

28  (1991). As a textual work, the Work meets the threshold for copyright protection as

11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE
PLEADINGS AND/OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGEMENT

articulated in <u>Feist</u>. Courts and the Copyright Office both have found copyright protection as articulated in <u>Feist</u>. Courts and the Copyright Offices both have found copyright protection for jokes when the jokes are sufficiently creative. See e.g., <u>Foxworthy v. Custom Tees, Inc</u>., 879 F. Supp. 1200, 1219 (N.D. Ga. 1995)." (UF 3)  A true and correct copy of the Review Board's decision is attached to the Request for Judicial Notice as **Exhibit B.**  Again, Defendants have referenced this document in their Amended Answer.  ECF No. 165 at ¶ 63.

The Board then goes on to write, "The Board notes its decision is consistent with a decision in the Southern District of California, finding that this Work merits thin copyright protection." (UF 3) (Request for Judicial Notice, **Exh. B**).  The letter speaks for itself and clearly the Board read and understood the entire Order noting "thin protection" which was not referenced in Plaintiff's reconsideration letter of May 30, 2017.  The Board's decision indicates that it was made independently of the Court's decision based on <u>Feist</u> and <u>Foxworthy</u>. Indeed, the Review Board was careful to "note" that its "decision is consistent" with the Motion for Summary Judgment Order in this case.  Nowhere do they state they are "relying on" or "following" or the Court's decision.  Again, Defendants' defense must fail as a matter of law because Defendants Answer on its face cannot state a valid defense or alternatively there is no genuine dispute that the Copyright Office had relied on inaccurate information that would have caused the Copyright Office to refuse registration because the Board cited that the Southern District of California found "thin protection."

**3.     The August 10, 2016 Application/Registration Contains no Tom Brady Information and is Therefore Irrelevant and there is no Relief Available**

The result of a finding of fraud on the Copyright Office is an invalidation of the registration. <u>L.A. Printex Indus., Inc. v. Aeropostale, Inc</u>., 676 F.3d 841, 853; Nimmer & Nimmer, at § 7.20[B].  Indeed, Defendants' First Amended Answer alleges in paragraph 67 that the August 10, 2016 registration is invalid and/or unenforceable. However, Defendants have known for some time that the August 10, 2016, registration

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGEMENT

1  no longer contains any Tom Brady information.  There is nothing to enforce against

2  Plaintiff that is relevant to this case.  Thus, they are attempting to invalidate and/or

3  render unenforceable a registration that has nothing to do with this case.  As such

4  Defendant cannot state a claim for relief against Plaintiff related to the August 10, 2016

5  application/registration which must fail as a matter of law.

6        Indeed, the public catalog on the Copyright Office website for registration

7  TX0008351767 (August 10 application) now notes that pre-existing material of "Text of

8  joke registered under TX0008402730" has been excluded. (UF 4) (Lorenzo Decl. at 5,

9  **Exh. 4**). (Request for Judicial Notice, **Exhibit C**). A true and correct copy of the public

10  catalog for registration TX0008402730 (September 3 application) is attached to the

11  Request for Judicial Notice as **Exhibit D**, (Lorenzo Decl. at 6, **Exh. 5**). As discussed

12  above, this additional evidence referred to in Defendants' Answer and central to

13  Defendants' Answer may be considered by the Court without converting the motion to

14  judgment on the pleadings to a motion for summary judgment.

15        Further, any allegation of intent to defraud related to this application has no merit.

16  There is no dispute that Plaintiff's counsel spoke to Ted Hirakawa of the Copyright

17  Office in August 2015, wherein he was advised a single application and collective work

18  application could be submitted for the same joke. (UF 5) (Lorenzo Decl. at ¶ 7) (ECF

19  No. 132, Declaration of Jayson M. Lorenzo at ¶ 23 filed on June 28, 2017).  Plaintiff

20  had already received single joke registrations for the Washington Monument and Bruce

21  Jenner jokes, but for the Tom Brady joke, a single application was refused.  To Plaintiff

22  this seemed very inconsistent.  Additionally, a collective work registration was also

23  issued for the Bruce Jenner jokes published on the same date and time. Therefore, there

24  was a single and collective work registrations for Bruce Jenner. Plaintiff questioned that

25  if the Tom Brady was not entitled to a registration as a single joke, would a collection of

26  three jokes be entitled to protection as there were three written at the time instead of

27  one.  (ECF No. 132, Declaration of Jayson M. Lorenzo at ¶ 24 filed on June 28, 2017).

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE
PLEADINGS AND/OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGEMENT

1   Plaintiff's actions were consistent with what was learned from Mr. Hirakawa and what

2   had already transpired with the Bruce Jenner Joke.

3          Defendant alleges "Kaseberg and Lorenzo only made remedial efforts when faced

4   with negative repercussions for their underhanded conduct after Defendants notified

5   Lorenzo that he and Kaseberg had committed fraud on the Copyright Office."  However,

6   there is no dispute that on April 21, 2017, prior to any allegations of fraud on the

7   copyright office and prior to any registration certificate being issued for the August 10,

8   2016, application Plaintiff sent a letter to the copyright office advising the Copyright

9   Office of the pending lawsuit, the application history of the Tom Brady joke, as well as

10   the collective work application filed on August 10, 2016. (UF 6) (Lorenzo Decl. at ¶ 8,

11   **Exh. 6**) (ECF No. 132, Declaration of Jayson M. Lorenzo at ¶ 23 at Exh. O filed on

12   June 28, 2017, RJN). Irrespective of this information, Defendant cannot as a matter of

13   law seek invalidation or render unenforceable a copyright registration that does not

14   contain the Tom Brady information because it simply has no relevance to this case.

15   **D.**    **Unclean Hands Affirmative Defense**

16          As quoted in Nimmer on Copyright,

17          "Apart from the issue of antitrust violation… the courts on occasion invoke the

18   equitable doctrine of unclean hands as a defense in a copyright infringement action. This

19   equitable defense has been held available in a copyright infringement action regardless of

20   whether the action is one at law or in equity. However, such a defense is recognized only

21   rarely, when the plaintiff's transgression is of serious proportions and relates directly to

22   the subject matter of the infringement action. For instance, the defense has been

23   recognized when the plaintiff misused the process of the courts by falsifying a court order,

24   by falsifying evidence, or by misrepresenting the scope of his copyright to the court and

25   opposing party." Nimmer. Melville B. Nimmer & David Nimmer, Nimmer on Copyright

26   § 13.09 [B] (Matthew Bender Rev. Ed.)

27          Much of Defendants' Unclean Hands allegations are exactly the same as those

28   asserted in the Fraud on the Copyright Office Defense (See Paragraphs 70-72 of Amended

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE
PLEADINGS AND/OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGEMENT

Answer). The rest of the allegations involve allegedly withholding documents for which Defendants have suffered no harm. (See Paragraphs 73-75).

### 1. Defendant has Received all Documents

Plaintiff produced all information after the Summary Judgment Order. Notwithstanding this production, Defendants' nonetheless claim that they were prejudiced as a result of not being able to review the rejections that Plaintiff received with respect to the Tom Brady Applications.  This Court ruled at Summary Judgement that Defendant would be permitted to reopen discovery and bring another dispositive motion on the issue of fraud on the copyright office.  Any alleged inequitable conduct has been addressed.  Currently, there is no August 10, 2016, that has anything to do with the instant case.  The only issue is whether there is any unclean hands allegations that can be made as it relates to the September 3, 2015 application.

The unclean hands argument as it relates to the September 3, 2015, must also fail because as alleged it flows entirely from a fraud on the copyright office claim that fails as a matter of law as set forth above.

Therefore, Defendants' allegations of Unclean Hands fail as a matter of law because 1) any procedural issues were addressed by this Court in the Summary Judgment Order and 2) the unclean hand allegations flow from fraud on the copyright office allegation that fails as a matter of law.

## IV.

## CONCLUSION

To conclude, Defendants' affirmative defenses of fraud on the copyright office and unclean hands must fail as a matter of law either by way of Motion for Judgment on the Pleadings or alternatively by way of Partial Summary Judgment.  The September 3, 2015 application included no inaccurate information.  Instead, Defendants claim a reconsideration letter which attached a copy of this Court's summary judgment ruling forms the basis of a fraud on the copyright office defense as to the 2015 application. This information was not part of the application, was not inaccurate information, there can be

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGEMENT

no intent to defraud the copyright office when the ordered was produced and was not relied upon by the Copyright Office as stated in their own letter. As for the August 10, 2016 application, there is no relief that can be granted to Defendants because the current registration for that application does not include a Tom Brady Joke and there is no harm or remedy available to Defendants with respect to that application.  As for the unclean hands defense, as it is based almost entirely on Defendants' fraud on the copyright office defense, which fails as a matter of law, it too must fail.

    Respectfully submitted,


Date: May 9, 2018              By:_____/s/ Jayson M. Lorenzo_____
                                   JAYSON M. LORENZO
                                   Attorney for Plaintiff
                                   ROBERT ALEXANDER KASEBERG

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGEMENT