Jayson M. Lorenzo (SBN 216973)
Ryan J. Altomare (SBN 306581)
J. LORENZO LAW
2292 Faraday Ave., Ste. 100
Carlsbad, CA 92008
Telephone: (760) 560-2515
Facsimile: (877) 520-7900

Attorneys for Plaintiffs
ROBERT ALEXANDER KASEBERG

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG, | ) Case No.: 15cv01637JLSDHB |
| | ) |
| Plaintiff, | ) **PLAINTIFF'S MOTION IN** |
| | ) **LIMINE NO. 4 TO EXCLUDE** |
| vs. | ) **UNTIMELY EVIDENCE** |
| | ) **PRODUCED BY DEFENDANTS;** |
| CONACO, LLC; TURNER | ) **MEMORANDUM OF POINTS** |
| BROADCASTING SYSTEM; TIME | ) **AND AUTHORITIES IN** |
| WARNER, INC.; CONAN O'BRIEN; | ) **SUPPORT THEREOF;** |
| JEFF ROSS; MIKE SWEENEY; DOES 1 | ) **DECLARATION OF JAYSON M.** |
| – 10, inclusive, | ) **LORENZO** |
| | ) |
| Defendants. | ) |
| | ) **Date: April 11, 2019** |
| | ) **Time: 1:30 PM** |
| | ) **Place: 4D** |
| | ) **Judge:  Hon. Janis L. Sammartino** |
| | ) |
| | ) |
| | ) |

Plaintiff Robert Alexander Kaseberg hereby moves in limine for an order preventing Defendants CONACO, LLC; TURNER BROADCASTING SYSTEM; TIME WARNER, INC.; CONAN O'BRIEN; JEFF ROSS; MIKE SWEENEY ("Defendants") from introducing certain third-party evidence of jokes alleged to be similar to the jokes at issue in this case, pursuant to Federal Rules of Evidence 410, 403, and 404.

## I.    INTRODUCTION

This is a classic case of opposing counsel serving a supplemental document production on the eve of trial when there is nothing to suggest that these documents could have been produced months, if not years, in advance. Pursuant to FRCP 26 and 37, Plaintiff respectfully asks that Exhibits IV and IW from Defendants' Exhibit List be excluded as untimely.

## II.   FACTS

Since the time Defendants' filed an Answer to Plaintiff's Complaint, Defendants have asserted and maintained a defense of independent creation. During the course of discovery, Defendants have produced certain documents in an effort to establish that they independently created the jokes at issue in this case.

Over three years after this case was filed, on August 17, 2018, Plaintiff's counsel received an email from Defendants' counsel, Thomas Burke, attaching a supplemental production of CONACO_0001921-1991. (Declaration of Jayson M. Lorenzo at ¶ 4). The documents consist of lists of jokes from third parties, Plaintiff, and Defendants which are allegedly similar in idea and/or expression. This production has been listed as Defendants Exhibit IV on Defendants' Exhibit List.  Plaintiff takes particular issue with twitter searches on the jokes at issue that took place in April, 2018, which is shown clearly on the documents, but not produced until August 17, 2018 (Declaration of Jayson M. Lorenzo at ¶ 5, **Exh.**

PLAINTIFFS' MOTION IN LIMINE NO. 4 TO EXCLUDE UNTIMELY EVIDENCE PRODUCED BY DEFENDANTS

**1**).  Discovery was closed and Defendant were still attempting to submit documents on matters that should have been produced years ago.

Then, on or about January 24, 2019, Plaintiff's counsel received an email from Defendants' counsel, Justin Thiele, attaching a "Declaration of Autumn MacIntosh," with certain exhibits attached, consisting of CONACO_0001992-2001. (Declaration of Jayson M. Lorenzo at ¶ 6). The documents attached consist or more instances twitter searches related to the jokes at issues. This production has been listed as Defendants' Exhibit IW on Defendants' Exhibit List. (Declaration of Jayson M. Lorenzo at ¶ 7, **Exh. 2**)

**III. ARGUMENT**

A. The Supplemental Production is Untimely

Pursuant to Fed. R. Civ. P 26(e)(1)(A), a party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplemental its response **in a timely manner** if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. (Emphasis added). Additionally, pursuant to Fed. R. Civ. P. 37(c)(1), if a party fails (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. A trial court did not abuse its discretion in granting a motion in limine as a discovery sanction to exclude expert testimony based on defendant's untimely production of an expert's report. Yeti By Molly Ltd. v., Dockers Outdoor Corp., 259 F. 3d 1101, 1105-1107 (9th Cir. 2001) (plaintiff failed to demonstrate harmless delay where production of report was 2 ½ years after designation and month before trial.

Here, there appears to be no excuse for Defendants waiting almost two years to produce this additional evidence which was known and available to them years ago.  Discovery was long closed in August, 2018 and in January 2019.  The time stamps for these jokes are dated as far back as 2015 and there is nothing to suggest that the evidence could not have been produced as early as 2015.  Defendants should not be able to benefit from their inequitable conduct.

A review of **Exh. 2**, clearly shows that only on January 24, 2019, Plaintiff's counsel asked his paralegal to do a search on twitter going back to look between January, 2015 and June, 2015 on twitter to find evidence on the jokes that were done almost 4 years ago.  There is no reason why this information could not have been found, located and produced much sooner.  In fact, Defendants have already supplied numerous instances of Twitter and Facebook postings related to the jokes at issue as seen in Plaintiff's MIL 1.  This additional evidence is cumulative and untimely.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court grant his motion in limine to exclude the untimely evidence produced by Defendants, specifically Exhibits IV and IW attached to Plaintiff's counsel's declaration.

Respectfully Submitted.


Date: March 7, 2019          /S/ *JAYSON M. LORENZO*
                             Jayson M. Lorenzo,
                             Attorney for Plaintiff,
                             Robert Alexander Kaseberg