PATRICIA L. GLASER - State Bar No. 55668
pglaser@glaserweil.com
THOMAS P. BURKE JR. - State Bar No. 288261
tburke@glaserweil.com
JUSTIN P. THIELE - State Bar No. 311787
jthiele@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG,<br><br>Plaintiff,<br><br>v.<br><br>CONACO, LLC; TURNER BROADCASTING SYSTEM; TIME WARNER, INC.; CONAN O'BRIEN; JEFF ROSS; MIKE SWEENEY; DOES 1–50, inclusive,<br><br>Defendants. | CASE NO.: 15-CV-01637-JLS-MSB<br><br>Hon. Janis L. Sammartino<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE UNTIMELY EVIDENCE PRODUCED BY DEFENDANTS (ECF NO. 202)**<br><br>Date:         April 11, 2019<br>Time:         1:30 p.m.<br>Courtroom: 4D |

Plaintiff does not even bother to allege that he has been harmed or prejudiced by the purportedly "untimely" production of Exhibits IV and IW[1] in his motion to exclude these exhibits as untimely. Indeed, Plaintiff cannot make a credible argument that he has been harmed by the production of these exhibits in August 2018 and January 2019, respectively. Plaintiff practically admits that the purportedly untimely production of these documents is harmless when he alleges that it is also cumulative. *See* Mot. at 3 ("This additional evidence is cumulative and untimely."). Evidence being cumulative is not compatible with it being harmful or prejudicial—after all, additional examples of something that Plaintiff already knows could not possibly harm him.

Moreover, the evidence produced by Defendants as Exhibits IV and IW consisted primarily of public information gathered from Plaintiff's blog and Twitter account, public social media profiles, and late-night monologues. *See* Declaration of Thomas P. Burke Jr. ("Burke Decl."), ¶ 2. Exhibit IV consists mainly of recent, public postings online which tend to support Defendants' claim of independent creation, as that defense was developed through discovery and summary judgment briefing. *Id.*, ¶ 3. Exhibit IW consists entirely of public third-party tweets similar to the Jokes at Issue, many of which had already been produced during fact discovery, but were re-produced in order to anticipate and prevent authentication issues. *Id.*, ¶ 5. Since nearly all the evidence produced in these exhibits was public, Plaintiff's argument that "[t]here is no reason why this information could not have been found, located and produced much sooner" applies to him with equal force.

Plaintiff argues that this is a "classic case of opposing counsel serving a supplemental document production on the eve of trial"—first things first, the latest-

---

[1] These exhibits will be relabeled as Exhibits 731 and 732 in accordance with the Court's February 21, 2019 Minute Order (ECF No. 188) requiring Defendants to assign numbers 500-999 to their exhibits.

produced document, Exhibit IW, was produced over four months before the trial's scheduled start date. Burke Decl., ¶ 4. Second, these documents contained public information only; this is not a case where Defendants have hidden information know exclusively to them and sprung it on Plaintiff as the last minute. *Id.*, Ex. 1. Indeed, this production consisted of mostly of tweets which *had already been produced*; the production was made out of an abundance of caution to avoid issues of authentication at trial, which is addressed by the accompanying Declaration of Autumn McIntosh. *Id.*, ¶ 5. There was nothing preventing Plaintiff or his counsel from gathering up the same information from the same public sources.

The only case that Plaintiff has cited in support of his motion, *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, does not support the exclusion of Defendants' Exhibits IV and IW. *Yeti* involved the production of an expert report nearly two years after the close of discovery and 28 days before trial. 259 F.3d 1105–06. And the *Yeti* court noted that "[t]wo express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless." *Id.* Here, the disclosure of the documents that make up Exhibits IV and IW is harmless: these documents support the defense of independent creation that Defendants have asserted and pleaded from the very beginning. The allowance of these documents would not require Plaintiff to respond to any new theories and would create no delays.

Defendants respectfully request that the Court deny Plaintiff's motion to exclude Exhibits IV and IW as untimely and instead issue an order holding that these exhibits are relevant and admissible.

| | |
|---|---|
| DATED: March 21, 2019 | Respectfully submitted, |
| | GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP |
| | By: */s/ Thomas P. Burke Jr.*<br>PATRICIA L. GLASER<br>THOMAS P. BURKE JR.<br>JUSTIN P. THIELE<br>*Attorneys for Defendants* |