Jayson M. Lorenzo, Esq. SBN 216973
jayson@jlorenzolaw.com
Ryan J. Altomare, Esq., SBN 306581
ryan@jlorenzolaw.com
J. Lorenzo Law
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008
Tel. (760) 560-2515
Fax (760) 520-7900

Attorneys for Plaintiff


PATRICIA L. GLASER – State Bar No. 55668
pglaser@glaserweil.com
THOMAS P. BURKE JR. – State Bar No. 288261
tburke@glaserweil.com
JUSTIN P. THIELE – State Bar No. 311787
jthiele@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALEXANDER KASEBERG,<br><br>  Plaintiff,<br><br>  vs.<br><br>CONACO, LLC; TURNER BROADCASTING SYSTEM; TIME WARNER, INC.; CONAN O'BRIEN; JEFF ROSS; MIKE SWEENEY; DOES 1 – 10, inclusive,<br><br>  Defendants.<br>_____ | Case No. 15-CV-01637-JLS-DHB<br><br><br><br>**JOINT AGREED AND DISPUTED JURY INSTRUCTIONS**<br><br><br>**Judge: Hon. Janis L. Sammartino**<br>**Trial: May 28, 2019** |

The parties, through undersigned counsel, hereby submit the following proposed joint set of jury instructions. The parties have conferred in good faith about the content of these instructions and will continue to do so, particularly in light of the Court's upcoming rulings on pending motions. Where the parties each contend that a different instruction should be given, two separate instructions have been provided. Where a party objects only to a discrete portion of an instruction, or a portion of an instruction will need updating based on the Court's upcoming rulings or the evidence at trial, that has been indicated with yellow highlighting.

JOINT PROPOSED JURY INSTRUCTIONS

# **TABLE OF CONTENTS**

Page

## PRELIMINARY INSTRUCTIONS

**JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 1**     **2**

   1.3 DUTY OF JURY ................................................................. 2

**PLAINTIFF'S PROPOSED PRELIMINARY INSTRUCTION NO. 2**     **3**

   CLAIMS AND DEFENSES ..................................................... 3

**DEFENDANTS' PROPOSED PRELIMINARY INSTRUCTION NO. 2**     **4**

   1.5 CLAIMS AND DEFENSES ............................................... 4

**PLAINTIFF'S PROPOSED PRELIMINARY INSTRUCTION NO. 3**     **5**

   PRELIMINARY INSTRUCTION - COPYRIGHT .................. 5

**DEFENDANTS' PROPOSED PRELIMINARY INSTRUCTION NO. 3**     **8**

   17.1 PRELIMINARY INSTRUCTION—COPYRIGHT ..................... 8

**JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 4**     **11**

   1.6 BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE ........ 11

**JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 5**     **12**

   1.8 TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS .................... 12

**JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 6**     **13**

   1.9 WHAT IS EVIDENCE ......................................... 13

**JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 7**     **14**

   1.10 WHAT IS NOT EVIDENCE ............................... 14

**JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 8**     **16**

   1.11 EVIDENCE FOR LIMITED PURPOSE .................. 16

**JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 9**     **17**

   1.12 DIRECT AND CIRCUMSTANTIAL EVIDENCE .................. 17

**JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 10**      **18**

    1.13 RULING ON OBJECTIONS ................................................................. 18

**JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 11**      **19**

    1.14 CREDIBILITY OF WITNESSES ....................................................... 19

**JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 12**      **21**

    1.15 CONDUCT OF THE JURY ............................................................... 21

**JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 13**      **24**

    1.16 PUBLICITY DURING TRIAL ........................................................ 24

**JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 14**      **25**

    1.17 NO TRANSCRIPT AVAILABLE TO JURY ................................... 25

**JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 15**      **26**

    3.4 READBACK OR PLAYBACK [MODIFIED] ................................... 26

**JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 16**      **27**

    1.18 TAKING NOTES .......................................................................... 27

**JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 17**      **28**

    1.20 BENCH CONFERENCES AND RECESSES .................................. 28

**JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 18**      **29**

    1.21 OUTLINE OF TRIAL ................................................................... 29

**JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 19**      **30**

    2.2 STIPULATIONS OF FACT ............................................................. 30

**JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 20**      **31**

    2.3 JUDICIAL NOTICE ...................................................................... 31

**JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 21**      **32**

    2.11 USE OF INTERROGATORIES ..................................................... 32

**JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 22**      **33**

2.12 USE OF REQUESTS FOR ADMISSION ................................................... 33

**JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 23**     **34**

2.13 EXPERT OPINION .................................................................................. 34

**JOINT' PROPOSED PRELIMINARY INSTRUCTION NO. 24**     **35**

2.14 CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE............ 35

**JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 25**     **36**

2.15 CHARTS AND SUMMARIES RECEIVED IN EVIDENCE.................... 36

**JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 26**     **37**

2.16 EVIDENCE IN ELECTRONIC FORMAT.......................................... 37

**FINAL INSTRUCTIONS**

**JOINT PROPOSED FINAL INSTRUCTION NO. 1**     **40**

3.1 DUTY TO DELIBERATE ......................................................................... 40

**JOINT PROPOSED FINAL INSTRUCTION NO. 2**     **41**

3.2 CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY .......... 41

**JOINT PROPOSED FINAL INSTRUCTION NO. 3**     **43**

3.3 COMMUNICATION WITH COURT ........................................................ 43

**JOINT PROPOSED FINAL INSTRUCTION NO. 4**     **44**

3.5 RETURN OF VERDICT ......................................................................... 44

**JOINT PROPOSED FINAL INSTRUCTION NO. 5**     **45**

4.1 CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT .......... 45

**JOINT PROPOSED FINAL INSTRUCTION NO. 6**     **46**

4.2 LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT

IN ISSUE .................................................................................................. 46

**PLAINTIFF'S PROPOSED FINAL INSTRUCTION NO. 7**     **47**

AGENT AND PRINCIPAL - DEFINITION ....................................... 47

**PLAINTIFF'S PROPOSED FINAL INSTRUCTION NO. 8**      **48**

AGENT – SCOPE OF AUTHORITY DEFINED ................................ 48

**PLAINTIFF'S PROPOSED FINAL INSTRUCTION NO. 9**      **49**

ACT OF AGENT IS ACT OF PRINCIPAL ........................ 49

**PLAINTIFF'S PROPOSED FINAL INSTRUCTION NO. 10**      **50**

PRINCIPAL AND AGENT NAMED ................................ 50

**PLAINTIFF'S PROPOSED FINAL INSTRUCTION NO. 11**      **51**

PRINCIPAL NAMED BUT NOT EMPLOYEES ............................. 51

**JOINT PROPOSED FINAL INSTRUCTION NO. 12**      **52**

17.3 COPYRIGHT—SUBJECT MATTER—GENERALLY (17 U.S.C. § 102) ................................................................ 52

**JOINT PROPOSED FINAL INSTRUCTION NO. 13**      **53**

17.4 COPYRIGHT—SUBJECT MATTER—IDEAS AND EXPRESSION (17 U.S.C. § 102(b)) ................................. 53

**DEFENDANTS' PROPOSED FINAL INSTRUCTION NO. 14**      **54**

17.5 COPYRIGHT INFRINGEMENT—ELEMENTS— OWNERSHIP AND COPYING (17 U.S.C. § 501(a)–(b)) [MODIFIED] ...................... 54

**PLAINTIFF' PROPOSED FINAL INSTRUCTION NO. 14**      **55**

17.5 COPYRIGHT INFRINGEMENT—ELEMENTS— OWNERSHIP AND COPYING (17 U.S.C. § 501(a)–(b)) [MODIFIED] ...................... 55

**DEFENDANTS' PROPOSED FINAL INSTRUCTION NO. 15**      **56**

SPECIAL INSTRUCTION – INDEPENDENT CREATION ........................... 56

**PLAINTIFF'S PROPOSED FINAL INSTRUCTION NO. 15**      **57**

SPECIAL INSTRUCTION – INDEPENDENT CREATION ........................... 57

**JOINT PROPOSED FINAL INSTRUCTION NO. 16**      **58**

    17.6 COPYRIGHT INFRINGEMENT—OWNERSHIP OF VALID

        COPYRIGHT—DEFINITION (17 U.S.C. §§ 201–205) ........................... 58

**JOINT PROPOSED FINAL INSTRUCTION NO. 17**           **59**

    17.7 COPYRIGHT INFRINGEMENT— COPYRIGHT REGISTRATION

        CERTIFICATE (17 U.S.C. § 410(c)) .................................................. 59

**JOINT PROPOSED FINAL INSTRUCTION NO. 18**           **60**

    17.14 COPYRIGHT INFRINGEMENT—ORIGINALITY ................................ 60

**PLAINTIFF'S PROPOSED FINAL INSTRUCTION NO. 19**      **61**

    COPYING – ACCESS AND INTRINSIC TEST FOR VIRTUAL

        IDENTITY ...................................................................................... 61

**DEFENDANTS' PROPOSED FINAL INSTRUCTION NO. 19**    **62**

    17.17 COPYING—ACCESS AND VIRTUAL IDENTITY [MODIFIED] ........ 62

**JOINT PROPOSED FINAL INSTRUCTION NO. 20**           **63**

    17.18 COPYRIGHT INFRINGEMENT—COPYING—ACCESS

        DEFINED ........................................................................................ 63

**DEFENDANTS' PROPOSED FINAL INSTRUCTION NO. 21**    **64**

    SPECIAL INSTRUCTION – REASONABLE POSSIBILITY OF

        ACCESS DEFINED ........................................................................... 64

**JOINT PROPOSED FINAL INSTRUCTION NO. 22**           **65**

    17.19 VIRTUAL IDENTITY—EXTRINSIC TEST; INTRINSIC TEST ........... 65

**DEFENDANTS' PROPOSED FINAL INSTRUCTION NO. 23**    **66**

    SPECIAL INSTRUCTION – VIRTUAL IDENTITY DEFINED ...................... 66

**PLAINTIFF' PROPOSED FINAL INSTRUCTION NO. 23**      **67**

    SPECIAL INSTRUCTION – VIRTUAL IDENTITY DEFINED ...................... 67

**JOINT PROPOSED FINAL INSTRUCTION NO. 24**           **68**

17.20 SECONDARY LIABILITY—VICARIOUS INFRINGEMENT—
ELEMENTS AND BURDEN OF PROOF ................................................. 68

**JOINT PROPOSED FINAL INSTRUCTION NO. 25**      **69**

17.32 COPYRIGHT—DAMAGES (17 U.S.C. § 504) [MODIFIED TO
COMBINE WITH § 5.1] ............................................................. 69

**JOINT PROPOSED FINAL INSTRUCTION NO. 26**      **70**

17.33 COPYRIGHT—DAMAGES—ACTUAL DAMAGES (17 U.S.C. §
504(b)) ............................................................................. 70

**JOINT PROPOSED FINAL INSTRUCTION NO. 27**      **71**

17.33 COPYRIGHT—DAMAGES—DEFENDANTS' PROFITS (17
U.S.C. § 504(b)) .................................................................. 71

**JOINT PROPOSED FINAL INSTRUCTION NO. 28**      **73**

17.35 COPYRIGHT—DAMAGES—STATUTORY DAMAGES (17
U.S.C. § 504(c)) .................................................................. 73

**JOINT PROPOSED FINAL INSTRUCTION NO. 29**      **74**

17.36 COPYRIGHT—DAMAGES—INNOCENT INFRINGEMENT (17
U.S.C. § 504(c)(2)) ............................................................... 74

**DEFENDANTS' PROPOSED FINAL INSTRUCTION NO. 30**      **75**

17.37 COPYRIGHT—DAMAGES—WILLFUL INFRINGEMENT (17
U.S.C. § 504(c)(2)) ............................................................... 75

JOINT PROPOSED JURY INSTRUCTIONS

1610459.1

# PRELIMINARY INSTRUCTIONS

1610459.1

**JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 1**

**1.3 DUTY OF JURY**

**(COURT READS INSTRUCTIONS AT THE BEGINNING OF TRIAL BUT DOES NOT PROVIDE WRITTEN COPIES)**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

Source:

Ninth Circuit Manual of Model Jury Instructions § 1.3

**PLAINTIFF'S PROPOSED PRELIMINARY INSTRUCTION NO. 2**

**CLAIMS AND DEFENSES**


To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff asserts that his copyrighted material has been infringed. The plaintiff has the burden of proving these claims.

The defendants deny those claims and also contend as an affirmative defense that they independently created the material. The defendants have the burden of proof on proving independent creation.


*See* Ninth Circuit Manual of Model Jury Instructions- Civil at § 1.5.

JOINT PROPOSED JURY INSTRUCTIONS

1610459.1

**DEFENDANTS' PROPOSED PRELIMINARY INSTRUCTION NO. 2**

**1.5 CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff asserts that defendants have infringed his copyrights to three jokes. The plaintiff has the burden of proving these claims.

Defendants deny those claims and also contend that the allegedly infringing versions of the jokes were independently created without reference to plaintiff's jokes.

Source:

Ninth Circuit Manual of Model Jury Instructions § 1.5

# PLAINTIFF'S PROPOSED PRELIMINARY INSTRUCTION NO. 3
## PRELIMINARY INSTRUCTION - COPYRIGHT

The plaintiff, Robert Alexander Kaseberg, claims ownership of copyrights for the three jokes, (the "Jokes at Issue") and seeks damages against the defendants, Conan O'Brien, Jeff Ross, Mike Sweeney, Conaco, LLC, Turner Broadcasting System, and Time Warner, Inc., for copyright infringement. The defendants deny infringing the copyrights, and contend that the copyrights are invalid and assert an affirmative defense of independent creation. To help you understand the evidence in this case, I will explain some of the legal terms you will hear during this trial.

DEFINITION OF COPYRIGHT

The owner of a copyright has the right to exclude any other person from reproducing, distributing, performing, displaying, or preparing derivative works from the work covered by copyright for a specific period of time.

A copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, or computer program.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles, or discoveries cannot themselves be copyrighted.

The copyrighted work must be original. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

## HOW COPYRIGHT IS OBTAINED

Copyright automatically attaches to a work the moment the work is fixed in any tangible medium of expression. The owner of the copyright may register the copyright by completing a registration form and depositing a copy of the copyrighted work with the Copyright Office. After determining that the material deposited constitutes copyrightable subject matter and that certain legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.

## PLAINTIFF'S BURDEN OF PROOF

In this case, the plaintiff, Robert Alexander Kaseberg contends that the defendants, have infringed the plaintiff's copyrights for the Jokes at Issue. The plaintiff has the burden of proving by a preponderance of the evidence that the plaintiff is the owner of the copyrights and that the defendants copied original expression from the copyrighted works. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the copyrighted work was infringed.

## PROOF OF COPYING

To prove that the defendants copied the plaintiffs' works, the plaintiff may show that the defendants had access to the plaintiff's copyrighted works and that there is virtual identity between the defendants' works and the plaintiff's copyrighted works.

1610459.1

LIABILITY FOR INFRINGEMENT

One who reproduces, publicly distributes, publicly performs, publicly displays, prepares derivative works from a copyrighted work without authority from the copyright owner during the term of the copyright infringes the copyright.

Copyright may also be infringed by vicariously infringing.

VICARIOUS INFRINGEMENT

A person is liable for copyright infringement by another if the person has profited directly from the infringing activity and had the right and ability to supervise or control the infringing activity, whether or not the person knew of the infringement.

DEFENSES TO INFRINGEMENT

The defendant contends that there is no copyright infringement. There is no copyright infringement when the defendant independently created the challenged work.

*See* Ninth Circuit Manual of Model Jury Instructions- Civil at § 17.1.

JOINT PROPOSED JURY INSTRUCTIONS

1610459.1

# DEFENDANTS' PROPOSED PRELIMINARY INSTRUCTION NO. 3
## 17.1 PRELIMINARY INSTRUCTION—COPYRIGHT

The plaintiff, Robert Alexander Kaseberg, claims ownership of copyrights in three separate jokes and seeks damages against Defendants Conaco, LLC; Conan O'Brien; Jeffrey Ross; Michael Sweeney; Turner Broadcasting System; and Time Warner Inc. for copyright infringement. Defendants deny infringing the copyrights and contend that the challenged jokes were independently created by *Conan*'s monologue writing staff without reference to plaintiff's jokes. To help you understand the evidence in this case, I will explain some of the legal terms you will hear during this trial.

## DEFINITION OF COPYRIGHT

Copyright is the exclusive right to copy. This right to copy includes the exclusive right to publicly perform a copyrighted literary work. In general, copyright law protects against public performance of identical or substantially similar copies of the owner's copyrighted work without the owner's permission. An owner may enforce the right to exclude others in an action for copyright infringement.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles, or discoveries cannot themselves be copyrighted.

The copyrighted work must be original. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

## HOW COPYRIGHT IS OBTAINED

Copyright automatically attaches to a work the moment the work is fixed in any tangible medium of expression. The owner of the copyright may register the copyright by completing a registration form and depositing a copy of the copyrighted work with the Copyright Office. After determining that the material deposited constitutes copyrightable subject matter and that certain legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.

## PLAINTIFF'S BURDEN OF PROOF

In this case, the plaintiff, Robert Alexander Kaseberg, contends that Defendants Conaco, LLC; Conan O'Brien; Jeffrey Ross; Michael Sweeney; Turner Broadcasting System; and Time Warner Inc. have infringed the plaintiff's copyright in three separate jokes. The plaintiff has the burden of proving by a preponderance of the evidence that the plaintiff is the owner of the copyright and that the defendant copied original expression from the copyrighted work for each of the three jokes at issue. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the copyrighted work was infringed.

## PROOF OF COPYING

To prove that the defendant copied the plaintiff's work, the plaintiff may show that the defendant had reasonable access to the plaintiff's copyrighted work and that the defendant's work and the plaintiff's copyrighted work are virtually identical.

## LIABILITY FOR INFRINGEMENT

JOINT PROPOSED JURY INSTRUCTIONS

1610459.1

One who publicly performs a copyrighted work without authority from the copyright owner during the term of the copyright infringes the copyright.

[Copyright may also be infringed by vicariously infringing.]

## [VICARIOUS INFRINGEMENT]

[A person is liable for copyright infringement by another if the person has profited directly from the infringing activity and had the right and ability to supervise or control the infringing activity, whether or not the person knew of the infringement.]

## DEFENSES TO INFRINGEMENT

Defendants contend that there is no copyright infringement. There is no copyright infringement when the defendant independently created the challenged work.

Source:
Ninth Circuit Manual of Model Jury Instructions §§ 17.1, 17.2

**<u>Notes / Objections:</u>**
Bracketed sections on vicarious infringement are subject to removal upon denial of Plaintiff's pending motion to amend.

**JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 4**

**1.6 BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Source:

Ninth Circuit Manual of Model Jury Instructions § 1.6

# JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 5
## 1.8 TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

Source:

Ninth Circuit Manual of Model Jury Instructions § 1.8

**JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 6**

**1.9 WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I may instruct you to accept as proved.

Source:

Ninth Circuit Manual of Model Jury Instructions § 1.9

# JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 7
# 1.10 WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)     Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

JOINT PROPOSED JURY INSTRUCTIONS

Source:

Ninth Circuit Manual of Model Jury Instructions § 1.10

# JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 8
## 1.11 EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

Source:

Ninth Circuit Manual of Model Jury Instructions § 1.11

JOINT PROPOSED JURY INSTRUCTIONS

1610459.1

**JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 9**

**1.12 DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

Source:

Ninth Circuit Manual of Model Jury Instructions § 1.12

1610459.1

**JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 10**

**1.13 RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

Source:

Ninth Circuit Manual of Model Jury Instructions § 1.13

# JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 11
## 1.14 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

JOINT PROPOSED JURY INSTRUCTIONS

1610459.1

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Source:

Ninth Circuit Manual of Model Jury Instructions § 1.11

JOINT PROPOSED JURY INSTRUCTIONS

1610459.1

## JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 12
## 1.15 CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case,

you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it[,although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Source:

Ninth Circuit Manual of Model Jury Instructions § 1.15

JOINT PROPOSED JURY INSTRUCTIONS

**JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 13**

**1.16 PUBLICITY DURING TRIAL**

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

Source:

Ninth Circuit Manual of Model Jury Instructions § 1.16

**JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 14**

**1.17 NO TRANSCRIPT AVAILABLE TO JURY**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

Source:

Ninth Circuit Manual of Model Jury Instructions § 1.17

JOINT PROPOSED JURY INSTRUCTIONS

1610459.1

**JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 15**

**3.4 READBACK OR PLAYBACK [MODIFIED]**


During deliberations you may request a [readback] [playback] of the testimony of a witness, but you are cautioned that all [readbacks] [playbacks] run the risk of distorting the trial because of overemphasis of one portion of the testimony. The [readback] [playback] could contain errors.  The [readback] [playback] cannot reflect matters of demeanor [, tone of voice,] and other aspects of the live testimony.  Your recollection and understanding of the testimony controls.  Finally, in your exercise of judgment, the testimony [read] [played] cannot be considered in isolation, but must be considered in the context of all the evidence presented.


Source:

Ninth Circuit Manual of Model Jury Instructions § 3.4

**JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 16**

**1.18 TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

Source:

Ninth Circuit Manual of Model Jury Instructions § 1.18

JOINT PROPOSED JURY INSTRUCTIONS

1610459.1

**JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 17**
**1.20 BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Source:

Ninth Circuit Manual of Model Jury Instructions § 1.20

**JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 18**
**1.21 OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Source:

Ninth Circuit Manual of Model Jury Instructions § 1.21

## JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 19
## 2.2 STIPULATIONS OF FACT

The parties have agreed to certain facts to be placed in evidence as Exhibit __. You must therefore treat these facts as having been proved.

Source:

Ninth Circuit Manual of Model Jury Instructions § 2.2

JOINT PROPOSED JURY INSTRUCTIONS

1610459.1

## JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 20

## 2.3 JUDICIAL NOTICE

The court has decided to accept as proved the facts placed in evidence as Exhibit ___. You must accept these facts as true.

Source:

Ninth Circuit Manual of Model Jury Instructions § 2.3

**JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 21**

**2.11 USE OF INTERROGATORIES**

Evidence may be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

Source:

Ninth Circuit Manual of Model Jury Instructions § 2.11

**JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 22**

**2.12 USE OF REQUESTS FOR ADMISSION**

Evidence may be presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

Source:

Ninth Circuit Manual of Model Jury Instructions § 2.12

1610459.1

**JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 23**

**2.13 EXPERT OPINION**

You will hear testimony from [*name*] who will testify to opinions and the reasons for his or her opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Source:

Ninth Circuit Manual of Model Jury Instructions § 2.13

1610459.1

**JOINT' PROPOSED PRELIMINARY INSTRUCTION NO. 24**

**2.14 CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not admitted into evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

Source:

Ninth Circuit Manual of Model Jury Instructions § 2.14

**JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 25**

**2.15 CHARTS AND SUMMARIES RECEIVED IN EVIDENCE**


     Certain charts and summaries may be admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.


     Source:

Ninth Circuit Manual of Model Jury Instructions § 2.15

# JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 26
## 2.16 EVIDENCE IN ELECTRONIC FORMAT

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff].) If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such

1610459.1

materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

Source:

Ninth Circuit Manual of Model Jury Instructions § 2.16

JOINT PROPOSED JURY INSTRUCTIONS

1610459.1

# FINAL INSTRUCTIONS

1610459.1

**JOINT PROPOSED FINAL INSTRUCTION NO. 1**
**3.1 DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Source:
Ninth Circuit Manual of Model Jury Instructions § 3.1

**JOINT PROPOSED FINAL INSTRUCTION NO. 2**

**3.2 CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any

research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Source:
Ninth Circuit Manual of Model Jury Instructions § 3.2

1610459.1

**JOINT PROPOSED FINAL INSTRUCTION NO. 3**

**3.3 COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged. [Do not disclose any vote count in any note to the court.]

Source:

Ninth Circuit Manual of Model Jury Instructions § 3.3

**JOINT PROPOSED FINAL INSTRUCTION NO. 4**

**3.5 RETURN OF VERDICT**

A verdict form has been prepared for you. [*Explain verdict form as needed.*] After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

Source:

Ninth Circuit Manual of Model Jury Instructions § 3.5

**JOINT PROPOSED FINAL INSTRUCTION NO. 5**

**4.1 CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT**


All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.


Source:

Ninth Circuit Manual of Model Jury Instructions § 4.1

1610459.1

**JOINT PROPOSED FINAL INSTRUCTION NO. 6**

**4.2 LIABILITY OF CORPORATIONS—SCOPE OF**

**AUTHORITY NOT IN ISSUE**

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

Source:

Ninth Circuit Manual of Model Jury Instructions § 4.2

1610459.1

## PLAINTIFF'S PROPOSED FINAL INSTRUCTION NO. 7
## AGENT AND PRINCIPAL - DEFINITION

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services. The other person is called a principal. The agency agreement may be oral or written.

*See* Ninth Circuit Manual of Model Jury Instructions-Civil at § 4.4.

**Notes / Objections:**

Defendants object to the inclusion of these agency instructions as duplicative and confusing. Nonetheless, the parties are working together in good faith to arrive at a stipulation that may eliminate the need for these instructions.

# PLAINTIFF'S PROPOSED FINAL INSTRUCTION NO. 8
## AGENT – SCOPE OF AUTHORITY DEFINED

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

*See* Ninth Circuit Manual of Model Jury Instructions-Civil at § 4.5.

**Notes / Objections:**

Defendants object to the inclusion of these agency instructions as duplicative and confusing. Nonetheless, the parties are working together in good faith to arrive at a stipulation that may eliminate the need for these instructions.

1610459.1

## PLAINTIFF'S PROPOSED FINAL INSTRUCTION NO. 9
## ACT OF AGENT IS ACT OF PRINCIPAL

Any act or omission of an agent within the scope of authority is the act or omission of the principal.

*See* Ninth Circuit Manual of Model Jury Instructions-Civil at § 4.8.

**Notes / Objections:**

Defendants object to the inclusion of these agency instructions as duplicative and confusing. Nonetheless, the parties are working together in good faith to arrive at a stipulation that may eliminate the need for these instructions.

# PLAINTIFF'S PROPOSED FINAL INSTRUCTION NO. 10
# PRINCIPAL AND AGENT NAMED

The defendants Conaco, LLC, Conan O'Brien, Jeff Ross and Mike Sweeney are sued as principal and agent. The defendant Conaco, LLC is the principal and the defendants Conan O'Brien, Jeff Ross and Mike Sweeney are the agents. If you find against Conan O'Brien, Jeff Ross or Mike Sweeney then you must also find against Conaco, LLC.

*See* Ninth Circuit Manual of Model Jury Instructions-Civil at § 4.9.

**<u>Notes / Objections</u>:**

Defendants object to the inclusion of these agency instructions as duplicative and confusing. Nonetheless, the parties are working together in good faith to arrive at a stipulation that may eliminate the need for these instructions.

## PLAINTIFF'S PROPOSED FINAL INSTRUCTION NO. 11
## PRINCIPAL NAMED BUT NOT EMPLOYEES

Josh Comers was the agent of the defendant Conaco, LLC, and, therefore, any act or omission of Josh Comers was the act or omission of Conaco, LLC.

Brian Kiley was the agent of the defendant Conaco, LLC, and, therefore, any act or omission of Josh Comers was the act or omission of Conaco, LLC.

Rob Kutner was the agent of the defendant Conaco, LLC, and, therefore, any act or omission of Josh Comers was the act or omission of Conaco, LLC.

*See* Ninth Circuit Manual of Model Jury Instructions-Civil at § 4.9.

### Notes / Objections:

Defendants object to the inclusion of these agency instructions as duplicative and confusing. Nonetheless, the parties are working together in good faith to arrive at a stipulation that may eliminate the need for these instructions.

## JOINT PROPOSED FINAL INSTRUCTION NO. 12
## 17.3 COPYRIGHT—SUBJECT MATTER—GENERALLY
### (17 U.S.C. § 102)

The jokes involved in this trial are known as literary works in which words, numbers, or other verbal or numerical symbols are expressed.

You are instructed that a copyright may be obtained in the Jokes at Issue.

These works can be protected by copyright law. Only that part of the works consisting of original works of authorship fixed in a tangible form of expression from which it can be perceived, reproduced, or otherwise communicated, is protected by the Copyright Act.

Copyright protection for an original work of authorship does not extend to any idea or concept, regardless of the form in which it is described, explained, illustrated, or embodied.

Source:

Ninth Circuit Manual of Model Jury Instructions § 17.3

JOINT PROPOSED JURY INSTRUCTIONS

1610459.1

**JOINT PROPOSED FINAL INSTRUCTION NO. 13**

**17.4 COPYRIGHT—SUBJECT MATTER—IDEAS AND EXPRESSION**

**(17 U.S.C. § 102(b))**

Copyright law allows the author of an original work to stop others from copying the original expression in the author's work. Only the particular expression of an idea can be copyrighted and protected. Copyright law does not give the author the right to prevent others from copying or using the underlying ideas contained in the work, such as any procedures, processes, systems, methods of operation, concepts, principles, or discoveries. In order to protect any ideas in the work from being copied, the author must secure some other form of legal protection because ideas cannot be copyrighted.

Source:

Ninth Circuit Manual of Model Jury Instructions § 17.4

1610459.1

# DEFENDANTS' PROPOSED FINAL INSTRUCTION NO. 14
## 17.5 COPYRIGHT INFRINGEMENT—ELEMENTS—
## OWNERSHIP AND COPYING
## (17 U.S.C. § 501(a)–(b)) [MODIFIED]

Anyone who copies original expression from a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On the plaintiff's copyright infringement claim, the plaintiff has the burden of proving by a preponderance of the evidence that:

1.      the plaintiff is the owner of a valid copyright;

2.      the defendant copied original expression from the copyrighted work; and

3.      the defendant was the cause of the infringement.

If you find that plaintiff has failed to prove any of these elements, your verdict should be for defendants. If you find that the plaintiff has proved each of these elements, you must then decide whether defendants have proven independent creation.

Source:

Ninth Circuit Manual of Model Jury Instructions § 17.5

*Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017)

JOINT PROPOSED JURY INSTRUCTIONS

1610459.1

**PLAINTIFF' PROPOSED FINAL INSTRUCTION NO. 14**

**17.5 COPYRIGHT INFRINGEMENT—ELEMENTS—**

**OWNERSHIP AND COPYING**

**(17 U.S.C. § 501(a)–(b)) [MODIFIED]**

Anyone who copies original expression from a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On the plaintiff's copyright infringement claim, the plaintiff has the burden of proving by a preponderance of the evidence that:

1.      the plaintiff is the owner of a valid copyright;

2.      the defendant copied original expression from the copyrighted work; and

If you find that plaintiff has failed to prove any of these elements, your verdict should be for defendants. If you find that the plaintiff has proved each of these elements, you must then decide whether defendants have proven independent creation.

Source:

Ninth Circuit Manual of Model Jury Instructions § 17.5

**Notes / Objections:**

Plaintiff objects that *Perfect 10* does not apply because TBS was a licensee and had an agreement with Conaco, LLC.

# DEFENDANTS' PROPOSED FINAL INSTRUCTION NO. 15
## SPECIAL INSTRUCTION – INDEPENDENT CREATION

Defendants deny that they copied matter from plaintiff's jokes and contend that they created the jokes independently; in other words, without copying.

If you find that the evidence presented by defendants, weighed along with all the other evidence in this case, makes it more likely that defendants created the jokes independently than that they copied from plaintiff, you should find in favor of defendants.

Sources:

ABA Section of Litigation, Model Jury Instructions: Copyright, Trademark and Trade Dress Litigation § 1.6.1

*Granite Music Corp. v. United Artists Corp.*, 532 F.2d 718, 721 (9th Cir. 1976)

*Keeler Brass Co. v. Continental Brass Co.*, 862 F.2d 1063, 1066 (4th Cir. 1988) ("'[I]ndependent creation' is not an affirmative defense. The defendants, therefore, do not have the burden of persuasion for independent creation. Keeler's prima facie case advanced the proposition that the defendants copied the design. Evidence of independent creation simply tends to prove the reverse of that proposition, i.e., that the design was not copied.")

1610459.1

## PLAINTIFF'S PROPOSED FINAL INSTRUCTION NO. 15
## SPECIAL INSTRUCTION – INDEPENDENT CREATION

As a defense, defendants asserts that employees of defendant Conaco, LLC created each of the jokes at issue independently – without copying plaintiff's copyrighted work.

If you find by a preponderance of the evidence that defendants created each of the jokes independently, you should find in their favor.

Sources:

Eleventh Circuit Civil Pattern Jury Instructions § 9.24

*John L. Perry Studio, Inc. v. Wernick*, 597 F.2d 1308, 1310 (9th Cir. 1979)

*Granite Music Corp. v. United Artists Corp.*, 532 F.2d 718, 721 (9th Cir.1976)

*Three Boys Music Corp. v. Bolton,* 212 F.3d 477, 486 (9th Cir. 2000)

1610459.1

# JOINT PROPOSED FINAL INSTRUCTION NO. 16

## 17.6 COPYRIGHT INFRINGEMENT—OWNERSHIP OF VALID COPYRIGHT—DEFINITION

### (17 U.S.C. §§ 201–205)

The plaintiff is the owner of a valid copyright in the jokes at issue if the plaintiff proves by a preponderance of the evidence that:

1.   the plaintiff's work is original; and

2    the plaintiff is the author or creator of the work.

Source:

Ninth Circuit Manual of Model Jury Instructions § 17.6

# JOINT PROPOSED FINAL INSTRUCTION NO. 17

## 17.7 COPYRIGHT INFRINGEMENT— COPYRIGHT REGISTRATION CERTIFICATE (17 U.S.C. § 410(c))

A copyright owner may obtain a certificate of registration from the Copyright Office.

The evidence in this case includes Exhibits ___, ___, and ___, certificates of copyright registration from the Copyright Office. From these certificates you may, but need not, conclude that plaintiff's jokes are the original and copyrightable works of the plaintiff, which I explain in Instructions ___.

Source:

Ninth Circuit Manual of Model Jury Instructions § 17.7

1610459.1

**JOINT PROPOSED FINAL INSTRUCTION NO. 18**

**17.14 COPYRIGHT INFRINGEMENT—ORIGINALITY**

An original work may include or incorporate elements taken from prior works, works from the public domain, or works owned by others, with the owner's permission. The original parts of the plaintiff's works are the parts created:

1.      independently by the work's author, that is, the author did not copy it from another work; and

2.      by use of at least some minimal creativity.

In copyright law, the "original" part of a work need not be new or novel.

Source:

Ninth Circuit Manual of Model Jury Instructions § 17.4

1610459.1

**PLAINTIFF'S PROPOSED FINAL INSTRUCTION NO. 19**

**COPYING – ACCESS AND INTRINSIC TEST FOR VIRTUAL IDENTITY**

Instruction ____ states that the plaintiff has the burden of proving that the defendant copied original elements from the plaintiff's copyrighted works. The plaintiff may show the defendants copied from the work by proving by a preponderance of the evidence that the defendants had access to the plaintiff's copyrighted works and that the under the "intrinsic test" there is virtual identity between the defendant's works and original elements of the plaintiff's works.

*See* Ninth Circuit Manual of Model Jury Instructions- Civil at § 17.17.

**DEFENDANTS' PROPOSED FINAL INSTRUCTION NO. 19**

**17.17 COPYING—ACCESS AND VIRTUAL IDENTITY [MODIFIED]**

Instruction [*insert cross reference to the pertinent instruction, e.g., Instruction 17.5*] states that the plaintiff has the burden of proving that the defendant copied original elements from the plaintiff's copyrighted work. The plaintiff may show the defendant copied from the work by proving by a preponderance of the evidence that the defendant had  access to the plaintiff's copyrighted work and that the defendant's work and original elements of the plaintiff's work are virtually identical.

Source:

Ninth Circuit Manual of Model Jury Instructions § 17.17

1610459.1

**JOINT PROPOSED FINAL INSTRUCTION NO. 20**

**17.18 COPYRIGHT INFRINGEMENT—COPYING—ACCESS DEFINED**

As part of its burden in Instruction [*insert cross reference to the pertinent instruction e.g., Instruction 17.5*], the plaintiff must prove by a preponderance of the evidence that a member of *Conan*'s monologue writing staff or other employee of Conaco, LLC had reasonable access to the plaintiff's work. You may find that the defendant had access to the plaintiff's work if whoever created the joke performed by Conan O'Brien had a reasonable opportunity to view the plaintiff's work before the defendant's work was created.

Access may be shown by:

1. a chain of events connecting the plaintiff's works and the defendant's opportunity to view ,hear, or copy that work  or

2. the plaintiff's work being widely disseminated or

3. a similarity between the plaintiff's work and the defendant's work that is so "striking" that it is highly likely the works were not created independent of one another.

Source:

Ninth Circuit Manual of Model Jury Instructions § 17.18

## DEFENDANTS' PROPOSED FINAL INSTRUCTION NO. 21
## SPECIAL INSTRUCTION – REASONABLE POSSIBILITY OF ACCESS DEFINED

To prove access, the plaintiff must show a reasonable possibility, not merely a bare possibility, that defendants had the chance to review the plaintiff's work. The availability of a copyrighted work on the internet, in and of itself, does not create a reasonable possibility of access.

Sources:

Art Attacks Ink, LLC v. MGA Entm't Inc., 581 F.3d 1138, 1145 (9th Cir. 2009)

Loomis v. Cornish, No. CV 12-5525 RSWL JEMX, 2013 WL 6044345, at *12 (C.D. Cal. Nov. 13, 2013), aff'd, 836 F.3d 991 (9th Cir. 2016), and aff'd, 836 F.3d 991 (9th Cir. 2016)

**Notes / Objections**:

Plaintiff objects to this instruction.

**JOINT PROPOSED FINAL INSTRUCTION NO. 22**
**17.19 VIRTUAL IDENTITY—EXTRINSIC TEST; INTRINSIC TEST**

For each of the jokes at issue, the plaintiff must prove by a preponderance of the evidence that defendants' jokes are virtually identical to his jokes under the "extrinsic" and "intrinsic" tests.

The extrinsic test is an objective comparison of whether the original, specific, expressive elements of plaintiff's jokes (such as plot, themes, dialogue, mood, setting, pace, characters, and sequence of events) are virtually identical to the elements in defendants' jokes.

The intrinsic test is a subjective comparison that focused on whether an ordinary, reasonable audience would find that plaintiff's jokes and defendants' jokes are virtually identical in their total concept and feel.

Sources:

*Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1443 (9th Cir. 1994).
Ninth Circuit Manual of Model Jury Instructions § 17.19

1610459.1

**DEFENDANTS' PROPOSED FINAL INSTRUCTION NO. 23**

**SPECIAL INSTRUCTION – VIRTUAL IDENTITY DEFINED**

In order to infer that defendants copied from the plaintiff under the extrinsic and intrinsic tests described in Instruction No. 22, you must find that defendants' jokes are virtually identical to the plaintiff's. To find that the jokes are virtually identical you do not need to determine that they are *exactly* identical, but you must determine that there was "bodily appropriation" of plaintiff's jokes—that is, that defendants, without authorization, copied substantially the entire joke.

Sources:

Summary Judgment Order (ECF No. 131)

*Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F.2d 197, 205 (9th Cir. 1989)

*Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1446 (9th Cir. 1994)

1610459.1

**PLAINTIFF' PROPOSED FINAL INSTRUCTION NO. 23**
**SPECIAL INSTRUCTION – VIRTUAL IDENTITY DEFINED**

Virtually identical does not mean exactly identical.  However, you must determine whether was "bodily appropriation" of plaintiff's jokes—that is copying or unauthorized use of substantially the entire joke.

Sources:

Summary Judgment Order (ECF No. 131)

Harper House, Inc. v. Thomas Nelson, Inc., 889 F.2d 197, 205 (9th Cir. 1989)

1610459.1

**JOINT PROPOSED FINAL INSTRUCTION NO. 24**
**[IF NECESSARY SUBJECT TO ORDER ON PLAINTIFF'S MOTION TO AMEND]**
**17.20 SECONDARY LIABILITY—VICARIOUS INFRINGEMENT— ELEMENTS AND BURDEN OF PROOF**

If you find that plaintiff's copyrights in the jokes at issue have been directly infringed, you must determine whether Defendants Turner Broadcasting System and Time Warner Inc. vicariously infringed that copyright. The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.    the defendant directly benefitted financially from the infringing activity of the direct infringer;

2.    the defendant had the right and ability to control the infringing activity of the direct infringer; and

3.    the defendant failed to exercise that right and ability.

If you find that the plaintiff has proved each of these elements, your verdict should be for the plaintiff if you also find that there was direct infringement of plaintiff's copyright. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the Defendants Turner Broadcasting System and Time Warner Inc.

Source:

Ninth Circuit Manual of Model Jury Instructions § 17.20

1610459.1

# JOINT PROPOSED FINAL INSTRUCTION NO. 25
## 17.32 COPYRIGHT—DAMAGES
## (17 U.S.C. § 504) [MODIFIED TO COMBINE WITH § 5.1]

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on the plaintiff's copyright infringement claim, you must determine the plaintiff's damages. The plaintiff is entitled to recover the actual damages suffered as a result of the infringement. In addition, the plaintiff is also entitled to recover any profits of the defendant attributable to the infringement. The plaintiff must prove damages by a preponderance of the evidence.

It is for you to determine what damages, if any, have been proved. Your award must be based upon the evidence and not upon speculation, guesswork or conjecture.

Source:

Ninth Circuit Manual of Model Jury Instructions §§ 17.32, 5.1

1610459.1

**JOINT PROPOSED FINAL INSTRUCTION NO. 26**

**17.33 COPYRIGHT—DAMAGES—ACTUAL DAMAGES**

**(17 U.S.C. § 504(b))**

The copyright owner is entitled to recover the actual damages suffered as a result of the infringement. Actual damages means the amount of money adequate to compensate the copyright owner for the reduction of the fair market value of the copyrighted work caused by the infringement. The reduction of the fair market value of the copyrighted work is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by the defendant of the plaintiff's work.

Source:

Ninth Circuit Manual of Model Jury Instructions §§ 17.33

1610459.1

# JOINT PROPOSED FINAL INSTRUCTION NO. 27
## 17.33 COPYRIGHT—DAMAGES—DEFENDANTS' PROFITS
### (17 U.S.C. § 504(b))

In addition to actual damages, the copyright owner is entitled to any profits of a defendant attributable to the infringement. You may not include in an award of profits any amount that you took into account in determining actual damages.

You may make an award of the defendant's profits only if you find that the plaintiff showed a causal relationship between the infringement and the defendant's gross revenue.

A defendant's profit is determined by subtracting all expenses from the defendant's gross revenue.

A defendant's gross revenue is all of the defendant's receipts from the use of a work associated with the infringement. The plaintiff has the burden of proving the defendant's gross revenue by a preponderance of the evidence.

Expenses are all operating costs, overhead costs, and production costs incurred in producing the defendant's gross revenue. The defendant has the burden of proving the defendant's expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from the use of a work containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement. The defendant has the burden of proving the portion of the profit, if any, attributable to factors other than infringing the copyrighted work.

Source:

Ninth Circuit Manual of Model Jury Instructions §§ 17.34

1610459.1

**JOINT PROPOSED FINAL INSTRUCTION NO. 28**
**17.35 COPYRIGHT—DAMAGES—STATUTORY DAMAGES**
**(17 U.S.C. § 504(c))**

If you find for the plaintiff on the plaintiff's copyright infringement claim on the Jenner Joke, you must determine the plaintiff's damages. The plaintiff seeks a statutory damage award, established by Congress for the work infringed. Its purpose is not only to compensate the plaintiff for his losses, which may be hard to prove, but also to penalize the infringer and deter future violations of the copyright laws.

The amount you may award as statutory damages is not less than $750, nor more than $30,000 for each work you conclude was infringed.

However, if you find the infringement was innocent, you may award as little as $200 for each work innocently infringed.

However, if you find the infringement was willful, you may award as much as $150,000 for each work willfully infringed.

Instructions [*insert number of pertinent instruction, e.g., Instruction 17.36 (Copyright—Damages—Innocent Infringement), Instruction 17.37 (Copyright— Damages— Willful Infringement)*] will tell you what constitutes innocent infringement and what constitutes willful infringement.

Source:

Ninth Circuit Manual of Model Jury Instructions § 17.35

---

JOINT PROPOSED JURY INSTRUCTIONS

1610459.1

## JOINT PROPOSED FINAL INSTRUCTION NO. 29
## 17.36 COPYRIGHT—DAMAGES—INNOCENT INFRINGEMENT
## (17 U.S.C. § 504(c)(2))

Infringement of the Jenner Joke is considered innocent when the defendant has proved both of the following elements by a preponderance of the evidence:

1.     the defendant was not aware that its acts constituted infringement of the copyright; and

2.     the defendant had no reason to believe that its acts constituted an infringement of the copyright.

Source:

Ninth Circuit Manual of Model Jury Instructions § 17.36

1610459.1

**DEFENDANTS' PROPOSED FINAL INSTRUCTION NO. 30**

**17.37 COPYRIGHT—DAMAGES—WILLFUL INFRINGEMENT**

**(17 U.S.C. § 504(c)(2))**

Infringement of the Jenner Joke is considered willful when the plaintiff has proved both of the following elements by a preponderance of the evidence:

1.    the defendant engaged in acts that infringed the copyright; and

2.    the defendant knew that those acts infringed the copyright, or the defendant acted with reckless disregard for, or willful blindness to, the copyright holder's rights.

Source:

Ninth Circuit Manual of Model Jury Instructions § 17.37

DATED: March 28, 2019          J. LORENZO LAW


                               By:  /s/ Jayson M. Lorenzo
                                    JAYSON M. LORENZO
                                    Attorney for Plaintiff



DATED: March 28, 2019          GLASER WEIL FINK HOWARD
                                 AVCHEN & SHAPIRO LLP


                               By:  /s/ Thomas P. Burke Jr.
                                    PATRICIA L. GLASER
                                    THOMAS P. BURKE JR.
                                    JUSTIN P. THIELE
                                    Attorneys for Defendants

1610459.1